UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

     THE DIOCESE OF BUFFALO, N.Y.,          BK 20-10322 CLB


                 Debtor.                DECISION & ORDER
------------------------------------------------------


            Bond, Schoeneck & King, PLLC
            Stephen A. Donato, Esq., Charles J. Sullivan, Esq.,
            Grayson T. Walter, Esq., of counsel
            One Lincoln Center
            Syracuse, New York 13202-1355
            Attorneys for The Diocese of Buffalo, N.Y.

            Office of the U.S. Trustee
            Joseph W. Allen, Esq., Assistant U.S. Trustee
            Olympic Towers
            300 Pearl Street, Suite 401
            Buffalo, New York 14202

            Gleichenhaus, Marchese & Weishaar, PC
            Scott Bogucki, Esq., of counsel
            43 Court Street, Suite 930
            Buffalo, New York 14202
            Co-Counsel for Official Committee of Unsecured Creditors


Bucki, Chief U.S.B.J., W.D.N.Y.


     The United States Trustee objects to a request of the Diocese of Buffalo to maintain investment accounts in an entity known as the St. Joseph Investment Fund, Inc. The central issue is whether investment standards under state law warrant a waiver of the depository requirements of 11 U.S.C. § 345.

     On the day that it filed a petition for relief under Chapter 11 of the Bankruptcy Code, the Diocese of Buffalo moved for authority to continue its use of various banking

and investment practices.  During the almost eight months that followed, this Court granted six orders allowing these practices on an interim basis.  Meanwhile, the Diocese has addressed most of the concerns that the Office of the United States Trustee raised in a written objection.  At this time, the only remaining issue is whether the Court should waive the bonding requirements of 11 U.S.C. § 345(b) with regard to participation in a pooled investment fund.

The St. Joseph Investment Fund, Inc. (hereafter, "the St. Joseph Fund"), is a not-for-profit corporation that the Diocese of Buffalo created in 2006 for the purpose of holding and managing a pooled investment fund.  Participation in this fund is open to the Diocese, to its parishes and to Catholic organizations operating within the geographic boundaries of the Diocese.  The Vicar General of the Diocese serves as president of the St. Joseph Fund, which currently manages assets having a value of approximately $147 million.  Of this sum, the Diocese itself holds an interest valued at approximately $21.8 million.

Asserting the applicability of 11 U.S.C. § 345(b), the United States Trustee asks that the Court disapprove investment in the St. Joseph Fund and instead direct the Diocese to move its assets into fully collateralized accounts.  Although the St. Joseph Fund is not federally insured or bonded, the Diocese represents that this pooled investment satisfies the requirements of the New York Prudent Management of Institutional Funds Act.  N.Y. NOT-FOR-PROFIT CORP. LAW, Art. 5-A (McKinney 2015).  The Diocese contends that the St. Joseph Fund is professionally managed, that it employs strategies to assure both safety and a reasonable level of income, and that collateralization of the Diocesan accounts would entail unnecessary costs and administrative burdens.  For these reasons, the Diocese requests a waiver of any bonding requirements.

Discussion

When a debtor files for relief under Chapter 11, it assumes the status of a trustee and agrees to accept various restrictions on its operations.  *See* 11 U.S.C. § 1107.  These restrictions include the requirements of 11 U.S.C. § 345 with regard to money of the bankruptcy estate.  Subdivision (b) of this section generally directs that estate funds be held in accounts that are either federally insured or bonded.  Prior to 1994, these mandates were absolute.  In that year, however, Congress amended section 345(b) to state that its investment limitations shall apply "unless the court orders otherwise."

The Diocese acknowledges that its investment in the St. Joseph Fund does not satisfy the requirements of 11 U.S.C. § 345(b).  Although the Court can waive its commands, the statute specifies no conditions for the grant of this relief.  Implicitly, therefore, a waiver is allowed for good cause as demonstrated "in a totality of circumstances inquiry."  *In re Service Merchandise Co., Inc.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999).  In the present instance, such good cause derives from the duty of the Diocese to maintain investment strategies that follow the directives of the New York Prudent Management of Institutional Funds Act.

Commercial enterprises derive income mostly from operations.  Typically, depository accounts serve as a tool to facilitate business activity.  Any loss of value would deprive the estate of money needed for the continuation of operations and to address creditor claims.  Section 345(b) of the Bankruptcy Code aims to fulfill the salutary goal of assuring the preservation of account principal.  For most businesses, compliance is fully consistent with the fiduciary duties of a trustee for the benefit of creditors.  The Diocese of Buffalo finds itself in a more complex situation, however, in that it also owes a fiduciary obligation to benefactors and to the beneficiaries of its care.

Section 1108 of the Bankruptcy Code provides that unless the Court orders otherwise, a debtor in possession "may continue to operate the debtor's business." With regard to the conduct of that business, however, the debtor must satisfy the directives of both the Bankruptcy Code and other applicable federal statutes.[1]  In the present instance, compliance with state law investment guidelines is mandated by 28 U.S.C. § 959(b), which provides in relevant part as follows:

> "[A] trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."

In managing its investments, therefor, the Diocese must still comply with New York law and in particular, with the directives of the Prudent Management of Institutional Funds Act.

In New York, the Prudent Management of Institutional Funds Act is codified in Article 5-A of the Not-For-Profit Corporation Law.  The United States Trustee does not challenge the debtor's assertion that its investments in the St. Joseph Fund satisfy the statute's definition of an "institutional fund."  *See* N.Y. NOT-FOR-PROFIT CORP. LAW, § 551(e)(McKinney 2015).  Section 552 of the statute then establishes standards of conduct for managing and investing such monies.  For example, "[m]anagement and investment decisions about an individual asset must be made not in isolation but rather in the context of the institutional fund's portfolio of investments as a whole and as a

---

[1]"The Bankruptcy Code is not an exclusive reservoir of statutory guidance regarding bankruptcy."  Carl L. Bucki, *The Automatic Bankruptcy Stay and Real Property Tax Liens*, 66 AM. BANKR. L. J. 233, 244 (1992).

part of an overall investment strategy having risk and return objectives reasonably suited to the fund and to the institution."   N.Y. NOT-FOR-PROFIT CORP. LAW, § 552(e)(2)(McKinney 2015).   More particularly, in managing its investments, the Diocese must consider the following factors, if relevant:

> "(A) general economic conditions; (B) the possible effect of inflation or deflation; (C) the expected tax consequences, if any, of investment decisions or strategies; (D) the role that each investment or course of action plays within the overall investment portfolio of the fund; (E) the expected total return from income and the appreciation of investments; (F) other resources of the institution; (G) the needs of the institution and the fund to make distributions and to preserve capital; and (H) an asset's special relationship or special value, if any, to the purposes of the institution."

N.Y. Not-for-Profit Corp. Law, § 552(e)(1)(McKinney 2015).   Overall, the Prudent Management of Institutional Funds Act mandates careful attention to numerous considerations.  This multi-faceted approach contrasts sharply with the more narrow requirements of 11 U.S.C. § 345(b), which aims primarily to assure the preservation of capital value.

The purposes of 11 U.S.C. § 345(b) are not necessarily antithetical to the goals of the Prudent Management of Institutional Funds Act.  Indeed, preservation of capital is one of the investment considerations listed in section 552(e)(1)(G) of the Not-for-Profit Law.   Nonetheless, a strict compliance with section 345(b) would force the Diocese to override "an overall investment strategy having risk and return objectives reasonably suited to the fund and the institution."  N.Y. NOT-FOR-PROFIT CORP. LAW, § 552(e)(2)(McKinney 2015).   To avoid such usurpation of state law, the debtor appropriately looks to the final clause of 11 U.S.C. § 345(b), which allows the Court for cause to order otherwise.

Having an obligation under 28 U.S.C. § 959(b) to comply with the requirements of the Prudent Management of Institutional Funds Act, the Diocese has satisfied its burden to establish cause for a waiver of the requirements of 11 U.S.C. § 345(b). Prospectively, however, the United States Trustee may identify a basis to challenge the representation of the Diocese that management of the St. Joseph Fund fully comports with the state law. Accordingly, the Court's decision will not prejudice the prerogative of the Trustee to renew his objection to this investment on any appropriate grounds, including a failure to give due consideration to a need to preserve capital value.

For the reasons stated herein, the Court will authorize the Diocese to maintain its pre-petition investments in the St. Joseph Fund. In all other respects, the Court's prior Order of October 20, 2020, shall continue to apply, to the effect that the Diocese shall provide periodic reports about its investments to the United States Trustee and the Official Committee of Unsecured Creditors.

So ordered.

Dated: October 30, 2020                    /s/ Carl L. Bucki_____
         Buffalo, New York                 Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y