UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------
In re
    THE DIOCESE OF BUFFALO, N.Y.,                     BK 20-10322 CLB

                         Debtor.
------------------------------------------------
    THE DIOCESE OF BUFFALO, N.Y., et al.,

                         Plaintiff,                     AP 20-01009 CLB

    v.

    THE CONTINENTAL INSURANCE
    COMPANY, et al.,

                         Defendants.
------------------------------------------------
    ALL SAINTS ROMAN CATHOLIC CHURCH
    SOCIETY OF BUFFALO, et al.,

                         Plaintiff,                     AP 21-01001 CLB

    v.

    21st CENTURY PREMIER INSURANCE
    COMPANY, et al.,

                         Defendants.
------------------------------------------------

## **ORDER**

On December 27, 2021, this Court issued a Decision and Order that conditionally granted a motion to refer this Chapter 11 case and two related adversary proceedings to mediation. Commencement of the mediation was deferred, however, until resolution of two matters. First, our decision allowed parties until January 31, 2022,

to file motions to compel pre-mediation discovery. Second, the Court lacked a basis to identify all necessary participants in the mediation process. To this end, we directed the Diocese to state the grounds for its assertion that each of the various defendants held a material interest in the outcome of mediation.

Nothing in the Court's decision of December 27 precludes future motions to compel discovery. As indicated in that decision, the January 31st deadline was imposed for the purpose of assuring that defendants would have an opportunity to access information needed to begin meaningful participation in the mediation process. As of January 31, none of the defendants had moved to compel additional discovery. Rather, the only such motion was one filed on behalf of abuse victims and is now scheduled for a hearing on February 14. From a practical perspective, any mediation session is unlikely to occur until some time after argument on the outstanding motion to compel. In any event, the movants are not named as defendants in either of the adversary proceedings. Thus, the Court finds no reason to impose any further delay of mediation with respect to the named defendants.

With regard to the designation of mediation participants, the Diocese filed the declaration of James R. Murray on January 28, 2022, at Docket Entry #1548. Paragraph 7 of that affidavit now identifies 26 defendants "that likely lack a material interest in the mediation because no [Child Victims Act] Claims allege abuse during their policy periods." Accordingly, we discern no basis to compel the participation of these 26 defendants in the mediation process. Meanwhile, as stated in paragraph 4 of the affidavit of James R. Murray, the Diocese now represents that 44 defendants have responsibility for coverage of abuse claims. Mediation should therefore include these entities. For ease of reference, the attached Exhibit A contains a copy of that

portion of the affidavit listing these 44 defendants.

For the reasons stated herein, the conditions for commencement of mediation have now been satisfied. As among the designated defendants, the mandate for participation in the mediation process will be limited to those parties identified in the attached Exhibit A. In all other respects, the decision and order of December 27, 2021, will remain in effect. Accordingly, the Court requests that the Honorable Michael J. Kaplan proceed with mediation. The debtor is directed to arrange for service of this order upon the parties who were previously served with the Decision and Order of December 27, 2021.

So ordered.

Dated: February 3, 2022
Buffalo, New York

_____
Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.



FILED
FEB - 3 2022
BANKRUPTCY COURT
BUFFALO, NY

## Exhibit A

To date, the Diocese has identified CVA Claims that allege abuse during the policy periods of insurance policies for which the following Insurers are responsible: 21st Century Premier Insurance Company (f/k/a National Ben Franklin Fire Insurance Co. of Pittsburgh, PA); Ace Property and Casualty Insurance (successor-in-interest to Aetna Insurance Company); American Alternative Insurance Corporation (successor-in-interest to American Union Insurance Company of New York); American Insurance Company; Arrowood Indemnity Company (successor-in-interest to American and Foreign Insurance Company, Eagle Indemnity Company of New York, Globe Indemnity Company, Phoenix Assurance Company of New York, New Amsterdam Casualty Company, and Safeguard Insurance Company); Catholic Mutual Group; Certain Underwriters at Lloyd's, London and Certain London Market Companies; Columbia Casualty Company; Continental Casualty Company; Continental Insurance Company (successor-in-interest to Boston Old Colony Insurance Company, Commercial Insurance Company of Newark, New Jersey (f/k/a Commercial Casualty Insurance Company), Fidelity and Casualty Company of New York, Glens Falls Insurance Company (f/k/a Fidelity-Phenix Insurance Company), and London Guarantee and Accident Company); Employers Insurance Company of Wausau (f/k/a Employers Insurance of Wausau A Mutual Company f/k/a Employers Mutual Liability Insurance Company of Wisconsin); Employers Insurance Company of Wausau (formerly known as Employers Insurance of Wausau A Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin); Federal Insurance Company;

Fireman's Fund Insurance Company; Fireman's Fund Insurance Company; Great American Insurance Company (successor-in-interest to Agricultural Insurance Company); Hanover Insurance Company (successor-in-interest to Massachusetts Bonding and Insurance Company); Hartford Steam Boiler Inspection and Insurance Company; Indemnity Insurance Company of North America; Insurance Company of North America; Integon National Insurance Company (f/k/a Bankers and Shippers Insurance Company); Liberty Mutual Insurance Company; Merchants Mutual Insurance Company; Middlesex Insurance Company (f/k/a Middlesex Mutual Insurance Company); National Union Fire Insurance Company of Pittsburgh, PA; National Union Fire Insurance Company Of Pittsburgh, PA; Nationwide Insurance Company of America; NGM Insurance Company (successor-in-interest to National Grange Mutual Insurance Company); North River Insurance Company; Phoenix Insurance Company; Providence Washington Insurance Company; Royal Globe Insurance Company; RSUI Indemnity Company (successor-in-interest to Buffalo Insurance Company); Selective Insurance Company of America (f/k/a Exchange Mutual Insurance Company f/k/a Exchange Mutual Indemnity Insurance Company); Selective Insurance Company of America (formerly known as Exchange Mutual I:nsurance Company); St. Paul Fire and Marine Insurance Company; The Continental Insurance Company; The Hartford Financial Services Group (successor-in-interest to Hartford Accident and Indemnity Company and Hartford Fire Insurance Company); The National Catholic Risk Retention Group; TIG Insurance Company (successor-in-interest to American Surety Company of New York); Travelers Casualty and Surety Company (successor-in-interest to Aetna Casualty and Surety Company); U.S. Fidelity and Guaranty Company; U.S. Fire Insurance Company; Unigard Insurance Company (successor-in-interest to Jamestown

Mutual Insurance Company); Utica Mutual Insurance Company; Wausau Underwriters Insurance Company; Westport Insurance Corporation (successor-in-interest to the Manhattan Fire and Marine Insurance Company); and Zurich American Insurance Company (collectively, "Implicated Insurers").