# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| THE DIOCESE OF BUFFALO, N.Y., | Case No. 20-10322 (CLB) |
| Debtor. | |

**COVER SHEET TO THIRD INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR FOR THE PERIOD JUNE 1, 2021 THROUGH JANUARY 31, 2022**

Name of Applicant: <u>Pachulski Stang Ziehl & Jones LLP ("PSZJ")</u>

Authorized to Provide Professional Services to: <u>The Official Committee of Unsecured Creditors of the Debtor</u>

Date of Order Authorizing Employment: <u>Order entered June 3, 2020 [Doc 359] effective as of March 12, 2020</u>

Period for Which Compensation is Sought: <u>June 1, 2021 - January 31, 2022 (the "Third Compensation Period")</u>

Amount of Fees Sought: <u>$456,591.00[1]</u>

Amount of Expense Reimbursement Sought: <u>$   6,563.65</u>

This is PSZJ's Third Interim fee application.

| | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $700.97 |
| Blended Rate in this Application for All Timekeepers: | $600.35 |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed: | $0.00 |
| Compensation Sought in this Application Not Paid Pursuant to a Monthly Compensation Order: | $456,591.00 |

---

[1] This amount includes a total voluntary write-off of $2,975.00. This reduction consists of reductions to the June 2021 and July 2021 bills due to rate charged for William L. Ramseyer. In addition, there was a voluntary write-off to the June 2021 bill. This reduction is reflected throughout the Application.

Expenses Sought in this Application Already      $0.00
Paid Pursuant to a Monthly Compensation
Order but Not Yet Allowed:

Expenses Sought in this Application Not Paid     $6,563.65
Pursuant to a Monthly Compensation Order:

## PRIOR STATEMENTS AND APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| | 03/12/20 – 04/30/20 | $109,192.50 | $  625.07 | | |
| | 05/01/20 – 05/21/20 | $152,307.50 | $  578.14 | | |
| | 06/01/20 – 06/30/20 | $ 41,562.50 | $1,006.09 | | |
| | 07/01/20 – 07/31/20 | $ 51,502.50 | $1,349.12 | | |
| | 08/01/20 – 08/31/20 | $ 33,130.00 | $  247.58 | | |
| | First Interim Fee Application Covering First Compensation Period March 12, 2020 – August 31, 2020 | | | $382,607.50[2] | $3,806.00 |
| | 09/01/20 – 09/30/20 | $55,065.00 | $1,591.25 | | |
| | 10/01/20 – 10/31/20 | $54,250.00 | $596.17 | | |
| | 11/01/20 – 11/30/20 | $69,320.00 | $965.47 | | |
| | 12/01/20 – 12/31/20 | $53,405.00 | $2,405.97 | | |
| | 01/01/21 – 01/31/21 | $55,697.00 | $882.78 | | |
| | 02/01/21 – 02/28/21 | $55,622.00 | $509.99 | | |
| | 03/01/21 – 03/31/21 | $32,659.50 | $555.35 | | |
| | 04/01/21 – 04/30/21 | $18,006.50 | $514.72 | | |
| | 05/01/21 – 05/31/21 | $18,814.50 | $500.00 | | |
| | Second Interim Fee Application Covering Second Compensation Period September 1, 2020 - May 31, 20, 2021 | | | $412,839.50 | $8,520.71 |

---

[2] In the Court Order approving the First Interim Fee Application, the Court approved $382,607.50 in fees which reflects a reduction of $1,562.50.

# INVOICE ABBREVIATIONS KEY

| Abbreviation | Definition |
|---|---|
| (NY)AG | New York Attorney General |
| AVP | Adversary Proceeding |
| BSK | Bond, Schoeneck & King PLLC |
| POC | Proof of Claim |
| SCC | State Court Counsel representing Committee member(s) |
| TC | Telephone Call |

## I.    PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $700.00 | 1.60 | $ 1,120.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $700.00 | 10.50 | $ 7,350.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $850.00 $700.00 | 10.50 0.20 | $ 8,925.00 $ 140.00 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $700.00 | 291.80 | $204,260.00 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $700.00 $695.00 | 55.00 203.80 | $ 38,500.00 $141,641.00 |
| La Asia Canty | Paralegal | $300.00 | 5.20 | $ 1,560.00 |
| Cheryl A. Knotts | Paralegal | $300.00 | 6.70 | $ 2,010.00 |
| Nancy P.F. Lockwood | Paralegal | $300.00 | 33.70 | $ 10,110.00 |
| Nancy H. Brown | Legal Assistant | $300.00 | 20.00 | $ 6,000.00 |
| Sophia L. Lee | Legal Assistant | $300.00 | 126.50 | $ 37,950.00 |

**Grand Total:** **$456,591.00**[3]
**Total Hours:**      **765.50**
**Blended Rate:**      **$600.35**

---

[3] This amount includes a total voluntary write-off of $2,975.00. This reduction consists of reductions to the June 2021 and July 2021 bills due to rate charged for William L. Ramseyer. In addition, there was a voluntary write-off to the June 2021 bill. This reduction is reflected throughout the Application.

## II. COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 11.60 | $ 8,106.00 |
| Asset Disposition | 5.00 | $ 3,500.00 |
| Bankruptcy Litigation | 53.70 | $ 36,440.00 |
| Case Administration | 6.60 | $ 4,605.00 |
| Claims Admin./Objections | 496.90 | $277,977.00 |
| Compensation of Professional | 26.90 | $ 16,578.00 |
| General Creditors Committee | 30.50 | $ 21,291.00 |
| Hearing | 19.40 | $ 13,539.50 |
| Insurance Coverage | 49.90 | $ 32,707.00 |
| Mediation | 27.70 | $ 18,768.50 |
| PSZ&J Compensation | 0.30 | $ 208.50 |
| Stay litigation | 35.00 | $ 24,445.50 |
| Written-Off[4] | 2.00 | $ 1,400.00 |

## III. EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[5] | Total Expenses |
|---|---|---|
| Conference Call | Loop Up | $ 1.34 |
| Outside Services | Everlaw | $2,000.00 |
| Court Research | Pacer | $ 57.60 |
| Postage | US Mail | $ 536.21 |
| Reproduction Expense | | $2,409.60 |
| Reproduction/Scan Copy | | $ 58.90 |
| Research | Everlaw | $1,500.00 |

The total time expended in connection with the preparation of this application is not included herein, as additional time was expended after the Third Compensation Period.

---

[4] This amount has been reduced from the total amount of fees requested in the 3rd Interim Fee Application.

[5] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated:  April 25, 2022

_/s/ Ilan D. Scharf_

James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Brittany M. Michael, Esq.
780 Third Ave., 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

E-mail:  jstang@pszjlaw.com
　　　　　isharf@pszjlaw.com
　　　　　bmichael@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

In re:

THE DIOCESE OF BUFFALO, N.Y.,

Debtor.

Chapter 11

Case No. 20-10322 (CLB)

**THIRD INTERIM FEE APPLICATION OF PACHULSKI**
**STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS**
**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
<u>**OF THE DEBTOR FOR THE PERIOD JUNE 1, 2021 THROUGH JANUARY 31, 2022**</u>

Pachulski Stang Ziehl & Jones LLP. ("**PSZJ**" or the "**Firm**"), counsel to the

Official Committee of Unsecured Creditors (the "**Committee**") of The Diocese of Buffalo, N.Y.

(the "**Debtor**"), hereby submits its Third Interim fee application, pursuant to 11 U.S.C. §§ 330

and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, for (a) allowance of

interim compensation for professional services performed by PSZJ for the period commencing

June 1, 2021 through January 31, 2022 (the "**Third Compensation Period**") in the amount of

$456,591.00, and (b) reimbursement of its actual and necessary expenses in the amount of

$6,563.65 incurred during the Third Compensation Period, on the following grounds:

## I.  <u>JURISDICTION</u>

1.      The Court has jurisdiction over this application pursuant to 28 U.S.C. §§

157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for relief requested are sections 330 and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II.     BACKGROUND

4.     On February 28, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor remains in possession of its property and continues to operate and maintain its organization as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     On March 12, 2020, the United States Trustee appointed the Committee, pursuant to section 1102 of the Bankruptcy Code.

6.     On or about April 6, 2020, PSZJ filed its application seeking to be employed in this case ("**Retention Application**").  As set forth in the declaration of James I. Stang in support of the Retention Application, due to the unique circumstances of this case, PSZJ proposed to charge hourly rates which are below its regular hourly rates, specifically, to charge its normal and customary hourly rates, subject to a cap of $700 per hour and not to charge for travel time.  On June 3, 2020, the Court entered its *Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors of the Debtor Effective as of March 12, 2020* (the "**Retention Order**") [Doc 359], authorizing the employment of PSZJ as counsel to the Committee effective as of March 12, 2020.  The Retention Order authorized PSZJ to apply for compensation for professional services rendered and reimbursement of expenses as set forth in the Retention

Application, subject to the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court.

7.    PSZJ did not receive a retainer in connection with its employment and, to date, has only received compensation for services and reimbursement of expenses pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Members of Official Committees* (the "**Interim Compensation Order**") [Doc 362].

8.    Copies of PSZJ invoices for the Third Compensation are attached hereto as Exhibits A to G and are incorporated herein by reference for all purposes.

**Summary of Services Rendered by PSZJ During the Third Compensation Period**

9.    During the Third Compensation Period, PSZJ has rendered numerous, varied and substantial services to the Committee in connection with this case, including but not limited to:

**A.    Asset Analysis and Recovery**

10.    This category relates to work regarding asset analysis and recovery issues. Services related to asset analysis are of utmost importance in this case because the extent, nature and value of assets available to compensate creditors were unknown at the beginning of this case. During the Third Compensation Period, the Firm, among other things: (1) reviewed and analyzed insurance issues at the parish level; (2) performed work regarding preparing documents for Committee review; (3) performed work regarding a letter concerning expenditures at Annunciation and St. Gregory; (4) reviewed and analyzed the Debtor's document productions;

(5) reviewed and analyzed financial discovery issues; and (6) conferred and corresponded regarding asset analysis and recovery issues.

Fees: $8,106.00;      Hours: 11.60

### B.      Asset Disposition

11.      This category relates to work regarding sales and other asset disposition issues. During the Third Compensation Period, the Firm, among other things: (1) performed work regarding a letter concerning the sale of St. Ann's parish; (2) reviewed and analyzed valuation issues regarding the sale of St. Ann's parish; and (3) corresponded regarding asset disposition issues.

Fees: $3,500.00;      Hours: 5.00

### C.      Bankruptcy Litigation

12.      This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court. During the Third Compensation Period, the Firm, among other things: (1) performed work regarding a motion to compel production of documents; (2) reviewed and analyzed the bar date order regarding potential breach by defense counsel; (3) prepared for and attended a teleconference on September 30, 2021 with State Court Counsel regarding Diocesan Review Board requests; (4) prepared for and attended a telephonic conference on October 12, 2021 with State Court Counsel regarding the Connors firm disclosure of proof of claim information; (5) reviewed and analyzed issues regarding sanctions for disclosure of confidential information; (6) performed research; (7) reviewed and analyzed issues regarding identified perpetrators returned to ministry; (8) reviewed and analyzed a potential settlement regarding a

slip and fall case; (9) reviewed and analyzed the bar date order regarding a request to amend by the Diocese; (10) reviewed and analyzed claimant disclosure notices; (11) reviewed and analyzed Diocesan child protection protocols; (12) reviewed and analyzed Diocesan Review Board policies; (13) prepared for and attended a telephonic conference with State Court Counsel on December 3, 2021 regarding Diocesan Review Board issues; (14) performed work regarding an objection to the Diocese disclosure motion; (15) performed work regarding an objection to the Diocese motion to sell AB Walsh High School; and (16) corresponded and conferred regarding bankruptcy litigation issues.

Fees:  $36,440.00;     Hours:  53.70

**D.      Case Administration**

13.     This category relates to work regarding administration of this case. During the Third Compensation Period, the Firm, among other things:  (1) prepared for and participated in teleconferences with the Debtor's counsel regarding case issues; (2) reviewed and analyzed issues regarding mediators; (3) reviewed and analyzed issues regarding parish stipulation; (4) attended to status conference issues; and (5) conferred regarding case administration issues.

Fees:  $4,605.00;     Hours:  6.60

**E.      Claims Administration and Objections**

14.     This category relates to work regarding claims administration and claims objections, including work related to bar date issues, claim forms and the notice process.  During the Third Compensation Period, the Firm, among other things:  (1) reviewed and analyzed issues

regarding CVA documents; (2) reviewed and analyzed sexual abuse claims and prepared a related chart; (3) reviewed and analyzed claim-related insurance issues; (4) reviewed and analyzed issues regarding claims access; (5) prepared discovery requests related to the proof of claim disclosure motion; and (6) conferred regarding claim issues.

Fees: $277,977.00;    Hours: 496.90

### F.    Compensation of Professionals[1]

15.    This category relates to issues regarding the compensation of the Firm. During the Third Compensation Period, the Firm, among other things: (1) performed work regarding the Firm's Second interim fee application; (2) attended to scheduling issues; and (3) corresponded and conferred regarding compensation issues.

Fees: $16,786.50;    Hours: 27.20

### G.    General Creditors Committee

16.    This category relates to work performed with respect to the Committee and correspondence and discussion with Committee members and their individual counsel regarding the chapter 11 case.   During the Third Compensation Period, the Firm, among other things: (1) responded to inquiries from claimants and State Court Counsel regarding case issues; (2) prepared for and participated in telephonic conferences with the Committee regarding case issues; (3) reviewed and analyzed mediation issues; (4) reviewed and analyzed statute of limitations issues; (5) reviewed and analyzed issues regarding constitutionality; (6) reviewed and analyzed issues regarding mediator selection; (7)  prepared for and participated in telephonic

---

[1] This category includes time from the PSZ&J Compensation category.

meetings with State Court Counsel regarding case issues; (8) performed work regarding agenda for Committee meetings; (9) reviewed and analyzed issues regarding a motion to compel stipulation; and (10) conferred and corresponded regarding Committee issues.

Fees: $21,291.00;    Hours: 30.50

**H.    Hearings**

17.    This category relates to preparation for and attendance at hearings. During the Third Compensation Period, the Firm, among other things: (1) prepared for and attended a hearing on June 14, 2021 regarding the Debtor's professionals' fees; (2) prepared for and attended an adversary proceeding status conference on July 28, 2021; (3) prepared for and attended a hearing on September 24, 2021 regarding a stay extension motion; (4) prepared and attended a hearing on November 17, 2021 regarding a mediation motion; (5) prepared for and attended a hearing on December 13, 2021 regarding motion scheduling issues; and (6) prepared for and attended a hearing on January 28, 2021 regarding a motion to compel deadlines.

Fees: $13,539.50;    Hours: 19.40

**I.    Insurance Coverage**

18.    This category relates to insurance coverage issues. During the Third Compensation Period, the Firm, among other things: (1) prepared for and attended an insurance adversary proceeding scheduling conference on June 2, 2021; (2) reviewed and analyzed mediator selection issues; (3) performed work regarding an insurance analysis and coverage charts; (4) performed work regarding a motion to intervene in insurance adversary proceedings; (5) reviewed and charted sexual abuse claims; (6) reviewed and analyzed issues regarding a

parish level insurance review; (7) reviewed and analyzed a parish insurance chart; (8) reviewed and analyzed issues regarding parish liability; and (9) corresponded and conferred regarding insurance issues.

Fees:  $32,707.00;      Hours:  49.90

**J.      Mediation**

19.      This category relates to mediation issues.   During the Third Compensation Period, the Firm, among other things:  (1) reviewed and analyzed mediation process issues; (2) reviewed and analyzed issues regarding mediator candidates; (3) prepared for and met with potential mediators; (4) prepared for and attended a telephonic conferences with State Court Counsel regarding mediation issues; (5) performed work regarding a memorandum to the Committee regarding mediation issues; (6) prepared for and participated in a telephonic conference on October 28, 2021 with the Committee regarding mediation issues; (7) performed work regarding a statement concerning mediation motion; (8) performed work regarding a letter to the Court relating to mediator selection; and (9) conferred and corresponded regarding mediation issues.

Fees:  $18,768.50;      Hours:  27.70

**K.      Stay Litigation**

20.      This category relates to work regarding the automatic stay and relief from stay motions.  During the Third Compensation Period, the Firm, among other things: (1) performed work regarding revisions to the parish stipulation; (2) performed work regarding extensions of parish stipulation; (3) prepared for and attended telephonic conferences with State

Court Counsel regarding parish stay issues; (4) reviewed and analyzed issues regarding stay defendants; (5) reviewed and analyzed a motion to extend the parish stay; (6) drafted a statement in support of preliminary injunction; (7) reviewed and analyzed the Lipsitz objection to stay extension; (8) prepared for a hearing on a motion to extend parish stay; (9) reviewed and analyzed issues regarding service of a complaint against Diocesan affiliate; (10) reviewed and analyzed Diocesan Educational Campus issues; (11) reviewed and analyzed issues regarding the Sisters of Good Shepherd motion for stay extension; (12) performed work regarding an objection to the Sisters of Good Shepherd motion to extend stay; (13) attended to scheduling issues; and (14) corresponded and conferred regarding stay litigation issues.

> Fees: $24,445.50; Hours: 35.00

21. The above-referenced description of services is not intended to be exhaustive of the scope of PSZJ's services rendered on behalf of the Committee. A full accounting of all services rendered on behalf of the Committee during the Third Compensation Period is contained in the related time records attached hereto as Exhibits A to G.

22. As contained in the attached time records, PSZJ has expended a total of 765.50 hours during the Third Compensation Period representing the Committee in this case. The value of the services rendered to the Committee by PSZJ is $456,591.00 and PSZJ has incurred actual and necessary out-of-pocket expenses in the amount of $6,563.65 during the Third Compensation Period in connection with such professional services.

### III.   RELIEF REQUESTED

23.     By this application, PSZJ requests entry of an order, substantially in the form attached as Exhibit H: (a) allowing, on an interim basis, $456,591.00 as compensation for professional services rendered and $6,563.65 as reimbursement of actual and necessary out-of-pocket expenses incurred during the Third Compensation Period in connection with such professional services, and (b) directing the Debtor to pay PSZJ the amount of $463,154.65 for the total unpaid portion of allowed fees and expenses for the Third Compensation Period.

**Professional Services Rendered During the Third Compensation Period**

24.     The value of the professional services rendered to the Committee during the Third Compensation Period has been billed at rates normally charged by PSZJ for comparable services performed for other clients, subject to a $700/hour cap. The requested fees in the amount of $456,591.00 are reasonable under the circumstances, and reflect the expertise of counsel in representing the Committee in this case.

25.     PSZJ has attempted to avoid any duplication of services by its professionals in rendering services. When more than one professional participated in any conference or hearing, such joint participation was necessary because of the complexity of the legal issues involved, the various legal disciplines required, or the need to familiarize the professional with such matters so that he or she could independently perform further essential services in connection with this case.

26.     Each entry itemized in PSZJ's time records includes (a) use of a project category (each a "Project Category"), (b) a description of each activity or service that an

individual performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by an individual performing the activity or providing service. Attached as Exhibit I is a list of the aggregate recorded hours, blended rate and fees incurred for each Project Category.

**Actual and Necessary Expenses Incurred During the Third Compensation Period**

27. During the Third Compensation Period, PSZJ has incurred actual and necessary out-of-pocket expenses in the total amount of $6,563.65.

28. PSZJ seeks reimbursement for, among other things, the following types of expenses: (a) copy expenses; (b) conference calls; (c) online research; (d) delivery services and couriers; (e) postage; (f) trial transcript costs; (g) travel expenses; and (g) miscellaneous expenses. Below is a summary of the actual and necessary out-of-pocket expenses incurred on behalf of the Committee during the Third Compensation Period:

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| **Copy Expense** | $2,468.50 |
| **Conference Call** | $    1.34 |
| **Online Research** | |
| PACER Research | $   57.60 |
| Everlaw | $3,500.00 |
| **Postage** | $  536.21 |
| **Total:** | $6,563.65 |

All expense entries detailed in PSZJ's time records include an itemization of the expenses by category, the date the expense was incurred, and the amount of the expense. The requested expenses are of the kind customarily charged by PSZJ for similar items in other similar matters. All expenses were incurred on behalf of the Committee, and all expenses paid to outside vendors were billed in this case by PSZJ at the rate charged to PSZJ.

# IV.    GROUNDS FOR GRANTING RELIEF REQUESTED

29.    All of the services for which compensation is requested by PSZJ were performed for, or on behalf of, the Committee, and not on behalf of the Debtor, any creditor, examiner, trustee or any other entity.  In addition, PSZJ has not entered into any agreements to fix fees or share compensation as prohibited by 18 U.S.C. § 155 and 11 U.S.C. § 504.

30.    This interim application is made at this time due to the substantial amount of time devoted on behalf of the Committee during the Third Compensation Period and the impact that the expenditure of such an amount of time without further compensation will have upon PSZJ finances if compensation were delayed to a later time.  Thus, Applicant respectfully submits that, pursuant to Local Rule 2016-1 and the Interim Compensation Order, Applicant should not be required to await the conclusion of this case to request the relief sought in this interim fee application.

31.    As this Application demonstrates, the services that PSZJ has rendered on behalf of the Committee have been beneficial to the Committee and the Debtor's estate in that the services have been utilized to assist the Committee with those matters outlined above.

32.    The attorneys primarily responsible for representing the Committee in connection with this case, James I. Stang and Ilan D. Scharf, have extensive experience in representing creditors' committees, and in cases similar to this one.

33.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code that govern the Court's award of such compensation.  See 11 U.S.C. § 331.  Section 330 of the

Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)-(B). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

34.     PSZJ has reviewed the requirements of each of the foregoing and believes that this application is in compliance with such requirements, as applicable.

35.     In addition to the foregoing specified services, PSZJ believes that it has performed further services which are not reflected in the time records. It is impossible to record the detail of each letter, telephone call, conference time or research. Many such hours have been

performed to date, but PSZJ is not requesting compensation for them. Further, as set forth above, PSZJ has capped its hourly rate and is not charging for travel time.

36. All services for which PSZJ seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Committee and were necessary and beneficial to the Committee. PSZJ worked diligently to anticipate or respond to the Committee's needs and assist in the navigation of this very complex chapter 11 case. The compensation requested herein is reasonable in light of the nature, extent, and value of such services rendered to the Committee.

37. In connection with the matters covered by this application, PSZJ received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor's bankruptcy estate. There is no agreement or understanding between PSZJ and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this case.

## V.    Valuation of Services

38. Attorneys and paraprofessionals of PSZ&J expended a total 765.50 hours in connection with their representation of the Committee during the Third Compensation Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $700.00 | 1.60 | $ 1,120.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $700.00 | 10.50 | $ 7,350.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $850.00 $700.00 | 10.50 0.20 | $ 8,925.00 $ 140.00 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $700.00 | 291.80 | $204,260.00 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $700.00 $695.00 | 55.00 203.80 | $ 38,500.00 $141,641.00 |
| La Asia Canty | Paralegal | $300.00 | 5.20 | $ 1,560.00 |
| Cheryl A. Knotts | Paralegal | $300.00 | 6.70 | $ 2,010.00 |
| Nancy P.F. Lockwood | Paralegal | $300.00 | 33.70 | $ 10,110.00 |
| Nancy H. Brown | Legal Assistant | $300.00 | 20.00 | $ 6,000.00 |
| Sophia L. Lee | Legal Assistant | $300.00 | 126.50 | $ 37,950.00 |

**Grand Total:** **$456,591.00**[2]
**Total Hours:** **765.50**
**Blended Rate:** **$600.35**

39.     To the extent time or disbursement charges for services rendered or expenses incurred relate to the Third Compensation Period but were not processed prior to the preparation of this application or PSZJ has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Third Compensation Period, PSZJ reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

---

[2]  This amount includes a total voluntary write-off of $2,975.00. This reduction consists of reductions to the June 2021 and July 2021 bills due to rate charged for William L. Ramseyer. In addition, there was a voluntary write-off to the June 2021 bill. This reduction is reflected throughout the Application.

40.     In accordance with the factors enumerated in section 330 of the

Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.  Moreover, PSZJ has reviewed the requirements

of Local Rule 2016 and the Interim Compensation Order signed on or about June 4, 2020 and

believes that this Application complies with such Rule and Order.

## VI.     NOTICE

41.     Notice of this application is being given to (a) the Debtor, (b) the Debtor's

counsel, (c) the U.S. Trustee, and (d) those parties who have appeared in this case or have

requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, PSZJ respectfully requests the Court enter an order,

substantially in the form attached as Exhibit I:  (i) allowing, on an interim basis, $456,591.00 as

compensation for professional services rendered and $6,563.65 as reimbursement of actual and

necessary out-of-pocket expenses incurred during the Third Compensation Period in connection

with such professional services; (ii) directing the Debtor to pay PSZJ the amount of $463,154.65

for the unpaid amounts incurred during the Third Compensation Period; (iii) allowing such

compensation for professional services rendered and reimbursement of actual and necessary out-

of-pocket expenses incurred without prejudice to PSZJ's right to seek additional compensation

for services performed and expenses incurred during the Third Compensation Period, which

were not processed at the time of this application; and (iv) granting PSZJ all other just and proper relief.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated:  April 25, 2022          _/s/ Ilan D. Scharf_____
                                James I. Stang, Esq. (admitted *pro hac vice*)
                                Ilan D. Scharf, Esq.
                                Steven W. Golden, Esq.
                                10100 Santa Monica Boulevard
                                13th Floor
                                Los Angeles, California 90067
                                Telephone:  (310) 277-6910
                                Facsimile:  (310) 201-0760

                                    and

                                780 Third Ave., 34th Floor
                                New York, NY 10017
                                Telephone:  (212) 561-7700
                                Facsimile:  (212) 561-7777

                                E-mail:  jstang@pszjlaw.com
                                         isharf@pszjlaw.com
                                         sgolden@pszjlaw.com

                                Counsel for the Official Committee of Unsecured Creditors

**CERTIFICATION**

Ilan D. Scharf, hereby declares under penalty of perjury:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"), and am admitted to appear before this Court.

b) I am familiar with the work performed on behalf of the Committee by the lawyers and paraprofessionals of PSZJ.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Rule 2016 and the Interim Compensation Order signed on or about June 4, 2020 and believe that this Application substantially complies with such Rule and Order.

_/s/ Ilan D. Scharf_
Ilan D. Scharf