UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------------
In re
    THE DIOCESE OF BUFFALO, N.Y.,          BK 20-10322 CLB


                        Debtor.                  <u>DECISION & ORDER</u>
--------------------------------------------------------

                Bond, Schoeneck & King, PLLC
                Sara C. Temes, Esq., Charles J. Sullivan, Esq.,
                Grayson T. Walter, Esq., Stephen A. Donato, Esq., of counsel
                One Lincoln Center
                Syracuse, New York 13202-1355
                Attorneys for The Diocese of Buffalo, N.Y.

                Pachulski Stang Ziehl & Jones LLP
                Ilan D. Scharf, Esq., of counsel
                780 Third Avenue, 34th Floor
                New York, New York 10017
                Attorneys for Official Committee of Unsecured Creditors

                Lipsitz Green Scime Cambria LLP
                Amy Keller, Esq., of counsel
                42 Delaware Avenue, Suite 120
                Buffalo, New York 14202
                Attorneys for LG36 Doe

                Office of the U.S. Trustee
                Joseph W. Allen, Esq., Assistant U.S. Trustee
                Olympic Towers
                300 Pearl Street, Suite 401
                Buffalo, New York 14202


Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

       The debtor seeks enhanced access to confidential disclosures contained in a proof of claim for damages arising from an alleged incident of sexual abuse. The central issue is whether in this instance, the debtor's desire to share information should

usurp a claimant's expectation of privacy.

The Diocese of Buffalo, N.Y., filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 28, 2020. At that time, the debtor acknowledged a need to address a significant but unknown number of abuse claims. Accordingly, on July 2, 2020, the Diocese filed a motion to establish a claims bar date. In response, we set August 14, 2021, as the deadline for filing claims, and directed the debtor to consult with the Official Committee of Unsecured Creditors (the "Committee") for the purpose of negotiating details consistent with the Court's written decision. *See In re Diocese of Buffalo, N.Y.*, 620 B.R. 445, 456 (Bankr. W.D.N.Y. 2020). These details included the language of notices and procedures for maintaining the confidentiality of claims. An order resolving these issues was approved by the Court on December 11, 2020.

The Order of December 11, 2020, authorized creditors to file proofs of claim in either of two ways. Claims filed with the Clerk of the Bankruptcy Court would be considered public documents available for examination without restriction. Alternatively, abuse victims could present their proofs of claim to a designated claims agent who would treat their submissions as confidential and would make them available for examination only by certain authorized parties. The list of authorized parties included specified individuals having reason to review claims for purposes of determining their allowance. In addition, access was allowed to "[s]uch other persons as the Court may authorize to access to one or more of the Sexual Abuse Proofs of Claim pursuant to subsequent order; *provided, however,* that any determination shall be made on no less than 7 days' notice to the affected Sexual Abuse Claimant(s), the

Committee and the Diocese."

An individual using the pseudonym of "LG36 Doe" has timely filed Claim 860 with the Claims Agent. Pursuant to the terms of the December 11th Order, an authorized representative of the Diocese has examined the claim. Based on that review, the Diocese believes that Claim 860 seeks damages from an incident that was not previously reported.

The Diocese advises that it wishes to comply with guidelines that the United States Conference of Catholic Bishops has adopted in a document entitled "Charter for the Protection of Children and Young People." We are told that current protocols include the following: that new allegations of abuse be referred to an independent investigator; that the accused individual be notified of the allegations and advised of his right to be represented by civil and canonical counsel; that the investigator's report be referred to an independent review board; and that any allegations of abuse of a minor be referred to public authorities. Initially, the Diocese contacted counsel for LG36 Doe for permission to release information that was needed to follow these procedures. When no consent was forthcoming, the debtor filed the present motion. Specifically, the Diocese seeks authority to reveal the contents of Claim 860 to the accused clergyman, to an independent investigator, to the members of the Diocesan Review Board, and to the District Attorney.

LG36 Doe opposes the debtor's motion. She contends that any disclosure carries the potential for emotional injury and the infliction of personal hardship and social stigmatization. Meanwhile, the creditor questions the debtor's need for access,

particularly inasmuch as the accused priest is ninety years of age, retired and non-ambulatory. The Committee supports LG36 Doe and asserts that in the absence of consent, the contents of the proof of claim should remain confidential.

## Discussion

Bankruptcy is an open process. Generally, proofs of claim are accessible for examination not only by the debtor and other creditors, but also by the general public. However, an exception to this practice derives from 11 U.S.C. § 107(b), which provides as follows:

> "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."

Throughout this case, the Diocese has acknowledged the sensitivity of information about abuse victims. Indeed, on the day that it filed its bankruptcy petition, the debtor also moved under section 107(b)(2) for permission to file under seal those portions of its schedules that would have identified the names of individuals alleging sexual abuse. Later, in December of 2020, the Diocese and the Committee stipulated to entry of a Claims Bar Order that allowed sexual abuse creditors to file claims with a claims agent under conditions that would restrict access to their submissions. LG36 Doe chose this option.

If this were a motion by a creditor to place a document under seal, then that

creditor would need to prove a right to protection under 11 U.S.C. § 107(b)(2). The Diocese and the Committee have already resolved that issue, however, by reason of their consent to the Order of December 11, 2020. Accordingly, the burden of proof shifts to the Diocese to show a justification for access under the terms of the outstanding order.

The Diocese concedes that the Order of December 11 does not expressly allow the accused clergyman, the independent investigator, the Diocesan Review Board or the District Attorney to examine the proof of claim. Rather, the debtor appears to seek access under that provision of the Order which defines "Authorized Parties" to include "[s]uch other persons as the Court may authorize." We do not read this language as license to grant every request for permission to see the proof of claim. Rather, the movant must show good cause for the desired relief. On this issue, the Diocese fails to sustain its burden of proof.

The Court appreciates that the debtor wants to comply with guidelines of the United States Conference of Catholic Bishops. That desire, however, is merely a statement of management practice. The existence of self-imposed protocols does not necessarily stand as proof of good cause. Aside from its reliance on these guidelines, the Diocese offers no convincing justification for the release of information. The name of the alleged victimizer is already known. No law enforcement agency seeks access to the proof of claim. The accused clergyman does not join in the debtor's request and offers no affidavit explaining a reason for wanting to see the document. The Diocese fails to show a compelling need, such as for purposes of deciding whether an individual

should return to active ministry. Already retired and non-ambulatory, the accused has expressed no interest or desire to resume public service.

    LG36 Doe asserts that the requested use of her proof of claim threatens to compromise a right to privacy. She fears that investigators may contact her family, friends and even former acquaintances. Nor does she wish to speak to anyone for purposes other than a determination of her claim. We do not know if LG36 Doe would have declined to file a proof of claim that was open to public inspection. Nonetheless, she had every right to rely on promises of confidentiality as stated in the Order of December 11, 2020. In balancing her right to privacy against the debtor's desire for access to the proof of claim, we must here side with the creditor. Accordingly, the motion of the Diocese is denied.

    So ordered.

Dated: August 25, 2022         /s/ Carl L. Bucki_____  _____
      Buffalo, New York        Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.