# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| THE DIOCESE OF BUFFALO, N.Y., | Case No. 20-10322 (CLB) |
| Debtor. | |

**NOTICE OF HEARING TO CONSIDER FOURTH INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR FOR THE PERIOD FEBRUARY 1, 2022 THROUGH JULY 31, 2022**

**PLEASE TAKE NOTICE** that Pachulski Stang Ziehl & Jones LLP. ("**PSZJ**"), counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of The Diocese of Buffalo, N.Y. (the "**Debtor**"), has filed the *Fourth Interim Fee Application Of Pachulski Stang Ziehl & Jones LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Official Committee of Unsecured Creditors of the Debtor for the Period February 1, 2022 Through July 31, 2022* (the "**Application**"). The amount of fees and expenses requested by PSZJ on an interim basis pursuant to the Application is as follows:

| Fees Requested | Expenses Requested | Total | Application Period |
|---|---|---|---|
| $305,730.00 | $ 22,823.12 | $328,553.12 | 02/01/22 – 07/31/22 |

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Application will be held before the Honorable Carl L. Bucki, Chief United States Bankruptcy Judge for the Western District of New York, on the **5th day of December, 2022 at 2:00 p.m.**, or as soon thereafter as counsel can be heard.

**PLEASE TAKE FURTHER NOTICE**, that parties can choose to appear either (i) in person at the Robert H. Jackson U.S. Courthouse, 2 Niagara Square, Buffalo, New York or (ii) telephonically (call in 1-571-353-2301, Courtroom ID 483077448#, and security pin 9999#).

**PLEASE TAKE FURTHER NOTICE**, that responses in opposition to the relief requested in the Application, if any, must be filed with the United States Bankruptcy Court Clerk's Office in Buffalo, New York and served upon (i) counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd, 13th Floor, Los Angeles, CA 90067-4003 (Attn: James I. Stang) and 780 Third Avenue, 34th Floor, New York, NY 10017 (Attn: Ilan D. Scharf); (ii) counsel for the Debtor, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202 (Attn: Stephen A. Donato, Charles J. Sullivan and Grayson T. Walter); and (iii) the Office of the United States Trustee for the Western District of New York, 300 Pearl Street, Suite 401, Buffalo, NY 14202 (Attn: Joseph Allen) in accordance with the Local Rules of Bankruptcy Procedure for the Western District of New York.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated: November 1, 2022      _/s/ Ilan D. Scharf_
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Brittany M. Michael, Esq.
780 Third Ave., 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

E-mail:  jstang@pszjlaw.com
         ischarf@pszjlaw.com
         bmichael@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

DOCS_DE:241111.1 18502/002

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| THE DIOCESE OF BUFFALO, N.Y., | Case No. 20-10322 (CLB) |
| Debtor. |  |

**COVER SHEET TO FOURTH INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR FOR THE PERIOD FEBRUARY 1, 2022 THROUGH JULY 31, 2022**

Name of Applicant: Pachulski Stang Ziehl & Jones LLP ("PSZJ")

Authorized to Provide Professional Services to: The Official Committee of Unsecured Creditors of the Debtor

Date of Order Authorizing Employment: Order entered June 3, 2020 [Doc 359] effective as of March 12, 2020

Period for Which Compensation is Sought: February 1, 2022 – July 31, 2022 (the "Fourth Compensation Period")

Amount of Fees Sought: $305,730.00[1]

Amount of Expense Reimbursement Sought: $ 22,823.12

This is PSZJ's Fourth Interim fee application.

| | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $574.90 |
| Blended Rate in this Application for All Timekeepers: | $537.77 |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed: | $0.00 |
| Compensation Sought in this Application Not Paid Pursuant to a Monthly Compensation Order: | $305,730.00 |

---

[1] This amount reflects a reduction of $420.00 due to a duplicate time entry.

Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed:    $0.00

Expenses Sought in this Application Not Paid Pursuant to a Monthly Compensation Order:    $22,823.12

## **PRIOR STATEMENTS AND APPLICATIONS FILED**

| Period Covered | Requested Fees | Requested Expenses | Approved/ Requested Fees | Approved/ Requested Expenses |
|---|---|---|---|---|
| 03/12/20 – 04/30/20 | $109,192.50 | $   625.07 | | |
| 05/01/20 – 05/21/20 | $152,307.50 | $   578.14 | | |
| 06/01/20 – 06/30/20 | $  41,562.50 | $1,006.09 | | |
| 07/01/20 – 07/31/20 | $  51,502.50 | $1,349.12 | | |
| 08/01/20 – 08/31/20 | $  33,130.00 | $   247.58 | | |
| First Interim Fee Application Covering First Compensation Period March 12, 2020 – August 31, 2020 | | | $382,607.50[2] | $3,806.00 |
| 09/01/20 – 09/30/20 | $55,065.00 | $1,591.25 | | |
| 10/01/20 – 10/31/20 | $54,250.00 | $596.17 | | |
| 11/01/20 – 11/30/20 | $69,320.00 | $965.47 | | |
| 12/01/20 – 12/31/20 | $53,405.00 | $2,405.97 | | |
| 01/01/21 – 01/31/21 | $55,697.00 | $882.78 | | |
| 02/01/21 – 02/28/21 | $55,622.00 | $509.99 | | |
| 03/01/21 – 03/31/21 | $32,659.50 | $555.35 | | |
| 04/01/21 – 04/30/21 | $18,006.50 | $514.72 | | |
| 05/01/21 – 05/31/21 | $18,814.50 | $500.00 | | |
| Second Interim Fee Application Covering Second Compensation Period September 1, 2020 - May 31, 20, 2021 | | | $412,839.50 | $8,520.71 |
| 06/01/21 – 06/30/21 | $11,449.00 | $500.00 | | |
| 07/01/21 – 07/31/21 | $36,061.00 | $594.20 | | |
| 08/01/21 – 08/31/21 | $74,858.50 | $796.74 | | |
| 09/01/21 – 09/30/21 | $88,880.00 | $2,475.12 | | |
| 10/01/21 – 10/31/21 | $31,554.50 | $501.00 | | |
| 11/01/21 – 11/30/21 | $71,856.00 | $934.44 | | |
| 12/01/21 – 01/31/22 | $144,907.00 | $762.15 | | |

---

[2]  In the Court Order approving the First Interim Fee Application, the Court approved $382,607.50 in fees which reflects a reduction of $1,562.50.

| Period Covered | Requested Fees | Requested Expenses | Approved/ Requested Fees | Approved/ Requested Expenses |
|---|---|---|---|---|
| Third Interim Fee Application Covering Second Compensation Period June 1, 2021 - January 31, 20, 2022 | | | $454,591.00[3] | $6,563.65 |

---

[3] In the Court Order approving the Third Interim Fee Application, the Court approved $454,591.00 in fees which reflects a reduction of $2,000.00.

DOCS_DE:241111.1 18502/002

# INVOICE ABBREVIATIONS KEY

| Abbreviation | Definition |
|---|---|
| (NY)AG | New York Attorney General |
| AVP | Adversary Proceeding |
| BSK | Bond, Schoeneck & King PLLC |
| POC | Proof of Claim |
| SCC | State Court Counsel representing Committee member(s) |
| TC | Telephone Call |

## I.    PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $700.00 | 4.50 | $ 3,150.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $700.00<br>$ 0.00 | 57.50<br>27.00 | $ 40,250.00<br>$ 0.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $700.00 | 9.00 | $ 6,300.00 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $700.00<br>$ 0.00 | 254.90<br>27.50 | $178,430.00<br>$ 0.00 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $700.00<br>$ 0.00 | 78.50<br>33.50 | $ 54,950.00<br>$ 0.00 |
| Beth D. Dassa | Paralegal | $300.00 | 19.50 | $ 5,850.00 |
| Cheryl A. Knotts | Paralegal | $300.00 | 5.20 | $ 1,560.00 |
| Kerri L. LaBrada | Paralegal | $300.00 | 21.20 | $ 6,360.00 |
| Mike A. Matteo | Paralegal | $300.00 | 31.00 | $ 9,300.00 |

|  |  |
|---|---|
| **Grand Total:** | **$305,730.00**[4] |
| **Total Hours:** | **569.30** |
| **Blended Rate:** | **$ 537.03** |

---

[4] This amount includes a total voluntary write-off of $420.00 due to a duplicate entry contained in the attached invoice.

## II.　　COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 12.80 | $ 8,960.00 |
| Asset Disposition | 7.70 | $ 5,390.00 |
| Bankruptcy Litigation | 12.00 | $ 8,160.00 |
| Case Administration | 8.00 | $ 4,600.00 |
| Claims Admin./Objections | 23.50 | $16,450.00 |
| Compensation of Professional | 16.80 | $ 9,680.00 |
| General Creditors Committee | 100.20 | $70,140.00 |
| Hearing | 16.10 | $11,270.00 |
| Insurance Coverage | 141.90 | $71,890.00 |
| Mediation | 123.20 | $86,240.00 |
| Plan & Disclosure Statement | 7.30 | $ 5,110.00 |
| Retention of Professional | 11.00 | $ 7,700.00 |
| Stay litigation | 0.80 | $　560.00 |
| Travel | 88.00 | $　　0.00 |

## III.　　EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[5] | Total Expenses |
|---|---|---|
| Air Fare | Delta Airlines; United Airlines | $7,097.80 |
| Auto Travel Expense | Uber, Taxi; Lyft | $　761.65 |
| Bloomberg | | $　30.00 |
| Working Meal | Spot Coffee | $　31.93 |
| Express Mail | Federal Express | $　282.34 |
| Hotel Expense | Hilton Garden Inn; Westin Hotel; Hampton Inn; Embassy Suites | $8,578.03 |
| Legal Research | Lexis/Nexis | $　49.05 |
| Outside Services | Everlaw | $1,000.00 |
| Court Research | Pacer | $　42.60 |
| Postage | US Mail | $　369.36 |
| Reproduction Expense | | $1,482.60 |
| Reproduction/Scan Copy | | $　217.90 |
| Research | Everlaw | $1,500.00 |
| Travel Expense | Parking; gas; mileage reimbursement | $1,379.86 |

The total time expended in connection with the preparation of this application is not included herein, as additional time was expended after the Fourth Compensation Period.

---

[5] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated:  November 1, 2022          _/s/ Ilan D. Scharf_
                                  James I. Stang, Esq. (admitted *pro hac vice*)
                                  Ilan D. Scharf, Esq.
                                  Brittany M. Michael, Esq.
                                  780 Third Ave., 34th Floor
                                  New York, NY 10017
                                  Telephone:  (212) 561-7700
                                  Facsimile:  (212) 561-7777

                                  E-mail:  jstang@pszjlaw.com
                                           ischarf@pszjlaw.com
                                           bmichael@pszjlaw.com

                                  Counsel for the Official Committee of Unsecured Creditors

DOCS_DE:241111.1 18502/002

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| THE DIOCESE OF BUFFALO, N.Y., | Case No. 20-10322 (CLB) |
| Debtor. | |

## FOURTH INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR FOR THE PERIOD FEBRUARY 1, 2022 THROUGH JULY 31, 2022

Pachulski Stang Ziehl & Jones LLP. ("**PSZJ**" or the "**Firm**"), counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of The Diocese of Buffalo, N.Y. (the "**Debtor**"), hereby submits its Fourth Interim fee application, pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, for (a) allowance of interim compensation for professional services performed by PSZJ for the period commencing February 1, 2022 through July 31, 2022 (the "**Fourth Compensation Period**") in the amount of $305,730.00, and (b) reimbursement of its actual and necessary expenses in the amount of $22,823.12 incurred during the Fourth Compensation Period, on the following grounds:

## I.    JURISDICTION

1.      The Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for relief requested are sections 330 and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II.      BACKGROUND

4.      On February 28, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor remains in possession of its property and continues to operate and maintain its organization as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On March 12, 2020, the United States Trustee appointed the Committee, pursuant to section 1102 of the Bankruptcy Code.

6.      On or about April 6, 2020, PSZJ filed its application seeking to be employed in this case ("**Retention Application**").  As set forth in the declaration of James I. Stang in support of the Retention Application, due to the unique circumstances of this case, PSZJ proposed to charge hourly rates which are below its regular hourly rates, specifically, to charge its normal and customary hourly rates, subject to a cap of $700 per hour and not to charge for travel time.  On June 3, 2020, the Court entered its *Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors of the Debtor Effective as of March 12, 2020* (the "**Retention Order**") [Doc 359], authorizing the employment of PSZJ as counsel to the Committee effective as of March 12, 2020.  The Retention Order authorized PSZJ to apply for compensation for professional services rendered and reimbursement of expenses as set forth in the Retention

2

Application, subject to the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court.

7.      PSZJ did not receive a retainer in connection with its employment and, to date, has only received compensation for services and reimbursement of expenses pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Members of Official Committees* (the "**Interim Compensation Order**") [Doc 362].

8.      Copies of PSZJ invoices for the Fourth Compensation Period are attached hereto as Exhibit A and is incorporated herein by reference for all purposes.

**Summary of Services Rendered by PSZJ During the Fourth Compensation Period**

9.      During the Fourth Compensation Period, PSZJ has rendered numerous, varied and substantial services to the Committee in connection with this case, including but not limited to:

**A.      Asset Analysis and Recovery**

10.      This category relates to work regarding asset analysis and recovery issues. Services related to asset analysis are of utmost importance in this case because the extent, nature and value of assets available to compensate creditors were unknown at the beginning of this case. During the Fourth Compensation Period, the Firm, among other things:  (1) reviewed and analyzed parish financial information; (2) reviewed and analyzed documents and issues regarding the Diocese's assets and maintained a related chart; (3) reviewed and analyzed non-debtor entity assets regarding a potential global settlement; (4) drafted pension-related discovery

3

requests; (5) reviewed and analyzed New York law regarding enforcement of use restrictions; (6) reviewed and analyzed documents related to Diocese financials; and (7) reviewed and analyzed issues regarding non-profit priority dissolution.

Fees: $8,960.00; Hours: 12.80

**B.    Asset Disposition**

11.    This category relates to work regarding sales and other asset disposition issues.  During the Fourth Compensation Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding the AWHS sale motion; (2) performed work regarding an objection to the ABWHS sale; (3) reviewed and analyzed the decision and order regarding the ABWHS sale; (4) reviewed and analyzed issues regarding the St. Ann's matter; and (5) corresponded and conferred regarding asset disposition issues.

Fees: $5,390.00; Hours: 7.70

**C.    Bankruptcy Litigation**

12.    This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court.  During the Fourth Compensation Period, the Firm, among other things: (1) reviewed and analyzed a motion to pay car lease; (2) reviewed and analyzed issues regarding request to file an amicus brief in the Purdue Pharma matter; (3) reviewed and analyzed the KS Does motion to compel; (4) reviewed and analyzed issues regarding a disclosure motion; (5) performed work regarding a Bankruptcy Rule 2004 motion relating to IRB records; (6) reviewed and analyzed issues regarding a proposed disclosure of perpetrator information; (7) attended to

4

issues regarding a scheduling order; and (8) corresponded and conferred regarding bankruptcy litigation issues.

Fees: $8,160.00; Hours: 12.00

### D. Case Administration

13. This category relates to work regarding administration of this case. During the Fourth Compensation Period, the Firm, among other things: (1) prepared for and participated in teleconferences with the Debtor's counsel regarding case issues; (2) maintained a memorandum of critical dates; (3) reviewed and analyzed mediation, asset sale, and discovery issues; and (4) conferred regarding case administration issues.

Fees: $4,600.00; Hours: 8.00

### E. Claims Administration and Objections

14. This category relates to work regarding claims administration and claims objections, including work related to bar date issues, claim forms and the notice process. During the Fourth Compensation Period, the Firm, among other things: (1) reviewed and analyzed a motion regarding claimant information disclosure; (2) reviewed and analyzed issues regarding disclosure of information to IRB; (3) performed work an objection to release of claimant information to IRB; (4) reviewed and analyzed certain claims to clarify dates of abuse; (5) performed work regarding a response to a Committee request for information; (6) reviewed and analyzed issues regarding claim settlement with a third party defendant; (7) reviewed and analyzed jury award issues; (8) reviewed and analyzed liability analysis issues; (9) reviewed and analyzed correspondence regarding reinstated clergy and IRB; (10) reviewed and analyzed

5

personnel files regarding reinstated clergy; (11) performed work regarding a letter to Donato relating to reinstatement of priests identified as perpetrators; and (12) corresponded and conferred regarding claim issues.

Fees: $16,450.00; Hours: 23.50

**F.     Compensation of Professionals**

15.     This category relates to issues regarding the compensation of the Firm. During the Fourth Compensation Period, the Firm, among other things: (1) performed work regarding the Firm's Third interim fee application; (2) prepared for a fee application hearing; and (3) corresponded regarding compensation issues.

Fees: $9,680.00; Hours: 16.80

**G.     General Creditors Committee**

16.     This category relates to work performed with respect to the Committee and correspondence and discussion with Committee members and their individual counsel regarding the chapter 11 case. During the Fourth Compensation Period, the Firm, among other things: (1) prepared for and participated in telephonic conferences with the Committee regarding case issues; (2) reviewed and analyzed Committee bylaws and issues regarding the rights and duties of Committee members; (3) reviewed and analyzed mediation and claims analysis issues; (4) prepared for and participated in telephonic meetings with State Court Counsel regarding case issues; (5) reviewed and analyzed in-person Committee meeting issues; (6) prepared for and attended an in-person Committee meeting on March 10, 2022 regarding mediation issues; (7) reviewed and analyzed issues regarding mediation strategy; (8) reviewed and analyzed

6

DOCS_DE:241111.1 18502/002

insurance issues; (9) reviewed and analyzed issues regarding reinstated priests; (10) performed work regarding a letter to the Diocese regarding reinstated clergy; (11) performed work regarding a memorandum to the Committee in lieu of meeting; (12) reviewed and analyzed late claim issues; and (13) conferred and corresponded regarding Committee issues.

Fees: $70,140.00;     Hours: 100.20

**H.     Hearings**

17.     This category relates to preparation for and attendance at hearings. During the Fourth Compensation Period, the Firm, among other things:  (1) prepared for and attended a hearing on January 18, 2022 regarding adjournment issues; (2) prepared for and attended a status conference on January 28, 2022 regarding a motion to compel; (3) prepared for and attended a hearing on February 2, 2022 regarding the ABWHS sale motion; (4) prepared and attended a hearing on February 14, 2022 regarding a discovery request; (5) prepared for and attended a hearing on March 28, 2022 regarding a motion to extend stay; (6) prepared for and attended a hearing on April 13, 2022 regarding parish stay issues; (7) prepared for and attended a hearing on May 9, 2022 regarding a motion for sanctions; (8) prepared for and attended a hearing on May 11, 2022 regarding extension of parish stay; (9) prepared for and attended a hearing on June 7, 2022 regarding broker and appraiser retentions; and (10) prepared for and attended a fee application hearing on June 27, 2022.

Fees: $11,270.00;     Hours: 16.10

DOCS_DE:241111.1 18502/002

## I. Insurance Coverage

18. This category relates to insurance coverage issues. During the Fourth Compensation Period, the Firm, among other things: (1) performed work regarding an insurance coverage analysis including an analysis of parish coverage; (2) reviewed and analyzed insurance slotting issues; (3) reviewed and analyzed issues regarding Wassau; (4) reviewed and analyzed insurance policies and correspondence regarding insurance policies; (5) performed work regarding an insurance chart; (6) reviewed and analyzed Arrowood financials; (7) reviewed and analyzed issues regarding claims charts; (8) performed work regarding a coverage analysis for a presentation to the Committee; (9) reviewed and analyzed insurance files; (10) reviewed and revised an insurance analysis and updated a mediation statement regarding such analysis; (11) reviewed and coded insurance documents; (12) performed work regarding an insurance document review; (13) reviewed and analyzed insurance policies regarding definitions issues; (14) reviewed and analyzed issues regarding missing policies; (15) reviewed and analyzed First Day Motions regarding insurance issues; (16) reviewed and analyzed parish insurance issues; and (17) corresponded and conferred regarding insurance issues.

Fees: $71,890.00; Hours: 141.90

## J. Mediation

19. This category relates to mediation issues. During the Fourth Compensation Period, the Firm, among other things: (1) reviewed and analyzed mediation process issues; (2) performed work regarding letters to the mediator; (3) reviewed and analyzed correspondence from the mediator; (4) performed work regarding a mediation issues outline;

8

(5) prepared for and participated in calls with the mediator and other parties regarding mediation issues; (6) reviewed and analyzed issues regarding assets available for settlement; (7) performed work regarding a mediation statement; (8) reviewed and analyzed issues regarding pension plan reduction of payment to abusers; (9) reviewed and analyzed non-monetary issues; (10) performed work regarding a motion to allow electronics at mediation and attended to mediation logistics issues; (11) prepared for and attended mediation sessions on May 24 and June 14, 2022; (12) reviewed and analyzed issues regarding a non-monetary flow chart; and (13) conferred and corresponded regarding mediation issues.

Fees: $86,240.00;     Hours: 123.20

### K.     Plan and Disclosure Statement

20.     This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Fourth Compensation Period, the Firm, among other things, drafted non-monetary demands, and reviewed and analyzed Plan strategy issues.

Fees: $5,100.00;     Hours: 7.30

### L.     Retention of Professionals

21.     This category relates to work regarding the retention of professionals. During the Fourth Compensation Period, the Firm, among other things:  (1) reviewed and analyzed applications to retain an appraiser and a broker; (2) drafted objections to the applications to retain an appraiser and a broker; (3) prepared for and participated in a teleconference with the proposed broker; (4) prepared for and attended a hearing on July 7, 2022

9

regarding the broker and appraiser retention applications; and (5) corresponded and conferred regarding retention of professional issues.

Fees: $7,700.00; Hours: 11.00

**M. Stay Litigation**

22. This category relates to work regarding the automatic stay and relief from stay motions. During the Fourth Compensation Period, the Firm, among other things, performed work regarding a stipulation to extend the parish stay.

Fees: $560.00; Hours: 0.80

23. The above-referenced description of services is not intended to be exhaustive of the scope of PSZJ's services rendered on behalf of the Committee. A full accounting of all services rendered on behalf of the Committee during the Fourth Compensation Period is contained in the related time record attached hereto as Exhibit A.

24. As contained in the attached time records, PSZJ has expended a total of 569.30 hours during the Fourth Compensation Period representing the Committee in this case. The value of the services rendered to the Committee by PSZJ is $305,730.00 and PSZJ has incurred actual and necessary out-of-pocket expenses in the amount of $22,823.12 during the Fourth Compensation Period in connection with such professional services.

**III. <u>RELIEF REQUESTED</u>**

25. By this application, PSZJ requests entry of an order, substantially in the form attached as Exhibit C: (a) allowing, on an interim basis, $305,730.00 as compensation for professional services rendered and $22,823.12 as reimbursement of actual and necessary out-of-

DOCS_DE:241111.1 18502/002

pocket expenses incurred during the Fourth Compensation Period in connection with such professional services, and (b) directing the Debtor to pay PSZJ the amount of $328,553.12 for the total unpaid portion of allowed fees and expenses for the Fourth Compensation Period.

**Professional Services Rendered During the Fourth Compensation Period**

26. The value of the professional services rendered to the Committee during the Fourth Compensation Period has been billed at rates normally charged by PSZJ for comparable services performed for other clients, subject to a $700/hour cap. The requested fees in the amount of $305,730.00 are reasonable under the circumstances, and reflect the expertise of counsel in representing the Committee in this case.

27. PSZJ has attempted to avoid any duplication of services by its professionals in rendering services. When more than one professional participated in any conference or hearing, such joint participation was necessary because of the complexity of the legal issues involved, the various legal disciplines required, or the need to familiarize the professional with such matters so that he or she could independently perform further essential services in connection with this case.

28. Each entry itemized in PSZJ's time records includes (a) use of a project category (each a "Project Category"), (b) a description of each activity or service that an individual performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by an individual performing the activity or providing service. Attached as Exhibit B is a list of the aggregate recorded hours, blended rate and fees incurred for each Project Category.

DOCS_DE:241111.1 18502/002

## Actual and Necessary Expenses Incurred During the Fourth Compensation Period

29.     During the Fourth Compensation Period, PSZJ has incurred actual and

necessary out-of-pocket expenses in the total amount of $22,823.12.

30.     PSZJ seeks reimbursement for, among other things, the following types of

expenses:  (a) copy expenses; (b) conference calls; (c) online research; (d) delivery services and

couriers; (e) postage; (f) trial transcript costs; (g) travel expenses; and (g) miscellaneous

expenses.  Below is a summary of the actual and necessary out-of-pocket expenses incurred on

behalf of the Committee during the Fourth Compensation Period:

| EXPENSE CATEGORY | | AMOUNT | |
|---|---|---|---|
| **Travel Expense** | | | $17,817.34 |
| Air Fare | $7,097.80 | | |
| Auto Travel Expense | $  761.65 | | |
| Hotel Expense | $8,578.03 | | |
| Travel Expense | $1,379.86 | | |
| **Copy Expense** | | | $ 1,700.50 |
| **Online Research** | | | $ 2,621.65 |
| PACER Research | $    42.60 | | |
| Bloomberg | $    30.00 | | |
| Everlaw | $2,500.00 | | |
| Lexis/Nexis | $    49.05 | | |
| **Postage** | | | $   369.36 |
| **Express Mail** | | | $   282.34 |
| **Miscellaneous Expenses** | | | $     31.93 |
| Business Meal | $    31.93 | | |
| | | **Total:** | $22,823.12 |

All expense entries detailed in PSZJ's time records include an itemization of the expenses by

category, the date the expense was incurred, and the amount of the expense.  The requested

expenses are of the kind customarily charged by PSZJ for similar items in other similar matters.

All expenses were incurred on behalf of the Committee, and all expenses paid to outside vendors

were billed in this case by PSZJ at the rate charged to PSZJ.

## IV. GROUNDS FOR GRANTING RELIEF REQUESTED

31.     All of the services for which compensation is requested by PSZJ were performed for, or on behalf of, the Committee, and not on behalf of the Debtor, any creditor, examiner, trustee or any other entity.  In addition, PSZJ has not entered into any agreements to fix fees or share compensation as prohibited by 18 U.S.C. § 155 and 11 U.S.C. § 504.

32.     This interim application is made at this time due to the substantial amount of time devoted on behalf of the Committee during the Fourth Compensation Period and the impact that the expenditure of such an amount of time without further compensation will have upon PSZJ finances if compensation were delayed to a later time.  Thus, Applicant respectfully submits that, pursuant to Local Rule 2016-1 and the Interim Compensation Order, Applicant should not be required to await the conclusion of this case to request the relief sought in this interim fee application.

33.     As this Application demonstrates, the services that PSZJ has rendered on behalf of the Committee have been beneficial to the Committee and the Debtor's estate in that the services have been utilized to assist the Committee with those matters outlined above.

34.     The attorneys primarily responsible for representing the Committee in connection with this case, James I. Stang and Ilan D. Scharf, have extensive experience in representing creditors' committees, and in cases similar to this one.

35.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code that govern the Court's award of such compensation.  See 11 U.S.C. § 331.  Section 330 of the

Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)-(B). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

36. PSZJ has reviewed the requirements of each of the foregoing and believes that this application is in compliance with such requirements, as applicable.

37. In addition to the foregoing specified services, PSZJ believes that it has performed further services which are not reflected in the time records. It is impossible to record the detail of each letter, telephone call, conference time or research. Many such hours have been

14

performed to date, but PSZJ is not requesting compensation for them.  Further, as set forth above, PSZJ has capped its hourly rate and is not charging for travel time.

38.     All services for which PSZJ seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Committee and were necessary and beneficial to the Committee.  PSZJ worked diligently to anticipate or respond to the Committee's needs and assist in the navigation of this very complex chapter 11 case.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services rendered to the Committee.

39.     In connection with the matters covered by this application, PSZJ received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor's bankruptcy estate.  There is no agreement or understanding between PSZJ and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this case.

## V.     Valuation of Services

40.     Attorneys and paraprofessionals of PSZ&J expended a total 569.30 hours in connection with their representation of the Committee during the Fourth Compensation Period, as follows:

DOCS_DE:241111.1 18502/002

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $700.00 | 4.50 | $ 3,150.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $700.00 $ 0.00 | 57.50 27.00 | $ 40,250.00 $ 0.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $700.00 | 9.00 | $ 6,300.00 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $700.00 $ 0.00 | 254.90 27.50 | $178,430.00 $ 0.00 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $700.00 $ 0.00 | 78.50 33.50 | $ 54,950.00 $ 0.00 |
| Beth D. Dassa | Paralegal | $300.00 | 19.50 | $ 5,850.00 |
| Cheryl A. Knotts | Paralegal | $300.00 | 5.20 | $ 1,560.00 |
| Kerri L. LaBrada | Paralegal | $300.00 | 21.20 | $ 6,360.00 |
| Mike A. Matteo | Paralegal | $300.00 | 31.00 | $ 9,300.00 |

**Grand Total:** $305,730.00[1]
**Total Hours:** 569.30
**Blended Rate:** $ 537.03

41.     To the extent time or disbursement charges for services rendered or expenses incurred relate to the Fourth Compensation Period but were not processed prior to the preparation of this application or PSZJ has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Fourth Compensation Period, PSZJ reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

---

[1] This amount includes a total voluntary write-off of $420.00 due to a duplicate entry contained in the attached invoice.

42.     In accordance with the factors enumerated in section 330 of the

Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.  Moreover, PSZJ has reviewed the requirements

of Local Rule 2016 and the Interim Compensation Order signed on or about June 4, 2020 and

believes that this Application complies with such Rule and Order.

## VI.     **NOTICE**

43.     Notice of this application is being given to (a) the Debtor, (b) the Debtor's

counsel, (c) the U.S. Trustee, and (d) those parties who have appeared in this case or have

requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, PSZJ respectfully requests the Court enter an order,

substantially in the form attached as Exhibit C:  (i) allowing, on an interim basis, $305,730.00 as

compensation for professional services rendered and $22,823.12 as reimbursement of actual and

necessary out-of-pocket expenses incurred during the Fourth Compensation Period in connection

with such professional services; (ii) directing the Debtor to pay PSZJ the amount of $328,553.12

for the unpaid amounts incurred during the Fourth Compensation Period; (iii) allowing such

compensation for professional services rendered and reimbursement of actual and necessary out-

of-pocket expenses incurred without prejudice to PSZJ's right to seek additional compensation

for services performed and expenses incurred during the Fourth Compensation Period, which

17

were not processed at the time of this application; and (iv) granting PSZJ all other just and

proper relief.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated:  November 1, 2022          _____/s/ Ilan D. Scharf_____
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Steven W. Golden, Esq.
10100 Santa Monica Boulevard
13th Floor
Los Angeles, California 90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

and

780 Third Ave., 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

E-mail:  jstang@pszjlaw.com
             isharf@pszjlaw.com
             sgolden@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

18

**CERTIFICATION**

Ilan D. Scharf, hereby declares under penalty of perjury:

a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"), and am admitted to appear before this Court.

b)      I am familiar with the work performed on behalf of the Committee by the lawyers and paraprofessionals of PSZJ.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Local Rule 2016 and the Interim Compensation Order signed on or about June 4, 2020 and believe that this Application substantially complies with such Rule and Order.

*/s/ Ilan D. Scharf*
Ilan D. Scharf