**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE DIOCESE OF BUFFALO, N.Y.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 20-10322 (CLB) |

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS REGARDING MOTION FOR ENTRY OF AN
ORDER AUTHORIZING THE DIOCESE TO RETAIN
KINSALE MANAGEMENT CONSULTING AS INDEPENDENT
COMPLIANCE AUDITOR PURSUANT TO SECTIONS 105(a)
AND 363(b) OF THE BANKRUPTCY CODE**

The Official Committee of Unsecured Creditors (the "**Committee**") of The Diocese of Buffalo, New York (the "**Diocese**"), the debtor and debtor in possession in the above-captioned case under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), by and through its undersigned counsel, hereby submits this statement regarding the Diocese's *Motion for Entry of an Order Authorizing the Diocese to Retain Kinsale Management Consulting as Independent Compliance Auditor Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code* (the "**Application**") [Docket No. 2014].

**STATEMENT**

1.  The Committee does not oppose the Application. The Diocese is seeking to retain KMC as an independent auditor. The Committee will review any Compliance Audit Report published by the Diocese. However, the Stipulated Final Order was not negotiated with input from the Committee or other survivors; nor is the Committee (or any survivor) to be involved with review of the Diocese's policies or the Compliance Audit under the terms of the Final Stipulated Order. As such, the Committee reserves all rights to assess the impact of the

Stipulated Final Order between the Attorney General and the Diocese. The Committee further reserves all rights to seek appropriate non-monetary commitments from the Diocese to assure the Diocese utilizes proper child protections policies and takes all necessary steps to assist survivors in their healing process.

2. The Committee lauds the Attorney General's efforts to improve child protections within the Diocese. However, any effort to curb sexual abuse of children and vulnerable adults through a program administered by the Diocese and its IRB is susceptible to abuse and limitations of an internal review process. The Committee's specific concerns include the following:

   a. The Bishop is the ultimate arbiter of whether or not to remove clergy from ministry. He may overrule a recommendation from the IRB and is not required to explain his reasoning in doing so.

   b. Disclosures of decisions by the IRB apply only to future decisions. Disclosure of past IRB decisions regarding claims of abuse is necessary to aid survivors in their healing. This is especially important in cases in which clergy identified as sexual abusers are currently in ministry.

   c. IRB investigations may be based on partial information, including when a victim of abuse appropriately decides not to cooperate with the Diocese's internal investigation process. Such decisions are fraught with risk of returning a perpetrator of abuse to ministry and revictimizing existing survivors and creating new ones.

2
Case 1-20-10322-CLB, Doc 2054, Filed 11/08/22, Entered 11/08/22 20:51:05, Description: Main Document, Page 2 of 5

3. The Stipulated Final Order provides for some disclosure of the process for investigating allegations of sexual abuse against clergy, including publication of actions taken by the IRB. However, the Final Stipulated Order does not provide for disclosure of past investigations by the IRB. The Diocese has returned to ministry at least four priests identified as perpetrators of sexual abuse against a child in sexual abuse proofs of claim filed in this Chapter 11 case. There has been no disclosure of the investigation into those claims or the Diocese's decision to return those priests to ministry.[1] The Diocese's decision to return clergy identified as abusers to ministry could result in further harm to children, revictimization of past victims and administrative claims against the Diocese if any abuse occurs post-petition. As such, the Diocese should disclose the basis for returning individuals identified as perpetrators of sexual abuse to ministry.

4. As Associate Justice Louis Brandeis stated in 1913, "[s]unlight is said to be the best of disinfectants."[2] The Stipulated Final Order requires the Diocese to shed some light on allegations and investigations for future allegation. However, publication on the Diocese's website will be made only when the IRB finds that a Complaint should be substantiated. It does not require any detail or disclosure when a complaint is not found to be substantiated. *See* Stipulated Final Order at ¶ 14. Disclosure of information regarding allegations of sexual abuse made in the future is important. However, in order to aid survivors and make amends to the

---

[1] *See Bishop reinstates 2 priests suspended following abuse lawsuits in 2021,* Jay Tokasz, The Buffalo News (July 3, 2022), available at https://buffalonews.com/news/local/bishop-reinstates-2-priests-suspended-following-abuse-lawsuits-in-2021/article_dddf34b2-dba0-11ec-b543-e72f9dcd3bfd.html; *Diocese clears two priests, including one who died recently, of sex abuse claims,* Jay Tokasz, The Buffalo News (June 23, 2022), available athttps://buffalonews.com/news/local/diocese-clears-two-priests-including-one-who-died-recently-of-sex-abuse-claims/article_ec8b4d08-f314-11ec-9385-ef1cc71bd405.html?utm_medium=social&utm_source=email&utm_campaign=user-share

[2] Brandeis, Louis "What Publicity Can Do." *Harper's Weekly*, Vol 58, p. 10 (1914).

greater community, the Diocese should disclose information about past abuse and any past recommendations made by the IRB as well.

5. Notably, the Diocese's Policies and Procedures, as attached to the Stipulated Final Order, should not be misconstrued as a process binding upon or the sole avenue of recourse for victims of sexual abuse by clergy. The Policies and Procedures are not a substitute for a report to law enforcement or civil action by a victim. In fact, a pending criminal investigation or civil action can and should supersede the Diocese's internal review process and may be a basis to stay the internal review process. For example, witnesses (including the victim) may not be able to testify or provide evidence to the IRB while a criminal investigation or civil proceeding are pending. In addition, a victim may decide that it is not in his or her interest to cooperate with an IRB investigation. Under such circumstances, there is a risk that the IRB will not have all necessary facts when it makes a recommendation to the Bishop.

6. The Diocese's Policy and Procedures (Ex. 2 to Ex B of the Application, p. 19) provides that the IRB "shall recommend that the Bishop find that a complaint is substantiated where the [IRB] determines, **on the basis of the totality of the facts, circumstances, documents, and any testimony or in-person statements presented to the [IRB]** that it is more likely than not that the alleged abuse occurred." (Emphasis supplied). As such, it is clear that the IRB may be making decisions based on partial information. The IRB should disclose, in detail, the basis for a recommendation that a claim is not substantiated. Otherwise, any decision based on partial information – including a decision to recommend a finding that a claim is not substantiated – may be misleading. Simply put, if the IRB does not – and cannot – obtain all relevant facts, it should make it crystal clear that its decision is based on incomplete information.

7.     The ultimate infirmity in any internal process governed by Canon law is that the final decision of whether to return an accused priest to ministry is made by the Bishop alone – even if it is contrary to an IRB recommendation.  Nothing in the Stipulated Final Order provides any checks or balances to resting the decisions within one individual without recourse or rights of appeal by the victims.

8.     Finally, the Committee seeks clarification that the proposed Stipulated Final Order will not supersede the confidentiality provisions of this Court's Order Establishing August 14, 2021 Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [Docket No.  729].

Dated:   November 8, 2022

Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

By     */s/ Ilan D. Scharf*
         James I. Stang (admitted *pro hac vice*)
         Ilan D. Scharf
          Iain NasatirBrittany M. Michael
         780 Third Avenue, 34th Floor
         New York, NY  10017
         Telephone:  (212) 561-7700
         Facsimile:   (212) 561-7777
         Email:     jstang@pszjlaw.com
                       ischarf@pszjlaw.com
                       inasatir@pszjlaw.com
                       bmichael@pszjlaw.com

*Attorneys for the Official Committee of Unsecured Creditors*