UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re
    THE DIOCESE OF BUFFALO, N.Y.,          BK 20-10322 CLB

          Debtor.          <u>DECISION & ORDER</u>
------------------------------------------------------

Bond, Schoeneck & King, PLLC
Stephen A. Donato, Esq., Charles J. Sullivan, Esq.,
Grayson T. Walter, Esq., of counsel
One Lincoln Center
Syracuse, New York 13202-1355
Attorneys for The Diocese of Buffalo, N.Y.

Pachulski Stang Ziehl & Jones LLP
Ilan D. Scharf, Esq., James I. Stang, Esq.,
Iain Nasatir, Esq., Brittany M. Michael, Esq., of counsel
780 Third Avenue, 34th Floor
New York, New York 10017
Attorneys for Official Committee of Unsecured Creditors

Gleichenhaus, Marchese & Weishaar, PC
Scott Bogucki, Esq., of counsel
43 Court Street, Suite 930
Buffalo, New York 14202
Co-Counsel for Official Committee of Unsecured Creditors

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

      In this Chapter 11 proceeding, the debtor and the Official Committee of Unsecured Creditors have each proposed the appointment of a different individual to serve as a supplemental mediator to assist in negotiating a resolution of complex insurance issues. Because the parties agree that the designation of only one individual is needed, the debtor asks the Court to set an appropriate standard for selection.

      On February 28, 2020, The Diocese of Buffalo, N.Y., filed a petition for relief

under Chapter 11 of the Bankruptcy Code. Throughout this proceeding, the Diocese has acknowledged that it sought bankruptcy protection primarily to address liabilities arising from allegations of sexual abuse. Indeed, more than 900 such claims were filed prior to the bar date of August 14, 2021. Meanwhile, the debtor commenced two adversary proceedings to determine the extent of insurance coverage and a third adversary proceeding to stay litigation against Catholic parishes and other affiliates.

In the fall of 2021, the Diocese moved for the appointment of a mediator to assist with negotiations regarding a settlement of the insurance coverage litigation and the development of a confirmable plan of reorganization. Recognizing profound complexities, the Court conditionally approved the debtor's request and designated the Honorable Michael J. Kaplan to serve as mediator. *See In re Diocese of Buffalo, N.Y.*, 634 B.R. 839 (Bankr. W.D.N.Y. 2021). In our decision, we noted that both the debtor and the Official Committee of Unsecured Creditors ("the Committee") had predicted a possible need for multiple mediators to address different aspects of this complicated matter. Thus, we advised "that the initial mediator might serve best by assisting the development of an appropriate strategy to involve the participation of other mediators." 634 B.R. at 846.

The parties report that with the assistance of Judge Kaplan, they have achieved meaningful progress in negotiations. However, they also share a belief that the mediation process would benefit from the further assistance of an additional mediator having expertise with insurance issues. Unfortunately, the Committee and the debtor disagree on the selection of an individual to fill that role. To break this impasse, the

Diocese now moves for an order directing Judge Kaplan to select from among two candidates to serve as a co-mediator. One is recommended by the debtor with support from some of the defendants in the insurance litigation. The other is proposed by the Committee. In a limited objection, the Committee also disagrees with the selection process that the debtor suggests and urges the Court itself to approve the Committee's nominee.

Discussion

Both the Diocese and the Committee have reported the need for a supplemental mediator to assist in resolving issues of insurance coverage. Although having received due notice of this request, none of the other mediation parties has disputed their conclusion and some have concurred. Accordingly, the Court accepts the representation of need, and will grant that portion of the debtor's motion which seeks authorization for an additional mediator.

In its prior decision authorizing mediation, this Court carefully considered the purpose and function of individuals selected to assist with that process. In particular, we held that "any mediator in this bankruptcy proceeding must similarly maintain neutrality with regard to all controversies, including disputes between the debtor and victim creditors and between insurers and the purported insured." *In re Diocese of Buffalo, N.Y.*, 634 B.R. 839, 845 (Bankr. W.D.N.Y. 2021). The mediator facilitates a resolution of disputes, but does not himself decide substantive issues. For this reason, we agree with the Committee that in the absence of agreement among the parties, the selection of a supplemental mediator is a disputed matter that this Court must itself

resolve.

The Committee urges the Court to conduct *in camera* interviews with the two proposed candidates. We reject this suggestion as unnecessary. Both individuals appear to be impeccably credentialed. Each has extensive experience in the insurance field and with mediation. No one has questioned their qualifications. Rather, the choice is more properly resolved by the deference that the Court for good reason will accord to the Committee.

Untoward delay is the enemy of justice. In the present instance, the most likely victims of delay are not the insurance companies or even the debtor, but those claimants who can establish a right to recover damages for sexual abuse. These claimants are not institutions, but people. Many are elderly. Since this bankruptcy was filed almost three years ago, a number of claimants have died. All deserve as expeditious a resolution as possible under the circumstances. Unfortunately, due to the complexities of this case, the Court is unable to assure any timetable for plan confirmation. We do not suggest that anyone has thus far caused unnecessary delay. Rather, the Court merely recognizes the risk of failing to choose a supplemental mediator who is optimally positioned to promote a prompt and proper settlement. Here, the Committee represents those parties in interest who would be most impacted by that risk. If the Committee has reason to believe that a particular mediator is more likely to achieve a timely resolution, we must give a reasonable degree of deference to its recommendation.

The debtor argues that its candidate has experience as a special mediator in

bankruptcy cases for other Catholic dioceses. In several of those cases, the attorneys for the Buffalo Diocese and for the Committee also hold similar roles as counsel. To inquire about the candidate's effectiveness in those other cases would violate the confidentiality of the mediation process. Thus, we have no basis to assess the efficacy of an additional engagement. Perhaps prior experience might facilitate the present negotiations, or perhaps this case might benefit from a fresh perspective. Accordingly, the Court gives no special weight to the experiences of either candidate, and finds them both qualified to serve in mediating disputes involving The Diocese of Buffalo. In this circumstance, the deference given to the Committee's recommendation should prevail.

    For the reasons stated herein, the Court accepts the recommendation of the Committee and will authorize the selection of retired Judge Annette Rizzo to serve as a supplemental mediator to assist the Honorable Michael J. Kaplan in his work to achieve a fair and equitable settlement of this case.

    So ordered.


Dated: November 4, 2022          /s/ Carl L. Bucki_____
      Buffalo, New York       Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.