

December 6, 2022

**VIA ECF**

Hon. Carl L. Bucki, Chief U.S.B.J.
United States Bankruptcy Court
 Western District of New York
2 Niagara Square
Buffalo, NY 14202

> Re:     **The Diocese of Buffalo, N.Y.**
>
> **BK Case No. 20-10322:**      **The Diocese of Buffalo, N.Y.**
> **Adv. Pro. No. 20-1009:**      **The Diocese of Buffalo, N.Y., et al. v. The**
>                                  **Continental Insurance Company, et al.**
> **Adv. Pro. No. 21-1001:**      **All Saints Roman Catholic Church Society of**
>                                  **Buffalo, et al. v. 21st Century Premier**
>                                  **Insurance Company, et al.**

Dear Judge Bucki:

This firm represents Employers Insurance Company of Wausau (f/k/a Employers Insurance of Wausau A Mutual Company f/k/a Employers Mutual Liability Insurance Company of Wisconsin) and Wausau Underwriters Insurance Company (jointly "Wausau") in connection with an Adversary Proceeding No. 20-01009 related to *In re The Diocese of Buffalo, N.Y.*, 20-10322CLB.[1]  We write in response to your November 29, 2022 Order restoring the motion by The Diocese of Buffalo, N.Y. (the "Diocese"), which sought the appointment of an additional mediator, given the voluntary withdrawal of the previously appointed mediator, retired Judge Annette M. Rizzo.  For the reasons outlined herein and in the Diocese's original motion papers (*see* Dkt. No. 1990), Wausau, Selective Insurance Company of New York (f/k/a Exchange Mutual Insurance Company), The Continental Insurance Company, and National Union Fire Insurance Company of Pittsburgh, Pa., request that the Court appoint Paul Van Osselaer as the second mediator to this matter so that the parties may quickly restart the mediation process, which has been at a standstill since Judge Rizzo's appointment and her subsequent withdrawal.

As outlined in the motion papers submitted by the Diocese, and the Committee's response, the mediation parties are in agreement that the mediation process would benefit from appointment of an additional mediator with specialized mass-tort and insurance expertise, so as to present a

---

[1]    This firm also represents Nationwide Insurance Company of America, Employers Insurance Company of Wausau (f/k/a Employers Insurance of Wausau a Mutual Company f/k/a Employers Mutual Liability Insurance Company of Wisconsin), and Nationwide Mutual Insurance Company (f/k/a Farm Bureau Mutual Automobile Insurance Company) (collectively "Nationwide") in Adversary Proceeding No. 21-01001.

665 Main Street, Buffalo, NY 14203-1425 |  716-566-5400 |  716-566-5401 |  **www.goldbergsegalla.com**

CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA
34863203.v4

specialized skillset complementary to that provided by Judge Kaplan. Dkt. Nos. 1990 at ¶11 and 2024 at ¶1. In its motion, the Diocese, with the support of many of its insurers, requested the appointment of Paul Van Osselaer. Although it provided no specific objection to Mr. Van Osselaer, the Committee proffered its own candidate, Judge Rizzo. In its November 4, 2022 Decision and Order on the Diocese's motion, the Court found that "[i]f the Committee has reason to believe that a particular mediator is more likely to achieve a timely resolution, we must give a reasonable degree of deference to its recommendation," thus appointing Judge Rizzo to serve as co-mediator.[2] Unfortunately, the Committee had proposed Judge Rizzo without first determining if she was able to serve. Because the Committee failed to do that, the Court's deference to the Committee's recommendation had the unintended effect of *delaying* any attempt at a timely resolution.

Prior to Judge Rizzo's appointment, the parties had scheduled in-person mediation for November 29 and 30, which all Diocesan insurers (and numerous parish insurers) were prepared to attend. Judge Kaplan was thereafter forced to cancel those dates so that certain logistical details with Judge Rizzo could be resolved. Unfortunately, it appears those issues could not be resolved, resulting in Judge Rizzo's voluntary withdrawal.

The Committee now seeks a second bite at the apple, requesting the appointment of Justice Patrick NeMoyer – doing so, again, without objection to Mr. Van Osselaer. Though we agree that Justice NeMoyer is a highly respected jurist, it is not entirely clear what his appointment as a co-mediator would add to this matter to facilitate settlement. As noted previously by the Diocese, and acknowledged by the Committee, the parties had agreed that a mediator with specialized mass-tort and insurance expertise was required. *See* Dkt. Nos. 1990 at ¶11 and 2024 at ¶1. Outside of Justice NeMoyer's participation on appellate panels that rendered decisions in connection with certain types of insurance coverage disputes (none of which involve the unique issues at play with regard to claims of coverage for sexual abuse), it is unclear how Justice NeMoyer's addition could provide any further specialized knowledge that Judge Kaplan does not already possess.[3] In fact,

---

[2]  A similar argument could be made that deference should be given to the person recommended by the Debtor and the insurers, particularly since one role for the mediator is to persuade the insurers to part with their money in a settlement.

[3]  Though the Committee has cited to certain decisions involving insurance matters, almost none of those decisions even relate to the types of insurance coverage or disputes that are present in this litigation. *See Nationwide Affinity Insurance Co. of America v. Beacon Acupuncture, P.C.*, 175 A.D.3d 1836 (4th Dept. 2019) (relating to a dispute over coverage under an automobile liability policy); *Koecki's Grandview Grove Corp. v. Acadia Insurance Co.*, 158 A.D.3d 1306 (4th Dept. 2018) (relating to a coverage dispute under a first-party property policy); *Jeffrey's Auto Body, Inc. v. Allstate Insurance Co.*, 159 A.D.3d 1481 (4th Dept. 2018) (relating to a coverage dispute for first-party auto coverage); *Utica Mutual Ins. Co. v. Alfa Mutual Ins. Co.*, 154 A.D.3d 1287 (4th Dept. 2017) (relating to a reinsurance dispute); *Main Street America Assurance Co. v. Merchants Mutual Ins. Co.*, 2022 N.Y. Slip Op 05627 (4th Dept. 2022) (pertaining to a dispute over additional insured coverage in underlying Labor Law claims); *Lobello v. New York Mutual Fire Ins. Co.*, 152 A.D.3d 1206 (4th Dept. 2017) (relating to a coverage dispute under homeowner's policy's first-party property coverage); *Tuttle v. State*

there is no indication that Justice NeMoyer has any mediation or mass-tort experience. Conversely, Mr. Van Osselaer has such specific experience, particularly with regard to resolution of large sexual abuse claims.

In its Decision and Order, the Court recognized "the risk of failing to choose a supplemental mediator who is optimally positioned to promote a prompt and proper settlement," and that "[u]ntoward delay is the enemy of justice." It has now been almost two months since the Diocese requested the appointment of a second mediator, with the Committee's candidate unable to serve, forcing scheduled mediation dates to be postponed. In an attempt to remedy this misstep, the Committee now proffers Justice NeMoyer, who does not appear to have experience that the parties agreed was necessary to justify an additional mediator. It appears Justice NeMoyer's appointment would only provide duplicative, rather than complementary experience to the proceedings. The insurers therefore request that the Court appoint Paul Van Osselaer as a co-mediator in this case, given that Your Honor has already determined that he is qualified to serve in that role.[4]

Thank you for your consideration.

Respectfully yours,

*s/ Jonathan Schapp*

Jonathan Schapp

JS:ard

cc:     All Parties to Case No. 20-10322CLB via ECF

---

*Farm Mutual Automobile Ins. Co*., 149 A.D.3d 1477 (4th Dept. 2017) (relating to a coverage dispute under a personal auto policy); *HDI-Gerling America Ins. Co. v. Liberty Mutual Ins. Co*., Case No. 10-CV-00740(S)(M) (W.D.N.Y., July 16, 2013) (coverage dispute over claims arising from a painter's injuries sustained while painting a bridge).

[4]    We understand that Mr. Donato has recently confirmed with Mr. Van Osselaer that he is available to take on this appointment.