UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------------
In re
    THE DIOCESE OF BUFFALO, N.Y.,          BK 20-10322 CLB

          Debtor.                      <u>DECISION & ORDER</u>
--------------------------------------------------------

Bond, Schoeneck & King, PLLC
Stephen A. Donato, Esq., Charles J. Sullivan, Esq.,
Grayson T. Walter, Esq., of counsel
One Lincoln Center
Syracuse, New York 13202-1355
Attorneys for The Diocese of Buffalo, N.Y.

Pachulski Stang Ziehl & Jones LLP
Ilan D. Scharf, Esq., James I. Stang, Esq.,
Iain Nasatir, Esq., Brittany M. Michael, Esq., of counsel
780 Third Avenue, 34th Floor
New York, New York 10017
Attorneys for Official Committee of Unsecured Creditors

Gleichenhaus, Marchese & Weishaar, PC
Scott Bogucki, Esq., of counsel
43 Court Street, Suite 930
Buffalo, New York 14202
Co-Counsel for Official Committee of Unsecured Creditors

Office of the Attorney General for the State of New York
Letitia James, Esq., Attorney General
Catherine Suvari, Esq., Assistant Attorney General
28 Liberty Street
New York, New York 10005

Office of the U.S. Trustee
Joseph W. Allen, Esq., Assistant U.S. Trustee
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, New York 14202

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

The debtor seeks to retain the services of an independent compliance auditor to assist in monitoring measures to assure the safety of children and vulnerable adults. The central issue is whether the Court can authorize this employment outside the process of approval under 11 U.S.C. § 327.

The Diocese of Buffalo, N.Y., filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 28, 2020, and to date, has yet to propose a plan of reorganization. Meanwhile, on November 23, 2020, the Attorney General of the State of New York commenced an action (the "AG Lawsuit") in state court against the Diocese and others.[1] In that proceeding, the Attorney General sought injunctive relief to impose safeguards designed to prevent sexual abuse by clergy. The AG Lawsuit was eventually removed from the New York State Supreme Court to the United States District Court for the Southern District of New York.

The Diocese and the Attorney General have now reached a settlement of the AG Lawsuit on terms incorporated into a Stipulated Final Order that the District Court has approved. The settlement contemplates the appointment of an auditor to conduct an annual review of the Diocese's compliance with certain enumerated policies and practices. The agreement provides, however, that the stipulation will become effective on that "date that the U.S. Bankruptcy Court . . . approves the Diocese's retention of

---

[1] The debtor has not contested the position of the Attorney General that the AG Lawsuit was never subject to the automatic stay that 11 U.S.C. § 362(a) imposes upon the filing of a bankruptcy case.

the auditor." Hence, the debtor now moves under 11 U.S.C. §§ 105(a) and 363(b) for authority to retain Kinsale Management Consulting to serve in that capacity. In particular, the Diocese contends that section 363(b) allows this Court to authorize it to retain an auditor and to bypass the requirements of 11 U.S.C. § 327 with regard to the employment of a professional. By letter dated November 7, 2022, the Office of the Attorney General supports this request. No one has presented opposition. The Court will grant the proposed relief, but for reasons different from those that the debtor advances.

### Discussion

The Diocese does not now ask the Bankruptcy Court to approve a settlement of the AG Lawsuit. Consequently, we do not here consider that issue or whether the settlement can have any impact on the terms of a reorganization plan. Rather, the present motion requests only that the Court approve the retention of a compliance officer. We therefore limit our discussion to that topic.

With regard to the employment of professional persons, section 327(a) of the Bankruptcy Code contains the following directive:

> "Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

When a professional person is employed under section 327, he or she must thereafter

apply to the Court for compensation under the guidelines stated in 11 U.S.C. § 330.

The debtor advises that Kinsale Management Consulting is disinterested and does not hold or represent an interest adverse to the estate. Thus, Kinsale would appear to be qualified for employment under section 327. Instead, the Diocese seeks permission to hire Kinsale outside its ordinary course of business.

In its present motion, the debtor relies on 11 U.S.C. § 363 (b)(1), which provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Based on a premise that it proposes expenditures outside its ordinary course, the Diocese asks that the Court approve the use of estate property to employ an auditor and to pay compensation without further judicial review.

We reject the notion that the proposed employment of an independent auditor falls outside the debtor's ordinary course of business. Every individual and organization is obliged to follow the law and to undertake reasonable measures to assure compliance. In particular, service organizations have a duty to protect vulnerable clients from abuse. With or without the impetus of the AG Lawsuit, the ordinary course of business for the Diocese can appropriately include safeguards like the use of an outside auditor. Moreover, section 363(b)(1) does not create a path to avoid other requirements of the Bankruptcy Code. Whether or not the proposed employment of a auditor falls outside the ordinary course of business, the Diocese must still address the applicability of 11 U.S.C. § 327(a).

Section 327(a) requires Court approval for the employment of "professional

persons" who will assist the debtor "in carrying out the trustee's duties *under [the Bankruptcy Code]*" (emphasis added). In the present instance, the Diocese proposes to charge Kinsale with the task of assuring compliance with obligations involving the safety and welfare of children and vulnerable adults. The importance of this assignment compels referral to someone with professional credentials. Although we find that Kinsale Management Consulting is a "professional person," its services implicate activities associated with the debtor's ordinary course of business rather than the special duties of a trustee under the Bankruptcy Code.

Upon the filing of its bankruptcy petition, the Diocese of Buffalo assumed the status of a debtor in possession. With exceptions not here relevant, 11 U.S.C. §1107(a) directs that a debtor in possession "shall perform all of the functions and duties" of a trustee. With regard to the employment of professionals, section 327(a) notably refers not to the functions of a debtor in possession, but only to its duties under the Bankruptcy Code. "The penumbra of the § 327(a) term 'other professional persons' is quite obviously not intended to cover *without limitation* all those persons of education, ability and accomplishment in any calling who may be regarded as professionals based upon considerations of societal, governmental or academic accreditation, or their own self-esteem." *Committee of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 620 (Bankr. S.D.N.Y. 1986)(emphasis in original). Rather, section 327(a) applies only to those professionals "who play an intimate role" in the bankruptcy process. *Id. At 619.* Although the debtor may employ Kinsale to assist with functions in the ordinary course, the Court

will not require appointment under 11 U.S.C. § 327 or submission of fee applications under 11 U.S.C. § 330.

The debtor's motion properly seeks guidance regarding the employment of a professional person.  For the reasons stated herein, that motion is granted to the effect that the Diocese of Buffalo is authorized to employ Kinsale Management Consulting as an independent compliance auditor on terms stated in its Letter of Engagement.  The debtor may compensate Kinsale in due course, without prior application to the Court.

So ordered.

Dated: December 2, 2022              /s/ Carl L. Bucki
       Buffalo, New York             Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.