UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------
In re

    THE DIOCESE OF BUFFALO, N.Y.,          BK 20-10322 CLB


          Debtor.                          <u>DECISION & ORDER</u>
-------------------------------------------------------

Bond, Schoeneck & King, PLLC
Stephen A. Donato, Esq., Charles J. Sullivan, Esq.,
Grayson T. Walter, Esq., of counsel
One Lincoln Center
Syracuse, New York 13202-1355
Attorneys for The Diocese of Buffalo, N.Y.

Pachulski Stang Ziehl & Jones LLP
Ilan D. Scharf, Esq., of counsel
780 Third Avenue, 34th Floor
New York, New York 10017
Attorneys for Official Committee of Unsecured Creditors

Jeff Anderson & Associates, PA
Stacey Benson, Esq., of counsel
366 Jackson Street, Suite 100
Saint Paul, Minnesota 55101
Attorneys for Various Creditors

Steve Boyd, PC
Stephen Boyd, Esq., of counsel
40 North Forest Rd
Williamsville, New York 14221
Attorneys for Various Creditors

Office of the U.S. Trustee
Joseph W. Allen, Esq., Assistant U.S. Trustee
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, New York 14202

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

The debtor moves for a limited reopening of a previously established bar date. Issues include whether good cause has been established for this relief, whether the reopening accords due process to other creditors, and the reasonableness of proposals for notice of opportunity to file claims arising from allegations of sexual abuse of adults.

On February 14, 2019, the State of New York enacted legislation that reopened the statute of limitations to allow victims of child abuse a period of one year from August 14, 2019, to assert claims that were otherwise barred by the passage of time. *See* The Child Victims Act ("CVA"), 2019 N.Y. Sess. Laws c. 11, § 3. Thereafter, this deadline was extended by an additional year to August 14, 2021. By the end of February in 2020, the Diocese of Buffalo had been named as a defendant in more than 200 complaints alleging the sexual abuse of a minor. Anticipating the assertion of even more claims, the Diocese filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 28, 2020.

On September 11, 2020, this Court issued a decision and order establishing a bar date of August 14, 2021, for the filing of claims in this case. *See In re Diocese of Buffalo, N.Y.*, 620 B.R. 445 (Bankr. W.D.N.Y. 2020). Although the bar date coincided with the revised deadline for commencing litigation under the CVA, the Court's Order applied to all pre-petition claims. Subsequently, this Court also approved the form of a bar date notice to creditors. In relevant part, this notice announced that August 14,

2021, would serve "as the deadline for all persons and entities, including Governmental Units and persons asserting Sexual Abuse Claims, to file pre-petition claims in this Chapter 11 Case." The notice then defined "Sexual Abuse Claim" to include any claim arising from "contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult."

More than 900 claims alleging damages for sexual abuse were filed on or before the bar date of August 14, 2021. However, on May 24, 2022, the Governor of New York signed additional legislation to reopen the statute of limitations to allow adult victims of sexual abuse until November 14, 2023, to assert claims that were previously barred under state law. *See* 2022 N.Y. Sess. Law c. 203, § 1 (hereinafter referred to as the "Adult Survivors Act"). In response, the Diocese filed the present motion to establish a supplemental bar date. Notwithstanding the prior bar date order, the debtor proposes that claims of adult victims be deemed timely if filed by February 15, 2023. The motion further asks that notice of this deadline be deemed sufficient if given by mail to anyone that the Diocese can identify as a potential claimant, and by publication to all other possible victims. The Official Committee of Unsecured Creditors supports the debtor's motion, and no one appeared in opposition at the hearing set to consider the matter.

The Diocese asserts that holders of adult claims might not have anticipated the legislative changes that occurred subsequent to the original bar date of August 14, 2021. Because some of their causes of action were then barred under state law, such creditors may assert excusable neglect in failing to file a timely proof of claim. *See*

Bankruptcy Rule 9006(b)(1). By reopening the bar date solely for the benefit of adult victims, the debtor hopes to promote general equity among all abuse survivors and to avoid dealing individually with the issue of excusable neglect.

Discussion

Bankruptcy Rule 3003(c)(3) states that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." We appreciate that the Adult Victims Act represents a change of circumstances that may ultimately justify an exemption from the previously established bar date. Considerations for due process dictate, however, that we also allow an opportunity for existing claimants to assert the adequacy and binding impact of the first bar date notice.

If the debtor had access to unlimited resources, creditors would have no reason to fear that additional claimants might dilute the pool of funds available for distribution. The vast majority of creditors in this case assert damages for some form of sexual abuse. At the current stage of the bankruptcy proceeding, the Court is unable to predict either the amount of their allowed claims or the resources that may become available to pay compensation. Under these circumstances, we do not know how the allowance of additional claims will impact other victims. Consequently, creditors who have already filed timely claims may have cause and standing to oppose the allowance of claims filed after the expiration of the current bar date.

Section 502(a) of the Bankruptcy Code states that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in

interest . . . objects." The disallowance of any prospective claim is therefor premature until such time as an interested party chooses to present an objection. On the other hand, 11 U.S.C. § 502(j) provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause." *See also* Bankruptcy Rule 3008. Thus, the Court would also act prematurely if it were to decide prospectively that an unfiled claim will withstand the objection of another creditor.

The present motion includes a request that claims arising under the Adult Survivors Act be deemed timely if filed on or before the supplemental bar date. We reject this suggestion because it subverts the rights of other creditors to challenge the timeliness of prospective claims. Otherwise, the Diocese establishes good cause for an appropriate claim deadline. The debtor is now engaged in settlement negotiations with its creditors, insurers and other parties in interest. In order to facilitate efforts to achieve a global resolution, negotiators need to identify the potential claims of adult victims. Therefore, pursuant to Bankruptcy Rule 3003(c)(3), the Court will grant a supplemental bar date for the filing of claims arising under the Adult Survivors Act, but on condition that the filing of any such claim be without prejudice to rights of other creditors to assert applicability of the original bar date.

Although the Court accepts the need for a supplemental bar date, we will require adjustments with regard to notice and the designation of a deadline for claims. Notices should advise that parties in interest retain the ability to object to claims on grounds of timeliness. The debtor proposes that notice be deemed adequate if given by publication and by first class mail to all persons, or their respective counsel, whom the

Diocese knows to have reported the possible occurrence of an incident of adult abuse but who has not already filed a proof of claim. The suggested publication would include electronic postings and two advertisements in each of three regional newspapers. We accept this arrangement as substantially sufficient to satisfy the requirements of due process, but find that reasonable notice should also include another readily available and cost effective means of communication. Within the Diocese of Buffalo, the various Catholic parishes prepare a weekly bulletin that is distributed after services. The debtor should arrange that a bar date announcement be included in at least three editions of each such bulletin.

The debtor and the Official Committee of Unsecured Creditors recommend a supplemental bar date of February 15, 2023. Despite the need for a prompt identification of claims, this deadline is too attenuated. We recognize that holders of claims under the Adult Survivors Act may have retained attorneys who currently represent parties who filed proofs of claim prior to the expiration of the original bar date. In light of the possibility of a conflict of interest as between these two categories of claimants, we must allow counsel sufficient time to address any ethical concerns regarding common representation. Accordingly, the supplemental bar date should be set no earlier than 75 days after the mailing and first publication of notice.

Pursuant to 11 U.S.C. § 502(a), all claims will be deemed allowed until such time as a party in interest objects. Thus, the Court expresses no opinion at this time about the timeliness of any claim that purported creditors may hereafter file. In particular, we reach no conclusion about whether a late filing is allowable under the standards for

excusable neglect as established by the Supreme Court in *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380, 113 S. Ct. 1489 (1993).

Conclusion

For the reasons stated herein, the Court will set a supplemental bar date for the filing of claims that are subject to the provisions of the Adult Survivors Act. However, nothing in this order will preclude an objection to any claim on the basis that it is untimely under any prior order. In consultation with the Official Committee of Unsecured Creditors and any party who requests an opportunity to comment, the debtor shall prepare a revised supplemental bar date notice and detailed orders that more fully memorialize the decision of this Court.

So ordered.

Dated: January 5, 2023 /s/ Carl L. Bucki
      Buffalo, New York Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.