# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| THE DIOCESE OF BUFFALO, N.Y., | Case No. 20-10322 (CLB) |
| Debtor. |  |

## COVER SHEET TO FIFTH INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR FOR THE PERIOD AUGUST 1, 2022 THROUGH JANUARY 31, 2023

Name of Applicant: Pachulski Stang Ziehl & Jones LLP ("PSZJ")

Authorized to Provide Professional Services to: The Official Committee of Unsecured Creditors of the Debtor

Date of Order Authorizing Employment: Order entered June 3, 2020 [Doc 359] effective as of March 12, 2020

Period for Which Compensation is Sought: August 1, 2022 through January 31, 2023 (the "Fifth Compensation Period")[1]

Amount of Fees Sought: $232,300.00[2]

Amount of Expense Reimbursement Sought: $ 18,113.24[3]

This is PSZJ's Fifth Interim fee application.

| | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $609.06 |
| Blended Rate in this Application for All Timekeepers: | $593.66 |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed: | $0.00 |

---

[1] Some time and costs prior to this period were inadvertently omitted from the prior interim fee application. Such time and costs are now included as part of the present interim fee application.
[2] This amount includes a voluntary reduction of $1,750 due to a travel entry for IDD billed on September 30, 2022 and included in the December 31, 2022 bill.
[3] This amount includes $1,030.20 for Committee member expenses advanced by the Firm.

| | |
|---|---|
| Compensation Sought in this Application Not Paid Pursuant to a Monthly Compensation Order: | $232,300.00 |
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed: | $0.00 |
| Expenses Sought in this Application Not Paid Pursuant to a Monthly Compensation Order: | $18,113.24 |

## I.   PRIOR STATEMENTS AND APPLICATIONS FILED

| Period Covered | Requested Fees | Requested Expenses | Approved/ Requested Fees | Approved/ Requested Expenses |
|---|---|---|---|---|
| 03/12/20 – 04/30/20 | $109,192.50 | $   625.07 | | |
| 05/01/20 – 05/21/20 | $152,307.50 | $   578.14 | | |
| 06/01/20 – 06/30/20 | $  41,562.50 | $1,006.09 | | |
| 07/01/20 – 07/31/20 | $  51,502.50 | $1,349.12 | | |
| 08/01/20 – 08/31/20 | $  33,130.00 | $   247.58 | | |
| First Interim Fee Application Covering First Compensation Period March 12, 2020 – August 31, 2020 | | | $382,607.50[4] | $3,806.00 |
| 09/01/20 – 09/30/20 | $55,065.00 | $1,591.25 | | |
| 10/01/20 – 10/31/20 | $54,250.00 | $596.17 | | |
| 11/01/20 – 11/30/20 | $69,320.00 | $965.47 | | |
| 12/01/20 – 12/31/20 | $53,405.00 | $2,405.97 | | |
| 01/01/21 – 01/31/21 | $55,697.00 | $882.78 | | |
| 02/01/21 – 02/28/21 | $55,622.00 | $509.99 | | |
| 03/01/21 – 03/31/21 | $32,659.50 | $555.35 | | |
| 04/01/21 – 04/30/21 | $18,006.50 | $514.72 | | |
| 05/01/21 – 05/31/21 | $18,814.50 | $500.00 | | |
| Second Interim Fee Application Covering Second Compensation Period September 1, 2020 - May 31, 20, 2021 | | | $412,839.50 | $8,520.71 |
| 06/01/21 – 06/30/21 | $11,449.00 | $500.00 | | |
| 07/01/21 – 07/31/21 | $36,061.00 | $594.20 | | |
| 08/01/21 – 08/31/21 | $74,858.50 | $796.74 | | |
| 09/01/21 – 09/30/21 | $88,880.00 | $2,475.12 | | |

---

[4] In the Court Order approving the First Interim Fee Application, the Court approved $382,607.50 in fees which reflects a reduction of $1,562.50.

| Period Covered | Requested Fees | Requested Expenses | Approved/ Requested Fees | Approved/ Requested Expenses |
|---|---|---|---|---|
| 10/01/21 – 10/31/21 | $31,554.50 | $501.00 | | |
| 11/01/21 – 11/30/21 | $71,856.00 | $934.44 | | |
| 12/01/21 – 01/31/22 | $144,907.00 | $762.15 | | |
| Third Interim Fee Application Covering Third Compensation Period June 1, 2021 - January 31, 20, 2022 | | | $454,591.00[5] | $6,563.65 |
| 02/01/22 – 07/31/2022 | $305,730.00 | $22,823.12 | | |
| Fourth Interim Fee Application Covering Fourth Compensation Period February 1, 2022 - January 31, 2022 | | | $299,920.00[6] | $22,823.12 |

---

[5] In the Court Order approving the Third Interim Fee Application, the Court approved $454,591.00 in fees which reflects a reduction of $2,000.00.
[6] In the Court Order approving the Fourth Interim Fee Application, the Court approved $299,920.00 in fees which reflects a reduction of $5,810.00.

## II.  PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $700.00 | 3.10 | $ 2,170.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $700.00 | 87.20 | $ 42,840.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $700.00 | 5.80 | $ 4,060.00 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $700.00 | 196.20 | $135,590.00 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $700.00 | 79.50 | $ 41,790.00 |
| Cheryl A. Knotts | Paralegal | $300.00 | 3.20 | $ 960.00 |
| La Asia Canty | Paralegal | $300.00 | 9.30 | $ 2,790.00 |
| Kerri L. LaBrada | Paralegal | $300,00 | 7.00 | $ 2,100.00 |

**Grand Total:**  **$232,300.00**
**Total Hours:**  **391.30**
**Blended Rate:**  **$593.66**

## III.  COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 3.20 | $ 2,240.00 |
| Asset Disposition | 1.00 | $ 700.00 |
| Bankruptcy Litigation | 44.40 | $29,600.00 |
| Case Administration | 11.00 | $ 5,260.00 |
| Claims Admin./Objections | 0.30 | $ 210.00 |
| Compensation of Professional | 19.30 | $11,710.00 |
| General Creditors Comm. | 66.40 | $46,480.00 |
| Hearing | 18.80 | $13,160.00 |
| Insurance Coverage | 10.20 | $ 7,140.00 |
| Mediation | 187.30 | $97,180.00 |
| Plan & Disclosure Statement | 10.40 | $ 7,280.00 |
| Retention of Professional | 18.40 | $10,920.00 |
| Stay litigation | 0.60 | $ 420.00 |

## IV. EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[1] | Total Expenses |
|---|---|---|
| Air Fare | JetBlue; United Airlines | $4,702.00 |
| Auto Travel Expense | KLS Worldwide Chauffeured Services; Lyft; Mileage reimbursement | $ 509.56 |
| Business Meal | Airport meal; Chez Ami | $ 180.71 |
| Conference Call | Loop Up | $ 2.94 |
| Express Mail | Federal Express | $ 100.13 |
| Hotel Expense | Westin Buffalo; Hampton Inn | $2,942.36 |
| Outside Services | Everlaw; Reimbursement of Committee member's Travel expenses | $4,220.20 |
| Court Research | Pacer | $ 55.10 |
| Postage | US Mail | $ 439.24 |
| Reproduction Expense | | $1,710.00 |
| Reproduction/Scan Copy | | $ 39.00 |
| Research | Everlaw | $3,212.00 |

---

[1] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

Case 1-20-10322-CLB,    Doc 2296,    Filed 04/21/23,    Entered 04/21/23 11:33:18,
Description: Main Document  , Page 5 of 27

The total time expended in connection with the preparation of this application is not included herein, as additional time was expended after the Fifth Compensation Period.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated:  April 21, 2023          _/s/  Ilan D. Scharf_____
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

and

780 Third Ave., 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

E-mail:  jstang@pszjlaw.com
         ischarf@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors*

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| THE DIOCESE OF BUFFALO, N.Y., | Case No. 20-10322 (CLB) |
| Debtor. | |

### FIFTH INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR FOR THE PERIOD AUGUST 1, 2022 THROUGH JANUARY 31, 2023

Pachulski Stang Ziehl & Jones LLP. ("**PSZJ**" or the "**Firm**"), counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of The Diocese of Buffalo, N.Y. (the "**Debtor**"), hereby submits its Fifth Interim fee application, pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, for (a) allowance of interim compensation for professional services performed by PSZJ for the period commencing August 1, 2022 through January 31, 2023[1] (the "**Fifth Compensation Period**") in the amount of $232,300.00, and (b) reimbursement of its actual and necessary expenses in the amount of $18,113.24 incurred during the Fifth Compensation Period, on the following grounds:

### I.  JURISDICTION

1.  The Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Some time and costs prior to this period were inadvertently omitted from the prior interim fee application.  Such time and costs are now included as part of the present interim fee application.

3.	The statutory predicates for relief requested are sections 330 and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II.	BACKGROUND

4.	On February 28, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor remains in possession of its property and continues to operate and maintain its organization as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.	On March 12, 2020, the United States Trustee appointed the Committee, pursuant to section 1102 of the Bankruptcy Code.

6.	On or about April 6, 2020, PSZJ filed its application seeking to be employed in this case ("**Retention Application**").  As set forth in the declaration of James I. Stang in support of the Retention Application, due to the unique circumstances of this case, PSZJ proposed to charge hourly rates which are below its regular hourly rates, specifically, to charge its normal and customary hourly rates, subject to a cap of $700 per hour and not to charge for travel time.  On June 3, 2020, the Court entered its *Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors of the Debtor Effective as of March 12, 2020* (the "**Retention Order**") [Doc 359], authorizing the employment of PSZJ as counsel to the Committee effective as of March 12, 2020.  The Retention Order authorized PSZJ to apply for compensation for professional services rendered and reimbursement of expenses as set forth in the Retention

Application, subject to the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court.

7.     PSZJ did not receive a retainer in connection with its employment and, to date, has only received compensation for services and reimbursement of expenses pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Members of Official Committees* (the "**Interim Compensation Order**") [Doc 362].

8.     Copies of PSZJ invoices for the Fifth Compensation Period are attached hereto as Exhibits A to B and are incorporated herein by reference for all purposes.

**Summary of Services Rendered by PSZJ During the Fifth Compensation Period**

9.     During the Fifth Compensation Period, PSZJ has rendered numerous, varied and substantial services to the Committee in connection with this case, including but not limited to:

**A.     Asset Analysis and Recovery**

10.     This category relates to work regarding asset analysis and recovery issues. Services related to asset analysis are of utmost importance in this case because the extent, nature and value of assets available to compensate creditors were unknown at the beginning of this case. During the Fifth Compensation Period, the Firm, among other things:  (1) reviewed and analyzed financial information from the Diocese; and (2) reviewed and analyzed the October 2022 Monthly Operating Report.

Fees:  $2,240.00;       Hours:  3.20

### B. Asset Disposition

11. This category relates to work regarding sales and other asset disposition issues. During the Fifth Compensation Period, the Firm, among other things, reviewed and analyzed issues regarding the St. John Kanty property sale.

Fees: $700.00;       Hours: 1.00

### C. Bankruptcy Litigation

12. This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court. During the Fifth Compensation Period, the Firm, among other things: (1) reviewed and analyzed issues regarding a motion for sanctions; (2) reviewed and analyzed a Court decision regarding the Parish stay; (3) reviewed and analyzed Parish policy issues; (4) prepared for and attended a telephonic conference on October 12, 2022 with various counsel for non-Committee members regarding the BSA opt-in motion; (5) reviewed and analyzed the BSA opt-in motion and related pleadings; (6) reviewed and analyzed claims affected by the BSA opt-in motion; (7) performed research; (8) reviewed and analyzed the effect of the BSA opt-in motion on mediation and insurance coverage issues; (9) performed work regarding a certification relating to proofs of claims; (10) performed work regarding a limited objection to additional mediator; (11) reviewed and analyzed the settlement relating to the Diocese and the New York Attorney General, and performed work regarding a statement concerning such settlement; (12) performed work regarding a statement relating to retention of a compliance auditor; (13) reviewed and analyzed issues regarding a Court opinion; (14) performed work regarding a Bankruptcy Rule 2004 motion; (15) performed work regarding a scheduling order; (16) reviewed

and analyzed pleadings and performed work regarding a response relating to objection to Restructuring Support Agreement by insurers; and (17) corresponded and conferred regarding bankruptcy litigation issues.

Fees:  $29,600.00;     Hours:  44.40

**D.     Case Administration**

13.     This category relates to work regarding administration of this case. During the Fifth Compensation Period, the Firm, among other things:  (1) prepared for and participated in teleconferences with the Debtor's counsel regarding case issues; (2) maintained a memorandum of critical dates; and (3) conferred regarding case administration issues.

Fees:  $5,260.00;     Hours:  11.00

**E.     Claims Administration and Objections**

14.     This category relates to work regarding claims administration and claims objections, including work related to bar date issues, claim forms and the notice process.  During the Fifth Compensation Period, the Firm, among other things, reviewed and analyzed an order regarding adult window issues.

Fees:  $210.00;     Hours:  0.30

**F.     Compensation of Professionals**

15.     This category relates to issues regarding the compensation of the Firm. During the Fifth Compensation Period, the Firm, among other things:  (1) performed work regarding the Firm's Fourth interim fee application and related exhibits; (2) reviewed and analyzed issues regarding the BSK, Blank Rome, Phoenix, and Hodgson fee applications; (3)

reviewed and responded to a United States Trustee fee application objection; and (4) prepared for and attended a fee application hearing on December 5, 2022.

Fees: $11,710.00;    Hours: 19.30

**G.    General Creditors Committee**

16.    This category relates to work performed with respect to the Committee and correspondence and discussion with Committee members and their individual counsel regarding the chapter 11 case.   During the Fifth Compensation Period, the Firm, among other things:  (1) prepared for and participated in a meeting with the Committee on August 4, 2022 regarding ongoing case issues; (2) reviewed and analyzed media issues; (3) prepared for and met with Committee members on August 9, 2022 regarding nonmonetary demands; (4) prepared for and met with the Committee on August 11, 2022 regarding appraisal and mediation issues; (5) prepared for and attended a telephonic conference with the Committee on September 1, 2022 regarding mediation and other pending case issues; (6) prepared for and attended a telephonic conference with the Committee on September 15, 2022 regarding mediation issues; (7) reviewed and analyzed issues regarding reconstitution of the Committee; (8) prepared for and attended telephonic conferences with State Court Counsel on September 29 and October 12, 2022 regarding mediation issues; (9) performed work regarding meeting agendas; (10) prepared for and attended a telephonic conference on October 13, 2022 with the Committee regarding mediator selection and the BSA opt-in motion; (11) prepared for and attended a meeting on October 20, 2022 with the Committee regarding case issues; (12) prepared for and attended a telephonic conference with State Court Counsel on October 20, 2022 regarding mediation issues;

(13) performed work regarding a letter to the United States Trustee regarding Committee membership; (14) prepared for and attended a telephonic conference on October 25, 2022 with State Court Counsel regarding pending case issues; (15) reviewed and analyzed issues regarding the Diocese settlement with the New York Attorney General; (16) prepared for and attended a telephonic conference on November 1, 2022 with State Court Counsel regarding ongoing case issues; (17) reviewed and analyzed issues regarding an amended notice of membership; (18) reviewed and analyzed issues regarding the Diocese of Rochester settlement; (19) prepared for and attended a telephonic conference on November 7, 2022 with State Court Counsel regarding case status issues; (20) prepared for and attended telephonic conferences on November 8, 2022 with the Committee and State Court Counsel regarding mediation issues; (21) reviewed and analyzed common interest issues, and drafted a common interest agreement; (22) prepared for and attended telephonic conferences on November 15, 2022 with the Committee and State Court Counsel regarding mediation issues; (23) prepared for and attended a telephonic conference on November 17, 2022 with the Committee regarding mediation, bar date and sale issues; (24) prepared for and attended a telephonic conference on November 21, 2022 with State Court Counsel regarding mediation issues; (25) prepared for and attended a telephonic conference on November 29, 2022 with State Court Counsel and a potential mediator; (26) prepared for and attended a telephonic conference on December 1, 2022 regarding mediator selection issues; (27) prepared for and attended a telephonic conference on December 1, 2022 with State Court Counsel regarding mediator issues; (28) prepared for and attended telephonic conferences on December 7 and 9, 2022 with State Court Counsel regarding mediation issues; (29) reviewed and

analyzed mediation strategy issues; (30) responded to Committee member inquiries; (31) prepared for and attended telephonic conferences on January 5, 2022 with State Court Counsel and the Committee regarding case issues; (32) prepared for and attended a telephonic conference on January 20, 2023 with the Committee regarding mediation preparation; (33) prepared for and attended a telephonic conference on January 31, 2023 with State Court Counsel regarding ongoing case issues; and (34) conferred and corresponded regarding Committee issues.

Fees: $46,480.00;      Hours: 66.40

### H.      Hearings

17.      This category relates to preparation for and attendance at hearings. During the Fifth Compensation Period, the Firm, among other things: (1) prepared for and attended a hearing on August 3, 2022 regarding claims disclosure issues; (2) prepared for and attended a hearing on August 17, 2020 regarding continuation of insurance issues; (3) prepared for and attended a hearing on October 9, 2022 regarding compliance auditor retention issues; (4) prepared for and attended a hearing on October 31, 2022 regarding mediator selection issues; (5) prepared for and attended a hearing on November 8, 2022 regarding the BSA opt-in motion; (6) prepared for and attended a hearing on November 9, 2022 regarding auditor issues; (7) prepared for and attended a hearing on December 2, 2022 regarding adult window issues; (8) prepared for and attended a hearing on December 7, 2022 regarding mediator appointment issues; (9) prepared for and attended a hearing on December 12, 2022 regarding mediation and fee application issues; and (10) conferred regarding hearing issues.

Fees: $13,160.00;      Hours: 18.80

### I.    Insurance Coverage

18.    This category relates to insurance coverage issues.   During the Fifth Compensation Period, the Firm, among other things:  (1) reviewed and analyzed pre-1973 and post-1973 insurance issues; (2) reviewed and analyzed an insurance spreadsheet; (3) reviewed and analyzed updated Parish insurance information; (4) reviewed and analyzed issues regarding the effect of the BSA opt-in motion on insurance exposure; (5) performed work regarding insurance slotting issues; and (6) corresponded regarding insurance issues.

Fees:  $7,140.00;      Hours:  10.20

### J.    Mediation

19.    This category relates to mediation issues.   During the Fifth Compensation Period, the Firm, among other things:  (1) reviewed and analyzed a letter from a mediator; (2) prepared for and attended a telephonic conference on August 4, 2022 with the Committee regarding mediation issues; (3) reviewed and analyzed crossover coverage between the Parish and Diocese; (4) prepared for and attended a telephonic conference on August 30, 2022 with State Court Counsel regarding mediation issues; (5) reviewed and analyzed mediation statements; (6) prepared for and attended a telephonic conference on September 1, 2022 with the Committee regarding mediation issues; (7) reviewed and analyzed issues regarding a Diocese list of insurers; (8) reviewed and analyzed issues regarding non-monetary commitments; (9) reviewed and analyzed a Parish insurance list; (10) performed work regarding mediation strategy issues; (11) prepared for and attended telephonic conferences on September 13, 2022 with State Court Counsel and on September 15, 2022 with the Committee regarding mediation strategy

DOCS_DE:242824.1 18502/002

issues; (12) reviewed and analyzed insurance information produced by the Diocese; (13) prepared for and met with State Court Counsel on September 27, 2022 regarding mediation strategy issues; (14) prepared for and attended a mediation session on September 28, 2022; (15) prepared for and met with the Committee and State Court Counsel on September 28, 2022 regarding mediation issues; (16) prepared for and attended a telephonic conference with State Court Counsel on September 29, 2022 regarding mediation issues; (17) attended to mediator selection issues; (18) attended to scheduling issues; (19) reviewed and analyzed issues regarding mediator selection procedures and standards; (20) prepared for and attended a telephonic conference on October 24, 2022 with State Court Counsel and Judge Rizzo regarding mediation role issues; (21) performed work regarding a letter to the Court concerning mediator appointment issues; (22) prepared for and attended telephonic conferences on November 23, 28 and 30, 2022 with State Court Counsel regarding mediation issues; (23) prepared for and participated in a telephonic conference on November 30, 2022 with attorneys for the Diocese regarding mediator issues; (24) performed work regarding a statement concerning retention of a new mediator; (25) prepared for and attended a telephonic conference on December 5, 2022 with State Court Counsel and an additional mediator candidate; (26) performed work regarding an update of a mediation analysis and statement for potential mediator; (27) performed work regarding a letter to the Court from Patrick NeMoyer, mediator; (28) performed work regarding a revised mediation statement; (29) prepared for and attended a telephonic conference with State Court Counsel on January 11, 2023 regarding mediation issues; (30) performed work regarding a mediation strategy memorandum; (31) performed work regarding a mediator retention motion;

(32) prepared for and attended telephonic conferences on January 27 and 31, 2023 with State Court Counsel regarding mediation issues; and (33) conferred and corresponded regarding mediation issues.

Fees: $97,180.00; Hours: 187.30

**K. Plan and Disclosure Statement**

20. This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement. During the Fifth Compensation Period, the Firm, among other things: (1) reviewed and analyzed a Parish stay decision; (2) performed work regarding non-monetary issues; (3) prepared for and met with the Non-Monetary Subcommittee on September 8, 2022 regarding mediation demand issues; (4) performed work regarding non-monetary demands; (5) reviewed and analyzed coverage charts and compared overlap issues; (6) reviewed and analyzed the settlement with the New York Attorney General Plan regarding non-monetary issues; and (7) corresponded and conferred regarding Plan issues.

Fees: $7,280.00; Hours: 10.40

**L. Retention of Professionals**

21. This category relates to work regarding the retention of professionals. During the Fifth Compensation Period, the Firm, among other things: (1) reviewed and analyzed issues regarding the potential retention of an appraiser; (2) reviewed and analyzed issues regarding the proposed retention of an independent auditor; (3) performed work regarding a statement relating to retention of a compliance auditor; (4) performed work regarding an application to employ appraiser; (5) reviewed and analyzed the decision and order regarding the

employment of an abuse auditor; (6) performed work regarding the Stout retention application; (7) attended to scheduling issues; and (8) corresponded and conferred regarding retention of professionals issues.

Fees:  $10,920.00;      Hours:  18.40

**M.    Stay Litigation**

22.    This category relates to work regarding the automatic stay and relief from stay motions.  During the Fifth Compensation Period, the Firm, among other things, reviewed and analyzed issues regarding the proposed extension of the Parish stay.

Fees:  $420.00;        Hours:  0.60

23.    The above-referenced description of services is not intended to be exhaustive of the scope of PSZJ's services rendered on behalf of the Committee.  A full accounting of all services rendered on behalf of the Committee during the Fifth Compensation Period is contained in the related time records attached hereto as Exhibits A to B.

24.    As contained in the attached time records, PSZJ has expended a total of 391.30 hours during the Fifth Compensation Period representing the Committee in this case.  The value of the services rendered to the Committee by PSZJ is $232,300.00 and PSZJ has incurred actual and necessary out-of-pocket expenses in the amount of $18,113.24 during the Fifth Compensation Period in connection with such professional services.

### III.    RELIEF REQUESTED

25.    By this application, PSZJ requests entry of an order, substantially in the form attached as Exhibit C:  (a) allowing, on an interim basis, $232,300.00 as compensation for

professional services rendered and $18,113.24 as reimbursement of actual and necessary out-of-pocket expenses incurred during the Fifth Compensation Period in connection with such professional services, and (b) directing the Debtor to pay PSZJ the amount of $250,413.24 for the total unpaid portion of allowed fees and expenses for the Fifth Compensation Period.

### **Professional Services Rendered During the Fifth Compensation Period**

26.     The value of the professional services rendered to the Committee during the Fifth Compensation Period has been billed at rates normally charged by PSZJ for comparable services performed for other clients, subject to a $700/hour cap.  The requested fees in the amount of $232,300.00 are reasonable under the circumstances and reflect the expertise of counsel in representing the Committee in this case.

27.     PSZJ has attempted to avoid any duplication of services by its professionals in rendering services.  When more than one professional participated in any conference or hearing, such joint participation was necessary because of the complexity of the legal issues involved, the various legal disciplines required, or the need to familiarize the professional with such matters so that he or she could independently perform further essential services in connection with this case.

28.     Each entry itemized in PSZJ's time records includes (a) use of a project category (each a "**Project Category**"), (b) a description of each activity or service that an individual performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by an individual performing the activity or providing service.  Attached as Exhibit D is a list of the aggregate recorded hours, blended rate and fees incurred for each Project Category.

**Actual and Necessary Expenses Incurred During the Fifth Compensation Period**

29.     During the Fifth Compensation Period, PSZJ has incurred actual and

necessary out-of-pocket expenses in the total amount of $18,113.24.

30.     PSZJ seeks reimbursement for, among other things, the following types of

expenses:  (a) copy expenses; (b) conference calls; (c) online research; (d) delivery services and

couriers; (e) postage; (f) trial transcript costs; (g) travel expenses; and (g) miscellaneous

expenses.  Below is a summary of the actual and necessary out-of-pocket expenses incurred on

behalf of the Committee during the Fifth Compensation Period:

| EXPENSE CATEGORY | | AMOUNT |
|---|---|---|
| **Travel Expense** | | $ 8,334.61 |
| Air Fare | $4,702.00 | |
| Auto Travel Expense | $   509.56 | |
| Business Meal | $   180.71 | |
| Hotel Expense | $2,942.36 | |
| **Copy Expense** | | $ 1,749.00 |
| **Conference Call** | | $        2.94 |
| **Outside Services** | | $ 4,220.20 |
| **Online Research** | | |
| PACER Research | $     55.10 | $ 3,267.10 |
| Everlaw | $3,212.00 | |
| **Postage** | | $   439.24 |
| **Express Mail** | | $   100.13 |
| | **Total:** | $18,113.24 |

All expense entries detailed in PSZJ's time records include an itemization of the expenses by
category, the date the expense was incurred, and the amount of the expense.  The requested
expenses are of the kind customarily charged by PSZJ for similar items in other similar matters.
All expenses were incurred on behalf of the Committee, and all expenses paid to outside vendors
were billed in this case by PSZJ at the rate charged to PSZJ.

## IV.     GROUNDS FOR GRANTING RELIEF REQUESTED

31.     All of the services for which compensation is requested by PSZJ were

performed for, or on behalf of, the Committee, and not on behalf of the Debtor, any creditor,

examiner, trustee or any other entity. In addition, PSZJ has not entered into any agreements to fix fees or share compensation as prohibited by 18 U.S.C. § 155 and 11 U.S.C. § 504.

32.     This interim application is made at this time due to the substantial amount of time devoted on behalf of the Committee during the Fifth Compensation Period and the impact that the expenditure of such an amount of time without further compensation will have upon PSZJ finances if compensation were delayed to a later time. Thus, Applicant respectfully submits that, pursuant to Local Rule 2016-1 and the Interim Compensation Order, Applicant should not be required to await the conclusion of this case to request the relief sought in this interim fee application.

33.     As this Application demonstrates, the services that PSZJ has rendered on behalf of the Committee have been beneficial to the Committee and the Debtor's estate in that the services have been utilized to assist the Committee with those matters outlined above.

34.     The attorneys primarily responsible for representing the Committee in connection with this case, James I. Stang and Ilan D. Scharf, have extensive experience in representing creditors' committees, and in cases similar to this one.

35.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code that govern the Court's award of such compensation. See 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)-(B). Section 330 of

the Bankruptcy Code also sets forth the criteria for the award of such compensation and

reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

36.     PSZJ has reviewed the requirements of each of the foregoing and believes

that this application is in compliance with such requirements, as applicable.

37.     In addition to the foregoing specified services, PSZJ believes that it has

performed further services which are not reflected in the time records.  It is impossible to record

the detail of each letter, telephone call, conference time or research.  Many such hours have been

performed to date, but PSZJ is not requesting compensation for them.  Further, as set forth

above, PSZJ has capped its hourly rate and is not charging for travel time.

38.     All services for which PSZJ seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Committee and were necessary and beneficial to the Committee.  PSZJ worked diligently to anticipate or respond to the Committee's needs and assist in the navigation of this very complex chapter 11 case.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services rendered to the Committee.

39.     In connection with the matters covered by this application, PSZJ received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor's bankruptcy estate.  There is no agreement or understanding between PSZJ and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this case.

## V.     <u>Valuation of Services</u>

40.     Attorneys and paraprofessionals of PSZ&J expended a total 391.30 hours in connection with their representation of the Committee during the Fifth Compensation Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $700.00 | 3.10 | $    2,170.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $700.00 | 87.20 | $  42,840.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $700.00 | 5.80 | $ 4,060.00 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $700.00 | 196.20 | $135,590.00 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $700.00 | 79.50 | $ 41,790.00 |
| Cheryl A. Knotts | Paralegal | $300.00 | 3.20 | $ 960.00 |
| La Asia Canty | Paralegal | $300.00 | 9.30 | $ 2,790.00 |
| Kerri L. LaBrada | Paralegal | $300,00 | 7.00 | $ 2,100.00 |

**Grand Total:**     **$232,300.00**
**Total Hours:**         **391.30**
**Blended Rate:**     **$593.66**

41. To the extent time or disbursement charges for services rendered or expenses incurred relate to the Fifth Compensation Period but were not processed prior to the preparation of this application or PSZJ has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Fifth Compensation Period, PSZJ reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

42. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZJ has reviewed the requirements

of Local Rule 2016 and the Interim Compensation Order signed on or about June 4, 2020 and believes that this Application complies with such Rule and Order.

## VI.    <u>NOTICE</u>

43.    Notice of this application is being given to (a) the Debtor, (b) the Debtor's counsel, (c) the U.S. Trustee, and (d) those parties who have appeared in this case or have requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, PSZJ respectfully requests the Court enter an order, substantially in the form attached as Exhibit C:  (i) allowing, on an interim basis, $232,300.00 as compensation for professional services rendered and $18,113.24 as reimbursement of actual and necessary out-of-pocket expenses incurred during the Fifth Compensation Period in connection with such professional services; (ii) directing the Debtor to pay PSZJ the amount of $250,413.24 for the unpaid amounts incurred during the Fifth Compensation Period; (iii) allowing such compensation for professional services rendered and reimbursement of actual and necessary out-of-pocket expenses incurred without prejudice to PSZJ's right to seek additional compensation

for services performed and expenses incurred during the Fifth Compensation Period, which were not processed at the time of this application; and (iv) granting PSZJ all other just and proper relief.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated: April 21, 2023

_/s/ Ilan D. Scharf_
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
10100 Santa Monica Boulevard
13th Floor
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

and

780 Third Ave., 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

E-mail: jstang@pszjlaw.com
ischarf@pszjlaw.com

*Counsel for the Official Committee of Unsecured Creditors*

**CERTIFICATION**

Ilan D. Scharf, hereby declares under penalty of perjury:

a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"), and am admitted to appear before this Court.

b)      I am familiar with the work performed on behalf of the Committee by the lawyers and paraprofessionals of PSZJ.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Local Rule 2016 and the Interim Compensation Order signed on or about June 4, 2020 and believe that this Application substantially complies with such Rule and Order.


_____*/s/ Ilan D. Scharf*_____
Ilan D. Scharf