**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| The Diocese of Buffalo, N.Y., | Case No. 20-10322 (CLB) |
| Debtor. | |

### THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATIONS AND PRODUCTION OF DOCUMENTS OF CERTAIN PARTIES

The Official Committee of Unsecured Creditors (the "**Committee**") of The Diocese of Buffalo, N.Y., the debtor and debtor-in-possession (the "**Debtor**" or the "**Diocese**") in the above captioned case (the "**Case**") under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"), by and through its undersigned counsel, respectfully submits this motion (this "**Motion**") for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the examination pursuant to Bankruptcy Rule 2004 of the parties identified on **Exhibit A** hereto (the "**Subpoena Parties**" and, each, a "**Subpoena Party**"), and the production of documents by each Subpoena Party to the Committee and the Debtor. In support of its Motion, the Committee respectfully states:

### PRELIMINARY STATEMENT

1.      Pursuant to this Court's order, certain parties to the Case are engaged in mediation to negotiate a settlement of the Case.[1] These parties include the Diocese, the Committee and certain insurers of the Diocese and its Parishes. The Diocese reports that it has not located

---

[1] *Written Opinion*, December 27, 2021, Docket No. 1512; *Order*, February 3, 2022, Docket No. 1568.

records of insurance policies issued to the Diocese before July 1, 1972, but reports that it has evidence of insurance policies issued to various Parishes before that date.

2.      The Committee is concerned that the Diocese may have obtained insurance coverage from one or more insurers but does not have evidence of such coverage in its possession, custody, or control.  As such, the Committee requests authority to issue subpoenas to third parties that may have evidence of insurance coverage provided to the Diocese and/or its related entities that could provide a source of funds to compensate survivors of sexual abuse who filed claims against the Diocese ("**Abuse Claimants**").

## RELIEF REQUESTED

3.      Through this Motion, the Committee seeks entry of an order, pursuant to Bankruptcy Rule 2004, authorizing the Committee to issue subpoenas to the Subpoena Parties, requiring them to (a) produce the documents described on **Exhibit B** (the "**Requests**"), and (b) provide deposition testimony to the Committee regarding the information sought through the Requests.  To avoid doubt, in order to minimize cost to the estate, the Committee intends to seek documents first and thereafter seek testimony if the Committee determines such testimony is necessary.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The relief requested is predicated upon 11 U.S.C. §§ 105(a) and 1104 and Federal Rule of Bankruptcy Procedure 2004.

## 5.      RELEVANT FACTS

**A.      Background Facts**

6.      On February 28, 2020, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

7.      The Debtor is continuing to operate its business as a debtor in possession.

8.      On March 11, 2020, the United States Trustee appointed the Committee to represent the Debtor's unsecured creditors pursuant to 11 U.S.C. § 1102(a)(1).  The Committee is comprised of six (6) Abuse Claimants.

9.      Approximately 850 Abuse Claimants have asserted claims against the Diocese. Many of these claims involve abuse that occurred before 1973 for which no Diocesan insurance has been located.

A.      **Uncertainties Regarding the Debtor's Insurance**

10.     The Debtor admits that it has had "limited success to date" in "trying to uncover available insurance coverage" relating to the numerous sexual abuse claims asserted against it.[2] To date, through its insurance archeologist, the Debtor is not aware of any evidence of general liability insurance policies or excess policies issued to the Diocese for the years before 1972.[3]

11.     The Diocese owned and operated property and automobiles, employed numerous employees subject to workers' compensation laws, engaged with the public, and utilized volunteer labor during the periods before its first known insurance policy, therefore it is likely that the Diocese had insurance coverage during that period. Given the importance of insurance coverage to resolving this Case, it is necessary to exhaust all possible sources that may provide evidence of insurance.

12.     **RELIEF REQUESTED**

13.     The Committee respectfully requests entry of an order pursuant to Bankruptcy Rule 2004, substantially in the form annexed hereto as **Exhibit C**, authorizing the Committee to issue subpoenas to the Subpoena Parties, requiring them to (a) produce the documents described

_____

[2] First Day Declaration, ¶ 49 at 18; *see id.* ¶ 52 at 19-20.

[3] *See* Scharf Declaration.

in the Requests, and (b) provide deposition testimony to the Committee regarding the information sought through the Requests. Because investigation of the Debtor's insurance coverage is on-going, the Committee requests that it be permitted to issue subpoenas to other insurers not presently identified by name on **Exhibit A** that may provide coverage in connection with the sexual abuse claims asserted against the Debtor.

## BASIS FOR RELIEF

14. Bankruptcy Rule 2004 (a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Bankruptcy Rule 2004(a). Bankruptcy Rule 2004 is primarily used for "revealing the nature and extent of the bankruptcy estate, and for discovering assets, examining transactions, and determining what wrongdoing occurred." *In re Kelton*, 389 B.R. 812, 820 (Bankr. S.D. Ga. 2008); *see also In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000) (Rule 2004's purpose is to "determine the condition, extent, and location of the debtor's estate in order to maximize distribution to unsecured creditors"). The Bankruptcy Court for the Northern District of New York explained that

> 15. The scope of this examination is admittedly "unfettered and broad" (*see In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr.D.Mass.1983)), and indeed is commonly recognized as more in the nature of a "fishing expedition." *In re Wilcher*, 56 B.R. 428, 433 (Bankr.N.D.Ill.1985). The purpose of such a broad discovery tool is to assist the trustee in revealing the nature and extent of the estate, and to discover assets of the debtor which may have been intentionally or unintentionally concealed. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 708 (Bankr.S.D.N.Y.1991); *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr.E.D.Pa.1990).

*In re The Bennet Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).

16. Pursuant to Bankruptcy Rule 2004, a party in interest may seek both document and oral discovery related to "acts, conduct, or property of the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to

the debtor's right to a discharge." Bankruptcy Rule 2004(b). Under Bankruptcy Rule 2004(c), the "attendance of an entity for examination and the production of documents. . . may be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial." Bankruptcy Rule 2004(c). In turn, Bankruptcy Rule 9016 makes Federal Rule of Civil Procedure 45 (governing subpoenas) applicable in cases under the Bankruptcy Code. Bankruptcy Rule 9016.

17.     Unlike discovery under the Federal Rules of Civil Procedure (the "Civil Rules"), discovery under Bankruptcy Rule 2004 can be used as a "pre-litigation discovery device." *In re Wilson*, 2009 WL 304672, at *5 (Bankr. E.D. La. 2009). *See also Bennett Funding, id.* As such, a Bankruptcy Rule 2004 motion need not be tied to specific factual allegations at issue between parties. *In re Symington*, 209 B.R. 678, 683 (Bankr. D. Md. 1997) (Bankruptcy Rule 2004 permits "examination of any party without the requirement of a pending adversary proceeding or contested matter").

18.     The scope of a Bankruptcy Rule 2004 examination is broader than that of discovery under the Civil Rules or the Bankruptcy Rules governing adversary proceedings. *In re Ecam Publications, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991); *see also In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("[T]he scope of a Rule 2004 examination is very broad. Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure."). Courts have recognized that Bankruptcy Rule 2004 examinations may be "broad" and "unfettered," and can legitimately be in the nature of a "fishing expedition." *In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 400 (Bankr. W.D. Pa. 2008); *see also In re Lev*, 2008 WL 207523, at *3 (Bankr. D.N.J. 2008); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996); *In re The Bennet Funding Group, Inc.*, id.; *In re Valley Forge*

*Plaza Assocs.*, 109 B.R. 669, 674 (E.D. Pa. 1990). "Because the purpose of the Rule 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432, (Bankr. S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

19.     The decision whether to authorize the requested discovery rests within the bankruptcy court's sound discretion. *See, e.g., In re Hammond*, 140 B.R. 197, 200 (Bankr. S.D. Ohio 1992). Courts authorize discovery under Bankruptcy Rule 2004 to assist in recovering assets for the benefit of a debtor's creditors. *See In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983) (allowing discovery under Rule 2004 to help the debtor "discover and recover assets for benefit of creditors of the debtor").

20.     The Debtor's insurance policies represent important assets of the estate. The Committee must understand the nature and extent of the Debtor's insurance coverage for the Committee and other parties in interest to work collaboratively in mediation towards a potential global resolution of the treatment of sexual abuse claims in this Case.

21.     The decision whether to authorize the requested discovery rests within the bankruptcy court's sound discretion. *See, e.g., In re Hammond*, 140 B.R. 197, 200 (Bankr. S.D. Ohio 1992). Courts authorize discovery under Bankruptcy Rule 2004 to assist in recovering assets for the benefit of a debtor's creditors. *See In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983) (allowing discovery under Rule 2004 to help the debtor "discover and recover assets for benefit of creditors of the debtor").

22.     In addition, section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order . . . that is necessary or appropriate to carry out provisions of this title." 11 U.S.C. § 105(a). The Committee's investigation will, among other things, assist the Committee to fulfill

its statutory duty to "investigate the acts, conduct, assets, liabilities, and financial condition of the [D]ebtor." 11 U.S.C. § 1103(c)(2).

23.     Here, the requested relief is well within the scope of Bankruptcy Rule 2004.  The Committee seeks to maximize creditors' recoveries in this Case.  As such, the Committee needs the information it seeks to properly evaluate the value of the Debtor's insurance policies.  The Committee cannot engage in mediation regarding a global resolution of the Case and the disposition of the sexual abuse claims asserted against the Debtor without the information sought herein.

24.     Based on the foregoing, the Court should enter an order authorizing the Committee to issue subpoenas to the Subpoena Parties, requiring them to (a) produce the documents described on **Exhibit B**, and (b) provide deposition testimony to the Committee.

## NO PRIOR REQUEST

25.     No prior request for the relief sought in this Motion has been made to this or any other Court.

## NOTICE

26.     Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the Western District of New York; (b) the Debtor; (c) the Subpoena Parties; and (d) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  Due to the nature of the relief requested herein, the Committee respectfully submits that no further notice of this Motion is required.

WHEREFORE, the Committee respectfully requests that this Court: (i) enter an order substantially in the form attached hereto as **Exhibit C**, granting the relief sought herein; and (ii) grant such other and further relief to the Committee as the Court may deem proper.

Dated: New York, New York          PACHULSKI STANG ZIEHL & JONES LLP
September 18, 2023

*/s/ Ilan D. Scharf*
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Iain A. W. Nasatir, Esq.
Brittany M. Michael, Esq.
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: jstang@pszjlaw.com
       ischarf@pszjlaw.com
       inasatir@pszjlaw.com
       bmichael@pszjlaw.com


Counsel for the Official Committee of
Unsecured Creditors of The Diocese of Buffalo, N.Y..

**EXHIBIT A**

**SUBPOENA PARTIES**

Lawley, LLC
361 Delaware Avenue
Buffalo, NY 14202

Walsh Duffield Companies Incorporated
801 Main St.
Buffalo, NY 14203

Arthur J Gallagher Risk Mngmt, Inc.
c/o Julia Domzalski
818 Sterling Dr
Wappinger Falls, NY 12590

Ryan Specialty, LLC
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

The Chubb Corporation
15 Mountain View Road
Warren, NJ 07059

The Hartford Financial Services Group, Inc.
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

Arrowood Insurance Services, Inc.
c/o Corporation Service Co.
800 S. Harbor Blvd, Ste 100
Anaheim, CA 92805

Travelers Property Casualty Corp.
c/o Corporation Service Co.
1 Tower Square
Hartford, CT 06183

**EXHIBIT B**

**(REQUESTS)**

# **INSTRUCTIONS**

A.      Pursuant to Local Bankruptcy Rule 2004-1 and the definitions and constructions set forth in Local Civil Rule 26.3(c) and (d), respectively, shall apply to the Requests below.

B.      All responses shall comply with the requirements of the Local Bankruptcy Rules, Local Civil Rules, Bankruptcy Rules and any Court order.

C.      You are required to conduct a thorough investigation and produce all Documents (as defined below) in your possession, custody, and control including all Documents in the possession, custody and control of your attorneys, investigators, experts, officers, trustees, members, directors, employees, agents, representatives, and anyone acting on Your behalf.

D.      Documents should not contain redactions unless such redactions are made to protect information subject to the attorney-client privilege and/or work-product doctrine.  In the event any Documents are produced with redactions, a log setting forth the information requested in Instruction F, below, must be provided.

E.      To the extent a Document sought herein was at one time, but is no longer, in Your actual or constructive possession, custody, or control, state whether it:  (a) is missing or lost; (b) has been destroyed; (c) has been transferred to others; and/or (d) has been otherwise disposed of.  In each instance, identify the Document, state the time period during which it was maintained, state the circumstance and date surrounding authorization for such disposition, identify each person having knowledge of the circumstances of the disposition, and identify each person who had possession, custody, or control of the Document.  Documents prepared prior to, but which relate or refer to, the time period covered by these Requests are to be identified and produced.

F.      If You are unable to comply with a particular category(ies) of the Requests below and Documents responsive to the category are in existence, state the following information:

27.   The date of the Document;

28.   The type of Document (*e.g.*, letter, memorandum, report, etc.);

29.   The name, address, telephone number and title of the author(s) of the Document;

30.   The name, address, telephone number and title of each recipient of the Document;

31.   The number of pages in the Document;

32.   The document control number, if any;

33.   The present location(s) of the Document and the name, address and telephone number of the Person(s) who has (have) possession of the Document;

34.   A specific description of the subject matter of the Document;

35.   The reason why the Document cannot be produced or why you are unable to comply with the particular category of Request.

G.      You are under a continuing duty to timely amend your written response and to produce additional Documents if you learn that the response is in some material respect incomplete or incorrect.

H.      Produce all Documents and all other materials described below in Your actual or constructive possession, custody, or control, including in the possession, custody, or control of current or former employees, officers, directors, agents, agents' representatives, consultants, contractors, vendors, or any fiduciary or other third parties, wherever those Documents and materials are maintained, including on personal computers, servers, PDAs, cell and smart phones, other wireless devices, scanners, facsimile transmission and copying machines, mobile storage devices (such as thumb or other external hard drives), local area networks, application-based communications services (including, without limitation, Facebook Messenger, Instant Bloomberg, WeChat, Skype, KakaoTalk, WhatsApp, Signal, iMessage, etc.), web-based file

hosting services (including, without limitation, Dropbox, Box, Apple iCloud, Google Drive, Hightail, etc.), or web-based email systems such as Gmail, Yahoo, etc.

I. You are required to produce the full and complete originals or duplicate (as such terms are defined by Rule 1001 of the Federal Rules of Evidence) if the original is unavailable, of each Document responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts, or redactions. Duplicates may be produced in lieu of originals if the entirety (front and back where appropriate) of the Document is reproduced and the Responding Party or its authorized agent or representative states by declaration or affidavit under penalty of perjury that the copies provided are true, correct, complete, and an accurate duplication of the original(s). If a duplicate is produced, it should be legible and bound or stapled in the same manner as the original.

J. You are required to produce the Documents as they are kept in the usual course of business or your operations, or to organize and label them to correspond with each category in these Requests.

K. Documents attached to each other should not be separated; separate Documents should not be attached to each other.

L. Documents should include all exhibits, appendices, linked Documents, or otherwise appended Documents that are referenced in, attached to, included with, or are a part of the requested Documents.

M. If You object to any of these Requests, state in writing with specificity the grounds of Your objections. Any ground not stated shall be waived. If You object to a particular portion of any Request, You shall respond to any other portions of such Request as to which there is no objection and state with specificity the grounds of the objection.

N.      The fact that an investigation is continuing or that discovery is incomplete shall not be a justification for failing to respond to these Requests based on the knowledge or information that You possess at the time You respond to these Requests.  If an investigation is continuing or discovery is not complete with respect to the matter inquired into by any Request, so state in Your response to that Request.

O.      If the identity of Documents responding to a Request is not known, then that lack of knowledge must be specifically indicated in the response.  If any information requested is not in Your possession, but is known or believed to be in the possession of another person or entity, then identify that person or entity and state the basis of Your belief or knowledge that the requested information is in such person's or entity's possession.

P.      You are required to produce Electronically Stored Information in searchable form.

Q.      For Documents that are currently in paper format:

36.     Documents must be scanned and produced electronically in single page TIFF format with corresponding OPT file, DAT file, as well as OCR or extracted text and .lst file.

37.     To the extent available, provide Beginning Production Number, Ending Production Number, Folder information, custodian information and family information.

R.      For Documents that contain Electronically Stored Information, the following guidelines are to apply:

38.     Single page, Group IV TIFFs with links to native files (for Excel or similar spread sheet or accounting files, at a minimum) with corresponding OPT file, DAT file, as well as OCR or extracted text and .lst file.

39.     Maintain family integrity.

40.     Perform custodian-level reduplication.

41.     Concordance standard delimited DAT load file with the following metadata fields: Beginning Production Number, Ending Production Number, Beginning Attachment Number, End Attachment Number, Family ID, Page Count, Custodian, Original Location Path, Email Folder

Path, Document Type, Doc Author, Doc Last Author, Comments, Categories, Revisions, File Name, File Size, MD5 Hash, Date Last Modified, Time Last Modified, Date Created, Time Created, Date Last Accessed, Time Last Accessed, Date Sent, Time Sent, Date Received, Time Received, To, From, CC, BCC, Email Subject, Path to Native, Path to Full Text, Original Time Zone.

42. OCR or extracted text for all ESI: (a) Separate .txt files corresponding to beginning production number of each document; (b) Separate .lst file for fulltext.

43. Process all data in GMT and provide a metadata field indicating original time zone.

S.  If you withhold or redact a portion of any Document under a claim of privilege or other protection, each such Document must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged Documents responsive to this Request, and which privilege log shall state the following information:

44. The date of the Document;

45. The type of Document (*e.g.*, letter, memorandum, report, etc.);

46. The name, address, telephone number and title of the author(s) of the Document;

47. The name, address, telephone number and title of each recipient of the Document;

48. The number of pages in the Document;

49. The document control number, if any;

50. The present location(s) of the Document and the name, address and telephone number of the Persons) who has (have) possession of the Document;

51. A general description of the subject matter of the Document or the portion redacted without disclosing the asserted privileged or protected communication;

52. The specific privilege(s) or protection(s) that you contend applies.

T.     Documents not otherwise responsive to these Requests should be produced: (1) if such Documents mention, discuss, refer to, explain, or concern one or more Documents that are called for by these Requests; (2) if such Documents are attached to, enclosed with, or accompany Documents called for by these Requests; or (3) if such Documents constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar materials.

U.     Unless otherwise specified, the relevant time period to which each Request relates is the inception of the Debtor through the date You produce Documents responsive to the Requests.

## DEFINITIONS

Unless otherwise stated, the following definitions shall apply to these Requests:

1.  "**Bankruptcy Case**" means and refers to the chapter 11 case of The Diocese of Buffalo, N.Y., currently pending in the United States Bankruptcy Court for the Western District of New York, Case No. 20-10322 (CLB).

2. "**Bankruptcy Code**" means and refers to 11 U.S.C. §101 *et seq.* (as amended from time to time).

3.  "**Claim**" means any "claim," as defined in section 101(5) of the Bankruptcy Code.

4. "**Communication**" shall have the definition set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

5. "**Concern**" or "**Concerning**" shall have the definition of "concerning" set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

6. "**Debtor**" or "**Diocese**" means The Diocese of Buffalo, N.Y., collectively or individually, as context requires and to encompass responsive Documents, and each of its agents, accountants,

financial advisors, employees, experts, attorneys, officers, directors, direct or indirect

shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors,

as well as any other Person acting on behalf of the Debtor.

7. "**Document**" shall have the definition set forth in Local Civil Rule 26.3(c), as made

applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

8. "**Each**" shall have the construction set forth in Local Civil Rule 26.3(d), as made

applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

9. "**Electronically Stored Information**" or "**ESI**" means, without limitation, all

information and data (including, without limitation, email, voicemail, instant messages, intranet

and internet system data, telephone and cellular phone calling records, data compilations,

spreadsheets, word processing documents, images, databases, digital photocopier memory, and

any other information stored in memory storage devices) contained on any computing device or

electromagnetic media owned, maintained, or otherwise controlled by You, including, but not

limited to, mainframe, desktop, laptop, tablet, or palmtop computers, network servers, telephone

voicemail servers, employees' employer-provided home computers, and the personal digital

assistants (PDAs), digital cell phones, telephone answering machines, pagers, or other

information-storing electronic devices of You and Your employees, or on associated external

storage media, backup tapes, and other archival copies of same. Unless otherwise specified,

documents, reports, and other Electronically Stored Information created using any version of

Microsoft Word, PowerPoint, Excel, Visio, or Access, Word Perfect, Oracle, or any other

Microsoft, Adobe, or other currently available "off-the-shelf" application shall be produced in

native form; that is, the form in which the document is currently stored on whatever media it

currently resides. The document should not be locked, resaved, restructured, "scrubbed" of

unapparent or hidden content or any other data or metadata, but rather should be produced in a copy precisely reproducing its entire state as present in Your systems. Unless otherwise specified, electronic mail (e-mail) should be produced in native form; that is, in whatever database and/or file/directory structures are used by Your mail processing software. All metadata and other unapparent or hidden data related to mail messages shall be produced, including, but not limited to, any file attachments, message priority flags, message read/access timestamps, and, in the case of e-mail sent to distribution lists, information on the membership of such lists at the time the e-mail was sent.

10.     **"Identify"** shall have the definition set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

11.     **"Insurance Policies"** means any and all contracts, binders, certificates, insurance agreements or insurance policies currently or previously in effect at any time alleged to afford insurance coverage.

12.     **"Perpetrator"** means any individual who personally committed or is alleged to have personally committed an act of Abuse that forms the basis for a Sexual Abuse Claim.

13.     "**Person**" shall have the definition set forth in Local Civil Rule 26.3(c), as made applicable in this Bankruptcy Case pursuant to Local Bankruptcy Rule 2004-1.

14.     **"Petition Date"** means February 28, 2020.

15.     **"Settlement"** means any settlement or other resolution Concerning a Sexual Abuse Claim.

16.      **"Sexual Abuse Claim"** means any claim (as defined in section 101(5) of the Bankruptcy Code) against Diocese resulting or arising in whole or in part, directly or indirectly from any actual or alleged sexual conduct or misconduct, sexual abuse or molestation, indecent

assault and/or battery, rape, pedophilia, ephebophilia, or sexually-related physical, sexually-related psychological, or sexually-related emotional harm, or contacts, or interactions of a sexual nature between a child and an adult, or a nonconsenting adult and another adult, sexual assault, sexual battery, sexual psychological or emotional abuse, humiliation, or intimidation, or any other conduct constituting a sexual offense, incest, or use of a child in a sexual performance (as such terms are defined in the New York Penal Law), and seeking monetary damages or any other relief, under any theory of liability, including vicarious liability, any negligence-based theory, contribution, indemnity, or any other theory based on any acts or failures to act by the Diocese or any other person or entity for whose acts or failures to act the Diocese is or was allegedly responsible.

17. "**Sexual Abuse Claimant**" means the person asserting a Sexual Abuse Claim against the Diocese. If the Sexual Abuse Claimant is a minor, a parent or legal guardian may complete this Sexual Abuse Proof of Claim on the minor's behalf. If the Sexual Abuse Claimant is deceased or incapacitated, the Sexual Abuse Claimant's legal representative or executor of the decedent's estate may complete this Sexual Abuse Proof of Claim on their behalf.

18. "**Verdict**" means any verdict, judgment, award or decision of a court, arbitrator, mediator or similar tribunal Concerning a Sexual Abuse Claim.

19. "**You**", "**Your**", and "**Yours**" means and refers to the Person responding to the relevant Request and each of its agents, accountants, financial advisors, employees, experts, attorneys, officers, directors, direct or indirect shareholders, members, representatives, affiliates, subsidiaries, predecessors and/or successors, as well as any other Person acting on Your behalf.

# REQUESTS FOR PRODUCTION

1. All Documents that You or anyone acting on Your behalf prepared, authored, sent, or received that interpret, refer to, relate to, or otherwise Concern insurance coverage for any Sexual Abuse Claim Concerning the Diocese.

2. All Documents Concerning Insurance Policies, including all declaration pages, coverage sheets or face sheets, and all forms and endorsements that are, or may be, a part of any insurance agreement that may provide a duty to defend or a duty to indemnify a Sexual Abuse Claim Concerning the Diocese, including, without limitation, primary, excess, self-insured, workers' compensation, umbrella or reinsurance policies.

3. All Documents Concerning the names and/or identifying information for the insurance carriers and/or insurance brokers for the Diocese, including, without limitation, primary, excess, self-insured, workers' compensation, umbrella or reinsurance policies.

4. All Documents Concerning any and all claims made under any Insurance Policies that are responsive to these Requests.

5. All Documents Concerning the amount or extent of coverage remaining under any Insurance Policies that are responsive to these Requests.

6. All Documents Concerning litigation against the Diocese Concerning Sexual Abuse Claims, including Documents that reflect any insurer who was involved in the defense or indemnification of such litigation and any insurer to whom the litigation was tendered for defense or indemnification.

7. All Documents that evidence, refer to, relate to, or otherwise Concern reinsurance under any other Insurance Policies Concerning the Diocese, including, but not limited to, (a) all Documents sent or received by You Concerning the collectability of reinsurance liability for Sexual Abuse Claims under Insurance Policies; and (ii) all Documents that constitute, evidence, refer to, relate to, or otherwise Concern any Communication between You and any reinsurer Concerning any Sexual Abuse Claim.

8. If You contend that the Diocese has not complied with any contractual conditions or obligations under any Insurance Policy in connection with any Sexual Abuse Claim, all Documents that Concern Your contention.

9. All Documents Concerning and sufficient to Identify each (a) Settlement, (b) Verdict in favor of a Person asserting a Sexual Abuse Claim, and (c) Verdict in favor of a Person defending a Sexual Abuse Claim, Concerning the Diocese, including the following information with respect to each such Settlement and Verdict:

   a. Your claim file and all Communications Concerning each such Sexual Abuse Claim;

b. All complaints or statements of claim associated with each Settlement and Verdict, including the filing date of the action, causes of action asserted, any consolidated action, jurisdiction and plaintiff's counsel;

c. The state of the relevant proceeding at the time of the Settlement or Verdict;

d. Amount of Settlement or award pursuant to or subject to the Verdict Concerning the relevant Sexual Abuse Claim(s), including the total Settlement or award amount, all sub-components of economic and non-economic Settlement or award amounts, and apportionment or allocation of Settlement or award amounts among each defendant or party against which the Sexual Abuse Claim was asserted;

e. With respect to a Verdict in favor of the defense Concerning a Sexual Abuse Claim, the amount of Sexual Abuse Claim subject to the Verdict, including total alleged amount of Sexual Abuse Claim and all alleged sub-components or economic and non-economic amounts of the Sexual Abuse Claim;

f. Description of the Sexual Abuse Claim, including, but not limited to: (i) actions of the Perpetrator giving rise to the Sexual Abuse Claim; (ii) number of instances of Abuse; (iii) year(s) of occurrence of Abuse at issue in the Sexual Abuse Claim; (iv) age of Sexual Abuse Claimant at time of Abuse alleged in the Sexual Abuse Claim; (v) identity of each defendant or party against which the Sexual Abuse Claim was asserted, including the alleged Perpetrator; (vi) state, city and county in which instance of Abuse at issue in the Sexual Abuse Claim occurred; and (vii) any other information or data collected, compiled, or maintained by You Concerning the Sexual Abuse Claim, including information Concerning the Sexual Abuse Claimant, the alleged Perpetrator, their respective backgrounds or histories Concerning the Abuse allegations, and Your knowledge of the same;

g. The number of accusations (aside from the Sexual Abuse Claim at issue) brought against the alleged Perpetrator;

h. The data of the Settlement or Verdict and any payments in connection therewith;

i. If the defense of the Sexual Abuse Claim was covered by an Insurance Policy, the Insurance Policy (including copy thereof) and identification of the insurance company;

j. Identity of source(s) of payment of the Settlement or Verdict amount, including if the Settlement or Verdict was paid in whole or in part from proceeds of an Insurance Policy, identification of the Insurance Policy, and insurance company;

k. All Documents Concerning coverage for the Settlement of any Sexual Abuse Claims and all drafts thereof, including, without limitation, consents (or lack thereof) of other insureds or insurers to enter into any such Settlement; and

l.  All Documents Concerning the Settlement or Verdict, including any court order approving or implementing same.

10. All Documents Concerning a Sexual Abuse Claim Concerning the Diocese not otherwise provided in response to the preceding Request.

11. The most recent loss run for each Insurance Policy Concerning You and the Diocese.

12. All Documents prepared by the Diocese Concerning Sexual Abuse Claims provided to You.

13. All Documents Concerning Sexual Abuse Claims provided by You to the Diocese.

14. All Documents that constitute, evidence, refer to, relate to, or otherwise Concern any reserve that You contemplated, established, set, maintained and/or changed regarding the Sexual Abuse Claims Concerning the Diocese for each Insurance Policy year.

15. All Documents that constitute, evidence, refer to, related to, otherwise Concern an Insurance Policy that provides or potentially provides coverage for Sexual Abuse Claims Concerning the Diocese.

16. All Documents, including, without limitation claims-handling manuals, guidelines, policies, practices, directives, and procedures, that Concern Your handling, processing, adjusting, review, investigation, evaluation, acceptance, denial, reservation of rights, or other response to sexual abuse claims, including the Sexual Abuse Claims Concerning the Diocese under any Insurance Policy.

17. All Documents Concerning Your policies, practices, and procedures that Concern valuing or evaluating sexual abuse claims, including Sexual Abuse Claims Concerning the Diocese that were filed after the expiration of any applicable statute of limitations or were filed in jurisdictions where the statute of limitations with respect to sexual abuse claims may change, including, without limitation, any policies, procedures, or practices that prohibit settling or otherwise resolving such sexual-abuse claims.

18. All minutes of or other Documents relating to every meeting of Your board of directors or managers, any committee or subcommittee thereof, any task force or working group thereof, or any of Your other executive task forces or working groups, during which there was discussion of the Diocese, the Insurance Policies Concerning You and the Diocese, Sexual Abuse Claims asserted against the Diocese, or the Diocese's claims for insurance coverage under Insurance Policies (whether or not regarding the Sexual Abuse Claims asserted against the Diocese), including without limitation, insurance coverage for such claims, including but not limited to handouts, agendas, attachments, and notes made by participants.

**EXHIBIT C**

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| The Diocese of Buffalo, N.Y., | Case No. 20-10322 (CLB) |
| Debtor. | |

**ORDER GRANTING THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING THE PRODUCTION OF AUDIT DOCUMENTS**

This matter coming before the Court on the motion (the "<u>Motion</u>") of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of The Diocese of Buffalo, N.Y. for entry of an order, pursuant to Bankruptcy Rule 2004, authorizing the examination pursuant of the Debtor and authorizing the examination of the parties identified on Exhibit "A" attached to the Motion (the "**Subpoena Parties**"), and the production of documents by the Subpoena Parties to the Committee;[4] the Court having reviewed and considered the Motion; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iii) notice of the Motion as described in the Motion was proper under the circumstances; and the Court having determined that the legal and factual bases in the Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

ORDERED that

    1.      The Motion is GRANTED, as set forth herein.

---

[4] Capitalized terms not defined herein shall have the meanings and definitions ascribed to them in the Motion.

2.        The Committee is authorized to, in its discretion, examine the Subpoena Parties pursuant to Bankruptcy Rule 2004 regarding the information sought through the Requests. The Diocese shall have the right to attend any such examination and to conduct its own examination of the Subpoena Parties.

3.        The Committee is authorized to issue subpoenas directing the Subpoena Parties' production of documents substantially as described in the Requests attached as Exhibit B to the Motion. The Committee shall provide the Diocese with copies of any responses it receives to the Requests.

4.        The Committee may issue other discovery requests and subpoenas to insurance brokers or insurance companies as may be necessary to identify other sources of insurance for the Diocese.

5.        Nothing contained herein shall prejudice the Committee's rights under Bankruptcy Rule 2004 and other applicable laws to seek further document productions and written and oral examinations in connection with this Case.

6.        The Court shall retain jurisdiction to hear and determine all matters arising from or related to implementing this Order

Dated: Buffalo, New York
      September __, 2023
                           _____

                           THE HONORABLE CARL L. BUCKI
                           CHIEF UNITED STATES BANKRUPTCY JUDGE