# **EXHIBIT A**

## **Declaration of Timothy W. Burns**

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| THE DIOCESE OF BUFFALO, N.Y., | ) Case No. 20-10322-CLB |
| Debtor. | ) |

## DECLARATION OF TIMOTHY W. BURNS IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY BURNS BAIR LLP AS SPECIAL INSURANCE COUNSEL EFFECTIVE AS OF OCTOBER 5, 2023

I, Timothy W. Burns, declare under penalty of perjury as follows:

1. I am a partner of the law firm Burns Bair LLP ("**Burns Bair**"), proposed special insurance counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of The Diocese of Buffalo, N.Y. (the "**Debtor**").

2. I submit this declaration in support of the *Application of the Official Committee of Unsecured Creditors to Retain and Employ Burns Bair LLP as Special Insurance Counsel Effective as of October 5, 2023* (the "**Application**")[1].

3. The facts set forth in this declaration are personally known to me, and, if called as a witness, I could and would competently testify thereto. To the extent any information disclosed herein requires subsequent amendment and/or modification, Burns Bair will use reasonable efforts to file a supplemental declaration reflecting such amended and/or modified information.

4. On October 5, 2023, the Committee selected Burns Bair as special insurance counsel, subject to approval of this Court.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

5. Burns Bair is a law firm with considerable experience in high-stakes insurance litigation, as well as domestic and international insurance arbitration. Burns Bair has experience advising and working in concert with other attorneys to navigate discrete insurance issues in the context of complex litigation proceedings. Burns Bair has successfully recovered substantial insurance proceeds in other actions involving insurance disputes arising from sexual abuse allegations involving Catholic dioceses.

6. Currently, Burns Bair serves as special insurance counsel in various diocesan matters, including the Roman Catholic Diocese of Rockville Centre, New York bankruptcy, Case No. 20-12345; the Roman Catholic Diocese of Syracuse, New York bankruptcy, Case No. 20-30663; the Diocese of Rochester, New York bankruptcy, Case No. 19-02021; the Roman Catholic Diocese of Albany, New York bankruptcy, Case No. 23-10244; the Roman Catholic Bishop of Oakland, California bankruptcy, Case No. 23-40523; and the Roman Catholic Bishop of Santa Rosa, California bankruptcy, Case No. 23-10113, among other representative matters.

7. Burns Bair has worked with prominent experts to produce persuasive reports on industry custom and practice regarding bad faith, claims handling, and liability coverage in abuse cases. Burns Bair has also briefed and argued numerous legal issues surrounding coverage for sexual abuse claims, including lost policies, the number of occurrences, the expected or intended exclusion, annualization of policy limits, waiver/estoppel, and many others.

8. Burns Bair will carefully coordinate all of its tasks to achieve case efficiencies and avoid duplication of efforts. Indeed, lead counsel for the Committee, Pachulski Stang Ziehl & Jones LLP, and Burns Bair have carefully planned their work streams to avoid any duplication of work and the firms will work proactively to make certain that their scope of work does not bleed into one another.

9. Burns Bair's standard hourly rates for attorneys and paraprofessionals are:

   a. Partners: $900 to $1120;
   b. Associates: $550; and
   c. Paraprofessionals: $360.

10. Due to the circumstances of this Case, the Firm proposes charging hourly rates that are substantially below its regular hourly rates. The Firm proposes to cap its rate for attorneys working on the case at $700 per hour and for paraprofessionals working on the case at $300 per hour.[2] Travel time will not be charged to the estate.

11. Burns Bair will maintain detailed, contemporaneous time records in six-minute intervals and apply to this Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Local Guidelines, the Fee Guidelines, and any additional procedures that may be established by the Court in this Chapter 11 Case. Burns Bair has agreed to accept as compensation and reimbursement such sums as may be allowed by the Court. Burns Bair understands that interim and final fee awards are subject to approval by this Court.

12. Burns Bair has made the following investigation of disinterestedness prior to submitting this Declaration. Burns Bair has undertaken a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters. The Firm requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through the Firm's database and to enter conflict information regarding new clients or new

---

[2] The standard hourly rates for the professionals primarily responsible for this matter are:
  a. Tim Burns, Partner: $1120;
  b. Jesse Bair, Partner: $900;
  c. Brian Cawley, Associate: $550;
  d. Nathan Kuenzi, Associate: $550; and
  e. Karin Jonch-Clausen, Associate: $550.

matters into that database. Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation. In particular, an employee of the Firm, under my supervision, entered the name of the Debtor, the creditors of the Debtor as disclosed by it in filings with the Court, counsel to the creditors of the Debtor as disclosed by the Debtor's in Court filings, and the U.S. Trustee through the Firm's database.

13. Other than as described below and with the exceptions of the representations noted in **Schedule 1** after diligent inquiry, I have ascertained (a) no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by section 1107(b) and Bankruptcy Rule 2014(a), between Burns Bair and any party in interest in this Chapter 11 Case, including with the Debtor, its creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in this Chapter 11 Case or their respective attorneys or accountants; (b) Burns Bair is not a creditor, equity security holder, or insider of the Debtor; (c) none of Burns Bair's lawyers is, or was within two years of the Petition Date, a director, officer, or employee of the Debtor; and (d) Burns Bair neither holds nor represents an interest adverse to the Debtor, its estate, or any class of creditors by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

14. Certain Committee members are represented by attorneys who represent committee members in the chapter 11 cases filed by the Roman Catholic Diocese of Rockville Centre, New York, the Diocese of Rochester, New York, the Diocese of Albany, New York, and the Diocese of Syracuse, New York, where Burns Bair serves as special insurance counsel. Those law firms are: Jeff Anderson & Associates, PA, Pfau Cochran Vertetis Amala PLLC, Merson Law, and the Law Office of Mitch Garabedian.

15. In addition, Burns Bair has represented, represents, and in the future will likely represent debtors and creditors' committees in cases unrelated to the Debtor and this proceeding wherein one or more of the firms representing the members of the Committee or other parties in interest serve as or will serve as professionals to committee members.

16. Burns Bair did not provide the Committee or any informal group of creditors of the Debtor with legal services prior to the Selection Date. Accordingly, Burns Bair has not received any prepetition compensation from the Committee or from any of its members.

17. Burns Bair will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, I will supplement this Declaration to the Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Madison, Wisconsin
October 19, 2023

*/s Timothy W. Burns*
Timothy W. Burns