## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| THE DIOCESE OF BUFFALO, N.Y., | Case No. 20-10322 (CLB) |
| Debtor. | |

## COVER SHEET TO SIXTH INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR FOR THE PERIOD FEBRUARY 1, 2023 THROUGH JULY 31, 2023

Name of Applicant: Pachulski Stang Ziehl & Jones LLP ("PSZJ")

Authorized to Provide Professional Services to: The Official Committee of Unsecured Creditors of the Debtor

Date of Order Authorizing Employment: Order entered June 3, 2020 [Doc 359] effective as of March 12, 2020

Period for Which Compensation is Sought: February 1, 2023 through July 31, 2023 (the "Sixth Compensation Period")[1]

Amount of Fees Sought: $338,440.00[2]

Amount of Expense Reimbursement Sought: $ 37,440.93[3]

This is PSZJ's Sixth Interim fee application.

| | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $700.00 |
| Blended Rate in this Application for All Timekeepers: | $689.09 |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed: | $0.00 |

---

[1] Some time and costs prior to this period were inadvertently omitted from the prior interim fee application. Such time and costs are now included as part of the present interim fee application.
[2] This amount reflects voluntary reductions totaling $104,300.00 to the Sixth Compensation Period.
[3] This amount reflects a voluntary reduction of $33.49 to the expenses in the June 2023 invoice.

| | |
|---|---|
| Compensation Sought in this Application Not Paid Pursuant to a Monthly Compensation Order: | $0.00 |
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed: | $0.00 |
| Expenses Sought in this Application Not Paid Pursuant to a Monthly Compensation Order: | $0.00 |

## I.   PRIOR STATEMENTS AND APPLICATIONS FILED

| Period Covered | Requested Fees | Requested Expenses | Approved/ Requested Fees | Approved/ Requested Expenses |
|---|---|---|---|---|
| 03/12/20 – 04/30/20 | $109,192.50 | $   625.07 | | |
| 05/01/20 – 05/21/20 | $152,307.50 | $   578.14 | | |
| 06/01/20 – 06/30/20 | $  41,562.50 | $1,006.09 | | |
| 07/01/20 – 07/31/20 | $  51,502.50 | $1,349.12 | | |
| 08/01/20 – 08/31/20 | $  33,130.00 | $   247.58 | | |
| First Interim Fee Application Covering Period March 12, 2020 – August 31, 2020 | | | $382,607.50[4] | $3,806.00 |
| 09/01/20 – 09/30/20 | $55,065.00 | $1,591.25 | | |
| 10/01/20 – 10/31/20 | $54,250.00 | $596.17 | | |
| 11/01/20 – 11/30/20 | $69,320.00 | $965.47 | | |
| 12/01/20 – 12/31/20 | $53,405.00 | $2,405.97 | | |
| 01/01/21 – 01/31/21 | $55,697.00 | $882.78 | | |
| 02/01/21 – 02/28/21 | $55,622.00 | $509.99 | | |
| 03/01/21 – 03/31/21 | $32,659.50 | $555.35 | | |
| 04/01/21 – 04/30/21 | $18,006.50 | $514.72 | | |
| 05/01/21 – 05/31/21 | $18,814.50 | $500.00 | | |
| Second Interim Fee Application Covering Period September 1, 2020 - May 31, 20, 2021 | | | $412,839.50 | $8,520.71 |
| 06/01/21 – 06/30/21 | $11,449.00 | $500.00 | | |
| 07/01/21 – 07/31/21 | $36,061.00 | $594.20 | | |
| 08/01/21 – 08/31/21 | $74,858.50 | $796.74 | | |
| 09/01/21 – 09/30/21 | $88,880.00 | $2,475.12 | | |
| 10/01/21 – 10/31/21 | $31,554.50 | $501.00 | | |

---

[4] In the Court Order approving the First Interim Fee Application, the Court approved $382,607.50 in fees which reflects a reduction of $1,562.50.

| Period Covered | Requested Fees | Requested Expenses | Approved/ Requested Fees | Approved/ Requested Expenses |
|---|---|---|---|---|
| 11/01/21 – 11/30/21 | $71,856.00 | $934.44 | | |
| 12/01/21 – 01/31/22 | $144,907.00 | $762.15 | | |
| Third Interim Fee Application Covering Period June 1, 2021 - January 31, 20, 2022 | | | $454,591.00[5] | $6,563.65 |
| 02/01/22 – 07/31/2022 | $305,730.00 | $22,823.12 | | |
| Fourth Interim Fee Application Covering Period February 1, 2022 - July 31, 2022 | | | $299,920.00[6] | $22,823.12 |
| 08/01/22 – 12/31/22 | $200,160.00[7] | $15,122.99 | | |
| 01/01/23 – 01/31/23 | $32,140.00 | $2,990.25 | | |
| Fifth Interim Fee Application Covering Period August 1, 2022 – January 31, 2023 | | | $229,800.00[8] | $18,113.24 |

[5] In the Court Order approving the Third Interim Fee Application, the Court approved $454,591.00 in fees which reflects a reduction of $2,000.00.
[6] In the Court Order approving the Fourth Interim Fee Application, the Court approved $299,920.00 in fees which reflects a reduction of $5,810.00.
[7] This amount includes a voluntary reduction of $1,750.00 to the fees requested.
[8] In the Court Order approving the Fifth Interim Fee Application, the Court approved $229,800.00 in fees which reflects a reduction of $2,500.00.

## II.     PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $700.00 | 6.20 | $    4,340.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $700.00 | 251.70 | $181,790.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $700.00 | 0.60 | $       420.00 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $700.00 $    0.00 | 314.40 7.50 | $220,080.00 $            0.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $700.00 | 6.90 | $    4,830.00 |
| Gillian N. Brown | Of Counsel 2016; Member of CA Bar 1999; Member of DC Bar 2008; Member of NY Bar 2010; Member of TX Bar 2018 (inactive) | $700.00 | 2.80 | $    1,960.00 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $700.00 | 33.30 | $   23,310.00 |
| Michael L. Cohen | Of Counsel 2023; Member of CA Bar since 2000 | $700.00 | 0.70 | $       490.00 |
| Cheryl A. Knotts | Paralegal | $300.00 | 1.40 | $       420.00 |
| Kerri L. LaBrada | Paralegal | $300.00 | 10.20 | $    3,060.00 |
| Yves P. Derac | Paralegal | $300.00 | 6.50 | $    1,950.00 |
| Diane H. Hinojosa | Secretary | $300.00 | 0.30 | $         90.00 |

Grand Total:     $442,740.00
Total Hours:          642.50
Blended Rate:       $689.09

### III. COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 6.70 | $ 4,690.00 |
| Bankruptcy Litigation | 3.80 | $ 2,340.00 |
| Case Administration | 14.10 | $ 6,310.00 |
| Claims Admin./Objections | 6.50 | $ 4,550.00 |
| Compensation of Professional | 24.60 | $ 13,860.00 |
| General Creditors Comm. | 50.10 | $ 35,070.00 |
| Hearing | 5.00 | $ 3,150.00 |
| Insurance Coverage | 101.00 | $ 70,700.00 |
| Mediation | 264.30 | $184,890.00 |
| Plan & Disclosure Statement | 0.80 | $ 560.00 |
| Retention of Prof/Others | 6.60 | $ 4,620.00 |
| Stay litigation | 11.00 | $ 7,700.00 |
| Travel (Written-off) | 148.00 | $104,300.00 |

### IV. EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[1] | Total Expenses |
|---|---|---|
| Air Fare | Delta Airlines; United Airlines; Jet Blue Airlines | $16,182.75 |
| Auto Travel Expense | KLS Worldwide Transportation; Buffalo Niagara Transportation Service; Uber; Mileage reimbursement; Executive Limousine Service | $ 2,276.79 |
| Business Meal | Go Donut; Bella Ciao; LGARossi Pizzeria; Hofbrauhaus Buffalo; Starbucks; Jake's Café; Spot Coffee; Westin Buffalo; TWA Roof Top; Oliver's Restaurant; Buffalo Tap House; Little Purse; Anchor Bar; Bacchus Wine Bar; EWR C3 | $ 1,297.56 |
| Delivery/Courier Service | Mobile Parcel Carriers | $ 72.00 |
| Express Mail | Federal Express | $ 159.57 |
| Hotel Expense | Embassy Suites; The Mosey Buffalo William; Courtyard by Marriott; Westin; Homewood Suites Edgewater | $10,484.03 |
| Legal Research | | $ 36.52 |
| Outside Services/ Litigation Support Vendors | Everlaw | $ 4,334.00 |
| Court Research / Research (on-line research) | Pacer | $ 1,303.20 |

---

[1] PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

| Expense Category | Service Provider (if applicable)[1] | Total Expenses |
|---|---|---|
| Postage | US Mail | $ 327.00 |
| Travel Expense | Agent Fee Service; United Airlines Wifi Service; Buffalo/Niagara Airport Cheektowaga; Mileage reimbursement; Hotel Tax | $ 967.51 |
| Write-off | Anchor Bar | $ 33.49 |

The total time expended in connection with the preparation of this application is not included herein, as additional time was expended after the Sixth Compensation Period.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated: October 31, 2023      */s/ Ilan D. Scharf*

James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Brittany M. Michael, Esq.
780 Third Ave., 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

E-mail:  jstang@pszjlaw.com
          isharf@pszjlaw.com
          bmichael@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| THE DIOCESE OF BUFFALO, N.Y., | Case No. 20-10322 (CLB) |
| Debtor. | |

## SIXTH INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR FOR THE PERIOD FEBRUARY 1, 2023 THROUGH JULY 31, 2023

Pachulski Stang Ziehl & Jones LLP ("**PSZJ**" or the "**Firm**"), counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of The Diocese of Buffalo, N.Y. (the "**Debtor**"), hereby submits its Sixth Interim fee application, pursuant to 11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure, for (a) allowance of interim compensation for professional services performed by PSZJ for the period commencing February 1, 2023 through July 31, 2023 (the "**Sixth Compensation Period**") in the amount of $338,440.00, and (b) reimbursement of its actual and necessary expenses in the amount of $37,440.93 incurred during the Sixth Compensation Period, on the following grounds:

## I.     JURISDICTION

1.     The Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for relief requested are sections 330 and 331 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II.     BACKGROUND

4.     On February 28, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor remains in possession of its property and continues to operate and maintain its organization as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     On March 12, 2020, the United States Trustee appointed the Committee, pursuant to section 1102 of the Bankruptcy Code.

6.     On or about April 6, 2020, PSZJ filed its application seeking to be employed in this case ("**Retention Application**").  As set forth in the declaration of James I. Stang in support of the Retention Application, due to the unique circumstances of this case, PSZJ proposed to charge hourly rates which are below its regular hourly rates, specifically, to charge its normal and customary hourly rates, subject to a cap of $700 per hour and not to charge for travel time.  On June 3, 2020, the Court entered its *Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors of the Debtor Effective as of March 12, 2020* (the "**Retention Order**") [Doc 359], authorizing the employment of PSZJ as counsel to the Committee effective as of March 12, 2020.  The Retention Order authorized PSZJ to apply for compensation for professional services rendered and reimbursement of expenses as set forth in the Retention

Application, subject to the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court.

7. PSZJ did not receive a retainer in connection with its employment and, to date, has only received compensation for services and reimbursement of expenses pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Members of Official Committees* (the "**Interim Compensation Order**") [Doc 362].

8. Copies of PSZJ invoices for the Sixth Compensation Period are attached hereto as Exhibits A to F and are incorporated herein by reference for all purposes.

**Summary of Services Rendered by PSZJ During the Sixth Compensation Period**

9. During the Sixth Compensation Period, PSZJ has rendered numerous, varied and substantial services to the Committee in connection with this case, including but not limited to:

**A.      Asset Analysis and Recovery**

10. This category relates to work regarding asset analysis and recovery issues. Services related to asset analysis are of utmost importance in this case because the extent, nature and value of assets available to compensate creditors were unknown at the beginning of this case. During the Sixth Compensation Period, the Firm, among other things:  (1) reviewed and analyzed newly produced financial information; (2) performed work regarding a financial analysis; (3) reviewed and analyzed issues regarding insurance reserves; and (5) reviewed and analyzed Stout appraisals and updated an asset chart.

Fees:  $4,690.00;     Hours:  6.70

**B.      Bankruptcy Litigation**

11.      This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court.  During the Sixth Compensation Period, the Firm, among other things: (1) reviewed and analyzed issues regarding outstanding discovery requests; (2) reviewed and analyzed the Diocese response regarding discovery issues; (3) performed work regarding property-related requests; and (4) conferred regarding bankruptcy litigation issues.

Fees:  $2,340.00;     Hours:  3.80

**C.      Case Administration**

12.      This category relates to work regarding administration of this case. During the Sixth Compensation Period, the Firm, among other things:  (1) prepared for and participated in teleconferences with Debtor's counsel regarding case issues; (2) maintained a memorandum of critical dates; (3) reviewed and analyzed case dockets regarding work flow scheduling issues; and (4) conferred and corresponded regarding case administration issues.

Fees:  $6,310.00;     Hours:  14.10

**D.      Claims Administration and Objections**

13.      This category relates to work regarding claims administration and claims objections, including work related to bar date issues, claim forms and the notice process.  During the Sixth Compensation Period, the Firm, among other things:  (1) reviewed and analyzed claims regarding an insurance analysis; (2) reviewed and analyzed claims filed after the bar date; and (3) conferred regarding claim issues.

Fees:  $4,550.00;     Hours:  6.50

**E.     PSZJ Compensation**

14.     This category relates to issues regarding the compensation of the Firm. During the Sixth Compensation Period, the Firm, among other things:  (1) performed work regarding the Firm's Fifth interim fee application and related exhibits; (2) reviewed and analyzed prior fee statements filed by the Firm and other professionals; (3) reviewed and analyzed the United States Trustee objections regarding non-Firm professionals; and (4) corresponded regarding compensation issues.

Fees:  $13,860.00;     Hours:  24.60

**F.     General Creditors Committee**

15.     This category relates to work performed with respect to the Committee and correspondence and discussion with Committee members and their individual counsel regarding the chapter 11 case.   During the Sixth Compensation Period, the Firm, among other things:  (1) prepared for and participated in meetings with the Committee regarding ongoing case issues; (2) prepared for and attended telephonic conferences with State Court Counsel regarding ongoing case issues; (3) performed work regarding meeting agendas; (4) responded to inquiries from claimants; and (5) conferred and corresponded regarding Committee issues.

Fees:  $35,070.00;     Hours:  50.10

**G.     Hearings**

16.     This category relates to preparation for and attendance at hearings. During the Sixth Compensation Period, the Firm, among other things:  (1) prepared for and

attended a hearing on February 27, 2023 regarding the Stout retention; (2) prepared for and attended a hearing on March 24 regarding mediation issues; (3) prepared for and attended a hearing on March 27, 2023 regarding mediator appointment issues; (4) prepared for and attended a hearing on June 5, 2023 on the motion to employ KLW; and (5) prepared for and attended a hearing on July 24, 2023 regarding an insurance motion.

Fees: $3,150.00; Hours: 5.00

### H. Insurance Coverage

17. This category relates to insurance coverage issues. During the Sixth Compensation Period, the Firm, among other things: (1) reviewed and analyzed a report from Diocese coverage counsel; (2) prepared for and attended a telephonic conference on March 22, 2023 with State Court Counsel and Diocese counsel regarding insurance issues; (3) reviewed and analyzed policies and secondary evidence of insurance; (4) reviewed and analyzed issues regarding Merchants coverage; (5) reviewed and analyzed a Wassau policy; (6) reviewed and analyzed the status of missing policies; (7) reviewed and analyzed issues regarding insurer demands; (8) reviewed and analyzed newly produced policy documents; (9) performed work regarding a memorandum to the Committee regarding coverage position and demands; (10) reviewed and analyzed aggregate issues; (11) reviewed and analyzed issues regarding morality clauses and sublimit issues; (12) performed work regarding a Bankruptcy Rule 2004 motion directed to insurers; (13) performed work regarding an agreement relating to archive access; (14) reviewed and analyzed issues regarding Catholic Mutual policies and abuse exclusions; (15) performed research regarding potential Diocesan insurers; (16) performed work regarding a

6

memorandum concerning Catholic Mutual coverage; and (17) corresponded and conferred regarding insurance issues.

Fees: $70,700.00;    Hours: 101.00

## I.    Mediation

18.    This category relates to mediation issues.   During the Sixth Compensation Period, the Firm, among other things:  (1) performed work regarding a supplemental mediation statement, and reviewed and analyzed a letter from a mediator; (2) reviewed and analyzed mediation strategy issues, demands and coverage scenarios; (3) reviewed and analyzed claim value issues; (4) prepared for and attended mediation sessions; (5) reviewed and analyzed insurance scenarios; (6) prepared for and attended telephonic conferences with mediator; (7) performed work regarding a compliance certificate relating to Parishes; (8) reviewed and analyzed issues regarding responses to a Diocese offer; and (9) conferred and corresponded regarding mediation issues.

Fees: $184,890.00;    Hours: 264.30

## J.    Plan and Disclosure Statement

19.    This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Sixth Compensation Period, the Firm, among other things, reviewed and analyzed, and conferred, regarding Plan issues.

Fees: $560.00;        Hours: 0.80

**K.  Other Professional Retention**

20.  This category relates to work regarding the retention of professionals, other than the Firm[1].  During the Sixth Compensation Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding the Stout retention; (2) reviewed and analyzed issues regarding the KLW retention application; (3) prepared for and attended a hearing on June 5, 2023 regarding the KLW retention; and (4) corresponded regarding retention of professionals issues.

Fees:  $4,620.00;  Hours:  6.60

**L.  Stay Litigation**

21.  This category relates to work regarding the automatic stay, relief from stay motions and other stay issues.  During the Sixth Compensation Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding an opposition to preliminary injunction of CVA cases against non-Debtor parties; (2) reviewed and analyzed strategy issues; (3) performed work regarding a Parish stay analysis; (4) reviewed and analyzed pleadings regarding Parish stays; (5) reviewed and analyzed issues regarding the stay relief process; (6) reviewed and analyzed a decision regarding Parish stay issues; and (7) conferred and corresponded regarding stay issues.

Fees:  $7,700.00;  Hours:  11.00

22.  The above-referenced description of services is not intended to be exhaustive of the scope of PSZJ's services rendered on behalf of the Committee.  A full

---

[1] This category also includes time in the PSZJ Retention category.

accounting of all services rendered on behalf of the Committee during the Sixth Compensation Period is contained in the related time records attached hereto as Exhibits A to F.

23.     As contained in the attached time records, PSZJ has expended a total of 642.50 hours during the Sixth Compensation Period representing the Committee in this case. The value of the services rendered to the Committee by PSZJ is $338,440.00 and PSZJ has incurred actual and necessary out-of-pocket expenses in the amount of $37,440.93 during the Sixth Compensation Period in connection with such professional services.

### III.     RELIEF REQUESTED

24.     By this application, PSZJ requests entry of an order, substantially in the form attached as Exhibit G:  (a) allowing, on an interim basis, $338,440.00 as compensation for professional services rendered and $37,440.93 as reimbursement of actual and necessary out-of-pocket expenses incurred during the Sixth Compensation Period in connection with such professional services, and (b) directing the Debtor to pay PSZJ the amount of $375,880.93 for the total unpaid portion of allowed fees and expenses for the Sixth Compensation Period.

### Professional Services Rendered During the Sixth Compensation Period

25.     The value of the professional services rendered to the Committee during the Sixth Compensation Period has been billed at rates normally charged by PSZJ for comparable services performed for other clients, subject to a $700/hour cap.  The requested fees in the amount of $338,440.00 are reasonable under the circumstances, and reflect the expertise of counsel in representing the Committee in this case.

26.     PSZJ has attempted to avoid any duplication of services by its professionals in rendering services.  When more than one professional participated in any conference or hearing, such joint participation was necessary because of the complexity of the legal issues involved, the various legal disciplines required, or the need to familiarize the professional with such matters so that he or she could independently perform further essential services in connection with this case.

27.     Each entry itemized in PSZJ's time records includes (a) use of a project category (each a "Project Category"), (b) a description of each activity or service that an individual performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by an individual performing the activity or providing service.  Attached as Exhibit H is a list of the aggregate recorded hours, blended rate and fees incurred for each Project Category.

**Actual and Necessary Expenses Incurred During the Sixth Compensation Period**

28.     During the Sixth Compensation Period, PSZJ has incurred actual and necessary out-of-pocket expenses in the total amount of $37,440.93.

29.     PSZJ seeks reimbursement for, among other things, the following types of expenses:  (a) copy expenses; (b) conference calls; (c) online research; (d) delivery services and couriers; (e) postage; (f) trial transcript costs; (g) travel expenses; and (g) miscellaneous expenses.  Below is a summary of the actual and necessary out-of-pocket expenses incurred on behalf of the Committee during the Sixth Compensation Period:

| EXPENSE CATEGORY | AMOUNT |
| --- | --- |
| **Travel Expense** | |
| Air Fare | $16,182.75 |
| Auto Travel Expense | $ 2,276.79 |

| | |
|---|---|
| Business Meal | $ 1,297.56 |
| Hotel Expense | $10,484.03 |
| Travel Expense | $ 967.51 |
| **Delivery/Courier Service** | $ 72.00 |
| **Online Research** | |
| PACER (on-line research) | $ 203.20 |
| Everlaw | $ 5,434.00 |
| Lexis/Nexis | $ 36.52 |
| **Postage** | $ 327.00 |
| **Express Mail** | $ 159.57 |
| **Written-off Expense** | -$ 33.49 |
| **Total:** | $37,440.93 |

All expense entries detailed in PSZJ's time records include an itemization of the expenses by category, the date the expense was incurred, and the amount of the expense. The requested expenses are of the kind customarily charged by PSZJ for similar items in other similar matters. All expenses were incurred on behalf of the Committee, and all expenses paid to outside vendors were billed in this case by PSZJ at the rate charged to PSZJ.

## IV.  GROUNDS FOR GRANTING RELIEF REQUESTED

30.  All of the services for which compensation is requested by PSZJ were performed for, or on behalf of, the Committee, and not on behalf of the Debtor, any creditor, examiner, trustee or any other entity.  In addition, PSZJ has not entered into any agreements to fix fees or share compensation as prohibited by 18 U.S.C. § 155 and 11 U.S.C. § 504.

31.  This interim application is made at this time due to the substantial amount of time devoted on behalf of the Committee during the Sixth Compensation Period and the impact that the expenditure of such an amount of time without further compensation will have upon PSZJ finances if compensation were delayed to a later time.  Thus, Applicant respectfully submits that, pursuant to Local Rule 2016-1 and the Interim Compensation Order, Applicant should not be required to await the conclusion of this case to request the relief sought in this interim fee application.

32.     As this Application demonstrates, the services that PSZJ has rendered on behalf of the Committee have been beneficial to the Committee and the Debtor's estate in that the services have been utilized to assist the Committee with those matters outlined above.

33.     The attorneys primarily responsible for representing the Committee in connection with this case, James I. Stang and Ilan D. Scharf, have extensive experience in representing creditors' committees, and in cases similar to this one.

34.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code that govern the Court's award of such compensation. See 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)-(B). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

35.    PSZJ has reviewed the requirements of each of the foregoing and believes that this application is in compliance with such requirements, as applicable.

36.    In addition to the foregoing specified services, PSZJ believes that it has performed further services which are not reflected in the time records. It is impossible to record the detail of each letter, telephone call, conference time or research. Many such hours have been performed to date, but PSZJ is not requesting compensation for them. Further, as set forth above, PSZJ has capped its hourly rate and is not charging for travel time.

37.    All services for which PSZJ seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Committee and were necessary and beneficial to the Committee. PSZJ worked diligently to anticipate or respond to the Committee's needs and assist in the navigation of this very complex chapter 11 case. The compensation requested herein is reasonable in light of the nature, extent, and value of such services rendered to the Committee.

38.    In connection with the matters covered by this application, PSZJ received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor's bankruptcy estate. There is no agreement or understanding

between PSZJ and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this case.

## V.  Valuation of Services

39.  Attorneys and paraprofessionals of PSZ&J expended a total 642.50 hours in connection with their representation of the Committee during the Sixth Compensation Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $700.00 | 6.20 | $    4,340.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983 Member of CA Bar since 1990 | $700.00 | 251.70 | $181,790.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $700.00 | 0.60 | $       420.00 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $700.00 $    0.00 | 314.40 7.50 | $220,080.00 $            0.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $700.00 | 6.90 | $    4,830.00 |
| Gillian N. Brown | Of Counsel 2016; Member of CA Bar 1999; Member of DC Bar 2008; Member of NY Bar 2010; Member of TX Bar 2018 (inactive) | $700.00 | 2.80 | $    1,960.00 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $700.00 | 33.30 | $  23,310.00 |
| Michael L. Cohen | Of Counsel 2023; Member of CA Bar since 2000 | $700.00 | 0.70 | $       490.00 |
| Cheryl A. Knotts | Paralegal | $300.00 | 1.40 | $       420.00 |
| Kerri L. LaBrada | Paralegal | $300.00 | 10.20 | $    3,060.00 |
| Yves P. Derac | Paralegal | $300.00 | 6.50 | $    1,950.00 |
| Diane H. Hinojosa | Secretary | $300.00 | 0.30 | $         90.00 |

**Grand Total:** **$442,740.00**
**Total Hours:** **642.50**
**Blended Rate:** **$689.09**

40.     To the extent time or disbursement charges for services rendered or expenses incurred relate to the Sixth Compensation Period but were not processed prior to the preparation of this application or PSZJ has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Sixth Compensation Period, PSZJ reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

41.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZJ has reviewed the requirements of Local Rule 2016 and the Interim Compensation Order signed on or about June 4, 2020 and believes that this Application complies with such Rule and Order.

## VI.     <u>NOTICE</u>

42.     Notice of this application is being given to (a) the Debtor, (b) the Debtor's counsel, (c) the U.S. Trustee, and (d) those parties who have appeared in this case or have requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, PSZJ respectfully requests the Court enter an order, substantially in the form attached as Exhibit G:  (i) allowing, on an interim basis, $338,440.00 as

compensation for professional services rendered and $37,440.93 as reimbursement of actual and necessary out-of-pocket expenses incurred during the Sixth Compensation Period in connection with such professional services; (ii) directing the Debtor to pay PSZJ the amount of $375,880.93 for the unpaid amounts incurred during the Sixth Compensation Period; (iii) allowing such compensation for professional services rendered and reimbursement of actual and necessary out-of-pocket expenses incurred without prejudice to PSZJ's right to seek additional compensation for services performed and expenses incurred during the Sixth Compensation Period, which were not processed at the time of this application; and (iv) granting PSZJ all other just and proper relief.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated: October 31, 2023          */s/ Ilan D. Scharf*
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Brittany M. Michael, Esq.
780 Third Ave., 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

E-mail:  jstang@pszjlaw.com
       isharf@pszjlaw.com
       bmichael@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

**CERTIFICATION**

Ilan D. Scharf, hereby declares under penalty of perjury:

a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"), and am admitted to appear before this Court.

b)      I am familiar with the work performed on behalf of the Committee by the lawyers and paraprofessionals of PSZJ.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Local Rule 2016 and the Interim Compensation Order signed on or about June 4, 2020 and believe that this Application substantially complies with such Rule and Order.


*/s/ Ilan D. Scharf*
Ilan D. Scharf