**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **THE DIOCESE OF BUFFALO, N.Y.,** | No. 1-20-10322-CLB |
| Debtor. | Hon. Carl L. Bucki |

### SIXTH INTERIM FEE APPLICATION OF GLEICHENHAUS, MARCHESE & WEISHAAR, PC, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE DEBTOR FOR THE PERIOD FEBRUARY 1, 2023 THROUGH JULY 31, 2023

Gleichenhaus, Marchese & Weishaar, PC ("GMW" or, the "Firm"), co-counsel to the Official Committee of Unsecured Creditors (the "Committee"), of The Diocese of Buffalo, N.Y. (the "Diocese" or, the "Debtor"), hereby submits its sixth interim fee application (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-1 of the Local Rules of Bankruptcy Procedure for the Western District of New York (the "Local Rules of Bankruptcy Procedure" or, "WDNY LBR"), for (a) allowance of interim compensation for professional services performed by GMW for the period from February 1, 2023 through July 31, 2023 (the "Sixth Interim Compensation Period"), in the amount of $33,298.50, and (b) reimbursement of its actual and necessary expenses incurred in the amount of $781.00 during the Sixth Interim Compensation Period, on the following grounds:

1

## JURISDICTION

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, and WDNY LBR 2016-1.

## BACKGROUND

4. On February 28, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its property and continues to operate and maintain its organization as a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. On March 12, 2020, the United States Trustee appointed the Committee, pursuant to Bankruptcy Code section 1102 [ECF No. 92]. After its appointment, the Committee selected GMW as its co-counsel. On November 2, 2022, the United States Trustee filed an *Amended Appointment of Committee of Unsecured Creditors* [ECF No. 2034].

6. On May 5, 2020, GMW filed its *Ex Parte Application to Employ Gleichenhaus, Marchese & Weishaar, PC as Co-Counsel to the Official Committee of Unsecured Creditors* (the "Retention Application") [ECF No. 296]. On June 17, 2020, the Court entered its *Order Authorizing and Approving the Employment of Gleichenhaus, Marchese & Weishaar, PC as Co-Counsel to the Official Committee of Unsecured Creditors of the Debtor Effective as of March 12, 2020* (the "Retention Order") [ECF No. 402], authorizing the employment of GMW as co-counsel to the Committee effective as of March 12, 2020.

7. The Retention Order approved the terms of the Committee's retention of GMW as

its co-counsel and authorizes GMW to apply for compensation for professional services rendered and reimbursement of expenses as set forth in the Retention Application, subject to the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court, as well as the guidelines promulgated by the Office of the United State Trustee.

8. On December 27, 2021, the Court entered an Order referring the Debtor's case and certain related adversary proceedings to mediation and appointed Hon. Michael J. Kaplan as the mediator (the "Mediator") [ECF No. 1512]. On February 3, 2022, the Court entered an Order directing that the mediation commence [ECF No. 1568]. On January 19, 2023, the Court entered an Order appointing Patrick H. Nemoyer as an additional mediator [ECF No. 2215].

### A. First Interim Fee Application

9. On December 30, 2020, the Court entered its *Order Granting First Interim Fee Application of Gleichenhaus, Marchese & Weishaar, P.C.* (the "First Fee Award") [ECF No. 797]. The First Fee Award was satisfied from the Diocese's estate.

10. As part of the First Fee Award, the Court required a ten (10%) percent holdback totaling $6,745.25 (the "First Holdback"), which remains unpaid.

### B. Second Interim Fee Application

11. On November 15, 2020, the Court held a hearing on the *Second Interim Fee Application of Gleichenhaus, Marchese & Weishaar, PC for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Co-Counsel to the Official Committee of Unsecured Creditors of the Debtor for the Period July 1, 2020 through May 31, 2021* [ECF No. 1299], at which appearances were made by Scott J. Bogucki, Esq. (Gleichenhaus, Marchese & Weishaar, PC, Co-Counsel to the Committee) and Brittany M. Michael, Esq. (Pachulski Stang Ziehl & Jones LLP, Co-Counsel to the Committee), as well as by

Joseph Allen, Esq. and Jill M. Zubler, Esq. (Office of the United States Trustee), and by Charles J. Sullivan, Esq. (Counsel to the Debtor) (the "Hearing").

12. On November 22, 2021, the Court entered its *Order Granting Second Interim Fee Application of Gleichenhaus, Marchese & Weishaar, PC for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Co-Counsel to the Official Committee of Unsecured Creditors of the Debtor for the Period July 1, 2020 through May 31, 2021* (the "Second Fee Award") [ECF No. 1386]. The Second Fee Award was satisfied from the Debtor's estate.

13. As part of the Second Fee Award, the Court required a holdback totaling $13,180.45 (the "Second Holdback"), which remains unpaid. The Second Fee Award states that "GMW may request an allowance of the balance in the amount of $13,180.45, upon further application to the Court pursuant to those comments made on the record at the Hearing[.]" *See* Second Fee Award at ¶ 7.

### C. Third Interim Fee Application

14. On June 27, 2022, the Court entered its *Order Granting Third Interim Fee Application of Gleichenhaus, Marchese & Weishaar, P.C. for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Co-Counsel to the Official Committee of Unsecured Creditors of the Debtor for the Period June 1, 2021 through January 31, 2022* (the "Third Fee Award") [ECF No. 1829]. The Third Fee Award was satisfied from the Diocese's estate.

15. As part of the Third Fee Award, the Court required a ten (10%) percent holdback totaling $12,412.90 (the "Third Holdback"), which remains unpaid.

### D. Fourth Interim Fee Application

16. On December 20, 2022, the Court entered its *Order Granting Fourth Interim Fee Application of Gleichenhaus, Marchese & Weishaar, P.C. for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Co-Counsel to the Official Committee of Unsecured Creditors of the Debtor for the Period February 1, 2022 through July 31, 2022* (the "Fourth Fee Award") [ECF No. 2171]. The Fourth Fee Award was satisfied from the Debtor's estate.

17. As part of the Fourth Fee Award, the Court required a ten (10%) percent holdback totaling $3,204.45 (the "Fourth Holdback"), which remains unpaid.

### E. Fifth Interim Fee Application

18. On July 6, 2023, the Court entered its *Order Granting Fifth Interim Fee Application of Gleichenhaus, Marchese & Weishaar, P.C. for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Co-Counsel to the Official Committee of Unsecured Creditors of the Debtor for the Period August 1, 2022 through January 31, 2023* (the "Fifth Fee Award") [ECF No. 2411]. The Fifth Fee Award was satisfied from the Debtor's estate.

19. As part of the Fifth Fee Award, the Court required a ten (10%) percent holdback totaling $1,789.25 (the "Fifth Holdback"), which remains unpaid.

### F. Sixth Interim Fee Application

20. GMW did not receive a retainer in connection with its employment and, to date, has only received compensation for services and reimbursement of expenses pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Members of Official Committees* (the "Interim Compensation Procedures Order") [ECF No. 362].

21. Notice and copies of GMW invoices for the Sixth Interim Compensation Period are attached as Exhibits A through F, and are incorporated herein by reference for all purposes.

22. During the Sixth Interim Compensation Period, GMW provided counsel to the Committee on a wide range of matters related to this chapter 11 case, including but not limited to those matters set forth below.

**SUMMARY OF SERVICES RENDERED BY GMW DURING THE SIXTH INTERIM COMPENSATION PERIOD**

23. During the Sixth Interim Compensation Period, as co-counsel to the Committee, GMW rendered numerous, varied, and substantial services to the Committee in connection with this case, including but not limited to:

**A.    Claims and Plan**

24. This category relates to work regarding a disclosure statement and plan of reorganization, including the Court directed mediation among the Debtor, the Committee, and other parties in interest, including but not limited to the Debtor's insurance carriers and its Parishes, as well as the stay of litigation facilitating the process. During the Sixth Interim Compensation Period, the Firm, among other things: (a) attended the in-person mediation sessions conducted on February 21 and 22, 2023, and again on March 29 and 30, 2023; (b) reviewed and analyzed various documents informing those mediation sessions; (c) reviewed and analyzed various correspondence from the Court-appointed mediator and co-mediator and other related documents; and (e) reviewed and analyzed monthly operating reports submitted by the Debtor to investigate and confirm assets available to fund a plan of reorganization and distributions to general unsecured creditors.

Fees: $17,814.50          Hours: 45.10

B.  **General Creditors Committee**

25. This category relates to work performed with respect to the Committee and the Committee members' state court litigation counsel. During the Sixth Interim Compensation Period, the Firm, among other things: (a) prepared for and participated in Committee teleconferences regarding various matters, including but not limited to various confidential mediation matters; (b) prepared for and participated in state court counsel teleconferences regarding various matters, including litigation, mediation, and other strategies; and (c) advised various individual creditors and attorneys on matters related to the bankruptcy case, its adversary proceedings, and other state court litigation issues.

    Fees: $10,625.50    Hours: 26.90

C.  **Compensation of Professionals & Hearings**[1]

21. This category relates to issues regarding applications for the approval of compensation by the Debtor's professionals and the retention of professionals by the Debtor. During the Sixth Interim Compensation Period, the Firm, among other things: (a) reviewed and analyzed numerous interim applications for compensation filed by the Debtor's professionals for compliance with the guidelines of the United States Trustee and other potential grounds for objection, and (b) attended a hearing on those applications on June 22, 2023.

    Fees: $4,858.50    Hours: 12.3

---

[1] This summary of services combines two task code categories: (i) Compensation of Professionals (10.80 hours; $4,266.00 total compensation sought); and (ii) Hearings (1.50 hours; $592.50 total compensation sought).

7

22.     The above-referenced description of services is not intended to be exhaustive of the scope of GMW's services rendered on behalf of the Committee during the Sixth Interim Compensation Period. A full accounting of all services rendered on behalf of the Committee within this time is contained in the related time records attached as Exhibits A through F.

23.     As contained in the attached time records, GMW has expended a total of 84.30 hours during the Sixth Interim Compensation Period representing the Committee in this case. The value of the services rendered to the Committee by GMW is $33,298.50, and GMW has incurred actual and necessary out-of-pocket expenses in the amount of $781.00 during the Sixth Interim Compensation Period in connection with such professional services.

## **RELIEF REQUESTED**

24.     By this Application, GMW requests entry of an order, substantially in the form attached as Exhibit G: (a) allowing, on an interim basis, $33,298.50 as compensation for professional services rendered and $781.00 as reimbursement of actual and necessary out-of-pocket expenses incurred during the Sixth Interim Compensation Period in connection with such professional services; and (b) authorizing and directing the Debtor to pay GMW the amount of $34,079.50 for the total unpaid portion of allowed fees and expenses for the Sixth Interim Compensation Period.

25.     In addition to the foregoing specified services, GMW believes that it has performed further services which are not reflected in the time records. It is impossible to record the detail of each letter, telephone call, conference time, or research. Many such hours have been performed to date, but GMW is not requesting compensation for them.

8

### A. Professional Services Rendered During Sixth Interim Compensation Period

26. The value of the professional services rendered to the Committee during the Sixth Interim Compensation Period has been billed at rates normally charged by GMW for comparable services performed for other clients. The requested fees in the amount of $33,298.50 are reasonable under the circumstances, and reflect the expertise of counsel in representing the Committee in this case.

27. GMW has attempted to avoid any duplication of services by its professionals in rendering services. When more than one professional participated in any conference or hearing, such joint participation was necessary because of the complexity of the legal issues involved, the various legal disciplines required, or the need to familiarize the professional with such matters so that they could independently perform further essential services in connection with this case.

28. Each entry itemized in GMW's time records includes: (a) use of a project category; (b) a description of each activity or service that an individual performed; and (c) the number of hours (in increments of one-tenth of an hour) spent by an individual performing the activity or providing service.

### B. Actual and Necessary Expenses Incurred During the Sixth Interim Compensation Period

29. During the Sixth Interim Compensation Period, GMW incurred actual and necessary out-of-pocket expenses in the total amount of $781.00.

30. GMW seeks reimbursement for, among other things, the following types of expenses: (a) copy expenses; and (b) postage. Below is a summary of the actual and necessary out-of-pocket expenses incurred on behalf of the Committee during the Sixth Interim Compensation Period:

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| Reproduction/Copy | $555.28 |
| Postage | $225.72 |
| Total | $781.00 |

All expense entries detailed in GMW's time records include an itemization of the expenses by category, the date the expense was incurred, and the amount of the expense. The requested expenses are of the kind customarily charged by GMW for similar items in other similar matters. All expenses were incurred on behalf of the Committee, and all expenses paid to outside vendors were billed in this case by GMW at the rate charged to GMW.

## GROUNDS FOR GRANTING RELIEF REQUESTED

31. Bankruptcy Code section 331 provides for interim compensation of professionals and incorporates the substantive standards of Bankruptcy Code section 330 that govern the Court's award of such compensation. *See* 11 U.S.C. § 331. Bankruptcy Code section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)–(B). Bankruptcy Code section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

32. Courts generally consider twelve factors in calculating whether the fees requested by professionals in a bankruptcy case are reasonable and necessary:

a. the time and labor required;
b. the novelty and difficulty of issues;
c. the skill necessary to perform the services properly;
d. the preclusion of other employment;
e. the customary fee;
f. whether the fee is fixed or contingent;
g. time limitations imposed by the client or circumstances;
h. the amounts involved and the results obtained;
i. the experience, reputation and ability of the professional;
j. the undesirability of the case;
k. the nature and length of the professional relationship to the client; and
l. awards in similar cases.

*See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Moreover, in awarding attorneys' fees, courts also consider whether the services rendered were reasonably likely to benefit the debtor's estate at the time they were performed. *See In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996), *rev'd on other grounds*, *Lamie v. U.S. Trustee*, 540 U.S. 526 (2004). Thus, as one court explained, the Court should focus on what a reasonable lawyer would have done at the time and not invoke a hindsight analysis:

11

> [I]t is important for a court to maintain "a sense of overall proportion," and not "become enmeshed in meticulous analysis of every detailed facet of the professional representation." It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the debtor] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston & Maine Corp. v. Moore (In re Boston & Maine Corp.)*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

33. All of the services for which compensation is requested by GMW were performed for, or on behalf of, the Committee, and not on behalf of the Debtor, any creditor, examiner, or trustee, or any other entity. In addition, GMW has not entered into any agreements to fix fees or share compensation as prohibited by 18 U.S.C. § 155 and 11 U.S.C. § 504.

34. As this Application demonstrates, the services that GMW has rendered on behalf of the Committee have been beneficial to the Committee, the Debtor's estate, and its unsecured creditors, in that the services have been utilized to assist the Committee with those matters outlined above.

35. The attorney primarily responsible for representing the Committee in connection with this case, Scott J. Bogucki, Esq., has extensive experience in representing creditors' committees, and in cases similar to this one.

36. GMW has reviewed the requirements of each of the foregoing and believes that this Application is in compliance with such requirements, as applicable.

37. All services for which GMW seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Committee and were necessary and beneficial to the Committee. GMW worked diligently to anticipate or respond to the Committee's needs and

assist in the navigation of this very complex chapter 11 case. The compensation requested herein is reasonable in light of the nature, extent, and value of such services rendered to the Committee.

38. In connection with the matters covered by this Application, GMW received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor's bankruptcy estate. There is no agreement or understanding between GMW and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this case.

## VALUATION OF SERVICES

39. Attorneys and paraprofessionals of GMW expended a total of 84.30hours in connection with their representation of the Committee during the Sixth Interim Compensation Period, as follows:

| Name of Professional | Position of the Applicant | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Scott J. Bogucki | Partner | $395.00 | 84.30 | $33,298.50 |

**Grand Total: $33,298.50        Total Hours: 84.30    Blended Rate: $395.00**

40. To the extent time or disbursement charges for services rendered or expenses incurred relate to the Sixth Interim Compensation Period but were not processed prior to the preparation of this Application or GMW has for any other reason not yet sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Sixth Interim Compensation Period, GMW reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

41. In accordance with the factors enumerated in Bankruptcy Code section 330, it is respectfully submitted that the amount requested by GMW is fair and reasonable given: (a) the

complexity of the case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, GMW has reviewed the requirements of WDNY LBR 2016–1 and the Interim Compensation Procedures Order, and believes that this Application complies with such Rule and Order.

### STATEMENT PURSUANT TO RULE 2016–1 OF THE LOCAL RULES OF BANKRUPTCY PROCEDURE

42. This interim Application is made at this time due to the substantial amount of time devoted on behalf of the Committee during the Sixth Interim Compensation Period and the impact that the expenditure of such an amount of time without further compensation will have upon GMW's finances if compensation were delayed to a later time. Thus, Applicant respectfully submits that, pursuant to Local Rule 2016-1 and the Interim Compensation Procedures Order, Applicant should not be required to await the conclusion of this case to request the relief sought in this interim fee application.

### NOTICE

47. Notice of this Application is being given to: (i) the Office of the United States Trustee for the Western District of New York; (ii) the Debtor; (iii) the Debtor's counsel; and (iv) those parties who have appeared in this case or have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, GMW respectfully submits that further notice of this Application is neither required nor necessary.

14

**WHEREFORE,** GMW respectfully requests the Court enter an order, substantially in the form attached as **Exhibit G:** (i) allowing, on an interim basis, $33,298.50 as compensation for professional services rendered and $781.00 as reimbursement of actual and necessary out-of-pocket expenses incurred during the Sixth Interim Compensation Period in connection with such professional services; (ii) authorizing and directing the Debtor to pay GMW the amount of $34,079.50 for the unpaid amounts incurred during the Sixth Interim Compensation Period; (iii) allowing such compensation for professional services rendered and reimbursement of actual and necessary out-of-pocket expenses incurred without prejudice to GMW's right to seek additional compensation for services performed and expenses incurred during the Sixth Interim Compensation Period, which were not processed at the time of this Application; and (iv) granting GMW all other just and proper relief.

Respectfully submitted,

Dated: Buffalo, New York
October 31, 2023

**GLEICHENHAUS, MARCHESE & WEISHAAR, P.C.**

/s/ Scott J. Bogucki, Esq.

By: Scott J. Bogucki, Esq.
43 Court Street, Suite 930
Buffalo, New York 14202-3100
Tel. 716/ 845-6446
Email sbogucki@gmwlawyers.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

# CERTIFICATION

Scott J. Bogucki, hereby declares under penalty of perjury:

a) I am a partner with the applicant law firm Gleichenhaus, Marchese & Weishaar, PC ("GMW"), and am admitted to appear before this Court.

b) I am familiar with the work performed on behalf of the Committee by the lawyers and paraprofessionals of GMW.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information, and belief. Moreover, I have reviewed Local Rule 2016 and the Interim Compensation Order signed on June 4, 2020 and believe that this Application substantially complies with such Rule and Order.

/s/ *Scott J. Bogucki*
Scott J. Bogucki

16

Case 1-20-10322-CLB, Doc 2589, Filed 10/31/23, Entered 10/31/23 16:04:58, Description: Main Document , Page 16 of 16