UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------------
In re

    THE DIOCESE OF BUFFALO, N.Y.,          BK 20-10322 CLB


                  Debtor.             DECISION & ORDER
--------------------------------------------------------

          Pachulski Stang Ziehl & Jones LLP
          Ilan D. Scharf, Esq., Brittany M. Michael, Esq.,
          James I. Stang, Esq. and Iain A. W. Nasatir, Esq., of counsel
          780 Third Avenue, 34th Floor
          New York, New York 10017
          Attorneys for Official Committee of Unsecured Creditors

          Bond, Schoeneck & King, PLLC
          Stephen A. Donato, Esq., of counsel
          One Lincoln Center
          Syracuse, New York 13202-1355
          Attorneys for The Diocese of Buffalo, N.Y.

          O'Melveny & Myers LLP
          Tancred V. Schiavoni, Esq. and
          Adam P. Haberkorn, Esq., of counsel
          Times Square Tower
          7 Times Square
          New York, New York 10036
          Attorneys for Aetna Insurance Company

          Clyde & Co US LLP
          Marianne G. May, Esq., of counsel
          340 Mt. Kemble Ave., Suite 300
          Morristown, New Jersey 07340
          Attorneys for Aetna Insurance Company

          Goldberg Segalla LLP
          Jonathan Schapp, Esq. and Adam R. Durst, Esq., of counsel
          665 Main Street
          Buffalo, New York 14203-1425
          Attorneys for Employers Insurance Company of Wausau,
          Wausau Underwriters Insurance Company, Nationwide
          Insurance Company of America, and Nationwide Mutual
          Insurance Company

Gibbons P.C.
Brett S. Theisen, Esq. and Robert K. Malone, Esq., of counsel
One Gateway Center
Newark, New Jersey 07102
Attorneys for Selective Insurance Company of New York

Kenney Shelton Liptak Nowak LLP
Judith Treger Shelton, Esq., of counsel
The Calumet Building
233 Franklin Street
Buffalo, New York 14202
Attorneys for Selective Insurance Company of New York

Coughlin Midlige & Garland LLP
William T. Corbett, Jr. Esq. and Laura A. Brady, Esq., of counsel
350 Mount Kemble Avenue
PO Box 1917
Morristown, New Jersey 07962
Attorneys for Selective Insurance Company of New York

Coughlin Midlige & Garland LLP
Steven G. Adams, Esq. and
Tanya M. Mascarich, Esq., of counsel
88 Pine Street, 28th Floor
New York, New York 10005
Attorneys for Arrowood Indemnity Company

Crowell & Moring LLP
Miranda Turner, Esq., of counsel
1001 Pennsylvania Ave, NW
Washington, DC 20004
Attorneys for National Union Fire Insurance Company of
Pittsburgh, Pa.

Crowell & Moring LLP
Mark D. Plevin, Esq., of counsel
3 Embarcadero Center, Ste 26th Floor
San Francisco, California 94111
Attorneys for National Union Fire Insurance Company of
Pittsburgh, Pa.

Carlton Fields, PA
Robert W. DiUbaldo, Esq., of counsel
405 Lexington Avenue, 36th Floor
New York, New York 10174-0002
Attorneys for National Union Fire Insurance Company of
Pittsburgh, Pa.

Barclay Damon LLP
Jeffrey A. Dove, Esq., of counsel
125 East Jefferson Street
Syracuse, New York 13202
Attorneys for The Continental Insurance Company

Gimigliano Mauriello & Maloney, PA
John Maloney, Esq., of counsel
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, New Jersey 07962-1449
Attorneys for Hartford Accident and Indemnity Company,
Hartford Fire Insurance Company and First State Insurance
Company

Dentons US LLP
Geoffrey M. Miller, Esq., of counsel
1221 Avenue of the Americas
New York, New York 10020
Attorneys for St. Paul Fire and Marine Insurance Company,
St. Paul Mercury Insurance Company, Travelers Casualty and
Surety Company, Traveler's Indemnity Company and U.S.
Fidelity and Guaranty Company

Office of the U.S. Trustee
Joseph W. Allen, Esq., Assistant U.S. Trustee
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, New York 14202

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

In this Chapter 11 case, the Official Committee of Unsecured Creditors has

moved under Bankruptcy Rule 2004 for authority to examine various entities and to serve subpoenas to compel a response. Issues include whether the movant has sustained its burden of proof to justify the broad scope of its proposed investigation.

The Diocese of Buffalo, N.Y., filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 28, 2020. Most of the claims in this case involve potential liability for alleged incidences of sexual abuse. Accordingly, on March 11, 2020, the United States Trustee created a Committee of Creditors (the "Committee") whose membership consists of six abuse claimants.

As enacted by the State of New York in 2019, the Child Victims Act reopened the statute of limitations to allow abuse victims an opportunity to assert claims that were otherwise barred by the passage of time. 2019 N.Y. Sess. Laws c. 11, § 3. The Committee represents that approximately 850 such claimants seek to recover damages from the Diocese and that many of these claims involve events that occurred prior to July 1, 1973. Despite the assistance of an insurance archivist, the debtor has been unable to locate policies of insurance providing general liability or excess liability coverage for that period of time. Without such coverage, the debtor may lack sufficient resources to fully compensate victims.

The Committee contends that the Diocese would likely have had insurance for injuries inflicted prior to July 1973, even if the physical certificates are not now accessible. Recognizing a need for information about coverage, the Committee moves for authority to issue subpoenas requiring various parties to produce documents and to provide deposition testimony. The motion seeks responses from eight named

entities and from such other insurance companies or brokers as the Committee may hereafter identify.

The present motion was served upon the eight entities targeted for examination and upon parties who have appeared in this bankruptcy proceeding. None of the eight designated entities oppose the requested relief. However, objections were filed by several insurance companies who were named as defendants in either of two adversary proceedings in which the debtor and its affiliates seek a declaratory judgment regarding the scope of insurance coverage. The Court has carefully considered all of the written objections, but will discuss only those issues that control this decision.

### Discussion

The effective administration of a bankruptcy case requires complete and accurate information regarding the affairs of a debtor. For this reason, Bankruptcy Rule 2004 allows a broad opportunity to collect data. Subdivision (a) of this rule provides that "[o]n motion of any party in interest, the court may order the examination of any entity." The inquiry, however, must have relevance. Thus, subdivision (b) of the Rule states that the examination "may relate only to the acts, conduct or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." In a case under Chapter 11, "the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan, and the consideration given or offered therefor, and any other

matter relevant to the case or to the formulation of a plan." Bankruptcy Rule 2004(b).

The Committee of Creditors is a party in interest within the meaning of Bankruptcy Rule 2004(a). Thus, it enjoys proper standing to move for access to information. For parties in interest, Rule 2004 permits an appropriately comprehensive probe. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). Nonetheless, this right of access is not unlimited. For purposes of the present discussion, we focus on three issues: (1) requirements for notice, (2) a demonstration of good cause, and (3) reasonableness in the scope of examination.

Bankruptcy Rule 2004(a) states that the Court may order an examination "[o]n motion." With respect to such a motion, Bankruptcy Rule 9014 directs that "reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." In the present instance, the Committee did serve eight named entities that it proposes to examine. As to these eight targets, we will hereafter give due consideration to the Committee's request. But the Committee further seeks an order authorizing "other discovery requests and subpoenas to insurance brokers or insurance companies as may be necessary to identify other sources of insurance of the Diocese." As to any such unidentified respondent, the Committee has given no notice and opportunity for hearing. Hence, the Court denies the request for examination of any party other than the eight designated entities.

Although Bankruptcy Rule 2004 allows "the examination of any entity," the movant must still demonstrate good cause for its probe. We accept the position stated in the Committee's motion that it needs "evidence of insurance coverage provided to

the Diocese and/or its related entities." But the allowable reach of investigation extends not to the universe, but only to possible repositories of knowledge. Here, the Committee asks to examine eight entities, but offers no explanation or reason for their designation. Are they parties with whom the Diocese did business or merely names from an insurance directory? A showing of good cause requires both a demonstration of need for information and some reason to believe that the respondent might possess that information. Because the latter is totally absent from the moving papers, we are unable to grant the Committee's request at this time.

Even upon a showing of good cause, an examination under Bankruptcy Rule 2004 must still remain reasonable in its scope. The Committee has identified a need for evidence of insurance coverage, but its proposed examination extends far beyond that subject. Prior to depositions, the movant seeks written responses to a twelve page questionnaire. Almost all of the questions relate not to the identification of insurance, but to knowledge about claims. We see no obvious purpose for such an investigation at this time. By setting a bar date, this Court has already established the process for identifying claims. Rather, the proper scope of an examination under Rule 2004 should here focus on locating insurance policies under which the Diocese and its affiliates may be insured. Beyond that limited inquest, we find no justification for the proposed examination.

## Conclusion

Under Bankruptcy Rule 2004, the Court can order the examination only of those identified parties that have been duly allowed the benefit of notice and an opportunity

to object.  As the party seeking an examination, the Committee must also satisfy the burden of proof to show good cause and the reasonableness of its request.  Because it has failed to sustain these requirements, the Committee's motion is denied at this time.  We recognize, however, that more limited relief may be appropriate and helpful to the expeditious administration of this bankruptcy.  Accordingly, a further hearing on the motion will be scheduled with another matter in this case at 10 A.M. on November 28, 2023.  On that occasion, the Court will allow the Committee to show good cause for the examination of particular respondents and to propose an appropriately defined scope of discreet inquiry.

So ordered.

Dated: November 14, 2023
      Buffalo, New York

Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.



NOV 1 4 2023

BANKRUPTCY COURT
BUFFALO, NY