UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) |
| | ) Case No. 20-10322 |
| The Diocese of Buffalo, N.Y., | ) |
| | ) Chapter 11 |
| Debtor. | ) |

# NOTICE OF MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DIOCESE TO RETAIN ALDRICH & COX, A SUBSIDIARY OF CRAIN, LANGNER & CO. AS AN INSURANCE AND RISK MANAGEMENT CONSULTANT PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE**, that on March 8, 2024, the Diocese of Buffalo, N.Y. (the "Diocese"), by and through its undersigned counsel, moved (the "Motion")[1] the United States Bankruptcy Court for the Western District of New York (the "Court") for entry of an order authorizing the Diocese to retain Aldrich & Cox, a subsidiary of Crain, Langner & Co., as an insurance and risk management consultant pursuant to sections 105(a) and 363(b) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE**, that any objections or responses to the Motion must conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Western District of New York and be served in accordance with Local Rule 9013-1 upon the following parties as soon as practicable: (i) counsel to the Diocese, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Charles J. Sullivan, Sara C. Temes, and Grayson T. Walter, (ii) the Office of the United States Trustee for the Western District of New York, 300 Pearl Street, Suite 401, Buffalo, NY 14202. Attn: Joseph W. Allen, (iii) counsel to the Official Committee of Unsecured Creditors, Pachulski, Stang, Ziehl & Jones, LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California, 90067-4003, Attn. James I. Stang, and 780 Third Avenue, 34th Floor, New York, New York, 10017-2024, Attn. Ilan Scharf, and (iv) those persons who have formally appeared and requested service in this case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

**PLEASE TAKE FURTHER NOTICE THAT**, a hearing to consider the Motion and any objections related thereto will be held before the Honorable Carl L. Bucki, Chief United States Bankruptcy Judge for the Western District of New York, on **March 21, 2024** at **10:00 a.m.** (prevailing Eastern time), or as soon thereafter as counsel can be heard.

**PLEASE TAKE FURTHER NOTICE THAT**, parties can choose to appear either (i) in person at the Robert H. Jackson U.S. Courthouse, 2 Niagara Square, Buffalo, New York or (ii) telephonically (call in 1-571-353-2301, Courtroom ID 483077448#, and security pin 9999#).

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

Dated: March 8, 2024                    BOND, SCHOENECK & KING, PLLC

By:  /s/ Stephen A. Donato
Stephen A. Donato
Charles J. Sullivan
Grayson T. Walter
Andrew S. Rivera
One Lincoln Center
Syracuse, NY 13202-1355
Telephone: (315) 218-8000
Fax: (315) 218-8100
Emails:  sdonato@bsk.com
         csullivan@bsk.com
         gwalter@bsk.com
         arivera@bsk.com

*Attorneys for The Diocese of Buffalo, N.Y.*

|  |  |
|---|---|
| In re: | ) |
|  | ) Case No. 20-10322 |
| The Diocese of Buffalo, N.Y., | ) |
|  | ) Chapter 11 |
| Debtor. | ) |
|  | ) |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE
DIOCESE TO RETAIN ALDRICH & COX, A SUBSIDIARY OF CRAIN,
LANGNER & CO. AS AN INSURANCE AND RISK MANAGEMENT CONSULTANT
PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE**

The Diocese of Buffalo, N.Y. (the "Diocese"), by and through its undersigned counsel, hereby moves the Court (this "Motion") for entry of an order substantially in the form attached hereto as ***Exhibit A***, authorizing the Diocese to retain, pursuant to 11 U.S.C. §§ 105(a) and 363(b), Aldrich & Cox, a subsidiary of Crain, Langner & Co. ("A&C") as insurance and risk management consultant for the Diocese. In further support of the Motion, the Diocese respectfully states as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule-based predicates for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq*., the "Bankruptcy Code"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") which provides the Court with discretion in managing this proceeding in a manner intended to secure a just, speedy and inexpensive resolution.

3

## BACKGROUND

4. On February 28, 2020 (the "Petition Date"), the Diocese filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Western District of New York (the "Court"), commencing the Diocese's chapter 11 case (this "Chapter 11 Case"). The Diocese continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for a trustee or examiner has been made in this Chapter 11 Case.

5. On March 11, 2020, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") pursuant to Bankruptcy Code section 1102 [Docket No. 92].

6. Information regarding the Diocese's history, business operations and structure, and the events leading up to this Chapter 11 Case is set forth in the *Affidavit of Rev. Peter J. Karalus Regarding Structure and Pre-Filing History of The Diocese of Buffalo and in Support of the Chapter 11 Petition and First Day Pleadings* and the *Affidavit of Charles Mendolera Regarding the Diocese's Assets and Operations and in Support of the Chapter 11 Petition and First Day Pleadings*, each of which was filed on the Petition Date and is incorporated herein by reference [Docket Nos. 7, 8].

*Diocese's Insurance Program*

7. Beginning on or about July 1, 1973, and at all times thereafter, the Diocese has maintained a joint insurance program (the "Insurance Program") which provides comprehensive risk management services and insurance coverage for the Diocese and also for parishes, schools and other Catholic ministry entities and institutions within the geographical territory of the Diocese (collectively, the "Program Participants").

8. Under the Insurance Program, the Diocese coordinates and administers insurance coverage, subject to applicable excess insurance policies, for (i) direct and indirect property loss, business interruption and equipment breakdown, (ii) general liability, bodily injury and property damage claims, including personal injury, employee benefits, sexual misconduct, employment practices, directors and officers, school board legal liability, cyber liability, errors and omissions, as well as automobile liability and physical damages, and (iii) workers' compensation.

9. The Diocese bills each Program Participant a portion of the overall cost of administering the Insurance Program. The Diocese is then responsible for paying all defense costs and claims for losses by Program Participants, up to the point of available excess coverage.

10. On April 21, 2020, this Court entered a final order authorizing the Diocese to continue to maintain the Insurance Program during the pendency of this Chapter 11 Case. [Docket No. 253].

*Strategic Review of Insurance Program*

11. A&C has agreed to provide consulting services to review and report on the effectiveness of current policies and program structure, and to present meaningful strategies to improve the Insurance Program for the future. A copy of A&C's proposed scope of services (the "A&C Proposal") is attached hereto as ***Exhibit B***.

12. A&C's proposed services include a review of the Insurance Program structure, historical underpinnings, participants, existing goals, recent performance, challenges borne out of the bankruptcy and other external factors, fixed and variable costs, and established operational plans. The focus of A&C's proposed services is not to audit past performance and operation of the Insurance Program, but instead, the historical review will be used to focus on developing strategic options for the future.

5

17197459.4
Case 1-20-10322-CLB, Doc 2831, Filed 03/08/24, Entered 03/08/24 12:27:21, Description: Main Document , Page 5 of 10

13. The estimated cost for A&C's proposed services will be $72,000, payable in three equal installments, with $24,000 due at project commencement, $24,000 due 30 days after project commencement, and $24,000 due 60 days after project commencement.

14. No retainer was requested for the services to be conducted by A&C, as set forth herein.

## RELIEF REQUESTED

15. The Diocese seeks entry of an order, substantially in the form attached hereto as *Exhibit A*, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, authorizing the Diocese to retain A&C as an insurance and risk management consultant in accordance with the terms of the A&C Proposal, outside the ordinary course of business.

16. The Diocese respectfully submits that retention of A&C as contemplated herein is within the Diocese's ordinary course of business, but the Diocese brings this Motion pursuant to section 363(b) in an abundance of caution.

17. Although the Diocese does not believe A&C is a professional whose retention must be approved under section 327 of the Bankruptcy Code, A&C has advised the Diocese that it has conducted a conflicts check and that to the best of A&C's knowledge, A&C does not hold any interest adverse to the Diocese's estate, nor does A&C have any connection with the Diocese.

18. Due to the unique nature of A&C's proposed engagement, the Diocese respectfully submits that payment of A&C's fees and expenses should be pre-approved as the use of estate funds outside the ordinary course of business pursuant to section 363(b) of the Bankruptcy Code, and not be subject to the procedures set forth in section 330 of the Bankruptcy Code or the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committees* [Docket No 362].

## BASIS FOR REQUESTED RELIEF

19. Section 363(b) of the Bankruptcy Code provides that the Diocese "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Further, pursuant to section 105(a) of the Bankruptcy Code, provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a).

20. In this circuit, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the debtor, such use should be approved. *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."); *see also Comm. Of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a business decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."); *In re Enron Corp.*, 2003 WL 1562202 2003 WL 1562202, at *19 (Bankr. S.D.N.Y. Mar. 21, 2003) ("Although section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize such transactions, courts in the Second Circuit, in applying this section in the context of sales, have required that it be based upon the sound business judgment of the debtor.").

21. Additionally, applications to retain consultants and similar non-bankruptcy related professionals have been approved pursuant to section 363(b) as an outside the ordinary course of business transaction without the requirement of burdensome section 327 and 330 retention and fee

applications. *See, e.g.*, *In re K.G. IM, LLC*, 620 B.R. 469, 478 (Bankr. S.D.N.Y. 2020) (authorizing retention of management consulting firm to perform "crisis management services" pursuant to section 363(b)); *In re Johns-Manville Corp.*, 60 B.R. 612, 620 (Bankr. S.D.N.Y. 1986)(holding that an individual hired to perform lobbying services was not a professional person under section 327 because they "performed a function completely external to the reorganization process"); *In re Genever Holdings, LLC*, No. 20-12411-JLG, 2021 WL 3919826, at *9 (Bankr. S.D.N.Y. Sept. 1, 2021) (holding that "a debtor can retain a management consultancy or similar firm to provide personnel to fill key officer roles of the debtor and manage the debtor's day-to-day business"); *In re Nine West Holdings, Inc.*, 588 B.R. 678 (Bankr. S.D.N.Y. 2018) (approving retention of management consulting firm to provide interim chief executive officer services); *In re Answers Holdings, Inc.* No. 17-0496 (SMB) (Bankr. S.D.N.Y. April 5, 2017); *In re BCBG Max Azria Glob. Holdings, LLC,* No. 17-10466 (SCC) (Bankr. S.D.N.Y. Mar. 29, 2017); *In re Avaya Inc.,* No. 17-10089 (SMB) (Bankr. S.D.N.Y. Mar. 20, 2017); *In re SunEdison, Inc.*, No. 16-10992 (SMB) (Bankr. S.D.N.Y. June 8, 2016); *In re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. Aug. 10, 2015).

22. The Diocese respectfully submits that engaging A&C to perform the services set forth in the A&C Proposal is a sound exercise of the Diocese's business judgment. The Diocese operates a sophisticated business and it is necessary to reassess its risk management strategies from time to time. Engaging a consultant with expertise in risk management will allow the Diocese to assess the effectiveness of the existing Insurance Program and identify potential areas of improvement and cost savings. Additionally, a consultant like A&C can assess whether the current program aligns with the Diocese's financial capabilities and goals, and whether the current implementation of the Insurance Program will be financially viable not only throughout the

Chapter 11 Case, but long into the future. The Diocese believes that the assessment to be undertaken by A&C will be important to achieve certain efficiencies and cost savings that will be necessary as the Diocese seeks to reorganize and emerge from chapter 11.

23. Therefore, the Diocese respectfully requests that the Court authorize the Diocese to retain A&C outside the ordinary course of business pursuant to sections 105 and 363(b) of the Bankruptcy Code and to compensate A&C for its services in accordance with the terms of the A&C Proposal, without any requirement to submit fee applications pursuant to section 330 of the Bankruptcy Code.

## **NO PRIOR REQUEST**

24. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, the Diocese respectfully requests entry of an order, substantially in the form attached hereto as *Exhibit A*: (i) authorizing the Diocese to retain A&C as an insurance and risk management consultant in accordance with the terms of the A&C Proposal pursuant to sections 105(a) and 363(b) of the Bankruptcy Code; and (ii) granting such other and further relief as is just and proper.

9

17197459.4
Case 1-20-10322-CLB, Doc 2831, Filed 03/08/24, Entered 03/08/24 12:27:21, Description: Main Document , Page 9 of 10

| | |
|---|---|
| Dated: March 8, 2024 | BOND, SCHOENECK & KING, PLLC |
| | By: /s/ Stephen A. Donato |
| | Stephen A. Donato |
| | Charles J. Sullivan |
| | Grayson T. Walter |
| | Andrew S. Rivera |
| | One Lincoln Center |
| | Syracuse, NY 13202-1355 |
| | Telephone: (315) 218-8000 |
| | Fax: (315) 218-8100 |
| | Emails: sdonato@bsk.com |
| | csullivan@bsk.com |
| | gwalter@bsk.com |
| | arivera@bsk.com |

*Attorneys for The Diocese of Buffalo, N.Y.*