

Adam R. Durst | Partner
Direct 716.844.3437 | adurst@goldbergsegalla.com

October 21, 2024

<u>**VIA ECF**</u>

Hon. Carl L. Bucki, Chief U.S.B.J.
United States Bankruptcy Court
 Western District of New York
2 Niagara Square
Buffalo, NY 14202

> **Re:** **The Diocese of Buffalo, N.Y.**
>
> | | |
> |---|---|
> | **BK Case No. 20-10322:** | **The Diocese of Buffalo, N.Y.** |
> | **Adv. Pro. No. 20-1009:** | **The Diocese of Buffalo, N.Y., et al. v. The Continental Insurance Company, et al.** |
> | **Adv. Pro. No. 21-1001:** | **All Saints Roman Catholic Church Society of Buffalo, et al. v. 21st Century Premier Insurance Company, et al.** |

Your Honor:

This firm represents Employers Insurance Company of Wausau (f/k/a Employers Insurance of Wausau A Mutual Company f/k/a Employers Mutual Liability Insurance Company of Wisconsin) and Wausau Underwriters Insurance Company (jointly "Wausau") in connection with Adversary Proceeding No. 20-01009 related to *In re The Diocese of Buffalo, N.Y.*, 20-10322CLB.[1] We write in response to the October 16, 2024 letters from counsel for The Diocese of Buffalo, N.Y. (the "Debtor") (Dkt No. 3241) and counsel for the Committee of Unsecured Creditors (the "Committee") (Dkt. No. 3243) regarding the selection of proposed mediators.

During oral argument at the hearing October 10, 2024, the Debtor reiterated its request for the Court to order the parties to proceed back to mediation with newly appointed mediators. As we indicated both at the October 10, 2024 hearing, as well as the hearing on the Debtor's preliminary injunction motion on September 24, 2024, Wausau remains ready and willing to continue its engagement in the mediation process, either with the Justice NeMoyer, the mediator previously requested by the Committee and appointed in this case, Judge Chapman and Mr. Finn, as proposed in the Debtor's October 16, 2024 letter, or some combination of the three.

We note that to date, the Committee has rejected the Debtor's insurers' efforts to engage in the mediation process with their selected mediator, yet, by their October 16, 2024 letter to the

---

[1] This firm also represents Nationwide Insurance Company of America, Employers Insurance Company of Wausau (f/k/a Employers Insurance of Wausau a Mutual Company f/k/a Employers Mutual Liability Insurance Company of Wisconsin), and Nationwide Mutual Insurance Company (f/k/a Farm Bureau Mutual Automobile Insurance Company) (collectively "Nationwide") in Adversary Proceeding No. 21-01001.

**Please send mail to our scanning center at:**

**OFFICE LOCATION** 665 Main Street, Buffalo, NY 14203-1425 | **PHONE** 716-566-5400 | **FAX** 716-566-5401 | **www.goldbergsegalla.com**
CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA

Hon. Carl L. Bucki, Chief U.S.B.J.
October 21, 2024
Page 2

Court, continues to request deference in selection of new mediators to facilitate a settlement in the face of what they have articulated is an impasse. As this Court is aware, the Committee was provided deference in its first selection of a mediator, Judge Annette Rizzo (Dkt. No. 2039), who 27 days later requested to be relieved of that assignment (Dkt. No. 2088). Seeking a second bite at the apple, the Committee requested the appointment of Justice NeMoyer. Again, providing deference to the Committee, the Court granted the Committee's request for Justice NeMoyer's appointment, though noting that "[i]f they make a recommendation that turns out not to be successful, it's their own fault."[2]

The Committee now simultaneously asserts there is an impasse, but that if we mediate, it be with their third selected mediator, Hon. Christopher Sontchi. Wausau acknowledges that a change in the dynamic of this case is necessary and that such a change must exist in the context of mediation; however, per the Committee's own admission, what it has requested to date has not worked. As such, any deference that may be requested by the Committee, particularly considering its refusal to engage in negotiations to date, should be rejected.

Wausau supports the Debtor's request that the parties be ordered back to mediation and that, to the extent new mediators are appointed, they be Mr. Paul Finn and the Hon. Shelly Chapman (retired). Thank you for your consideration.

Very truly yours,

Adam R. Durst

ARD:

cc:     All parties via ECF
Encl.

---

[2]     *See* page 3, lines 7 and 8 of the enclosed Transcript of Proceedings in this matter from December 7, 2022.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In Re:                                  1-20-10322(CLB)
                                        Chapter 11

The Diocese of Buffalo, NY,
                                        September 23, 2024
                    Debtor.             Buffalo, New York
------------------------------------------------------x
The Diocese of Buffalo, N.Y.,           A.P. 1-20-01016(CLB)
                    Plaintiff,
v.

JMH 100 Doe, et al.,
                    Defendant.
------------------------------------------------------x
**EXCERPT**


                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE CARL L. BUCKI
                UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:            SEE DOCKET




TRANSCRIBER:            Diane S. Martens
                        dmartensreporter@gmail.com



(Proceedings recorded by electronic audio recording,
 transcript produced by computer.)

1

2                    **P R O C E E D I N G S**

3                    \*            \*            \*

4

5      (**WHEREUPON,** the following is an excerpt taken from

6       proceedings held in this matter:

7      **THE COURT:**  All right.  Well, I appreciate that insight.

8      Anyone else want to tell me anything?

9      (No response.)

10     **THE COURT:**  All right.  Bear with me for just a moment.

11 I'm going to give you my decision but I just want to collect

12 my thoughts so just bear with me.  I want to review my notes

13 here before I give you my own view on the matter.

14     **MR. DONATO:**  Of course, of course.

15     (WHEREUPON, pause in proceedings.)

16     (Extraneous noise.)

17     **THE COURT:**  All right.  Here's what I'm going to do.  As

18 you know, I issued a decision on November 4th.  And I try to

19 be clear when I write but sometimes maybe I'm not as clear

20 as, perhaps, I should be.  I'm not saying that one way or the

21 other.

22     But the central principle of law that I followed was

23 that in the selection of the mediator of the supplemental

24 mediator in this instance, it was my view that I needed to

25 give deference to the party who was most at risk.  If this

In Re: Diocese of Buffalo - BK 20-10322/A.P. 01016

1  supplemental mediator doesn't work and I make a choice of my

2  own, it's my fault.  If the parties that are most at risk --

3  and I already expressed this in my prior decision -- I

4  believe that the victims are the parties that are most at

5  risk.  I don't need to say it again.  I think I've already

6  stated it on November 4th.

7       If they make a recommendation that turns out not to be

8  successful, it's their own fault.  Not my fault if that

9  mediator was less than capable of resolving the issues.

10      And, so, for that reason in my view on November 4th, I

11  needed to give deference to the view of the Committee because

12  the Committee is here acting on behalf of the victims.  It is

13  the victims who are most at risk.  Sadly, a number of victims

14  have already passed on.  They're never going to get any, see

15  any dollar recovery for their injuries.  And so we all know

16  the danger of delay and that danger falls primarily on the

17  victims.  And so I'm going to accept with some caveats the

18  recommendation of the Committee in this instance.

19      And what are those caveats?  One is that I'm not going

20  to -- no matter who they recommend -- I'm not going to accept

21  the recommendation of someone who lacks credentials.

22      I will say this:  That I've known Judge NeMoyer for a

23  long time.  He was a year ahead of me in high school and so

24  I've known him since 1960.  But aside from that, his term as

25  a U.S. Attorney coincided with the early years of my service

1  as the bankruptcy judge.  And it coincided also with Judge

2  Kaplan's service as a bankruptcy, as an active bankruptcy

3  judge.  And I am satisfied with his background that he has

4  the ability and the skills needed to serve as a mediator in

5  this instance.  I take some satisfaction in knowing that

6  Judge Kaplan served the Court, served as judge for the

7  Bankruptcy Court at the same time that Judge NeMoyer was

8  serving as U.S. Attorney.  And so there's some level of

9  familiarity with them -- or between the two of them and I

10  think that will be helpful in facilitating their cooperation.

11  And, so, I'm satisfied that he has the credentials.

12      If the Committee had recommended Mr. Van Osselaer, I

13  would have been satisfied with his credentials, as well.  I'm

14  fully satisfied with both of these individuals' credentials.

15  But I am also, as much as I'm satisfied with Mr. Van

16  Osselaer's credentials, I'm also satisfied with Mr. NeMoyer's

17  credentials.  And based on the recommendation of the

18  Committee -- which really was the determining factor when I

19  chose Judge Rizzo -- I'm prepared also to choose Judge

20  NeMoyer.

21      There's one additional caveat, though.  Judge NeMoyer --

22  and I know there's no affidavit from him, no letter -- and

23  I'm not surprised because the rules of the New York State

24  Code of Rules and Regulations is quite clear.  He cannot make

25  a commitment at this time until January 1st at the earliest.

1    There is also an ethics opinion which we researched that

2   says he can have conversations about his availability in the

3   near future but he cannot make a commitment and I would not

4   even suggest that he make a commitment.  On the other hand, I

5   want some sort of a commitment from him in letter form that

6   he's prepared to accept this assignment.  I did not do that

7   in the case of -- with Judge Rizzo and I think, perhaps, I

8   should have in hindsight because that's been a cause of

9   delay.

10    So what I'm looking for you to do is to -- and I'll put

11  this in the hands of the Committee because it's the Committee

12  making the proposal.  What I would ask you to do is to have a

13  letter available for the Court from Judge NeMoyer and I would

14  expect that to be coming in on or after January 1 in which he

15  acknowledges of his willingness to serve as mediator and in

16  which he confirms his fees, his fee expectations.

17    And if that comes in, then I would be prepared to sign

18  an order authorizing his appointment effective January 1 or

19  such other close date on which I actually receive his letter

20  of confirmation.  I don't think that can be done until

21  January 1, though.  But I don't think it really makes any

22  difference.  We're already on the 7th of December.  The

23  religious holidays coincide this year so that we have

24  Christmas and also Hanukkah basically occurring at about the

25  same time.  And I don't expect much to get done during the

In Re: Diocese of Buffalo - BK 20-10322/A.P. 01016

1  final two weeks of December anyway.

2      And certainly I invite the parties to -- I'm not going

3  to speak to Judge Kaplan about this because I don't for the

4  reasons I've already expressed -- but certainly I invite you

5  to contact his assistant, advising him that Court has

6  indicated its willingness to appoint Judge NeMoyer and that

7  he can begin preparations for that, such as trying to get

8  some dates cleared from the participants.

9      But I will authorize the appointment of Judge NeMoyer

10  based on the recommendation of the Committee and encourage

11  that you get me his letter or statement acknowledging his

12  willingness to serve.  And with that, I'm prepared to sign an

13  order authorizing his selection.  I think that should be done

14  sooner -- as soon as possible after the 1st of the year.  I

15  believe the 1st is a Sunday.  The 2nd is a federal holiday so

16  we're probably talking about the 3rd.  But we certainly are

17  prepared to move forward with that.

18      For the record, I had adjourned the motion to today's

19  date the motion that I heard last week about the bar date.

20  I've decided to write a brief opinion on that so everyone

21  understands exactly what I'm ruling.  And I'm hoping to get

22  that done, also, before the end of the month to give you a

23  headsup on where that issue is going so that that can be

24  linked in to the work that you're proceeding with in terms of

25  mediation.

In Re: Diocese of Buffalo - BK 20-10322/A.P. 01016

1    I certainly hope, although it's not within my -- I'm not

2    dictating how Judge Kaplan handles this mediation but it is

3    certainly my hope that you will proceed with mediation even

4    while there may be a period of time where you're waiting for

5    a bar date to pass.  Again, I'm not ruling today on that

6    question but I would hope that whatever I rule is not a cause

7    of delay in terms of proceeding with mediation.  My

8    expectation, which is based on what you parties have told me

9    is that -- and what's set forth in the debtor's motion for a

10   second bar date, is that the number of claims hopefully will

11   be far fewer than the Child Victim claims.  We certainly hope

12   that's the case.

13   But I want you to proceed with all the lipid speed

14   (phonetic) in trying to get this mediation advancing.  If it

15   doesn't advance, there will be a number of opportunities for

16   the Court to revisit the question.  Right now we have a

17   continuation of the Stay with respect to the parishes or the

18   application of the stay with respect to the parishes.  There

19   will be a time where that may be -- there may be a request

20   for me to continue that Stay.  I want everyone to know on

21   that occasion and at any other point where I have the

22   opportunity to inquire, my concern is, are we making progress

23   with mediation.  And if we don't make progress, then we'll be

24   shifting over to litigation.  As difficult as that may be for

25   everyone, if we can't get this settled, then we have to try

In Re: Diocese of Buffalo - BK 20-10322/A.P. 01016

1  it.  And part of that trial is to decide whether or not I

2  have consent, whether or not this is a court proceeding,

3  whether or not it -- and if it's not a court proceeding,

4  who's going to decide the issue.  Those are questions that I

5  may express no opinion today on.  And we will address those

6  in due course.

7       So, I ask the Committee if they can please forward to me

8  and docket an appropriate letter from Judge NeMoyer.  If that

9  is not forthcoming, say, by within the first week of January,

10 I would probably reschedule this hearing to have further

11 discussion on how do we proceed with the supplemental

12 mediator.

13      **MR. SCHARF:**  Your Honor, we will get you

14 (indiscernible).

15      **THE COURT:**  All right.  Any questions?

16      **MR. DONATO:**  Your Honor, just one point.

17 (Indiscernible) parish (indiscernible).

18      **THE COURT:**  That's fine.  I certainly welcome that.  I

19 would welcome a motion if there was no consent.

20      But in saying that, I make no -- I express no view on

21 how I would rule on any request for an expanded stay of

22 litigation against parishes and affiliates.  I'll take that

23 up when the motion is presented.

24      **MR. DONATO:**  Thank you.

25      **THE COURT:**  Thank you.

In Re: Diocese of Buffalo - BK 20-10322/A.P. 01016

1      Anything else.

2      (No response.)

3      **THE COURT:**  All right.  I thank you all.  And for many

4   of you, I'll look forward to hearing you on Monday when we

5   have the fee applications under consideration.

6      **MR. DONATO:**  Thank you, your Honor.

7      **MR. SCHARF:**  Thank you.

8      **THE COURT:**  All right.  Thank you, all.

9      With that, we stand in recess.

10      (WHEREUPON, proceedings adjourned.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                          *          *          *

4                **CERTIFICATE OF TRANSCRIBER**

5

6          In accordance with 28, U.S.C., 753(b), I

7   certify that this is a true and correct record of proceedings

8   from the official audio recording of the

9   proceedings held in the United States Bankruptcy Court

10  for the Western District of New York before the

11  Honorable Carl L. Bucki on December 7, 2022.

12

13

14  S/ Diane S. Martens

15  Diane S. Martens
    Transcriber

16

17

18

19

20

21

22

23

24

25