UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Case No. 20-10322 (CLB) |
| The Diocese of Buffalo, N.Y., | ) ) | Chapter 11 |
| Debtor. | ) ) ) |  |

**REPLY IN FURTHER SUPPORT OF THE DIOCESE'S OBJECTION WITH REPSECT TO PROOF OF CLAIM NOS. 957, 959, 963, 966, 968, 970, 972, 976, 979 AND 982**

The Diocese of Buffalo, N.Y., the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Diocese"), hereby files this reply (this "Reply") in further support of its *Objection to Allowance of Sexual Abuse Proof of Claim No. 957* [Docket No. 3393]*, Objection to Allowance of Sexual Abuse Proof of Claim No. 959* [Docket No. 3395]*, Objection to Allowance of Sexual Abuse Proof of Claim No.963* [Docket No. 3396], *Objection to Allowance of Sexual Abuse Proof of Claim No. 966* [Docket No. 3397], *Objection to Allowance of Sexual Abuse Proof of Claim No. 968* [Docket No. 3398], *Objection to Allowance of Sexual Abuse Proof of Claim No. 970* [Docket No. 3399], *Objection to Allowance of Sexual Abuse Proof of Claim No. 972* [Docket No. 3400], *Objection to Allowance of Sexual Abuse Proof of Claim No. 976* [Docket No. 3401], *Objection to Allowance of Sexual Abuse Proof of Claim No. 979* [Docket No. 3402] and *Objection to Allowance of Sexual Abuse Proof of Claim No. 982* [Docket No. 3403] (collectively, the "Objections")[1]. As and for its Reply, the Diocese respectfully submits as follows:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

19086390.v1-1/14/25

## REPLY

1. Proof of Claim Nos. 957, 959, 963, 966, 968, 970, 972, 976, 979 and 982 (collectively, "Claimants") each allege claims for loss of consortium stemming from the alleged sexual abuse of their spouse when said spouse was a child.

2. The Claimants, through counsel, filed a response [Docket No. 3498] to the Objections on January 10, 2025 (the "Response"). The Response argues that Claimants' loss of consortium claims are somehow viable because "Debtor's denial of abuse claims after the Child Victims Act was enacted caused a renewal of the emotional and psychological injuries to be endured by KS-Does." (Response at 3).

3. The CVA revived, for a finite period of time, causes of action "alleging intentional or negligent acts or omissions by a person for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute" certain sexual offenses under specifically listed sections of the New York Penal Law against a claimant when the claimant was less than 18 years of age.

4. As set forth in the Objections, the CVA by its express terms did not revive derivative claims for loss of consortium nor did it create a new accrual date for such claims; rather, as relevant here, it only revived certain previously time barred claims.

5. The predicate conduct for a revived cause of action cannot be the enactment of the CVA itself and the resulting emotional and psychological injuries, and no case law is relied upon for such a contention.

6. Here, the only actionable claimed predicate conduct – Penal Law Article 130 offenses against a child less than 18 years of age – allegedly occurred before the Claimants married their respective spouses.

- 2 -

19086390.v1-1/14/25
Case 1-20-10322-CLB, Doc 3505, Filed 01/14/25, Entered 01/14/25 15:39:59, Description: Main Document, Page 2 of 3

7. The rule in New York, as established by the New York Court of Appeals, is that a claim for loss of consortium is not viable unless the action complained of occurred subsequent to the marriage. *See Anderson v. Eli Lilly & Co.*, 79 N.Y.2d 797, 798 (1991) (holding that a "cause of action for loss of consortium does not lie if the alleged tortious conduct and resultant injuries occurred prior to the marriage."). It is undisputed that the alleged sexual abuse of a minor occurred prior to the Claimants' respective marriages and the subject proof of claims should be disallowed as against the Diocese.

## CONCLUSION

WHEREFORE, the Diocese respectfully requests that the Court grant the Objections and disallow and expunge Proof of Claim Nos. 957, 959, 963, 966, 968, 970, 972, 976, 979 and 982, together with such further relief as the Court deems just and proper.

Dated: January 14, 2025         BOND, SCHOENECK & KING, PLLC

By: /s/ Gregory J. McDonald
Gregory J. McDonald
Office and Post Office Address:
350 Linden Oaks, Third Floor
Rochester, New York 14625
Tel: (585) 362-4700
Fax: (585) 362-4701
Email: gjmcdonald@bsk.com

*Counsel to The Diocese of Buffalo, N.Y.*