UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

The Diocese of Buffalo, N.Y.,

　　　　　　Debtor.

Case No. 20-10322 (CLB)
Chapter 11

**REPLY IN FURTHER SUPPORT OF THE DIOCESE'S
OBJECTION WITH REPSECT TO PROOF OF CLAIM NOS. 912 AND 934**

The Diocese of Buffalo, N.Y., the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Diocese"), hereby files this reply (this "Reply") in further support of its *Objection to Allowance of Sexual Abuse Proof of Claim No. 912* [Docket No. 3389] and *Objection to Allowance of Sexual Abuse Proof of Claim No. 934*[1] [Docket No. 3390] (the "Objections")[2]. As and for its Reply, the Diocese respectfully submits as follows:

**REPLY**

1. Proof of Claim Nos. 912 and 934 each involve abuse claims that are related to the Boy Scouts of America ("BSA") and allege abuse that occurred after 1975. As such, both claims are released and channeled pursuant to the confirmed and effective BSA Plan of Reorganization (the "BSA Plan") [BSA Docket No. 10296] and may not be asserted against the Diocese in this case.

2. The firm of Lipsitz Green Scime Cambria LLP filed responses [Docket Nos. 3494 and 3495] to the Objections on January 9, 2025 (the "Response"). The Response argues that: (i)

---

[1] The Diocese has also filed an objection to POC934 on the grounds that the claims asserted therein have been released by that Claimant's execution and delivery of an Agreement and General Release and receipt of payment from the Diocese of an award of compensation through the Diocese's Independent Reconciliation and Compensation Program. [Docket No. 3359].

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

there is no proof that the Diocese is a "Participating Chartering Organization" or a "Limited Protected Party" under the BSA Plan; (ii) the Diocese has failed to establish that claims raised in POC912 and POC934 are released, channeled or enjoined pursuant to the BSA Plan; and (iii) the Objection is premature until entry of a "Final Order" of the BSA Plan.

**A.      The Diocese is a Participating Chartered Organization.**

3.      The Response's argument that the Diocese is not a Participating Chartered Organization ignores the terms of the RCAHC Settlement [Docket No. 1982-2] and this Court's November 8, 2022 Order, which, among other things, approved the RCAHC Settlement. [Docket No. 2053].

4.      Pursuant to the approved RCAHC Settlement, all non-debtor Roman Catholic Entities that did not expressly opt out of the BSA Plan are treated as Participating Chartered Organizations under the BSA Plan. The BSA Plan incorporates the RCAHC Settlement (attached as Exhibit J-3 to the BSA Plan) and provides as follows:

> Pursuant to the Roman Catholic Settlement, all Roman Catholic Entities, other than those that have specifically opted out of such treatment (and do not withdraw such opt-out) and other than those that are debtors in bankruptcy as of the Confirmation Date that have not advised Debtors' counsel in writing that they wish to make the Participating Chartered Organization Insurance Assignment, shall be treated as Participating Chartered Organizations.

BSA Plan at Article V.S.8 [BSA Docket No. 10296].

5.      The Diocese did not opt out of the Plan; rather, the Diocese advised BSA's counsel in writing that it wished to be treated as a Participating Chartered Organization. *See BSA Plan at Exhibit K* [BSA Docket No. 10296].

6.      The Diocese is, thus, a Participating Chartered Organization under the BSA Plan. In that capacity, the Diocese is also a "Limited Protected Party" under the BSA Plan. *See* BSA Plan at Article I.A.177 [BSA Docket No. 10296].

**B.     The BSA Plan Releases, Channels and Enjoins POC912 and POC934.**

7.     There is no dispute that POC912 and POC934 assert BSA-related abuse claims that occurred after 1975 and, as such, constitute Post-1975 Chartered Organization Abuse Claims under the BSA Plan. The Response contends, however, that the Diocese's objection is premature because no determination has been made as to whether each Claimant's claim will be allowed under the BSA Plan and no release has been signed by them.

8.     As shown in the Diocese's Objections, the allegations in POC912 and POC934 demonstrate that the asserted claims have been released as against the Diocese and their sole recourse is against the Settlement Trust established pursuant to the BSA Plan. The release and the channeling injunction in the BSA Plan became effective on the "Effective Date" of the BSA Plan, by its express terms. [BSA Docket No. 11123].

9.     Pursuant to the BSA Plan, after the Effective Date, the Claimants filing POC912 and POC934 are required to pursue their Post-1975 Chartered Organization Abuse Claim "exclusively against the Settlement Trust and processed, liquidated, and paid in accordance with the terms, provisions, and procedures of the Settlement Trust Documents." BSA Plan at Article III.B.10.b(iii); *see also* Article X.F.1 ("(b) the sole recourse of any holder of a Post-1975 Chartered Organization Abuse Claim against a Limited Protected Party on account of such Post-1975 Chartered Organization Abuse Claim shall be to and against the Settlement Trust pursuant to the Settlement Trust Documents, and such holder shall have no right whatsoever at any time to assert such Post-1975 Chartered Organization Abuse Claim against any Limited Protected Party or any property or interest in property of any Limited Protected Party,").

10.     Pursuant to the BSA Plan, after the Effective Date, the at-issue Claimants, as holders of Post-1975 Chartered Organization Abuse Claim, are "enjoined from prosecuting any

outstanding, or filing any future, litigation, Claims, or Causes of Action arising out of or related to such Post-1975 Chartered Organization Abuse Claim … against any of the Limited Protected Parties and may not proceed in any manner against any of the Limited Protected Parties in any forum whatsoever, including any state, federal, or non-U.S. court or any administrative or arbitral forum, and are required to pursue such Post-1975 Chartered Organization Abuse Claims and Pre-1976 Chartered Organization Abuse Claims solely against the Settlement Trust as provided in the Settlement Trust Documents." BSA Plan, Article III.B.10.b(iii).

11. And, pursuant to the BSA Plan, Claimants, as a holders of Post-1975 Chartered Organization Abuse Claim, as of the Effective Date, "shall be deemed to, expressly, conclusively, absolutely, unconditionally, irrevocably, and forever discharge and release: … (b) each and all of the Limited Protected Parties and their respective property and successors and assigns of and from all Post-1975 Chartered Organization Abuse Claims and any and all Claims and Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, in law, equity, or otherwise, whether for tort, fraud, contract, veil piercing or alter-ego theories of liability, successor liability, contribution, indemnification, joint liability, or otherwise, arising from or related in any way to such Post-1975 Chartered Organization Abuse Claims…" BSA Plan, Article X.J.3.

12. The Claimants are, admittedly, pursuing their sexual abuse claims against the BSA Settlement Trust. The outcome of that process does not, however, impact that POC912 and POC934 are, pursuant to the confirmed and effective BSA Plan, unenforceable against the Diocese and should be disallowed.

**C.     The BSA Plan is Effective by its Terms.**

13.     It is undisputed that the "Effective Date" of the BSA Plan occurred on April 19, 2023, when the Third Circuit denied a series of motions to stay the BSA Plan pending appeals, and that the BSA Plan is now effective. [BSA Docket No. 1123]. Yet, the Response argues that the BSA Plan remains contingent on entry of a "Final Order" and that the pending appeals may result in reversal of the BSA Plan.

14.     Pursuant to the express terms of the BSA Plan, the release and channeling injunction became effective on the "Effective Date." *See, e.g.*, BSA Plan, Art. III.B.10.b.iii ("As of the Effective Date, the Limited Protected Parties' liability for all Post-1975 Chartered Organization Abuse Claims … shall be assumed in full by the Settlement Trust without further act, deed, or court order and shall be satisfied solely from the Settlement Trust as set forth in the Settlement Trust Documents."); *id.,* Art. X.J.3 ("Releases by Holders of Abuse Claims. As of the Effective Date…."); *id.*, Art. X.F.1 ("on and after the Effective Date, all Persons that have held or asserted, currently hold or assert, or that may in the future hold or assert, … any Post-1975 Chartered Organization Abuse Claim against the Limited Protected … shall be permanently and forever stayed, restrained and enjoined…"); *id.*, Art. X.C. (plan becomes binding and effective on the Effective Date); *Notice of Entry of Confirmation Order* [BSA Docket No. 11123] ("Article X of the Plan contains important releases of the Debtors and certain third parties, exculpation, and injunction provisions, including, without limitation, the Channeling Injunction, the protection for Insureds and Co-Insureds of Settling Insurance Companies, the Post-Confirmation Interim Injunction, and the Insurance Entity Injunction. Pursuant to the Confirmation Order and Affirmation Order, all such provisions are now in full force and effect.").

- 5 -

19065197.v2-1/14/25
Case 1-20-10322-CLB,   Doc 3506,   Filed 01/14/25,   Entered 01/14/25 15:46:17,
Description: Main Document  , Page 5 of 7

15. Simply stated, a "Final Order" is not required to make the release and channeling injunction effective generally and, specifically, as to POC912 and POC934. *See In re The Roman Catholic Diocese of Rockville Centre, New York*, 652 B.R. 226, 227-28 (Bankr. S.D.N.Y. 2023) (disallowing nine scouting-related proofs of claim as such claims were released, channeled and enjoined against debtor pursuant to confirmed BSA chapter 11 plan).

16. While there are appeals of the BSA Plan Confirmation Order to the Third Circuit, that Court denied motions to stay the effectiveness of the BSA Plan pending those appeals. *See Order Denying Motions for a Stay Pending Appeal*, ECF No. 27, *In Re Boy Scouts of America*, No. 23-1664 (3d Cir. April 19, 2023). Unstayed chapter 11 plans – like the BSA Plan here – are routinely enforced pending appeal. *See In re The Roman Catholic Diocese of Rockville Centre, New York*, 652 B.R. at 234 (enforcing the channeling injunction of the confirmed BSA Plan notwithstanding the pending appeal); *In re Prudential Lines*, 170 B.R. 222, 244 (Bankr. S.D.N.Y. 1994) ("Thus, it has long been held that in the absence of a stay pending appeal of the plan confirmation, the bankruptcy court is entitled to implement the plan.").

17. Here, it is respectfully submitted that there is no basis for this Court stay the operation of the release and channeling injunction provided for in the BSA Plan when the Third Circuit refused to do so. In accordance with the BSA Plan, POC912 and POC934 are unenforceable against the Diocese and should be disallowed and expunged.

18. The Diocese is agreeable to a provision in an ensuing order granting the Objections allowing claims disallowed because of the BSA Plan to be refiled in the event that the order confirming the BSA Plan is reversed on appeal in a manner that said claims are no longer released and enjoined pursuant to the BSA Plan with respect to the Diocese.

## **CONCLUSION**

WHEREFORE, the Diocese respectfully requests that the Court grant the Objections and disallow and expunge Proof of Claim Nos. 912 and 934, together with such further relief as the Court deems just and proper.

Dated:  January 14, 2025	BOND, SCHOENECK & KING, PLLC

        By:	/s/ Gregory J. McDonald
            Gregory J. McDonald
            Office and Post Office Address:
            350 Linden Oaks, Third Floor
            Rochester, New York 14625
            Tel: (585) 362-4700
            Fax: (585) 362-4701
            Email:  gjmcdonald@bsk.com

            *Counsel to The Diocese of Buffalo, N.Y.*

- 7 -

19065197.v2-1/14/25
Case 1-20-10322-CLB,   Doc 3506,   Filed 01/14/25,   Entered 01/14/25 15:46:17,
Description: Main Document  , Page 7 of 7