**STATE OF NEW YORK**
**SUPREME COURT: COUNTY OF ERIE**

AB 527 DOE,

        Plaintiff,

v.

CITY OF BUFFALO

        Defendant.

Index No. _____

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANT:**

    **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to answer the Complaint, a copy of which is hereby served upon you, and to serve a copy of your Answer to the Complaint upon the undersigned attorneys listed below within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment by default will be taken against you for the relief demanded herein.

    Venue is proper pursuant to CPLR §504 in that defendant is situated in Erie County.

Dated: August 11, 2021

                _____
                Leah Costanzo, Esq.
                STEVE BOYD, PC
                40 North Forest Road
                Williamsville, NY 14221
                Telephone: (716) 400-0000
                lcostanzo@steveboyd.com

Jeffrey R. Anderson, Esq.
Michael Finnegan, Esq.
JEFF ANDERSON & ASSOCIATES, P.A.
55 West 39th Street, 11th Floor
New York, NY 10018
Telephone: (646) 760-7137
jeff@andersonadvocates.com

*Counsel for Plaintiff*

2

**STATE OF NEW YORK**
**SUPREME COURT: COUNTY OF ERIE**

AB 527 DOE,

              Plaintiff,

v.

CITY OF BUFFALO,

              Defendant.

Index No. _____

**COMPLAINT**

**DEMAND FOR JURY TRIAL**[1]

Plaintiff, by and through plaintiff's attorneys, states and alleges as follows:

## PSEUDONYM

1.     Plaintiff is authorized to file the instant action under a pseudonym and defendant is barred from disclosing plaintiff's true identity to the general public pursuant to an Amended Order of the Hon. Deborah A. Chimes. J.S.C. dated August 13, 2018, attached as **Exhibit A**.

## PARTIES

2.     At all times material to this Complaint, plaintiff resided in the State of New York.

3.     Whenever reference is made to any defendant entity, such reference includes that entity, affiliates, predecessors, and successors. In addition, whenever reference is made to any act, deed, or transaction of any entity, the allegation means that the entity engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or representatives while they were actively engaged in the management, direction, control, or transaction of the entity's business or affairs.

4.     At all times material, defendant City of Buffalo was a municipal entity duly formed and existing under the laws of the State of New York.

---

[1] Pursuant to §4 of the New York Child Victims Act, Plaintiff is entitled to a trial preference.

5.     At all times material, Robert F. Weber was an employee of defendant City of Buffalo.

## JURISDICTION

6.     This Court has jurisdiction pursuant to C.P.L.R. § 301 as defendant is a municipal corporation created and existing in the State of New York and because the unlawful conduct complained of herein occurred in New York.

7.     Venue is proper pursuant to C.P.L.R. § 504 in that defendant City of Buffalo is situated in Erie County.

8.     This Complaint is brought under the Child Victims Act and, as such, the filing of a Notice of Claim is not required.

## FACTS

9.     At all times material, Weber was employed by defendant City of Buffalo and remained under the direct supervision, employ, and control of defendant City of Buffalo.

10.     Defendant City of Buffalo placed Weber in positions where he had access to and worked with children as an integral part of his work. Specifically, defendant City of Buffalo placed and retained Weber at Tosh Collins Community Center, 35 Cazenovia Street, Buffalo, New York as a program director and club administrator.

11.     At all times material, plaintiff attended after school activities at Tosh Collins Community Center.

12.     Plaintiff, as a minor and vulnerable child, was dependent on defendant City of Buffalo and Weber. Defendant City of Buffalo had custody of plaintiff and was entrusted with the safety of plaintiff and, therefore, had responsibility and authority over plaintiff.

13.     From approximately 1970-1971, when plaintiff was approximately 9-10 years old,

2

Weber engaged in unpermitted sexual contact with plaintiff.

14. The unpermitted sexual contact of plaintiff by Weber occurred while plaintiff and Weber were permissibly on property owned, operated and maintained by defendant.

15. Defendant City of Buffalo knew or should have known that Weber was a danger to children before Weber sexually assaulted plaintiff.

16. Prior to the sexual abuse of plaintiff, defendant City of Buffalo learned or should have learned that Weber was not fit to work with children. Defendant City of Buffalo, by and through their agents, servants and/or employees, became aware, or should have become aware of Weber's propensity to commit sexual abuse and of the risk to plaintiff's safety. At the very least, defendant City of Buffalo knew or should have known that they did not have sufficient information about whether its employees, more specifically Weber, were fit to work with children.

17. Defendant City of Buffalo knew or should have known that there was a risk of the sexual abuse of children attending activities at the Tosh Collins Community Center and while on defendant's property. At the very least, defendant City of Buffalo knew or should have known that they did not have sufficient information about whether there was a risk of child sex abuse for children at the Tosh Collins Community Center.

18. Instead, defendant negligently deemed that Weber was fit to work with children and/or that any previous misconduct was fixed or cured and/or that Weber would not sexually assault children and/or that Weber would not injure children.

19. Defendant City of Buffalo owed plaintiff a duty of reasonable care because they had superior knowledge about the risk that Weber posed to plaintiff and/or the risks that its facilities posed to minor children.

20. Defendant City of Buffalo owed a duty to plaintiff to protect plaintiff from harm

3

because defendant City of Buffalo's actions created a foreseeable risk of harm to plaintiff. As a vulnerable child attending activities at the Tosh Collins Community Center, plaintiff was a foreseeable victim. As a vulnerable child who Weber had access to through Weber's employment with defendant City of Buffalo, plaintiff was a foreseeable victim.

21.     Defendant City of Buffalo also breached its duty to plaintiff by actively maintaining and employing Weber in a position of power and authority through which Weber had access to children, including plaintiff, and power and control over children, including plaintiff.

22.     Defendant City of Buffalo breached its duties to plaintiff. Defendant City of Buffalo failed to use ordinary care in determining whether its facilities were safe and/or determining whether it had sufficient information to represent its facilities as safe. Defendant City of Buffalo's breach of its duties include, but are not limited to: failure to protect plaintiff from a known or reasonably foreseeable danger; failure to have sufficient policies and procedures to prevent child sex abuse; failure to properly implement policies and procedures to prevent child sex abuse; failure to take reasonable measures to make sure that policies and procedures to prevent child sex abuse were working; failure to adequately inform families and children of the risks of child sex abuse; failure to investigate risks of child sex abuse; failure to have any outside agency test its safety procedures; failure to protect the children attending its programs and activities from child sex abuse; failure to adhere to the applicable standard of care for child safety; failure to investigate the amount and type of information necessary to represent the community center and its employees as safe; failure to train its employees properly to identify signs of child sexual abuse by fellow employees and to engage or timely engage certified health professionals.

23.     Defendant City of Buffalo also breached its duty to plaintiff by failing to warn plaintiff and plaintiff's family of the risk that Weber posed. Defendant further failed to warn

4

plaintiff or plaintiff's family of defendant City of Buffalo's knowledge of the occurrence of child sexual abuse.

24.     Defendant City of Buffalo additionally violated their duty by failing to report known and/or suspected abuse of children by Weber and/or its other agents to the police and law enforcement.

25.     Defendant City of Buffalo was negligent and/or made representations to plaintiff and plaintiff's family during each year of plaintiff's attendance during plaintiff's minority.

26.     As a direct result of defendant City of Buffalo's negligence as described herein, plaintiff has suffered, and will continue to suffer, great pain of mind and body, severe and permanent emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, humiliation, and other physical, personal, and psychological injuries. Plaintiff was prevented, and will continue to be prevented, from performing normal daily activities and obtaining the full enjoyment of life; and/or has incurred and will continue to incur expenses for psychological treatment, therapy, and counseling, and, upon information and belief, has and/or will incur loss of income and/or loss of earning capacity.

## AS AND FOR A FIRST CAUSE OF ACTION:
## NEGLIGENCE

27.     Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

28.     Defendant City of Buffalo owed plaintiff a duty of reasonable care to protect the Plaintiff from injury.

29.     Defendant City of Buffalo owed plaintiff a duty of reasonable care because defendant City of Buffalo had a special relationship with plaintiff.

30.     Defendant City of Buffalo also had a duty arising from its special relationship with

5

Plaintiff, Plaintiff's parents, and other parents of young, vulnerable children, to properly train and supervise its employees. The special relationship arose because of the high degree of vulnerability of the children entrusted to defendant City of Buffalo's care. As a result of the high degree of vulnerability and risk of sexual abuse inherent in such a special relationship, defendant City of Buffalo had a duty to establish measures of protection not necessary for persons who are older or better able to safeguard themselves.

31.     Defendant City of Buffalo owed plaintiff a duty to protect plaintiff from harm because defendant City of Buffalo had a special relationship with Weber.

32.     By representing Weber out as safe to work with children, and by undertaking the custody, supervision of, and/or care of the minor plaintiff, defendant City of Buffalo had and assumed a fiduciary relationship with minor plaintiff. As a result of plaintiff being a minor, and by defendant City of Buffalo's undertaking of the care of then vulnerable minor plaintiff, defendant City of Buffalo held a position of empowerment over plaintiff.

33.     Further, defendant City of Buffalo, by holding itself out as being able to provide a safe environment for children, accepted this position of empowerment. Defendant City of Buffalo thus entered a fiduciary relationship with plaintiff. Defendant City of Buffalo exploited its position of empowerment, putting plaintiff at risk to be sexually assaulted.

34.     By accepting custody of the minor plaintiff, defendant City of Buffalo established an *in loco parentis* relationship with plaintiff and in so doing, owed plaintiff a duty to protect plaintiff from injury.

35.     By establishing, operating and/or administrating the Tosh Collins Community Center, accepting the minor plaintiff as a participant in its activities, holding its facilities and activities out to be a safe environment for plaintiff, accepting custody of the minor plaintiff *in loco*

6

*parentis*, and by establishing a fiduciary relationship with plaintiff, defendant City of Buffalo entered into an express and/or implied duty to properly supervise plaintiff and provide a reasonably safe environment for children at the Tosh Collins Community Center. Defendant City of Buffalo also owed plaintiff a duty to properly supervise plaintiff to prevent harm from foreseeable dangers. Defendant City of Buffalo had the duty to exercise the same degree of care over minors under its control as a reasonably prudent parent would have exercised under similar circumstances.

36. By establishing and operating the Tosh Collins Community Center and by accepting the participation of the minor plaintiff in its activities, defendant City of Buffalo owed plaintiff a duty to properly supervise plaintiff to prevent harm from generally foreseeable dangers.

37. Defendant City of Buffalo owed plaintiff a duty to protect plaintiff from harm because defendant City of Buffalo was aware of plaintiff's presence on its property and aware that Weber posed a dangerous condition on defendant City of Buffalo's property.

38. Defendant City of Buffalo breached its duties to plaintiff by failing to use reasonable care. Defendant City of Buffalo's failures include, but are not limited to, failing to properly supervise Weber, failing to properly supervise plaintiff and failing to protect Plaintiff from a known danger.

39. As a direct result of the foregoing, plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

## AS AND FOR A SECOND CAUSE OF ACTION:
## NEGLIGENT HIRING

40. Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this court.

41. At all times material, Weber was employed by defendant City of Buffalo and was under defendant City of Buffalo's direct supervision, employ and control when he committed the

7

wrongful acts alleged herein. Weber engaged in the illegal conduct while acting in the course and scope of his employment with defendant City of Buffalo and/or accomplished the sexual abuse by virtue of his job-created authority.

42.     Defendant City of Buffalo negligently hired and/or negligently placed Weber in a position to cause foreseeable harm which plaintiff would not have been subjected to had defendant City of Buffalo taken reasonable care in its pre-hiring investigation of Weber.

43.     Defendant City of Buffalo knew or should have known of Weber's propensity for the type of behavior which resulted in plaintiff's injuries.

44.     As a result of the foregoing, plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

### AS AND FOR A THIRD CAUSE OF ACTION: NEGLIGENT TRAINING AND SUPERVISION

45.     Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

46.     At all times material, Weber was employed by defendant City of Buffalo and was under defendant City of Buffalo's direct supervision, employ, and control when he committed the wrongful acts alleged herein.  Weber engaged in the wrongful conduct while acting in the course and scope of his employment with defendant City of Buffalo and/or accomplished the sexual abuse by virtue of his job-created authority.

47.     Defendant City of Buffalo had a duty, arising from its employment of Weber, to ensure that Weber did not sexually molest children.

48.     Further, defendant City of Buffalo had a duty to train and educate employees and administrators and establish adequate and effective policies and procedures calculated to detect, prevent, and address inappropriate behavior and conduct between its employees and children.

8

49.     Defendant City of Buffalo was negligent in the training, supervision, and instruction of its employees. Defendant City of Buffalo failed to timely and properly educate, train, supervise, and/or monitor its agents or employees regarding policies and procedures that should be followed when sexual abuse of a child is suspected or observed.

50.     Defendant City of Buffalo was additionally negligent in failing to supervise, monitor, chaperone, and/or investigate Weber and/or in failing to create, institute, and/or enforce rules, policies, procedures, and/or regulations to prevent Weber's sexual abuse of plaintiff.

51.     In failing to properly supervise Weber, and in failing to establish such training procedures for employees and administrators, defendant City of Buffalo failed to exercise the care that a reasonably prudent person would have exercised under similar circumstances.

52.     As a direct result of the foregoing, plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

### AS AND FOR A FOURTH CAUSE OF ACTION: NEGLIGENT RETENTION

53.     Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

54.     Defendant City of Buffalo became aware or should have become aware of Weber's propensity for child sexual abuse and failed to take any further action to remedy the problem and failed to investigate or remove Weber from working with children.

55.     Defendant City of Buffalo negligently and/or recklessly retained Weber with knowledge of Weber's propensity for the type of behavior which resulted in plaintiff's injuries in this action.

56.     Defendant City of Buffalo negligently and/or recklessly retained Weber in a position where he had access to children and could foreseeably cause harm which plaintiff would

9

not have been subjected to had defendant City of Buffalo acted reasonably.

57.     In failing to timely remove Weber from working with children or terminate the employment of Weber, defendant City of Buffalo negligently and/or recklessly failed to exercise the degree of care that a reasonably prudent parent would have exercised under similar circumstances.

58.     As a direct result of the foregoing, plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

## AS AND FOR A FIFTH CAUSE OF ACTION:
## PREMISES LIABILITY

59.     Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

60.     Defendant owed plaintiff a duty to protect plaintiff from harm because defendant was aware of plaintiff's presence on its property and aware that Weber posed a danger on its property.

61.     By establishing, operating and/or administrating the Tosh Collins Community Center, accepting the minor plaintiff into its program, inviting the minor plaintiff on its property, and holding its facilities and programs out to be a safe environment for minor children such as plaintiff, defendant entered into and/or assumed an express and/or implied duty to properly supervise plaintiff and provide a reasonably safe environment for children on its property.

62.     Defendant breached its duties to plaintiff by failing to use reasonable care. Defendant's failures include, but are not limited to, failing to properly supervise Weber, failing to properly supervise plaintiff, and failing to protect plaintiff from a known danger on its property.

63.     As a direct result of defendant's breach of its duties, plaintiff was subjected to sexual abuse by Weber on defendant's property.

10

64.     As a direct result of the foregoing, plaintiff sustained physical, emotional, and psychological injuries, along with pain and suffering.

### AS AND FOR A SIXTH CAUSE OF ACTION:
### BREACH OF STATUTORY DUTY TO REPORT

65.     Plaintiff incorporates all consistent paragraphs of this Complaint as if fully set forth under this count.

66.     Defendant became aware or should have become aware of suspected incidents of child abuse and/or maltreatment by Weber and failed to take any action to report, remedy or otherwise investigate the child abuse and/or maltreatment and remove Weber from working near or with access to children.

67.     Pursuant to New York Social Services Law § 413, defendant had a mandatory duty to report suspected abuse or maltreatment of plaintiff.

68.     Defendant and/or its agents violated this statutory duty by failing to report known and/or suspected abuse of children, including plaintiff, by Weber to law enforcement.

69.     Defendant's failure to report was both knowing and willful.

70.     As a direct result of the foregoing, plaintiff was prevented from receiving the benefit of a thorough investigation and prompt medical attention, and has sustained, and will continue to sustain physical, emotional, and psychological injuries, along with pain and suffering.

71.     Plaintiff's damages are the direct result of defendant's failure to report and are fully recoverable pursuant to New York Social Services Law § 420.

### PRAYER FOR RELIEF

WHEREFORE, based on the foregoing causes of action, plaintiff prays for judgment against Defendant in an amount that will fully and fairly compensate plaintiff for plaintiff's injuries and damages, and for any other relief the Court deems appropriate. The amount of damages sought

11

in this Complaint exceeds the jurisdictional limits of all lower courts which would otherwise have

jurisdiction.

DATED: August 11, 2021

Leah Costanzo, Esq.
**STEVE BOYD, PC**
40 North Forest Road
Williamsville, NY 14221
Telephone: (716) 400-0000
lcostanzo@steveboyd.com

Jeffrey R. Anderson, Esq.
Michael Finnegan, Esq.
**JEFF ANDERSON & ASSOCIATES, P.A.**
55 West 39th Street, 11th Floor
New York, NY 10018
Telephone: (646) 760-7137
jeff@andersonadvocates.com
mike@andersonadvocates.com

*Counsel for Plaintiff*

12

in this Complaint exceeds the jurisdictional limits of all lower courts which would otherwise have

jurisdiction.

DATED: August 11, 2021

_____
Leah Costanzo, Esq.
STEVE BOYD, PC
40 North Forest Road
Williamsville, NY 14221
Telephone: (716) 400-0000
lcostanzo@steveboyd.com

Jeffrey R. Anderson, Esq.
Michael Finnegan, Esq.
JEFF ANDERSON & ASSOCIATES, P.A.
55 West 39th Street, 11th Floor
New York, NY 10018
Telephone: (646) 760-7137
jeff@andersonadvocates.com
mike@andersonadvocates.com

*Counsel for Plaintiff*

12

FILED: ERIE COUNTY CLERK 09/27/2029 02:58 PM

NYSCEF DOC. NO. 2
NYSCEF DOC. NO. 7

INDEX NO. 812625/2029
INDEX NO. 809838/2019
RECEIVED NYSCEF: 09/27/2029
RECEIVED NYSCEF: 08/13/2019

At a Special Term of the Supreme Court of the
State of New York held in and for the
County of Erie at the Erie County Courthouse, 50
Delaware Avenue, Part 33, Buffalo, NY 14202, on
the 9th day of August, 2019.

**PRESENT:**   Hon. Deborah A. Chimes, J. S.C.
Supreme Court Justice

---

AB 1 Doe

        Petitioner,

vs.

John Doe(s) 1 - 5

        Respondent.

*Amended*
**ORDER**

Index No.: 809838/2019

---

Petitioner AB 1 Doe having moved ex parte for an Order granting Petitioner the right to

file a claim in the Eighth Judicial District under the Child Victims Act using the pseudonym AB

1 Doe, directing the parties handling such claim not to disclose Petitioner's identity to the

general public, and granting all other Plaintiffs filing claims under the Child Victims Act the

same relief with respect to proceeding under a pseudonym, and

Petitioner AB 1 Doe, by Petitioner's attorney, Stephen Boyd, Esq., of counsel to Steve

Boyd, PC, having moved for an Order granting Petitioner the right to file a claim in the Eighth

Judicial District under the Child Victims Act using the pseudonym AB 1 Doe, directing the

parties handling such claim not to disclose Petitioner's identity to the general public, and

granting all other Plaintiffs filing claims under the Child Victims Act the same relief with respect

to proceeding under a pseudonym, and

1

FILED: ERIE COUNTY CLERK 09/27/2022 02:58 PM
NYSCEF DOC. NO. 2
NYSCEF DOC. NO. 7

INDEX NO. 812625/2022
RECEIVED NYSCEF: 09/27/2022
RECEIVED NYSCEF: 08/13/2019

UPON reading the Notice of Ex Parte Petition and the Petition of Stephen Boyd, Esq.,
sworn to the 6th day of August, 2019, in support of Petitioner's request, and

UPON reading the *amicus curiae* affirmation of attorney Christopher J. O'Brien, Esq., of
counsel to O'Brien and Ford, PC, sworn to the 8th day of August, 2019, and the accompanying
affidavit of psychotherapist David G. Heffler, PhD, LMHC, sworn to the 8th day of August,
2019, in support of Petitioner's request, and

UPON hearing oral argument by Steve Boyd, PC, Steve Boyd, Esq., of counsel, in
support of Petitioner's request, and

UPON due deliberation thereon, it is hereby,


ORDERED:

That Petitioner is permitted to use of the pseudonym "AB 1 Doe" and the caption "AB 1
Doe vs. John Doe(s) 1-5," in a claim to be brought under the Child Victims Act; and it is further


ORDERED:

That Petitioner is permitted to file an action under the Child Victims Act using the
pseudonym "AB 1 Doe" and it is further


ORDERED:

That the parties to such claim brought under the Child Victims Act are to refrain from
disclosing Petitioner's true identity to the general public and direct all individuals or entities to
whom disclosure is necessary during the course of the litigation that they are barred under this
Order from disclosing Petitioner's true identity to the general public; and it is further

FILED: ERIE COUNTY CLERK 09/27/2022 02:58 PM

NYSCEF DOC. NO. 2

NYSCEF DOC. NO. 7

INDEX NO. 812625/2022

RECEIVED NYSCEF: 09/27/2022

RECEIVED NYSCEF: 08/13/2019

ORDERED:

That all papers filed in the Child Victims Act action, and all judgments, orders, decisions,

notices to the Court and any other documents relating to the action refer to the Petitioner as "AB

1 Doe," and it is further

ORDERED:

That all other Anderson/Boyd Plaintiffs filing claims under the Child Victims Act in the

Eighth Judicial District are granted the same relief granted to Petitioner as set forth above, with

each Plaintiff's pseudonym to consist "AB" and a numeric designation.

ENTERED:

_____ 8|13|19
Hon. Deborah A. Chimes, J.S.C.

GRANTED:

3