UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re:  Case No. 20-10322(CLB)

The Roman Catholic Diocese of   Chapter 11
Buffalo, New York
        Debtor.

---

**MOTION OF AB 527 DOE & AB 529 DOE FOR RELIEF FROM AUTOMATIC STAY**

---

Child Victims Act ("CVA") plaintiff AB 527 Doe and AB 529 Doe respectfully requests that the Court issue an order modifying the automatic stay to permit AB 527 Doe and AB 529 Doe to permit limited non-party document discovery against two local catholic parishes (St. Ambrose and St. Thomas Aquinas, located in South Buffalo, New York, both parishes within the bankruptcy estate of the Debtor The Roman Catholic Diocese of Buffalo, New York ("Diocese"). Both AB 527 Doe and AB 529 Doe have causes of action in New York State Supreme Court against the City of Buffalo for claims arising under the "CVA" ("state court actions"). Cause exists to lift the stay pursuant to 11 U.S.C. §362(d)(1).

**JURISDICTION AND VENUE**

The Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G) and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTS**

The New York State Legislature passed the CVA on January 28, 2019, and Governor Andrew Cuomo signed the CVA into law on February 14, 2019. The CVA extended the civil statute

of limitations for survivors of child sexual abuse and created a window for survivors whose claims were previously time-barred to file suit.

On August 11, 2021, AB 527 Doe timely commenced the state court action pursuant to the CVA in Erie County Supreme Court. (Decl. of Robert E. Gallagher, Jr. ("Gallagher Decl."), Ex. 1, Summons and Complaint ("Complaint")). On August 11, 2021, AB 529 Doe timely commenced the state court action pursuant to the CVA in Erie County Supreme Court. (Decl. of Robert E. Gallagher, Jr. ("Gallagher Decl."), Ex. 2, Summons and Complaint ("Complaint")). The state court actions name the City of Buffalo as defendant.

AB 527 Doe alleges that in approximately 1970-1971, when AB 527 Doe was approximately 9-10 years old, AB 527 Doe was sexually abused by Robert Weber ("Weber"), an employee of the City of Buffalo and assigned to Tosh Collins Community Center. Additionally, AB 529 Doe alleges that in approximately 1972-1973, when AB 529 Doe was approximately 10-11 years old, AB 529 Doe was also sexually abused by Robert Weber ("Weber"), an employee of the City of Buffalo and assigned at Tosh Collins Community Center. Prior to Weber's employment with the City of Buffalo, Weber was employed as a physical education teacher at St. Ambrose School and St. Thomas Aquinas School, both located in South Buffalo and geographically near to Tosh Collins Community Center. After being fired from both schools as a result of allegations concerning sexual abuse of children in those catholic schools, Weber became employed at Tosh Collins Community Center where he went on to abuse both AB 527 Doe and AB 529 Doe. (See Compl. ¶¶ 9-11). AB 527 Doe and AB 529 Doe have asserted claims for premises liability, negligence, negligent supervision, negligent retention, and negligent infliction of emotional distress against the City of Buffalo. At the crux of those allegations is the notion that the City of Buffalo failed to properly or thoroughly investigate Weber's prior work history before employing

2

him at Tosh Collins Community Center, including the preceding sexual abuse complaints of minor children at the two catholic schools from which he was terminated.

The City of Buffalo provided an Answer to AB 527 Doe's complaint on September 2, 2021 and provided an Answer to AB 529 Doe's complaint on September 7, 2021. (Gallagher Decl., Ex. 3 and 4).

Before the Diocese filed its Chapter 11 bankruptcy petition on March 15, 2023, and throughout the proceedings, the parties had exchanged written discovery demands. AB 527 Doe and AB 529 Doe have both been deposed.

## RELIEF REQUESTED

AB 527 Doe and AB 529 Doe requests an order modifying the automatic stay pursuant to 11 U.S.C. § 362(d)(1), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 to permit AB 527 Doe and AB 529 Doe conduct brief and limited paper discovery against the Diocese of Buffalo, St. Ambrose School and/or its successor custodian of records, and St. Thomas Aquinas School and/or its custodian of records relative to the employment history of Weber during his time while employed by the foregoing. Neither AB 527 Doe nor AB 529 Doe have direct or indirect claims against the Diocese, St. Ambrose School, or St. Thomas Aquinas School.

## BASIS FOR RELIEF REQUESTED

The Court may grant relief from the automatic stay "for cause" pursuant to 11 U.S.C. § 362(d)(1). If a movant meets his initial burden to show cause to lift the stay, the burden shifts to the party opposing relief from stay. 11 U.S.C. § 362(g); *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990). Although the Bankruptcy Code does not define "cause," the legislative history of 11 U.S.C. § 362 states that cause "might include the lack of any connection with or interference

3

with the pending bankruptcy case"[1] and the "facts of each request will determine whether relief is appropriate under the circumstances."[2] Courts have noted that "cause" is "an intentionally broad and flexible concept that must be determined on a case-by-case basis." *In re Project Orange Assoc., LLC*, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010) (internal citation omitted).[3]

Bankruptcy courts in the Second Circuit apply a twelve-factor test to determine whether there is cause to lift the automatic stay:

(1) whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interests of other creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;
(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding; and
(12) impact of the stay on the parties and the balance of harms.

*In re Sonnax Indus., Inc.*, 907 F.2d at 1286. "Not all of these factors will be relevant in every case." *In re Mazzeo*, 167 F.3d 139, 143 (2d Cir. 1999). The Court "need not assign equal weight to each factor." *In re New York Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). The Court has discretion to determine whether the stay should be lifted in a particular case. *Burger Boys, Inc. v. S. St. Seaport Ltd. P'ship*, 183 B.R. 682, 687–88 (Bankr. S.D.N.Y. 1994).

I. **The *Sonnax* Factors Support Relief from Stay To Allow AB 527 Doe and AB 529 Doe To Conduct Limited Discovery As Outlined Here**

---

[1] S. Rep. No. 989, 95th Cong., 2d Sess. 52, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5838.
[2] H.R. Rep. No. 595, 95th Cong., 2d Sess. 343–44, *reprinted in* 1978 U.S. Code Cong. & Admin. News 6300.
[3] Internal citations and quotations are omitted unless otherwise noted.

4

The relevant *Sonnax* factors support lifting the automatic stay here:

- *Sonnax* Factor #2 (lack of any connection with or interference with the bankruptcy case): Permitting AB 527 Doe and AB 529 Doe to move forward with their claims against the City of Buffalo, with limited document discovery against the Diocese of Buffalo, St. Ambrose School and/or its successor custodian of records, and St. Thomas Aquinas School and/or its custodian of records relative to the employment history of Weber during his time while employed by the foregoing, will not interfere with the Diocese's bankruptcy case. The City of Buffalo is, obviously, a distinct entity that does not rely on the Diocese or any catholic school for administrative or other support. The application here does not involve the Diocese's insurance program, does not impact any of the additional insureds on insurance policies issued to the Diocese, and neither AB 527 Doe nor AB 529 Doe have any direct, indirect, or derivative claims against the Diocese or those other entities to which the Diocese provides operational support.

- *Sonnax* Factor #4 (whether a specialized tribunal with the necessary expertise has been established to hear the cause of action): Erie Supreme Court is uniquely equipped to address AB 527 Doe's and AB 529 Doe's claims against the City of Buffalo. After the CVA passed, the New York court system established several dedicated parts of Supreme Court to handle CVA actions and the judge assigned to AB 527 Doe and AB 529 Doe's case (Justice Deborah Chimes, J.S.C.), at least preliminarily, is one of five regionally designated judges selected to oversee all pretrial proceedings in CVA matters.[4] Additionally, Erie County Supreme Court personnel underwent judicial training on the CVA and the unique

---

[4] *See* 22 N.Y.C.R.R. § 202.72(a); New York State Unified Court System, *Press Release: New York State Courts Prepare for Influx of Cases as Key Provision of New York's New Child Victims Act Takes Effect* (Aug. 13, 2019).

5

issues that often arise in civil actions involving child sexual abuse.[5] Thus, Erie County Supreme Court has the specialized knowledge necessary to facilitate resolution of AB 527 Doe and AB 529 Doe's claims against the City of Buffalo.

- *Sonnax* Factor #6 (whether the action primarily involves third parties): If the Court grants AB 527 Doe and AB 529 Doe's motion to modify the automatic stay, AB 527 Doe and AB 529 Doe will merely conduct limited non-party document discovery against the Diocese of Buffalo, St. Ambrose School and/or its successor custodian of records, and St. Thomas Aquinas School and/or its custodian of records relative to the employment history of Weber during his time while employed by the foregoing. Thus, the claims to be litigated will exclusively involve a third party.

- *Sonnax* Factor # 7 (whether litigation in another forum would prejudice the interests of other creditors): Continued litigation of AB 527 Doe and AB 529 Doe's claims against the City of Buffalo, notwithstanding the non-party document discovery against the Diocese of Buffalo, St. Ambrose School and/or its successor custodian of records, and St. Thomas Aquinas School and/or its custodian of records relative to the employment history of Weber during his time while employed by the foregoing will not impact the claims of other creditors of the Diocese.

- *Sonnax* Factor #10 (the interests of judicial economy and the expeditious and economical resolution of litigation): Permitting AB 527 Doe and AB 529 Doe to proceed against the City of Buffalo, albeit with limited non-party document discovery against the Diocese of Buffalo, St. Ambrose School and/or its successor custodian of records, and St. Thomas Aquinas School and/or its custodian of records relative to the employment history of Weber

---

[5] *See* 22 N.Y.C.R.R. § 202.72(b).

during his time while employed by the foregoing will expedite resolution of those claims, without having to await the resolution of the underlying bankruptcy action involving the Diocese.

- *Sonnax* Factor #12 (impact of the stay on the parties and the balance of harms): The final *Sonnax* factor is particularly relevant here and strongly supports modification of the stay. AB 527 Doe and Ab 529 Doe should not have to wait years for the resolution of their claims against the City of Buffalo. Both deserve their day in court that the CVA afforded AB 527 Doe and AB 529 Doe.

New York courts have recognized that the potential inconvenience of continued litigation to a non-bankrupt co-defendant is outweighed by the harm a plaintiff will suffer if forced to await the conclusion of a defendant's bankruptcy case.[6] Specifically, where a plaintiff is of advancing age, New York courts have held that the plaintiff's claims against non-bankrupt co-defendants should not languish for years while another defendant's bankruptcy case drags on.[7] In a complex Chapter 11 case like this one where the stay is of "unknown and potentially unlimited duration" and "plaintiffs and crucial witnesses are

---

[6] *See, e.g., Vogric v. Pathmark Stores, Inc.*, 169 A.D.3d 1096, 1098 (2d Dep't 2019) (reversing denial of plaintiff's motion to sever claims against bankrupt defendant, finding that "the prejudice to the plaintiff in being required to await the conclusion of the bankruptcy proceeding before obtaining any remedy outweighs any potential inconvenience to [the non-bankrupt codefendant]," and noting that defendants may assert their rights under CPLR Article 16); *Moy v. St. Vincent's Hosp. and Med. Ctr. of New York*, 92 A.D.3d 651, 652 (2d Dep't 2012) (same); *Kharmah v. Metropolitan Chiropractic Ctr.*, 288 A.D.2d 94, 94–95 (1st Dep't 2001) (affirming severance of claims against bankrupt defendant and noting that severance "will prevent any prejudice to plaintiff stemming from delay preceding termination of the chiropractic defendants' bankruptcy proceedings"); *Rosenbaum v. Dane & Murphy, Inc.*, 189 A.D.2d 760, 761 (2d Dep't 1993) (affirming severance of claims against bankrupt defendant and finding that "plaintiffs would suffer an undue hardship" if forced to await resolution of the bankruptcy case); *King v. Northway Agencies, Inc.*, 512 N.Y.S.2d 559, 560 (3d Dep't 1987) (affirming severance of claims against bankrupt defendant and noting that non-bankrupt co-defendants would not be prejudiced in defending the action because they could pursue affirmative defenses).

[7] *See, e.g., Katz v. Mount Vernon Dialysis, LLC*, 121 A.D.3d 856, 857 (2d Dep't 2014) (granting motion to sever claims against bankrupt defendant and noting that "the prejudice to the 86-year-old injured plaintiff in being required to await the conclusion of the bankruptcy proceeding before obtaining any remedy outweighs any potential inconvenience to the defendants").

7

dying," courts have recognized that a plaintiff in AB 527 Doe and AB 529 Doe's position should not have to await resolution of the bankruptcy case before pursuing their claims against solvent non-parties to the bankruptcy case. *Lynch*, 710 F.2d at 1199. Thus, the balance of the harms strongly militates in favor of allowing AB 527 Doe and AB 529 Doe against the City of Buffalo.

Because the relevant *Sonnax* factors support modification of the stay, AB 527 Doe and AB 529 Doe respectfully requests that the Court grant the motion.

## **CONCLUSION**

The *Sonnax* factors support modification of the stay to allow AB 527 Doe and AB 529 Doe to conduct limited non-party document discovery against the Diocese of Buffalo, St. Ambrose School and/or its successor custodian of records, and St. Thomas Aquinas School and/or its custodian of records relative to the employment history of Weber during his time while employed by the foregoing.

Dated: March 17th, 2025        STEVE BOYD, P.C.

/s/ *Robert E. Gallagher, Jr.*
Robert E. Gallagher, Jr., of Counsel
2969 Main Street,
Buffalo, New York 14214
Telephone: (716) 600-0000
rgallagher@steveboyd.com
*Attorneys for AB 527 Doe/AB 529 Doe*