UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 20-10322 |
| The Diocese of Buffalo, N.Y., | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

## **<u>SUPPLEMENTAL CERTIFICATE OF SERVICE</u>**

I, Keny Contreras, depose and say that I am employed by Stretto, the claims & noticing agent for the Debtor in the above-captioned case.

On May 7, 2025, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on the service list attached hereto as **<u>Exhibit A</u>**, and on two (2) confidential parties not included herein, pursuant to USPS forwarding instructions:

- **Joint Notice of Hearing to Consider Professional Fee Applications** (attached hereto as **<u>Exhibit B</u>**)

[SPACE INTENTIONALLY LEFT BLANK]

Furthermore, on May 7, 2025, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on one (1) confidential party not included herein, pursuant to USPS forwarding instructions:

- **Order (A) Approving Bidding Procedures for the Sale of Certain Real Property at 0 East River Road, Grand Island, New York; (B) Authorizing and Approving the Form of Purchase Agreement; (C) Scheduling an Auction and Hearing to Consider the Sale; (D) Approving the Form and Manner of Service of Notice of Auction and Sale Hearing; and (E) Granting Related Relief** (Docket No. 3785)

- **Notice of Auction and Sale Hearing** (attached hereto as **Exhibit C**)

- **Bidding Procedures for the Sale of 0 East River Road, Grand Island, New York of the Diocese of Buffalo, N.Y.** (attached hereto as **Exhibit D**)

- **Notice of Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain Real Property at 0 East River Road, Grand Island, New York; (B) Authorizing and Approving the Form of Purchase Agreement; (C) Scheduling an Auction and Hearing to Consider the Sale; and (D) Approving the Form and Manner of Service of Notice of Auction and Sale Hearing; (II) Approving the Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (III) Granting Related Relief** (Docket No. 3718, Pages 1-3)

Furthermore, on May 7, 2025, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on CVA Claimants, c/o Laura A. Ahearn, Esq., PLLC, Attn: Laura A. Ahearn at 3075 Veterans Memorial Hwy, Ste 280, Ronkonkoma, NY 11779-7663, pursuant to USPS forwarding instructions:

- **Co-Mediators' First Report** (Docket No. 3814)

Dated: May 8, 2025

*/s/ Keny Contreras*
Keny Contreras
STRETTO
410 Exchange, Suite 100
Irvine, CA 92602
(855) 292-7696

# Exhibit A


| NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | ZIP |
|---|---|---|---|---|---|---|---|
| LG 26 DOE | C/O LAURA A. AHEARN, ESQ., PLLC | ATTN: LAURA A. AHEARN | 3075 VETERANS MEMORIAL HWY | STE 280 | RONKONKOMA | NY | 11779-7663 |
| LG 29 DOE | C/O LAURA A. AHEARN, ESQ., PLLC | ATTN: LAURA A. AHEARN | 3075 VETERANS MEMORIAL HWY | STE 280 | RONKONKOMA | NY | 11779-7663 |
| QUEEN OF ANGELS PARISH | 3148 ABBOTT RD | | | | ORCHARD PARK | NY | 14127-1039 |

# **Exhibit B**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|                                        |     |                      |
| -------------------------------------- | --- | -------------------- |
|                                        | )   |                      |
| In re:                                 | )   | Chapter 11 Case      |
|                                        | )   |                      |
| THE DIOCESE OF BUFFALO, N.Y.,          | )   | Case No. 20-10322    |
|                                        | )   |                      |
| Debtor.                                | )   |                      |
|                                        | )   |                      |

## JOINT NOTICE OF HEARING TO
## <u>CONSIDER PROFESSIONAL FEE APPLICATIONS</u>

**PLEASE TAKE NOTICE**, that each of (i) Bond, Schoeneck & King, PLLC, counsel for The Diocese of Buffalo, N.Y., (the "<u>Diocese</u>"); (ii) Blank Rome, LLP, special insurance counsel for the Diocese; (iii) The Tucker Group, LLC, communications consultant for the Diocese; (iv) Connors, LLP, special counsel for the Diocese; (v) Chelus, Herdzik, Speyer & Monte PC, special counsel for the Diocese; (vi) Jones Day, special counsel for the Diocese; (vii) Bonadio & Co., LLP, accountants for the Diocese; (viii) Gibson, McAskill & Crosby, LLP, special counsel for the Diocese; (ix) Pachulski Stang Ziehl & Jones LLP, counsel for Official Committee of Unsecured Creditors; (x) Burns Bair LLP, special insurance counsel for the Official Committee of Unsecured Creditors; and (xi) Gleichenhaus, Marchese and Weishaar, P.C., co-counsel to the Official Committee of Unsecured Creditors, have filed applications (each, an "<u>Application</u>") for interim allowance and payment of professional fees and expenses incurred in the above-captioned case. The amounts of fees and expenses requested by the foregoing professionals on an interim basis pursuant to the Applications are as follows:

| Applicant | Fees Requested | Expenses Requested | Total | Application Period |
|---|---|---|---|---|
| Bond, Schoeneck & King, PLLC *Counsel for the Diocese* | $732,386.50 | $8,056.41 | $740,442.91 | 9/1/24 – 1/31/25 |
| Blank Rome, LLP *Special Counsel for the Diocese* | $83,457.46 | $383.48 | $83,840.94 | 9/1/24 – 1/31/25 |
| The Tucker Group, LLC *Communications Consultants for Diocese* | $12,500.00 | $718.30 | $13,218.30 | 9/1/24 – 1/31/25 |
| Connors, LLP *Special Counsel for the Diocese* | $67,395.60 | $1,267.53 | $68,663.13 | 8/1/24 – 1/31/25 |
| Chelus, Herdzik, Speyer & Monte PC *Special Counsel for the Diocese* | $27,518.50 | $2,332.51 | $29,851.01 | 9/1/24 – 1/31/25 |
| Jones Day *Special Counsel for the Diocese* | $48,893.78 | $447.06 | $49,340.84 | 9/1/24 – 12/31/24 |
| Bonadio & Co., LLP *Accountants for the Diocese* | $66,000.00 | $0.00 | $66,000.00 | 3/1/24 – 2/28/25 |
| Gibson, McAskill & Crosby, LLP *Special Counsel for the Diocese* | $27,615.00 | $0.00 | $27,615.00 | 6/1/24 – 1/31/25 |
| Pachulski Stang Ziehl & Jones LLP *Counsel for the Creditors Committee* | $317,940.00 | $14,441.89 | $332,381.89 | 9/1/24 – 1/31/25 |
| Burns Bair LLP *Special Counsel to Creditors Committee* | $79,509.00 | $2,494.84 | $82,003.84 | 9/1/24 – 1/31/25 |
| Gleichenhaus, Marchese & Weishaar, P.C. *Co-Counsel to Creditors Committee* | $16,412.50 | $0.00 | $16,412.50 | 9/1/24 – 1/31/25 |

**PLEASE TAKE FURTHER NOTICE**, that a hearing to consider the Applications will be held before the Honorable Carl L. Bucki, Chief United States Bankruptcy Judge for the Western District of New York, on the **22nd day of May, 2025 at 10:00 a.m.**, or as soon thereafter as counsel can be heard.

**PLEASE TAKE FURTHER NOTICE**, that parties can choose to appear either (i) in person at the Robert H. Jackson U.S. Courthouse, 2 Niagara Square, Buffalo, New York or (ii) telephonically (call in 1-571-353-2301, Courtroom ID 483077448#, and security pin 9999#).

**PLEASE TAKE FURTHER NOTICE**, that responses in opposition to the relief requested in the Applications, if any, must be served upon (i) counsel for the Diocese, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202 (Attn: Stephen A. Donato, Charles

Case 1-20-10322-CLB,   Doc 3855,   Filed 05/08/25,   Entered 05/08/25 20:39:08,
Description: Main Document  , Page 7 of 21

J. Sullivan and Grayson T. Walter); (ii) the Office of the United States Trustee for the Western New York, 300 Pearl Street, Suite 401, Buffalo, New York 14202 (Attn: Joseph Allen); and (iii) the respective applicant(s) at the address(es) set forth on the attached schedule, in accordance with the Local Rules of Bankruptcy Procedure for the Western District of New York.

Dated: April 22, 2025
      Syracuse, New York              BOND, SCHOENECK & KING, PLLC

                         By:     /s/ Stephen A. Donato
                                Stephen A. Donato, Esq.
                                Charles J. Sullivan, Esq.
                                Grayson T. Walter, Esq.
                                Syracuse, New York 13202
                                Tel: (315) 218-8000
                                Fax: (315) 218-8100
                                Email: sdonato@bsk.com
                                          csullivan@bsk.com
                                          gwalter@bsk.com

                                *Attorneys for The Diocese of Buffalo, N.Y.*

3

21554132.v1
Case 1-20-10322-CLB,   Doc 3855,   Filed 05/08/25,   Entered 05/08/25 20:39:08,
Description: Main Document , Page 8 of 21

# SCHEDULE OF APPLICANTS

**Bond, Schoeneck & King, PLLC**
Attn: Stephen A. Donato
One Lincoln Center
Syracuse, New York 13202

**The Tucker Group, LLC**
Attn: Gregory W. Tucker
3811 Canterbury Road
Baltimore, Maryland 21218

**Jones Day**
Attn: Connor Farley
250 Vesey Street
New York, New York 10281

**Bonadio & Co., LLP**
Attn: Justin Reid
100 Corporate Parkway, Suite 200
Amherst, New York 14226

**Pachulski Stang Ziehl & Jones LLP**
Attn: Ilan D. Scharf
780 Third Avenue, 34th Floor
New York, New York 10017

**Gleichenhaus, Marchese & Weishaar, P.C.**
Attn: Jamie Symack
43 Court Street, Suite 930
Buffalo, New York 14202-3100

**Blank Rome, LLP**
Attn: James Murray
1825 Eye Street NW
Washington, DC 20006

**Connors, LLP**
Attn: Randall D. White
1000 Liberty Building
Buffalo, New York 14202

**Chelus, Herdzik, Speyer & Monte PC**
Attn: Kevin Loftus
Main Court Building
438 Main Street, Tenth Floor
Buffalo, New York 14202

**Gibson, McAskill & Crosby, LLP**
Attn: Robert G. Scumaci
69 Delaware Avenue, Suite 900
Buffalo, New York 14202

**Burns Bair LLP**
Attn: Jessie J. Bair
10 E. Doty Street, Suite 600
Madison, Wisconsin 53703-3392

21554132.v1

# Exhibit C

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) |
| | )    Case No. 20-10322 (CLB) |
| The Diocese of Buffalo, N.Y., | ) |
| | )    Chapter 11 |
| Debtor. | ) |
| | ) |

## *<u>NOTICE OF AUCTION AND SALE HEARING</u>*

PLEASE TAKE NOTICE OF THE FOLLOWING:

     1.     On March 7, 2025, the Diocese filed the *Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain Real Property at 0 East River Road, Grand Island, New York; (B) Authorizing and Approving the Form of Purchase Agreement; (C) Scheduling an Auction and Hearing to Consider the Sale; and (D) Approving the Form and Manner of Service of Notice of Auction and Sale Hearing; (II) Approving the Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (III) Granting Related Relief* [Docket No. 3718] (the "<u>Sale Motion</u>").[1]

     2.     The Diocese is seeking to sell certain unimproved vacant real property located at 0 East River Road, Grand Island, New York 14072 (the "<u>Property</u>") to Justin and Nicole Karcher (together, "<u>Karcher</u>") or such other purchaser who may submit the highest or otherwise best offer for the Property.

     3.     On April 4, 2025, the United States Bankruptcy Court for the Western District of New York (the "<u>Bankruptcy Court</u>") entered an order [Docket No. 3785] (the "<u>Bidding Procedures Order</u>") approving bidding procedures (the "<u>Bidding Procedures</u>") and granting other relief related to the proposed sale of the Property. The Bidding Procedures approved by the Court are attached as Exhibit 1 to the Bidding Procedures Order. Pursuant to the Bidding Procedures Order, if the Diocese receives more than one Qualified Bid for the Property, an Auction for the Property shall take place on **May 8, 2025 at 12:00 noon** (prevailing Eastern time) at the offices of Bond, Schoeneck & King, PLLC, The Avant Building, Suite 900, 200 Delaware Avenue, Buffalo, New York 14202-2107. Only parties that have submitted Qualified Bids in accordance with the Bidding Procedures by the Bid Deadline may participate at the Auction. Any party that wishes to take part in this process and submit a bid for the Property must submit a Qualified Bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

4.	The Sale Hearing to consider approval of the sale of the Property to the Successful Bidder or Back-Up Bidder free and clear of all liens, claims, encumbrances and other interests will be held before the before the Honorable Carl L. Bucki, United States Bankruptcy Court for the Western District of New York, at the United States Courthouse, 2 Niagara Square, Buffalo, NY 14202 on **May 12, 2025 at 2:00 p.m.** (prevailing Eastern time), or at such other time thereafter as counsel may be heard.  The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than reflected on the Bankruptcy Court's docket or by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

5.	Parties can choose to appear either (i) in person at the Robert H. Jackson Courthouse, 2 Niagara Square, Buffalo, New York or (ii) telephonically (call in 1-571-353-2301, Courtroom ID 483077448#, and security pin 9999#).

6.	Objections, if any, to the sale, or the relief requested in the Sale Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the Clerk of the Bankruptcy Court for the Western District of New York (Buffalo Division), as soon as practicable in advance of the Sale Hearing; and (d) be served upon (i) counsel to the Diocese, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Charles J. Sullivan, Grayson T. Walter, Edward J. LoBello and Justin S. Krell (ii) the Office of the United States Trustee for the Western District of New York, 300 Pearl Street, Suite 401, Buffalo, NY 14202. Attn:  Joseph W. Allen, (iii) counsel to the Official Committee of Unsecured Creditors, Pachulski, Stang, Ziehl & Jones, LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California, 90067-4003, Attn. James I. Stang, and 780 Third Avenue, 34th Floor, New York, New York, 10017-2024, Attn. Ilan Scharf, and (iv) those persons who have formally appeared and requested service in this case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.   UNLESS AN OBJECTION IS SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER HEARING OR NOTICE.

7.	This Notice is subject to the fuller terms and conditions of the Sale Motion, the Bidding Procedures Order, and the Bidding Procedures, which shall control in the event of any conflict and the Diocese encourages parties-in-interest to review such documents in their entirety. Parties interested in receiving more information regarding the sale of the Property or obtaining a copy of any of the foregoing documents may make a written request to counsel to the Diocese, Bond Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York, 13202, Attn: Stephen A. Donato, Charles J. Sullivan, Grayson T. Walter, Edward J. LoBello and Justin S. Krell.  In addition, copies of the Sale Motion, the Bidding Procedures Order, the Bidding Procedures and this Notice can be obtained free of charge at https://case.stretto.com/dioceseofbuffalo and are on file with the Clerk of the Bankruptcy Court.

Dated:  April 8, 2025

BOND, SCHOENECK & KING, PLLC

By:_____/s/ Charles J. Sullivan_____
     Stephen A. Donato
     Charles J. Sullivan
     Grayston T. Walter
     Edward J. LoBello
     Justin S. Krell
     One Lincoln Center
     Syracuse, NY 13202-1355
     Telephone: (315) 218-8000
     Fax: (315) 218-8100
     Emails:    sdonato@bsk.com
              csullivan@bsk.com
              gwalter@bsk.com
              elobello@bsk.com
              jkrell@bsk.com

*Attorneys for The Diocese of Buffalo, N.Y.*

21153547.v4-4/8/25

3

# Exhibit D

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 20-10322 (CLB) |
| The Diocese of Buffalo, N.Y., | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

### BIDDING PROCEDURES FOR THE SALE OF 0 EAST RIVER ROAD, GRAND ISLAND, NEW YORK OF THE DIOCESE OF BUFFALO, N.Y.

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Sale Transaction") of certain real property located at 0 East River Road, Grand Island, New York 14072 (the "Property") by The Diocese of Buffalo, N.Y. (the "Diocese").  The Sale Transaction is subject to competitive bidding as set forth herein and approval by the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court") pursuant to Section 363 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

On March 7, 2025, the Diocese filed the *Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain Real Property at 0 East River Road, Grand Island, New York; (B) Authorizing and Approving the Form of Purchase Agreement; (C) Scheduling an Auction and Hearing to Consider the Sale; and (D) Approving the Form and Manner of Service of Notice of Auction and Sale Hearing; (II) Approving the Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (III) Granting Related Relief* [Docket No. 3718] (the "Sale Motion").

On April 4, 2025, the Bankruptcy Court entered an order [Docket No. 3785] (the "Bidding Procedures Order")[1] which, among other things, approved (i) these Bidding Procedures and (ii) the form of purchase agreement, as amended, with Justin and Nicole Karcher (together, "Karcher" or the "Stalking Horse Bidder") attached as an exhibit to the Sale Motion (the "Purchase Agreement").

These Bidding Procedures describe, among other things, the Property available for sale, the form of bids and the manner in which bidders and bids become qualified, the coordination of diligence efforts, the conduct of the Auction (as defined herein), the ultimate selection of the Successful Bidder (as defined herein) and the Court's approval thereof (the "Bidding Process"). In the event of any disagreement as to the interpretation or application of these Bidding Procedures, the Bankruptcy Court shall have jurisdiction to hear and resolve such dispute.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion and the Bidding Procedures Order, as applicable.

Copies of the Sale Motion and all exhibits thereto may be obtained by contacting the Diocese's counsel: Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Charles J. Sullivan, Grayston T. Walter, Edward J. LoBello and Justin S. Krell (Telephone (315) 218-8000; email: sdonato@bsk.com, csullivan@bsk.com, gwalter@bsk.com, elobello@bsk.com, or jkrell@bsk.com), or they may be downloaded by visiting the Bankruptcy Court's electronic case management website at https://ecf.nywb.uscourts.gov/ or for free at https://case.stretto.com/dioceseofbuffalo.

## Property to be Sold

The real property to be sold consists of approximately 9.25 acres of unimproved vacant land located at 0 East River Road, Grand Island, New York 14072.

The Sale Transaction will be conducted on "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Diocese, its agents or the Diocese's bankruptcy estate, except to the extent set forth in the Purchase Agreement. Except as otherwise provided in the Purchase Agreement or in the Bankruptcy Court's order approving the Sale Transaction, the Property shall be sold to the Successful Bidder free and clear of all liens, claims, encumbrances, and other interests ("Encumbrances"), with such Encumbrances to attach solely to the net proceeds of the sale.

## Participation Requirements

In order to participate in the Bidding Process, a bidder for the Property (a "Potential Bidder") must be a "Qualified Bidder." A Qualified Bidder is a person or group of persons who has provided the Diocese with current audited financial statements, evidence of committed financing, or such other financial and credit-quality disclosures as may be reasonably requested by, and satisfactory to the Diocese, in consultation with the Official Committee of Unsecured Creditors (the "Committee"), evidencing the Potential Bidder's financial wherewithal to consummate the Sale Transaction and pay the purchase price for the Property to the Diocese in cash.

The Diocese, in its discretion, shall determine whether a bid qualifies as a "Qualified Bid." To constitute a Qualified Bid, a bid must be an offer from a Qualified Bidder received by the Diocese before the Bid Deadline (defined below) and:

(i)     be submitted in writing;

(ii)    provide for a purchase price, payable in full, in cash, upon the Sale closing date, which exceeds the cash consideration set forth in the Purchase Agreement by at least $2,000.00 (the "Initial Minimum Overbid").

(iii)   be on terms that are not more burdensome or conditional in any material respect than the terms of the Purchase Agreement;

2

(iv)    not be conditioned on obtaining financing, the outcome of any due diligence investigation, or on the receipt of any third-party approvals or consents (excluding required Bankruptcy Court approval and any third-party approvals or consents contemplated in the Purchase Agreement);

(v)     not request or entitle the bidder to any break-up fee, expense reimbursement, or similar type of payment;

(vi)    include a binding and definitive purchase agreement for the Property, in substantially the same form as the Purchase Agreement and executed by the Qualified Bidder (a "Qualified Bidder Contract"), together with a marked copy showing any changes from the Purchase Agreement, and a clean electronic copy in Microsoft Word readable format;

(vii)   be accompanied by a cash, certified bank check, or wire transfer deposit equal to 10% of the purchase price set forth in the Qualified Bidder Contract;

(viii)  fully disclose the identity of each entity that will be bidding for the Property or otherwise participating in connection with such bid, the complete terms of any such participation, and identify no more than three (3) representatives authorized to appear and act on behalf of such Qualified Bidder at the Auction ("Authorized Bidder Representatives");

(ix)    include an acknowledgment and representation that the Qualified Bidder has had an opportunity to consider all due diligence regarding the Property prior to submitting its bid and that it has relied solely upon its own independent review, investigation and inspection of any documents or the Property in making its bid;

(x)     confirm that, if selected as the Successful Bidder or the Back-Up Bidder, such bidder will complete the Sale Transaction within five (5) business days following the date on which (A) the Bankruptcy Court's order approving the sale shall have become a final and non-appealable order, and (B) the Diocese shall have provided written notice of its readiness to consummate the Sale Transaction;

(xi)    certify that the bidder has not, and is not, engaged in any collusion with respect to its bid or the Sale Transaction; and

(xii)   provide that such bid shall remain open and irrevocable until:

(A)     if such bid is not the Successful Bid or Back-Up Bid (as each term is defined below), the entry by the Bankruptcy Court of an order approving the sale of the Property to another Qualified Bidder;

(B)     if such bid is the Successful Bid, the closing of the Sale Transaction to such Successful Bidder; or

(C)     if such bid is chosen by the Diocese to be the Back-Up Bid, the date which is the earlier to occur of: (i) the closing of the Sale Transaction to the

3

Successful Bidder or (ii) the closing of the Sale Transaction to such Back-Up Bidder.

As promptly as practicable after receiving a bid from a Potential Bidder, the Diocese shall determine, in consultation with the Committee, and shall notify the Potential Bidder in writing, whether the Potential Bidder is a Qualified Bidder and whether the bid is a Qualified Bid. Notwithstanding anything to the contrary herein, the Stalking Horse Bidder is a Qualified Bidder, and the Purchase Agreement is a Qualified Bid, for all purposes of these Bidding Procedures.

## **Bid Deadline**

All Qualified Bids must be actually received at or before 12:00 noon (prevailing Eastern Time) on **May 5, 2025** (the "<u>Bid Deadline</u>"), by counsel to the Diocese, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202 (Attn: Stephen A. Donato, Charles J. Sullivan, Grayson T. Walter, Edward J. LoBello and Justin S. Krell (Telephone (315) 218-8000; email: sdonato@bsk.com, csullivan@bsk.com, gwalter@bsk.com, elobello@bsk.com and jkrell@bsk.com). The Diocese may extend the Bid Deadline in its discretion but is not obligated to do so.

As soon as practicable following the Bid Deadline, the Diocese will review all timely-received bids and will provide copies of all bids deemed to be Qualified Bids to counsel to the Committee, and the Office of the United States Trustee for the Western District of New York (the "<u>UST</u>").

## **"As-is" Sale / Diligence**

The Sale of the Property shall be on an "as-is" basis, without any representations or warranties provided by the Diocese, except those set forth in the Purchase Agreement.

Each Potential Bidder shall comply with all reasonable requests for information by the Diocese or its advisors regarding such Potential Bidder's financial wherewithal and ability to consummate the Sale. Failure by any Potential Bidder to comply with requests for additional information from the Diocese may be a basis for the Diocese, in its discretion, to determine that a Potential Bidder is not a Qualified Bidder, or that any bid is not a Qualified Bid.

Prior to the Bid Deadline, the Diocese shall provide any Potential Bidder deemed to be a Qualified Bidder with reasonable site access and due diligence information upon request. In no instance shall the Diocese have any obligation to produce or furnish any information not already within the Diocese's possession and control.

Potential Bidders are advised to exercise their own discretion before relying on any information regarding the Property provided by anyone other than the Diocese or its representatives.

By submitting their bid, each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to inspect and examine the Property and that it has relied solely upon its own independent review, investigation and/or inspection of any documents in

4

making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Property, or the completeness of any information provided in connection with the Bidding Process except as expressly stated in the Qualified Bidder Contract submitted with its Qualified Bid.

## **Auction**

If no Qualified Bids (other than the Purchase Agreement submitted by the Stalking Horse Bidder, which shall be deemed as a Qualified Bid) are received on or prior to the Bid Deadline, the Stalking Horse Bidder shall be the Successful Bidder (as defined below) and the Diocese shall seek authorization to sell the Property to the Stalking Horse Bidder without further competitive bidding.

If the Diocese receives more than one Qualified Bid prior to the Bid Deadline, the Diocese shall conduct an auction (the "Auction") for the Sale of the Property. The Auction shall take place on **May 8, 2025 at 12:00 noon** (prevailing Eastern Time) at the offices of Bond, Schoeneck & King, PLLC, The Avant Building, Suite 900, 200 Delaware Avenue, Buffalo, New York 14202-2107, or at such other time and place as the Diocese may notify all Qualified Bidders. Only the Stalking Horse Bidder and those Qualified Bidders who timely submitted a Qualified Bid will be eligible to participate in the Auction.

At the commencement of the Auction, the Diocese shall announce the Qualified Bid that it has determined represents the highest or otherwise best bid for the Property (the "Starting Qualified Bid") and the overall consideration value ascribed to such bid (the "Bid Value").

Each Qualified Bidder present at the Auction will be permitted to increase its Qualified Bid in turns (each such increased Qualified Bid, a "Qualified Overbid"), provided that each Qualified Overbid thereafter must exceed the Bid Value of the then-highest or otherwise best Qualified Overbid, by at least two thousand dollars ($2,000.00) (the "Minimum Bid Increment"). During the course of the Auction, the Diocese will inform the participants which Qualified Overbid reflects the then-highest or otherwise best offer for the Property and the Bid Value ascribed thereto.

The Auction may be adjourned from time to time by the Diocese, but it shall not be concluded until each Qualified Bidder present at the Auction has been given an opportunity to submit a Qualified Overbid with knowledge of the Bid Value ascribed to the Starting Qualified Bid or then-highest Qualified Overbid, as applicable.

At the conclusion of the Auction the Diocese will announce (i) the Qualified Bid which the Diocese, in consultation with the Committee, deems to represent the highest or otherwise best bid for the Property (such bid being the "Successful Bid" and the Qualified Bidder submitting such bid, the "Successful Bidder") and (ii) the next highest or otherwise best bid (the "Back-Up Bid" and the party submitting such bid, the "Back-Up Bidder"). As a condition precedent to the Diocese declaring any bid the Successful Bid or the Back-Up Bid, the Diocese may require the Successful Bidder or Back-Up Bidder to deposit additional cash or immediately available funds such that their total deposit shall be not less than (10%) of the purchase price of their respective Successful Bid or Back-Up Bid. Any deposits not applied in satisfaction of the obligations of the Successful

Bidder or Back-Up Bidder shall be returned not later than five (5) business days following the consummation of the Sale Transaction.

No bids submitted after the conclusion of the Auction shall be considered unless a motion to reopen the Auction is made on notice, prior to the Sale Hearing, to all Qualified Bidders who attended and submitted a bid at the Auction and such motion is granted by the Court.

All Qualified Bids and Qualified Overbids submitted by Qualified Bidders prior to or at the Auction shall remain open and irrevocable as follows:

        (a)     if such bid is not the Successful Bid or Back-Up Bid, until the entry by the Bankruptcy Court of an order approving the Sale to another Qualified Bidder;

        (b)     if such bid is the Successful Bid, until the closing of the Sale to such Successful Bidder; or

        (c)     if such bid is the Back-Up Bid, until the date which is the earlier to occur of: (i) the closing of the Sale to the Successful Bidder or (ii) the closing of the Sale to such Back-Up Bidder.

## **The Sale Hearing**

A hearing to approve the sale transaction (the "Sale Hearing") is scheduled to take place on **May 12, 2025 at 2:00 p.m.** (prevailing Eastern time) before the Honorable Carl L. Bucki, Chief Judge of the United States Bankruptcy Court for the Western District of New York, at the Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, NY 14202. Objections to the Sale must be in writing, comply with the Local Bankruptcy Rules for the Western District of New York, and be filed with the Bankruptcy Court as soon as practicable in advance of the Sale Hearing. At the Sale Hearing, the Diocese will seek entry of an order (the "Sale Order"), among other things, authorizing and approving the sale of the Property to the Successful Bidder (or in the alternative, the Back-Up Bidder), as determined by the Diocese in the Diocese's business judgment and in accordance with the Bidding Procedures, pursuant to the terms and conditions set forth in the Purchase Agreement or Qualified Bidder Contract, as applicable, and as the same may be modified by any Qualified Overbid submitted at the Auction. The Sale Hearing may be adjourned or rescheduled without notice other than as reflected on the Bankruptcy Court's docket or by an announcement of the adjourned date in open court at the Sale Hearing.

The Diocese shall be deemed to have accepted a Qualified Bid only when (i) such Bid is declared the Successful Bid (or the Back-Up Bid) in accordance with these Bidding Procedures, (ii) definitive documentation has been executed in respect thereof, and (iii) the Bankruptcy Court has entered the Sale Order.

Following the entry of the Sale Order, if the Successful Bidder fails to consummate the approved Sale Transaction in accordance with the terms of its Successful Bid because of a breach or failure to perform on the part of such Successful Bidder, the Diocese may terminate its

agreement to sell the property to the Successful Bidder, retain the Successful Bidder's deposit, and maintain the right to pursue all available remedies whether legal or equitable against such Successful Bidder. In the event the Diocese elects to so terminate, the Backup Bid, shall automatically be deemed to be the Successful Bid with respect to the Property, and the Diocese shall be authorized to effectuate the sale of the Property to the Backup Bidder without further order of the Bankruptcy Court.

The Diocese shall return any deposits to all Qualified Bidders, other than the Successful Bidder and the Back-Up Bidder, within five (5) business days following the date on which the Sale Order becomes a final and non-appealable order. The deposit of the Successful Bidder shall be applied to, and deducted from, the Successful Bidder's obligations under the Successful Bid at the closing of the Sale Transaction. The deposit of the Back-Up Bidder shall be returned to the Back-Up Bidder within five (5) business days following the date its bid is no longer required to remain open and irrevocable as set forth herein.

### Reservation of Rights

The Diocese reserves all rights to terminate the Bidding Process at any time if the Diocese determines, in consultation with the Committee, that the Bidding Process is not in the best interest of the Diocese's bankruptcy estate. In addition, the Diocese reserves the right not to submit for approval to the Bankruptcy Court any bid (regardless of whether it may be a Qualified Bid under these Bidding Procedures) if the Diocese has reason to believe that such bid was not submitted in good faith or other similar reason. Without limiting the generality of the foregoing, the Diocese may reject at any time before entry of the Sale Order, any bid that it determines, in consultation with the Committee, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (iii) not in the best interests of the Diocese, its estate and creditors. The Diocese shall further have the right to amend the rules set forth herein for the Bidding Process or impose such other or additional terms and conditions for the Bidding Process which the Diocese determines, in consultation with the Committee, are in the best interests of the chapter 11 estate, provided that such modifications are not inconsistent with these Bidding Procedures or the Bidding Procedures Order.

*　　*　　*

21153647.v4-4/8/25