UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:

THE DIOCESE OF BUFFALO, N.Y.,          Case No. 20-10322-CLB

                                      Chapter 11

              Debtor.        **Hearing:  July 3, 2025 at 2:00pm**

_____

## LIMITED OBJECTION OF CHAPPELLE VILLAS CONDOMINIUM B TO THE SALE OF CERTAIN REAL PROPERTY LOCATED AT 21 BRISTOL DRIVE, AMHERST, NEW YORK, FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, INTERESTS AND ENCUMBRANCES

Chappelle Villas Condominium B ("Chappelle Villas"), by and through its undersigned counsel, files this limited objection ("Limited Objection") to The Diocese of Buffalo, N.Y.'s ("Debtor") Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain Real Property Located at 21 Bristol Drive, Amherst, New York; (B) Authorizing and Approving the Form of Purchase Agreement; (C) Scheduling an Auction and Hearing to Consider the Sale; and (D) Approving the Form and Manner of Service of Notice of Auction and Sale Hearing; (II) Approving the Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (III) Granting Related Relief ("Motion") [Dkt. No. 3935] for the sale ("Sale") of certain real property located at 21 Bristol Drive, Amherst, New York ("Property") which is a condominium.  Chappelle Villas objects to the Motion and the Sale to the extent the Debtor seeks to sell the Property free and clear of obligations arising under the condominium declaration, by-laws, rules and other operative documents (collectively, the "Condominium Documents"), including, the obligation of any purchaser for past-due assessments.  In support of its Limited Objection, Chappelle Villas respectfully states as follows:

# I.  BACKGROUND

## A.  The Bankruptcy Case

1.      On February 28, 2020 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2.      The Debtor is currently operating its business and managing its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On June 10, 2025, the Debtor filed the Motion seeking an order from the court (i) approving the bidding procedures for the Sale of the Property; (ii) authorizing and approving the form of Purchase Agreement (as defined herein); and (iii) approving the Sale free and clear of liens, claims, encumbrances, and other interests, among other stated bases for requested relief.

## B.  The Sale of the Property

4.      Pursuant to the Motion, the Debtor seeks to sell the Property, free and clear of any liens, claims, encumbrances and other interests.

5.      After marketing the Property, Debtor received an offer from Steven and Beth A. Sherman ("Sherman"), with whom Debtor subsequently entered into a purchase agreement for the Property for $180,000 ("Purchase Agreement").

## C.  Amounts Due to Chappelle Villas

6.      The Property in question is a condominium, subject to the terms of its Condominium Declaration filed in the Erie County Clerk's Office on April 27, 1990 in Book 10166 of Deeds at Page 1 ("Declaration").  The obligations of the Declaration run with the Property.  *See In re Raymond,* 129 B.R. 354 (Bankr. S.D.N.Y. 1991) ("[A]n obligation to pay common charges is 'a covenant which runs with the land' under New York law. . . . It is construed to be an obligation inherent in ownership of a condominium unit and binding not only on the present owner, but on grantees of the owner as well.") (*citing* N.Y.Real Prop.Law §§ 339–

x, 339–z (McKinney 1989); *see also Riverton Cmty. Ass'n, Inc. v. Myers*, 184 A.D.2d 1063, 584

N.Y.S.2d 368 (1992) ("A covenant to pay assessments for the maintenance of property is

deemed to 'touch' or 'concern' the land when it 'affects the legal relations—the advantages and

the burdens—of the parties to the covenant, as owners of particular parcels of land and not

merely as members of the community in general, such as taxpayers or owners of other land.'")

(*citing Neponsit Prop. Owners' Ass'n v. Emigrant Indus. Sav. Bank*, 278 N.Y. 248, 15 N.E.2d

793 (1938). A copy of certain relevant portions of the Declaration is attached as Exhibit A.

7. Section 11.01 of the Declaration provides that all present and future owners and

occupants of the Property are "subject to the provisions of the Declaration."

8. Section 9.02 of the Declaration provides in relevant part that a "purchaser of a

Unit shall be liable for the payment of unpaid common charges assessed against such Unit prior

to the Purchaser's acquisition."

9. As of the date of this Limited Objection, the total balance due to Chappelle Villas

with respect to the Property under the Declaration is an amount (i) no less than $4,682.46 plus

(ii) all other amounts due under the Declaration (collectively, "Past Due Assessments"). A

statement of Past Due Assessments is attached as Exhibit B.

## II. LIMITED OBJECTION

### A. Objection To The Sale Of The Property

10. As the Declaration expressly provides that any purchaser of the Property shall be

liable for unpaid Assessments on the Property, Chappelle Villas respectfully submits that any

order of the Court approving the Sale must expressly provide for either i) payment of the Past

Due Assessments as part of the closing of the Sale, or ii) that the Sale is not free and clear of Sherman's obligation to pay the Past Due Assessments.

## III.    RESERVATION OF RIGHTS

11.    Chappelle Villas reserves the right (i) to amend, supplement, or otherwise modify this Limited Objection and all attachments and exhibits hereto as necessary or proper; and (ii) to raise such other and further objections to any proposed Sale.

12.    Nothing in this Limited Objection shall be construed as a waiver or release of any additional claims or other rights that Chappelle Villas may have in or against the Debtor, its estate or the property thereof, or a waiver or release of any other rights, claims, actions, defenses, set-offs or recoupments to which Chappelle Villas is or may be entitled under any agreement with the Debtor, in law or in equity, all of which rights are expressly reserved.

## IV.    CONCLUSION

WHEREFORE, Chappelle Villas respectfully requests that the Court enter an Order (i) sustaining this Limited Objection in its entirety and denying approval of the Motion and Sale to the extent it is inconsistent with this Limited Objection, (ii) directing that as a condition to effectiveness of the Sale, the Past Due Assessments is to be paid in full on the Closing Date from the proceeds of the Sale, or in the alternative that the Sale shall not be free and clear of Sherman's obligation to pay the Past Due Assessments, (iii) any Sale shall not be free and clear of the obligations arising under the Condominium Documents and (iv) providing Chappelle Villas with such other and further relief as is appropriate.

Doc #12774827.2

Dated: Buffalo, New York
       June 27, 2025

PHILLIPS LYTLE LLP


By: */s/* Paul W. Kucinski Jr.
       Paul W. Kucinski Jr.
*Attorneys for Chappelle Villas*
One Canalside, 125 Main Street
Buffalo, New York 14203
Telephone No.: (716) 847-8400
Email: pkucinskijr@phillipslytle.com