| | |
|---|---|
| In re:<br><br>THE DIOCESE OF BUFFALO, N.Y.,<br><br>                      Debtor. | Case No. 20-10322 CLB<br>Chapter 11 Case<br><br>Related to appeal:<br>25-cv-0538-MAV |

**APPELLANT THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
DESIGNATION OF THE RECORD AND
STATEMENT OF THE ISSUES ON APPEAL**

Appellant the Official Committee of Unsecured Creditors (the "Committee") of the Diocese of Buffalo, N.Y. (the "Diocese"), pursuant to Bankruptcy Rule 8009, on its appeal (District Court case no. 25-cv-538-MAV) from the Bankruptcy Court's *Decision and Order* (the "Decision and Order," Doc. No. 3929 herein) entered June 6, 2025: (i) states the issues on appeal, (ii) designates the following items to be included in the record and (iii) certifies that it is not ordering transcripts of hearings as transcripts of relevant hearings have been docketed in this case.

**STATEMENT OF THE ISSUES ON APPEAL**

1. Did the Bankruptcy Court err in deciding that a part of the proceeds of a sale of real property of the Diocese "free and clear of any interest in such property of an entity other than the estate" pursuant to Bankruptcy Code § 363 were restricted funds subject to the *cy pres* doctrine and therefore could not be used by the Diocese for the compensation of survivors of childhood sexual abuse to resolve the claims of those survivors against the Diocese, or for other bankruptcy purposes, where: (i) the property and money donated for the construction of a seminary were used for, and expended in construction of, a seminary that operated for approximately 60 years; (ii) the donations were not made expressly for use as a seminary in perpetuity; (iii) the seminary

subsequently ceased operations and its existence was terminated; (iv) the Diocese held title to the real property and the improvements thereon without restrictions in the deed of title; and (v) the Diocese filed a petition for reorganization under Chapter 11 of the Bankruptcy Code in order to, among other things, ensure an equitable distribution of funds to creditors, including victims of abuse?

2. Did the Bankruptcy Court err in determining that the Seminary Property is subject to the restraints of 11 U.S.C. §541(c)(2) and that an implied trust on the sale proceeds traceable to the Seminary Fund Drive and Reuter donation exists and restricts said funds use by the Diocese?

3. Did the Bankruptcy Court err in not addressing that any alleged restrictions on transfer of the real property (including improvements thereon) formerly used for the seminary were not recorded and consequently may be avoided by the debtor in possession pursuant to Bankruptcy Code § 544(a)(3), such that no part of the proceeds of the sale of the property pursuant to Bankruptcy Code are subject to any restriction on their use?

4. Did the Bankruptcy Court err in its methods and conclusions in calculating the portions of the sale proceeds subject to such implied trust?

5. Did the Bankruptcy Court err by relying on extra-record, hearsay statements reported in newspaper articles not presented by the parties, unsubstantiated by testimony, and without providing the Diocese an opportunity to respond to the Bankruptcy Court's factual findings?

# DESIGNATION OF RECORD ON APPEAL

| Docket Entries from the Bankruptcy Case, No. 20-10322 CLB | | | |
|---|---|---|---|
| Designation No. | Filing Date | Docket No. | Title |
| 1 | 2/28/2020 | 7 | Affidavit of Charles Mendolera Regarding the Diocese's Assets and Operations and in Support of the Chapter 11 Petition and First Day Pleadings |
| 2 | 2/28/2020 | 8 | Affidavit of Rev. Peter J. Karalus Regarding Structure and Pre-Filing History of the Diocese of Buffalo and in Support of the Chapter 11 Petition and First Day Pleadings |
| 3 | 7/18/2024 | 3031 | Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain Real Property at 711 Knox Road, East Aurora, New York; (B) Authorizing and Approving the Form of Purchase Agreement; (C) Scheduling an Auction and Hearing to Consider the Sale; and (D) Approving the Form and Manner of Service of Notice of Auction and Sale Hearing; (II) Approving the Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (III) Granting Related Relief (Attachments: # 1 Exhibit A - Proposed Bidding Procedures Order) |
| 4 | 7/26/2024 | 3042 | Certificate of Service re: Notice. of Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain Real Property at 42 Grant Street, North Tonawanda, New York; (B) Authorizing and Approving the Form of Purchase Agreement; (C) Scheduling an Auction and Hearing to Consider the Sale; and (D) Approving the Form and Manner of Service of Notice of Auction and Sale Hearing; (II) Approving the Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (III) Granting Related Relief (Docket No. 3029), Notice of Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain Real |

| Docket Entries from the Bankruptcy Case, No. 20-10322 CLB ||||
| Designation No. | Filing Date | Docket No. | Title |
|---|---|---|---|
| | | | Property at 711 Knox Road, East Aurora, New York; (B) Authorizing and Approving the Form of Purchase Agreement; (C) Scheduling an Auction and Hearing to Consider the Sale; and (D) Approving the Form and Manner of Service of Notice of Auction and Sale Hearing; (II) Approving the Sale Free and Clear of Liens, Claims, Encumbrances and Other Interest; and (III) Granting Related Relief (Docket No. 3031), Notice of Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain Real Property at 42 Grant Street, North Tonawanda, New York; (B) Authorizing and Approving the Form of Purchase Agreement; (C) Scheduling an Auction and Hearing to Consider the Sale; and (D) Approving the Form and Manner of Service of Notice of Auction and Sale Hearing; (II) Approving the Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (III) Granting Related Relief (Docket No. 3029, Pages 1-3), and Notice of Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain Real Property at 711 Knox Road, East Aurora, New York; (B) Authorizing and Approving the Form of Purchase Agreement; (C) Scheduling an Auction and Hearing to Consider the Sale; and (D) Approving the Form and Manner of Service of Notice of Auction and Sale Hearing; (II) Approving the Sale Free and Clear of Liens, Claims, Encumbrances and Other Interest; and (III) Granting Related Relief (Docket No. 3031, Pages 1-3) |
| 5 | 8/19/2024 | 3090 | Order Approving Bidding Procedures for the Sale of Certain Real Property at 711 Knox Road, East Aurora, New York; Authorizing and Approving the Form of Purchase Agreement; Scheduling an Auction and Hearing to Consider the Sale; and Approving the Form and Manner of Service of Notice of Auction and Sale |

| Docket Entries from the Bankruptcy Case, No. 20-10322 CLB |||| 
|---|---|---|---|
| Designation No. | Filing Date | Docket No. | Title |
| | | | Hearing |
| 6 | 8/21/2024 | 3092 | Transcript regarding Hearing Held 08/15/2024 RE: Motions for Sale of Property |
| 7 | 11/20/2024 | 3340 | Order Pursuant to Sections 105 and 363 of the Bankruptcy Code Approving the Sale of Certain Real Property at 711 Knox Road, East Aurora, Free and Clear of Liens, Claims, Obligations, Interests and Encumbrances; Authorizing The Diocese to Consummate the Transactions Related Thereto; and Granting Related Relief |
| 8 | 11/25/2024 | 3360 | Transcript regarding Hearing held on 9/24/2024 |
| 9 | 1/13/2025 | 3501 | Decision and Order |
| 10 | 3/18/2025 | 3743 | Motion for Entry of an Order Authorizing, But Not Directing, The Diocese to Access the Proceeds of the Seminary Property Sale Pursuant to Sections 105(A), 541, And 363(B) of the Bankruptcy Code (Attachments: # 1 Exhibit A - Proposed Order) |
| 11 | 3/18/2025 | 3744 | Declaration of Richard C. Suchan in Support of the Motion for Entry of an Order Authorizing, But Not Directing, the Diocese to Access the Proceeds of the Seminary Property Sale Pursuant to Sections 105(a), 541 and 363(b) of the Bankruptcy Code (Attachments: # 1 Exhibit A - Archival Records # 2 Exhibit B - 12/13/68 Meeting Minutes # 3 Exhibit C - 5/29/70 Resolution # 4 Exhibit D - Reuter Deeds # 5 Exhibit E - 1968 Deeds # 6 Exhibit 1987 Deed # 7 Exhibit G - Upon This Rock Campaign Materials) |
| 12 | 3/26/2025 | 3756 | Letter requesting adjournment of Motion for authority to use Seminary sale proceeds to May 8, 2025 at 10:00 a.m. and the Claim Objections to June 4, 2025 at 10:00 a.m. |
| 13 | 4/4/2025 | 3779 | Certificate of Service re: Notice of Motion for Entry of an Order Authorizing, but Not Directing, the Diocese to Access the Proceeds of the Seminary Property Sale |

| **Docket Entries from the Bankruptcy Case, No. 20-10322 CLB** |
|---|---|---|---|
| **Designation No.** | **Filing Date** | **Docket No.** | **Title** |
| | | | Pursuant to Sections 105(a), 541, and 363(b) of the Bankruptcy Code (Docket No. 3743) and Declaration of Richard C. Suchan in Support of the Motion for Entry of an Order Authorizing, but Not Directing, the Diocese to Access the Proceeds of the Seminary Property Sale Pursuant to Sections 105(a), 541, and 363(b) of the Bankruptcy Code |
| 14 | 4/9/2025 | 3795 | Joinder to the Diocese's Motion for Entry of an Order Authorizing, But Not Directing, the Diocese to Access the Proceeds of the Seminary Property Sale Pursuant to Sections 105(a), 541, and 363(b) of the Bankruptcy Code filed on behalf of Creditor Committee Official Committee of Unsecured Creditors |
| 15 | 5/15/25 | 3863 | Transcript regarding Hearing Held on 05/08/2025 |
| 16 | 6/6/2025 | 3929 | Decision and Order |
| 17 | 6/18/2025 | 3947 | Diocese's Notice of Appeal |
| 18 | 6/18/2025 | 3949 | Committee's Notice of Appeal |

# CERTIFICATION PURSUANT TO BANKRUPTCY RULE 8009(b)

Appellant respectfully certifies that it is not ordering any transcripts, because the relevant hearing transcripts have already been transcribed and docketed at Doc. Nos. 3092 and 3863.

# RESERVATION OF RIGHTS

This designation of issues on appeal and items for the Record on Appeal is without waiver of any arguments on appeal and Appellant expressly reserve the right to modify, restate, or supplement the designations above to the fullest extent permitted by the Bankruptcy Code and Rules.

Dated: July 2, 2025

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Ilan D. Scharf
James I. Stang
Ilan D. Scharf
Karen B. Dine
Jeffrey M. Dine
1700 Broadway, 36th Floor
New York, New York 10019
Telephone: 212-561-7700
Facsimile: 212-561-7777
Email: jstang@pszjlaw.com
ischarf@pszjlaw.com
kdine@pszjlaw.com
jdine@pszjlaw.com

*Counsel to the Official Committee
of Unsecured Creditors*