United States Bankruptcy Court
Western District of New York

In re:                                                      Case No. 20-10322-CLB
The Diocese of Buffalo, N.Y.                               Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0209-1                        User: admin                        Page 1 of 30
Date Rcvd: Jul 03, 2025                     Form ID: pdforder                   Total Noticed: 3

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 05, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | The Diocese of Buffalo, N.Y., 795 Main Street, Buffalo, NY 14203-1215 |
| aty | + | Bond, Schoeneck & King, PLLC, Attn: Stephen A. Donato, Esq., One Lincoln Center, Syracuse, NY 13202-1306 |
| 21788867 | | M&T Bank, One M&T Plaza, Buffalo, NY 14203 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).
NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 05, 2025                  Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 3, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Adam P. Haberkorn | on behalf of Interested Party Century Indemnity as successor in interest to Insurance Company of North America, as successor in interest to Indemnity Insurance Company of North America ahaberkorn@omm.com, adam-haberkorn-2269@ecf.pacerpro.com |
| Adam P. Haberkorn | on behalf of Interested Party Century Indemnity Company as successor in interest to Insurance Company of North America, as successor in interest to Indemnity Insurance Company of North America ahaberkorn@omm.com, adam-haberkorn-2269@ecf.pacerpro.com |
| Adam P. Haberkorn | on behalf of Interested Party Pacific Employers Insurance Company ahaberkorn@omm.com adam-haberkorn-2269@ecf.pacerpro.com |
| Adam P. Haberkorn | on behalf of Interested Party Aetna Insurance Company ahaberkorn@omm.com adam-haberkorn-2269@ecf.pacerpro.com |

Adam P. Haberkorn
on behalf of Interested Party Aetna Insurance Company f/k/a CIGNA Property & Casualty Insurance Company and n/k/a ACE
Property & Casualty Insurance Company ahaberkorn@omm.com  adam-haberkorn-2269@ecf.pacerpro.com

Adam P. Haberkorn
on behalf of Interested Party U.S. Fire Insurance Company ahaberkorn@omm.com  adam-haberkorn-2269@ecf.pacerpro.com

Adam Ross Durst
on behalf of Defendant Employers Insurance Company of Wausau (f/k/a Employers Insurance of Wausau A Mutual Company
f/k/a Employers Mutual Liability Insurance Company of Wisconsin) adurst@goldbergsegalla.com
bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Notice of Appearance Creditor Employers Insurance Company of Wausau (formerly known as Employers Insurance
of Wausau A Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin)
adurst@goldbergsegalla.com  bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Defendant Nationwide Insurance Company of America adurst@goldbergsegalla.com
bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Notice of Appearance Creditor Wausau Underwriters Insurance Company adurst@goldbergsegalla.com
bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Cross Defendant Wausau Underwriters Insurance Company adurst@goldbergsegalla.com
bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Interested Party Nationwide Insurance Company of America adurst@goldbergsegalla.com
bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Interested Party Nationwide Mutual Insurance Company (f/k/a Farm Bureau Mutual Automobile Insurance Company)
adurst@goldbergsegalla.com  bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Defendant Employers Insurance Company of Wausau (formally known as Employers Insurance of Wausau A Mutual
Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin) adurst@goldbergsegalla.com
bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Defendant Wausau Underwriters Insurance Company adurst@goldbergsegalla.com  bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Cross Defendant Employers Insurance Company of Wausau (formally known as Employers Insurance of Wausau A
Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin) adurst@goldbergsegalla.com
 bfaulkner@goldbergsegalla.com

Amy Keller
on behalf of Interested Party LG 77 DOE akeller@lglaw.com  sfischer@lglaw.com

Amy Keller
on behalf of Defendant JMH 100 Doe  et al akeller@lglaw.com, sfischer@lglaw.com

Amy Keller
on behalf of Creditor POC No. 934 Claimant akeller@lglaw.com  sfischer@lglaw.com

Amy Keller
on behalf of Creditor POC No. 912 Claimant akeller@lglaw.com  sfischer@lglaw.com

Amy Keller
on behalf of Interested Party Don E. Whelan akeller@lglaw.com  sfischer@lglaw.com

Amy Keller
on behalf of Interested Party HW 4 Doe akeller@lglaw.com  sfischer@lglaw.com

Amy Keller
on behalf of Interested Party LG 65 Doe akeller@lglaw.com  sfischer@lglaw.com

Amy Keller
on behalf of Attorney Lipsitz Green Scime Cambria LLP akeller@lglaw.com  sfischer@lglaw.com

Amy Keller
on behalf of Interested Party Wyatt Schoenle akeller@lglaw.com  sfischer@lglaw.com

Amy Keller
on behalf of Interested Party LG 74 DOE akeller@lglaw.com  sfischer@lglaw.com

Amy Keller
on behalf of Interested Party LG 69 DOE akeller@lglaw.com  sfischer@lglaw.com

Amy Keller
on behalf of Interested Party Dorian Reeves akeller@lglaw.com  sfischer@lglaw.com

Andrew Janet
on behalf of Interested Party Judith Wilcox Halsey asjanet@jjsjustice.com

Andrew Janet
on behalf of Interested Party Diana L. O'Hara asjanet@jjsjustice.com

Andrew P Fleming
on behalf of Creditor Abuse Survivors aflem@cf-legal.com

Andrew P Fleming
on behalf of Notice of Appearance Creditor Madonna Bishop  et al aflem@cf-legal.com

Andrew P Fleming
on behalf of Creditor Madonna Bishop  et al. aflem@cf-legal.com

Andrew Scott Rivera
on behalf of Debtor The Diocese of Buffalo  N.Y. arivera@bsk.com, kdoner@bsk.com;CourtMail@bsk.com

Angela Z. Miller
on behalf of Interested Party Catholic Health System  Inc. amiller@phillipslytle.com

Antigone Curis
on behalf of Creditor Abuse Survivors acuris7@gmail.com

Aryeh L Taub
on behalf of Creditor Stephen Connelly ataub@p2law.com

Aryeh L Taub
on behalf of Creditor Lillia Ives ataub@p2law.com

Brendan Sheehan
on behalf of Plaintiff The Diocese of Buffalo  N.Y. bsheehan@bsk.com, spagano@bsk.com;kdoner@bsk.com;courtmail@bsk.com

Brett D Goodman
on behalf of Interested Party Catholic Mutual Relief Society of America brett.goodman@afslaw.com

Brett D Goodman
on behalf of Cross Defendant Catholic Mutual Group brett.goodman@afslaw.com

Brett S. Theisen
on behalf of Interested Party Selective Insurance Company of New York btheisen@gibbonslaw.com

Brett S. Theisen
on behalf of Defendant Selective Insurance Company of America (formerly known as Exchange Mutual Insurance Company) btheisen@gibbonslaw.com

Brett S. Theisen
on behalf of Defendant Selective Insurance Company of America (f/k/a Exchange Mutual Insurance Company f/k/a Exchange Mutual Indemnity Insurance Company) btheisen@gibbonslaw.com

Brian David Barnas
on behalf of Defendant Merchants Mutual Insurance Company bdb@hurwitzfine.com  robins@hurwitzfine.com

Brian Jacob Butler
on behalf of Plaintiff The Diocese of Buffalo  N.Y. bbutler@bsk.com, cduger@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Brittany Mitchell Michael
on behalf of Interested Party The Official Committee of Unsecured Creditors bmichael@pszjlaw.com

Brittany Mitchell Michael
on behalf of Interpleader Official Committee of Unsecured Crditors bmichael@pszjlaw.com

Brittany Mitchell Michael
on behalf of Creditor Committee Official Committee of Unsecured Creditors bmichael@pszjlaw.com

Brittany Mitchell Michael
on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors bmichael@pszjlaw.com

Bruce Alan Anderson
on behalf of Notice of Appearance Creditor Parish Steering Committee baafiling@eaidaho.com

Bruce Alan Anderson
on behalf of Interested Party Parish Steering Committee baafiling@eaidaho.com

C Kenneth Foit
on behalf of Interested Party Thomas J Cichon ckennethfoit@gmail.com

Catalina Sugayan
on behalf of Interested Party Certain Underwriters at Lloyd's  London catalina.sugayan@clydeco.us, Nancy.Lima@clydeco.us

Catalina Sugayan
on behalf of Defendant Certain Underwriters at Lloyds  London and Certain London Market Companies
catalina.sugayan@clydeco.us, Nancy.Lima@clydeco.us

Charles Edwin Jones
on behalf of Defendant Fireman's Fund Insurance Company charles.jones@lawmoss.com  Brenda.murphy@lawmoss.com

Charles Edwin Jones
on behalf of Cross Defendant Fireman's Fund Insurance Company charles.jones@lawmoss.com  Brenda.murphy@lawmoss.com

Charles J. Sullivan
on behalf of Debtor The Diocese of Buffalo  N.Y. csullivan@bsk.com, kdoner@bsk.com;jhunold@bsk.com;CourtMail@bsk.com

Charles J. Sullivan
on behalf of Plaintiff The Diocese of Buffalo  N.Y. csullivan@bsk.com,
kdoner@bsk.com;jhunold@bsk.com;CourtMail@bsk.com

Conrad Chiu
on behalf of Notice of Appearance Creditor Diana L. O'Hara cchiu@pryorcashman.com
bankruptcydocketing@pryorcashman.com

Conrad Chiu
on behalf of Notice of Appearance Creditor Judith Wilcox Halsey cchiu@pryorcashman.com
bankruptcydocketing@pryorcashman.com

Cori Jean Iacopelli
on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors coriiacopelli@marsh.law

Cori Jean Iacopelli
on behalf of Creditor Scott Yerger coriiacopelli@marsh.law

Craig Goldblatt
on behalf of Notice of Appearance Creditor The Continental Insurance Company craig.goldblatt@wilmerhale.com

Daniel F. Brown
on behalf of Interested Party Justin Scott Wisnouskas dbrown@lippes.com  mbrennan@lippes.com;r45652@notify.bestcase.com

Daniel J. Chiacchia
on behalf of Creditor Madonna Bishop  et al dan@716attorneys.com

Daniel J. Chiacchia
on behalf of Notice of Appearance Creditor Madonna Bishop  et al dan@716attorneys.com

Daniel J. Chiacchia
on behalf of Creditor John Doe dan@716attorneys.com

Daniel J. Chiacchia
on behalf of Notice of Appearance Creditor BL 1 DOE dan@716attorneys.com

Daniel J. Chiacchia
on behalf of Creditor Madonna Bishop  et al. dan@716attorneys.com

Daniel J. Schufreider
on behalf of Interested Party Catholic Mutual Relief Society of America dschufreider@schiffhardin.com

Daniel Walter Gerber
on behalf of Notice of Appearance Creditor NGM Insurance Company dgerber@gerberciano.com  hjones@gerberciano.com

Daniel Walter Gerber
on behalf of Defendant NGM Insurance Company (successor-in-interest to National Grange Mutual Insurance Company)
dgerber@gerberciano.com  hjones@gerberciano.com

Daniel Walter Gerber
on behalf of Notice of Appearance Creditor NGM Insurance Company (successor-in-interest to National Grange Mutual Insurance
Company) dgerber@gerberciano.com  hjones@gerberciano.com

David Attisani
on behalf of Notice of Appearance Creditor The Continental Insurance Company dattisani@choate.com
david-attisani-2688@ecf.pacerpro.com

David C. Christian, II
on behalf of Notice of Appearance Creditor The Continental Insurance Company dchristian@dca.law

David L. Gay
on behalf of Defendant National Union Fire Insurance Company of Pittsburgh  PA dgay@carltonfields.com,
cguzman@carltonfields.com

David M Spector, I
on behalf of Interested Party Catholic Mutual Relief Society of America dspector@schiffhardin.com

Diane Paolicelli
on behalf of Creditor Stephen Connelly dpaolicelli@p2law.com

Diane Paolicelli
on behalf of Creditor Lillia Ives dpaolicelli@p2law.com

Dirk C. Haarhoff
on behalf of Defendant Selective Insurance Company of America (formerly known as Exchange Mutual Insurance Company) dchaarhoff@kslnlaw.com

Dirk C. Haarhoff
on behalf of Interested Party Selective Insurance Company of New York dchaarhoff@kslnlaw.com

Dominic J. Picca
on behalf of Defendant Liberty Mutual Insurance Company djpicca@mintz.com jpsmith@mintz.com,docketing@mintz.com,naellman@mintz.com

Dominic J. Picca
on behalf of Notice of Appearance Creditor Excelsior Insurance Company djpicca@mintz.com jpsmith@mintz.com,docketing@mintz.com,naellman@mintz.com

Dominic J. Picca
on behalf of Interested Party Excelsior Insurance Company djpicca@mintz.com jpsmith@mintz.com,docketing@mintz.com,naellman@mintz.com

Dominic J. Picca
on behalf of Interested Party Liberty Mutual Insurance Company djpicca@mintz.com jpsmith@mintz.com,docketing@mintz.com,naellman@mintz.com

Dominic J. Picca
on behalf of Notice of Appearance Creditor Liberty Mutual Insurance Company djpicca@mintz.com jpsmith@mintz.com,docketing@mintz.com,naellman@mintz.com

Dominic J. Picca
on behalf of Interested Party Peerless Insurance Company djpicca@mintz.com jpsmith@mintz.com,docketing@mintz.com,naellman@mintz.com

Dominic J. Picca
on behalf of Notice of Appearance Creditor Peerless Insurance Company djpicca@mintz.com jpsmith@mintz.com,docketing@mintz.com,naellman@mintz.com

Douglas R Gooding
on behalf of Interested Party Liberty Mutual Insurance Company dgooding@choate.com douglas-gooding-9991@ecf.pacerpro.com

Douglas R Gooding
on behalf of Interested Party Peerless Insurance Company dgooding@choate.com  douglas-gooding-9991@ecf.pacerpro.com

Douglas R Gooding
on behalf of Defendant Liberty Mutual Insurance Company dgooding@choate.com  douglas-gooding-9991@ecf.pacerpro.com

Douglas R Gooding
on behalf of Interested Party Excelsior Insurance Company dgooding@choate.com  douglas-gooding-9991@ecf.pacerpro.com

Ellen M. Farrell
on behalf of Defendant Peerless Insurance Company emfarrell@mintz.com

Ellen M. Farrell
on behalf of Defendant Excelsior Insurance Company emfarrell@mintz.com

Ellen M. Farrell
on behalf of Defendant Liberty Mutual Insurance Company emfarrell@mintz.com

Everett J. Cygal
on behalf of Interested Party Catholic Mutual Relief Society of America ecygal@schiffhardin.com

Ford Elsaesser, Jr
on behalf of Notice of Appearance Creditor Parish Steering Committee ford@eaidaho.com

Ford Elsaesser, Jr
on behalf of Interested Party Parish Steering Committee ford@eaidaho.com

Fred Lichtmacher
on behalf of Interested Party Stephen M. Parisi empirestatt@aol.com

Fred Lichtmacher
on behalf of Interested Party Matthew Bojanowski empirestatt@aol.com

Garry M. Graber
on behalf of Notice of Appearance Creditor M&T Bank ggraber@hodgsonruss.com mheftka@hodgsonruss.com;cnapiers@hodgsonruss.com

Garry M. Graber
on behalf of Respondent Foundation of the Roman Catholic Diocese of Buffalo  New York ggraber@hodgsonruss.com, mheftka@hodgsonruss.com;cnapiers@hodgsonruss.com

Garry M. Graber

on behalf of Special Counsel Hodgson Russ LLP ggraber@hodgsonruss.com
mheftka@hodgsonruss.com;cnapiers@hodgsonruss.com

Geoffrey M. Miller

on behalf of Interested Party Travelers Indemnity Company (successor in interest to Gulf Insurance Company)
geoffrey.miller@dentons.com  docket.general.lit.nyc@dentons.com

Geoffrey M. Miller

on behalf of Interested Party Travelers Casualty and Surety Company (successor in interest to Aetna Casualty and Surety
Company) geoffrey.miller@dentons.com  docket.general.lit.nyc@dentons.com

Geoffrey M. Miller

on behalf of Defendant U.S. Fidelity and Guaranty Company geoffrey.miller@dentons.com  docket.general.lit.nyc@dentons.com

Geoffrey M. Miller

on behalf of Defendant Travelers Casualty and Surety Company (successor-in-interest to Aetna Casualty and Surety Company)
geoffrey.miller@dentons.com  docket.general.lit.nyc@dentons.com

Geoffrey M. Miller

on behalf of Interested Party St. Paul Fire and Marine Insurance Company geoffrey.miller@dentons.com
docket.general.lit.nyc@dentons.com

Geoffrey M. Miller

on behalf of Interested Party St. Paul Fire and Marine Insurance Company  St. Paul Mercury Insurance Company, Travelers
Casualty and Surety Company (successor in interest to Aetna Casualty and Surety Company), Travelers Indemnity
geoffrey.miller@dentons.com, docket.general.lit.nyc@dentons.com

Geoffrey M. Miller

on behalf of Interested Party St. Paul Mercury Insurance Company geoffrey.miller@dentons.com
docket.general.lit.nyc@dentons.com

Geoffrey M. Miller

on behalf of Defendant St. Paul Fire and Marine Insurance Company geoffrey.miller@dentons.com
docket.general.lit.nyc@dentons.com

Geoffrey M. Miller

on behalf of Interested Party U.S. Fidelity and Guaranty Company geoffrey.miller@dentons.com
docket.general.lit.nyc@dentons.com

Glenn Fencl

on behalf of Defendant The National Catholic Risk Retention Group fenclg@jbltd.com  castom@jbltd.com

Grady Campion

on behalf of Interested Party Peerless Insurance Company grcampion@mintz.com  EMFarrell@mintz.com;mtalario@mintz.com

Grady Campion

on behalf of Interested Party Liberty Mutual Insurance Company grcampion@mintz.com
EMFarrell@mintz.com;mtalario@mintz.com

Grady Campion

on behalf of Defendant Liberty Mutual Insurance Company grcampion@mintz.com  EMFarrell@mintz.com;mtalario@mintz.com

Grady Campion

on behalf of Interested Party Excelsior Insurance Company grcampion@mintz.com  EMFarrell@mintz.com;mtalario@mintz.com

Grayson T. Walter

on behalf of Debtor The Diocese of Buffalo  N.Y. gwalter@bsk.com, kdoner@bsk.com;CourtMail@bsk.com

Grayson T. Walter

on behalf of Plaintiff The Diocese of Buffalo  N.Y. gwalter@bsk.com, kdoner@bsk.com;CourtMail@bsk.com

Gregory J. McDonald

on behalf of Debtor The Diocese of Buffalo  N.Y. gjmcdonald@bsk.com, Kleo@bsk.com

Harry Lee

on behalf of Defendant Zurich American Insurance Company hlee@steptoe.com

Harry Lee

on behalf of Defendant Providence Washington Insurance Company hlee@steptoe.com

Harry Lee

on behalf of Interested Party Providence Washington Insurance Company hlee@steptoe.com

Harry Lee

on behalf of Interested Party Zurich American Insurance Company hlee@steptoe.com

Harry Lee

on behalf of Interested Party American Guarantee and Liability Insurance Company hlee@steptoe.com

Heather M. Baumeister

on behalf of Notice of Appearance Creditor Richard LaPorta hbaumeister@lotempiopc.com

Heather M. Baumeister
          on behalf of Notice of Appearance Creditor Hunter Cogi Wolfe hbaumeister@lotempiopc.com

Iain A.W. Nasatir
          on behalf of Creditor Committee Official Committee of Unsecured Creditors inasatir@pszjlaw.com

Ilan D Scharf
          on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors ischarf@pszjlaw.com
          nhall@pszjlaw.com;nrobinson@pszjlaw.com

Ilan D Scharf
          on behalf of Interested Party Official Committee of Unsecured Creditors ischarf@pszjlaw.com
          nhall@pszjlaw.com;nrobinson@pszjlaw.com

Ilan D Scharf
          on behalf of Creditor Committee Official Committee of Unsecured Creditors ischarf@pszjlaw.com
          nhall@pszjlaw.com;nrobinson@pszjlaw.com

Ilan D Scharf
          on behalf of Interested Party The Official Committee of Unsecured Creditors ischarf@pszjlaw.com
          nhall@pszjlaw.com;nrobinson@pszjlaw.com

J. Michael Hayes
          on behalf of Defendant JMH 100 Doe  et al jmh@jmichaelhayes.com

James C. Thoman
          on behalf of Debtor The Diocese of Buffalo  N.Y. jthoman@hodgsonruss.com,
          cnapiers@hodgsonruss.com;mheftka@hodgsonruss.com;courtmail@hodgsonruss.com

James I. Stang
          on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors jstang@pszjlaw.com

James R Marsh
          on behalf of Interested Party Certain Abuse Survivors jamesmarsh@marsh.law

James R Marsh
          on behalf of Creditor Scott Yerger jamesmarsh@marsh.law

James R Marsh
          on behalf of Interested Party MLF Doe jamesmarsh@marsh.law

James R Murray
          on behalf of Debtor The Diocese of Buffalo  N.Y. Jim.Murray@BlankRome.com, edocketing@blankrome.com

James R Murray
          on behalf of Other Professional Blank Rome  LLP Jim.Murray@BlankRome.com, edocketing@blankrome.com

James S. Carter
          on behalf of Plaintiff The Diocese of Buffalo  N.Y. james.carter@blankrome.com

Jason P. Amala
          on behalf of Creditor Marsh/PCVA Claimant jason@pcvalaw.com
          mfilomeno@pcvalaw.com;mmoore@pcvalaw.com;kweaver@pcvalaw.com

Jeffrey A. Carlino
          on behalf of Interested Party Selective Insurance Company of New York jacarlino@kslnlaw.com  paschuster@kslnlaw.com

Jeffrey A. Carlino
          on behalf of Defendant Selective Insurance Company of America (formerly known as Exchange Mutual Insurance Company)
          jacarlino@kslnlaw.com  paschuster@kslnlaw.com

Jeffrey Austin Dove
          on behalf of Counter-Claimant The Continental Insurance Company jdove@barclaydamon.com
          avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove
          on behalf of Defendant National Union Fire Insurance Company of Pittsburgh  PA jdove@barclaydamon.com,
          avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove
          on behalf of Cross Defendant The Continental Insurance Company jdove@barclaydamon.com
          avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove
          on behalf of Cross Defendant National Union Fire Insurance Company of Pittsburgh  PA jdove@barclaydamon.com,
          avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove
          on behalf of Defendant The Continental Insurance Company jdove@barclaydamon.com
          avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove
          on behalf of Notice of Appearance Creditor The Continental Insurance Company jdove@barclaydamon.com

avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove

on behalf of Cross-Claimant National Union Fire Insurance Company of Pittsburgh PA jdove@barclaydamon.com, avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey F. Reina

on behalf of Defendant JMH 100 Doe et al jreina@lglaw.com, pjohnson@lglaw.com

Jeffrey L. Kingsley

on behalf of Notice of Appearance Creditor Wausau Underwriters Insurance Company jkingsley@goldbergsegalla.com kallen@goldbergsegalla.com

Jeffrey L. Kingsley

on behalf of Defendant Nationwide Insurance Company of America jkingsley@goldbergsegalla.com kallen@goldbergsegalla.com

Jeffrey L. Kingsley

on behalf of Defendant Wausau Underwriters Insurance Company jkingsley@goldbergsegalla.com kallen@goldbergsegalla.com

Jeffrey L. Kingsley

on behalf of Cross Defendant Wausau Underwriters Insurance Company jkingsley@goldbergsegalla.com kallen@goldbergsegalla.com

Jeffrey L. Kingsley

on behalf of Defendant Employers Insurance Company of Wausau (f/k/a Employers Insurance of Wausau A Mutual Company f/k/a Employers Mutual Liability Insurance Company of Wisconsin) jkingsley@goldbergsegalla.com kallen@goldbergsegalla.com

Jeffrey L. Kingsley

on behalf of Notice of Appearance Creditor Employers Insurance Company of Wausau (formerly known as Employers Insurance of Wausau A Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin) jkingsley@goldbergsegalla.com kallen@goldbergsegalla.com

Jeffrey L. Kingsley

on behalf of Cross Defendant Employers Insurance Company of Wausau (formally known as Employers Insurance of Wausau A Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin) jkingsley@goldbergsegalla.com kallen@goldbergsegalla.com

Jeffrey L. Kingsley

on behalf of Defendant Employers Insurance Company of Wausau (formally known as Employers Insurance of Wausau A Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin) jkingsley@goldbergsegalla.com kallen@goldbergsegalla.com

Jeffrey Robert Anderson

on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors jeff@andersonadvocates.com therese@andersonadvocates.com;erin@andersonadvocates.com;stacey@andersonadvocates.com

Jeffrey Robert Anderson

on behalf of Interested Party Certain Abuse Survivors jeff@andersonadvocates.com therese@andersonadvocates.com;erin@andersonadvocates.com;stacey@andersonadvocates.com

Jennifer Anne Ehman

on behalf of Defendant The National Catholic Risk Retention Group jae@hurwitzfine.com kathik@hurwitzfine.com;donnab@hurwitzfine.com

Jesse Bair

on behalf of Creditor Committee Official Committee of Unsecured Creditors jbair@burnsbair.com kdempski@burnsbair.com,bhorn@burnsbair.com

Jesse Bair

on behalf of Special Counsel Burns Bair LLP jbair@burnsbair.com kdempski@burnsbair.com,bhorn@burnsbair.com

Jillian Dennehy

on behalf of Interested Party TIG Insurance Company jillian.dennehy@kennedyslaw.com

Jillian Dennehy

on behalf of Defendant North River Insurance Company jillian.dennehy@kennedyslaw.com

Jillian Dennehy

on behalf of Interested Party North River Insurance Company jillian.dennehy@kennedyslaw.com

Jillian Dennehy

on behalf of Defendant U.S. Fire Insurance Company jillian.dennehy@kennedyslaw.com

Jillian Dennehy

on behalf of Defendant TIG Insurance Company (successor-in-interest to American Surety Company of New York) jillian.dennehy@kennedyslaw.com

Jillian Dennehy

on behalf of Interested Party U.S. Fire Insurance Company jillian.dennehy@kennedyslaw.com

Jin Yan

on behalf of Interested Party Catholic Mutual Relief Society of America jin.yan@afslaw.com

John Grossbart

on behalf of Interested Party Travelers Casualty and Surety Company and Traveler's Indemnity Company john.grossbart@dentons.com

John Maloney

on behalf of Interested Party Hartford Fire Insurance Company jmaloney@lawgmm.com

John Maloney

on behalf of Defendant The Hartford Financial Services Group (successor-in-interest to Hartford Accident and Indemnity Company and Hartford Fire Insurance Company) jmaloney@lawgmm.com

John Maloney

on behalf of Interested Party Hartford Accident and Indemnity Company jmaloney@lawgmm.com

John A. Mueller

on behalf of Notice of Appearance Creditor The Eudists - Congregation of Jesus and Mary  Inc. jmueller@lippes.com, jtenczar@lippes.com;mbrennan@lippes.com;rizzo@lippes.com

John A. Mueller

on behalf of Notice of Appearance Creditor Franciscan Friars - Our Lady of Angels Province  Inc. jmueller@lippes.com, jtenczar@lippes.com;mbrennan@lippes.com;rizzo@lippes.com

John A. Mueller

on behalf of Notice of Appearance Creditor Oblates of St. Francis DeSales jmueller@lippes.com jtenczar@lippes.com;mbrennan@lippes.com;rizzo@lippes.com

John A. Mueller

on behalf of Notice of Appearance Creditor St. Francis High School of Athol Springs  N.Y. jmueller@lippes.com, jtenczar@lippes.com;mbrennan@lippes.com;rizzo@lippes.com

John D. Goetz

on behalf of Special Counsel Jones Day jdgoetz@jonesday.com  nyeary@jonesday.com;mmelvin@jonesday.com

John D. Goetz

on behalf of Debtor The Diocese of Buffalo  N.Y. jdgoetz@jonesday.com, nyeary@jonesday.com;mmelvin@jonesday.com

John Frederick O'Connor, Jr

on behalf of Defendant Zurich American Insurance Company joconnor@steptoe.com

John Frederick O'Connor, Jr

on behalf of Defendant Providence Washington Insurance Company joconnor@steptoe.com

John Frederick O'Connor, Jr

on behalf of Interested Party Providence Washington Insurance Company joconnor@steptoe.com

John Frederick O'Connor, Jr

on behalf of Interested Party American Guarantee and Liability Insurance Company joconnor@steptoe.com

John Frederick O'Connor, Jr

on behalf of Interested Party Zurich American Insurance Company joconnor@steptoe.com

John J. Flaherty

on behalf of Defendant JMH 100 Doe  et al flarelaw@gmail.com, joanneaschultz@aol.com

Jon Travis Powers

on behalf of Cross Defendant Fireman's Fund Insurance Company powerst@whiteandwilliams.com mglowinski@hodgsonruss.com

Jonathan Schapp

on behalf of Interested Party Nationwide Insurance Company of America jschapp@goldbergsegalla.com kallen@goldbergsegalla.com

Jonathan Schapp

on behalf of Defendant Employers Insurance Company of Wausau (f/k/a Employers Insurance of Wausau A Mutual Company f/k/a Employers Mutual Liability Insurance Company of Wisconsin) jschapp@goldbergsegalla.com  kallen@goldbergsegalla.com

Jonathan Schapp

on behalf of Defendant Employers Insurance Company of Wausau (formally known as Employers Insurance of Wausau A Mutual Company formally known as Employers Mutual Liability Insurance Company of Wisconsin) jschapp@goldbergsegalla.com kallen@goldbergsegalla.com

Jonathan Schapp

on behalf of Cross Defendant Wausau Underwriters Insurance Company jschapp@goldbergsegalla.com kallen@goldbergsegalla.com

Jonathan Schapp

on behalf of Defendant Wausau Underwriters Insurance Company jschapp@goldbergsegalla.com  kallen@goldbergsegalla.com

Jonathan Schapp

on behalf of Cross Defendant Employers Insurance Company of Wausau (formally known as Employers Insurance of Wausau A Mutual Company formally known as Employers Mutual Liability Insurance Company of Wisconsin)

jschapp@goldbergsegalla.com  kallen@goldbergsegalla.com

Jonathan Schapp

on behalf of Notice of Appearance Creditor Employers Insurance Company of Wausau (formerly known as Employers Insurance of Wausau A Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin) jschapp@goldbergsegalla.com  kallen@goldbergsegalla.com

Jonathan Schapp

on behalf of Defendant Nationwide Insurance Company of America jschapp@goldbergsegalla.com  kallen@goldbergsegalla.com

Jonathan Schapp

on behalf of Notice of Appearance Creditor Wausau Underwriters Insurance Company jschapp@goldbergsegalla.com kallen@goldbergsegalla.com

Jonathan Schapp

on behalf of Interested Party Nationwide Mutual Insurance Company (f/k/a Farm Bureau Mutual Automobile Insurance Company) jschapp@goldbergsegalla.com  kallen@goldbergsegalla.com

Jonathan D Marshall

on behalf of Defendant Liberty Mutual Insurance Company jmarshall@choate.com  jonathan-marshall-4638@ecf.pacerpro

Jonathan D Marshall

on behalf of Interested Party Peerless Insurance Company jmarshall@choate.com  jonathan-marshall-4638@ecf.pacerpro.com

Jonathan D Marshall

on behalf of Interested Party Excelsior Insurance Company jmarshall@choate.com  jonathan-marshall-4638@ecf.pacerpro.com

Jonathan D Marshall

on behalf of Interested Party Liberty Mutual Insurance Company jmarshall@choate.com jonathan-marshall-4638@ecf.pacerpro.com

Joseph Mark Fisher

on behalf of Interested Party Catholic Mutual Relief Society of America mfisher@schiffhardin.com edocket@afslaw.com;brett.goodman@afslaw.com;matthew.bentley@afslaw.com;lisa.indelicato@afslaw.com

Joseph Mark Fisher

on behalf of Defendant Catholic Mutual Group mfisher@schiffhardin.com edocket@afslaw.com;brett.goodman@afslaw.com;matthew.bentley@afslaw.com;lisa.indelicato@afslaw.com

Joseph W. Allen

USTPRegion02.bu.ecf@usdoj.gov  Joseph.W.Allen@usdoj.gov

Judith Treger Shelton

on behalf of Defendant Selective Insurance Company of America (formerly known as Exchange Mutual Insurance Company) jtshelton@kslnlaw.com

Judith Treger Shelton

on behalf of Interested Party Selective Insurance Company of New York jtshelton@kslnlaw.com

Justin S Krell

on behalf of Debtor The Diocese of Buffalo  N.Y. jkrell@bsk.com

Karen B. Dine

on behalf of Creditor Committee Official Committee of Unsecured Creditors kdine@pszjlaw.com

Karen M Dixon

on behalf of Defendant Great American Insurance Company (successor-in-interest to Agricultural Insurance Company) kdixon@skarzynski.com

Kathleen Thomas

on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors kat@tlclawllc.com

Kevin R. Lelonek

on behalf of Defendant Catholic Mutual Group klelonek@gross-shuman.com  rrottaris@gross-shuman.com

Kevin T. Stocker

on behalf of Creditor KS-Doe-1 et al kstockeresq@yahoo.com

Kevin T. Stocker

on behalf of Respondent KS-Doe-1 et al kstockeresq@yahoo.com

Laura Anne Brady

on behalf of Interested Party Selective Insurance Company of New York lbrady@cmg.law

Laura Anne Brady

on behalf of Defendant Selective Insurance Company of America (formerly known as Exchange Mutual Insurance Company) lbrady@coughlinduffy.com

Laura B. Stephens

on behalf of Interested Party Peerless Insurance Company lbstephens@mintz.com

Laura B. Stephens

on behalf of Interested Party Liberty Mutual Insurance Company lbstephens@mintz.com

Laura B. Stephens
on behalf of Interested Party Excelsior Insurance Company lbstephens@mintz.com

Laura B. Stephens
on behalf of Defendant Liberty Mutual Insurance Company lbstephens@mintz.com

Lauren Lifland
on behalf of Notice of Appearance Creditor The Continental Insurance Company lauren.lifland@wilmerhale.com

Leah Costanzo
on behalf of Interested Party Certain Abuse Survivors lcostanzo@steveboyd.com

Lee E. Woodard
on behalf of Notice of Appearance Creditor USA Northeast Province of the Society of Jesus bkemail@harrisbeach.com efilings@harrisbeach.com;broy@harrisbeach.com

Linda H. Joseph
on behalf of Interested Party Michael Harrington ljoseph@sjalegal.com  cbinkowski@sjalegal.com

Linda Singer Roth
on behalf of Interested Party Sisters of Good Shepherd and the Roman Catholic Religious Institute of the Religious of the Good Shepherd lroth@archerlaw.com

Louis J. Testa
on behalf of Notice of Appearance Creditor New York State Office of Parks  Recreation & Historic Preservation louis.testa@ag.ny.gov

Louis J. Testa
on behalf of Notice of Appearance Creditor People of the State of New York louis.testa@ag.ny.gov

Lucas B. Franken
on behalf of Creditor Marsh/PCVA Claimant lfranken@pcvalaw.com  mfilomeno@pcvalaw.com

Lucas B. Franken
on behalf of Notice of Appearance Creditor Marsh/PCVA Claimants lfranken@pcvalaw.com  mfilomeno@pcvalaw.com

M. Keith Moskowitz
on behalf of Interested Party Travelers Casualty and Surety Company and Traveler's Indemnity Company keith.moskowitz@dentons.com

M. Paul Gorfinkel
on behalf of Notice of Appearance Creditor Utica Mutual Insurance Company paul.gorfinkel@rivkin.com

M. Paul Gorfinkel
on behalf of Notice of Appearance Creditor Sentry Insurance Company as successor to Middlesex Mutual Insurance Company paul.gorfinkel@rivkin.com

Margaret F. Catalano
on behalf of Defendant TIG Insurance Company (successor-in-interest to American Surety Company of New York) meg.catalano@kennedyslaw.com

Margaret F. Catalano
on behalf of Interested Party TIG Insurance Company meg.catalano@kennedyslaw.com

Margaret F. Catalano
on behalf of Defendant North River Insurance Company meg.catalano@kennedyslaw.com

Margaret F. Catalano
on behalf of Interested Party U.S. Fire Insurance Company meg.catalano@kennedyslaw.com

Margaret F. Catalano
on behalf of Defendant U.S. Fire Insurance Company meg.catalano@kennedyslaw.com

Margaret F. Catalano
on behalf of Interested Party North River Insurance Company meg.catalano@kennedyslaw.com

Marianne May
on behalf of Notice of Appearance Creditor Century Indemnity Company marianne.may@clydeco.us

Marianne May
on behalf of Interested Party Century Indemnity  as successor in interest to Insurance Company of North America, as successor in interest to Indemnity Insurance Company of North America marianne.may@clydeco.us

Marianne May
on behalf of Defendant Insurance Company of North America marianne.may@clydeco.us

Marianne May
on behalf of Defendant Indemnity Insurance Company of North America marianne.may@clydeco.us

Marianne May
on behalf of Defendant Century Indemnity Company marianne.may@clydeco.us

Marianne May

on behalf of Interested Party U.S. Fire Insurance Company marianne.may@clydeco.us

Marianne May

on behalf of Defendant Ace Property and Casualty Insurance (successor-in-interest to Aetna Insurance Company) marianne.may@clydeco.us

Marianne May

on behalf of Interested Party Aetna Insurance Company f/k/a CIGNA Property & Casualty Insurance Company and n/k/a ACE Property & Casualty Insurance Company marianne.may@clydeco.us

Marianne May

on behalf of Defendant Federal Insurance Company marianne.may@clydeco.us

Marianne May

on behalf of Interested Party Pacific Employers Insurance Company marianne.may@clydeco.us

Mark D. Plevin

on behalf of Defendant The Continental Insurance Company mplevin@plevinturner.com mark-plevin-crowell-moring-8073@ecf.pacerpro.com

Mark D. Plevin

on behalf of Counter-Claimant The Continental Insurance Company mplevin@plevinturner.com mark-plevin-crowell-moring-8073@ecf.pacerpro.com

Mark D. Plevin

on behalf of Notice of Appearance Creditor The Continental Insurance Company mplevin@plevinturner.com mark-plevin-crowell-moring-8073@ecf.pacerpro.com

Martin A. Mooney

on behalf of Creditor Santander Consumer USA Inc. dba Chrysler Capital as servicer for CCAP Auto Lease Ltd. lgadomski@schillerknapp.com kcollins@schillerknapp.com;TJohnson@schillerknapp.com

Martin A. Mooney

on behalf of Notice of Appearance Creditor New York State Office of Parks  Recreation & Historic Preservation Martin.Mooney@ag.ny.gov, kcollins@schillerknapp.com;TJohnson@schillerknapp.com

Matthew Griffin Merson

on behalf of Creditor Anthony J Sciolino mmerson@mersonlaw.com

Matthew Griffin Merson

on behalf of Creditor Howard Zwelling mmerson@mersonlaw.com

Matthew Griffin Merson

on behalf of Interested Party Certain Abuse Survivors mmerson@mersonlaw.com

Matthew Griffin Merson

on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors mmerson@mersonlaw.com

Matthew Griffin Merson

on behalf of Creditor John Doe mmerson@mersonlaw.com

Meghan Hayes

on behalf of Interested Party Boys and Girls Club of Jamestown  Inc. mhayes@websterszanyi.com, jconnors@websterszanyi.com;efile@websterszanyi.com

Michael Finnegan

on behalf of Creditor AB 13 Doe mike@andersonadvocates.com  therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan

on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan

on behalf of Interested Party Certain Abuse Survivors mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan

on behalf of Creditor AB 141 Doe mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan

on behalf of Creditor Michael F. Whalen  Jr. mike@andersonadvocates.com, therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan

on behalf of Creditor AB 45 Doe mike@andersonadvocates.com  therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan

on behalf of Creditor AB 136 Doe mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan

on behalf of Creditor AB 299 Doe mike@andersonadvocates.com

therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan

on behalf of Creditor AB 393 Doe mike@andersonadvocates.com
therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan

on behalf of Creditor AB 3 Doe mike@andersonadvocates.com  therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan

on behalf of Creditor AB 8 Doe mike@andersonadvocates.com  therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan

on behalf of Creditor James Bottlinger mike@andersonadvocates.com
therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan

on behalf of Creditor Brian Kirst mike@andersonadvocates.com  therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Margulies

on behalf of Defendant National Union Fire Insurance Company of Pittsburgh  PA mmargulies@carltonfields.com

Michael M. Marick

on behalf of Defendant Great American Insurance Company (successor-in-interest to Agricultural Insurance Company)
mmarick@skarzynski.com

Michael T. Glascott

on behalf of Defendant Unigard Insurance Company (successor-in-interest to Jamestown Mutual Insurance Company)
mglascott@goldbergsegalla.com  mperessotti@goldbergsegalla.com

Miranda Turner

on behalf of Notice of Appearance Creditor The Continental Insurance Company mturner@plevinturner.com

Miranda Turner

on behalf of Defendant The Continental Insurance Company mturner@plevinturner.com

Miranda Turner

on behalf of Cross Defendant The Continental Insurance Company mturner@plevinturner.com

Miranda Turner

on behalf of Counter-Claimant The Continental Insurance Company mturner@plevinturner.com

Mitchell Garabedian

on behalf of Creditor Richard Brownell mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor Wayne Bortle mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Interested Party Richard Brownell mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor Gail Holler-Kennedy mgarabedian@garabedianlaw.com

Mitchell Garabedian

on behalf of Creditor Carolyn Anderson mgarabedian@garabedianlaw.com

Nancy D Adams

on behalf of Interested Party Excelsior Insurance Company ndadams@mintz.com

Nancy D Adams

on behalf of Interested Party Liberty Mutual Insurance Company ndadams@mintz.com

Nancy D Adams

on behalf of Defendant Liberty Mutual Insurance Company ndadams@mintz.com

Nancy D Adams

on behalf of Interested Party Peerless Insurance Company ndadams@mintz.com

Neil J. Smith

on behalf of Notice of Appearance Creditor Our Lady of Victory Institutions  Inc nsmith@mackenziehughes.com,
mallen@mackenziehughes.com

Nora Anne Valenza-Frost

on behalf of Defendant National Union Fire Insurance Company of Pittsburgh  PA nvalenza-frost@carltonfields.com

Paul Wesley Kucinski, Jr

on behalf of Creditor Chappelle Villas Condominium B pkucinskijr@phillipslytle.com

Peter Keane

on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors pkeane@pszjlaw.com

Randall D. White

District/off: 0209-1

Date Rcvd: Jul 03, 2025

User: admin

Form ID: pdforder

Page 14 of 30

Total Noticed: 3

on behalf of Special Counsel Connors LLP rdw@connors-vilardo.com  sb@connors-vilardo.com;ebh@connors-vilardo.com

Raymond L. Fink

on behalf of Notice of Appearance Creditor Catholic Charities of Buffalo  N.Y. rfink@lippes.com,
jmueller@lippes.com;mbrennan@lippes.com

Rick Weisbeck, Jr

on behalf of Defendant JMH 100 Doe  et al rweisbeck@lglaw.com

Rick Weisbeck, Jr

on behalf of Attorney Lipsitz Green Scime Cambria LLP rweisbeck@lglaw.com

Robert Sweeney

on behalf of Defendant Certain Underwriters at Lloyds  London and Certain London Market Companies
robert.sweeney@clydeco.us

Robert Sweeney

on behalf of Interested Party Certain Underwriters at Lloyd's  London robert.sweeney@clydeco.us

Robert E Gallagher, Jr

on behalf of Respondent AB 529 Doe rgallagher@steveboyd.com

Robert E Gallagher, Jr

on behalf of Respondent AB 527 Doe rgallagher@steveboyd.com

Robert Gerard Scumaci

on behalf of Debtor The Diocese of Buffalo  N.Y. rscumaci@gmclaw.com, kwaszak@gmclaw.com

Robert Gerard Scumaci

on behalf of Special Counsel Gibson  McAskill & Crosby, LLP rscumaci@gmclaw.com, kwaszak@gmclaw.com

Robert J. Feldman

on behalf of Interested Party Catholic Mutual Relief Society of America rfeldman@gross-shuman.com
lspula@gross-shuman.com

Robert J. Feldman

on behalf of Cross Defendant Catholic Mutual Group rfeldman@gross-shuman.com  lspula@gross-shuman.com

Robert J. Feldman

on behalf of Defendant Catholic Mutual Group rfeldman@gross-shuman.com  lspula@gross-shuman.com

Robert Kevin Malone

on behalf of Defendant Selective Insurance Company of America (formerly known as Exchange Mutual Insurance Company)
rmalone@gibbonslaw.com

Robert Kevin Malone

on behalf of Interested Party Selective Insurance Company of New York rmalone@gibbonslaw.com

Robert Wagner DiUbaldo

on behalf of Defendant National Union Fire Insurance Company of Pittsburgh  PA rdiubaldo@carltonfields.com

Robert Wagner DiUbaldo

on behalf of Interested Party National Union Fire Insurance Company of Pittsburgh  Pa. rdiubaldo@carltonfields.com

Sara C. Temes

on behalf of Debtor The Diocese of Buffalo  N.Y. stemes@bsk.com, CourtMail@bsk.com;kdoner@bsk.com;tayers@bsk.com

Scott J. Bogucki

on behalf of Creditor Committee Official Committee of Unsecured Creditors sbogucki@gmwlawyers.com
boguckisr48948@notify.bestcase.com;jsymack@gmwlawyers.com;lsachdev@gmwlawyers.com

Scott J. Bogucki

on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors sbogucki@gmwlawyers.com
boguckisr48948@notify.bestcase.com;jsymack@gmwlawyers.com;lsachdev@gmwlawyers.com

Scott J. Bogucki

on behalf of Interested Party The Official Committee of Unsecured Creditors sbogucki@gmwlawyers.com
boguckisr48948@notify.bestcase.com;jsymack@gmwlawyers.com;lsachdev@gmwlawyers.com

Sharon Angelino

on behalf of Defendant Unigard Insurance Company (successor-in-interest to Jamestown Mutual Insurance Company)
sangelino@goldbergsegalla.com

Sharon Angelino

on behalf of Interested Party QBE Insurance Corporation as successor-in-interest to Unigard Insurance Company
(successor-in-interest to Jamestown Mutual Insurance Company) sangelino@goldbergsegalla.com

Siobhain Patricia Minarovich

on behalf of Defendant Firemans Fund Insurance Company minarovichs@whiteandwilliams.com

Siobhain Patricia Minarovich

on behalf of Defendant Fireman's Fund Insurance Company minarovichs@whiteandwilliams.com

District/off: 0209-1
User: admin
Page 15 of 30
Date Rcvd: Jul 03, 2025
Form ID: pdforder
Total Noticed: 3

Siobhain Patricia Minarovich

on behalf of Cross Defendant Fireman's Fund Insurance Company minarovichs@whiteandwilliams.com

Siobhain Patricia Minarovich

on behalf of Notice of Appearance Creditor Fireman's Fund Insurance Company minarovichs@whiteandwilliams.com

Stacey Benson

on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors stacey@andersonadvocates.com
erin@andersonadvocates.com;therese@andersonadvocates.com

Stephen Boyd

on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors sboyd@steveboyd.com  rmatuzic@steveboyd.com

Stephen Boyd

on behalf of Notice of Appearance Creditor AB 1 Doe sboyd@steveboyd.com  rmatuzic@steveboyd.com

Stephen A. Donato

on behalf of Attorney Bond  Schoeneck & King, PLLC sdonato@bsk.com,
ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen A. Donato

on behalf of Debtor The Diocese of Buffalo  N.Y. sdonato@bsk.com, ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen A. Donato

on behalf of Other Professional Blank Rome  LLP sdonato@bsk.com, ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen A. Donato

on behalf of Plaintiff The Diocese of Buffalo  N.Y. sdonato@bsk.com, ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen A. Donato

on behalf of Counter-Defendant The Diocese of Buffalo  N.Y. sdonato@bsk.com,
ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen Andrew Sharkey

on behalf of Debtor The Diocese of Buffalo  N.Y. ssharkey@bsk.com,
rhynes@bsk.com;cmccormick@bsk.com;courtmail@bsk.com

Stephenie Lannigan Bross

on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors sbross@sssfirm.com

Steven Gary Adams

on behalf of Defendant Arrowood Indemnity Company (successor-in-interest to American and Foreign Insurance Company  Eagle
Indemnity Company of New York, Globe Indemnity Company, Phoenix Assurance Company of NY, New Am sadams@cmg.law,
dclare@cmg.law

Steven M. Cohen

on behalf of Interested Party HW 1 Doe  et al scohen@hoganwillig.com,
ssweeney@tiveronlaw.com;abanks@tiveronlaw.com;abanks@tiveronlaw.com;kakin@tiveronlaw.com;abanks@tiveronlaw.com

Stuart I. Gordon

on behalf of Notice of Appearance Creditor Sentry Insurance Company as successor to Middlesex Mutual Insurance Company
stuart.gordon@rivkin.com

Stuart I. Gordon

on behalf of Notice of Appearance Creditor Hanover Insurance Company stuart.gordon@rivkin.com

Stuart I. Gordon

on behalf of Notice of Appearance Creditor Utica Mutual Insurance Company stuart.gordon@rivkin.com

Tancred Schiavoni

on behalf of Interested Party Century Indemnity  as successor in interest to Insurance Company of North America, as successor in
interest to Indemnity Insurance Company of North America tschiavoni@omm.com, tancred-schiavoni-9326@ecf.pacerpro.com

Tancred Schiavoni

on behalf of Interested Party Aetna Insurance Company f/k/a CIGNA Property & Casualty Insurance Company and n/k/a ACE
Property & Casualty Insurance Company tschiavoni@omm.com  tancred-schiavoni-9326@ecf.pacerpro.com

Tancred Schiavoni

on behalf of Interested Party Pacific Employers Insurance Company tschiavoni@omm.com
tancred-schiavoni-9326@ecf.pacerpro.com

Tancred Schiavoni

on behalf of Interested Party U.S. Fire Insurance Company tschiavoni@omm.com  tancred-schiavoni-9326@ecf.pacerpro.com

Tanya Mascarich

on behalf of Defendant Arrowood Indemnity Company (successor-in-interest to American and Foreign Insurance Company  Eagle
Indemnity Company of New York, Globe Indemnity Company, Phoenix Assurance Company of NY, New Am
tmascarich@cmg.law

Tanya Mascarich

on behalf of Interested Party Arrowood Indemnity Company successor-in-interest to American and Foreign Insurance Company
Eagle Indemnity Company of New York, Globe Indemnity Co tmascarich@cmg.law

District/off: 0209-1

Date Rcvd: Jul 03, 2025

User: admin

Form ID: pdforder

Page 16 of 30

Total Noticed: 3

Thomas W. Simcoe

on behalf of Debtor The Diocese of Buffalo  N.Y. tsimcoe@bsk.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Pauls Roman Catholic Church Society of Kenmore tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Queen of Martyrs Roman Catholic Church Society of Cheektowaga  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Joseph Roman Catholic Church Society of Lyndonville  N.Y. n/k/a Our Lady of the Lake Roman Catholic Parish of Barker and Lyndonville, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Christophers Roman Catholic Church Society of Tonawanda tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Saints Peter and Pauls Roman Catholic Church Society of Williamsville tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Leos Roman Catholic Society of Eggertsville  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Thomas More  Ripley tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Pompeii Roman Catholic Church of Lancaster tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Loretto Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Judes Roman Catholic Church Society of Sardinia  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Holy Family Roman Catholic Church Society of the City of Buffalo n/k/a Our Lady of Charity Catholic Parish tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Anns Roman Catholic Church of Buffalo  N.Y. n/k/a Sts. Columba-Brigid Roman Catholic Church of Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John Bosco Roman Catholic Church Society of Sheridan  N.Y. n/k/a Our Lady of Mount Carmel Roman Catholic Church Society of Silver Creek, N.Y., tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Francis of Assisi Roman Catholic Church Society of Buffalo n/k/a St. Katharine Drexel Roman Catholic Church Society of Buffalo  N.Y tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Gabriels Roman Catholic Church Society of Blossom tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Josephs Roman Catholic Church of Niagara Falls  N.Y. n/k/a Holy Family of Jesus, Mary, and Joseph Roman Catholic Church of Niagara Falls, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Luke R.C. Church Society of Buffalo  NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Mary of Immaculate Conception RCC Society tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Josephs Roman Catholic Church Society of Gowanda  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Lawrences Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff All Saints Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Roman Catholic Church Society of Batavia N.Y. n/k/a Resurrection Roman Catholic Parish of Batavia, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Victory National Shrine Lackawanna tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Josephs Roman Catholic Society of Buffalo NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Holy Cross Roman Catholic Church Society of Salamanca New York n/k/a St. Patricks Roman Catholic Church Society of Limestone, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Catholic Church Society of East Eden n/k/a St. John Baptists Rom. Cath. Church Society of Boston N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Assumption Roman Catholic Church Society of Portageville N.Y. n/k/a Saint Isidore Roman Catholic Parish of Perry, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Visitation Roman Catholic Church Society of Buffalo N.Y. n/k/a St. Katharine Drexel Roman Catholic Church Society of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Saint Gerards Roman Catholic Church Society of Buffalo N.Y. n/k/a Blessed Trinity Roman Catholic Church Society of Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Saint Martins Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Josephs Roman Catholic Church Society of Perry (Wyom. Co. NY) n/k/a Saint Isidore Roman Catholic Parish of Perry tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Patricks Roman Catholic Church Society of Randolph N. Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Josephs Roman Catholic Church Society of North Tonawanda New York n/k/a Our Lady of Czestochowa Roman Catholic Church Society of North Tonawanda, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Leos Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Josephs Cath. Church of Holland tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Immaculate Heart of Mary Roman. Catholic Church Society of Buffalo New York n/k/a St. Aloysius Gonzaga Roman Catholic Church Society of Cheektowaga, New York, Incorporated tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Queen of Peace Roman Catholic Church Society of Buffalo n/k/a Saint John Gualbertus Roman Catholic Church Society of Cheektowaga Erie Co., N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff SS. Peter and Paul Roman Catholic Church Society of Depew New York n/k/a Our Lady of Pompeii Roman Catholic Church of Lancaster tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Lebanon Roman Catholic Church Society of Niagara Falls n/k/a Divine Mercy Roman Catholic Parish of Niagara Falls N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Pacificus Church & Cemetery Association of Humphrey n/k/a The Holy Name of Mary Roman Catholic Church Society of Ellicottville N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John the Baptist R.C. Church Society of Alden Center New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Roman Catholic Church Society of Strykersville n/k/a St. John Neumann Roman Catholic Church of Wyoming County tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Holy Fourteen Helpers of the Town of West Seneca Middle Ebenezer tlyster@woodsoviatt.com,

esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Timothys Roman Catholic Church Society of Tonawanda N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The St. John Baptists Society North Buffalo n/k/a Assumption Roman Catholic Church Society of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Amelias Roman Catholic Church Society of the Town of Tonawanda N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Queen of Heaven Roman Catholic Church Society of West Seneca New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Patrick Roman Catholic Church Society of Hartland n/k/a Our Lady of the Lake Roman Catholic Parish of Barker and Lyndonville N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Stanislaus Kostkas Roman Catholic Church Society of Niagara Falls N.Y. n/k/a Divine Mercy Roman Catholic Parish of Niagara Falls, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Immaculate Conception Roman Catholic Church Society of Cassadaga N.Y. n/k/a Saint Anthonys Roman Catholic Church Society of Fredonia New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of the Sacred Heart of Jesus R.C. Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Blessed Trinity Roman Catholic Church Society of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John the Evangelist Roman Catholic Church Society of Sinclairville N.Y. n/k/a Saint Anthonys Roman Catholic Church Society of Fredonia tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Grace Roman Catholic Church Society of Woodlawn New York n/k/a Queen of Angels R.C. Church of Lackawanna, NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Brigids Roman Catholic Church Society of Bergen N.Y., formerly known as St. Bridget Bergen tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Rose of Lima Roman Catholic Church of Forestville n/k/a Our Lady of Mount Carmel Roman Catholic Church Society of Silver Creek N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Czestochowa Roman Catholic Church Society of Forks Cheektowaga tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Thomas More Ripley n/k/a St. Dominic Roman Catholic Church of Chautauqua County tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Saint Georges Roman Catholic Church Society of Niagara Falls N.Y. n/k/a Divine Mercy Roman Catholic Parish of Niagara Falls, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Martins Church Society Langford Erie County n/k/a Epiphany of Our Lord Roman Catholic Parish Community Langford, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Sacred Heart Roman Catholic Church Society of Suspension Bridge N.Y., Niagara Falls n/k/a St. Raphaels Roman Catholic Parish of Niagara Falls, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Anthonys Roman Catholic Church Society of Lime Rock New York n/k/a Our Lady of Mercy Roman Catholic Parish of LeRoy, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Catholic Church Society of Pavilion N.Y. n/k/a Mary Immaculate Roman Catholic Parish of Pavilion, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Blessed Sacrament Roman Catholic Church Society of Andover tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Anthonys Roman Catholic Church Society of Lackawanna  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Czestochowa Roman Catholic Church Society of North Tonawanda  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Assumption Roman Catholic Church Society of Albion n/k/a Holy Family Roman Catholic Parish of Albion  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. James Roman Catholic Church Society of Depew  N.Y., n/k/a Blessed Mother Teresa of Calcutta Roman Catholic Parish of Depew, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Matthews Roman Catholic Church Society tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Sacred Heart of Jesus Roman Catholic Church Society of Dunkirk New York tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John Cantius R.C. Church Society tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Mount Carmel Roman Catholic Church Society of Niagara Falls  New York n/k/a Holy Family of Jesus, Mary, and Joseph Roman Catholic Church of Niagara Falls, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Saint Casimirs Roman Catholic Church Society of Buffalo  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Immaculate Conception Rom. Catholic Church Society of Buffalo n/k/a Holy Cross Roman Catholic Church Society of Buffalo  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Leos Roman Catholic Church Society of Niagara Falls  N.Y. n/k/a St. Vincent de Paul Roman Catholic Parish of Niagara Falls, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Immaculate Conception  East Bethany n/k/a Mary Immaculate Roman Catholic Parish of Pavilion, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Sts. Peter and Paul R. C. Church Society Arcade  New York n/k/a St. Mary Roman Catholic Church Society of Arcade, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John Baptist Roman Catholic Church Society of Carrollton  Vandalia n/k/a St. Bonaventures Roman Catholic Church Society of Allegany tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Francis of Assisi Roman Catholic Church Society of Athol Springs  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Michaels Roman Catholic Church Society of Warsaw  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Patricks Roman Catholic Church Society of Limestone  N.Y. n/k/a Our Lady of Peace Salamanca tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Valentines Roman Catholic Church Society of Buffalo n/k/a St. Clare Roman Catholic Church Society of Buffalo  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Bernadette R.C. Church Society of Armor  NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Sacred Heart of Jesus Roman Catholic Church Society of Batavia  New York n/k/a Ascension Roman Catholic Parish of Batavia, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Mount Carmel Roman Catholic Church Society of Silver Creek  N.Y.

tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Ambroses Roman Catholic Church of Buffalo n/k/a Our Lady of Charity Catholic Parish
tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Blessed Sacrament Roman Catholic Church Society of Delevan  N.Y. n/k/a St. Mary Roman Catholic
Church Society of Arcade, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Prince of Peace of Roman Catholic Church Society and St. Charles Borromeo Chapel n/k/a St. Vincent de
Paul Roman Catholic Parish of Niagara Falls  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. James Roman Catholic Church Society of Jamestown  N.Y. n/k/a Holy Apostles Roman Catholic Parish
of Jamestown, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff S. S. Peter & Pauls German Catholic Church Hamburg N.Y. tlyster@woodsoviatt.com
esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Mother of Good Counsel R.C. Church Society Inc. tlyster@woodsoviatt.com
esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Leo the Great Roman Catholic Church  Amherst, New York tlyster@woodsoviatt.com,
esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Roman Catholic Church Society of Little Valley  N.Y. n/k/a St. Marys Roman Catholic Church
Society of Cattaraugus, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of the Rosary Roman Catholic Church Society of Niagara Falls  N.Y. n/k/a Divine Mercy Roman
Catholic Parish of Niagara Falls, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Holy Cross Roman Catholic Church Society of Buffalo  New York tlyster@woodsoviatt.com,
esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Teresa of Avila Roman Catholic Church of Akron  NY tlyster@woodsoviatt.com,
esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Perpetual Help Roman Catholic Church Society of Lakeview n/k/a Blessed John Paul II Roman
Catholic Parish Community tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Bonaventures Roman Catholic Church Society of Allegany tlyster@woodsoviatt.com
esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Nativity Roman Catholic Church Society of Orchard Park  New York tlyster@woodsoviatt.com,
esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Charles Borromeo Roman Catholic Church of Olcott  n/k/a St. Brendan on the Lake Roman Catholic
Parish of Newfane, Olcott, and Wilson tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Saint Nicholas Roman Catholic Church Society tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Roman Church Society n/k/a The St. John the Baptist Roman Cath Congregation
tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Roman Catholic Church Society of Medina  N.Y. n/k/a Holy Trinity Roman Catholic Church of
Medina, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Perpetual Help Roman Catholic Church Society of Buffalo  N.Y. tlyster@woodsoviatt.com,
esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Bartholomews R.C. Church Society of Buffalo  NY tlyster@woodsoviatt.com,
esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Edmunds Roman Catholic Church Society of Tonawanda  N.Y. n/k/a St. Christophers Roman Catholic

Church Society of Tonawanda tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Saint Anthonys Roman Catholic Church Society of Farnham New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Josephs Roman Catholic Church Society of Bliss N.Y. n/k/a Saint Isidore Roman Catholic Parish of Perry, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Victory Roman Catholic Church Society of Frewsburg N.Y. n/k/a St. James Roman Catholic Church Society of Jamestown, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John Vianney Roman Catholic Church Society of Orchard Park N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Cecilias Roman Catholic Church Society of Oakfield New York n/k/a Saint Padre Pio Roman Catholic Parish tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Vincents Roman Catholic Church Society of North Evans n/k/a Saint John Paul II Roman Catholic Parish Community tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Saint Patricks Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Patricks Roman Catholic Church Society of Salamanca N.Y. n/k/a Our Lady of Peace Roman Catholic Parish of Salamanca, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Josephs Rom. Cath. Church Society of Batavia N.Y., n/k/a Resurrection Roman Catholic Parish of Batavia, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Fatima Roman Catholic Church Society of Elba New York n/k/a Saint Padre Pio Roman Catholic Parish tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Bonaventures Roman Catholic Church Society of West Seneca N.Y. n/k/a Saint John XXIII Roman Catholic Parish of West Seneca, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Vincents Roman Catholic Church of Springbrook N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Church of St. John Baptist of West Valley N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Church of Christ the King tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Saint John Gualbertus Roman Catholic Church Society of Cheektowaga Erie Co., N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Stanislaus Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Mother of Good Counsel Roman Catholic Church Society of Blasdell N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Immaculate Conception Roman Catholic Church Society of Eden Center N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Georges Roman Catholic Church Society of Jewettville New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John's Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Michaels Roman Catholic Church Society of South Byron n/k/a St. Brigids Roman Catholic Church Society of Bergen N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Johns Roman Catholic Church Society of Jamestown n/k/a Holy Apostles Roman Catholic Parish of

Jamestown  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Saint Bernards Roman Catholic Church Society of Buffalo  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Roman Catholic Church Society of Belmont  N.Y. n/k/a Holy Family of Jesus, Mary, and Joseph Roman Catholic Church Society of Belmont, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. James Major Roman Catholic Church Society of Westfield  N.Y. n/k/a St. Dominic Roman Catholic Church of Chautauqua tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Blessed Sacrament Roman Catholic Church Society of Tonawanda tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Cecilias Church  Sheldon n/k/a St. John Neumann Roman Catholic Church of Wyoming County tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Michaels Roman Catholic Church Society of Buffalo  NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Church of the Redemptorists of Buffalo  NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Ascension Roman Catholic Church Society of North Tonawanda n/k/a Saint Jude the Apostle Roman Catholic Parish of North Tonawanda  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John of the Cross  Whitesville tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys of the Lake Roman Catholic Church Society of Mount Vernon  Hamburg tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Andrews Roman Catholic Church Society tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Church of the Assumption of Lancaster N.Y. tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John the Baptist Roman Catholic Church  Kenmore, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Josephs R.C. Church tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Agnes Catholic Church Society  Buffalo n/k/a St. Katharine Drexel Roman Catholic Church Society of Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Saint Patricks Roman Catholic Church Society  Fillmore tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Lucys Roman Catholic Church tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Queen of Heaven Roman Catholic Church Society  Inc. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Roman Catholic Church Society Silver Springs N.Y. n/k/a Saint Isidore Roman Catholic Parish of Perry  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Bernards Roman Catholic Church Society of Youngstown  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Nativity of the Blessed Virgin Mary Roman Catholic Church Society of Harris Hill  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Brigid  Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

District/off: 0209-1

Date Rcvd: Jul 03, 2025

User: admin

Form ID: pdforder

Page 23 of 30

Total Noticed: 3

Timothy Patrick Lyster

on behalf of Plaintiff Infant of Prague Roman Catholic Church Society of Cheektowaga  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Bridgets Roman Catholic Church Society of Newfane  N.Y. n/k/a St. Brendan on the Lake Roman Catholic Parish of Newfane, Olcott tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Sacred Heart R.C. Church Society tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Assumption Roman Catholic Church Society of Buffalo  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Francis of Assisi Roman Catholic Church Society of Corfu  New York n/k/a Saint Maximilian Kolbe Roman Catholic Parish of Corfu, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Assumption Hungarian R.C. Church Society of Lackawanna tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Czestochowa R.C. Church Society tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Queen of All Saints  Lackawanna tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Josephs Roman Catholic Church of Fredonia  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John Fisher Roman Catholic Church Society of South Dayton  N.Y. n/k/a St. Josephs Roman Catholic Church Society of Gowanda, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Roman Catholic Church Society of Holley tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Sacred Heart Roman Catholic Church Society of Friendship n/k/a Our Lady of Angels Roman Catholic Church Society of Cuba tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Holy Family Roman Catholic Church Society of Machias  N.Y. n/k/a St. Philomena's Roman Catholic Church Society of Franklinville, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Sacred Heart of Jesus Roman Catholic Church Society of Bowmansville  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Isidores Roman Catholic Church Society of East Otto  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Josephats Roman Catholic Church of Cheektowaga  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John the Baptist Roman Catholic Church Society of Carrollton n/k/a St. Bonaventures Roman Catholic Church Society of Allegany tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Roman Catholic Church of St. Marys n/k/a St. Mary Roman Catholic Church Society of Arcade  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff All Saints Roman Catholic Parish of Lockport  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Interested Party Parish Steering Committee tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Francis de Sales  Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Louis Roman Catholic Church of Buffalo  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Stephens Rom. Cath. Church Society of Buffalo n/k/a St. Clare Roman Catholic Church Society of Buffalo  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marks Roman Catholic Church Society of Rushford  N.Y. n/k/a St. Patricks Roman Catholic Church Society of Belfast, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Stanislaus Kostkas Roman Catholic Church Society of Perry  N.Y. n/k/a Saint Isidore Roman Catholic Parish of Perry, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Rose of Lima Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of the Angels Roman Catholic Church Society of Cuba tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Blessed Sacrament R.C. Church Society of Tonawanda Township tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John Maron Roman Catholic Church Society of Buffalo  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Catholic Society of St. Marys Church  Lockport, NY n/k/a All Saints Roman Catholic Parish of Lockport, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Lourdes  Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Roman Catholic Church Society of Mayville  N.Y. n/k/a St. Mary of Lourdes Roman Catholic Church Society of Chautauqua tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Immaculate Conception Roman Catholic Church Society of East Aurora  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Hyacinths Roman Catholic Church Society of Lackawanna n/k/a Queen of Angels R.C. Church of Lackawanna  NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Resurrection Roman Catholic Church Society of Cheektowaga  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Josephs Roman Catholic Church Society of Scio  N.Y. n/k/a Holy Family of Jesus, Mary, and Joseph Roman Catholic Church Society of Belmont, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Joseph Roman Catholic Church Society of Albion  New York n/k/a Holy Family Roman Catholic Parish of Albion, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Vincents Roman Catholic Church Society of Attica  N.Y. n/k/a SS. Joachim & Anne Roman Catholic Church of Attica, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Roman Catholic Church Society of Bolivar  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Holy Trinity Roman Catholic Church Society of Niagara Falls  N.Y. n/k/a Divine Mercy Roman Catholic Parish of Niagara Falls, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Sacred Heart Roman Catholic Church Society of Angelica  N.Y. n/k/a Holy Family of Jesus, Mary, and Joseph Roman Catholic Church Society of Belmont, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Teresas Roman Catholic Church Society tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Church of St. Mary of Sorrows n/k/a Sts. Columba-Brigid Roman Catholic Church of Buffalo  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Holy Name of Mary Roman Catholic Church Society of East Pembroke  N.Y. n/k/a Saint Maximilian

Kolbe Roman Catholic Parish of Corfu, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marks Roman Catholic Church Society of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Roman Catholic Church of St. Franciscus Xavarius Buffalo n/k/a Assumption Roman Catholic Church Society of Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady Help of Christians East Bennington n/k/a Immaculate Heart of Mary Roman Catholic Parish tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Catholic Society of St. Mary's Church Lockport, NY n/k/a All Saints Roman Catholic Parish of Lockport, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Coronation of the Blessed Virgin Mary Roman Catholic Church Society of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Hyacinth Roman Catholic Church Society of Dunkirk New York n/k/a Blessed Mary Angela R.C. Parish of Dunkirk, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Elizabeth Cherry Creek tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Mary Magdalene Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Sacred Heart Roman Catholic Church Society of Bennington N.Y. n/k/a Immaculate Heart of Mary Roman Catholic Parish tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Church of the Holy Trinity Dunkirk N.Y. tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Holy Name of Mary Roman Catholic Church Society of Ellicottville tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Aloysius Church of Springville tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Mt. Carmel Roman Catholic Church Society of Brant New York n/k/a Saint Anthonys Roman Catholic Church Society of Farnham, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Joseph New Cathedral Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Saint Anthonys Roman Catholic Church Society of Fredonia New York tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Aloysius Gonzaga Roman Catholics Church Society of Cheektowaga New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Augustines Roman Catholic Church Society of Rapids-Clarence Center New York n/k/a The Good Shepherd Roman Catholic Church Society of Pendleton, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Stephens Roman Catholic Church Society n/k/a Holy Trinity Roman Catholic Church of Medina New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Michael Archangel Roman Catholic Church Society of Lackawanna n/k/a Queen of Angels R.C. Church of Lackawanna NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Josephs Roman Catholic Church Society of Leroy New York n/k/a Our Lady of Mercy Roman Catholic Parish of LeRoy tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John De La Salle Roman Catholic Church of LaSalle N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Anthonys Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Sacred Heart R.C. Church Society of Buffalo  NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Francis Church Society of Tonawanda Village  Tonawanda tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Saints Peter and Pauls Church of Jamestown  N.Y. n/k/a Holy Apostles Roman Catholic Parish of Jamestown, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Nicholas Roman Catholic Congregation of North Java N.Y. n/k/a St. John Neumann Roman Catholic Church of Wyoming County tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Joan of Arc Roman Catholic Church Society of Perrysburg  N.Y. n/k/a St. Josephs Roman Catholic Church Society of Gowanda, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Roman Catholic Church Society of Niagara Falls  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Queen of the Most Holy Rosary  Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Sacred Heart Roman Catholic Church Society of Lakewood  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Church of St. Mary of Angels  Olean tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Anthonys Roman Catholic Church Society of Lockport n/k/a All Saints Roman Catholic Parish of Lockport  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Barnabas Church Society of New York tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Transfiguration Roman Catholic Church Society n/k/a St. Johns Roman Catholic Church Society of Olean N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Mary of Lourdes Roman Catholic Church Society of Chautauqua  Bemus Point tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Teresa of the Infant Jesus Roman Catholic Church of Niagara Falls n/k/a St. Raphaels Roman Catholic Parish of Niagara Falls  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Benedicts Roman Catholic Church Society of Eggertsville tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Pauls Roman Catholic Church Society of Dayton  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff All Saints Roman Catholic Parish of Lockport  NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Francis of Assisi Roman Catholic Church Society of Buffalo n/k/an/k/a St. Katharine Drexel Roman Catholic Church Society of Buffalo  N.Y tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Hiacinth Roman Catholic Church Society of Dunkirk N.Y. n/k/a Blessed Mary Angela R.C. Parish of Dunkirk  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. James Roman Catholic Church Society of Buffalo  N.Y. n/k/a Blessed Trinity Roman Catholic Church Society of Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Roman Catholic Church Society of Canaseraga  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Frances Cabrini Parish (Collins Center NY) n/k/a Epiphany of Our Lord Roman Catholic Parish Community, Langford, N.Y tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Joachim Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Holy Family Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John Kanty Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff SS. Rita and Patrick Roman Catholic Church Society of Buffalo N.Y. n/k/a St. Clare Roman Catholic Church Society of Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Nativity of the Blessed Virgin Roman Catholic Church Society of Buffalo n/k/a Our Lady of Hope Roman Catholic Parish of Buffalo New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John Baptists Rom. Cath. Church Society of Boston N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Holy Family Roman Catholic Church Society of Machias N.Y. n/k/a St. Philomenas Roman Catholic Church Society of Franklinville, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Trustees of St. Patrick Church Town of Java n/k/a St. John Neumann Roman Catholic Church of Wyoming County tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John the Baptists Roman Catholic Church Society of N. Collins NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Johns Roman Catholic Church Society of Olean N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Monicas Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Brendans Roman Catholic Church Society of Almond N.Y., (Alfred) tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Annunciation Roman Catholic Church Society of Buffalo N.Y. n/k/a Our Lady of Hope Roman Catholic Parish of Buffalo, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Helens Church n/k/a St. Johns Roman Catholic Church Society of Olean N.Y tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Notice of Appearance Creditor Parish Steering Committee tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Stephens Roman Catholic Church of Grand Island N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Barbaras Roman Catholic Church Society n/k/a Queen of Angels R.C. Church of Lackawanna N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Margarets Roman Catholic Church Society of Buffalo New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Patricks Roman Catholic Church of Belfast N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Pius X Roman Catholic Church Society of Town of Amherst N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Good Shepherd Roman Catholic Church Society of Pendleton N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Mary Redemptorist  Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Most Precious Blood Rom. Cath. Church Society of Angola tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Sts. Agatha and Ambrose Roman Catholic Parish of Buffalo  N.Y. n/k/a Our Lady of Charity Catholic Parish tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Peace Roman Catholic Church Society of Clarence tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Adalberts Rom. Cath. Church Society of Buffalo  N.Y. n/k/a St. John Kanty Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Elizabeths Roman Catholic Church of Buffalo  N.Y. n/k/a Assumption Roman Catholic Church Society of Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Georges Roman Catholic Church Society tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Charles Roman Catholic Church Society tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Philomenas Roman Catholic Church Society of Franklinville  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Josephs Roman Catholic Church Society of Varysburg  New York n/k/a SS. Joachim & Anne Roman Catholic Church of Attica, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Peters Roman Catholic Church Society of Leroy n/k/a Our Lady of Mercy Roman Catholic Parish of LeRoy  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Sacred Heart Roman Catholic Church Society of Portville  New York n/k/a The Church of St. Mary of the Angels, Olean tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Boniface Roman Catholic Church Society tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Most Holy Redeemer Roman Catholic Church Society of Cheektowaga  N.Y. n/k/a St. Lawrences Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Patricks Roman Catholic Church Society of the City of Lockport  N.Y. n/k/a All Saints Roman Catholic Parish of Lockport, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Good Counsel Roman Catholic Church Society of Darien Center  N.Y. n/k/a Immaculate Heart of Mary Roman Catholic Parish tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Vincent de Paul Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff The Immaculate Conception Roman Catholic Church Society of Wellsville  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady of Loretto Roman Catholic Church Society of Buffalo  New York, Incorporated n/k/a Our Lady of Hope Roman Catholic Parish of Buffalo, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Holy Spirit Roman Catholic Church Society of North Collins  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Josephs Roman Catholic Church Society of Lockport  N.Y., n/k/a All Saints Roman Catholic Parish of Lockport, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. John the Baptist Roman Cath Congregation tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Transfiguration  Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Peter's Roman Catholic Church Society of Lewiston  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Our Lady Help of Christians Roman Catholic Church of Cheektowaga  New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Augustines Roman Catholic Church Society of Depew  N.Y. n/k/a Blessed Mother Teresa of Calcutta Roman Catholic Parish of Depew, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Albert the Great Roman Catholic Church Society of North Tonawanda  N.Y. n/k/a Saint Jude the Apostle Roman Catholic Parish of North Tonawanda, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Thomas Aquinas Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Holy Apostles Peter and Paul Roman Catholic Church Society of Buffalo  N.Y. n/k/a St. Clare Roman Catholic Church Society Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Holy Name of Jesus Roman Catholic Church tlyster@woodsoviatt.com  esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Columbas Roman Catholic Church Society of Buffalo  N.Y. n/k/a Sts. Columba-Brigid Roman Catholic Church of Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff Sacred Heart of Jesus Roman Catholic Church Society of N. Collins  NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Roman Catholic Church Society of Cattaraugus  N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Anthonys Roman Catholic Church Society of Batavia  N.Y. n/k/a Ascension Roman Catholic Parish of Batavia, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Brigids Roman Catholic Church Society  Inc. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Marys Roman Catholic Church Society of Swormville tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Florians Roman Catholic Church Society of Buffalo  N.Y. n/k/a All Saints Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy W. Burns

on behalf of Creditor Committee Official Committee of Unsecured Creditors tburns@burnsbair.com kdempski@burnsbair.com;nkuenzi@burnsbair.com

Timothy W. Burns

on behalf of Special Counsel Burns Bair LLP tburns@burnsbair.com  kdempski@burnsbair.com;nkuenzi@burnsbair.com

Trevor Prince, Jr

on behalf of Interested Party Sisters of Good Shepherd and the Roman Catholic Religious Institute of the Religious of the Good Shepherd tprince@archerlaw.com

William Carson

on behalf of Interested Party American Guarantee and Liability Insurance Company wcarson@steptoe.com

William Carson

on behalf of Interested Party Zurich American Insurance Company wcarson@steptoe.com

William Carson

on behalf of Interested Party Providence Washington Insurance Company wcarson@steptoe.com

William Carson

on behalf of Defendant Zurich American Insurance Company wcarson@steptoe.com

William Carson

on behalf of Defendant Providence Washington Insurance Company wcarson@steptoe.com

William Corbett, Jr
on behalf of Interested Party Selective Insurance Company of New York wcorbett@cmg.law

William Corbett, Jr
on behalf of Defendant Selective Insurance Company of America (formerly known as Exchange Mutual Insurance Company) wcorbett@coughlinduffy.com

William Henry Gordon
on behalf of Creditor Richard Brownell wgordon@garabedianlaw.com

William Henry Gordon
on behalf of Creditor Wayne Bortle wgordon@garabedianlaw.com

William Henry Gordon
on behalf of Creditor Gail Holler-Kennedy wgordon@garabedianlaw.com

William Henry Gordon
on behalf of Creditor Carolyn Anderson wgordon@garabedianlaw.com

TOTAL: 653

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  | ) |  |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 20-10322 (CLB) |
| The Diocese of Buffalo, N.Y., | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**ORDER (I)(A) APPROVING BIDDING PROCEDURES FOR THE SALE OF CERTAIN REAL PROPERTY LOCATED AT 21 BRISTOL DRIVE, AMHERST, NEW YORK; (B) AUTHORIZING AND APPROVING THE FORM OF PURCHASE AGREEMENT; (C) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE; AND (D) APPROVING THE FORM AND MANNER OF SERVICE OF NOTICE OF AUCTION AND SALE HEARING; (II) APPROVING THE SALE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion [Docket No. 3935 ] (the "Motion")[1] filed by The Diocese of Buffalo, N.Y. (the "Diocese") for entry of an order pursuant to sections 105, 363, and 503 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i)(a) approving bidding procedures in connection with the sale of certain real property located at 21 Bristol Drive, Amherst, New York 14228 (the "Property"); (b) authorizing and approving the form of the proposed purchase agreement, as amended (the "Purchase Agreement") submitted by Steven and Beth A. Sherman (together, "Sherman" or the "Stalking Horse Bidder"); (c) scheduling an auction (the "Auction") and the date and time of the hearing to approve the sale of the Property (the "Sale Hearing"); and (d) approving the form and manner of service of notice of auction and sale hearing (the "Notice of

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the Bidding Procedures, as applicable.

21431347.v2

Auction and Sale Hearing"); (ii) approving and authorizing the sale of the Property (the "Sale Transaction") free and clear of any liens, claims, encumbrances and other interests (collectively, "Encumbrances") pursuant to the terms of the Successful Bid (as defined herein); and (iii) granting related relief; and it appearing that the relief requested in the Motion is in the best interests of the Diocese, its estate, creditors, and other parties in interest; and good and sufficient cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT:**[2]

A.    This Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

C.    The Diocese has articulated good and sufficient business reasons for this Court to approve the bidding procedures attached hereto as *Exhibit 1* (the "Bidding Procedures").

D.    The Bidding Procedures are reasonably designed to maximize the consideration to be received for the Property.

E.    The Stalking Horse Bidder is not an "insider" or "affiliate" of the Diocese, as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stakeholders exist between the Stalking Horse Bidder and the Diocese.

---

[2]   Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable. *See* Bankruptcy Rule 7052.

21431347.v2

The Stalking Horse Bidder and the Diocese, together with their respective counsel and advisors, have acted in "good faith" and at "arm's length" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the agreement for the sale of the Property attached hereto as *Exhibit 2* (the "Purchase Agreement").

F.      The Diocese has demonstrated and proved to the satisfaction of this Court that a sale of the Property, pursuant to the terms of the Purchase Agreement, subject to higher or better offers, is in the best interests of the Diocese, its creditors, and its estate, and the Diocese's decision to enter into the purchase agreement with the Stalking Horse Bidder represents a prudent exercise of the Diocese's sound business judgment.

G.      The publication and service of the Notice of Auction and Sale Hearing attached hereto as *Exhibit 3*, as described in the Motion, is reasonably calculated to provide all interested parties with adequate and proper notice of the proposed Sale Transaction, the Bidding Procedures, the Auction, and the Sale Hearing.

H.      The Diocese has articulated good and sufficient reasons for this Court to grant the relief set forth herein. The entry of this Bidding Procedures Order is in the best interests of the Diocese, its estate, creditors, and other parties in interest.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      All objections to the Motion relating to the relief provided herein that have not been withdrawn, adjourned, waived or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits.



3.      The Bidding Procedures attached hereto as *Exhibit 1* are incorporated herein and are hereby approved in their entirety, and the Bidding Procedures shall govern the submission,

3

21431347.v2

Case 1-20-10322-CLB,    Doc 4015,    Filed 07/05/25,    Entered 07/06/25 00:30:48,
Description: Imaged Certificate of Notice, Page 33 of 93

receipt, and analysis of all bids to purchase the Property. Any party desiring to submit a bid for the Property shall comply with the Bidding Procedures and this Order.

4.      The form of the Purchase Agreement attached hereto as *Exhibit 2* is hereby approved. The offer by the Stalking Horse Bidder to purchase the Property pursuant to the terms of the Purchase Agreement is a Qualified Bid and the Stalking Horse Bidder is a Qualified Bidder for all purposes under the Bidding Procedures.

5.      In accordance with the terms of the Purchase Agreement, the Diocese shall return to the Stalking Horse Bidder its $10,000 deposit, payable in the event the Diocese, at no fault of the Stalking Horse Bidder, consummates a sale of the Property to a Successful Bidder other than the Stalking Horse Bidder.

6.      The deadline for submitting bids for the Property (the "Bid Deadline") is 12:00 noon (prevailing Eastern Time) on ___August 12___, 2025. No bid shall be deemed to be a Qualified Bid (as defined in the Bidding Procedures) or otherwise considered for any purposes unless such bid is received by the Diocese prior to the Bid Deadline and otherwise satisfies all requirements set forth in the Bidding Procedures.

7.      If more than one Qualified Bid for the Property is timely received by the Diocese in accordance with the Bidding Procedures, the Diocese shall hold an Auction for the Property. The Auction shall take place at the offices of Bond, Schoeneck & King, PLLC, The Avant Building, Suite 900, 200 Delaware Avenue, Buffalo, New York 14202-2107, on ___August 19___, 2025 at 12:00 noon (prevailing Eastern Time), or on such other date and time as the Diocese shall notify all Qualified Bidders and other invitees.

4

8.      Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the proposed Sale Transaction. The Stalking Horse Bidder will be permitted, but not obligated, to submit overbids at the Auction.

9.      The Notice of Auction and Sale Hearing, in substantially the form attached hereto as *Exhibit 3*, is hereby approved.

10.     The Diocese shall cause (a) a copy of the Notice of Auction and Sale Hearing, and (b) a copy of the Bidding Procedures Order, with exhibits, to be sent by first-class mail postage prepaid, to: (i) the Office of the United States Trustee for the Western District of New York; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) all parties filing Notices of Appearance and requests for papers in this Chapter 11 Case; (iv) all required governmental agencies; (v) all known parties who have expressed a bona fide interest in acquiring the Property during the pendency of this Chapter 11 Case; (vi) all creditors in the Chapter 11 Case; and (vii) all persons known or reasonably believed to have asserted any lien, claim, encumbrance, or other interest in or upon any of the Property not later than three (3) business days following entry of this Bidding Procedures Order.

11.     The Diocese shall arrange for publication of a copy of the Notice of Auction and Sale Hearing in the *Buffalo News* not later than five (5) business days following entry of this Bidding Procedures Order (subject to applicable submissions deadlines).

12.     If the Diocese does not receive any Qualified Bids (other than the Purchase Agreement) prior to the Bid Deadline: (a) the Diocese may cancel the Auction; (b) the Stalking Horse Bidder will be deemed the Successful Bidder for the Property; and (c) the Diocese shall be authorized to seek approval of the Purchase Agreement and the Sale Transaction to the Stalking Horse Bidder at the Sale Hearing.

5

13.     The Sale Hearing shall be held before this Court on ___August 20___, 2025 at ___10:00___ a.m. (prevailing Eastern time), or as soon thereafter as counsel and interested parties may be heard.

14.     The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than as reflected on the Bankruptcy Court's docket or announcement of said adjournment in open Court or on this Court's calendar on the date scheduled for the Sale Hearing.

15.     Except as otherwise provided in this Bidding Procedures Order, the Diocese reserves the right as it may reasonably determine to be in the best interests of its estate, in the Diocese's business judgment, in consultation with the Committee, and subject to conformity with the Bidding Procedures to: (a) determine which bidders are Qualified Bidders; (b) determine which bids are Qualified Bids; (c) determine which Qualified Bid is the highest or best proposal and which is the next highest or best proposal; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (iii) not in the best interests of the Diocese and its estate; (e) waive terms and conditions set forth herein with respect to all potential bidders or impose additional terms and conditions with respect to all bidders; (f) extend the deadlines set forth herein; (g) adjourn or cancel the Auction or Sale Hearing without further notice; and (h) modify the Bidding Procedures as the Diocese, in its business judgment, may determine to be in the best interest of its estate, or to withdraw the Motion at any time with or without prejudice.

16.     The Diocese is hereby authorized to take all actions necessary or appropriate to effectuate the terms of this Bidding Procedures Order.

21431347.v2

17.  Notwithstanding anything to the contrary in Bankruptcy Rule 6004(h), or otherwise, this Bidding Procedures Order shall be effective immediately upon its entry.

18.  This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated:  JUL - 3 2025
        Buffalo, New York



Hon. Carl L. Bucki
Chief United States Bankruptcy Judge

FILED
JUL - 3 2025
BANKRUPTCY COURT
BUFFALO, NY

21431347.v2

7

*Exhibit 1*

(to Bidding Procedures Order)

Bidding Procedures

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 20-10322 (CLB) |
| The Diocese of Buffalo, N.Y., | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |

## BIDDING PROCEDURES FOR THE SALE OF 21 BRISTOL DRIVE, AMHERST, NEW YORK OF THE DIOCESE OF BUFFALO, N.Y.

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Sale Transaction") of certain real property located at 21 Bristol Drive, Amherst, New York 14228 (the "Property") by The Diocese of Buffalo, N.Y. (the "Diocese"). The Sale Transaction is subject to competitive bidding as set forth herein and approval by the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court") pursuant to Section 363 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

On June 10, 2025, the Diocese filed the *Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain Real Property at 21 Bristol Drive, Amherst, New York; (B) Authorizing and Approving the Form of Purchase Agreement; (C) Scheduling an Auction and Hearing to Consider the Sale; and (D) Approving the Form and Manner of Service of Notice of Auction and Sale Hearing; (II) Approving the Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (III) Granting Related Relief* [Docket No. 3935] (the "Sale Motion").

On July 3, 2025, the Bankruptcy Court entered an order [Docket No. ___] (the "Bidding Procedures Order")[1] which, among other things, approved (i) these Bidding Procedures and (ii) the form of purchase agreement, as amended, with Steven and Beth A. Sherman (together, "Sherman" or the "Stalking Horse Bidder") attached as an exhibit to the Sale Motion (the "Purchase Agreement").

These Bidding Procedures describe, among other things, the Property available for sale, the form of bids and the manner in which bidders and bids become qualified, the coordination of diligence efforts, the conduct of the Auction (as defined herein), the ultimate selection of the Successful Bidder (as defined herein) and the Court's approval thereof (the "Bidding Process"). In the event of any disagreement as to the interpretation or application of these Bidding Procedures, the Bankruptcy Court shall have jurisdiction to hear and resolve such dispute.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion and the Bidding Procedures Order, as applicable.

21431343.v4

Copies of the Sale Motion and all exhibits thereto may be obtained by contacting the Diocese's counsel: Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Charles J. Sullivan, Grayston T. Walter, Edward J. LoBello, and Justin S. Krell (Telephone (315) 218-8000; email: sdonato@bsk.com, csullivan@bsk.com, gwalter@bsk.com, elobello@bsk.com, and jkrell@bsk.com), or they may be downloaded by visiting the Bankruptcy Court's electronic case management website at https://ecf.nywb.uscourts.gov/ or for free at https://case.stretto.com/dioceseofbuffalo.

## Property to be Sold

The real property to be sold consists of a two (2) bedroom condominium unit at 21 Bristol Drive, Amherst, New York 14228.

The Sale Transaction will be conducted on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Diocese, its agents or the Diocese's bankruptcy estate, except to the extent set forth in the Purchase Agreement. Except as otherwise provided in the Purchase Agreement or in the Bankruptcy Court's order approving the Sale Transaction, the Property shall be sold to the Successful Bidder free and clear of all liens, claims, encumbrances, and other interests ("Encumbrances"), with such Encumbrances to attach solely to the net proceeds of the sale.

## Participation Requirements

In order to participate in the Bidding Process, a bidder for the Property (a "Potential Bidder") must be a "Qualified Bidder." A Qualified Bidder is a person or group of persons who has provided the Diocese with current audited financial statements, evidence of committed financing, or such other financial and credit-quality disclosures as may be reasonably requested by, and satisfactory to the Diocese, in consultation with the Official Committee of Unsecured Creditors (the "Committee"), evidencing the Potential Bidder's financial wherewithal to consummate the Sale Transaction and pay the purchase price for the Property to the Diocese in cash.

The Diocese, in its discretion, shall determine whether a bid qualifies as a "Qualified Bid." To constitute a Qualified Bid, a bid must be an offer from a Qualified Bidder received by the Diocese before the Bid Deadline (defined below) and:

(i)     be submitted in writing;

(ii)    provide for a purchase price, payable in full, in cash, upon the Sale closing date, which exceeds the cash consideration set forth in the Purchase Agreement by at least $5,000.00 (the "Initial Minimum Overbid").

(iii)   be on terms that are not more burdensome or conditional in any material respect than the terms of the Purchase Agreement;

2

21431343.v4

(iv)     not be conditioned on obtaining financing, the outcome of any due diligence investigation, or on the receipt of any third-party approvals or consents (excluding required Bankruptcy Court approval and any third-party approvals or consents contemplated in the Purchase Agreement);

(v)      not request or entitle the bidder to any break-up fee, expense reimbursement, or similar type of payment;

(vi)     include a binding and definitive purchase agreement for the Property, in substantially the same form as the Purchase Agreement and executed by the Qualified Bidder (a "Qualified Bidder Contract"), together with a marked copy showing any changes from the Purchase Agreement, and a clean electronic copy in Microsoft Word readable format;

(vii)    be accompanied by a cash, certified bank check, or wire transfer deposit equal to at least 5.6% of the purchase price set forth in the Qualified Bidder Contract;

(viii)   fully disclose the identity of each entity that will be bidding for the Property or otherwise participating in connection with such bid, the complete terms of any such participation, and identify no more than three (3) representatives authorized to appear and act on behalf of such Qualified Bidder at the Auction ("Authorized Bidder Representatives");

(ix)     include an acknowledgment and representation that the Qualified Bidder has had an opportunity to consider all due diligence regarding the Property prior to submitting its bid and that it has relied solely upon its own independent review, investigation and inspection of any documents or the Property in making its bid;

(x)      confirm that, if selected as the Successful Bidder or the Back-Up Bidder, such bidder will complete the Sale Transaction within five (5) business days following the later date for which (A) the Bankruptcy Court's order approving the sale shall have become a final and non-appealable order, or (B) the Diocese shall have provided written notice of its readiness to consummate the Sale Transaction;

(xi)     certify that the bidder has not, and is not, engaged in any collusion with respect to its bid or the Sale Transaction; and

(xii)    provide that such bid shall remain open and irrevocable until:

(A)     if such bid is not the Successful Bid or Back-Up Bid (as each term is defined below), the entry by the Bankruptcy Court of an order approving the sale of the Property to another Qualified Bidder;

(B)     if such bid is the Successful Bid, the closing of the Sale Transaction to such Successful Bidder; or

(C)     if such bid is chosen by the Diocese to be the Back-Up Bid, the date which is the earlier to occur of: (i) the closing of the Sale Transaction to the

21431343.v4

3

Case 1-20-10322-CLB,    Doc 4015,    Filed 07/05/25,    Entered 07/06/25 00:30:48,
Description: Imaged Certificate of Notice, Page 41 of 93

Successful Bidder or (ii) the closing of the Sale Transaction to such Back-Up Bidder.

As promptly as practicable after receiving a bid from a Potential Bidder, the Diocese shall determine, in consultation with the Committee, and shall notify the Potential Bidder in writing, whether the Potential Bidder is a Qualified Bidder and whether the bid is a Qualified Bid. Notwithstanding anything to the contrary herein, the Stalking Horse Bidder is a Qualified Bidder, and the Purchase Agreement is a Qualified Bid, for all purposes of these Bidding Procedures.

### Bid Deadline

All Qualified Bids must be actually received at or before 12:00 noon (prevailing Eastern Time) on August 12, 2025 (the "Bid Deadline"), by counsel to the Diocese, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202 (Attn: Stephen A. Donato, Charles J. Sullivan, Grayson T. Walter, Edward J. LoBello, and Justin S. Krell (Telephone (315) 218-8000; email: sdonato@bsk.com, csullivan@bsk.com, gwalter@bsk.com, elobello@bsk.com, and jkrell@bsk.com). The Diocese may extend the Bid Deadline in its discretion but is not obligated to do so.

As soon as practicable following the Bid Deadline, the Diocese will review all timely-received bids and will provide copies of all bids deemed to be Qualified Bids to counsel to the Committee, and the Office of the United States Trustee for the Western District of New York (the "UST").

### "As-is" Sale / Diligence

The Sale of the Property shall be on an "as-is" basis, without any representations or warranties provided by the Diocese, except those set forth in the Purchase Agreement.

Each Potential Bidder shall comply with all reasonable requests for information by the Diocese or its advisors regarding such Potential Bidder's financial wherewithal and ability to consummate the Sale. Failure by any Potential Bidder to comply with requests for additional information from the Diocese may be a basis for the Diocese, in its discretion, to determine that a Potential Bidder is not a Qualified Bidder, or that any bid is not a Qualified Bid.

Prior to the Bid Deadline, the Diocese shall provide any Potential Bidder deemed to be a Qualified Bidder with reasonable site access and due diligence information upon request. In no instance shall the Diocese have any obligation to produce or furnish any information not already within the Diocese's possession and control.

Potential Bidders are advised to exercise their own discretion before relying on any information regarding the Property provided by anyone other than the Diocese or its representatives.

By submitting their bid, each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to inspect and examine the Property and that it has relied solely upon its own independent review, investigation and/or inspection of any documents in

4

21431343.v4

making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Property, or the completeness of any information provided in connection with the Bidding Process except as expressly stated in the Qualified Bidder Contract submitted with its Qualified Bid.

## Auction

If no Qualified Bids (other than the Purchase Agreement submitted by the Stalking Horse Bidder, which shall be deemed as a Qualified Bid) are received on or prior to the Bid Deadline, the Stalking Horse Bidder shall be the Successful Bidder (as defined below) and the Diocese shall seek authorization to sell the Property to the Stalking Horse Bidder without further competitive bidding.

If the Diocese receives more than one Qualified Bid prior to the Bid Deadline, the Diocese shall conduct an auction (the "Auction") for the Sale of the Property. The Auction shall take place on  August  19, 2025 at 12:00 noon (prevailing Eastern Time) at the offices of Bond, Schoeneck & King, PLLC, The Avant Building, Suite 900, 200 Delaware Avenue, Buffalo, New York 14202-2107, or at such other time and place as the Diocese may notify all Qualified Bidders. Only the Stalking Horse Bidder and those Qualified Bidders who timely submitted a Qualified Bid will be eligible to participate in the Auction.

At the commencement of the Auction, the Diocese shall announce the Qualified Bid that it has determined represents the highest or otherwise best bid for the Property (the "Starting Qualified Bid") and the overall consideration value ascribed to such bid (the "Bid Value").

Each Qualified Bidder present at the Auction will be permitted to increase its Qualified Bid in turns (each such increased Qualified Bid, a "Qualified Overbid"), provided that each Qualified Overbid thereafter must exceed the Bid Value of the then-highest or otherwise best Qualified Overbid, by at least five thousand dollars ($5,000.00) (the "Minimum Bid Increment"). During the course of the Auction, the Diocese will inform the participants which Qualified Overbid reflects the then-highest or otherwise best offer for the Property and the Bid Value ascribed thereto.

The Auction may be adjourned from time to time by the Diocese, but it shall not be concluded until each Qualified Bidder present at the Auction has been given an opportunity to submit a Qualified Overbid with knowledge of the Bid Value ascribed to the Starting Qualified Bid or then-highest Qualified Overbid, as applicable.

At the conclusion of the Auction the Diocese will announce (i) the Qualified Bid which the Diocese, in consultation with the Committee, deems to represent the highest or otherwise best bid for the Property (such bid being the "Successful Bid" and the Qualified Bidder submitting such bid, the "Successful Bidder") and (ii) the next highest or otherwise best bid (the "Back-Up Bid" and the party submitting such bid, the "Back-Up Bidder"). As a condition precedent to the Diocese declaring any bid the Successful Bid or the Back-Up Bid, the Diocese may require the Successful Bidder or Back-Up Bidder to deposit additional cash or immediately available funds such that their total deposit shall be not less than five and six tenths' percent (5.6%) of the purchase price of their respective Successful Bid or Back-Up Bid. Any deposits not applied in satisfaction of the

5

Case 1-20-10322-CLB    Doc 4015    Filed 07/05/25    Entered 07/06/25 00:30:48,
Description: Imaged Certificate of Notice, Page 43 of 93

obligations of the Successful Bidder or Back-Up Bidder shall be returned not later than five (5) business days following the consummation of the Sale Transaction.

No bids submitted after the conclusion of the Auction shall be considered unless a motion to reopen the Auction is made on notice, prior to the Sale Hearing, to all Qualified Bidders who attended and submitted a bid at the Auction and such motion is granted by the Court.

All Qualified Bids and Qualified Overbids submitted by Qualified Bidders prior to or at the Auction shall remain open and irrevocable as follows:

> (a)     if such bid is not the Successful Bid or Back-Up Bid, until the entry by the Bankruptcy Court of an order approving the Sale to another Qualified Bidder;

> (b)     if such bid is the Successful Bid, until the closing of the Sale to such Successful Bidder; or

> (c)     if such bid is the Back-Up Bid, until the date which is the earlier to occur of: (i) the closing of the Sale to the Successful Bidder or (ii) the closing of the Sale to such Back-Up Bidder.

## The Sale Hearing

A hearing to approve the sale transaction (the "Sale Hearing") is scheduled to take place on August 20, 2025 at 10:00 a.m. / p.m. (prevailing Eastern time) before the Honorable Carl L. Bucki, Chief Judge of the United States Bankruptcy Court for the Western District of New York, at the Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, NY 14202. Objections to the Sale must be in writing, comply with the Local Bankruptcy Rules for the Western District of New York, and be filed with the Bankruptcy Court as soon as practicable in advance of the Sale Hearing. At the Sale Hearing, the Diocese will seek entry of an order (the "Sale Order"), among other things, authorizing and approving the sale of the Property to the Successful Bidder (or in the alternative, the Back-Up Bidder), as determined by the Diocese in the Diocese's business judgment and in accordance with the Bidding Procedures, pursuant to the terms and conditions set forth in the Purchase Agreement or Qualified Bidder Contract, as applicable, and as the same may be modified by any Qualified Overbid submitted at the Auction. The Sale Hearing may be adjourned or rescheduled without notice other than as reflected on the Bankruptcy Court's docket or by an announcement of the adjourned date in open court at the Sale Hearing.

The Diocese shall be deemed to have accepted a Qualified Bid only when (i) such Bid is declared the Successful Bid (or the Back-Up Bid) in accordance with these Bidding Procedures, (ii) definitive documentation has been executed in respect thereof, and (iii) the Bankruptcy Court has entered the Sale Order.

Following the entry of the Sale Order, if the Successful Bidder fails to consummate the approved Sale Transaction in accordance with the terms of its Successful Bid because of a breach or failure to perform on the part of such Successful Bidder, the Diocese may terminate its

6

agreement to sell the property to the Successful Bidder, retain the Successful Bidder's deposit, and maintain the right to pursue all available remedies whether legal or equitable against such Successful Bidder. In the event the Diocese elects to so terminate, the Backup Bid, shall automatically be deemed to be the Successful Bid with respect to the Property, and the Diocese shall be authorized to effectuate the sale of the Property to the Backup Bidder without further order of the Bankruptcy Court.

The Diocese shall return any deposits to all Qualified Bidders, other than the Successful Bidder and the Back-Up Bidder, within five (5) business days following the date on which the Sale Order becomes a final and non-appealable order. The deposit of the Successful Bidder shall be applied to, and deducted from, the Successful Bidder's obligations under the Successful Bid at the closing of the Sale Transaction. The deposit of the Back-Up Bidder shall be returned to the Back-Up Bidder within five (5) business days following the date its bid is no longer required to remain open and irrevocable as set forth herein.

## Reservation of Rights

The Diocese reserves all rights to terminate the Bidding Process at any time if the Diocese determines, in consultation with the Committee, that the Bidding Process is not in the best interest of the Diocese's bankruptcy estate. In addition, the Diocese reserves the right not to submit for approval to the Bankruptcy Court any bid (regardless of whether it may be a Qualified Bid under these Bidding Procedures) if the Diocese has reason to believe that such bid was not submitted in good faith or other similar reason. Without limiting the generality of the foregoing, the Diocese may reject at any time before entry of the Sale Order, any bid that it determines, in consultation with the Committee, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (iii) not in the best interests of the Diocese, its estate and creditors. The Diocese shall further have the right to amend the rules set forth herein for the Bidding Process or impose such other or additional terms and conditions for the Bidding Process which the Diocese determines, in consultation with the Committee, are in the best interests of the chapter 11 estate, provided that such modifications are not inconsistent with these Bidding Procedures or the Bidding Procedures Order.

\*     \*     \*

21431343.v4

*Exhibit 2*

(to Bidding Procedures Order)

Purchase Agreement

Authentisign ID: 524BB515-0F06-F011-90CE-00224822F75A

RESIDENTIAL CONTRACT (Revised 03/15/18)          © 2018 by Buffalo Niagara Association of REALTORS®, Inc ("BNAR")
*Prior versions are obsolete.*          © 2018 by Bar Association of Erie County ("BAEC")



**Modifications of this form must be clearly shown.**



*This Contract is recommended for the sale of improved or unimproved residential real estate. If used for new construction or commercial real estate, appropriate modification is required.*



**CAUTION: *This Contract contains an Attorney Approval Contingency. <u>Read Paragraph ATC1 carefully.</u>***
**CAUTION: *Substituting pages of a signed Contract could result in an unenforceable Contract or a Fraud Claim.***

# CONTRACT

Date: _____ 03/24/2025 _____ ("Contract Date")

1. **PARTIES.** The parties are as follows (individually a "Party" and collectively the "Parties"):
   (A) **Seller:**      Diocese of Buffalo
                                                       ("Seller")
        Address: 795 Main St           Buffalo, NY       14203   *(Property address if blank)*
   (B) **Purchaser:**      Beth A Sherman           Steven Sherman
                                                       ("Purchaser")
        Address: 55 Wood Acres Dr      E Amherst   NY   14051

2. **AGREEMENT.** Seller shall sell and Purchaser shall purchase the items described in Paragraphs 3(A) through 3(D) ("Property") and the items described in Paragraph 3(E)(1) - (5) as being included ("Included Items") on the terms stated in this contract, including Paragraphs ATC1 through ATC14 of the attached BAEC/BNAR approved Additional Terms and Conditions (Rev. 03/15/18) ("ATC"), as well as the Riders and attachments referenced in Paragraphs 3(B) and 16 which all Parties have signed and/or initialed (including all changes) as applicable ("Contract"). This Contract uses defined terms shown as an initial capitalized word(s), initially in quotes and parentheses or as defined in Paragraph ATC13. Unless otherwise indicated, all paragraph references are to paragraphs of this Contract. References to paragraph numbers which are preceded by letters refer to the corresponding riders listed in Paragraph 16. All defined terms and paragraph references used in this Contract shall have such meanings throughout, and in all modifications of, this Contract.

3. **PROPERTY.**
   (A) **Address.** No. & Street: 21 Bristol Drive           Zip Code: 14228
        County of Erie ("County"), Town/City of Buffalo , Village of: Amherst , NY.
        Tax Map Identifier (Section-Block-Lot Number) 142289-040-680-0001-043-000-21B
   (B) **Additional Description.**
        ☐ Per attached map/survey map   ☐ Per attached legal description   ☐ Approximate Lot Size: _____
        ☒ Includes interest in a homeowners' association: See *Condominium/Homeowners' Association Rider*
        ☒ Condominium Unit: See *Condominium/Homeowners' Association Rider*
   (C) **Current Uses/Improvements:**   ☒ 1 Family dwelling   ☐ with ____ car garage
        ☐ Vacant Land: See *Vacant Land Rider.* ☐ Additional uses/improvements (specify): _____
   (D) **Land and Other Items.** Unless excluded in Paragraph 3(E), the following items are included:
        (1) All land; trees; buildings; improvements; oil, gas and mineral rights; and rights appurtenant to the land.
        (2) All fixtures and property attached or appurtenant to the land, buildings and improvements including: all heating, air conditioning (except window units), plumbing (including septic systems, well pumps, water pumps, sump pumps, water filtration systems and water softeners), electrical and mechanical systems (including hard wired electricity generators); plumbing fixtures; lighting fixtures (including bulbs) and landscaping (except free standing planters); matching kitchen islands; storm windows, storm doors, screens and awnings; exterior T.V. antennas and satellite dishes; garage door openers; weather vanes; window boxes; mail boxes; utility sheds; fences; underground electric pet fencing and equipment; flag poles; in-ground or garage mounted basketball backboards and poles; gas operated post-type outdoor grills; in-ground and above-ground pools and related equipment; wood-burning stoves, oil and gas fired space heaters, fireplaces, fireplace inserts, screens (including free-standing screens), grates and glass enclosures; wall to wall carpeting and attached runners; linoleum; garbage disposals; ceiling fans, exhaust fans and hoods; security systems; intercom systems; central

21 Bristol Drive           Amherst NY 14228

_WW_      NY                              _BAS_ _SS_
Seller Initials                      Page 1 of 13                Purchaser Initials
                                                                     InstanetFORMS

AuthentiSign ID: 524BB615-DF08-F011-90CE-00224822F75A

vacuuming systems (including all hoses and attachments); smoke detectors; carbon monoxide detectors; mirrors; window shades, curtain rods and traverse rods; all styles of window and door blinds; cabinet and wall-mounted appliances; all transferable trash and recycling containers provided by a municipality or service company; and all motors, transmitters, receivers, controls, system operation keys, remote units and all component parts.

(3) If presently on the Property and unless free-standing, all cabinets, shelving, dishwashers, refrigerators, ovens, cooktops, ranges, microwave ovens, trash compactors, humidifiers, dehumidifiers and air filtration systems.

(4) Seller's rights in and to public and private streets, highways, alleys, driveways, easements and rights of way.

(5) Seller's rights to receive all future rents and royalties due under any lease, agreement or tenancy.

(E) **Included and Excluded Items.** The following items are included or excluded as follows: *("Excluded" if blank)*

(1) Hot tub(s)/spa(s) and related equipment are . . . . . . . . . . . . . . . . . . . . . . . □ Included; □ Excluded; ☒ N/A

(2) Outdoor play set(s) are . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . □ Included; □ Excluded; ☒ N/A

(3) Speakers (recessed, wall mounted and outdoor) and speaker wiring are . . □ Included; □ Excluded; ☒ N/A

(4) The following items are included: all appliances set forth in Paragraph RPR1. Refrigerator, Stove, Dishwasher, Microwave, Washer & Dryer. All window treatments. which are included with no increase in the Purchase Price and which nevertheless must be left:

☐ **(a)** in substantially the same condition as of the date of the Property Inspection (as defined in Paragraph 9) or if none is conducted, as of the Contract Date, subject to the obligations in Paragraph 5 ("As-is"); or

☒ **(b)** in the condition existing at Closing (as defined in Paragraph 4(C)) *("a" if blank).*

(5) Unless specifically included in Paragraph 3(E), Paragraph 20 or a rider or addendum to this Contract, the following items are excluded: furniture; household furnishings; televisions, including brackets; and also _____

4. **PURCHASE PRICE.** The purchase price ("Purchase Price"), payable in U.S. Dollars as follows, is $ _____180,000.00

(A) **Seller's Concession.** At Closing, Seller shall credit to Purchaser the sum of *("0" if blank)* ("Seller's Concession") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

(B) **Deposit.** The following deposit ("Deposit"), payable to and held in escrow by Howard Hanna of WNY ("Escrow Agent") at _____M & T_____ ("Bank") $ ____10,000.00

☐ **(1)** When Purchaser signs this Contract;

☒ **(2)** Within 2 Business Days (as defined in Paragraph ATC13(C)) following:

☐ **(a)** The Effective Date (as defined in Paragraph ATC13(D)).

☒ **(b)** Satisfaction or waiver of the Attorney Approval Contingency (as defined in Paragraph ATC1).

☐ **(c)** Satisfaction or waiver of the Property Inspection Contingency (as defined in Paragraph 9(A)(1)) or the Investigation Contingency (as defined in Paragraph VLR4(B)).

☐ **(d)** The later of (b) and (c).

The Deposit and any additional deposit paid pursuant to this Contract, if applicable (collectively "Deposits"), shall be deposited by Escrow Agent with the Bank within 5 Business Days following receipt. Escrow Agent will promptly notify Seller's attorney if any Deposits are not received on time. In the event any of the Deposits are not received by Escrow Agent within 3 Business Days after payment is due, Seller may cancel this Contract at any time prior to Escrow Agent's receipt of whichever of the Deposits was past due.

(C) **Adjusted Balance.** Upon delivery of the deed ("Closing"), the Purchase Price less (i) the Seller's Concession, *and* (ii) the Deposits, subject to closing adjustments and credits as provided in this Contract ("Adjusted Balance").

5. **CONDITION OF PROPERTY AND INCLUDED ITEMS.**

(A) Except as otherwise provided in this Contract, until Closing, Seller shall, at Seller's expense:

(1) maintain the Property and Included Items in substantially the same condition as of the date of the Property Inspection, if any, or if no Property Inspection is conducted, as of the Contract Date;

(2) perform ordinary lawn and landscape maintenance and snow removal; *and*

(3) maintain all utilities in service that are required for the operation of the heating, air conditioning, plumbing, security and electric systems.

(B) Except as provided in the Property Condition Disclosure Statement provided by Seller before Purchaser signed this Contract ("PCDS") and in Paragraphs 5(A), 5(C), 6, 8, 13, ATC4 and, if applicable, ADR1, LBPR4 and VLR2, Seller makes no representations, warranties or disclosures as to the condition of the Property and Included Items.

(C) Subject to (i) any rights of Purchaser under Paragraphs 9, 12(D) and LBPR5(B), (ii) Seller's obligations under Paragraphs 5(A), 5(D), 12 and 13, and (iii) Seller's obligation to complete all repairs agreed to in writing, Purchaser shall accept the Property in substantially the same condition (a) as of the date of the Property Inspection, if any, or if no Property Inspection is conducted, as of the Contract Date, and (b) as disclosed in the PCDS, if any, and shall accept the Included Items as set forth in Paragraph 3(E)(4).

21 Bristol Drive          Amherst    NY    14228

Seller Initials          Page 2 of 13          Purchaser Initials BAS SS

InstanetFORMS

**(D)** The Property shall be in "broom clean" condition and free of debris on the date of Closing.

6.   **SELLER'S DISCLOSURES.** Seller makes the following disclosures to the best of Seller's knowledge:

  ☒ *Yes*  ☐ *No*   **(A) Title.** Seller has title to the Property, subject to the provisions of Paragraph ATC5, and Seller owns the Included Items.

  ☐ *Yes*  ☒ *No*   **(B) Agricultural District.** The Property is located partially or wholly within an agricultural district. If "Yes", see *Agricultural District Rider*.

  ☐ *Yes*  ☒ *No*   **(C) Utility Surcharge.** The Property is subject to a utility (e.g. gas, electricity, water) surcharge. If "Yes": Type/Purpose: _____ Amount: _____ Payable (i.e. monthly, yearly): _____

  ☐ *Yes*  ☒ *No*   **(D) Water Well.** The Property has a private water well and/or other non-public water supply.

  ☒ *Yes*  ☐ *No*   **(E) Public Water.** The Property is connected to a public water supply.

  ☐ *Yes*  ☒ *No*   **(F) Septic System. (1)** The Property has a private septic system approved for _____ bedrooms. **(2)** If yes, the dwelling(s) on the Property *(Answer all.)*

    ☐ *Yes*  ☐ *No*   **(a)** will have been continuously occupied prior to the inspection to obtain a Certificate/Approval (as defined in Paragraph 12(B)) for the private septic system ("Septic Inspection"); *or*

    ☐ *Yes*  ☐ *No*   **(b)** will have been vacant for less than 90 days immediately prior to the Septic Inspection *and*

    ☐ *Yes*  ☐ *No*   **(i)** is serviced by metered water

    ☐ *Yes*  ☐ *No*   **(ii)** the County Health Dept. has a record of the current private septic system.

    ☐ *Yes*  ☐ *No*   **(c)** will have been vacant for more than 90 days immediately prior to the Septic Inspection.

  ☒ *Yes*  ☐ *No*   **(G) Public Sewers.** The Property is connected to public sanitary sewers.

  ☐ *Yes*  ☒ *No*   **(H) Heating Oil/Propane.** The Property is serviced by heating oil and/or propane.

  ☐ *Yes*  ☒ *No*   **(I) Gas and Oil Wells.** The Property has an uncapped natural gas and/or oil well, even if inactive.

  ☐ *Yes*  ☒ *No*   **(J) Oil/ Gas/Mineral Leases.** Seller has received, is receiving or is entitled to receive rents, royalties or other payments and/or free gas under any oil or gas or mineral lease affecting the Property.

  ☐ *Yes*  ☒ *No*   **(K) Flood Zone.** The Property is currently located in a special flood hazard zone. Note: If Yes, flood insurance will likely be required by an institutional lender.

  ☐ *Yes*  ☒ *No*   **(L) Radon.** The Property has been tested for radon.

  ☐ *Yes*  ☒ *No*   **(M) Special Tax/Preservation District.** The Property is located in a Special Tax District and/or Preservation District, namely:_____

  ☐ *Yes*  ☒ *No*   **(N) Tax Exemption. (1)** The Property tax bill(s) reflect(s) a tax exemption (e.g. STAR, veteran's).

  ☐ *Yes*  ☐ *No*   **(2)** If yes, Seller is entitled to the exemption on the most recent tax bills.

  ☐ *Yes*  ☒ *No*   **(O) Special Tax Assessments.** The Property is subject to assessments for special or local improvements (e.g. sidewalks, water/sewer lines)("Special Tax Assessments").

    **(P) Vehicular Access.** Vehicular access to the Property is currently by way of:

  ☒ *Yes*  ☐ *No*   **(1)** a contiguous municipal road right of way.

  ☐ *Yes*  ☒ *No*   **(2)** a contiguous, shared private road right of way of record.

  ☐ *Yes*  ☒ *No*   **(Q) Shared Driveway.** The Property is serviced by a shared driveway.

  ☐ *Yes*  ☒ *No*   **(R) Court Orders.** Seller is currently subject to a court order that prohibits the sale or transfer of the Property without the consent of another person or further court order.

  ☐ *Yes*  ☒ *No*   **(S) Bankruptcy.** Seller is currently in bankruptcy.

  ☐ *Yes*  ☒ *No*   **(T) Foreclosure.** The Property is currently the subject of a foreclosure proceeding or a mortgage encumbering the Property that is in arrears in excess of 60 days.

  ☒ *Yes*  ☐ *No*   **(U) Sufficent Funds.** Including the proceeds from the sale of the Property, Seller has sufficient funds to close this transaction and pay all of Seller's closing costs and expenses.

  ☐ *Yes*  ☒ *No*   **(V) Code Violations.** Notice from a governmental authority has been issued advising that the Property and/or Current Uses/Improvements (as defined in Paragraph 12(A)) violate applicable building codes and/or zoning ordinances, any of which violations continue as of the Contract Date.

  ☐ *Yes*  ☒ *No*   **(W) FIRPTA Certification.** Seller is a non-resident alien, foreign corporation, foreign partnership, foreign trust or foreign estate (as defined in the Internal Revenue Code and IRS Regulations).

7.   **CLOSING FUNDS.**

  **(A) Purchaser's Representations.** Purchaser represents that except for the proceeds of any financing selected in Paragraph 10 or as otherwise accepted by Purchaser and any Seller's Concession:

21 Bristol Drive      Amherst    NY   14228

*VtV*
Seller Initials          Page 3 of 13          BKS   SS
Purchaser Initials

InstanetFORMS

Authentisign ID: 524B8615-DF08-F011-90CE-00224822F75A

      (1)  Purchaser is, and until Closing will be, in **actual possession** of sufficient money in U.S. dollars **on deposit** with a federally insured bank, trust company, savings and loan association or credit union ("Financial Institution") to close this transaction. . . . . . . . . . . . . . ☒ **Yes** ☐ **No**

      (2)  In order to close this transaction, Purchaser does, or Purchaser's lender may, require:

          (a)  the closing of the sale of any other real estate or the discharge of any mortgage for which Purchaser is liable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ **Yes** ☒ **No**

          (b)  the receipt of a gift of funds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ **Yes** ☒ **No**

  **(B)  Sale Contingency.** This Contract is contingent upon the sale of other real estate as provided in the *Sale Contingency Rider* ("Sale Contingency") . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ **Yes** ☒ **No**

  **(C)  Closing Contingency.** This Contract is contingent upon the closing of the sale of Purchaser's real estate located at _____ ("Purchaser's Property"). . ☐ **Yes** ☒ **No** If yes, either Party may cancel this Contract after any material breach, termination or cancellation of the contract for Purchaser's Property or upon proof that the closing of the sale of Purchaser's Property has not occurred within 10 Business Days after the Contract Closing Date (as defined in Paragraph 14(A)).  Purchaser shall notify Seller within 3 Business Days after any material breach, termination or cancellation of the contract for Purchaser's Property.

8.  **LEAD-BASED PAINT DISCLOSURE.** Seller represents that: *Choose either (A) or (B) below.*

  ☐  **(A)  Pre-1978 Construction.** The dwelling(s) on the Property was/were or may have been built prior to 1978. A *Lead Based Paint Rider **must*** be attached to this Contract.

  ☒  **(B)  Post-1977 Construction.** The dwelling(s) on the Property was/were built in 1978 or later.

9.  **INSPECTION OF PROPERTY AND INCLUDED ITEMS.** *Choose either (A) or (B) below. ("(A)" if blank).*

| BAC | SS | | *CAUTION:  New York law requires that any paid property inspector be properly licensed by the State.  The use of a non-licensed inspector or election not to have a property inspection conducted shall be at Purchaser's own risk.* |
|---|---|---|---|
| Purchaser Initials | | | |

  ☐  **(A)  Property Inspection to be conducted.**

      (1)  **The Inspection.** Purchaser shall have the right to have the Property and Included Items inspected and/or tested by inspector(s) chosen and paid for by Purchaser ("Property Inspection") *and* any notice of unsatisfactory results pursuant to Paragraph 9(A)(4) shall be completed within _____ *("7" if blank)* days following the later of (i) satisfaction or waiver of the Attorney Approval Contingency, or (ii) if all applicable utilities are not in service on the Effective Date, the date Purchaser or Purchaser's attorney receives a notice given by Seller that all applicable utilities are in service ("Inspection Period").  The scope of the Property Inspection shall be determined by Purchaser, but shall not, without the consent of Seller, result in damage to the Property or Included Items. Seller will cooperate with Purchaser's reasonable requests, but need not consent to any damage to the Property or Included Items.  The results of the Property Inspection must be satisfactory to Purchaser ("Property Inspection Contingency").

      (2)  **Radon Notice.** Radon is a colorless, odorless, tasteless gas that can seep into homes through cracks and openings in a home's foundation.  Inhalation of radon gas is associated with increased risk of lung cancer.  Testing for the presence of radon in residential real estate prior to purchase is advisable.

      (3)  **Radon Test.** The Property Inspection will include a radon test *("Yes" if blank)*. . . . . ☐ **Yes** ☐ **No**

      (4)  **Notice of Results and Right to Cancel Contract.** If the results of the Property Inspection are not satisfactory to Purchaser for any reason whatsoever, *and* if notice of the unsatisfactory results of the Property Inspection *is received by Seller or Seller's attorney on or before the expiration of the Inspection Period,* either Party may cancel this Contract.  The results need not be disclosed. If the notice under this Paragraph 9(A)(4) is not timely received by Seller or Seller's attorney, the Property Inspection Contingency is deemed waived by Purchaser.

  ☒  **(B)  No Property Inspection.** Except for the Final Inspection (as defined in Paragraph ATC7), Purchaser elects not to have a Property Inspection conducted.  This election shall not be deemed to waive or expand any other rights Purchaser may have under this Contract or at law.

10.  **FINANCING.** *Choose all that apply below ("(A)" if blank).*

  ☒  **(A)  No Financing.** Purchaser will close this transaction without financing.

  ☐  **(B)  New Loan(s).**

      (1)  **Application.** Purchaser shall promptly and in good faith, but in no case later than _____ *("5" if blank)* days after satisfaction or waiver of the Attorney Approval Contingency, Property Inspection

<table>
<tr><td>21 Bristol Drive</td><td>Amherst</td><td>NY</td><td>14228</td></tr>
</table>

*VCJ*
Seller Initials

Page 4 of 13

| BAC | SS |
|---|---|

Purchaser Initials

InstanetFORMS

Authentisign ID: 524BB615-DF08-F011-90CE-00224822F75A

Contingency, Lead-Based Paint Inspection Contingency (as defined in Paragraph LBPR5(B)), Sale Contingency and Investigation Contingency, if applicable, make application for and diligently and in good faith pursue and accept a Loan Commitment (as defined in Paragraph 10(B)(3)) for one or more of the following loans *(NOTE: More than one loan type may be selected, but Purchaser need not apply for all loan types selected)* ("Loan"):

☐ **(a) First Loan:**

    **(i)** **Loan Amount** is not to exceed ☐ $_____; or ☐ _____ % of the Purchase Price, plus any financed Private Mortgage Insurance, Mortgage Insurance Premium or VA Funding Fee ("Loan Amount").

    **(ii)** **Loan Type** is: ☐ Conventional ☐ FHA ☐ VA *(See FHA/VA Option Clause)* ☐ SONYMA; ☐ Other: _____ *("Conventional" if all blank).*

    **(iii)** **Loan Term** is: ☐ 30 year; ☐ 20 year; ☐ 15 year; ☐ _____ year *("30 year" if all blank).*

    **(iv)** **Interest Rate** is: (Reference to "prevailing" rate is not permissible)
       ☐ a fixed rate not to exceed _____ % per year for a fixed rate loan, **or;**
       ☐ an initial interest rate not to exceed _____ % for an adjustable rate loan.

    **(v)** **Loan Discount Fees** are not to exceed _____ *("0" if blank)* % of the Loan Amount.

☐ **(b) Second Loan/Grant** is a _____ year ☐ *Fixed Rate* ☐ *Adjustable Rate* loan/grant in an amount not to exceed ☐ $_____; or ☐ _____ % of the Purchase Price with an interest rate (initial or fixed) not to exceed _____ %.

**(2) Interest Rate Protection.** Provided Purchaser complies with the provisions of Paragraph 10(B)(1), Purchaser may cancel this Contract if, at the time of loan application, Purchaser is not able to lock in at interest rates and loan discount fees at or below the rates and fees set forth in Paragraph 10(B)(1). If an interest rate is not set forth in Paragraph 10(B)(1) or, if Purchaser elects not to lock in an interest rate at the time of application (I.e. to "float"), Purchaser shall be obligated to accept a Loan Commitment for the applicable loan at any available interest rate with any required loan discount fees. Purchaser must lock in an interest rate no later than 10 days before the Contract Closing Date.

**(3) Commitment.** The written approval of Purchaser's application for a loan must have commitment and interest rate expiration dates after the Contract Closing Date *and **must not be conditioned upon:*** initial underwriting approval by the lender, verification of credit, receipt of an appraisal, payment of debt (other than mortgage(s) encumbering Purchaser's Property if Paragraph 7(A)(2)(a) is answered "Yes"), verification of funds or initial verification of employment ("Loan Commitment"). Purchaser shall deliver to Seller's attorney a *complete* copy of the Loan Commitment and notice of its acceptance by Purchaser within 3 Business Days after Purchaser's acceptance of a Loan Commitment. If a Loan Commitment within the terms set forth in Paragraphs 10(B)(1) through 10(B)(2) is not issued and accepted by Purchaser by (choose either (a) or (b) below *("(b)" if both (a) and (b) blank)*)

    **(a)** ☐ _____ *[insert date]*; **or**

    **(b)** ☐ _____ *("45" if blank)* days after the later of (1) the Effective Date; or (2) satisfaction or waiver of the latest of any applicable (i) Sale Contingency, (ii) Investigation Contingency, (iii) Property Inspection Contingency, or (iv) _____

("Loan Commitment Due Date"), either Party may cancel this Contract at any time prior to Purchaser's acceptance of a Loan Commitment on terms the same as or different than those set forth in Paragraphs 10(B)(1) through 10(B)(2). Either Party may cancel this Contract if a Loan Commitment is granted but later cancelled without fault on the part of Purchaser. Purchaser shall promptly notify Seller of any Loan Commitment cancellation.

**(4) Cooperation.**

    **(a)** Seller shall promptly and in good faith cooperate with reasonable requests by Purchaser's lender(s) to provide access to the Property and Included Items and to execute documents which, except for the FHA/VA Option Clause, do not modify the terms of this Contract.

    **(b)** Purchaser hereby authorizes and agrees to execute any documents required to authorize Purchaser's lender(s) to deliver a complete copy of each Loan Commitment, without any account numbers shown, to Seller's attorney and the Brokers (as defined in Paragraph 19).

    **(c)** Prior to Closing, Purchaser shall not intentionally do anything to adversely affect Purchaser's qualification for the Loan (by way of example only, incur any significant additional debt or voluntarily change employment that will result in a disqualification for the Loan.)

☐ **(C) Loan Assumption.** A loan is being assumed (See *Loan Assumption Rider*).

☐ **(D) Seller Financing.** Seller is holding a purchase money mortgage (See *Seller Financing Rider*).

**11. STATUS OF TITLE.** Purchaser will accept title to the Property and Included Items subject to the encumbrances set forth in Paragraph ATC5 and: _____ *("Nothing further" if blank).*

<table>
<tr><td>21 Bristol Drive</td><td>Amherst</td><td>NY</td><td>14228</td></tr>
</table>

Seller Initials        Page 5 of 13        *BAS SS*    Purchaser Initials

12. **IMPROVEMENTS.**

   (A) **Intended Uses and Improvements.** *CAUTION: This Property may have easements, rights of way and restrictions which may affect intended uses of or improvements to the Property. Purchaser acquires the Property subject to these encumbrances unless intended uses or improvements, different from the current uses and improvements as set forth in Paragraph 3(C) ("Current Uses/Improvements"), are listed below.*

      (1) Purchaser intends to use the Property for a ☒ one ☐ two ☐ three ☐ four -family dwelling or ☐ other _____ ("Intended Uses").

      (2) Purchaser intends to make the following specific improvements on or modifications to the Property or make the following specific use of the Property (for example, erection of fence, swimming pool or garage, parking of recreational vehicles): _____ ("Intended Improvements").

      (3) If any Intended Uses or Intended Improvements, different from the Current Uses/Improvements, are listed in subparagraphs (1) and/or (2) above, within 10 Business Days after the Effective Date, Seller will provide Purchaser with a copy of Seller's existing survey map and of all restrictions, easements and rights of way affecting the Property as is or should be disclosed in the Search and/or Survey. If Purchaser finds that any restriction, easement or right of way is inconsistent with any of the above-stated Intended Uses or Intended Improvements, then Purchaser may cancel this Contract within 7 Business Days after receipt of (i) a copy of Seller's existing survey map or, if not available, the Survey, and (ii) a copy of all restrictions, easements and rights of way required to be provided by Seller under this Paragraph 12(A)(2).

   (B) **Certificates/Approvals.** Seller shall obtain certificates/approvals valid through the date of Closing issued by appropriate governmental authorities evidencing compliance with all applicable laws, ordinances, regulations and codes relating to the Current Uses/Improvements and as disclosed in this Contract (excluding the Intended Uses and Intended Improvements which are different from the Current Uses/Improvements) as required by the appropriate governmental authorities for the transfer of the Property (for example: certificate of occupancy, sump pump certificate and approvals of non-public sewage disposal and water supply) ("Certificates/Approvals"). However, Seller shall have no obligation to supply a certificate of occupancy or certificate of compliance for occupancy of the Property if the Property has been occupied solely as a one or two family dwelling.

   (C) **Order and Delivery.**

      (1) **Order.** Certificates/Approvals not already in Seller's possession shall be ordered, all applicable testing and inspections shall be requested, and all applicable application fees shall be paid by Seller no later than 7 Business Days after the later of (i) the Effective Date, and (ii) the satisfaction or waiver of the Attorney Approval Contingency, Property Inspection Contingency, Lead-Based Paint Inspection Contingency, Sale Contingency and Investigation Contingency, if applicable. Any additional fees shall be paid promptly by Seller.

      (2) **Delivery.** Seller shall deliver to Purchaser's attorney a copy of all Certificates/Approvals at least 5 Business Days prior to the Contract Closing Date, except if delayed pursuant to Paragraph 12(D). The originals of all Certificates/Approvals obtained shall be delivered to Purchaser at Closing.

   (D) **Objections.** If Purchaser gives Seller notice of valid objection to the legal status or legal use of any of the structures or other improvements located on the Property ("Condition Defects"), or if Seller receives notification from the applicable governmental authority that there is any problem which needs to be corrected before any one or more of the Certificates/Approvals can be obtained ("Corrective Faults"), Seller shall, at Seller's sole expense, correct the Condition Defects and Corrective Faults, and have all necessary governmental inspections completed, prior to the Contract Closing Date. However, Seller may, within 10 Business Days following receipt by Seller or Seller's attorney of a notice of Condition Defects, a notice that Corrective Faults must be corrected, and/or a notice that an inspection cannot be conducted due to weather conditions, governmental delays or governmental policies, notify Purchaser that Seller will not (i) correct the Condition Defects and/or Corrective Faults, and/or (ii) obtain one or more Certificates/Approvals (a "Non-Correction Notice") provided Seller has timely complied with Seller's obligations under Paragraph 12(C)(1), if applicable. If, within 10 Business Days following receipt by Purchaser or Purchaser's attorney of a Non-Correction Notice, Purchaser does not elect to accept the Property and Included Items subject to the Condition Defects and Corrective Faults and without Certificates/Approvals which cannot be obtained, either Party may cancel this Contract. Nothing in this Paragraph 12 is intended to affect the rights of Seller or Purchaser under General Obligations Law Section 5-1311, or as otherwise provided under this Contract.

13. **KEYS.** At Closing, unless the Parties have made other prior satisfactory arrangements, Seller shall deliver to Purchaser all keys, security and access codes, and remote control openers (which must be in working order) for the Property, except as follows: _____ *("no exclusions" if blank).*

14. **CLOSING.**

   (A) **Closing Date.** Closing shall be at the County Clerk's Office on the date set forth below or, if that date is not a Business Day, on the next Business Day. **("(2)" if both (1) and (2) blank). Time is not of the essence.**

      ☒ (1) _____05/08/2025_____ *[insert date]*, or

      ☐ (2) _____ *("60" if blank)* days after the later of (a) the Effective Date; or (b) satisfaction or waiver of the latest

21 Bristol Drive       Amherst    NY    14228

v(ω)ʃ

Seller Initials                      Page 6 of 13                BAC   SS

                                                            Purchaser Initials

InstanetFORMS

of any applicable (i) Sale Contingency, (ii) Investigation Contingency, (iii) Property Inspection Contingency, or (iv)_____
(the "Contract Closing Date"), or at such other time and place as the Parties mutually agree.

(B) **Time of Essence Notice.** Either Party (the "Declaring Party") may, at any time after the Contract Closing Date, notify the other Party that time is of the essence, which notice shall set a specific time for Closing on a Business Day that is on or after the 7th Business Day following receipt of the notice by the other Party or the other Party's attorney, provided (i) the Declaring Party has completed each obligation required of the Declaring Party by this Contract to be completed prior to Closing (a "Pre-Closing Obligation"), (ii) the number of days specified in this Contract for the completion of a Pre-Closing Obligation prior to Closing, if applicable, has or will have elapsed following actual completion of the Pre-Closing Obligation, (iii) the number of days available under this Contract to the other Party following the completion of a Pre-Closing Obligation, if applicable, has or will have elapsed following actual completion of the Pre-Closing Obligation, and (iv) the contingencies in this Contract for the benefit of the Declaring Party have been satisfied or waived, or, absent a default by the other Party, will or could be satisfied at Closing.

15. **TAXES, ADJUSTMENTS AND CREDITS.**

(A) **Special Tax Assessments.** Purchaser will accept title to the Property subject to, and will pay, all Special Tax Assessments that may be payable in installments not yet due and payable as of Closing. Any Special Tax Assessment payable in installments may be so paid on the installment due date at the election of Seller.

(B) **Water Charges and Delinquent Taxes.** Seller shall pay all water charges until Closing and all prior fiscal years' taxes and tax assessments, including interest and penalties.

(C) **Items To Be Adjusted.** There shall be prorated and adjusted, as of 12:00 midnight prior to the date of Closing: rents; royalties; propane; fuel oil; mortgage interest for assumed mortgages; all current fiscal years' taxes, assessments and installments of amounts appearing on current tax bills computed on a fiscal year basis; Special Tax Assessments; flat rate water charges; sewer charges; user fees; license and/or registration fees; and the following items: _____. For adjustment purposes, all rents and royalties due as of the date of adjustment will be considered paid to Seller. If Closing occurs before a new tax rate is fixed, the apportionment of taxes shall be made on the basis of the most recent tax rate applied to the latest assessed valuation and the provisions of Paragraph 15(E) shall not apply.

(D) **Items To Be Credited.** There shall be assigned and/or credited to the appropriate Party at Closing: security deposits and any accrued interest thereon; assumed mortgage escrows; the principal balance of and any accrued interest on any assumed mortgage; the principal balance of and any interim interest on any mortgage held by Seller; all penalties and interest on current fiscal years' taxes, assessments and Special Tax Assessments due as of Closing; increases in taxes due to an exemption termination, removal or revocation for the period from the date of the loss of the exemption to the date of Closing; any meter purchase fees; and any other credits provided for in this Contract.

(E) **Post Closing Adjustment.** Any errors and/or omissions in the Closing computations of adjustments, credits and/or taxes, including any increases due to an exemption, termination or removal, which exceed $100.00 in the aggregate, shall be corrected upon discovery and paid within a reasonable period of time following a demand for payment.

(F) **Loans.** All loans which appear on any tax and/or utility bill(s) shall be paid in full by Seller prior to or at Closing.

16. **RIDERS AND ATTACHMENTS.** This Contract includes the following Riders and attachments marked below:
☐ Lead-Based Paint Rider ("LBPR")  ☐ Rented Property Rider ("RPR")  ☐ Sale Contingency Rider ("SCR")
☐ Vacant Land Rider ("VLR")  ☐ Loan Assumption Rider ("LAR")  ☐ Seller Financing Rider ("SFR")
☒ Condominium/Homeowners' Association Rider ("CHAR")  ☒ Property Condition Disclosure Statement ("PCDS")
☐ FHA/VA Option Clause  ☐ Agricultural Disclosure Rider ("ADR")
☒ Other: Agency, Fair Housing _____ ("None" if blank)

17. **SIGNATURES.** This Contract shall not become binding unless all Parties sign it, initial it (where appropriate) and deliver it so that it is received by all Parties or their respective attorneys no later than 5:00 p.m. on _____
**(If blank, this paragraph is not applicable).**

18. **ATTACHMENT OF ADDITIONAL TERMS AND CONDITIONS.**

(A) **Receipt and Release.** By initialing this page, the Parties acknowledge having received and reviewed the attached ATC. **This Contract shall be void if all Parties do not acknowledge below that they received the ATC.**

(B) **Changes.** Changes ☐ have ☐ have not **("have not" if blank)** been made to the ATC. If "have not", any changes made to the ATC other than in Paragraphs 1 through 20 or in any Rider or Addendum shall be ineffective.

| | | |
|---|---|---|
| *W.J.* | 21 Bristol Drive     Amherst   NY   14228 | *BAS*  *SS* |
| Seller Initials | Page 7 of 13 | Purchaser Initials |

InstanetFORMS

**19. BROKERS.** The brokers listed below (individually a "Broker" and collectively the "Brokers") are:

| LISTING REAL ESTATE BROKER | | | SELLING REAL ESTATE BROKER | | |
|---|---|---|---|---|---|
| Hanna Commercial | David Doerr | 10301218669 | Serota Real Estate | Beth A Sherman | 10301201402 |
| Broker | Agent | Lic.# | Broker | Agent | Lic.# |
| 344 Delaware Ave. Ste. 2A | Buffalo | NY 14202 | 220 John Glenn Dr, Ste 1 | Amherst | NY 14228 |
| Address | | | Address | | |
| 716-856-7107 716-856-7214 | 10991206320 | | 716-599-1080 | STRE01 | |
| Office Phone/Fax | Brokerage Lic. # | | Office Phone/Fax | Brokerage Lic. # | |
| 716-208-9514 | daviddoerr@hannacre.com | | 716-909-3482 | bethshermanrealtor@gmail.com | |
| Other Phone | E-mail | | Other Phone | E-mail | |

**20. OTHER TERMS.** *(If blank, this paragraph is not applicable.)* In the event of a conflict between the provisions of this paragraph and the provisions of any other paragraph of this Contract, the provisions of this paragraph shall control.

Seller agrees to pay Buyer Broker 2.5% of sale price for commission.
Buyer is a Licensed Associate Real Estate Broker.

**CAUTION:** *Any Property Condition Disclosure Statement provided by Seller must be delivered to Purchaser and a copy attached to this Contract before Purchaser signs this Contract.*

| | | |
|---|---|---|
| *+ Michael W Fishe* 5-6-2025 | *Beth A Sherman* | 03/24/2025 |
| Seller Diocese of Buffalo        Date | Purchaser Beth A. Sherman        Date | |
| | *Steven Sherman*        03/24/2025 | |
| Seller        Date | Purchaser Steven Sherman        Date | |
| Seller        Date | Purchaser        Date | |
| Seller        Date | Purchaser        Date | |

Deposit received: ☐ Yes ☐ No
[Must be signed even if Deposit has not been received.]

Signature of authorized agent of Escrow Agent        Date
Name of authorized agent:   Howard Hanna of WNY

| SELLER'S ATTORNEY | | PURCHASER'S ATTORNEY | |
|---|---|---|---|
| | | Nuchereno & Nagel        Catherine Nagel | |
| Firm        Attorney | | Firm        Attorney | |
| Address | | Address | |
| | | (716) 677-2503 | |
| Telephone        Fax | | Telephone        Fax | |
| | | Realestate@NucherenoNagel.com | |
| E-mail address | | E-mail address | |
| 21 Bristol Drive | | Amherst     NY    14228 | |

Authentisign ID: 524BB615-DF08-F011-90CE-00224822F75A

# ADDITIONAL TERMS AND CONDITIONS

**ATC1.** **ATTORNEY APPROVAL CONTINGENCY.** *CAUTION: The deletion or modification of Paragraph ATC1(A) or Paragraph ATC1(B), unless such modification extends the Attorney Approval Period or Addendum Approval Period, shall result in the automatic withdrawal of any bar association approval of this form.*

    **(A)** **Contract Approval.** This Contract is contingent upon its approval by the Parties' respective attorneys ("Attorney Approval Contingency") within 3 Business Days following receipt by each Party's attorney of a complete copy of the Contract ("Approval Period"). Within 2 Business Days following the Effective Date, the Parties shall cause a complete copy of this Contract to be delivered to their respective attorneys if one has not already been delivered. In any event, the Approval Period shall commence no later than 2 Business Days following the Effective Date. If either Party's attorney disapproves this Contract before the end of the Approval Period, this Contract is deemed cancelled. The reason for the disapproval need not be disclosed. If either Party's attorney conditionally approves this Contract before the end of the Approval Period, either Party may cancel this Contract at any time prior to unconditional approval of this Contract by the attorneys for both Parties. If there is no disapproval, conditional approval or approval of this Contract by an attorney on behalf of a Party by the end of the Approval Period, this Attorney Approval Contingency is deemed waived by that Party. Disapproval, conditional approval or approval must be in writing and must be received by the attorney representing the other Party, if known, or if not known, the other Party, before the expiration of the Approval Period.

    **(B)** **Addendum Approval.** Any modification to this Contract which all Parties have signed and/or initialed (including all changes) as applicable ("Addendum") is contingent upon its approval by the Parties' respective attorneys ("Addendum Attorney Approval Contingency") within 3 Business Days following receipt by each Party's attorney of a complete copy of the Addendum ("Addendum Approval Period"). Within 2 Business Days following receipt of a duplicate or copy of the Addendum by both Parties or their respective attorneys (the "Addendum Effective Date"), the Parties shall cause a complete copy of the Addendum to be delivered to their respective attorneys, if one has not already been delivered. In any event, the Addendum Approval Period shall commence no later than 2 Business Days following the Addendum Effective Date. If either Party's attorney disapproves the Addendum before the end of the Addendum Approval Period, the Addendum is deemed cancelled (the reason for disapproval need not be disclosed), but this Contract shall remain in full force and effect, except (i) if either Party's attorney conditionally approves or disapproves an Addendum incorporating changes to this Contract upon which either Party's attorney's approval was conditioned, the attorney's conditional approval shall not be deemed satisfied or waived by the execution of the Addendum by all Parties; and (ii) if either Party's attorney disapproves a Property Inspection Notice and Survey ("PINA") in which either PINA2(C) or PINA2(D) is selected, either Party may cancel this Contract. If, following unconditional approval of this Contract pursuant to ATC1(A), either Party's attorney conditionally approves an Addendum before the end of the Addendum Approval Period, either Party may cancel the Addendum at any time prior to unconditional approval of the Addendum by the attorneys for both Parties, but this Contract shall remain in full force and effect. If there is no disapproval, conditional approval or approval of the Addendum by an attorney on behalf of a Party by the end of the Addendum Approval Period, the Addendum Approval Contingency is deemed waived by that Party. Disapproval, conditional approval or approval must be in writing and must be received by the attorney representing the other Party, if known, or if not known, the other Party, before the expiration of the Addendum Approval Period.

**ATC2.** **SEARCH AND SURVEY.**

    **(A)** **Search.** Seller shall provide a tax and title search which covers the Property only, fully guaranteed by a title insurance corporation licensed under Article 64 of the Insurance Law ("Search"). Unless the standards adopted by the bar association applicable for the Property locality ("Bar Association") provide otherwise, the first set-out of the Search shall be the first recorded source of title in the County Clerk's Office or a deed to an apparent owner recorded prior to 1920. The last continuation of the Search shall be dated after the Contract Date. If the description certified to in the Search contains references to boundary or other prior instruments, the Search shall show, for information purposes, the descriptions contained in the instruments. Seller shall also provide local tax certificates where not covered by the Search.

    **(B)** **Survey.** Seller shall provide a survey map of the Property prepared according to the Bar Association standards or, if none, BAEC standards, from a survey of the Property performed after the Contract Date by a professional who is licensed or otherwise authorized under the New York Education Law to practice land surveying ("Survey"). If the Survey includes a certification or statement indicating for whom it was prepared the Survey must, at Seller's expense, be certified to Purchaser, Purchaser's lender(s), Purchaser's attorney and the title insurance agent(s) and company(ies) providing any title insurance in connection with this transaction.

    **(C)** **Order and Delivery.** Seller shall order the Search and Survey within 5 Business Days after the satisfaction or waiver of the Attorney Approval Contingency, Property Inspection Contingency, Lead-Based Paint Inspection Contingency, Sale Contingency and Investigation Contingency, if applicable. Seller shall deliver the Search,

Authentisign ID: 524BB615-DF08-F011-90CE-00224822F75A

local tax certificates and the Survey to Purchaser's attorney not less than 15 Business Days before the Contract Closing Date.

**(D) Return on Cancellation.** In the event this Contract is cancelled pursuant to any of its terms, Purchaser shall have the Search and Survey returned to Seller or Seller's attorney within 7 Business Days after receipt of a notice of cancellation.

**ATC3. COSTS.** Except as otherwise provided, in addition to the costs set forth elsewhere in this Contract, (i) Seller shall pay for the Search to the date of Closing and for the Survey, transfer tax, filing fee for transfer tax forms, recording fees for any documentation required to cure any Title Defects (as defined in Paragraph ATC5(B)), the special additional mortgage tax, all costs to be paid to the County Clerk to enable the deeds, in excess of one, to be recorded, any estimated New York State income tax due at Closing, and any additional transfer tax imposed under Tax Law Section 1402-a if Purchaser is exempt from paying such tax; and (ii) Purchaser shall pay the mortgage tax, fees for recording deed and mortgage(s), filing fee for Real Property Transfer Report, fee for certification of the Survey (if requested by Purchaser or Purchaser's attorney), mortgage holder's assumption and release of liability fees, any additional transfer tax imposed under Tax Law Section 1402-a, unless Purchaser is exempt from paying such tax, and, except as otherwise provided in this Contract, all fees, costs and other charges imposed or required by Purchaser's lender.

**ATC4. RIGHT TO FARM DISCLOSURE.** It is or may be the policy of the County to conserve, protect and encourage the development and improvement of agricultural land for the production of food and other products, and also for its natural and ecological value. This disclosure notice is to inform prospective residents that farming activities occur within the County. Such farming activities may include, but not be limited to, activities that cause noise, dust, fumes, odors, smoke, insects, operation of machinery during any hour of the day or evening, storage and disposal of plant and animal waste products, and the application of fertilizers, soil amendments, and pesticides by ground or aerial spraying or other method. Property owners and residents of the County should be aware that farmers have the right to undertake generally accepted practices and one should expect such conditions as a normal and necessary aspect of living in an agricultural area.

**ATC5. STATUS OF TITLE.**

**(A) Quality of Title.** At Closing, Seller shall convey to Purchaser good and marketable title to the Property and Included Items in fee simple, free and clear of all liens and encumbrances, except as stated in this Contract. Purchaser will accept title to the Property subject to (i) restrictions of record, provided they do not conflict with the Current Uses/Improvements, Intended Uses or Intended Improvements and have not been violated, unless their enforcement is barred by law; (ii) easements and rights-of-way of record for water lines, sanitary sewer lines, drainage, gas pipelines, electrical lines, media and communication lines, provided they are or may be used to service the Property and provided the Current Uses/Improvements, Intended Uses or Intended Improvements are not or will not be within the easements or rights-of-way areas; and (iii) the encumbrances itemized in Paragraph 11, if any.

**(B) Title Objections.** Purchaser's attorney shall notify Seller's attorney of all defects, liens and encumbrances to Seller's title to the Property to which Purchaser objects and which Purchaser is not required to accept under this Contract ("Title Defects"). Seller shall in good faith attempt to cure the Title Defects. Seller shall have the later of (i) 10 Business Days after Seller's attorney receives notice of the Title Defects, or (ii) the Contract Closing Date in which to cure the Title Defects. Purchaser shall accept title to the Property once the Title Defects are cured. If Seller cannot cure the Title Defects within the time period set forth above, but either Party can obtain an owner's title insurance policy reasonably and adequately insuring the uncured Title Defects in the amount of the Purchase Price naming Purchaser as insured, including all endorsements necessary to cover the Title Defects, a market value rider (if available) and a covenant by the issuing company to reissue the policy containing the same affirmative coverages ("Owner's Policy"), at standard rates and at no additional cost or obligation to Purchaser, then Purchaser shall accept the Owner's Policy and title to the Property. Seller shall in good faith comply with all reasonable requests of the title insurer to enable it to insure over the Title Defects, including all requirements relating to Title Defects occurring or arising during Seller's ownership of the Property.

**(C) Title Insurance.** Purchaser's attorney shall order any title insurance policy and any required endorsement insuring Purchaser's lender ("Loan Policy"). If an Owner's Policy is required under Paragraph ATC5(B), the Owner's Policy shall be issued by the company chosen by Seller's attorney, provided the premium for the Owner's Policy without a simultaneous Loan Policy is not greater than that for which Seller is responsible under Paragraph ATC5(D). Otherwise, the Owner's Policy shall be issued by the company issuing the Loan Policy, if available. If no Loan Policy is required or if an Owner's Policy is not available from the company issuing the Loan Policy, the Owner's Policy shall be issued by (i) the company chosen by Seller's attorney, or (ii) the company chosen by Purchaser's attorney if Seller's attorney does not obtain the Owner's Policy.

**(D) Title Insurance Premiums.** If Seller is required to provide an Owner's Policy under Paragraph ATC5(B) or CHAR3(B)(1)(a), if applicable, and if no Loan Policy is required or obtained, or if the Owner's Policy is not available from the company issuing the Loan Policy, Seller shall pay the premium for the Owner's Policy at the full standard rate. If a Loan Policy is required or obtained and if an Owner's Policy is required and is available

21 Bristol Drive        Amherst    NY    14228

InstanetFORMS

Authentisign ID: 524BB615-DF08-F011-90CE-00224822F75A

from the company issuing the Loan Policy, Purchaser shall pay the full premium for the Loan Policy, and Seller shall pay an amount equal to the combined premium for the Owner's Policy and simultaneous Loan Policy, less the premium for the Loan Policy at the standard rate.

**(E)** **Contract Termination.** If Seller cannot cure all Title Defects within the time period provided in Paragraph ATC5(B) and if an Owner's Policy insuring over the Title Defects cannot be obtained in accordance with Paragraph ATC5(B), (i) Purchaser may cancel this Contract, (ii) Purchaser may elect to accept title as Seller can convey, or (iii) Seller may cancel this Contract if Purchaser fails to elect to accept such title within 3 Business Days after Purchaser receives a demand by Seller to accept title to the Property.

**(F)** **Title Examination Standards.** The standards for title examination of the Bar Association applicable for the Property locality or, if none, BAEC standards, shall apply to this Contract.

**ATC6.** **DEED.** At Closing, Seller shall deliver to Purchaser all documentation, in recordable form where required, reasonably necessary for Seller to comply with this Contract including (i) a warranty deed with lien covenant if Seller is a natural person, (ii) a fiduciary deed with lien covenant if Seller is a fiduciary, (iii) a bargain and sale deed with lien covenant and covenants against grantor's acts if Seller is not a natural person, and/or (iv) a bargain and sale deed with lien covenant and covenant against grantor's acts for so much of the Property as may be affected by a Title Defect which is accepted by Purchaser or which will be insured over by an Owner's Policy.

**ATC7.** **INSPECTION AND UTILITIES.** Before Closing (but after a Loan Commitment has been accepted) and upon reasonable notice to Seller, Purchaser shall have the right to a single final inspection of the Property and Included Items ("Final Inspection"). Seller shall arrange for final utility readings and Purchaser shall arrange for the transfer of utility services to Purchaser effective as of the date of Closing.

**ATC8.** **POSSESSION.** Subject only to the tenancies listed on the *Rented Property Rider,* if applicable, at Closing, Purchaser shall have possession of all of the Property and Included Items and the Property shall be vacant.

**ATC9.** **PAYMENT OF ADJUSTED BALANCE.**

**(A)** **Acceptable Funds.** The Adjusted Balance shall be paid by:
**(1)** Cash, but not in excess of $500.00;
**(2)** Certified check(s) drawn on, or bank draft(s) or official check(s) issued by a New York State branch of any Financial Institution, with the original payee as Seller or as Seller's attorney may otherwise direct upon not less than 2 Business Days notice to Purchaser's attorney.
**(3)** As otherwise agreed to in writing by Seller or Seller's attorney.

**(B)** **Payment Accepted Subject to Collection.** Any non-cash payment is accepted subject to collection.

**ATC10.** **CANCELLATION.** Any cancellation made under any Paragraph of this Contract, other than Paragraph ATC1(A), shall be made by notice by the cancelling Party to the other Party ("Cancellation Notice"). The Cancellation Notice must state the reason for the cancellation and a copy of the Cancellation Notice must be delivered to the Escrow Agent. If the cancelling Party delivers a Cancellation Notice to the other Party and Escrow Agent and if a notice by the other Party objecting to the cancellation of this Contract ("Cancellation Objection Notice") is not received by the cancelling Party and Escrow Agent within 10 days following their receipt of a Cancellation Notice, or if this Contract is cancelled under Paragraph ATC1(A), this Contract shall automatically terminate upon that event, the Deposits shall be returned to Purchaser and neither Party nor the Brokers shall have any rights or obligations arising out of this Contract (other than obligations under this Contract that are intended to survive any cancellation or termination).

**ATC11.** **ESCROW.**

**(A)** **Trust Funds.** Escrow Agent's sole duties and responsibilities shall be as a stakeholder only to hold the Deposits in trust for the benefit of the Parties and disburse the Deposits following Closing or cancellation in accordance with this Contract notwithstanding that Escrow Agent may act as attorney or real estate broker for either Party in this transaction. At no time shall the Deposits be the property of Escrow Agent and at no time shall Escrow Agent earn any interest on the Deposits.

**(B)** **Brokers' Commissions.** The Brokers brought about this sale and, if this Contract is not validly cancelled by either Party, the Parties shall pay the entire compensation to the Brokers in accordance with their respective written agreements unless the Closing does not take place through no fault of the Party owing the compensation ("Commissions"). However, if no Brokers are identified in this Contract, each Party represents that such Party has not dealt with any person who brought about this sale. Each Party shall indemnify, defend and hold the other harmless from and against any and all causes of action, claims, damages, judgments, awards, expenses and fees (including reasonable attorneys' fees and court costs) in connection with any claim for compensation by any person for having brought about this sale.

**(C)** **Closing Disbursements.** If Escrow Agent has signed this Contract, Seller authorizes Escrow Agent to, and Escrow Agent shall, apply the Deposits at Closing, first to the payment of the Commissions owed by Seller, then to payment of Seller's costs as set forth in this Contract. The balance of the Deposits, if any, shall be paid to Seller or any other payee identified by Seller or Seller's attorney. In the event the Deposits are not sufficient to pay the Commissions owed by Seller, Seller authorizes Seller's attorney to, and Seller's attorney shall, pay the

21 Bristol Drive      Amherst   NY    14228

Instanet*FORMS*

Authentisign ID: 524BB515-DF08-F011-90CE-00224822F75A

balance of the Commissions owed by Seller from the net proceeds due Seller at Closing. In the event Escrow Agent is the Listing Real Estate Broker, Escrow Agent will pay any Commissions due to the Selling Real Estate Broker out of Escrow Agent's escrow account within 7 Business Days after receipt of final payment from Seller.

**(D) Return of Deposits.** Except as otherwise provided in this Contract, Escrow Agent, in its capacity, is not subject to the unilateral direction of any Party with respect to the return of Deposits after cancellation. If this Contract is cancelled under Paragraph ATC1(A), Escrow Agent shall return the Deposits to Purchaser within 5 Business Days following Escrow Agent's receipt of a notice of disapproval or cancellation. If this Contract is cancelled under any other Paragraph in accordance with Paragraph ATC10, Escrow Agent shall return the Deposits to Purchaser within 14 days following Escrow Agent's receipt of a Cancellation Notice provided Escrow Agent did not timely receive a Cancellation Objection Notice. In all other cases, the Deposits shall be distributed by Escrow Agent to Seller or Purchaser as the case may be within 5 Business Days after the earliest of:

**(1)** Escrow Agent's receipt of a mutual release (on a Bar Association approved form) executed and delivered by each of the Parties and Brokers to the others on terms agreed to by the Parties and Brokers that designates the manner in which the Deposits are to be distributed ("Release").;

**(2)** Escrow Agent's receipt of a copy of a final non-appealable court order which directs how the Deposits are to be distributed; or

**(3)** The date designated by Escrow Agent in a Notice of Intention (as defined below) as the date by which written objections to the release of the Deposits must be received by Escrow Agent, provided no written objection is received by Escrow Agent by such designated date. A "Notice of Intention" is a notice given by Escrow Agent to the Parties and their respective attorneys of Escrow Agent's intention to distribute the Deposits to Seller or Purchaser, as the case may be, due to a cancellation or breach of this Contract. The Notice of Intention shall be delivered by certified mail, return receipt requested and a copy by first class mail at least 7 days prior to such designated date and shall specify to whom the Deposits shall be distributed and the amount to be distributed to each. Escrow Agent shall deliver a Notice of Intention within 3 Business Days following Escrow Agent's receipt of a written demand for same from a Party.

**(4)** In the event Escrow Agent receives a written objection pursuant to Paragraph ATC11(D)(3) by the date designated in the Notice of Intention, Escrow Agent may thereafter deposit the Deposits with any New York State court in whose jurisdiction any part the Property lies and commence an interpleader action to determine the disposition of the Deposits ("Interpleader Action"). Each Party shall reimburse Escrow Agent one-half of all expenses incurred by Escrow Agent, including court costs and reasonable attorneys fees, arising out of the commencement and prosecution of the Interpleader Action unless the court directs a different allocation of Escrow Agent's expenses.

**(E) Escrow Agent.** By accepting the Deposits, (i) Escrow Agent warrants that the individual signing on behalf of Escrow Agent is authorized to bind Escrow Agent and (ii) agrees to act in accordance with the terms of Paragraphs 4, ATC10, ATC11, ATC12, ATC13 and ATC14. Escrow Agent is not a party to this Contract for any other purpose and in such capacity shall not be liable for any damages under this Contract except for any act or omission inconsistent with the terms of this Contract.

**(F) Rights Retained.** Nothing contained in this Paragraph shall affect any right of either Party with respect to any claim against the Brokers.

**ATC12. NOTICES.**

**(A) Addresses.** All notices, demands and objections given under this Contract ("Notice(s)") shall be *in writing and delivered* in accordance with Paragraph ATC13, except as provided in Paragraph ATC11(D)(3), and a copy *should* be sent to the Brokers. Notice(s) to be delivered to Seller, Purchaser or Escrow Agent, other than those personally delivered, shall be delivered to Seller's, Purchaser's or Escrow Agent's address listed in this Contract, unless such Party has given notice to the other Parties of different address.

**(B) Notice by Attorney.** Notice(s) to Seller may be given or made by Purchaser or on behalf of Purchaser by Purchaser's attorney *with a copy to Seller* of only any notice of cancellation, notice declaring time of the essence or notice of satisfaction of any Sale Contingency. Notice(s) to Purchaser may be given or made by Seller or on behalf of Seller by Seller's attorney *with a copy to Purchaser* of only any notice of cancellation, notice declaring time of the essence or notice of acceptance of a Subsequent Agreement (as defined in Paragraph SCR2), if applicable.

**ATC13. ADDITIONAL REFERENCES/DEFINITIONS.** The following terms shall have the following meanings throughout, and in all modifications of, this Contract:

**(A) Delivery.** Unless otherwise specifically provided, any delivery of this Contract or Notice(s) ("Document(s)") shall be made by fax, personal delivery, first class mail, overnight delivery service or verified by a Signature Authenticator (as defined in ATC14(C)). If delivery is made by fax, an original or copy of the Document(s) shall be mailed by first class prepaid mail no later than 1 Business Day following the date of the confirmed fax transmission.

**(B) Receipt.**

**(1)** If delivery is made by fax, the Document(s) transmitted shall be deemed received on the date the sender

Case 1-20-10322-CLB    Doc 4015    Filed 07/05/25    Entered 07/06/25 00:30:48,
Description: Imaged Certificate of Notice, Page 58 of 93

Authentisign ID: 524B8615-DF08-F011-90CE-00224822F75A

receives confirmation from the recipient's equipment that the entire transmission has been received, provided the required mailing is completed.

**(2)** If delivery is made by personal delivery, the Document(s) delivered shall be deemed received on the date delivered.

**(3)** If delivery is made by first class mail or overnight delivery service, the Document(s) delivered shall be deemed received 1 Business Day following the date upon which the Document(s) is/are deposited with the postal service with required postage affixed or with the delivery service with delivery charges prepaid or charged to the sender's account.

**(4)** If delivery is made by certified mail as required by this Contract, the Document(s) delivered shall be deemed received (a) on the date the return receipt is signed, (b) on the date delivery is refused, or (c) if the mailing is not claimed, 3 Business Days following the date upon which the Document(s) is/are deposited with the postal service with required postage affixed, provided copies of the Document(s) was/were mailed by first class prepaid mail no later than 1 Business Day following the certified mailing.

**(5)** If delivery is made by a Signature Authenticator, the Document(s) shall be deemed received by the recipient on the date of receipt as reflected in the records of the Signature Authenticator.

**(6)** If delivery is made in a manner which does not comply with the provisions of Paragraph ATC13(A), including email to the intended recipient's email address and (a) the other Party or the other Party's attorney acknowledges receipt of the Document(s), or (b) receipt is otherwise established, the Document(s) shall be deemed received on the earliest of the date of the acknowledgment, the date of receipt set forth in the acknowledgment, or the date of receipt as otherwise established.

**(7)** Notice(s) given by a Party's attorney in accordance with Paragraph ATC12(B), shall be deemed received on the earlier of the date the Notice(s) is/are received by the other Party or other Party's attorney.

**(C) Business Day.** "Business Day" shall mean calendar days excluding Saturdays, Sundays and legal holidays and shall end at 5:00 p.m. A day other than a Business Day shall end at 11:59 p.m.

**(D) Effective Date.** "Effective Date" shall mean the latest date on which a duplicate or copy of this Contract has been received by both Parties or their attorneys.

**(E) Use of Terms.** Whenever the term "including" is used, it shall mean "including but not limited to".

**ATC14. MISCELLANEOUS.**

**(A) Attorney's Fees.** In connection with any litigation concerning this Contract, the prevailing Party shall be entitled to recover reasonable attorney's fees and costs.

**(B) Captions.** The captions contained in this Contract are for convenience only and are not intended to limit or amplify the terms of this Contract.

**(C) Electronic Signatures.** The Parties, Brokers and Escrow Agent agree and consent that this Contract, and every demand, notice and objection given under this Contract, may be signed and initialed in any manner permitted by the laws of New York State including the Electronic Signatures and Records Act and applicable regulations ("ESRA"). Electronic signatures and initials verified by a person acting as a Certification Authority as provided under ESRA ("Signature Authenticator") shall be considered deemed originals.

**(D) Governing Law.** This Contract shall be interpreted and enforced in accordance with the laws of the State of New York without regard to the principle of conflict of laws. The invalidity or unenforceability of any provision of this Contract shall not affect the validity or enforceability of any other provision of this Contract.

**(E) Jurisdiction.** The Parties agree to submit to the jurisdiction of the Courts of the State of New York in the County in which the Property is located with respect to any dispute arising out of this Contract.

**(F) Parties Bound/Entire Agreement.** This Contract is intended to bind the Parties and Escrow Agent, and those who succeed to their interests, contains the entire agreement between the Parties, and, for purposes of Paragraphs 4, ATC10, ATC11, ATC12, ATC13 and ATC14, the Escrow Agent. Nothing is binding upon the Parties which is not contained in this Contract. *Any modification of this Contract must be in writing and signed by the Parties.* Nothing herein expressed or implied is intended or shall be construed to grant to any person, other than the Parties and those who succeed to their interests, any rights or remedies under or by reason of this Contract.

**(G) Survival.** The disclosures in Paragraph 6(R), (V) and (W) and the provisions of Paragraphs ATC11(B) and (F) and ATC14 shall survive the Closing or cancellation of this Contract. Any claim arising from failure to comply with Paragraphs 3(D)(5), 3(E)(4), 5, 13, 15, ATC2(C) and (D), ATC8, ATC9(B), ATC10 and ATC11(C) shall survive for 2 years after the Closing or cancellation of this Contract. Whether any other provision of this Contract survives the Closing shall be determined by applicable law or as specifically set forth in this Contract.

21 Bristol Drive        Amherst    NY    14228

InstanetFORMS

Authentisign ID: 524BB615-DF05-F011-90CE-00224822F75A

CONDOMINIUM / HOMEOWNERS' ASSOCIATION RIDER (CHAR) (Rev. 03/15/18)
*Prior versions are obsolete.*

© 2018 by Buffalo Niagara Association of REALTORS®, Inc.
© 2018 by Bar Association of Erie County



# CONDOMINIUM / HOMEOWNERS' ASSOCIATION RIDER



RIDER No. __1__ TO CONTRACT dated: _____03/24/25_____ ("Contract")

between _____Diocese of Buffalo_____ ("Seller")

and __Beth & Steven Sherman__ ("Purchaser")

regarding: __21  Bristol Drive__      B      Amherst      NY  14228 ("Property").

## CAUTION:

- The Property is subject to one or more Declarations (as defined in Paragraph CHAR3) which contain restrictive covenants governing the use and occupancy of the Property. The use of the Property is also subject to any rules and regulations as are established from time to time by the governing board of the Condominium or Homeowners' Association.

- Owners of Condominium Units and of properties with an interest in a Homeowners' Association are obligated to pay Regular Assessments (as defined and set forth in CHAR2(B)(1)) and Special Assessments (as defined in CHAR6 and set forth in CHAR2(B)(2)) for the maintenance and replacement of property owned by the Condominium or Homeowners' Association. The Regular Assessments and Special Assessments are subject to change by the governing board of the Condominium or Homeowners' Association. The failure to pay Regular Assessments or Special Assessments could result in a lien being placed against the Property.

- Purchaser is advised to carefully read the Organization Documents (as defined in Paragraph CHAR3(A)) in order to make an informed decision about purchasing the Property.

- The coverage provided under the insurance policy issued to the Condominium or Homeowners' Association ("Master Insurance Policy") may not cover a loss to Purchaser due to personal injury, property damage or other casualty within the Property. Purchaser should review the Organization Documents and the Master Insurance Policy with Purchaser's insurance consultant in order to determine whether additional insurance coverage should be obtained. Special consideration should be given to interior and exterior alterations or improvements (for example: wallpaper, carpeting, lighting fixtures, cabinetry, built-ins).

The Parties agree that the following additions and/or modifications are hereby made to the Contract:

**CHAR1. PROPERTY.** Paragraph 3(B) of this Contract is amended to add the following (*choose and complete all that apply*):

- ☒ **(A) Condominium.** Residential condominium unit number __B__ and, if any, garage unit number __NA__, including an appurtenant interest in the common elements in the __Chapelle Villas Condominiums__ Condominium ("Condominium"). The residential unit, garage unit and appurtenant interest(s) are collectively referred to as the "Condominium Unit".

- ☒ **(B) Homeowners' Association.** An automatic membership interest in the homeowners' association commonly known as __Charter Oaks HOA__ Association ("Homeowners' Association").

- ☒ **(C) Exclusive Right to Use.** Exclusive right to use: ☐ ____ garage parking space(s); ☒ ____ outdoor parking space(s); ☒ basement storage area number __21  B__ ; ☒ central mailbox number __21  B__ .

**CHAR2. FIXTURES, PROPERTY RIGHTS AND SELLER'S DISCLOSURES AND REPRESENTATIONS.**

- **(A) Excluded Obligations and Disclosures.** The items set forth in Paragraph 3(D) and (E) and Seller's disclosures set forth in Paragraph 6(A) shall *not* include either any part of the common elements of the Condominium (except the undivided percentage interest in the common elements appurtenant to the Condominium Unit) or any items which are owned by the Homeowners' Association. The obligations of Seller

---

| | 21  Bristol Drive    B    Amherst    NY  14228 | |
|---|---|---|
| **MW** Seller Initials | [Property Address] Page 1 of 3 | BAS SS Purchaser Initials |

InstanetFORMS

AuthentiSign ID: 524BB615-DF08-F011-90CE-00224822F75A

under Paragraph 5(A) and 5(D) shall **_not_** include those items which are the responsibility of the Condominium or Homeowners' Association.

**(B) Seller's Representations.** Seller represents that:

    (1) The Condominium and/or Homeowners' Association regular periodic common charges and/or maintenance assessments for the Property as of the Contract Date are: $ ___368.00___ per ☒ month ☐ quarter ☐ year ("Regular Assessments").

    (2) The Property is subject to Special Assessments (as defined in Paragraph CHAR6), the payment of which:

        (a) was due within the 12 months **prior** to the Contract Date .................... ☐ *Yes* ☒ No
        *If "Yes", complete the following:*
            Date approved: _____
                Due date: _____ Amount: $_____
                Due date: _____ Amount: $_____
                Due date: _____ Amount: $_____

        (b) will be due **after** the Contract Date ........................ ☐ *Yes* ☒ No
        *If "Yes", complete the following:*
            Date approved: _____
                Due date: _____ Amount: $_____
                Due date: _____ Amount: $_____
                Due date: _____ Amount: $_____

**CHAR3. TITLE DOCUMENTS.**

    **(A) Declaration, By-Laws and Rules.** If not provided already, Seller shall, within 10 days after the Effective Date, provide Purchaser with copies of documents relating to the Condominium and/or Homeowners' Association, as follows: (i) the recorded declaration(s) creating the Condominium and/or Homeowners' Association ("Declaration"); (ii) all amendments to the Declaration; (iii) the current by-laws, rules, regulations and the most recent annual financial statement certified by the Board of Directors or Board of Managers of the Condominium and/or Homeowners' Association ("Board") or its authorized managing agent ("Managing Agent"); and (iv) a certification from, as applicable, the Board or Managing Agent stating whether there are any special assessments presently under consideration and/or any lawsuits pending against the Condominium and/or Homeowners' Association (collectively, the "Organization Documents"). If the Organization Documents are not acceptable, Purchaser shall have until the later of (aa) 5 Business Days from the date of receipt of the Organization Documents, or (bb) the end of the Approval Period, to cancel this Contract.

    **(B) Condominium Unit.** If the Property is a Condominium Unit, the following shall apply:

    (1) **Title Insurance.** In lieu of Paragraph ATC2(A) and, if the Property does not include land, in lieu of Paragraph ATC2(C):

        (a) **Order and Delivery.** Within 5 Business Days after the later of (i) the Effective Date, (ii) the satisfaction or waiver of the Attorney Approval Contingency, Property Inspection Contingency, Lead-Based Paint Inspection Contingency and Sale Contingency, if applicable, Seller shall order a commitment for an Owner's Policy and any Loan Policy required by Purchaser's lender(s). The Loan Policy and Owner's Policy shall insure that the Condominium has been validly created and is still in existence pursuant to Article 9B of the Real Property Law and may contain exceptions for the Organization Documents provided they have not been violated. Seller shall deliver the commitment for the Owner's Policy and Loan Policy(ies), if applicable, to Purchaser's attorney not less than 15 Business Days before the Contract Closing Date. The provisions of this paragraph shall apply to the extent they are inconsistent with Paragraph ATC5(C).

        (b) **Premiums.** In addition to the provisions of Paragraph ATC5(D), Seller shall pay the premium for a condominium endorsement to the Owner's Policy and Purchaser shall pay the premium for a condominium endorsement to the Loan Policy, if applicable.

    (2) **Survey.** If the Property includes land, the provisions of Paragraphs ATC2(B) and (C) shall apply. If the Property does not include land, in lieu of Paragraphs ATC2(B) and ATC2(C), Seller shall deliver to Purchaser's attorney not less than 15 days before the Contract Closing Date: (a) a copy of the survey map of the Condominium on file or recorded with and certified by the County Clerk which shows the completed improvements and an affidavit, made by someone with knowledge, that there has been no material change in the state of facts as shown on said survey map, or (b) a copy of the survey map made by a professional who is licensed or otherwise authorized under the New York Education Law to practice land surveying

Case 1-20-10322-CLB, Doc 4015, Filed 07/05/25, Entered 07/06/25 00:30:48, Description: Imaged Certificate of Notice, Page 61 of 93

Authentisign ID: 524BB615-DF08-F011-90CE-00224822F75A

showing the property comprising the Condominium and the location of all buildings, improvements and other structures, and if the survey map is dated more than one year prior to the Contract Date, an affidavit, made by someone with knowledge, that there has been no material change in the state of facts as shown on said survey map, or (c) a survey map of the Condominium meeting the criteria of Paragraph ATC2(B).

(C) **Title to Homeowners' Association Common Areas.** If the Property includes an interest in the Homeowners' Association, in addition to the requirements under Paragraph ATC2, Seller shall, at Seller's expense, within the time period provided in Paragraph ATC2(C) provide one of the following: (i) a tax and title search meeting the criteria of Paragraph ATC2(A) covering title to the common areas designed to afford vehicular and pedestrian ingress and egress between the Property and a municipal road right of way ("Access Roads"), or (ii) a copy of the existing owners' title insurance policy or policies insuring the title of the Homeowners' Association to the Access Road(s), together with a tax and title search meeting the criteria of Paragraph ATC2(A) covering title to the Access Roads from the date of such policy or policies to a date subsequent to the Contract Date, or (iii) an owner's title insurance policy in the maximum amount available at the minimum premium dated as of Closing insuring the title of the Homeowners' Association to the Access Roads. Title Defects shall include any defect in the Homeowners' Association's title to the Access Roads. Any tax and title search required under this paragraph shall be continued to the date of Closing at Seller's expense.

(D) **Certification from the Board or Managing Agent.** Not less than 7 days before the Contract Closing Date, Seller shall provide to Purchaser a certification from, as applicable, the Board or Managing Agent and/or architectural committee of the Condominium and/or Homeowners' Association ("Architectural Committee") stating:

(1) There are no changes in the Organization Documents nor are any such changes under present consideration, or if there are changes under consideration, the nature of the changes.

(2) The Property is in compliance with the Organization Documents and any applicable rules of the Architectural Committee.

(3) All Regular Assessments and Special Assessments with respect to the Property have been paid through the end of the month of Closing and the current amount(s) of the assessments.

(4) The amount of any Special Assessments which have not yet been billed.

**CHAR4. PROPERTY SUBJECT TO ORGANIZATION DOCUMENTS.** Paragraph ATC5(A) is modified by adding the following: "If the Property is a Condominium Unit or if the Property includes an interest in the Homeowners' Association, it is subject to the Organization Documents." The restrictions contained in the Organization Documents may include restrictions affecting pets, rentals and commercial/recreational vehicles.

**CHAR5. FORM OF CONDOMINIUM DEED.** If the Property is a Condominium Unit, the form of deed required pursuant to Paragraph ATC6 of this Contract shall comply with the requirements of Section 339-o of the Real Property Law and may be a bargain and sale deed with lien covenant and covenant against grantor's acts.

**CHAR6. ADDITIONAL ADJUSTMENTS AT CLOSING.** Paragraph 15(A) is modified by adding adjustments as follows: (i) non-delinquent Regular Assessments, and (ii) non-delinquent special assessments approved by the Board prior to the date of Closing ("Special Assessments"). For the purpose of adjusting Special Assessments pursuant to Paragraph 15(A), instead of a fiscal year, the adjustment shall be based on a fiscal period commencing on the date a Special Assessment was approved and ending on the date the final installment of the Special Assessment is due. All installments of Special Assessments due or payable during a fiscal period shall be adjusted and shall be treated as if due on the first day of the fiscal period. There shall be no adjustment or credit to Seller for any funds held as reserves for any purpose by the Condominium or Homeowners' Association. Subject to adjustment of Special Assessments as provided in this paragraph, Seller shall pay all installments of Special Assessments which have a due date on or before the date of Closing and Purchaser shall be responsible for all installments of Special Assessments which have a due date after the date of Closing.

| | | | |
|---|---|---|---|
| *Michal W Fisher* | 5-6-2025 | *Beth A Sherman* | 03/24/2025 |
| Seller Diocese of Buffalo | Date | Purchaser | Date |
| | | *Steven Sherman* | 03/24/2025 |
| | | Purchaser | Date |
| Seller | Date | Purchaser | Date |
| Seller | Date | Purchaser | Date |
| Seller | Date | Purchaser | Date |

21  Bristol Drive       B      Amherst      NY   14228

[Property Address]
Page 3 of 3

Instanet FORMS

Authentisign ID: 524BB615-DF08-F011-90CE-00224822F75A

 **KeyBank**

KeyBank
P.O. Box 93885
Cleveland, OH 44101-5885

31 T0083 0000 R 43 AO
MRS BETH SHERMAN
STEVEN D SHERMAN
55 WOOD ACRES DR
EAST AMHERST NY 14051-1713

## Key Select Money Market Savings®

Account number ending: 7620

February 5, 2025 to March 5, 2025

## Account Summary

| | |
|---|---:|
| Beginning Balance on February 5, 2025 | $111,367.62 |
| **Deposits (Money In)** | |
| Deposits | $0.00 |
| Interest | $192.38 |
| **Withdrawals (Money Out)** | |
| Withdrawals | $0.00 |
| **Ending Balance on March 5, 2025** | **$111,560.00** |
| Annual Percentage Yield (APY) Earned | 2.28% |
| Number of Days This Statement Cycle | 28 |
| Interest Paid on March 5, 2025 | $192.38 |
| Interest Earned This Statement | $192.38 |
| Interest Paid Year-to-Date | $625.46 |

Make sure you read the **Account Updates** section on page 2 of this statement to find out important information about your account.

---

 **Customer Service:**
1-800-KEY2YOU® (1-800-539-2968)

For clients using a TDD/TTY device, please call 1-800-539-8336

 **Your Branch:**
804 HOPKINS ROAD
AMHERST NY 142212321
716-276-7213

 **Sign On or Enroll in Online and Mobile Banking:**
key.com

000320833007620-03290



Key Select Money Market Savings | Account number ending: 7620

# Account Updates

Read this section to discover any changes that may affect your account now, or in the future.
*Questions? Call the number on this statement, visit your local branch or contact your banker.*

## INFORMATION ABOUT YOUR SAVINGS ACCOUNT

### Consumer Account Disclosures

The following disclosures apply only to accounts covered by the Federal Truth-in-Savings Act or the Federal Electronic Funds Transfer Act, as amended, or similar state laws.

Annual Percentage Yield (APY) Earned may show 0.00% when balances are not high enough to generate interest and in accounts that receive a quarterly statement.

### IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS:

If you think your statement or receipt is wrong or need more information about a transfer listed, please call the phone number on the first page of this statement, or write us at *KeyBank Customer Disputes, NY-31-55-0228, 555 Patroon Creek Blvd., Albany, NY 12206* as soon as you can. When you contact us, make sure you:

- Give us your name and account number
- Describe the error or transfer in question, and explain why you believe it is an error or why you need more information
- Tell us the dollar amount

We must hear from you no later than 60 days after we sent the first statement where the problem or error appeared. We will investigate your complaint and correct any error promptly. If we take more than 10 business days, we will credit your Account for the amount you think is in error, so you will have use of the money during the time it takes us to complete our investigation.

For general questions about your account, call us at:
**1-800-KEY2YOU® (1-800-539-2968)**
For clients using a TDD/TTY device, please call 1-800-539-8336

Authentisign ID: 5243B615-DF08-F011-90CE-00224822F75A

 **KeyBank**

KeyBank
P.O. Box 93885
Cleveland, OH 44101

31 T0083 0000 R 58 AO
MRS BETH SHERMAN
STEVEN D SHERMAN
55 WOOD ACRES DRI
EAST AMHERST NY 14051

# Key Select Checking®

Account number ending: 8024

January 28, 2025 to February 27, 2025

## Account Summary

| | |
|---|---|
| Beginning Balance on January 28, 2025 | $46,798.36 |
| **Deposits (Money In)** | |
| Deposits | $24,746.10 |
| Interest | $1.74 |
| **Withdrawals (Money Out)** | |
| Withdrawals | -$18,081.48 |
| Checks | -$405.90 |
| **Ending Balance on February 27, 2025** | **$53,058.82** |
| Annual Percentage Yield (APY) Earned | 0.05% |
| Number of Days This Statement Cycle | 30 |
| Interest Paid on February 27, 2025 | $1.74 |
| Interest Earned This Statement | $1.73 |
| Interest Paid Year-to-Date | $3.93 |

Make sure you read the **Account Updates** section on page 2 of this statement to find out important information about your account.



## You're eligible for a $100 cash bonus annually.

As a Key Select Checking client, you're well on your way to earning an annual bonus. Just be sure to keep your account active and continue to make the qualifying direct deposits.

 **Key Select Checking:**
1-800-KEY2YOU® (1-800-539-2968)

Dial 711 for TTY/TRS

 **Sign On or Enroll in Online and Mobile Banking:**
key.com

Case 1-20-10322-CLB, Doc 4015, Filed 07/05/25, Entered 07/06/25 00:30:48,
Description: Imaged Certificate of Notice, Page 65 of 93

Authensign ID: 524BB615-DF08-F011-50CE-00224B22F75A

 Key Select Checking | Account number ending: 8024

## Deposits

| Date | Description | Amount |
|------|-------------|--------|
| 02/03 | INTERNET TRF FR DDA ENDING IN 2568    3290 | $2,600.00 |
| 02/05 | LUMEN TECHNOLOGIPAYROLL | $2,608.52 |
| 02/20 | LUMEN TECHNOLOGIPAYROLL | $2,608.50 |
| 02/20 | DEPOSIT    BRANCH 0086 NEW YORK | $7,800.00 |
| 02/24 | INTERNET TRF FR DDA ENDING IN 2046    3290 | $6,500.00 |
| 02/27 | LUMEN TECHNOLOGIPAYROLL | $2,629.08 |
| **Total Deposits** | | **$24,746.10** |

## Withdrawals

| Date | Description | Amount |
|------|-------------|--------|
| 01/29 | WEGMANS #090        WILLIAMSVILLE NY | $235.52 |
| 01/29 | WESTERN DIVISIONTRANSFER | $439.87 |
| 01/30 | INTERNET TRF TO DDA ENDING IN 3257    3290 | $25.00 |
| 01/30 | BILL PAY:NATIONSTAR, DBA MR 069226 UBX17F2P | $2,431.67 |
| 01/30 | 7-ELEVEN 36674        AMHERST        NY | $56.84 |
| 01/31 | INTERNET TRF TO DDA ENDING IN 2568    3290 | $250.00 |
| 02/03 | HANOVER INS    BILLPAY | $580.26 |
| 02/04 | BILL PAY:CHASE MASTERCARD & 426684 SBX17F2P | $8,334.03 |
| 02/06 | T-MOBILE    PCS SVC | $390.38 |
| 02/06 | CHILDCARE NETWORP14-A05554 | $390.86 |
| 02/07 | INTERNET TRF TO DDA ENDING IN 3257    3290 | $50.00 |
| 02/10 | POS    MAC RITE AID 10832    WILLIAMSVI NY | $42.13 |
| 02/11 | INTERNET TRF TO DDA ENDING IN 3257    3290 | $110.00 |
| 02/11 | CITIZENS PAY    LINE OF CR | $38.06 |
| 02/12 | BILL PAY:SYNCHRONY RFS    601919 6BP145RH | $90.00 |
| 02/12 | INTERNET TRF TO DDA ENDING IN 3257    3290 | $200.00 |
| 02/12 | BILL PAY:CAPITAL ONE, NA    468839 7BP145RH | $266.97 |
| 02/13 | INTERNET TRF TO DDA ENDING IN 3257    3290 | $100.00 |
| 02/14 | INTERNET TRF TO DDA ENDING IN 2568    3290 | $250.00 |
| 02/18 | BILL PAY:NATIONAL FUEL - PA 619536 1BX1Q5P7 | $83.00 |
| 02/18 | TST*ANDERSONS WEST AMH    AMHERST        NY | $18.65 |
| 02/18 | VERIZON    PAYMENTREC | $89.99 |
| 02/19 | BILL PAY:CHASE AUTO FINANCE 123158 IBP145RH | $487.45 |
| 02/19 | POS    MAC NEUROPSYCHOLOG    WILLIAMSVI NY | $5.00 |
| 02/21 | AMERICAN FUNDS INVESTMENT | $50.00 |
| 02/24 | BILL PAY:CHASE MASTERCARD & 414720 2BI1W5JK | $34.00 |
| 02/24 | BILL PAY:AMERICAN EXPRESS  372525 1BI1W5JK | $196.98 |
| 02/24 | BILL PAY:NATIONAL GRID - NI 982486 HBP145RH | $403.15 |
| 02/27 | BILL PAY:NATIONSTAR, DBA MR 069226 6BI1W5JK | $2,431.67 |
| **Total Withdrawals** | | **-$18,081.48** |

## Checks

| Number | Date | Amount | Number | Date | Amount |
|--------|------|--------|--------|------|--------|
| 952 | 02/14 | $190.90 | 955 | 02/27 | $215.00 |
| | | | **Total Checks** | | **-$405.90** |

## Account Updates

Read this section to discover any changes that may affect your account now, or in the future.

*Questions? Call the number on this statement or contact your banker.*

AuthentiSign ID: 524B8615-DF08-F011-95CE-00224822F75A

 Key Select Checking | Account number ending: 8024

# INFORMATION ABOUT YOUR CHECKING ACCOUNT

## Consumer Account Disclosures

The following disclosures apply only to accounts covered by the Federal Truth-in-Savings Act or the Federal Electronic Funds Transfer Act, as amended, or similar state laws.

Annual Percentage Yield (APY) Earned may show 0.00% when balances are not high enough to generate interest and in accounts that receive a quarterly statement.

### IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS:

If you think your statement or receipt is wrong or need more information about a transfer listed, please call the phone number on the first page of this statement, or write us at us at **KeyBank Customer Disputes, NY-31-55-0228, 555 Patroon Creek Blvd., Albany, NY 12206** as soon as you can. When you contact us, make sure you:

- Give us your name and account number
- Describe the error or transfer in question, and explain why you believe it is an error or why you need more information
- Tell us the dollar amount

We must hear from you no later than 60 days after we sent the first statement where the problem or error appeared. We will investigate your complaint and correct any error promptly. If we take more than 10 business days, we will credit your Account for the amount you think is in error, so you will have use of the money during the time it takes us to complete our investigation.

### EVALUATION PERIOD DEFINITIONS

- **New Key Select Checking Account:** Your account will be reviewed for eligible deposits during the 12 calendar months following the first calendar day of the second full month after account opening.
- **Existing KeyBank accounts converted into a Key Select Checking Account:** Your 12-month Evaluation Period begins on the first day of the calendar month in which your account was converted. (The first day of the month in which your account is converted.)
  - o If your account is both opened and converted in the same calendar month and year, your Evaluation Period will be based on the new account schedule.

### $100 BONUS

- Direct Deposits: To qualify for the $100 bonus, ALL of the following three requirements must be met. Eligible direct deposits:
  - o Must total at least $60,000 during the Evaluation Period.
  - o Are electronic automated clearing house (ACH) deposits. Examples of eligible direct deposits include, but are not limited to: payroll, Social Security, pension and government benefits. Deposits made through a teller, ATM, or the KeyBank mobile app are ineligible direct deposits.
  - o At least one eligible direct deposit transaction (in any amount) must be received within the final two calendar months at the end of the Evaluation Period.
- Your account will be reviewed at the end of each Evaluation Period for cash bonus eligibility. Eligibility is based on cumulative direct deposits in the preceding Evaluation Period.
- Your $100 bonus will be reported to the IRS on Form 1099-INT.
- Your $100 bonus will be deposited into your checking account within 30 calendar days after the Evaluation Period has expired.
- If your account is converted into an account type other than a Key Select Checking Account during the Evaluation Period, progress toward the cash bonus is forfeited.
- Accounts that are closed or in a legally dormant status *(legally dormant status is determined by applicable state law)* at the end of the Evaluation Period or at the time of the bonus payout are not eligible for the bonus payment.
- Key Select Checking Account is an interest-bearing account; for current balance tiers and rates, please call 866-821-9154 or visit key.com.

Case 1-20-10322-CLB, Doc 4015, Filed 07/05/25, Entered 07/06/25 00:30:48,
Description: Imaged Certificate of Notice, Page 67 of 93

Authentisign ID: 524BB615-DF08-F011-90CE-00224822F75A

Authentisign ID: 170F11E1-5324-F011-8B3D-09224822F75A

# COUNTEROFFER

This COUNTEROFFER (this "Counteroffer"), dated as of the _____ day of _____ 2025 (the "Effective Date"), is entered into between **THE DIOCESE OF BUFFALO, N.Y.**, a New York special act corporation created by the New York State Legislature pursuant to Chapter 568 of the Laws of 1951, having an address at 795 Main Street, Buffalo, NY 14203 ("Seller"), and **BETH A. SHERMAN and STEVEN SHERMAN**, individuals with an address at 55 Wood Acres Drive, East Amherst, New York 14051 (collectively, "Purchaser"; each a "Party", and collectively, the "Parties").

## RECITALS

WHEREAS, Seller is the owner of that certain condominium unit located in the Town of Amherst, County of Erie and State of New York, commonly known as 21 Bristol Drive, Unit B, Tax Map Parcel No. 40.68-1-43/21(B), which is more particularly described on **Exhibit A** attached hereto (the "Property"); and

WHEREAS, on February 28, 2020 (the "Petition Date") Seller filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 et seq., the "Bankruptcy Code") with the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court"), commencing Seller's chapter 11 case (this "Bankruptcy Case"); and

WHEREAS, Seller continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code; and

WHEREAS, by Order Authorizing the Retention and Employment of Hanna Commercial Real Estate as Real Estate Broker to the Diocese (Docket No. 2784) and entered January 31, 2024, Seller retained Hanna Commercial Real Estate ("Hanna CRE") as the real estate broker for Seller (the "Broker Order"); and

WHEREAS, Seller listed the Property for sale with Hanna CRE beginning on or about September 23, 2024; and

WHEREAS, Purchaser presented Seller with a written offer, with additional terms and conditions, including, but not limited to, the Condominium/Homeowners' Association Rider dated March 24, 2025 (collectively, the "Offer"; collectively, the Counteroffer and Offer, the "Agreement"), Seller desires to sell to Purchaser and Purchaser desires to purchase from Seller the Property; and

WHEREAS, the transaction contemplated by this Agreement is subject to the approval of the Bankruptcy Court, which approval will include, among other things, issuance by the Bankruptcy Court of a Bidding Procedures Order directing the manner in which a bidding procedure will be conducted for solicitation of competing offers from third parties for the purchase of the Property; and

WHEREAS, depending upon the outcome of the bidding pursuant to the Bidding Procedures Order, this Agreement and the transactions contemplated herein will be consummated

21409825.v2

AuthenNsign ID: 170F11E1-5324-F011-8B3D-00024822F75A

pursuant to a sale order to be entered in the Bankruptcy Case or, in the alternative, this Agreement may be terminated by Seller, as hereinafter provided; and

WHEREAS, the Parties now desire to amend the Offer and any and all exhibits, addendums, and amendments attached thereto pursuant to the terms and conditions contained herein.

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.    **Definitions**. For purposes of this Agreement (including any Exhibits or Schedules attached hereto), the following terms shall have the meanings ascribed to them below, unless the context clearly requires otherwise:

"**Bankruptcy Case**" shall have the meaning given to it in the Recitals to this Agreement.

"**Bankruptcy Code**" shall have the meaning given to it in the Recitals to this Agreement.

"**Bankruptcy Court**" shall have the meaning given to it in the Recitals to this Agreement.

"**Bidding Procedures**" shall mean the bidding procedures governing the process by which the sale of the Property shall occur, which are attached to the Bidding Procedures Order as <u>Exhibit 1</u>.

"**Bidding Procedures Order**" shall mean an order of the Bankruptcy Court: (i) approving the terms of this Agreement, subject to higher and better bids; (ii) establishing procedures for Seller's solicitation of competing offers to purchase the Property from third parties; (iii) establishing procedures for an auction to determine the highest or otherwise best offer for the Property; and (iv) scheduling a hearing to consider entry of the Sale Order.

"**Claim**" shall mean any claim within the meaning of section 101(5) of the Bankruptcy Code.

"**Encumbrance**" shall mean any Lien, Claim, Interest, or defect in title, whether imposed by Law, agreement, understanding or otherwise. For the avoidance of doubt, rights of way and easements of record, and the Declaration of Condominium entitled Chappelle Villas Condominium B, made by the Sponsor under Article 9-B of the New York Real Property Law dated April 24, 1990 and recorded in the Erie County Clerk's Office on the 27th day of April 1990, in Liber 10166 of Deeds at page 1, as amended from time to time, shall not be considered an Encumbrance under this Agreement.

21409825.v2

Authentisign ID: 170F11E1-5324-F011-2B3D-00224822F75A

"**Escrow Agent**" shall mean the Seller's attorneys, Bond, Schoeneck & King, PLLC.

"**Interest**" shall mean any interest in, or related to, the Property within the meaning of section 363(f) of the Bankruptcy Code, and all mortgages, Leases, or other interests, pledges, security interests, rights of setoff, successor liabilities, conditions, obligations to allow participation, agreements or rights, rights asserted in litigation matters, competing rights of possession, obligations to lend, matters filed of record that relate to, evidence or secure an obligation of Sellers (and all created expenses and charges) of any type under, among other things, any document, instrument, agreement, affidavit, matter filed of record, cause, or state or federal law, whether known or unknown, legal or equitable, and all Liens, rights of offset, replacement liens, adequate protection liens, charges, obligations.

"**Law**" shall mean all federal, state and local laws, ordinances, rules, regulations, standards, and Orders.

"**Leases**" shall mean all leases, subleases, licenses, concessions, options, extension letters, assignments, termination agreements, subordination agreements, nondisturbance agreements, estoppel certificates and other agreements, whether written or oral, and any amendments or supplements to any of the foregoing.

"**Liability**" shall mean any liability or obligation of whatever kind or nature (whether known or unknown, whether asserted or unasserted, whether absolute or contingent, whether accrued or unaccrued, whether liquidated or unliquidated and whether due or to become due).

"**Lien**" shall mean any charge against or Interest in the Property to secure payment of a debt or performance of an obligation (statutory or otherwise), deed of trust, mortgage, pledge, security interest, security agreement, hypothecation, preference, priority, or right of recovery.

"**Order**" shall mean any award, decision, injunction, judgment, order, ruling, subpoena, or verdict entered, issued, made, or rendered by any court, or administrative agency.

"**Person**" shall mean any individual, corporation, general or limited partnership, limited liability company, joint venture, estate, trust, association, or other legal organization.

"**Proceeding**" shall mean any action, demand, complaint, inquiry, suit, injunction, dispute, arbitration, audit, hearing, investigation, litigation, citation, notice of violation (or similar notice), or suit (whether civil or criminal) commenced, brought, conducted, or heard by or before, or otherwise involving, any Person.

"**Quitclaim Deed**" shall mean the deed to be delivered at Closing by Seller to Purchaser in the form attached hereto as **Exhibit A**.

21409825.v2

Authentisign ID: 170F11E1-5324-F011-8B3D-00224822F75A

"**Remaining Personal Property**" shall mean any items of equipment and personal property remaining on the Property as of the date of the Closing.

"**Sale Order**" shall mean an Order of the Bankruptcy Court in form and substance reasonably acceptable to Purchaser and Seller authorizing the sale of the Property to Purchaser in accordance with the terms and conditions set forth herein, free and clear of any Encumbrances pursuant to section 363(f) of the Bankruptcy Code.

"**Tax**" and "**Taxes**" shall mean individually or collectively, as appropriate, any and all U.S. or non-U.S., federal, state, county, local, municipal or other taxes, charges, imposts, rates, fees, levies or other assessments.

"**Transaction**" shall mean the purchase and sale of the Property contemplated by this Agreement.

2.      **Address**. Section 3(A) of the Offer is hereby amended by deleting the reference to the Property being in the Town/City of Buffalo, Village of Amherst, shall be replaced with the following language:

> *Town/City of Amherst*
> *Village of _____*

This same modification shall be and hereby is made to all other definitions, references to, and applications of "Town/City of" that appear throughout the Offer, the Counteroffer, this Agreement or its exhibits and/or addendums and/or amendments.

3.      **Purchase Price**. Section 4 of the Offer is hereby amended by deleting it in its entirety and replacing it with the following language:

> *Purchase Price.  The Purchase Price for the Property shall be ONE HUNDRED EIGHTY THOUSAND AND 00/100 DOLLARS ($180,000.00) (the "Purchase Price"), payable as follows:*

> *Deposit.  Within five (5) days after the Effective Date, Purchaser shall deposit in escrow with Seller's attorneys, Bond, Schoeneck and King, PLLC, a deposit of TEN THOUSAND AND 00/100 DOLLARS ($10,000.00) (the "Deposit") in a non-interest bearing account, which Deposit is to become part of the Purchase Price, or be returned, if required under the terms of this Agreement.*

> *Balance.  The balance of the Purchase Price shall be paid, plus or minus Closing adjustments, as the case may be, in wire transferred funds of United States currency to Seller in accordance with the terms of the Sale Order.*

> *Cash Transaction.  Purchaser acknowledges that Purchaser's representation below that the transaction contemplated herein is a "Cash*

**Page 4 of 16**

Authentisign ID: 170F11E1-5324-F011-8B3D-00224822F75A

*Transaction" was a determinative factor in Seller's acceptance of Purchaser's offer. To that end, Purchaser shall, on or before the Effective Date, provide Seller with evidence reasonably satisfactory to Seller confirming Purchaser's ability to purchase the Property pursuant to this Agreement without obtaining financing or funding from outside funding sources ("Proof of Funds").*

This same modification shall be and hereby is made to all other definitions, references to, and applications of "Purchase Price" and "Deposit" that appear throughout the Offer, the Counteroffer, this Agreement or its exhibits and/or addendums and/or amendments.

4.     **Seller's Disclosures.** Section 6 of the Offer is hereby deleted in its entirety.

5.     **Closing.** Section 14 of the Offer is hereby amended by deleting it in its entirety and replacing it with the following language:

*Closing Date. The Closing of the purchase and sale of the Property and any other transactions contemplated in this Agreement shall occur no later than the date that is five (5) Business Days after the date of the entry of the Sale Order or such other later date as the parties may mutually agree. The parties agree that TIME IS OF THE ESSENCE with respect to the occurrence of the Closing Date. The Closing shall be held via escrow and wire transfer through the offices of Seller's attorney. The Closing is also conditioned upon and subject to the Bankruptcy Court shall have entered the Sale Order.*

This same modification shall be and hereby is made to all other definitions, references to, and applications of "Closing" and "Closing Date" that appear throughout the Offer, the Counteroffer, this Agreement or its exhibits and/or addendums and/or amendments.

6.     **Other Terms.** Section 20 of the Offer is hereby amended by deleting in its entirety and replacing it with the following modifications:

*Pursuant to the Broker Order and provided the Agreement is not validly canceled by either Party, Seller agrees to pay Hanna CRE six percent (6%) of the purchase price for commission, which shall become payable at Closing. Hanna CRE shall compensate the Selling Real Estate Broker pursuant to the Broker Order.*

*As the Seller is a debtor-in-possession, New York law exempts Seller from providing a Property Condition Disclosure Statement. Therefore, the Property Condition Disclosure Statement was inadvertently provided by Seller. The Parties agree the Property Condition Disclosure Statement shall be deemed for informational purposes only. Purchaser hereby waives any and all claims, now existing or later arising, stemming from any representations contained in the Property Condition Disclosure Statement. The foregoing provisions shall survive the Closing Date and the consummation of the transaction contemplated by this Addendum.*

AuthentiSign ID: 170F11E1-5324-F011-8B3D-00224822F75A

7. **Costs.** ATC3 of the Offer is hereby amended by deleting it in its entirety and replacing it with the following language:

> *Seller Costs. Seller shall pay for the New York real property transfer tax due, if any, in connection with this transaction.*
>
> *Purchaser Costs. Purchaser shall pay all recording fees and other charges and fees payable in connection with the recording of the Quitclaim Deed that complies with the requirements of Section 339-o of the Real Property Law. Purchaser shall also pay for (1) the examination and all premiums by the Title Company to acquire the Title Commitment, (2) all premiums charged on the owner's policy of title insurance issued to Purchaser pursuant to the Title Commitment, including, without limitation, the costs of any endorsements or extended title insurance coverage requested by Purchaser, and (3) the charges for preparing the Survey, if applicable.*
>
> *Each party shall bear its own attorneys' fees in connection with its negotiation, due diligence investigation and conduct of the transaction.*

8. **Title Insurance Premiums.** ATC5(D) is hereby amended by deleting "Seller shall pay the premium for the Owner's Policy at the full standard rate" and replacing it with the following language:

> *Purchaser is responsible for cost and/or fees associated with obtaining a title commitment.*

9. **Deed.** ATC6 of the Offer is hereby amended by deleting it in its entirety and replacing it with the following language:

> *At Closing, Seller shall deliver to Purchaser all documentation, in recordable form where required, reasonably necessary for Seller to comply with this Agreement, including a Quitclaim Deed that complies with the requirements of Section 339-o of the Real Property Law.*

10. **Title Documents.** CHAR3(A) of the Offer is hereby amended by deleting it in its entirety and replacing it with the following language:

> *If not provided already, Seller shall, within 10 days after the Effective Date, provide Purchaser with copies of documents relating to the Condominium and/or Homeowners' Association as follows: (i) the recorded declaration(s) creating the Condominium and/or Homeowners' Association ("Declaration"); (ii) all amendments to the Declaration; (iii) the current by-laws, rules, regulations and the most recent annual financial statement certified by the Board of Directors or Board of Managers of the Condominium and/or Homeowners' Association ("Board") or its authorized managing agent ("Managing Agent"); and (iv) a*

Authentisign ID: 170F11E1-5324-F011-8B3D-00224822F75A

*certification from, as applicable, the Board or Managing Agent stating whether there are any special assessments presently under consideration and/or any lawsuits pending against the Condominium and/or Homeowners' Association (collectively, the "Organization Documents"). If the Organization Documents are not readily available in electronic form, Seller shall automatically be given such additional time as reasonably necessary to convert the Organization Documents to an electronic form.*

11. **Title Insurance.** CHAR3(B)(1) is hereby deleted in its entirety and replaced with the following language:

> *(a) **Order and Delivery**. Within 5 Business Days after the Auction, as described in the Bidding Procedures Order, Seller shall order a commitment for an Owner's Policy and any Loan Policy required by Purchaser's lender(s). The Loan Policy and Owner's Policy shall insure that the Condominium has been validly created and is still in existence pursuant to Article 9B of the Real Property Law and may contain exceptions for the Organization Documents provided they have not been violated. Seller shall deliver the commitment for the Owner's Policy and Loan Policy(ies), if applicable, to Purchaser's attorney not less than 5 Business Days before the Closing Date. The provisions of this paragraph shall apply to the extent they are inconsistent with Paragraph ATC5(C).*

> *(b) **Premiums**. Purchaser shall pay the premium for a condominium endorsement to the Owner's policy and a condominium endorsement to the Loan Policy, if applicable.*

12. **Form of Condominium Deed.** CHAR5 of the Offer is hereby amended by deleting "may be a bargain and sale deed with lien covenant and covenant against grantor's acts" and replacing it with the following language:

> *by Quitclaim Deed.*

13. **Purchaser Representations.**

> *__Sufficient Funds__. The transaction contemplated by this Agreement is a "Cash Transaction", and Purchaser has as of the date hereof, and will have as of the Closing, sufficient funds in cash in its possession to pay the Purchase Price and the Earnest Money Deposit as the same become due and payable under this Agreement, without obtaining financing or funding from outside funding sources.*

> *__Certain Relationships__. Purchaser represents and warrants to Seller (i) that neither Purchaser nor any Person or entity that directly or indirectly owns any interest in Purchaser nor any of its officers, directors or members is a Person or entity with whom U.S. Persons or entities are restricted from doing business under regulations of the Office of Foreign Asset Control ("OFAC") of the U.S. Department of the Treasury (including those named on OFAC's Specially*

21409825.v2

*Designated and Blocked Persons List) or under any statute, executive order (including, but not limited to, Executive Order 13224 ("Executive Order") signed on September 24, 2001 and titled "Blocking Property and Prohibiting Transactions with Persons Who Commit, Threaten to Commit, or Support Terrorism"), or other governmental action, (ii) that Purchaser's activities do not violate the International Money Laundering Abatement and Financial Anti-Terrorism Act of 2001 or the regulations or orders promulgated thereunder (as amended from time to time, the "Money Laundering Act"), and (iii) that so long as this Agreement is in full force and effect, Purchaser shall comply with the Executive Order and with the Money Laundering Act.*

*Foreign Person. Purchaser is not a "foreign person" as defined in §1445(f)(3) of the Internal Revenue Code and the regulations promulgated thereunder.*

14.      **AS IS**. As a material inducement to the execution and delivery of this Agreement by Seller and the performance by Seller of its duties and obligations hereunder, Purchaser does hereby acknowledge, represent, warrant and agree, to and with Seller, that (i) Purchaser is purchasing the Property in an "AS-IS" condition as of the Closing Date with respect to any facts, circumstances, conditions and defects, latent or patent; (ii) Seller has no obligation to repair or correct any such facts, circumstances, conditions or defects or compensate Purchaser for same; (iii) Purchaser has undertaken all such physical inspections and examinations of the Property as Purchaser deems necessary or appropriate under the circumstances, and that based upon same, Purchaser is and will be relying strictly and solely upon such inspections and examinations and the advice and counsel of its agents and officers, and Purchaser is and will be fully satisfied that the Purchase Price is fair and adequate consideration for the Property; (iv) Seller is not making and has not made any warranty or representation with respect to all or any part of the Property (including, but not limited to, any matters contained in documents made available or delivered to Purchaser in connection with this Agreement as an inducement to Purchaser to enter into this Agreement and thereafter to purchase the Property or for any other purpose); and (v) by reason of all of the foregoing, Purchaser shall assume the full risk of any loss or damage occasioned by any fact, circumstance, condition or defect pertaining to the physical and financial condition of the Property, including without limitation the presence of any asbestos containing material, hazardous, toxic or radioactive waste, substance or materials in, on, under or about the Property, and Purchaser hereby expressly and unconditionally waives and releases Seller and all of their parents, subsidiaries, Affiliates and partnerships, and its and their respective officers, directors, shareholders, partners, agents and employees, and their respective successors, heirs and assigns and each of them (individually and collectively, the "Released Parties") from any and all rights and claims against Seller and/or the Released Parties with respect to the condition of the Property, including without limitation any rights of Purchaser under the State or Federal Comprehensive Environmental Response, Compensation and Liability Act, as amended from time to time, or similar Laws. Purchaser acknowledges and agrees that the foregoing waiver and release includes all rights and claims of Purchaser against Seller pertaining to the condition of the Property, whether heretofore or now existing or hereafter arising, or which could, might, or may be claimed to exist, of whatever kind or nature, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, each as though fully set forth herein at length, which in any way arise out of, or are

Authentisign ID: 170F11E1-5324-F011-6B3D-00224822F75A

connected with, or relate to, the condition of the Property. The foregoing provisions shall survive the Closing Date and the consummation of the transaction contemplated by this Addendum.

Purchaser shall accept the Property subject to any and all violations of law, rules, regulations, ordinances, orders or requirements issued by any Federal, state, county, municipal or other department or governmental agency having jurisdiction against or affecting the Property (collectively, "Violations"). Seller shall have no obligation to cure or remove any Violations existing as of the Effective Date.

To the extent the Town of Amherst, County of Erie, State of New York, or any other governmental agency or authority having jurisdiction (collectively, "Governmental Authorities") imposes requirements for issuance certificates of occupancy, certificates of compliance, certificates of inspection of sanitary sewer and/or storm sewer fixtures or facilities, or any other inspection and/or certification requirements in connection with and as a condition to the sale of the Property (collectively, "Local Requirements"), Purchaser shall be deemed to have waived all such Local Requirements to the extent the same are waivable. To the extent any such Local Requirement or Local Requirements are not waivable by Purchaser, Purchaser shall comply with the Local Requirement(s) in question at Purchaser's sole cost. Purchaser's waivers and assumption of obligations contained in this paragraph shall survive the Closing Date and the consummation of the transaction contemplated by this Addendum.

Purchaser agrees to accept possession of the Property at Closing with any Remaining Personal Property included in the sale (at no additional cost to Purchaser) on an "AS IS" "WHERE IS" basis. If requested by Purchaser prior to Closing, Seller shall deliver to Purchaser at Closing a quitclaim bill of sale conveying Seller's interest in any such Remaining Personal Property. Seller and Purchaser acknowledge that, to the extent any such Remaining Personal Property is on the Property as of the Closing, such Remaining Personal Property is of little or no value.

11. **Termination.** This Agreement may be terminated at any time prior to Closing:

   a. by mutual written agreement of Purchaser and Seller;

   b. by Seller, by written notice to Purchaser, if the Closing shall not have occurred on or before the date that is ten (10) Business Days after the date of entry of the Sale Order (as may be extended by written agreement of Purchaser and Seller); provided, however, that Seller is not in material breach of any of its representations and warranties contained in this Agreement and has not failed in any material respect to perform any of its obligations hereunder;

   c. by Purchaser, by written notice to Seller, if there shall have been a material breach by Seller of any of its representations, warranties, covenants or agreements contained in this Agreement, which breach would result in the failure to satisfy one or more of the conditions set forth in this Agreement, and such material breach or other event or condition shall be incapable of being cured or, if capable of being cured, shall not have been cured within twenty-one (21) calendar days after written notice thereof shall have been received by

21409825.v2

6Z

Authentisign ID: 170F11E1-5324-F011-8B3D-00224822F75A

Seller; provided, that Purchaser is not in material breach of this Agreement as of such date;

d. by Seller, if there shall have been a material breach by Purchaser of any of its representations, warranties, covenants or agreements contained in this Agreement, which breach would result in the failure to satisfy one or more of the conditions set forth in this Agreement, and such material breach or other event or condition shall be incapable of being cured or, if capable of being cured, shall not have been cured within ten (10) calendar days after written notice thereof shall have been received by Purchaser; provided, that no Seller is in material breach of this Agreement as of such date; or

e. by Purchaser on or after the date the Sale Order ceases to be in full force and effect, or is revoked, rescinded, vacated, materially modified, reversed or stayed, or otherwise rendered ineffective by a court of competent jurisdiction.

12. **Seller Default**. In the event that Seller shall be in material default hereunder for any reason other than Purchaser's default, Purchaser may deliver a written notice to Seller stating with particularity the alleged default of Seller, the action required by Seller to cure such default, and Purchaser's intent to exercise its remedies provided below if the default is not cured. Seller shall have twenty-one (21) days after receipt of such notice to cure the alleged default to Purchaser's reasonable satisfaction (and the Closing Date shall be delayed, if necessary, until the end of such twenty-one (21) day period). In the event such default is not cured within such twenty-one (21) day period, then Purchaser may elect, as its sole and exclusive remedy, to seek to enforce specific performance only for failure to cause the Property to be conveyed in accordance with the terms and provisions hereof (without any reduction in the Purchase Price) or to terminate this Agreement by written notice to Seller and the Title Company, whereupon Purchaser shall be entitled to a full refund of the Deposit. It is expressly understood and agreed that the remedy of specific performance shall not be available to enforce any other obligation of Seller hereunder other than a failure to cause the Property to be conveyed in accordance with the terms and provisions of this Agreement. Purchaser shall be deemed to have elected to terminate this Agreement if Purchaser fails to file suit for specific performance against Seller in Bankruptcy Court, or, with the permission of Bankruptcy Court, in a court having jurisdiction in the county and state in which the Property is located, on or before thirty (30) days following the date upon which the Closing was to have occurred pursuant to this Counteroffer. Notwithstanding anything to the contrary contained herein, Purchaser shall have no right to specific performance of this Agreement, nor shall Seller have any authority or obligation to transfer the Property to Purchaser pursuant to this **Section 12** absent the entry of a Sale Order by the Bankruptcy Court authorizing and directing such conveyance of the Property by Seller to Purchaser.

13. **Purchaser Default**. In the event that Purchaser shall be in default hereunder for any reason other than Seller's default, Seller may deliver a written notice to Purchaser stating with particularity the alleged default of Purchaser, the action required by Purchaser to cure such default and Seller's intent to terminate the Agreement if the default is not cured. Purchaser shall have ten (10) days after receipt of such notice to cure the alleged default to Seller's reasonable satisfaction (and the Closing Date shall be delayed, if necessary, until the end of such ten (10) day period). In the event such default is not cured within such ten (10) day period, then Seller may, as Seller's

21409825.v2

Authentisign ID: 170F11E1-5324-F011-8B3D-00224822F75A

sole and exclusive remedy for such default, terminate this Agreement by written notice to Purchaser and the Title Company, whereupon Seller shall be entitled to retain the Deposit as full liquidated damages for such default of Purchaser. It is hereby agreed that Seller's damages in the event of a default by Purchaser hereunder are uncertain and difficult to ascertain, and that the Deposit constitutes a reasonable liquidation of such damages and is intended not as a penalty, but as full liquidated damages. Purchaser covenants not to bring any action or suit challenging the amount of liquidated damages provided hereunder in the event of such default. Notwithstanding anything to the contrary contained herein, this provision shall in no way affect or impair Seller's right of recovery under any indemnity given by Purchaser in favor of Seller under this Agreement.

14. **Bidding Procedures and Alternative Transaction.**

    a. **Sale Motion.** The Parties acknowledge that this Agreement is subject to approval of the Bankruptcy Court, which approval will include, among other things, issuance by the Bankruptcy Court of a Bidding Procedures Order directing the manner in which a bidding procedure will be conducted for solicitation of competing offers from third parties for the purchase of the Property. Depending upon the outcome of the bidding procedure, this Agreement may be subject to termination by Seller, as hereinafter provided. Seller shall file a motion to approve this Agreement (the "Sale Motion") and to establish reasonable bidding procedures (the "Bidding Procedures") within twenty-one (21) days of the Effective Date of this Agreement.

    b. **Higher Bids**. This Agreement is subject to higher and better offers pursuant to the Bidding Procedures to be established by the Bankruptcy Court, and is subject to termination pursuant to **Section 14**.

    c. **Alternative Transaction.** If the Bankruptcy Court shall enter a final Sale Order approving a purchase of the Property by an Alternative Bidder (as hereinafter defined), then Seller shall terminate this Agreement, by written notice to Purchaser, Purchaser shall be entitled to receive a refund of the Deposit, and Seller shall be free to consummate a sale of the Property to the Alternative Bidder (and "Alternative Transaction").

    d. **The Bidding Procedures**. Subject to the approval by the Bankruptcy Court, Bidding Procedures shall include the following:

        i. the procedures for solicitation of competing offers from third parties for the purchase of the Property (each, a "Alternative Bidder");

        ii. any bid submitted by an Alternative Bidder shall include proof of funds and a signed Purchase and Sale Agreement along with a marked copy showing any changes from this Agreement;

        iii. any bid submitted by an Alternative Bidder must exceed the Purchase Price set forth in this Agreement by Five Thousand Dollars ($5,000.00) (the "Initial Overbid");

Page 11 of 16

21409825.v2

Case 1-20-10322-CLB, Doc 4015, Filed 07/05/25, Entered 07/06/25 00:30:48, Description: Imaged Certificate of Notice, Page 79 of 93

AuthentiSign ID: 170F11E1-5324-F011-8B3D-00224822F75A

     iv.  any subsequent bidding after the Initial Overbid shall be in minimum increments of $2,000.00, with minimum subject to modification in the Seller's sole and absolute discretion;

     v.  the procedures for an auction to determine the highest and best offer for the Property (the "<u>Successful Bidder</u>");

     vi.  such further terms as are determined to be necessary by Seller in order to obtain Bankruptcy Court approval of the Bidding Procedures; and

     vii.  Purchaser shall be allowed to participate in the bidding process along with Alternative Bidders.

    e.  **Backup Bidder**. In the event that the Purchaser is not the Successful Bidder in the bidding process, the Purchaser's bid (as reflected in this Agreement or in any higher bid placed by Purchaser during the bidding process) shall remain irrevocable as the backup bidder (the "<u>Backup Bidder</u>") until the earliest of: (i) a period of thirty (30) days from the Sale Order, or (ii) the closing of a sale with the Successful Bidder.

**15.**    **Miscellaneous**.

    a.  **Legal Counsel**. Purchaser and Seller acknowledge that they have been, or have had the opportunity to be, represented by legal counsel in connection with this Transaction and that this Agreement is the product of extensive negotiations between the parties. Purchaser and Seller agree that the fact that this Agreement or one or more provisions hereof were drafted by one party or the other shall not affect the meaning or interpretation of this Agreement.

    b.  **Waiver**. No action taken pursuant to this Agreement, including any investigation by or on behalf of any party, shall be deemed to constitute a waiver by any party taking such action of compliance with any representation, warranty, covenant, or agreement contained herein. The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a further or continuing waiver of such breach or as a waiver of any other or subsequent breach. No failure on the part of any party to exercise, and no delay in exercising, any right, power or remedy hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of such right, power or remedy by such party preclude any other or further exercise thereof or the exercise of any other right, power or remedy.

    c.  **Third Party Beneficiaries**. Nothing in this Agreement is intended, nor shall anything herein be construed, to confer any rights, legal or equitable, in any Person other than the parties hereto and their permitted successors and assigns. There are no third party beneficiaries to this Agreement.

21409825.v2

Authentisign ID: 170F11E1-5324-F011-6S3D-00224822F75A

d. **Cooperation and Further Assurances**. The Parties shall use their respective commercially reasonable efforts to (a) take or cause to be taken all actions, and to do or cause to be done all other things, necessary, proper or advisable to expeditiously satisfy the closing conditions set forth herein and to consummate the transactions contemplated hereby as promptly as practicable and evidence the consummation of the transactions contemplated hereby, and (b) obtain in a timely manner all necessary waivers, consents and approvals and to effect all necessary registrations and filings in connection with the foregoing.

e. **No Merger**. Except for (a) Seller's covenants with respect to the title to the Property, and (b) as otherwise expressly provided herein, the provisions of this Agreement containing agreements between the parties relating to actions occurring after Closing shall not be merged into the instruments of Closing but shall expressly survive and be enforceable according to their terms.

f. **Notification of Certain Matters**. From time to time prior to the Closing Date, the Parties shall promptly notify each other of the occurrence or non-occurrence of any event or circumstance that as applicable, indicates (a) that any of the representations and warranties set forth herein may not be, will not be, or are not, true and correct, or (b) any failure on its part to comply with or satisfy, in any material respect, any covenant, agreement or condition to be complied with or satisfied by it pursuant hereto (any such notification, a "Required Notification"); provided, however, that in each case, such disclosure shall not be deemed to (i) amend or supplement any Schedule hereto, or (ii) cure any breach of such representation, warranty, covenant or agreement or satisfy any condition set forth herein.

g. **Escrow Agent and Deposit.** The Deposit made by Purchaser under the terms of this Agreement shall be held by the Seller's attorneys, Bond, Schoeneck & King, PLLC in a non-interest-bearing attorney's trust account, in accordance with and subject to the following provisions.

   i. Escrow Agent, without risk to Escrow Agent, except for willful misconduct or fraud, shall place the Deposit in a non-interest bearing bank attorney trust account maintained at a commercial bank, savings bank or savings and loan association. At the Closing, if any, Escrow Agent shall disburse the Deposit to Seller, and said Deposit shall be credited to the Purchase Price.

   ii. Upon receipt of written demand therefor signed by Seller, stating that Purchaser have defaulted in the performance of Purchaser's obligations under this Agreement and that Seller has terminated this Agreement on account of said default of Purchaser, Escrow Agent shall, subject to the provisions of **Section 15(g)(vii)**, disburse the Deposit to Seller; provided, however, that Escrow Agent shall not honor such demand

21409825.v2

Authentisign ID: 170F11E1-5324-F011-8B3D-00224822F75A

until not less than five (5) days after the date on which Escrow Agent shall have given notice to Purchaser (in the manner specified in this Agreement for notices to be given).

iii. Upon receipt of written demand therefor signed by Purchaser, stating that this Agreement has been terminated and that Purchaser is entitled under the terms of this Agreement to the return of the Deposit, Escrow Agent shall, subject to the provisions of **Section 15(g)(vii)**, disburse the Deposit to Purchaser; provided, however, that Escrow Agent shall not honor such demand until not less than five (5) days after the date on which Escrow Agent shall have given notice to Seller (in the manner specified in this Agreement for notices to be given).

iv. If an action or proceeding is commenced by either party to determine the rights of the parties to the Deposit, all attorneys' fees and court costs of the prevailing party shall be borne by whoever shall not prevail in such action or proceeding.

v. It is agreed that the duties of Escrow Agent are only as herein specifically provided, are purely ministerial in nature and that Escrow Agent shall incur no liability whatsoever except for willful misconduct or fraud. Seller and Purchaser hereby release Escrow Agent from any act done or omitted to be done by Escrow Agent in good faith in the performance of Escrow Agent's duties hereunder. If requested at Closing, Seller and/or Purchaser shall execute and deliver general releases in the usual form to Escrow Agent.

vi. Escrow Agent is acting only as a stakeholder with respect to the Deposit. If any dispute shall arise as to whom the Deposit is to be disbursed, Escrow Agent shall not disburse the Deposit to either party but in such event shall hold the same until receipt by Escrow Agent of a written authorization signed by Seller and Purchaser directing the disposition of same, or in the absence of such authorization, Escrow Agent may hold the Deposit until the final determination of the rights of the parties in an appropriate action or proceeding. If such written authorization is not given, or an action or proceeding for such determination is not begun and diligently continued, Escrow Agent may, but is not required to, bring any appropriate action or proceeding for interpleader or other leave to place the Deposit in court pending such determination. All costs of such action or proceeding, including, without limitation, attorneys' fees of Escrow Agent are to be borne by the party who shall not prevail in such action or proceeding. Upon delivery of the Deposit in the manner herein provided, Escrow Agent shall have no further liability hereunder or otherwise. Escrow Agent shall have the right to represent Seller in any dispute between Purchaser and Seller with respect to the Deposit.

21409825.v2

vii. Escrow Agent has executed this Agreement solely to acknowledge Escrow Agent's receipt of the Deposit by check subject to collection, and to evidence Escrow Agent's agreement to act as escrow agent in accordance with the provisions of this **Section 15(g)**.

16. Except as otherwise specifically set forth in this Counteroffer, all terms and conditions of the Offer shall remain in full force and effect, shall not be considered amended or modified, and are hereby ratified and confirmed in all respects.

17. **Recitals Incorporated**. The recitals set forth above are hereby incorporated into the body of this Counteroffer.

**[Separate Signature Pages Follow]**

AuthentiSign ID: 170F11E1-5324-F011-8B3D-00224822F75A

**In Witness Whereof** the parties have executed this Counteroffer as of the day and year first written above.

SELLER:

**THE DIOCESE OF BUFFALO, N.Y.**

By: Michael W. Fisher, Bishop

PURCHASER:

Beth A. Sherman                    04/28/25

Steven Sherman                     04/28/25

ESCROW AGENT

**BOND, SCHOENECK & KING, PLLC**

Signature

Name

Title

21409825.v2

AuthentiSign ID: 170F11E1-5324-F011-6B3D-00224822F75A

**EXHIBIT 1**

Quitclaim Deed

**THIS INDENTURE**, made the ____ day of _____ 2025,

BETWEEN

**THE DIOCESE OF BUFFALO, N.Y.**, a New York special act corporation created by the New York State Legislature pursuant to Chapter 568 of the Laws of 1951, having an office at 795 Main Street, Buffalo, New York 14203, Grantor,

and,

_____, a _____, having an address at _____, Grantee,

**WITNESSETH** that the said Grantor, in consideration of ONE and 00/100 Dollars ($1.00) lawful money of the United States, and other good and valuable consideration paid by the Grantee, do hereby remise, release and forever Quit-Claim unto the Grantee, and their heirs and assigns forever:

**ALL THAT TRACT OR PARCEL OF LAND**, with the improvements therein contained, situate and being a part of a Condominium in the Town of Amherst, County of Erie and State of New York, being part of Lot No. 75, Township 12 and Range 7 of the Holland Land Company's survey known and designated as the following unit(s) and undivided interest(s) in the common elements of the Condominium hereafter described, as the same is defined in the Declaration of Condominium hereinafter referred to Unit No. 21-B together with a 3.752% undivided interest in the common elements according to Map Cover No.: 2700 filed in the Erie County Clerk's Office.

The real property above described is shown on the plans of condominium certified by Kenneth E. Lofstrand, R.A. and filed in the Erie County Clerk's Office on the 27th day of April 1990, as Map No. 2700 as defined in the Declaration of Condominium entitled CHAPPELLE VILLAS CONDOMINIUM B, made by the Sponsor under Article 9-B of the New York Real Property Law dated April 24, 1990 and recorded in the Erie County Clerk's Office on the 27th day of April 1990, in Liber 10166 of Deeds at page 1, covering

The land area of the condominium property is described in **Schedule "A"** which is attached hereto and made a part hereof.

The use for which the unit is intended is that of a residence only, subject to the applicable Governmental regulations and the restrictions contained in the Declaration.

**SUBJECT** to all easements, covenants, conditions and restrictions of record.

Exhibit 1

21409825.v2

BEING the same premises as conveyed to the Diocese of Buffalo by virtue of a Warranty Deed with Lien Covenant dated July 17, 2012 and recorded on July 31, 2012 in Liber 11227 of Deeds at page 2442.

Pursuant to Sections 105 & 363 of the Bankruptcy Code, the Bankruptcy Court of Western New York approved the sale contemplated herein by an Order dated _____ and located at Index No. 20-10322 (the "Order"), attached hereto as **Schedule "B"** shall be incorporated herein and shall be understood to be a part hereof.

**TOGETHER** with the appurtenances and all the estate and rights of the Grantors in and to the said premises.

**TO HAVE AND TO HOLD**, the above granted premises unto the said Grantee, their heirs and assigns forever.

**AND** subject to the trust fund provisions of section thirteen of the lien law.

**IN WITNESS WHEREOF**, the said Grantors have hereunto set their hands and seals on the day and year first above written.

In Presence of

THE DIOCESE OF BUFFALO, N.Y.

By: + *Michael W Fisher* L.S.

STATE OF NEW YORK ) SS.:
COUNTY OF ERIE )

On the _6_ of _May_ in the year 2025, before me, the undersigned, a notary public in and for said state, personally appeared *Michael W. Fisher* personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his/her/their capacity, and that by his/her/their signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

*Mary M. Jablonski*
Notary Public

MARY M. JABLONSKI
NOTARY PUBLIC-STATE OF NEW YORK
No. 01JA6315350
Qualified in Erie County
My Commission Expires November 24, 20__

Exhibit 1

21409825.v2

AuthentiSign ID: 170F11E1-5324-F011-8B3D-00224822F75A

## Schedule A

All that tract or parcel of land, situate in the Town of Amherst, County of Erie and State of New York, being part of Lot No. 75, Township 12, Range 7 of the Holland Land Company's Survey bounded and described as follows:

Beginning at a point on the north side of Skinnerville Road, 24.75 feet north of a point on the south line of Lot 75, which point on the south line is 350 feet easterly as measured along said south line from the southwest corner of said Lot;

Thence easterly along the north line of Skinnerville Road 140.00 feet;

Thence along the perimeter of the lands comprising the Charter Oaks Condominium as described in Declaration of Condominium recorded in the Erie County Clerk's Office in Liber 8705 of Deeds at page 102 the following courses and distances:

1. Northerly at right angles 139.00 feet;
2. Westerly at right angles 138.17 feet;
3. Northerly at an angle in the northeast quadrant of 89" 15' and parallel with the west Line of Lot 75 a distance of 705.28 feet;
4. Easterly at right angles 120 feet;
5. South 89° 49' 09" east. 330.00 feet to the true point or place of beginning.

Thence north 00° 10' 51" east 250 feet;

Thence south 89° 49' 09" east 535 feet to the center line of Ellicott Creek;

Thence southerly and southeasterly along the center line of Ellicott Creek to a point the West line of lands described in deed recorded in the Erie County Clerk's Office in Liber 3544 of Deeds at page 164;

Thence southerly along said west line of lands described in said deed recorded in Liber 3544 of Deeds at page 164, 79.32 feet;

Thence south 89° 25' 51" west 155.12 feet;

Thence north 00° 34' 09" west 150 feet;

Thence north 43° 24' 43" west 7.5 feet;

Thence south 89° 25' 51" west 234 feet;

Thence north 00° 57' 10" east 111.18 feet;

**Exhibit 1 – Schedule A**

21409825.v2

Authentisign ID: 170F11E1-5324-F011-8B3D-00224822F75A

Thence south 29° 16' 43" west 269.45 feet;

Thence south 89° 20' 51" west 70.82 feet;

Thence north 00° 10' 51" east 49.92 feet to the true point or place of beginning.

**Exhibit 1 – Schedule A**

21409825.v2

Authentisign ID: 170F11E1-5324-F011-8B3D-00224822F75A

# Schedule B

Exhibit 1 – Schedule B

21409825.v2

*Exhibit 3*

(to Bidding Procedures Order)

Notice of Auction and Sale Hearing

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 20-10322 (CLB) |
| The Diocese of Buffalo, N.Y., | ) |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |

## NOTICE OF AUCTION AND SALE HEARING

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. On June 10, 2025, the Diocese filed the *Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Certain Real Property at 21 Bristol Drive, Amherst, New York; (B) Authorizing and Approving the Form of Purchase Agreement; (C) Scheduling an Auction and Hearing to Consider the Sale; and (D) Approving the Form and Manner of Service of Notice of Auction and Sale Hearing; (II) Approving the Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (III) Granting Related Relief* [Docket No. **3935**] (the "Sale Motion").[1]

2. The Diocese is seeking to sell certain residential real property located at 21 Bristol Drive, Amherst, New York 14228 (the "Property") to Steven and Beth A. Sherman (together, "Sherman") or such other purchaser who may submit the highest or otherwise best offer for the Property.

3. On **July 3**, 2025, the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court") entered an order [Docket No. _____] (the "Bidding Procedures Order") approving bidding procedures (the "Bidding Procedures") and granting other relief related to the proposed sale of the Property. The Bidding Procedures approved by the Court are attached as Exhibit 1 to the Bidding Procedures Order. Pursuant to the Bidding Procedures Order, if the Diocese receives more than one Qualified Bid for the Property, an Auction for the Property shall take place on **August 19**, 2025 at 12:00 noon (prevailing Eastern time) at the offices of Bond, Schoeneck & King, PLLC, The Avant Building, Suite 900, 200 Delaware Avenue, Buffalo, New York 14202-2107. Only parties that have submitted Qualified Bids in accordance with the Bidding Procedures by the Bid Deadline may participate at the Auction. Any party that wishes to take part in this process and submit a bid for the Property must submit a Qualified Bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

21431336.v3

4.     The Sale Hearing to consider approval of the sale of the Property to the Successful Bidder or Back-Up Bidder free and clear of all liens, claims, encumbrances and other interests will be held before the Honorable Carl L. Bucki, United States Bankruptcy Court for the Western District of New York, at the United States Courthouse, 2 Niagara Square, Buffalo, NY 14202 on August 20, 2025 at 10:00 a.m./ p.m. (prevailing Eastern time), or at such other time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than reflected on the Bankruptcy Court's docket or by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

5.     Parties can choose to appear either (i) in person at the Robert H. Jackson Courthouse, 2 Niagara Square, Buffalo, New York or (ii) telephonically (call in 1-571-353-2301, Courtroom ID 483077448#, and security pin 9999#).

6.     Objections, if any, to the sale, or the relief requested in the Sale Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the Clerk of the Bankruptcy Court for the Western District of New York (Buffalo Division), as soon as practicable in advance of the Sale Hearing; and (d) be served upon (i) counsel to the Diocese, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Charles J. Sullivan, Grayson T. Walter, Edward J. LoBello, and Justin S. Krell; (ii) the Office of the United States Trustee for the Western District of New York, 300 Pearl Street, Suite 401, Buffalo, NY 14202. Attn: Joseph W. Allen; (iii) counsel to the Official Committee of Unsecured Creditors, Pachulski, Stang, Ziehl & Jones, LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California, 90067-4003, Attn. James I. Stang, and 1700 Broadway, 36th Floor, New York, New York, 10019-5004, Attn. Ilan Scharf; and (iv) those persons who have formally appeared and requested service in this case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. UNLESS AN OBJECTION IS SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER HEARING OR NOTICE.

7.     This Notice is subject to the fuller terms and conditions of the Sale Motion, the Bidding Procedures Order, and the Bidding Procedures, which shall control in the event of any conflict and the Diocese encourages parties-in-interest to review such documents in their entirety. Parties interested in receiving more information regarding the sale of the Property or obtaining a copy of any of the foregoing documents may make a written request to counsel to the Diocese, Bond Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York, 13202, Attn: Stephen A. Donato, Charles J. Sullivan, Grayson T. Walter, Edward J. LoBello, and Justin S. Krell. In addition, copies of the Sale Motion, the Bidding Procedures Order, the Bidding Procedures and this Notice can be obtained free of charge at https://case.stretto.com/dioceseofbuffalo and are on file with the Clerk of the Bankruptcy Court.

Dated: _____, 2025

BOND, SCHOENECK & KING, PLLC

By: _____
    Stephen A. Donato
    Charles J. Sullivan
    Grayston T. Walter
    Edward J. LoBello
    Justin S. Krell
    One Lincoln Center
    Syracuse, NY 13202-1355
    Telephone: (315) 218-8000
    Fax: (315) 218-8100
    Emails:   sdonato@bsk.com
            csullivan@bsk.com
            gwalter@bsk.com
            elobello@bsk.com
            jkrell@bsk.com

*Attorneys for The Diocese of Buffalo, N.Y.*

21431336.v3