# EXHIBIT B



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

ABISOLA FATADE
ASSISTANT ATTORNEY GENERAL
RECORDS ACCESS OFFICER

September 8, 2023

**SENT VIA EMAIL**
Lawlor Quinlan
Connors LLP
766 Castleton Avenue
Staten Island, NY 10310

RE: NY AG Freedom of Information Law Request No. G000643-2022

Dear Lawlor Quinlan:

The Office of the New York State Attorney General ("OAG") has documents that your client, The Diocese of Buffalo (the "Diocese") produced in connection with an investigation and subsequent litigation in 2021. These documents have been requested pursuant to the Freedom of Information Law, Public Officers Law §§86-89. At the time of production, you requested confidential treatment of these materials under POL §87(2)(d). I received your correspondence dated August 25, 2023, requesting exemption from disclosure of all the documents produced by your client.

I have reviewed your correspondence and I find your arguments unpersuasive as they pertain to the records for which you claimed confidentiality. POL §87(2)(d), which provides that an agency may deny access to records or portions thereof "that are trade secrets or are submitted to an agency by a commercial enterprise or derived from information obtained from a commercial enterprise and which if disclosed would cause 'substantial injury to competitive position of the subject enterprise'." Whether "substantial injury to competitive position of the subject enterprise" would result from disclosure of the requested material "turns on the commercial value of the requested information to competitors and the cost of acquiring it through other means." Encore Coll. Bookstores v. Auxiliary serv. Corp. 87 N.Y.2d 410, 420 (1995).

Further, "[t]he concept and parameters of what might constitute a 'a trade secret' were discussed in Kewanee Oil Co. v. Bicron Corp., which was decided by the United States Supreme Court in 1973 (416 U.S. 470). In determining the definition of a "trade secret", the Court cited the restatement of Torts, section 757, comment b (1939), which states:

"[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him the opportunity to obtain an advantage over competitors who do not know or use it. It may be a formula for a chemical compound, a process of manufacturing, treating or preserving materials, a pattern for a machine or other device, or a list of customers." (Id. at 474, 475).

Committee on Open Government ("COOG"), State of New York, FOIL Advisory Opinion 17883.

In Kewanee the Court stated that "[T]he subject of a trade secret must be secret, and must not be of public knowledge or of a general knowledge in the trade or business. Id. New York Jurisprudence defines "trade secret" and presents six factors to be considered in determining whether a trade secret exists, including, inter alia, "(1) the extent to which the information is known outside the business; (2) the extent to which it is known by a business' employees;…and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others." 104 NY Jur. 2d 234.

COOG, Advisory Opinion 10664.

The responsive records include correspondence between the Diocese and complainants, and members of the clergy regarding allegations asserted against specific priests. Responsive records also include the Diocese's investigative records as well as correspondence from supporters and detractors of certain accused clergy. Additionally, responsive records include the Diocese's files of priests who have and have not been publicly identified as alleged perpetrators of sexual abuse. The Diocese argues that it is currently in bankruptcy proceedings with a series of stakeholders (including a group of nearly 1,000 claimants) and several insurances carriers "who have issued liability policies to the Diocese over the past several years". Accordingly, to the extent that the responsive records are not of "a public nature" the Diocese argues that their disclosure would "severely disrupt the stakeholders' negotiations in the bankruptcy case and cause substantial injury to the Diocese as it tries to achieve a resolution…"

The Diocese also argues that disclosure of the responsive records would interfere with an ongoing proceeding, specifically the bankruptcy proceeding, and generally the larger investigation into several dioceses by the OAG, pursuant to §87(2)(e). The Diocese further argues that the responsive records contain information that should be excepted pursuant to §87(2)(b) and would implicate Civil Rights Law §50-b, as their disclosure would be an invasion of privacy and identify alleged victims of sexual abuse or assault. The OAG recognizes the sensitive nature of the documents it was provided and agrees that the identities of alleged victims and unidentified priests should be safeguarded to protect their privacy. Thus, while such records have been reviewed for redaction because they contain personally identifying information and information pertaining to allegations of sexual assault and abuse, the Diocese may not assert that claim. Similarly, the assertion of §87(2)(e) is the Agency's to make pursuant to statute and not the Diocese's. Moreover, as described, none of the records constitute trade secrets as they do not contain information that would provide a competitor, to the extent one exists, with an advantage nor is the Diocese's reference to the bankruptcy proceeding an appropriate example of a competitive scenario. Any such stakeholders are likely in possession of similar, if not the same

records, at issue here. Accordingly, I am releasing all the responsive records for which the Diocese has asserted "trade secrets" in its August 25, 2023, correspondence, with the necessary privacy redactions.

The Diocese and the requestor have the right to appeal this decision. If either party elects to file an appeal, it must do so within seven (7) business days of its receipt of this letter. POL§89(5)(c)(1). Any written appeal can be submitted by email to FOIL.Appeals@ag.ny.gov or by mail to Kathryn Sheingold, Records Appeals Officer, Office of the Attorney General, the Capitol Albany, New York, 12224. You may reach the Records Appeals Officer at (518) 776-2009.

Sincerely,

Abisola Fatade
Assistant Attorney General

Cc: Committee on Open Government (via email at coog@dos.ny.gov)
Jay Tokasz (via email jtokasz@buffnews.com )
Todd Geremia (via email trgeremia@JonesDay.com)
John Goetz (via email jdgoetz@JonesDay.com)