# EXHIBIT C



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

**LETITIA JAMES**
ATTORNEY GENERAL

**BARBARA D. UNDERWOOD**
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

(518) 776-2009

October 12, 2023

Lawlor F. Quinlan III
Connors LLP
1000 Liberty Building
Buffalo, NY 14202

VIA EMAIL: lfq@connorslip.com

    Re:    Appeal re: Freedom of Information Law Request # G000643-120522

Dear Mr. Quinlan:

    I write in response to your September 26, 2023, administrative appeal in the above-referenced Freedom of Information Law (FOIL) matter.

    In December 2022, a reporter at the Buffalo News requested the following records:

    [A]ny Catholic Diocese of Buffalo files related to clergy sexual abuse that were subpoenaed in 2018 and/or 2019 by the New York Attorney General's Office [OAG]. The files would include, but not be limited to: complaints against priests and other diocese employees; diocese clergy personnel records; diocese clergy discipline records; records of the proceedings of the diocese independent review board; diocese "secret archive" files; and internal diocese documents and/or databases on accused priests.

    Because the Diocese requested notice and an opportunity to pursue its position that the records it produced to the OAG in connection with its subpoena response are excepted from disclosure under Public Officers Law § 87(2)(d), the Records Access Officer advised an attorney representing the Diocese of the opportunity to submit a written explanation as to why some or all of the responsive records should be so excepted.

THE CAPITOL, ALBANY, NEW YORK 12224-0341 • PHONE (518) 776-2050 • FAX (518) 915-7723 *NOT FOR SERVICE OF PAPERS
WWW.AG.NY.GOV

Case 1-20-10322-CLB,    Doc 4178-3,    Filed 09/16/25,    Entered 09/16/25 14:54:39,
Description: Exhibit C, Page 2 of 4

Mr. Quinlan
FOIL Appeal G000643-120522
Page 2

You submitted an explanation in response by letter dated August 25, 2023. After reviewing your explanation, the Records Access Officer concluded that the responsive records were not subject to withholding under Public Officers Law § 87(2)(d). Your administrative appeal, by letter dated September 26, followed.

The exception established by Public Officers Law § 87(2)(d), while often called the "trade secrets" exception, actually is two exceptions. *In re Verizon N.Y., Inc. v. New York State Pub. Serv. Comm'n*, 137 A.D.3d 66, 69-70 (3d Dep't 2016). First, records or portions of records can be withheld if they are "trade secrets" (hereinafter, the "trade secrets prong"). Second, records or portions of records that are not trade secrets but "are submitted to an agency by a commercial enterprise or derived from information obtained from a commercial enterprise and which if disclosed would cause substantial injury to the competitive position of the subject enterprise" can be withheld (hereinafter, the "commercial enterprise prong"). Public Officers Law § 87(2)(d).

You do not rely on the trade secrets prong of the exception. You instead argue that the Diocese, which has filed for bankruptcy, is a "commercial enterprise," as evidenced by its involvement in the bankruptcy case. You further argue that disclosure of the responsive records would cause substantial injury to the Diocese as it negotiates with the claimants and the insurance carriers, with whom the Diocese is in competition.

The purpose of the exception established by Public Officers Law § 87(2)(d) is to protect businesses from the deleterious consequences of disclosing confidential commercial information, so as to further the State's economic development efforts and attract business to New York. *In re Encore Coll. Bookstores v. Auxiliary Serv. Corp.*, 87 N.Y.2d 410, 420 (1995). The commercial enterprise seeking the exception must show actual competition from members of the same industry and the likelihood of substantial competitive injury. *Id.*

Your August 25 and September 26 letters do not demonstrate that the Diocese is engaged in actual marketplace competition of the sort contemplated by Public Officers Law § 87(2)(d). That is, the Diocese does not engage in business for which it faces competition from members of the same business that would gain a potential windfall from not having to create their own comparable business model if they had access to the responsive records.

I therefore agree with the Records Access Officer's conclusion that the responsive records are not subject to withholding under Public Officers Law § 87(2)(d).

Mr. Quinlan
FOIL Appeal G000643-120522
Page 3

With respect to the other exceptions to disclosure referenced in your August 25 and September 26 letters, they are not subject to the procedure established by Public Officers Law § 89(5). But I advise you of the following:

The OAG has concluded that disclosing the responsive records at this time will not interfere with its law enforcement investigation or judicial proceedings in which it is involved, and thus the records are not subject to withholding under Public Officers Law § 87(2)(e)(i) for that reason. Additionally, while the OAG has redacted records to prevent disclosure protected by Civil Rights Law § 50-b and to avail itself of exceptions to disclosure with respect to information that would identify a victim or an alleged victim or individuals accused of sexual abuse allegations that have not been determined are credible or reveal private health information, Public Officers Law §§ 87(2)(a),(b),(f), 89(2)(b), these exceptions are not subject to assertion by the Diocese.

Finally, with respect to your assertion that the OAG's disclosing the responsive records through FOIL would run counter to the Bankruptcy Court's mediation order, thereby interfering with the ongoing judicial proceedings in Bankruptcy Court, and thus that the records can be withheld under Public Officers Law § 87(2)(e)(i), I note that you have not provided the OAG with a copy of the mediation order or any other documentation that would support your assertion or allow the OAG to assess the constraints imposed by the order itself.

This is a final agency determination. Please be advised that judicial review of this determination can be obtained under Article 78 of the Civil Practice Law & Rules.

Very truly yours,

KATHRYN SHEINGOLD
FOIL Appeals Officer

Cc: Committee on Open Government
OAG Records Access Officer
Karim A. Abdulla, counsel to requester, at kaa@foalegal.com
Joseph M. Finnerty, counsel to requester, at jmf@foalegal.com
Jay Tokasz, requester, at jtokasz@buffnews.com
Todd Geremia, counsel to Diocese, at trgeremia@jonesday.com