**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

In re:

THE DIOCESE OF BUFFALO, NY,

                      Debtor.

Case No. 20-10322 (CLB)

Chapter 11

## EX PARTE MOTION OF US FIRE AND PEIC FOR ORDER AUTHORIZING INSURERS TO PROVISIONALLY FILE DOCUMENTS UNDER SEAL

U.S. Fire Insurance Company and Pacific Employers Insurance Company ("US Fire" and "PEIC"), by and through their counsel, hereby moves this Court for an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure, for entry of an order authorizing US Fire and PEIC to submit their motions to disallow eight proofs of claim ("Motions to Disallow")[1] under seal and permit the filling of redacted copies of the Motions to Disallow and supporting declaration submitted to the court with this filing on a provisional basis with the burden on the proponent of confidentiality of the redacted information, if there is one, to show cause in 14 days why information derived from publicly filed state court complaints should remain redacted.

In support of this Motion, the US Fire and PEIC respectfully state as follows:

### PRELIMINARY STATEMENT

1.     US Fire and PEIC seek to file motions to disallow eight proofs of claim that were subject of prior motions to disallow by the Diocese of Buffalo. The motions refer to eight complaints publicly filed in Erie County, New York. In three instances, the plaintiffs disclose their names and allegations publicly in their complaints. In the other five instances, each

---

[1] Each of the eight Motions to Disallow, one copy of each with proposed redactions and one copy of each without redactions, were served with this Motion.

1

plaintiff is described by use of "Doe" or another "Anonymous" title in place of the plaintiffs' name in their publicly filed complaint.

2. While this information derived from the publicly available complaints should not require confidential treatment, in an abundance of caution US Fire and PEIC respectfully request that the Court enter an order accepting the Motions to Disallow under seal and permit the filling of the proposed redacted copies on a provisional basis with the burden on the proponent of confidentiality of the redacted information, if there is one, to show cause in 14 days why information derived from publicly filed state court complaints should be remain redacted.

3. The Motions to Disallow refer to the proof of claim numbers, not the names of the claimants, and the general fact that these claimants themselves assert that their alleged abusers were members of a separate religious order and employed at the religious order's school. As the Motions to Disallow do not identify the claimants, and provide no additional information than was generally included in the Diocese's motions to disallow,[2] this text should not need to remain redacted. In its motions to disallow these same claims, the Diocese referred to the proof of claim numbers in its public filings hence it is not proposed that the proof of claim numbers be redacted.

4. In every one of instances at issue, a complaint was filed that did not name the religious order and religious order school as defendant and not the Diocese. This information is relevent to other claimants and the parishes in evaluating this Motions to Disallow.

## RELIEF REQUESTED

5. US Fire and PEIC respectfully request entry of an order authorizing them to provisionally file the Motions to Disallow under seal and permit the filing of redacted copies of the Motions to Disallow on the public docket, each in the redacted form paper filed with this

---

[2] *See* Docket Numbers 3581, 3575, 3573, 3570, 3574, 3572, 3578, and 3582, respectively.

Court with this Motion, on a preliminary basis with the burden on the proponent of confidentiality of the redacted information, if there is one, to show cause in 14 days why information derived from publicly filed state court complaints should remain redacted.

## JURISDICTION AND VENUE

6. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1480 and 1409.

## BASIS FOR REQUESTED RELIEF

7. The Bar Date Order entered by this Court on December 11, 2020, established a confidentiality protocol limiting access to the Proofs of Claim for the Sexual Abuse Claims.[3] Bar Date Order at ¶ 12. However, the confidentiality protocol provides that if information is "generally available to the public through no act or failure on the part of the Recipient," it remains public and does not require confidential treatment just because it is referred to in the Proof of Claim. Bar Date Order at 27 (the definition of "Confidential Information" in the Authorized Party Confidentiality Agreement Regarding Sexual Abuse Proofs of Claim incorporated into the Bar Date Order carves out publicly available information from that definition).

8. The information contained in the publicly filed complaints and referred to in the Motions to Disallow are publicly posted on New York state court dockets. As this information was obtained from the New York state court, this information falls under two exceptions to the definition of "Confidential Information" covered by the Bar Date Order. *See* Bar Date Order at

---

[3] On December 11, 2020, the Court entered its Order Establishing August 14, 2021 Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (the "Bar Date Order") [Docket No. 729].

27 (carving out information that "is obtained from a third party under no obligation to maintain its confidentiality" from the definition of "Confidential Information" covered by the Bar Date Order).

9. The general policy regarding access to information in bankruptcy proceedings favors openness.[4] The party seeking to maintain documents under seal bears the burden of showing that higher values overcome the presumption of public access.[5] But because US Fire and PEIC are not the designating parties here, they need not establish whether the information at issue satisfies the requirement for confidentiality, as set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d. Cir. 2006) (holding that the existence of a confidentiality order did not defeat presumption of public access to documents).

10. Under the Bar Date Order, a document is presumptively to be accepted under seal.[6] This Court has inherent authority to provisionally seal a filing pending determination of its status as is proposed here.[7] *See In re Robert Landau Assocs.*, 50 B.R. 670, 677 (Bankr. S.D.N.Y. 1985).

## NOTICE AND PROCEDURE

11. US Fire and PEIC will serve this Motion and the relevant Motion(s) to Disallow to: (i) counsel for the Official Committee of Unsecured Creditors; (ii) counsel for the Diocese, and (iii) the Claimants who submitted the proofs of claim that are subject to the Motions to

---

[4] *See In re Farmland Indus., Inc.*, 290 B.R. 364, 367 (Bankr. W.D. Mo. 2003); *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.")

[5] *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

[6] *See* Confidentiality Agreement at para. 5 (attached as Schedule 2 to the Bar Date Order).

[7] Section 107(b) of the Bankruptcy Code, as implemented by Bankruptcy Rule 9018, provides bankruptcy courts with power to issue orders that will protect entities from potential harm: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b); Fed. R. Bankr. P. 9018.

Disallow, provided that only the relevant unredacted Motion to Disallow will be served on each such Claimant.

12. The Diocese of Buffalo previously moved to disallow the claims at issue. No prior request for the relief sought herein has been made to this Court or any other court by US Fire and PEIC.

**WHEREFORE,** the US Fire and PEIC respectfully request that this Court enter an Order, in substantially the form attached hereto as **Exhibit A**, authorizing the US Fire and PEIC to provisionally file under seal the Motions to Disallow and publicly file the redacted copies paper filed with the Court and served on the relevant parties, until the Court determines whether the documents meet the high burden for sealing and grant such other and further relief as the Court deems just and proper.

Dated: September 30, 2025

Respectfully submitted,

By: /s/ Adam Haberkorn

**O'MELVENY & MYERS LLP**
TANCRED V. SCHIAVONI
ADAM P. HABERKORN
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
Email: tschiavoni@omm.com
 ahaberkorn@omm.com

-and-

**CLYDE & CO US LLP**
MARIANNE G. MAY
340 Mt. Kemble Ave., Suite 300
Morristown, NJ 07340
Telephone: (973) 210-6700
Email: marianne.may@clydeco.us

*Attorneys for U.S. Fire Insurance Company and Pacific Employers Insurance Company*

# EXHIBIT A

Proposed Order

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

THE DIOCESE OF BUFFALO, NY,

                      Debtor.

Case No. 20-10322 (CLB)

Chapter 11

**[PROPOSED] ORDER AUTHORIZING INSURERS TO
PROVISIONALLY FILE DOCUMENTS UNDER SEAL**

Upon the *Ex Parte Motion of Insurers for Order Authorizing Insurers to File Documents Under Seal* (the "Motion") filed by U.S. Fire Insurance Company and Pacific Employers Insurance Company ("US Fire" and "PEIC"); and the Court having found that: (i) it has jurisdiction over the matters raised in the Objection pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (iv) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.     The Motion is GRANTED, as set forth herein.

2.     Pursuant to 11 U.S.C. §§ 105(a) and 107(b) and Fed. R. Bankr. P. 9018, the US Fire and PEIC are authorized to file the Motions to Disallow under seal with the filling of the redacted copies of the Motions to Disallow on the public docket, each in the redacted form paper filed with the Court with the Motion, on a provisional basis with the burden on the proponent of confidentiality of the redacted information, if there is one, to show cause in 14 days why redacted information derived from publicly filed state court complaints should remain redacted.

3.     The requirements set forth in Local Rule 9013-1(A) and (B) are satisfied.

4. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise. Any subsequent modification or vacatur of this Order shall not invalidate any action taken pursuant to this Order prior to the modification or vacatur of the Order.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____
      Buffalo, New York

                                          _____
                                          Hon. Carl L. Bucki
                                          United States Bankruptcy Judge