**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE DIOCESE OF BUFFALO, N.Y.,<br><br>            Debtor. | Chapter 11<br><br>Case No. 20-10322 (CLB) |

### *EX PARTE* MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER AUTHORIZING PARTIES TO FILE DOCUMENTS UNDER SEAL

The Official Committee of Unsecured Creditors (the "**Committee**") hereby moves (the "**Motion**") this Court for an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing it and other parties to file under seal documents that refer to sexual abuse survivors' personally identifying information and details of their abuse.  In support of the Motion, the Committee respectfully states as follows:

### **RELEVANT FACTS**

1.      On February 28, 2020 (the "**Petition Date**"), the Diocese filed a voluntary petition for relief under chapter 11 in the wake of hundreds of lawsuits filed by Survivors of sexual abuse under the New York Child Victims Act ("**CVA**") and in anticipation of the assertion of more sexual abuse claims.  The CVA changed the statute of limitations and created a "window" beginning August 14, 2019, during which victims of child sexual abuse whose claims may have been time-barred could bring a timely civil action. The window closed on August 14, 2021.  No trustee or examiner has been appointed in this case, and the Debtor is managing its properties and businesses as a debtor in possession.

1

2.     On December 11, 2020, the Court entered its *Order Establishing August 14, 2021 Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "**Bar Date Order**") [Docket No. 729]. "Due to the nature of the information requests in the Sexual Abuse Proof of Claim Form," the Court established confidentiality protocols limiting access to the Sexual Abuse Claims. (Bar Date Order at ¶12).[1]

3.     U.S. Fire Insurance Co. and Pacific Employers Insurance Co. (collectively, the "**Excess Insurers**") filed objections to claims of certain survivors of sexual abuse (the "Survivor Claimants"). *See* Docket Nos. 4223-4230 (the "**Claims Objections**"). On October 1, 2025, upon an *ex parte* motion by the Excess Insurers, the Court entered its Order Authorizing Insurers to Provisionally Filed Documents Under Seal [Docket No. 4218] authorizing the Excess Insurers to redact and file under seal certain portions of the Claims Objections.

## RELIEF REQUESTED

4.     By this Motion, the Committee respectfully requests entry of an order authorizing (a) the Committee and/or Survivor Claimants to file documents under seal in response to the Excess Insurers Claims Objections. The Committee anticipates that Survivor Claimants may file pleadings (a) describing the abuse and/or (b) documents (or information obtained therefrom) received from the Conventual Franciscans d/b/a Our Lady of Angels Province, Inc. a/k/a St. Anthony of Padua Province, Franciscan Fathers Minor Conventual, U.S.A., Inc. a/k/a Franciscan Fathers Minor Conventuals of Buffalo, NY, Inc. ("**Franciscans**") pursuant to an agreement to maintain the documents as confidential or file them under seal.

---

[1] Capitalized terms used but not defined herein shall be as defined in the *Joinder and Memorandum of Law of Official Committee of Unsecured Creditors to Motions for Relief from Automatic Stay* (the "**Joinder**") filed concurrently with this Motion.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1480 and 1409.

## BASIS FOR RELIEF REQUESTED

6.     The predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules.

7.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with power to issue orders that will protect entities from potential harm: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b).

8.     Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under section 107(b): "On motion or on its own initiative, with or without notice, the court may make an order which justice requires . . . (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code." Fed. R. Bankr. P. 9018.

9.     This Court has inherent authority to seal testimony and enter orders of confidentiality.  *See In re Robert Landau Assocs.,* 50 B.R. 670, 677 (Bankr. S.D.N.Y. 1985).  In issuing a protective order pursuant to section 107(b), "[t]he court determines whether the subject documents fall within the provisions of § 107(b) and the appropriate remedy if they do." *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996).  If the court determines that the documents in question fall within the parameters of section 107(b), "the court is <u>required to</u>

protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.,* 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original). Notably, this Court has previously entered orders authorizing parties to file documents under seal in this case. *See* Docket Nos. 3642 and 4218).

10.     A party seeking to file documents under seal pursuant to section 107(b)(2) must provide "clear evidence of impropriety to overcome the presumption" of public disclosure in a chapter 11 case. *Togut v. Deutsche Bank, AG (In re Anthracite Capital, Inc.)*, 492 B.R. 162, 174 (Bankr. S.D.N.Y. 2013) (quoting *Chase v. Chase (In re Chase)*, 2008 WL 2945997*6 (Bankr. S.D.N.Y. July 25, 2008)). The term "scandalous" is not defined in the Bankruptcy Code. However, Bankruptcy Courts have looked to various sources, including Black's Law Dictionary and Fed. R. Civ. P. 12(f). *Id.* at 175. Black's Law Dictionary defines "scandalous" as a "matter that is both grossly disgraceful (or defamatory) and irrelevant to the action or defense." *Id.* (citing *In re Starbrite Props. Corp.*, 2012 WL 2050745*6 (Bankr. E.D.N.Y. June 5, 2012). Fed. R. Civ. P. 12(f) provides that a court may strike any "scandalous matter" from a pleading. Courts interpreting that rule have defined "scandalous" as "any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Id.*

11.     A court's determination of whether to authorize a party to file documents under seal is based upon a totality of the circumstances. *In re Gitto/Global Corp.,* 2005 WL 396327 *3, Case No. 04-45386 (Bankr. D. Mass., Feb. 9, 2005) (citing *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 678 (Bankr. N.D. Ohio 1995)).

12.     Allegations of sexual abuse and the identity of sexual abuse survivors are clearly information that must be protected under section 107(b)(2) as scandalous. *See, e.g., Father M. v.*

4

*Various Tort Claimants (In re Roman Catholic Archbishop of Portland in Oregon)*, 661 F.3d 417, 433-34 (9th Cir. 2011) (holding that allegations of sexual abuse of children by priests are scandalous as to survivors); *Hilbert S. v. Cty. of Tioga*, No. 3:03-CV-193, 2005 U.S. Dist. LEXIS 29423, at *53 (N.D.N.Y. June 21, 2005) (holding that "the interest in protecting the privacy" of child victims outweighs the right of public access to court documents); *Doe v. Colgate Univ.*, No. 5:15-cv-1069 (LEK/DEP), 2016 U.S. Dist. LEXIS 48787, at *7 (N.D.N.Y. Apr. 12, 2016) (collecting cases regarding the right to privacy for college sexual assault survivors); *Doe v. Hobart & William Smith Colls.*, No. 6:20-CV-06338 EAW, 2021 U.S. Dist. LEXIS 52371, at *6 (W.D.N.Y. Mar. 19, 2021) (holding that sexual assault survivors have a right to protect their identities).

13.     The coping mechanisms survivors develop "can take any number of forms, including feelings of denial, shame, and guilt, and repression of memories of the abuse." *D.M.S. v. Barber*, 645 N.W.2d 383, 387 (Minn. 2002). Historically, "a regrettable inclination to blame the victim for sexual assaults, along with society's general respect for sexual privacy, have resulted in an atmosphere in which victims of sexual assault may experience shame or damage to reputation." *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006). The Movant Claim Forms include the identity of survivors of child sexual abuse, details regarding the sexual abuse and its impact, and other highly-personal information that must be maintained as confidential pursuant to the Bar Date Order. As such, the descriptions of abuse can be viewed as scandalous material that should be filed under seal pursuant to section 107(b).

14.     The Franciscans are not party to this action and their documents may contain business or confidential information. They are not parties to the Claims Objections, nor is their

liability at issue in the Claims Objections.  Thus, filing their documents (or information obtained from the documents) under seal is an appropriate safeguard under the circumstances.

**WHEREFORE,** the Committee respectfully requests that the Court (i) enter an order, substantially in the form annexed hereto as **Exhibit A**, and the relief requested herein and (ii) grant such other and further relief as the Court deems just and proper.

Dated: October 27, 2025

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

By      _/s/ Ilan D. Scharf_
        James I. Stang (admitted _pro hac vice_)
        Ilan D. Scharf
        Karen D. Dine
        1700 Broadway, 36th Floor
        New York, NY  10019
        Telephone:  (212) 561-7700
        Facsimile:   (212) 561-7777
        Email:     jstang@pszjlaw.com
                  ischarf@pszjlaw.com
                  kdine@pszjlaw.com

        _Attorneys for the Official Committee of_
        _Unsecured Creditors_

# EXHIBIT A

In re:

THE DIOCESE OF BUFFALO, N.Y.,

                    Debtor.

Chapter 11

Case No. 20-10322 (CLB)

## ORDER AUTHORIZING PARTIES TO
## FILE DOCUMENTS UNDER SEAL

Upon the *Ex Parte Motion of the Official Committee of Unsecured Creditors for Order Authorizing Parties to File Documents Under Seal* (the "Motion");[2] and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that

1.      The relief requested in the Motion is hereby GRANTED. To the extent set forth herein

2.      Pursuant to 11 U.S.C. §§ 105(a) and 107(b) and Fed. R. Bankr. P. 9018, (a) Survivor Claimants and the Committee may file under seal those portions of any response to the Claims Objections that include (i) descriptions of sexual abuse and (ii) documents or information therefrom produced by the Conventual Franciscans d/b/a Our Lady of Angels

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

Province, Inc. a/k/a St. Anthony of Padua Province, Franciscan Fathers Minor Conventual, U.S.A., Inc. a/k/a Franciscan Fathers Minor Conventuals of Buffalo, NY, Inc.

3.       Documents to be filed under seal must follow these procedures:

    a.      Such documents submitted to the Office of the Clerk of the Bankruptcy Court in a sealed envelope at the Robert H. Jackson U.S. Courthouse, 2 Niagara Square, 2nd Floor, Buffalo, NY during normal business hours (8:00 a.m. – 4:30 p.m.).

    b.      The following must be written on the face of the envelope: (i) case name and number; (ii) document number and any previous related filings (if applicable); and (iii) "Submitted Under Seal").

    c.      Accompanied by a copy of this Order.

4.       The Clerk of the Court is not responsible for documents which are not submitted in conformity with the procedures set forth above and will follow the usual procedures for filing documents not submitted in said manner.

5.       The filing parties are authorized to serve copies of the sealed pleadings via email to the counsel of record for the Diocese, the Committee and the Excess Insurers. Sealed Pleadings may be served on additional parties only pursuant to further order of this Court.

6.       Nothing herein shall be construed to limit a Sexual Abuse Claimant's rights to disclose any information regarding such Sexual Abuse Claimant's claim.

Dated:   Buffalo, New York
        October __, 2025

_____
CHIEF UNITED STATES BANKRUPTCY JUDGE