**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE DIOCESE OF BUFFALO, N.Y.,<br><br>Debtor. | Chapter 11<br><br>Case No. 20-10322 (CLB) |

**COVER SHEET TO TENTH INTERIM FEE APPLICATION OF
PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES
INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF THE DEBTOR FOR THE PERIOD
FEBRUARY 1, 2025 THROUGH JULY 31, 2025**

Name of Applicant:      Pachulski Stang Ziehl & Jones LLP ("PSZJ")

Authorized to Provide Professional Services to:      The Official Committee of Unsecured Creditors of the Debtor

Date of Order Authorizing Employment:      Order entered June 3, 2020 [Doc 359] effective as of March 12, 2020

Period for Which Compensation is Sought:      February 1, 2025 through July 31, 2025 (the "Tenth Compensation Period")

Amount of Fees Sought:      $349,940.00

Amount of Expense Reimbursement Sought:      $ 35,158.90

This is PSZJ's Tenth Interim fee application.

| | |
|---|---|
| Blended Rate in this Application for All Attorneys: | $592.22 |
| Blended Rate in this Application for All Timekeepers: | $570.96 |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed: | $0.00 |
| Compensation Sought in this Application Not Paid Pursuant to a Monthly Compensation Order: | $0.00 |

| | |
|---|---|
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed: | $0.00 |
| Expenses Sought in this Application Not Paid Pursuant to a Monthly Compensation Order: | $0.00 |

## I.     PRIOR STATEMENTS AND APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 12/16/20 | First Interim Fee Application Covering First Compensation Period March 12, 2020 - August 31, 2020 | $384,170.00[1] | $3,806.00 | $382,607.50[2] | $3,806.00 |
| 09/16/21 | Second Interim Fee Application Covering Second Compensation Period September 1, 2020 - May 31, 2021 | $412,839.50 | $8,520.71 | $412,839.50 | $8,520.71 |
| 04/25/22 | Third Interim Fee Application Covering Third Compensation Period June 1, 2021 – January 31, 2022 | $456,591.00[3] | $6,563.65 | $454,591.00[4] | $6,563.65 |
| 11/01/22 | Fourth Interim Fee Application Covering Fourth Compensation Period February 1, 2022 – July 31, 2022 | $305,730.00[5] | $22,823.12 | $299,920.00[6] | $22,823.12 |

---

[1] This amount includes a voluntary write-off of $3,525.00 to the August 2020 bill, which is reflected throughout the Application.

[2] In the Court Order approving the First Interim Fee Application, the Court approved $382,607.50 in fees, which reflects a reduction of $1,562.50 from PSZJ's requested amount.

[3] This amount includes two voluntary write-offs: (a) one in the amount of $2,975.00; and another for June 2021. These write-offs are reflected throughout the Application.

[4] In the Court Order approving the Third Interim Fee Application, the Court approved $454,591.00 in fees which reflects a reduction of $2,000.00 from PSZJ's requested amount.

[5] This amount reflects a reduction of $420.00 due to a duplicate time entry.

[6] In the Court Order approving the Fourth Interim Fee Application, the Court approved $299,920.00 in fees, which reflects a reduction of $5,810.00 from PSZJ's requested amount.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 04/21/23 | Fifth Interim Fee Application Covering Fifth Compensation Period August 1, 2022 – January 31, 2023 | $232,300.00[7] | $18,113.24[8] | $229,800.00[9] | $18,113.24 |
| 10/31/23 | Sixth Interim Fee Application Covering Sixth Compensation Period February 1, 2023 – July 31, 2023 | $338,440.00[10] | $37,440.93[11] | $333,940.00[12] | $37,440.93 |
| 05/07/24 | Seventh Interim Fee Application Covering Seventh Compensation Period August 1, 2023 – February 29, 2024 | $376,590.00 | $42,977.07 | $372,590.00[13] | $42,977.07 |
| 11/14/24 | Eighth Interim Fee Application Covering Seventh Compensation Period March 1, 2024 – August 31, 2024 | $119,670.00 | $12,828.05 | n/a[14] | n/a[15] |
| 04/22/25 | Ninth Interim Fee Application Covering Seventh Compensation Period September 1, 2024 – January 31, 2025 | $317,940.00 | $14,441.89 | n/a[16] | n/a[17] |

[7] This amount includes a voluntary reduction of $1,750 for a travel entry billed on September 30, 2022, which was included in the December 31, 2022 bill.

[8] This amount includes $1,030.20 for Committee member expenses advanced by the Firm.

[9] In the Court Order approving the Fifth Interim Fee Application, the Court approved $229,800.00 in fees, which reflects a reduction of $2,500.00 from PSZJ's requested amount.

[10] This amount reflects voluntary reductions totaling $104,300.00 to the Sixth Compensation Period.

[11] This amount reflects a voluntary reduction of $33.49 in expenses in the June bill.

[12] In the Court Order approving the Sixth Interim Fee Application, the Court approved $333,940.00 in fees, which reflects a reduction of $4,500.00 from PSZJ's requested amount.

[13] In the Court Order approving the Seventh Interim Fee Application, the Court approved $372,590.00 in fees, which reflects a reduction of $4,000.00 from PSZJ's requested amount.

[14] The Court has not entered an order with regard to the Eighth Interim Fee Application.

[15] *See id.*

[16] The Court has not entered an order with regard to the Ninth Interim Fee Application.

[17] *See id.*

## II.        PSZJ PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Brittany M. Michael | Partner 2025; Member of MN Bar since 2015; Member of NY Bar since 2019 | $700.00 | 1.00 | $        700.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983; Member of CA Bar since 1990 | $700.00<br>$     0.00 | 83.20<br>53.50 | $  58,240.00<br>$            0.00 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $700.00<br>$     0.00 | 229.90<br>23.50 | $160,930.00<br>$            0.00 |
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $700.00 | 2.10 | $    1,470.00 |
| Gillian N. Brown | Of Counsel 2016; Member of CA Bar since 1999; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010; Member of TX Bar since 2018 (inactive) | $700.00 | 1.50 | $    1,050.00 |
| Jeffrey M. Dine | Of Counsel 2021; Member of New Jersey Bar since 2019; Member of New York Bar since 1996 | $700.00 | 72.40 | $  50,680.00 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $700.00<br>$0.00 | 85.80<br>10.50 | $  60,060.00<br>$            0.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $700.00 | 4.90 | $    3,430.00 |
| Hope R. Daniels | Paralegal | $300.00 | 12.60 | $    3,780.00 |
| Kerri L. LaBrada | Paralegal | $300.00 | 9.90 | $    2,970.00 |
| Nathan J. Hall | Paralegal | $300.00 | 12.30 | $    3,690.00 |
| Audrey L. Heckel | Law Clerk | $300.00 | 9.80 | $    2,940.00 |

**Grand Total:**      **$349,940.00**
**Total Hours:**            **612.90**
**Blended Rate:**          **$570.96**

4911-6988-1970.1 18502.002

## III.  COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis and Recovery | 10.40 | $ 7,280.00 |
| Asset Disposition | 42.90 | $ 26,910.00 |
| Appeals | 42.40 | $ 26,480.00 |
| Bankruptcy Litigation | 34.20 | $ 21,820.00 |
| Case Administration | 12.00 | $ 4,720.00 |
| Claims Admin./Objections | 31.00 | $ 21,700.00 |
| PSZJ Compensation | 21.40 | $ 9,260.00 |
| Other Professional Compensation | 0.80 | $ 560.00 |
| General Creditors Comm. | 70.20 | $ 49,140.00 |
| Hearings | 6.00 | $ 4,200.00 |
| Insurance Coverage | 7.30 | $ 5,110.00 |
| Mediation | 232.90 | $163,030.00 |
| Plan & Disclosure Statement | 11.00 | $ 7,700.00 |
| Stay Litigation | 2.90 | $ 2,030.00 |
| Travel | 87.50 | no charge[1] |

## IV.  EXPENSE SUMMARY

| Expense Category | Service Provider (if applicable)[2] | Total Expenses |
|---|---|---|
| Air Fare | Delta Airlines; Jet Blue; United Airlines | $11,483.96 |
| Auto Travel Expense | Uber; Taxi; Airport Parking; Elite Transportation Services; Mileage reimbursement | $ 3,197.38 |
| Working Meal | Anchor Restaurant; Coffee; Cibo Express Meal; Jet Set; Hudson News; Chris' NY Sandwich; Spot Coffee; Bella Ciao; Bubby's Diner | $ 577.37 |
| Court Fees | Filing Fee for Notice of Appeal | $ 298.00 |
| Federal Express | | $ 29.50 |
| Hotel Expense | Westin; Aloft Buffalo Hotel; Embassy Suites; Hilton Hotel; Hampton Inn | $10,192.51 |
| Lexis/Nexis – Legal Research | | $ 1,304.61 |

---

[1] PSZJ's bills reflect fees in the total amount of $61,250 for non-working travel in this project category (consisting of bills for March 2025 in the amount of $7,350; April 2025 in the amount of $25,200; and May 2025 in the amount of $28,700). However, PSZJ has written off that entire amount of $61,250.00, and does not seek payment for any non-working travel time during the Compensation Period.

[2] PSZJ may use one or more service providers. The service providers identified in this Application are the primary service providers for the categories described.

| Expense Category | Service Provider (if applicable)[2] | Total Expenses |
|---|---|---|
| Litigation Support Vendors | Everlaw | $ 6,999.30 |
| Pacer - Court Research | | $ 315.50 |
| Postage | | $ 6.25 |
| Reproduction Expense | | $ 19.50 |
| Transcript | Aloft Buffalo Hotel | $ 735.02 |

PSZJ billed time to preparation of this Application after the Compensation Period.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated: October 31, 2025

　/s/　Ilan D. Scharf

James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Karen B. Dine, Esq.
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
E-mail:  jstang@pszjlaw.com
　　　ischarf@pszjlaw.com
　　　kdine@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

| | |
|---|---|
| In re: | Chapter 11 |
| THE DIOCESE OF BUFFALO, N.Y., | Case No. 20-10322 (CLB) |
| Debtor. | |

**TENTH INTERIM FEE APPLICATION OF**
**PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION**
**FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**
**INCURRED AS COUNSEL TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS OF THE DEBTOR FOR THE PERIOD**
**FEBRUARY 1, 2025 THROUGH JULY 31, 2025**

Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), counsel to the

Official Committee of Unsecured Creditors (the "Committee") of The Diocese of Buffalo, N.Y.

(the "Debtor"), hereby submits its Tenth Interim fee application (the "Application"), pursuant to

11 U.S.C. §§ 330 and 331 and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for (a) allowance of interim compensation for professional services

performed by PSZJ for the period commencing February 1, 2025 through July 31, 2025 (the

"Compensation Period") in the amount of $349,940.00, and (b) reimbursement of its actual and

necessary expenses in the amount of $35,158.90 incurred during the Compensation Period, on

the following grounds:

## I. JURISDICTION

1. The Court has jurisdiction over this application pursuant to 28 U.S.C. §§

157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for relief requested are sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 2016.

## II. BACKGROUND

4. On February 28, 2020, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its property and continues to operate and maintain its organization as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On March 12, 2020, the United States Trustee appointed the Committee, pursuant to section 1102 of the Bankruptcy Code.

6. On or about April 6, 2020, PSZJ filed its application seeking to be employed in this case ("Retention Application"). As set forth in the declaration of James I. Stang in support of the Retention Application, due to the unique circumstances of this case, PSZJ proposed to charge hourly rates which are below its regular hourly rates, specifically, to charge its normal and customary hourly rates, subject to a cap of $700 per hour and not to charge for travel time. On June 3, 2020, the Court entered its *Order Authorizing and Approving the Employment of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors of the Debtor Effective as of March 12, 2020* (the "Retention Order") [Doc 359], authorizing the employment of PSZJ as counsel to the Committee effective as of March 12, 2020. The Retention Order authorized PSZJ to apply for compensation for professional services rendered and reimbursement of expenses as set forth in the Retention Application, subject to the

Bankruptcy Code, Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court.

7. PSZJ did not receive a retainer in connection with its employment and, to date, has only received compensation for services and reimbursement of expenses pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and Members of Official Committees* (the "Interim Compensation Order") [Doc 362].

8. Copies of PSZJ invoices for the Compensation Period are attached hereto as **Exhibits A through F** (the "Time Records") and are incorporated herein by reference for all purposes.

### Summary of Services Rendered by PSZJ During the Compensation Period

9. Each entry itemized in PSZJ's Time Records includes (a) use of a project category (each a "Project Category"), (b) a description of each activity or service that an individual performed, and (c) the number of hours (in increments of one-tenth of an hour) spent by an individual performing the activity or providing service. Attached as **Exhibit H** is a list of the aggregate recorded hours, blended rate and fees incurred for each Project Category.

10. During the Compensation Period, PSZJ has rendered numerous, varied and substantial services to the Committee in connection with this case, including, but not limited to, the following services set forth by Project Category:

### A. Asset Analysis and Recovery

11. This category relates to work regarding asset analysis and recovery issues. Services related to asset analysis are of utmost importance in this case because the extent, nature and value of assets available to compensate creditors were unknown at the beginning of this case. During the Compensation Period, the Firm, among other things: (1) reviewed and analyzed property issues; (2) reviewed and analyzed issues regarding a motion to approve the sale of real property; (3) reviewed and analyzed financial information relating to parishes; (4) performed work regarding a letter relating to reimbursement from Azra; (5) reviewed and analyzed Debtor disclosures in mediation regarding financials and real property; (6) reviewed and analyzed restricted asset issues; (7) reviewed and analyzed issues relating to appeal of the decision on restricted assets; (8) reviewed and analyzed a motion to sell property in Amherst; and (9) conferred and corresponded regarding asset analysis and recovery issues.

Fees: $7,280.00; Hours: 10.40

### B. Asset Disposition

12. This category relates to work regarding sales and other asset disposition issues. During the Compensation Period, the Firm, among other things: (1) reviewed and analyzed parish and Catholic Charities preliminary injunction issues; (2) reviewed and analyzed settlement issues related to a parish premises liability case; (3) reviewed and analyzed the Diocese's brief and related declaration related to a motion to authorize disposition of Seminary sales proceeds; (4) performed legal research; (5) reviewed and analyzed issues regarding a motion to sell property; (6) performed work regarding the Seminary sale proceeds use motion

joinder brief, including attention to state and bankruptcy law issues; (7) performed work regarding the joinder to the motion for entry of an order authorizing access to the proceeds of the Seminary property sale; (8) reviewed and analyzed issues regarding a decision related to Seminary sales proceeds; and (9) reviewed and analyzed issues regarding the *cy pres* doctrine and use of Section 544 as affirmative defense after expiration of statute of limitations.

Fees:  $26,910.00;     Hours:  42.90

### C.     Appeals

13.     This category relates to work regarding appellate issues.  During the Compensation Period, the Firm, among other things:  (1) reviewed and analyzed the decision on the use of Seminary sales proceeds; (2) reviewed and analyzed appellate procedures regarding direct appeal to the District Court; (3) reviewed and analyzed issues regarding a research report relating to potential appeal; (4) performed research; (5) performed work regarding a notice of appeal; (6) performed work regarding a statement of issues on appeal and designation of record; (7) reviewed and analyzed issues regarding appeal of the decision relating to Seminary sales proceeds; (8) reviewed and analyzed timing issues; (9) performed work regarding a letter to the Court related to consolidation of Christ the King proceeds appeal; and (10) corresponded and conferred regarding appellate issues.

Fees:  $26,480.00;     Hours:  42.40

### D.     Bankruptcy Litigation

14.     This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court.  During the Compensation Period, the Firm, among other things:  (1)

performed work regarding a memorandum concerning Christ the King escrow legal and factual issues; (2) reviewed and analyzed claims discovery issues; (3) performed research; (4) reviewed and analyzed sales proceeds issues; (5) reviewed and analyzed issues regarding claims objections; (6) performed work regarding a joinder brief related to Seminary sales proceeds issues; (7) reviewed and analyzed issues regarding a motion to reinstate the stay and performed work regarding a response; (8) reviewed and analyzed notice of appearance issues; (9) reviewed and analyzed settlement issues; (10) reviewed and analyzed issues regarding avoidance powers; (11) reviewed and analyzed issues regarding the decision on a Buffalo News FOIL request; and (12) conferred and corresponded regarding bankruptcy litigation issues.

Fees: $21,820.00; Hours: 34.20

E. **Case Administration**

15. This category relates to work regarding administration of this case. During the Compensation Period, the Firm, among other things: (1) maintained a memorandum of critical dates; (2) prepared for and participated in telephonic conferences with representatives of BSK regarding ongoing case matters; (3) reviewed and analyzed transcript issues; (4) reviewed and analyzed appellate issues; and (5) conferred and corresponded regarding case administration issues.

Fees: $4,720.00; Hours: 12.00

F. **Claims Administration and Objections**

16. This category relates to work regarding claims administration and objections issues. During the Compensation Period, the Firm, among other things: (1) drafted a

response to claims objections; (2) reviewed and analyzed issues regarding discovery for claim objections; (3) reviewed and analyzed issues regarding proposed forms of order on claims objections; (4) performed research; (5) reviewed and analyzed issues regarding the standard of review of claims objections; (6) drafted a motion to file documents under seal; (7) performed work regarding a response relating to claims objections; (8) performed work regarding letters relating to check distributions; (9) prepared for a hearing before Justice Steinman regarding CVA cases; (10) reviewed and analyzed distribution issues; (11) reviewed and analyzed claims objections and evidence; (12) reviewed and analyzed documents regarding Jesuit claims; (13) performed work regarding revisions to a mediation statement; (14) reviewed and analyzed issues regarding a procedures motion for claims objections in a prior diocese case; (15) reviewed and analyzed issues regarding the Zilliox objection; (16) performed work regarding a motion for survivor testimony; (17) reviewed and analyzed issues regarding a hearing on adjournment of claims objections; and (18) conferred and corresponded regarding claim issues.

Fees: $21,700.00;     Hours: 31.00

### G.     PSZJ Compensation

17.     This category relates to issues regarding the compensation of the Firm. During the Compensation Period, the Firm, among other things: (1) performed work regarding the Firm's Ninth interim fee application; (2) monitored the status and filing of fee applications; (3) reviewed and analyzed a United States Trustee Omnibus objection to fees; and (4) corresponded and conferred regarding compensation issues.

Fees: $9,260.00;     Hours: 21.40

### H.     Other Professional Compensation

18.     This category relates to issues regarding the compensation of professionals, other than the Firm.  During the Compensation Period, the Firm, among other things:  (1) reviewed and analyzed a Blank Rome fee application; (2) reviewed and analyzed issues regarding a Stout interim fee application; (3) reviewed and analyzed issues regarding a Jones Day fee application; (4) reviewed and analyzed issues regarding the Debtor's non-payment of Stout's outstanding invoices; and (5) corresponded regarding compensation issues.

Fees:  $560.00;          Hours:  0.80

### I.     General Creditors Committee

19.     This category relates to work performed with respect to the Committee and correspondence and discussion with Committee members and their individual counsel regarding the chapter 11 case.  During the Compensation Period, the Firm, among other things: (1) prepared for and attended a telephonic conference on February 6, 2025 with the Committee regarding mediation and ongoing case matters; (2) reviewed and analyzed correspondence with State Court Counsel and the Committee regarding ongoing case issues; (3) prepared for and attended a telephonic conference with State Court Counsel on February 14, 2025 regarding case status issues; (4) reviewed and analyzed issues regarding a claims objection order; (5) prepared for and attended a telephonic conference with State Court Counsel on February 21, 2025 regarding ongoing case matters; (6) reviewed and analyzed mediation issues; (7) reviewed and analyzed issues regarding an expert report related to claims objections; (8) reviewed and analyzed Catholic Charities and parish preliminary injunction issues; (9) prepared for and

attended a meeting with the Committee on March 6, 2025 regarding mediation and case status issues; (10) performed work regarding correspondence to State Court Counsel relating to claims objection issues; (11) reviewed and analyzed premises liability issues; (12) prepared for and attended meetings with the Committee and State Court Counsel on March 12, 13 and 20, 2025 regarding ongoing case issues; (13) prepared for and attended a Committee meeting on March 25, 2025 regarding mediation issues; (14) prepared for and attended a telephonic conference with State Court Counsel on April 8, 2025 regarding ongoing case issues; (15) reviewed and analyzed briefing issues; (16) prepared for and attended a telephonic conference with the Committee and State Court Counsel on April 9, 2025 regarding ongoing case issues; (17) prepared for and attended a telephonic conference with State Court Counsel on April 16, 2025 regarding mediation and case status issues; (18) prepared for and attended a telephonic conference with the Committee and State Court Counsel on April 17, 2025 regarding ongoing case matters; (19) prepared for and attended meetings with State Court Counsel on April 18 and 21, 2025 regarding mediation issues; (20) prepared for and attended a meeting with State Court Counsel and the Committee on April 22, 2025 regarding mediation issues; (21) prepared for and attended a telephonic conference on May 6, 2025 with State Court Counsel regarding case and mediation issues; (22) prepared for and attended a telephonic conference on May 13, 2025 with State Court Counsel and Burns Bair regarding insurance issues; (23) prepared for and attended a telephonic conference on May 13, 2025 with State Court Counsel regarding settlement offer issues; (24) prepared for and met with State Court Counsel on May 27, 28 and 29, 2025 regarding mediation issues; (25) prepared for and met with the Committee on May 28, 2025 regarding mediation

issues; (26) prepared for and attended a telephonic conference with the Committee and State Court Counsel on June 5, 2025 regarding case issues; (27) prepared for and attended a telephonic conference with State Court Counsel on June 10, 2025 regarding ongoing case issues; (28) prepared for and attended a telephonic conference on June 12, 2025 with the Committee and State Court Counsel regarding ongoing case issues; (29) reviewed and analyzed case strategy issues; (30) prepared for and attended telephonic conferences on July 9 and 28, 2025 with State Court Counsel regarding mediation and insurance issues; (31) prepared for and attended a telephonic conference on July 31, 2025 with the Committee and State Court Counsel regarding ongoing case issues; and (32) corresponded and conferred regarding Committee issues.

Fees: $49,140.00;     Hours: 70.20

**J.      Hearings**

20.     This category relates to preparation for and attendance at hearings. During the Compensation Period, the Firm, among other things: (1) prepared for and attended hearings on April 1 and 22, 2025; (2) prepared for and attended a telephonic hearing on May 8, 2025 regarding use of Christ the King Seminary sales proceeds; (3) prepared for and attended a telephonic hearing on June 4, 2025; and (4) prepared for and attended a fee application hearing on June 30, 2025.

Fees: $4,200.00;     Hours: 6.00

**K.      Insurance Coverage**

21.     This category relates to insurance coverage issues.   During the Compensation Period, the Firm, among other things: (1) reviewed and analyzed correspondence

regarding Anderson; (2) reviewed and analyzed issues regarding Catholic Mutual; (3) reviewed and analyzed claim objection issues; (4) reviewed and analyzed a memorandum regarding Catholic Mutual issues; (5) reviewed and analyzed issues regarding a demand related to Catholic Mutual; (6) reviewed and analyzed pre-plan issues; (7) reviewed and analyzed insurance strategy issues; (8) reviewed and analyzed issues regarding Catholic Mutual offers; and (9) corresponded and conferred regarding insurance coverage issues.

Fees: $5,110.00; Hours: 7.30

**L. Mediation**

22. This category relates to mediation issues. During the Compensation Period, the Firm, among other things: (1) performed work regarding a mediation statement; (2) prepared for and attended a telephonic conference on February 13, 2025 with the mediator, the Committee and State Court Counsel; (3) attended to scheduling issues; (4) prepared for and attended a meeting on March 4, 2025 with the mediator and case parties regarding mediation scheduling issues; (5) performed research; (6) reviewed and analyzed mediation insurance issues; (7) prepared for and attended a meeting with the mediator on March 12, 2025; (8) reviewed and analyzed parish and related entity financial information in preparation for mediation; (9) reviewed and analyzed a list of closing parishes from the Road to Renewal program; (10 prepared for and attended a meeting with the mediator and State Court Counsel on March 16, 2025; (11) prepared for and participated in mediation sessions on March 17, 18, 24 and 25, 2025; (12) prepared for and attended mediation sessions on April 9, 22, and 23, 2025; (13) performed work regarding negotiations; (14) prepared for and attended a meeting with the

mediator and BSK representatives regarding mediation issues; (15) performed work regarding correspondence to the mediator and Diocese representatives regarding mediation results; (16) reviewed and analyzed the terms of an agreement; (17) reviewed and analyzed insurance issues in preparation for mediation; (18) prepared for and attended a meeting on April 21, 2025 with State Court Counsel and the mediator; (19) reviewed and analyzed mediation-related correspondence; (20) reviewed and analyzed settlement disclosure issues; (21) prepared for and attended mediation sessions on May 8, 9, 28, and 29, 2025; (22) reviewed and analyzed coverage positions; (23) reviewed and analyzed settlement offer issues; (24) reviewed and analyzed Catholic Mutual policy exclusions; (25) prepared for and met with State Court Counsel and the mediator on May 28, 2025 after a meditation session; (26) prepared for and attended mediation sessions on June 5 and 11, 2025; (27) reviewed and analyzed insurance allocation issues; (28) prepared for and attended a telephonic conference on July 1, 2025 with the mediator and representatives of Burns Bair regarding multiple carrier issues; (29) reviewed and analyzed issues regarding insurance offers and policies; and (30) corresponded and conferred regarding mediation issues.

Fees: $163,030.00;    Hours: 232.90

**M.      Plan and Disclosure Statement**

23.     This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement.  During the Compensation Period, the Firm, among other things:  (1) performed research; (2) reviewed and analyzed issues regarding post-Purdue plans; (3) reviewed and analyzed the BSA Plan regarding the impact of negotiations with the Diocese regarding Plan

terms; (4) reviewed and analyzed issues regarding a stay pending appeal relating to Chapter 11 Plan; and (5) corresponded and conferred regarding Plan issues.

Fees: $7,700.00;    Hours: 11.00

**N.    Stay Litigation**

24.    This category relates to work regarding the automatic stay, relief from stay motions and other stay issues. During the Compensation Period, the Firm, among other things, reviewed and analyzed issues regarding a response to the Catholic Mutual motion for stay relief, and performed research.

Fees: $2,030.00;    Hours: 2.90

**O.    Travel**

25.    During the Compensation Period, the Firm incurred 87.50 hours of non-working time while traveling on case matters. The Firm has written off the entire amount of $61,250.00 billed to this category during the Compensation Period.

Fees: $0.00;    Hours: 87.50

26.    The above-referenced description of services is not intended to be exhaustive of the scope of PSZJ's services rendered on behalf of the Committee. A full accounting of all services rendered on behalf of the Committee during the Compensation Period is contained in the Time Records.

27.    As contained in the attached Time Records, PSZJ has expended a total of 612.90 hours during the Compensation Period representing the Committee in this case. The value of the services rendered to the Committee by PSZJ is $349,940.00 and PSZJ has incurred

actual and necessary out-of-pocket expenses in the amount of $35,158.90 during the Compensation Period in connection with such professional services.

### III. RELIEF REQUESTED

28. By this application, PSZJ requests entry of an order, substantially in the form attached as **Exhibit G**: (a) allowing, on an interim basis, $349,940.00 as compensation for professional services rendered and $35,158.90 as reimbursement of actual and necessary out-of-pocket expenses incurred during the Compensation Period in connection with such professional services, and (b) directing the Debtor to pay PSZJ the amount of $385,098.90 for the total unpaid portion of allowed fees and expenses for the Compensation Period.

### Professional Services Rendered During the Compensation Period

29. The value of the professional services rendered to the Committee during the Compensation Period has been billed at rates normally charged by PSZJ for comparable services performed for other clients, subject to a $700 per hour cap. The requested fees in the amount of $349,940.00 are reasonable under the circumstances, and reflect the expertise of counsel in representing the Committee in this case.

30. PSZJ has attempted to avoid any duplication of services by its professionals in rendering services. When more than one professional participated in any conference or hearing, such joint participation was necessary because of the complexity of the legal issues involved, the various legal disciplines required, or the need to familiarize the professional with such matters so that he or she could independently perform further essential services in connection with this case.

**Actual and Necessary Expenses Incurred During the Compensation Period**

31.     During the Compensation Period, PSZJ has incurred actual and necessary out-of-pocket expenses in the total amount of $35,158.90.

32.     PSZJ seeks reimbursement for, among other things, the following types of expenses: (a) copy expenses; (b) conference calls; (c) online research; (d) delivery services and couriers; (e) postage; (f) trial transcript costs; (g) travel expenses; and (g) miscellaneous expenses. Below is a summary of the actual and necessary out-of-pocket expenses incurred on behalf of the Committee during the Compensation Period:

| EXPENSE CATEGORY | AMOUNT |
|---|---|
| **Travel Expense** | |
| Air Fare | $11,483.96 |
| Auto Travel Expense | $ 3,197.38 |
| Working Meal | $    577.37 |
| Hotel Expense | $10,192.51 |
| **Online Research** | |
| PACER Research | $    315.50 |
| Lexis/Nexis – Legal Research | $ 1,304.61 |
| **Court Fees** | $    298.00 |
| **Federal Express** | $     29.50 |
| **Litigation Support Vendors** | $ 6,999.30 |
| **Postage** | $      6.25 |
| **Reproduction Expense** | $     19.50 |
| **Transcript** | $    735.02 |
| **Total:** | $35,158.90 |

33.     All expense entries detailed in PSZJ's time records include an itemization of the expenses by category, the date the expense was incurred, and the amount of the expense. The requested expenses are of the kind customarily charged by PSZJ for similar items in other similar matters. All expenses were incurred on behalf of the Committee, and all expenses paid to outside vendors were billed in this case by PSZJ at the rate charged to PSZJ.

## IV. GROUNDS FOR GRANTING RELIEF REQUESTED

34. All of the services for which compensation is requested by PSZJ were performed for, or on behalf of, the Committee, and not on behalf of the Debtor, any creditor, examiner, trustee or any other entity. In addition, PSZJ has not entered into any agreements to fix fees or share compensation as prohibited by 18 U.S.C. §155 and 11 U.S.C. § 504.

35. This interim application is made at this time due to the substantial amount of time devoted on behalf of the Committee during the Compensation Period and the impact that the expenditure of such an amount of time without further compensation will have upon PSZJ finances if compensation were delayed to a later time. Thus, Applicant respectfully submits that, pursuant to Local Rule 2016-1 and the Interim Compensation Order, Applicant should not be required to await the conclusion of this case to request the relief sought in this interim fee application.

36. As this Application demonstrates, the services that PSZJ has rendered on behalf of the Committee have been beneficial to the Committee and the Debtor's estate in that the services have been utilized to assist the Committee with those matters outlined above.

37. The attorneys primarily responsible for representing the Committee in connection with this case, James I. Stang and Ilan D. Scharf, have extensive experience in representing creditors' committees, and in cases similar to this one.

38. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code that govern the Court's award of such compensation. See 11 U.S.C. § 331. Section 330 of the

Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A)-(B). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded … the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

39. PSZJ has reviewed the requirements of each of the foregoing and believes that this application is in compliance with such requirements, as applicable.

40. In addition to the foregoing specified services, PSZJ believes that it has performed further services which are not reflected in the time records. It is impossible to record the detail of each letter, telephone call, conference time or research. Many such hours have been

performed to date, but PSZJ is not requesting compensation for them.  Further, as set forth above, PSZJ has capped its hourly rate and is not charging for travel time.

41.     All services for which PSZJ seeks compensation, and expenses for which it seeks reimbursement, were performed on behalf of the Committee and were necessary and beneficial to the Committee.  PSZJ worked diligently to anticipate or respond to the Committee's needs and assist in the navigation of this very complex chapter 11 case.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services rendered to the Committee.

42.     In connection with the matters covered by this application, PSZJ received no payment and no promises of payment for services rendered, or to be rendered, from any source other than the Debtor's bankruptcy estate.  There is no agreement or understanding between PSZJ and any other person, other than members of the firm, for the sharing of compensation received for services rendered in this case.

### V.     Valuation of Services

43.     Attorneys and paraprofessionals of PSZ&J expended a total 612.90 hours in connection with their representation of the Committee during the Compensation Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) (Rates capped at $700/hour) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Brittany M. Michael | Partner 2025; Member of MN Bar since 2015; Member of NY Bar since 2019 | $700.00 | 1.00 | $ 700.00 |
| Iain A.W. Nasatir | Partner 1999; Member of NY Bar since 1983; Member of CA Bar since 1990 | $700.00<br>$ 0.00 | 83.20<br>53.50 | $ 58,240.00<br>$ 0.00 |
| Ilan D. Scharf | Partner 2010; Member of NY Bar since 2002 | $700.00<br>$ 0.00 | 229.90<br>23.50 | $160,930.00<br>$ 0.00 |
| James I. Stang | Partner 1983; Member of CA Bar since 1980 | $700.00 | 2.10 | $ 1,470.00 |
| Gillian N. Brown | Of Counsel 2016; Member of CA Bar since 1999; Member of Washington D.C. Bar since 2008; Member of NY Bar since 2010; Member of TX Bar since 2018 (inactive) | $700.00 | 1.50 | $ 1,050.00 |
| Jeffrey M. Dine | Of Counsel 2021; Member of New Jersey Bar since 2019; Member of New York Bar since 1996 | $700.00 | 72.40 | $ 50,680.00 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $700.00<br>$0.00 | 85.80<br>10.50 | $ 60,060.00<br>$ 0.00 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $700.00 | 4.90 | $ 3,430.00 |
| Hope R. Daniels | Paralegal | $300.00 | 12.60 | $ 3,780.00 |
| Kerri L. LaBrada | Paralegal | $300.00 | 9.90 | $ 2,970.00 |
| Nathan J. Hall | Paralegal | $300.00 | 12.30 | $ 3,690.00 |
| Audrey L. Heckel | Law Clerk | $300.00 | 9.80 | $ 2,940.00 |

**Grand Total:**    **$349,940.00**
**Total Hours:**       **612.90**
**Blended Rate:**     **$570.96**

44. To the extent time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period but were not processed prior to the preparation of this application or PSZJ has for any other reason not yet sought compensation or

reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, PSZJ reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

45. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZJ has reviewed the requirements of Local Rule 2016 and the Interim Compensation Order signed on or about June 4, 2020 and believes that this Application complies with such Rule and Order.

## VI.     <u>NOTICE</u>

46. Notice of this application is being given to (a) the Debtor, (b) the Debtor's counsel, (c) the U.S. Trustee, and (d) those parties who have appeared in this case or have requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, PSZJ respectfully requests the Court enter an order, substantially in the form attached as **Exhibit G**:  (i) allowing, on an interim basis, $349,940.00 as compensation for professional services rendered and $35,158.90 as reimbursement of actual and necessary out-of-pocket expenses incurred during the Compensation Period in connection with such professional services; (ii) directing the Debtor to pay PSZJ the amount of $385,940.90 for the unpaid amounts incurred during the Compensation Period; (iii) allowing such compensation for professional services rendered and reimbursement of actual and necessary out-of-pocket

expenses incurred without prejudice to PSZJ's right to seek additional compensation for services performed and expenses incurred during the Compensation Period, which were not processed at the time of this application; and (iv) granting PSZJ all other just and proper relief.

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

Dated: October 31, 2025

_/s/ Ilan D. Scharf_
James I. Stang, Esq. (admitted *pro hac vice*)
Ilan D. Scharf, Esq.
Karen B. Dine, Esq.
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

E-mail:  jstang@pszjlaw.com
         ischarf@pszjlaw.com
         kdine@pszjlaw.com

Counsel for the Official Committee of Unsecured Creditors

# CERTIFICATION

Ilan D. Scharf, hereby declares under penalty of perjury:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP ("PSZJ"), and am admitted to appear before this Court.

b) I am familiar with the work performed on behalf of the Committee by the lawyers and paraprofessionals of PSZJ.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Local Rule 2016 and the Interim Compensation Order signed on or about June 4, 2020 and believe that this Application substantially complies with such Rule and Order.

*/s/ Ilan D. Scharf*
Ilan D. Scharf