```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
```

|  |  |
|---|---|
| In re:<br><br>THE DIOCESE OF BUFFALO, NY,<br><br>                      Debtor. | Case No. 20-10322 (CLB)<br><br>Chapter 11 |

## CENTURY'S EX PARTE MOTION FOR AN ORDER AUTHORIZING IT TO FILE DOCUMENTS UNDER SEAL

Aetna Insurance Company f/k/a CIGNA Property & Casualty Insurance Company and n/k/a ACE Property & Casualty Insurance Company, Century Indemnity, as successor in interest to Insurance Company of North America, as successor in interest to Indemnity Insurance Company of North America, Federal Insurance Company, Pacific Employers Insurance Company, and U.S. Fire Insurance Company ("Century"), by and through their counsel, hereby moves this Court for an order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure, for entry of an order authorizing Century to submit under seal a December 23, 2025, e-mail communication with counsel for the Diocese of Buffalo (the "Diocese") and counsel for the Official Committee of Unsecured Creditors (the "Committee") which attaches a model form of settlement agreement.

In support of this Motion, Century respectfully states as follows:

## PRELIMINARY STATEMENT

1. At the hearing on November 18, 2025, the Debtor and Committee announced they had reached settlements and entered into written settlement term sheets with the Debtor's remaining insurers (collectively, the "Settled Insurers")[1], except for Catholic Mutual and

---

[1] The "**Settled Insurers**" include Selective Insurance Company of New York (formerly known as Exchange Mutual Insurance Company and incorrectly named as Selective Insurance Company of

Allianz.[2]  *See* Diocese's Letter (Dkt. No. 4109); Nov. 18, 2025, Hr. Tr. at 7:5-7, 12:9-14.  At the November 18, 2025, hearing the Court was told that "we have to document settlement agreement itself.  And we'd like to do that expeditiously."  Nov. 18, 2025, Hr. Tr. at 11:18-20.  Century requested that the Court schedule a status conference, to ensure the settlement agreements get done promptly.  *Id*. at 19-23.

2. A month after the Diocese announced a settlement with substantially all its insurers, a settlement agreement had not been circulated by the Diocese.  On December 23, 2025, Century's counsel circulated a form of model settlement agreement to counsel for the Diocese and Committee in order to memorialize the terms of the announced settlement.

3. Century respectfully requests entry of an order authorizing an e-mail from Adam P. Haberkorn, counsel for Century, to Stephen A. Donato, counsel for the Diocese of Buffalo, and Ilan D. Scharf, counsel for the Official Committee of Unsecured Creditors, on December 23, 2025 at 6:35 p.m.to be placed under seal to facilitate a status conference on February 9, 2026, if the agreements have not be documented by that point.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334,

---

America), The Continental Insurance Company, Employers Insurance Company of Wausau (f/k/a Employers Insurance of Wausau A Mutual Company f/k/a Employers Mutual Liability Insurance Company of Wisconsin), Wausau Underwriters Insurance Company, Nationwide Insurance Company of America, Hartford Accident and Indemnity Company and Hartford Fire Insurance Company (both improperly named as Hartford Financial Services Group, Inc.), First State Insurance Company, Nationwide Mutual Insurance Company (f/k/a Farm Bureau Mutual Automobile Insurance Company), National Union Fire Insurance Company of Pittsburgh, Pa., New Hampshire Insurance Company, U.S. Fire Insurance Company ("**US Fire**"), Pacific Employers Insurance Company ("**PEIC**"), Aetna Insurance Company f/k/a CIGNA Property & Casualty Insurance Company and n/k/a ACE Property & Casualty Insurance Company ("**Aetna**"), Century Indemnity, as successor in interest to Insurance Company of North America, as successor in interest to Indemnity Insurance Company of North America ("**INA**"), and Federal Insurance Company ("**FIC**").
[2] Allianz has since also reached a settlement with the Committee.

and this is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1480 and 1409.

## BASIS FOR REQUESTED RELIEF

5. Century submits that it will facilitate a status conference if the settlement is not documented in January for the Court to have the proposed model form of settlement agreement that accompanied the December 23, 2025 email. The contents of the proposed model form of settlement should remain confidential and under seal until the settlement approval motion is filed.

## NOTICE AND PROCEDURE

6. Century will serve this Motion and the accompanying documents to: (i) counsel for the Official Committee of Unsecured Creditors; and (ii) counsel for the Diocese.

**WHEREFORE,** Century respectfully requests that this Court enter an Order, in substantially the form attached hereto as **Exhibit A**, authorizing Century to file under seal the e-mail correspondence dated December 23, 2025 at 6:35 p.m. between Century, the Diocese, and the Committee, and to grant such other and further relief as the Court deems just and proper.

Dated: January 15, 2026								Respectfully submitted,

									By: */s/ Adam Haberkorn*

									**O'MELVENY & MYERS LLP**
									TANCRED V. SCHIAVONI
									ADAM P. HABERKORN
									1301 Avenue of the Americas
									Suite 1700
									New York, NY 10019
									Telephone:	(212) 326-2000
									Email: tschiavoni@omm.com
										ahaberkorn@omm.com

									*-and-*

									**CLYDE & CO US LLP**
									MARIANNE G. MAY
									340 Mt. Kemble Ave., Suite 300
									Morristown, NJ 07340
									Telephone: (973) 210-6700
									Email: marianne.may@clydeco.us

									*Attorneys for Aetna Insurance Company f/k/a CIGNA Property & Casualty Insurance Company and n/k/a ACE Property & Casualty Insurance Company, Century Indemnity, as successor in interest to Insurance Company of North America, as successor in interest to Indemnity Insurance Company of North America, Federal Insurance Company, Pacific Employers Insurance Company, and U.S. Fire Insurance Company*

# EXHIBIT A

Proposed Order

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | )<br>) |
| | ) Case No. 20-10322 (CLB) |
| THE DIOCESE OF BUFFALO, NY, | )<br>) Chapter 11 |
| Debtor. | )<br>)<br>) |

## [PROPOSED] ORDER AUTHORIZING CENTURY TO FILE DOCUMENTS UNDER SEAL

Upon *Century's Motion for an Order Authorizing it to File Documents Under Seal* (the "Motion") filed by Aetna Insurance Company f/k/a CIGNA Property & Casualty Insurance Company and n/k/a ACE Property & Casualty Insurance Company, Century Indemnity, as successor in interest to Insurance Company of North America, as successor in interest to Indemnity Insurance Company of North America, Federal Insurance Company, Pacific Employers Insurance Company, and U.S. Fire Insurance Company (collectively "Century"); and the Court having found that: (i) it has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (iv) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED, as set forth herein.

2. Pursuant to 11 U.S.C. §§ 105(a) and 107(b) and Fed. R. Bankr. P. 9018, Century is authorized to file under seal the e-mail from Adam P. Haberkorn, counsel for Century, to Stephen A. Donato, counsel for the Diocese of Buffalo, and Ilan D. Scharf, counsel for the Official Committee of Unsecured Creditors, on December 23, 2025 at 6:35 p.m.

3. The requirements set forth in Local Rule 9013-1(A) and (B) are satisfied.

4. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise. Any subsequent modification or vacatur of this Order shall not invalidate any action taken pursuant to this Order prior to the modification or vacatur of the Order.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____
      Buffalo, New York

_____
Hon. Carl L. Bucki
United States Bankruptcy Judge