

CHARLES J. SULLIVAN
csullivan@bsk.com
P: 315.218.8000

January 16, 2026

**VIA ELECTRONIC FILING**

Honorable Carl L. Bucki
Chief United States Bankruptcy Judge
United States Bankruptcy Court, Western District of New York
Robert H. Jackson U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202

Re: *The Diocese of Buffalo, N.Y.* Chapter 11 Case No. 20-10322
*Century's Ex Parte Motion for an Order Authorizing it to File Documents Under Seal*
*[Docket No. 4529]*

Dear Judge Bucki:

The Diocese respectfully opposes the relief requested in the above-referenced motion filed by Century on an *ex parte* basis without any prior consultation with the Diocese.

The proposed form of settlement agreement which Century seeks to provide to the Court was drafted without any input from the Diocese or the Committee, and its disclosure (even under seal) would likely violate the mediation privilege.

As previously reported to the Court, the Diocese has reached agreement with the majority of its insurers, including Century, as to the amounts the insurers will be contributing toward settlement. However, there are many highly technical (largely non-economic) terms, which must be included in any insurance settlement agreement in order to achieve the releases and other protections demanded by the insurers, while also protecting the interests of the Diocese and its co-insureds and ensuring that settlement proceeds are properly assigned to a settlement trust for abuse survivors. It is also imperative that any definitive settlement agreements not conflict with the terms of the chapter 11 plan for the Diocese.

Our initial review of the document prepared by Century suggests that Century's approach to resolving these matters is materially inconsistent with the joint chapter 11 plan as currently proposed by the Diocese and the Committee. Moreover, until such time as the Court has ruled on the Diocese's proposed opt-out solicitation procedures, the parties do not know whether further modifications to the plan or any proposed insurance settlement agreements will be necessary.

Accordingly, it is clear that a continuing dialogue and additional negotiations will be required among the Diocese, the Committee, and the settling insurers, before definitive settlement

agreements can be finalized, executed and presented to the Court for approval. Those discussions are part of the ongoing mediation process and should remain confidential between the parties until such time as definitive settlement documents are presented for the Court's approval in accordance with section 363 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

For the same reasons, the Diocese submits that it would be premature for the Court to conduct a status conference on February 9, 2026 with respect to insurer settlement agreements as proposed by Century.

The Diocese is highly motivated to finalize its insurance settlements, and to confirm a chapter 11 plan, as expeditiously as possible. However, the two processes are largely interdependent. The Diocese intends to move forward on both with all deliberate speed, but believes that further clarity with respect to the plan confirmation process is likely needed before definitive insurer settlement agreements can be finalized.

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

*Charles J. Sullivan*

Charles J. Sullivan

cc:  Ilan D. Scharf (via electronic mail)
     Stephen A. Donato (via electronic mail)
     Adam P. Haberkorn (via electronic mail)