UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | )
In re: | )
| ) Case No. 20-10322 (CLB)
The Diocese of Buffalo, N.Y., | )
| ) Chapter 11
Debtor. | )
| )

**OBJECTION BY THE DIOCESE OF BUFFALO, N.Y.
TO CENTURY'S CORRECTED EX PARTE MOTION FOR AN ORDER
AUTHORIZING IT TO FILE DOCUMENTS UNDER SEAL**

The Diocese of Buffalo, N.Y. (the "Diocese"), by and through its undersigned counsel, hereby files this objection (this "Objection") to the *Corrected Ex Parte Motion for an Order Authorizing it to File Documents Under Seal Filed on behalf of Interested Parties Aetna Insurance Company f/k/a CIGNA Property & Casualty Insurance Company and n/k/a ACE Property & Casualty Insurance Company, Century Indemnity, as successor in interest to Insurance Company of North America, as successor in interest to Indemnity Insurance Company of North America* [Docket No. 4529] (the "Motion"),[1] filed in this case by Century, and respectively states as follows:

**PRELIMINARY STATEMENT**

1. As set forth in the letter filed in opposition to the Motion [Dkt. No. 4535] (the "Letter Objection"), the Diocese has reached agreement with the majority of its insurers (the "Settling Insurers"), including Century, as to the amounts the Settling Insurers will be contributing toward a global settlement trust to be established under the chapter 11 plan proposed by the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion to Seal.

22927418.v4

Diocese and the Committee (the "Joint Plan").[2] Settlements with the Settling Insurers in the context of the Diocese's complex chapter 11 case require the parties to, among other things, negotiate and resolve many highly technical (largely non-economic) terms in order to achieve the releases and other protections demanded by the Settling Insurers, while also protecting the interests of the Diocese and its co-insureds.

2. In the collective interest of the Diocesan Catholic Family and all other Settling Insurers, none of whom have joined in the relief being sought by Century and whose aggregate settlement amounts provide for more than 99.5% of $314 million in total settlement funds and 99% of the total $164 million insurer settlement proceeds, it is essential that the terms of any definitive settlement agreements do not conflict with the terms of the Joint Plan (defined below), which may be subject to further modifications.

3. Century's proposed premature filing, even under seal, of its first draft of insurer settlement agreement, including email correspondence which contains confidential settlement communications, would violate the mediation privilege and breach the confidentiality protections provided to all mediation parties.

4. Accordingly, the Diocese submits that rather than have the Court waste judicial resources to conduct a status conference that is premature and in violation of the mediation privilege, the Court should deny the Motion, in its entirety, so that the Diocese, the Parishes, the Official Committee of Unsecured Creditors (the "Committee"), and the Settling Insurers can continue with good faith confidential settlement discussions concerning, among other things, the terms of definitive settlement agreements. The Diocese further submits that, if the Court denies the Motion, which it should, the Diocese, the Parishes, the Committee, and the Settling Insurers

---

[2] On October 1, 2025, the Diocese and the Committee filed the *Joint Chapter 11 Plan of Reorganization for The Diocese of Buffalo, N.Y. Dated October 1, 2025* [Dkt. No. 4221].

2
22927418.v4
Case 1-20-10322-CLB, Doc 4560, Filed 01/27/26, Entered 01/27/26 14:25:49, Description: Main Document , Page 2 of 7

will, at the appropriate time, present to the Court such definitive settlement documents for approval in accordance with section 363 of title 11 of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## OBJECTION

### A. Violation of the Mediation Privilege

5. As a cornerstone of any successful mediation process, statements made and positions taken during the course of mediation must remain confidential. The mediation privilege is intended to foster openness in dialogue among the parties to a mediation by protecting confidential communications and documents from being used in court. This includes the filing of a preliminary draft of a proposed form of settlement agreement that has not yet been agreed to by the parties.

6. Century, however, seeks to breach the mediation privilege by prematurely filing with the Court Century's first draft of settlement agreement, the terms of which have not been fully reviewed or agreed to by the Diocese, the Parishes, and the Committee, and upon information and belief, several of the Settling Insurers are reviewing the settlement agreement and may have comments.

7. Therefore, any disclosure of Century's self-serving first draft of a settlement agreement, even under seal, is a clear violation of the mediation privilege. While the parties have agreed upon the settlement amounts to be paid, many other terms of any such settlement agreements are subject to further negotiations.

### B. The Terms of Century's First Draft of Settlement Agreement Are Inconsistent with the Joint Plan

8. The Diocese has initially reviewed the form of agreement proposed by Century. Without breaching the mediation privilege, the Diocese notes that Century's approach to resolving

3

22927418.v4
Case 1-20-10322-CLB, Doc 4560, Filed 01/27/26, Entered 01/27/26 14:25:49, Description: Main Document, Page 3 of 7

several issues relating to the mechanics and methods of implementing its settlement is materially inconsistent with the Joint Plan and contemplates undertakings by the Catholic Family that were never agreed to in prior settlement discussions. It is, however, without question that the terms of any definitive settlement agreements with the Settling Insurers must be consistent with the terms of the Joint Plan, otherwise the plan confirmation process may be adversely impacted.

9. Moreover, on November 7, 2025, the Diocese filed its motion seeking approval of solicitation procedures [Dkt. No. 4343] (the "Solicitation Procedures Motion"), including proposed opt-out confirmation of consent to third-party releases. The Office of the United States Trustee has objected to the proposed opt-out procedures. This Court heard extensive oral argument on the Solicitation Procedures Motion on January 9, 2026, and reserved its ruling. If the Court does not approve the opt-out procedures proposed by the Diocese, or imposes limitations or conditions on its approval, and if in that event the proposed $314 million global settlement remains viable,[3] significant revisions will be required to the Joint Plan, which will necessarily require corresponding adjustments in settlement mechanics with the Settling Insurers. Thus, the Court's review of Century's first draft of settlement agreement, even under seal, is premature and an unnecessary waste of judicial resources.

C. **Impact on Other Parties**

10. Although the Diocese appreciates Century's desire to move forward with settlement, such desire cannot come at the expense of the Diocese, the Parishes, the Committee, and all other Settling Insurers, none of whom have joined in the relief being sought in the Motion. The Diocese has issues with Century's first draft of settlement agreement and understands this

---

[3] As set forth in the papers in support of the Solicitation Procedures Motion and at oral argument, $125 million of Parish funding, and $164 million of Settling Insurer funding, may be in jeopardy if survivors' consent to third-party releases cannot be confirmed through opt-out procedures.

4
22927418.v4
Case 1-20-10322-CLB, Doc 4560, Filed 01/27/26, Entered 01/27/26 14:25:49, Description: Main Document , Page 4 of 7

draft is still under review by certain Settling Insures and should not be filed with the Court. The Diocese, the Parishes, the Committee, and any Settling Insurer who has not yet reviewed Century's first draft of settlement agreement should have the opportunity to provide their input into any proposed form of settlement agreement before it is presented to the Court, even under seal.

11. Moreover, Century's settlement amount of $1.5 million is less than 0.5% of the $314 million global settlement amount and less than 1% of the total amount being contributed by the Settling Insurers. Although the Diocese intends to move forward with finalizing the settlement agreements as expeditiously as possible, the Diocese respectfully submits that further clarity with respect to the plan confirmation process is needed before definitive insurer settlement agreements can be finalized. Century's proposed approach appears to disregard the interests of the Diocese, Parishes, and other Settling Insurers, whose monetary interests in the successful resolution of these matters all far exceed that of Century.

### D. Century's Failure to Meet and Confer

12. In response to the Letter Objection, the Court, by email dated January 16, 2026, advised the parties that the matter will need to be decided after a hearing and directed the parties to meet and confer as to a convenient date and time for the Court to consider the Motion. By email dated Tuesday, January 20, 2026, Century proposed that the Motion be heard on two days' notice on Thursday, January 22, 2026. By responsive email that same day, the Diocese informed Century that there was no basis for seeking a hearing on shortened notice and that a more appropriate approach would be for the parties to engage in discussions concerning a collaborative effort to drafting a definitive settlement agreement. However, without any additional communication or input from the Diocese, Century, in contradiction of the Court's directive, noticed the Motion for

5
22927418.v4
Case 1-20-10322-CLB, Doc 4560, Filed 01/27/26, Entered 01/27/26 14:25:49, Description: Main Document , Page 5 of 7

hearing on the minimum time allowable under this Court's local rules by unilaterally selecting January 30, 2026, as the hearing date.

13. Accordingly, the Diocese submits that Century's failure to consult with the Diocese shows that Century has not considered other factors which may affect the ultimate terms of the settlement and is proceeding down a path that puts Century's desire to dictate the terms of a definitive settlement agreement above the interests of the Diocese, the Parishes, the Committee, and all other Settling Insurers.

14. The Diocese further submits that the appropriate approach is for the parties to meet and confer concerning the Joint Plan and terms of settlement so that definitive settlement agreements can be developed and presented to the Court for approval. The Court should not allow Century to waste judicial resources and force other parties to incur unnecessary attorney fees conducting a status conference concerning Century's proposed terms of settlement, which are likely to be subject to substantial modification.

15. In summary, granting the Motion at this time would effectively require the parties to violate the mediation privilege and is a waste of judicial and party resources because Century's first draft of settlement agreement is not an agreed upon form of definitive settlement agreement among the Diocese, the Parishes, the Committee, and the Settling Insurers, and materially conflicts with the terms of the Joint Plan.

16. Therefore, the Diocese respectfully submits that the Motion should be denied in its entirety.

6

22927418.v4
Case 1-20-10322-CLB, Doc 4560, Filed 01/27/26, Entered 01/27/26 14:25:49, Description: Main Document , Page 6 of 7

## CONCLUSION

**WHEREFORE**, the Diocese respectfully requests that the Court enter an order sustaining this Objection, denying the Motion in its entirety, and granting such other relief as the Court deems just and proper.

Dated: January 27, 2026

BOND, SCHOENECK & KING, PLLC

By: /s/ *Charles J. Sullivan*
Stephen A. Donato
Charles J. Sullivan
Grayson T. Walter
Justin S. Krell
One Lincoln Center
Syracuse, NY 13202-1355
Telephone: (315) 218-8000
Email: sdonato@bsk.com
       csullivan@bsk.com
       gwalter@bsk.com
       jkrell@bsk.com

*Attorneys for The Diocese of Buffalo, N.Y.*

7

22927418.v4
Case 1-20-10322-CLB, Doc 4560, Filed 01/27/26, Entered 01/27/26 14:25:49, Description: Main Document , Page 7 of 7