# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| THE DIOCESE OF BUFFALO, N.Y., | ) ) ) | Case No. 20-10322-CLB |
| Debtor. | ) ) ) |  |

**[PROPOSED] ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ADOPTION OF PROCEDURES FOR RAPID PREPACKAGED CHAPTER 11 CASES**

Upon consideration of the *Motion of the Official Committee of Unsecured Creditors for Reconsideration of the Court's Decision Regarding Opt-Out Voting, or, in the Alternative, (A) Certification to Appeal the Decision Directly to the Second Circuit Court of Appeals, and/or (B) Adoption of the Proposed Procedures for Rapid Prepackaged Chapter 11 Cases* (the "**Motion**") [Docket. No. _____], and the Court having found that notice given of the Motion is appropriate under the circumstances and good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion with respect to *Adoption of the Proposed Procedures for Rapid Prepackaged Chapter 11 Cases* is GRANTED, and the Rapid Prepack Procedures as set forth in Schedule 1 hereto are applicable to the above-captioned bankruptcy case.

2. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

3. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

Dated: _____, 2026
      Buffalo, New York

                                            Hon. Carl L. Bucki
                                            Chief United States Bankruptcy Judge

# SCHEDULE 1

# PROPOSED GUIDELINES AND PROCEDURES FOR PREPACKAGED CHAPTER 11 CASES RELATED TO AND IN CONNECTION WITH THE ABOVE-CAPTIONED CHAPTER 11 CASE OF THE DIOCESE OF BUFFALO

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

THE DIOCESE OF BUFFALO, N.Y.,

Debtor.

Chapter 11

Case No. 20-10322

# PROPOSED GUIDELINES AND PROCEDURES FOR PREPACKAGED CHAPTER 11 CASES RELATED TO AND IN CONNECTION WITH THE ABOVE-CAPTIONED CHAPTER 11 CASE OF THE DIOCESE OF BUFFALO

## I. PREPACKAGED CHAPTER 11 CASES

For purposes of these Guidelines, a "Prepackaged Chapter 11 Case" (or, as sometimes used herein, "Case") is one in which the Debtor,[1] substantially contemporaneously with the filing of its chapter 11 petition, files a scheduling motion for a Prepackaged Chapter 11 Case satisfying the criteria set forth in Part III.A. below ("Prepack Scheduling Motion"), plan, disclosure statement (or other solicitation document), and ballot certification.[2] These Guidelines also use the term "Rapid Prepack Chapter 11 Case" to mean a case where the Debtor seeks confirmation of the plan to be granted between one (1) and fourteen (14) days after the petition date. Generally, Rapid Prepack Chapter 11 Cases will involve the impairment of only the accepting class(es) and therefore not provide for (a) the rejection of executory contracts and unexpired leases unless the rejection claim is unimpaired, (b) releases of claims by parties in interest against non-Debtor parties, unless, in each instance, the Debtor establishes that the foregoing is on a consensual basis, including, without limitation, that the affected party is a co-proponent of the plan or of a settlement embodied in the plan, or (c) the cram down of any class of claims or interests that votes not to accept the plan (although nothing herein prevents the members of a class that is deemed not to accept the plan under 11 U.S.C. § 1126(g) to agree to their treatment under the plan or a request for such relief under the particular circumstances). The Prepack Scheduling Motion for a Rapid Prepackaged Chapter 11 Case should, in addition to satisfying the criteria set forth in Part II.A. below, comply with Part II.B. below.

---

[1] The singular "Debtor" as used in these Guidelines includes the plural "Debtors" as would be appropriate when petitions are filed on behalf of multiple entities. Other parties in interest may also be co-proponents of a chapter 11 plan in a Prepackaged Chapter 11 Case.

[2] As recognized by 11 U.S.C. §§ 1125(g) and 1126(b) and Fed. R. Bankr. P. 3018(b), the solicitation of votes on, and the acceptance or rejection of, a chapter 11 plan may occur before the commencement of a chapter 11 case.

II. **CONTENT OF PREPACK SCHEDULING MOTION; IF VOTING IS NOT COMPLETE BEFORE THE PETITION DATE; CRAM DOWN**

  A. **Content of Prepack Scheduling Motion**

   (1) Subject to Parts II.B. and C. below, the Prepack Scheduling Motion shall, for all Prepackaged Chapter 11 Cases, including Rapid Prepack Chapter 11 Cases:

   (i) Represent that the solicitation of all votes to accept or reject the plan required for confirmation was completed before commencement of the chapter 11 case (x) in accordance with 11 U.S.C. §§ 1125(g) and 1126(b)(1) and/or (y) in accordance with 11 U.S.C. § 1126(b)(2), and, in each case, that no additional solicitation of votes on the plan is contemplated. The Debtor should provide support for compliance with any applicable law, rule or regulation for purposes of 11 U.S.C. §§ 1125(g) and 1126(b)(1) or any applicable exemption therefrom for purposes of 11 U.S.C. § 1126(b)(2). The Debtor's proposed "adequate information" for purposes of 11 U.S.C. § 1126(b)(2) may be included in a disclosure statement for the plan for which the Debtor seeks approval retroactive to the date of the prepetition solicitation, among other purposes;

   (ii) Request under 28 U.S.C. § 156(c) and Fed. R. Bankr. P. 2002(a)-(b) that the Court deem the Debtor's prepetition noticing and ballot agent retroactively to be the Clerk of the Court's agent for purposes of (x) all prepetition notices and balloting and (y) prospectively as noticing, ballot, and claims agent;

   (iii) Describe the Debtor's compliance with (x) the requirements of Fed. R. Bankr. P. 3018(b), including the proper establishment of a record date and the transmittal of the disclosure statement or other solicitation documents and the plan to holders of record in the applicable class(es) as provided in such rule and these Guidelines, and (y) all notice requirements,[3] with an accompanying certification by the party providing notice on the Debtor's behalf. Such certification shall be presumptive evidence of the Debtor's compliance with the applicable provisions of Fed. R. Bankr. P. 2002, 3017, and 3018 and these Guidelines, as they may be limited by applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), including Fed. R. Bankr. P. 9006(c). The Prepack Scheduling Motion shall also disclose whether the Debtor seeks an order shortening or otherwise modifying any of the notice

---

[3] See Part VIII and Part IX below.

requirements, such as for notice to parties in interest unimpaired under the plan, and provide support therefor;

(iv) Disclose whether the Debtor is seeking any of the relief described in Parts II.B. or II.C. hereof;

(v) Unless as described in Part II.A.(1)(iv) above, represent that (x) the requisite acceptances of the plan have been obtained from each class of claims or interests as to which solicitation is required or, (y) for any class that has not accepted the plan, whether or not it is deemed not to have accepted the plan under 11 U.S.C. § 1126(g), that the Debtor is requesting confirmation under 11 U.S.C. § 1129(b) as to such class;

(vi) Request entry of an order scheduling the hearing (x) on confirmation of the plan and (y) to determine whether the Debtor has satisfied the requirements of 11 U.S.C. §§ 1125(g) and 1126(b)(1) and/or 11 U.S.C. § 1126(b)(2), as well as any other requirements of 11 U.S.C. § 1125 applicable to the Case, for a date that is not more than ninety (90) days following the petition date. The hearings on the Debtor's compliance with 11 U.S.C. §§ 1125(g) and 1126(b)(1) and/or 11 U.S.C. § 1126(b)(2), as applicable, as well as any other requirements of 11 U.S.C. § 1125 applicable to the Case, and on confirmation of a plan in a Prepackaged Chapter 11 Case, shall be combined whenever practicable, including in a Rapid Prepackaged Chapter 11 Case;

(vii) Disclose any written but unfiled (as prepetition) objections to the Debtor's compliance with 11 U.S.C. § 1126(b) and/or confirmation of the plan that are known to the Debtor[4] and request the prompt scheduling of a discovery conference to address any potential discovery issues related to the proposed approval of the Debtor's compliance with 11 U.S.C. § 1126(b)(1) and/or 11 U.S.C. § 1126(b)(2) and/or confirmation of the plan;

(viii) Disclose whether the Debtor will be seeking entry of (x) an order setting a claims bar date or (y) a "Due Process Order," (as defined below);[5] and

---

[4] These Guidelines contemplate that the deadline for some or all classes to object to the adequacy of disclosure under 11 U.S.C. § 1126(b) and/or confirmation of the plan may be (a) set prepetition along with the ballot deadline, or (b) set for a date postpetition, with a substantial amount of the notice period occurring prepetition, as long as, in each case, the notice requirements of the Bankruptcy Rules are met as subsequently approved postpetition.

[5] *See* Part VIII below.

(ix) Disclose whether the Debtor intends to seek a declaration in the confirmation order under 11 U.S.C. §§ 1125(e) and/or 1145.

(2) For Rapid Prepack Chapter 11 Cases:

In addition to the foregoing requirements of Part II.A.(1):

(i) Disclose that the Debtor seeks to have the case treated as a Rapid Prepackaged Chapter 11 Case;

(ii) Provide support for any request to shorten and/or limit notice (although these Guidelines do not assume that Rapid Prepackaged Chapter 11 Cases must be limited to emergencies as opposed to other cause warranting shortened notice);

(iii) Disclose whether the Debtor intends to assume or assume and assign any executory contracts or unexpired leases and propose a timetable for notice and a hearing thereon, or whether the Debtor intends executory contracts and unexpired leases to "ride through" after plan confirmation (and, if so, the legal basis therefor);

(iv) Disclose whether the Debtor intends or anticipates any other need to leave the case open for the determination of any other post-confirmation matter with the exception of final fee applications; and

(v) Provide support for the plan's compliance with 11 U.S.C. § 1129(a)(11) and any other provisions of 11 U.S.C. § 1129(a) that might implicate unimpaired parties in interest who are proposed to receive shortened and limited notice under the Prepack Scheduling Motion.

B. **Filing of Petition After Solicitation Has Commenced But Before Expiration of Voting Deadline**

Unless the Court orders otherwise, if a chapter 11 case is commenced by or against the Debtor, or if a chapter 7 case is commenced against the Debtor and converted to a chapter 11 case by the Debtor pursuant to 11 U.S.C. § 706(a), after the Debtor has transmitted all solicitation materials to holders of claims and interests whose votes are sought but before the deadline for casting acceptances or rejections of the Debtor's plan (the "Voting Deadline"):

(i) the Debtor shall be permitted to accept but not solicit ballots until the Voting Deadline; and

(ii) After notice and a hearing the Court shall determine the effect of any and all such votes.

### C. Applicability of Guidelines to Prepackaged Chapter 11 Cases Involving Cram Down of Classes of Claims and/or Interests; Partial Prepackaged Chapter 11 Cases

In the judge's discretion the judge may treat a chapter 11 case as a Prepackaged Chapter 11 Case (but generally not a Rapid Prepack Chapter 11 Case) for purposes of these Guidelines notwithstanding that:

(1) the Debtor proposes to confirm the plan pursuant to 11 U.S.C. § 1129(b) ("Cram Down") as to a class or classes of claims or interests; or

(2) acceptances of the plan were solicited prior to the commencement of the case from some, but not all, classes of claims or interests whose solicitation is required to confirm the plan ("Partial Prepackaged Chapter 11 Case").

## III. PREFILING NOTIFICATION TO UNITED STATES TRUSTEE AND CLERK OF THE COURT

### A. Notice of Proposed Filing to United States Trustee.

At least three (3) days before the anticipated filing date of a Prepackaged Chapter 11 Case and at least seven (7) days before the anticipated filing date of a Rapid Prepack Chapter 11 Case, the Debtor should (i) notify the office of the United States Trustee for Region 2 (the "U.S. Trustee") of the Debtor's intention to file a Prepackaged Chapter 11 Case and (ii) supply the U.S. Trustee with two (2) copies of the Debtor's plan and disclosure statement (or other solicitation document(s)), the prepetition notices and any proposed postpetition notice(s) to parties in interest, and, if available, the ballot certification, and the Prepack Scheduling Motion.

If documents filed by the Debtor at or following the commencement of the Debtor's chapter 11 case differ in substance from the versions supplied to the U.S. Trustee pursuant to the above, the Debtor should furnish to the U.S. Trustee two (2) copies of any such documents that have been modified, preferably blacklined to show such change(s).

### B. Notice of Proposed First Day Motions to U.S. Trustee

If possible, drafts of all First Day Motions (as defined in Part VI.A. below), with the proposed orders attached as exhibits, should be furnished to the U.S. Trustee at least three (3) days before the anticipated filing of the petition in a Prepackaged Chapter 11 Case and seven (7) days before the anticipated filing of the petition in a Rapid Prepack Chapter 11 Case.

C. **Notice of Proposed Filing to Clerk of Court**

At least three (3) days before the anticipated filing date of a Prepackaged Chapter 11 Case, counsel for the Debtor, without disclosing the name of the Debtor, should contact the Clerk of the Court to discuss (i) the anticipated filing; (ii) the value of the Debtor's assets; (iii) the number of creditors and amount of debt; (iv) whether the Debtor will seek retention of a claims and noticing agent pursuant to 28 U.S.C. § 156(c) and Local Rule 5075-1; and (v) related matters. The Clerk of the Court will not assign the case to a judge until the petition is filed.

IV. **FILING OF PREPACKAGED CHAPTER 11 CASE**

The Court requires electronic filing of all chapter 11 cases. Information on electronic filing procedures is available at the Court's website at https://www.nywb.uscourts.gov/nodeblock/nextgen-cmecf. In electronically filing a Prepackaged Chapter 11 Case, the Debtor should file the petition(s) first, followed by the affidavit pursuant to Local Rule 1007-2(a) and the Prepack Scheduling Motion and other motions and proposed orders, and should file lengthy documents, such as the disclosure statement or other solicitation materials and plan, last. Electronically filing lengthy documents last will expedite the filing process.

A. **Paper Copies Furnished to Assigned Judge**

As soon as practicable after filing a Prepackaged Chapter 11 Case, the Debtor shall furnish to the judge assigned to the case a paper copy of the plan, the disclosure statement or other solicitation document, the Prepack Scheduling Motion, the First Day Motions (as defined Part VI.A. below, with proposed orders attached as exhibits), and any other filed motion or declaration and any proposed order to show cause for which the Court's prompt approval is requested. Proposed orders should be presented to the judge assigned to the case in editable format consistent with the judge's chambers rules or practices.

V. **FIRST DAY ORDERS**

A. **Motions for Immediate Entry of Orders**

"First Day Orders" are orders that the Debtor seeks to have entered on or shortly after the filing of the petition. The request for a First Day Order should be made by motion in a "First Day Motion," with a copy of the proposed First Day Order to be filed attached as an exhibit and presented to the judge assigned to the case in editable format consistent with the judge's chambers rules or practices.

B. **Purpose of First Day Orders**

Generally, the purpose of First Day Orders is to deal with pressing administrative matters ("Administrative Orders") and to ensure, if supported by good business

4898-3405-5574.5 18502.002                              6
Case 1-20-10322-CLB,    Doc 4651-3,    Filed 03/13/26,    Entered 03/13/26 15:57:49,
Description: Exhibit , Page 10 of 20

judgment and consistent with applicable law, that the Debtor's operations are stabilized and conducted in a manner consistent with past practice and the proposed plan, pending consideration of confirmation of that plan ("Operational Orders"). While the Court recognizes the necessity and desirability of entertaining appropriate First Day Motions, the terms and conditions of First Day Orders (particularly Operational Orders) necessarily will depend upon the facts and circumstances of the Case, the terms of the plan, the notice given, and related factors, and will take into account not only the needs of the Debtor but also the rights of other parties in interest

**C. Types of First Day Motions and Orders**

First Day Motions that may be entertained by the Court within one (1) day of the later of the petition date or the date of filing of the First Day Motions in a Prepackaged Chapter 11 Case include, but are not limited to, the following:

1. Prepack Scheduling Motion, setting forth the information required in Part II above.

2. Motion for order directing joint administration of Debtors' cases, if more than one case is commenced.

3. If not covered in the Prepack Scheduling Motion, motion for order authorizing mode of service of Debtor's initial notices, including the notice of case commencement and the notice of meeting of creditors under 11 U.S.C. § 341(a).

4. Motion for order (i) dispensing with the requirement of filing any or all schedules and statement of financial affairs if the Debtor is not seeking to bar and subsequently discharge all or certain categories of debt, or (ii) extending the Debtor's time for filing schedules and statement of financial affairs to a specified date.

5. Motion for an order under 11 U.S.C. § 341(e) dispensing with or delaying the formation of an official committee of unsecured creditors, or for compliance with Fed. R. Bankr. P. 2007(b).

6. Motion for an order setting the last date for filing proofs of claim or interest, if the Debtor has determined that such a deadline should be set.[6]

7. Interim applications to employ professionals for the Debtor, which may include:
- attorneys

---

[6] Such a motion should prominently address whether setting a bar date will affect any party in interest's right to vote on the plan.

- accountants

- financial advisors

- investment bankers

- notice and solicitation agents.

If accountants, financial advisors, investment bankers, notice and solicitation agents or similar non-legal professionals were retained prepetition and (a) are not seeking any payment in connection with the plan or the Prepackaged Chapter 11 Case in addition to payments that they received before the filing of the petition ("Additional Postpetition Payments") and (b) not providing postpetition services with respect to the plan and the Prepackaged Chapter 11 Case (other than testifying before the Court), such professionals need not be retained pursuant to 11 U.S.C. § 327; provided, however, that the postpetition services provided by accountants, financial advisors, and investment bankers who have not been retained pursuant to 11 U.S.C. § 327 shall not include any work of a substantive nature (other than testimony before the Court), such as, for example, the preparation of new financial data, even if such advisors are not seeking any Additional Postpetition Payments.

8. Interim motion for order authorizing employment and payment without fee applications of professionals used in ordinary course of business, not to exceed a specified individual and aggregate amounts.

9. Interim motion for order establishing procedures for compensation and reimbursement of professionals.

10. Interim motion for order authorizing Debtor to maintain existing bank accounts and cash management system, and to continue using existing business forms (including checks) without "debtor-in-possession" designation. Any such motion should describe the proposed cash management system and, if funds are proposed to be transferred between Debtors or from a Debtor to a non-Debtor affiliate, represent why such transfers are desirable from the perspective of the Debtors' or Debtor's estate(s), state that the Debtor(s) will maintain records of all postpetition intercompany transfers of funds, and describe the repayment terms.

11. Interim motion under 11 U.S.C. § 345(b) for order authorizing Debtor to deviate from enumerated permitted investments set forth in 11 U.S.C. § 345. Such motion should disclose the amount of funds which the Debtor proposes to invest outside the statute's enumerated permitted investments and the proposed types of investments to be made. If the Debtor proposes to invest or deposit money in or with an entity that has not satisfied the requirements of 11 U.S.C. § 345(b) (a "Non-Qualified Entity") the motion should demonstrate why such an investment or deposit is necessary and, to the extent known, why the Non-Qualified Entity

cannot or has not satisfied the requirements of 11 U.S.C. § 345(b) and its general financial condition.

12. Interim motion under 11 U.S.C. § 363 for order authorizing Debtor's use of cash collateral pending a final hearing and providing adequate protection.

13. Interim motion under 11 U.S.C. § 364 for order authorizing Debtor to obtain postpetition financing pending a final hearing.

14. Interim motion for order authorizing Debtor to pay prepetition wages, salaries, and commissions (including vacation, severance and sick leave pay) earned in amounts not to exceed specified per employee and aggregate amounts, which amounts shall be set forth in the motion, and stating the rationale and process for making the decision to make such payments. If the motion requests authority to pay amounts in excess of the priority amount determined in accordance with 11 U.S.C. § 104(b) per employee, a list of the position/job titles of all employees as to whom those payments will be made should be attached, with the propriety of those requests to be considered on a case-by-case basis. The motion also shall state whether, and the extent to which, the claims proposed to be paid constitute priority claims under 11 U.S.C. § 507 ("Priority Claims") and, if such claims are not Priority Claims, explain why those claims should be afforded the treatment requested in the motion and whether they are proposed to be paid in full on the consummation of the Debtor's plan. The motion may also ask the Court to direct banks to honor prepetition checks for such amounts and authorize the Debtor to replace prepetition checks that have been dishonored.

15. Interim motion for order authorizing Debtor to pay claims for contributions to employee benefit plans in an amount not to exceed a specified amount, which amount shall be set forth in the motion, and stating the rationale and process for making the decision to make such payments. If the motion requests authority to pay amounts in excess of the amounts set forth in 11 U.S.C. § 507(a)(4) (as modified by 11 U.S.C. § 104(b)), a list of the position/job titles of all employees on whose behalf those payments will be made should be attached, with the propriety of those requests to be considered on a case-by-case basis. The motion also shall state whether, and the extent to which, the claims proposed to be paid constitute Priority Claims and, if such claims are not Priority Claims, explain why those claims should be afforded the treatment requested in the motion and whether such claims are proposed to be paid in full on consummation of the Debtor's plan.

16. Interim motion for an order authorizing Debtor to reimburse employee business expenses in amounts not to exceed a specified amount per employee and not to exceed a specified aggregate amount, which amounts shall be set forth in the motion, and stating the rationale and process for making the decision to make such payments. The motion also shall state whether, and the extent to which, the claims proposed to be paid constitute Priority Claims and, if such claims are not

4898-3405-5574.5 18502.002                9
Case 1-20-10322-CLB,    Doc 4651-3,    Filed 03/13/26,    Entered 03/13/26 15:57:49,
Description: Exhibit , Page 13 of 20

Priority Claims, explain why those claims should be afforded the treatment requested in the motion and whether such claims are proposed to be paid in full on consummation of the Debtor's plan.

17. Interim motion for an order authorizing Debtor to pay other prepetition claims, not to exceed a specified aggregate amount, which amount shall be set forth in the motion. The motion should describe the types of claims that the Debtor proposes to pay (e.g. trade creditors supplying critical goods or services, others involved in the routine, day-to-day operations and business of the Debtor, holders of claims beyond the effective jurisdictional power of the Court) and the rationale and process behind the decision to make such payments. The motion also shall state whether, and the extent to which, the claims proposed to be paid constitute Priority Claims or lien claims and whether such claims are proposed to be paid in full on consummation of the Debtor's plan.

18. Interim motion for an order authorizing Debtor to honor prepetition customer claims (e.g. refund of deposits, lay-a-way plans, gift cards, loyalty programs) and warranties, not to exceed specified aggregate amounts, which amounts shall be set forth in the motion, stating the rationale and process for making the decision to make such payments. The motion also shall state whether, and the extent to which, the claims proposed to be paid constitute Priority Claims and explain why those claims should be afforded the treatment requested in the Motion and whether such claims are proposed to be paid in full on consummation of the Debtor's plan.

19. Interim motion for an order authorizing continued performance without assumption of specified executory contracts and unexpired leases, including payment of prepetition amounts due and owing thereunder in an amount not to exceed a specified aggregate amount. The motion shall describe all contracts and leases subject to the motion and whether, and the extent to which, the aggregate prepetition claims proposed to be paid are believed to be Priority Claims or lien claims, explain why such claims should be afforded the treatment requested in the motion and whether such claims are proposed to be paid in full on consummation of the Debtor's plan.

20. Interim motion for an order prohibiting utilities from altering, refusing or discontinuing service on account of prepetition claims based on a showing of adequate assurance under 11 U.S.C. § 366 and establishing procedures for determining requests for additional adequate assurance.

21. In a case involving a proposed sale of any or all of the Debtor's assets, motion for an order authorizing and scheduling a process by which the Debtor may sell its assets free and clear of liens, claims and interests and approving notice of such process and any auction procedures and related matters.

D.  **Requests for Related Relief Need Not be Filed in Separate Motions**

With the exception of the Prepack Scheduling Motion, motions for related First Day Orders need not be filed as separate motions. For example, in a given case it may be appropriate to combine cash collateral and financing motions or to address all employee-related matters in a single motion.

VI. **ORGANIZATIONAL MEETING; CREDITORS' COMMITTEE**

Unless the Court finds that a meeting of creditors need not be convened pursuant to 11 U.S.C. § 341(e), after the filing of the chapter 11 petition the Debtor shall notify creditors of the date, time and place of the meeting of creditors pursuant to 11 U.S.C. § 341(a) and Fed. R. Bankr. P. 2003(a), as well as the other information set forth in Part X.B.2 below. If a meeting of creditors pursuant to 11 U.S.C. § 341(a) has not yet been convened before the date upon which the plan is confirmed, no such meeting will be convened if the order confirming the plan or order entered substantially contemporaneously therewith contains a provision waiving the convening of such a meeting, in which case the Debtor shall cause a notice thereof to be sent if prior notice of such meeting had been sent.

VII. **LAST DATE FOR FILING PROOFS OF CLAIM OR INTEREST**

A last date to file proofs of claim or interest will not be set unless the Debtor seeks an order fixing such a deadline for filing proofs of claim or proofs of interest.

VIII. **VOTING PERIOD; BALLOTS; MULTIPLE VOTES; NOTICE PRESUMPTIONS**

A. **Voting Period Guidelines**

Fed. R. Bankr. P. 3018(b) requires the Court to consider whether "an unreasonably short" time was prescribed for creditors and equity security holders as described therein to accept or reject the plan prepetition. Under ordinary circumstances, in determining whether the time allowed for casting acceptances and rejections on the Debtor's plan satisfied Fed. R. Bankr. P. 3018(b), the Court will approve as reasonable:

1.  For securities listed or admitted to trading on the New York Stock Exchange or American Stock Exchange or any international exchanges quoted on NASDAQ, and for securities publicly traded on any other national securities exchange ("Publicly Traded Securities"), a twenty-one (21) day voting period, measured from the date of commencement of mailing.

2. For securities which are not Publicly Traded Securities and for debt for borrowed money which is not evidenced by a Publicly Traded Security, a fourteen (14) day voting period, measured from the date of commencement of mailing.

3. For all other claims and interests, a twenty-one (21) day voting period, measured from the date of commencement of mailing, or, in the case of unknown claimants and interest holders, publication.

**B. Shorter or Longer Voting Period**

Nothing herein is intended to preclude (i) a shorter voting period if it is justified in a particular Case under the Bankruptcy Rules, or (ii) any party in interest from demonstrating that the presumptions set forth above were not reasonable in a particular Case.[7]

**C. Ballot**

1. The Debtor may use a ballot substantially in the form of the Official Form 314 - Ballot For Accepting or Rejecting Plan in connection with a prepackaged plan solicitation; provided that the ballot recipient is given, along with the ballot, sufficient notice explaining that ballots are being solicited prepetition in the context of a contemplated Prepackaged Chapter 11 Case consistent with these Guidelines.

2. A Master Ballot Form may be used to report voting by beneficial owners of claims and interests; provided that the recipient of the master ballot form is given sufficient notice, which may be set forth in the master ballot, explaining that master ballots are being solicited prepetition in the context of a contemplated Prepackaged Chapter 11 Case consistent with these Guidelines and directing the recipient of the master ballot to expeditiously seek and tabulate on the master ballot the votes of the applicable beneficial holders of claims and interests, as applicable.

**D. Multiple Votes**

If the holder of a claim or interest changes its vote during the prepetition voting period, only the last timely ballot cast by such holder shall be counted in determining whether the plan has been accepted or rejected unless the disclosure statement (or other solicitation document) clearly provides for some other procedure for determining votes on the plan, subject to Fed. R. Bankr. P. 3018(a).

**E. Transmittal to Record Holders and Others under Rule 3018(b)**

Fed. R. Bankr. P. 3018(b) requires the Court to consider whether the plan was transmitted to substantially all creditors and equity security holders of the same class. In making that determination, the Court will take into account (i) whether

---

[7] For example, such circumstances may exist, and should be addressed by the Prepack Scheduling Motion, when a Prepackaged Chapter 11 Case involves a large number of foreign or unknown creditors or interest holders whose claims or interests are proposed to be impaired under the plan, or parties to executory contracts and unexpired leases affected by the plan.

the Debtor transmitted the plan and disclosure statement (or other solicitation document) in substantial compliance with applicable non-bankruptcy law, rules, or regulations and (ii) the fact that creditors and equity security holders who are not record holders of the securities upon which their claims or interests are based generally assume the risk associated with their decision to hold their securities in "street name."

IX. PREPETITION AND POSTPETITION NOTICE

A. Prepetition Notice

The Debtor shall provide notice to parties in interest proposed to be solicited before the commencement of the case under 11 U.S.C. § 1126(b) and Fed. R. Bankr. P. 3018(b) of (i) the deadline to submit a ballot (as provided in Part IX hereof); (ii) the deadlines to file and serve an objection to the proposed disclosure statement/solicitation materials and/or to confirmation of the plan (unless cause to shorten is established under the Bankruptcy Rules, at least twenty-eight (28) days);[8] and (iii) the proposed date of the combined hearing on the adequacy of the disclosure statement (or other solicitation documents) and confirmation of the plan (unless cause to shorten is established under the Bankruptcy Rules, at least twenty-eight (28) days). Such deadlines shall leave sufficient time for the Court to review any such objection (in a Rapid Prepack Chapter 11 Case, sufficient time shall constitute no less than twenty-four (24) hours before the hearing except for cause shown). A paper copy of such notice must be mailed, although electronic notice additionally may be provided. Such prepetition notice should inform the recipient of the Debtor's intention to obtain confirmation of the plan in a Prepackaged Chapter 11 Case under these Guidelines, including that any objection to the adequacy of the disclosure statement/solicitation materials and/or confirmation of the plan may not be treated as timely if not filed and served as provided in the notice. These Guidelines contemplate that the deadlines for some or all classes to object to the adequacy of disclosure under 11 U.S.C. § 1126(b) and/or confirmation of the plan may be (i) set prepetition along with the ballot deadline, or (ii) set for a date postpetition, as long as, in each case, the notice requirements of the Bankruptcy Rules are met as subsequently approved postpetition.

B. Postpetition Notices

1. Notice of Commencement of Case

---

[8] The Debtor (i) should address circumstances that may require additional notice, such as when a Prepackaged Chapter 11 Case involves a large number of foreign or unknown creditors or interest holders whose claims or interests are proposed to be impaired under the plan, or parties to executory contracts and unexpired leases affected by the plan, and (ii) as noted, may also, after the commencement of the case, seek an order shortening such notice period.

Notice of the commencement of the Prepackaged Chapter 11 Case shall be provided as set forth in Fed. R. Bankr. P. 2002(f)(1), as may be limited by the Court under Fed. R. Bankr. P. 9006(c). It shall be sent to, among other parties in interest, those parties in interest who received any prepetition notices and solicitation documents.

2. Notice of Hearing on Disclosure Statement and Confirmation of Plan

Notice of the time to file objections to, and the hearing on, approval of the disclosure statement and confirmation of the plan, which hearings, as noted in these Guidelines, will be combined whenever practicable, shall be provided as required by Fed. R. Bankr. P. 2002(b) and (d) and 3017, as may be limited by the Court under such Rules or Fed. R. Bankr. P. 9006(c). Such notice shall inform parties in interest of the deadline to file and serve any objection in connection with such hearing(s), leaving sufficient time for the Court to review any such objection (in a Rapid Prepackaged Chapter 11 Case, sufficient time shall constitute no less than twenty-four (24) hours before the hearing except for cause shown). Paper copy of the notice must be mailed; service of a notice of electronic filing will not suffice, although also may be provided. No further distribution of the plan and disclosure statement (or other solicitation document) to parties who received such notice and documents prepetition is required unless requested by a party in interest.

3. Postpetition Hearing Notice Contents

Where the disclosure statement has not been approved by the Court prior to confirmation, the Debtor shall prepare and mail paper copies to all parties in interest of a Notice of Confirmation Hearing and Hearing on Approval of Disclosure Statement (or other solicitation documents) (the "Hearing Notice"). The Hearing Notice must:

- set forth (i) the date, time and place of the hearing to consider compliance with disclosure requirements and confirmation of the plan, and (ii) the date and time by which objections to the foregoing must be served and filed and include a chart summarizing plan distributions;

- set forth the name, address and telephone number of the person from whom copies of the plan and disclosure statement (or other solicitation document) can be obtained (at the Debtor's expense);

- state that the plan and disclosure statement (or other solicitation document) can be viewed electronically and explain briefly how electronic access to these documents may be obtained;

- clearly summarize the plan's proposed treatment of classes of claims and interests; and

- summarize such other information regarding the plan's effect on the rights of parties in interest as deemed relevant for such a notice.

Either the Hearing Notice or a separate notice must:

- set forth the date, time and place of the § 341(a) meeting and state that such meeting will not be convened if (i) the plan is confirmed prior to the date set for the § 341(a) meeting and (ii) the order confirming the plan (or order entered substantially contemporaneously therewith) contains a provision waiving the convening of such a meeting.

C. **Service**

1. The Hearing Notice shall be served upon (i) record (registered) holders of debt and equity securities (determined as of the record date under Fed. R. Bankr. P. 3018(b) specified in the disclosure statement or other solicitation document) that were entitled to vote on the plan, (ii) record (registered) holders of all other claims and interests of any class (determined as of a record date that is not more than fourteen (14) days prior to the date of the filing of the petition), (iii) all other creditors listed in the Debtor's schedules, unless the Debtor is not seeking to bar and subsequently discharge claims, in which case schedules may not be required to be filed, (iv) the U.S. Trustee, (v) all indenture trustees, (vi) any committee(s) that may have been appointed, (vii) the United States (in accordance with Fed. R. Bankr. P. 2002(j)) and (viii) as required by the Bankruptcy Rules.

2. The Prepack Scheduling Motion should describe the proposed procedures (including any prepetition procedures) for transmitting the Hearing Notice to beneficial holders of stock, bonds, debentures, notes, and other securities, and the judge shall determine the adequacy of those procedures and enter such orders as deemed appropriate under the Bankruptcy Code and Bankruptcy Rules. The Hearing Notice may be transmitted prepetition to parties impaired under the plan, as well as to other parties in interest.

D. **Time Period**

The Hearing Notice shall be mailed (including, as noted above, prepetition) at least twenty-eight (28) days prior to the scheduled hearing date on confirmation of the plan and adequacy of the disclosure statement or other solicitation documents unless the Court shortens such notice period as permitted by the applicable Bankruptcy Rules. The Prepack Scheduling Motion should seek any such shortening of the notice period, such as for parties in interest that are not impaired under or otherwise affected by the plan and for parties who received sufficient notice prepetition.

X. **DUE PROCESS ORDER**

A plan in a Prepackaged Chapter 11 Case may propose to affect parties in interest notwithstanding the plan's proposed unimpairment of their claim. For example, the Debtor may propose to (a) reject an executory contract or unexpired lease, (b) assume or assume and assign an executory contract or unexpired lease or seek a "ride through" order, or (c) seek to disallow or reduce certain claims or interests. The plan may not effectuate such a result without sufficient notice and the opportunity for a hearing. Recognizing that the prompt resolution of such issues may be important to the overall reorganization, in the Prepack Scheduling Motion the Debtor may seek entry of an order scheduling the Court's determination of such issues and approving the notice thereof to parties in interest within a time consistent with due process and the applicable Bankruptcy Rules, and in a manner that adequately preserves the party in interests' rights under the plan if the plan goes effective before the hearing is completed and a ruling is obtained (such order, a "Due Process Order").

XI. **COMBINED HEARINGS**

The hearings on the Debtor's compliance with either 11 U.S.C. § 1126(b)(1) or 11 U.S.C. § 1126(b)(2), as applicable, and on confirmation of the plan in a Prepackaged Chapter 11 Case shall be combined whenever practicable.