# EXHIBIT D

**REDLINE OF PROPOSED GUIDELINES AND PROCEDURES FOR PREPACKAGED CHAPTER 11 CASES RELATED TO AND IN CONNECTION WITH THE ABOVE-CAPTIONED CHAPTER 11 CASE OF THE DIOCESE OF BUFFALO AGAINST AMENDED PROCEDURAL GUIDELINES FOR PREPACKAGED CHAPTER 11 CASES IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK (DATED FEBRUARY 1, 2024)**

# ~~AMENDED PROCEDURAL~~PROPOSED GUIDELINES AND PROCEDURES FOR PREPACKAGED CHAPTER 11 CASES RELATED TO AND IN CONNECTION WITH THE ~~UNITED STATES BANKRUPTCY COURT~~ ABOVE-CAPTIONED CHAPTER 11 CASE OF ~~FOR~~ THE ~~SOUTHERN DISTRICT~~DIOCESE OF ~~NEW YORK~~ BUFFALO

## ~~I.~~ ~~GOALS~~

~~The purpose of this document is to establish uniform guidelines ("Guidelines") for commencing and administering "Prepackaged Chapter 11 Cases" in the United States Bankruptcy Court for the Southern District of New York (the "Court"). Specifically, this document defines a "Prepackaged Chapter 11 Case" and attempts to provide bankruptcy practitioners with help in dealing with practical matters that either are not addressed by statute or rules or are addressed indirectly or in piecemeal fashion by statutes, general rules, and/or local rules that were not enacted specifically with Prepackaged Chapter 11 Cases in mind. Although each case is different, many issues are common to all Prepackaged Chapter 11 Cases. Judicial economy, as well as procedural predictability for debtors and creditors, will be enhanced by promulgation of uniform guidelines to deal with these common issues. The Guidelines derive from General Order 203, adopted by the Court on February 2, 1999, as modified by General Order M-387, adopted by the Court on November 24, 2009, and as modified by General Order M-454, adopted by the Court on June 28, 2013. These Guidelines are advisory only; the Court retains the power to depart from them.~~

## XII.    PREPACKAGED CHAPTER 11 CASES

## ~~II.~~    ~~DEFINITIONS OF (A) PREPACKAGED CHAPTER 11 CASE AND (B) RAPID PREPACKAGED CHAPTER 11 CASE~~

For purposes of these Guidelines, a "Prepackaged Chapter 11 Case" (or, as sometimes used herein, "Case") is one in which the Debtor,[13] substantially contemporaneously with the filing of its chapter 11 petition, files a scheduling motion for a Prepackaged Chapter 11 Case satisfying the criteria set forth in Part III.A. below ("Prepack Scheduling Motion"), plan, disclosure statement (or other solicitation document), and ballot certification.[14]

These Guidelines also use the term "Rapid ~~Prepackaged~~Prepack Chapter 11 Case" to mean a case where the Debtor seeks confirmation of the plan to be granted between one (1) and fourteen (14) days after the petition date. Generally, Rapid ~~Prepackaged~~Prepack Chapter 11 Cases will involve the impairment of only the accepting class(es) and therefore not provide for (a) the rejection of executory contracts and unexpired leases unless the rejection claim is unimpaired, (b) releases of claims by parties in interest against non-Debtor parties, unless, in each instance, the Debtor establishes that the foregoing is on a consensual basis, including, without limitation, that the affected party is a co-proponent of the plan or of a settlement embodied in the plan, or (c) the cram down of any class of claims or interests that votes not to accept the plan (although nothing herein prevents the members of a class that is deemed not to accept the plan under 11 U.S.C. § 1126(g) to agree to their treatment under the plan or a request for

---

[13] The singular "Debtor" as used in these Guidelines includes the plural "Debtors" as would be appropriate when petitions are filed on behalf of multiple entities. Other parties in interest may also be co-proponents of a chapter 11 plan in a Prepackaged Chapter 11 Case.

[14] As recognized by 11 U.S.C. §§ 1125(g) and 1126(b) and Fed. R. Bankr. P. 3018(b), the solicitation of votes on, and the acceptance or rejection of, a chapter 11 plan may occur before the commencement of a chapter 11 case.

such relief under the particular circumstances). The Prepack Scheduling ~~Motion for~~Motionfor a Rapid Prepackaged Chapter 11 Case should, in addition to satisfying the criteria set forth in ~~Part III~~PartII.A. below, comply with Part ~~III~~II.B. below.

### XIII. ~~III.~~ CONTENT OF PREPACK SCHEDULING MOTION; IF VOTING IS NOT COMPLETE BEFORE THE PETITION DATE; CRAM DOWN

#### A. ~~A.~~ Content of Prepack Scheduling Motion

(1) ~~(1)~~ Subject to Parts ~~III~~II.B. and C. below, the Prepack Scheduling Motion shall,

for all Prepackaged Chapter 11 Cases, including Rapid ~~Prepackaged~~Prepack Chapter 11 Cases:

(i) Represent that the solicitation of all votes to accept or reject the

plan required for confirmation was completed before commencement of the chapter 11 case (x) in accordance with 11 U.S.C. §§ 1125(g) and 1126(b)(1) and/or (y) in accordance with 11 U.S.C. § 1126(b)(2), and, in each case, that no additional solicitation of votes on the plan is contemplated. The Debtor should provide support for compliance with any applicable law, rule or regulation for purposes of 11 U.S.C. §§ 1125(g) and 1126(b)(1) or any applicable exemption therefrom for purposes of 11 U.S.C. § 1126(b)(2). The Debtor's proposed "adequate information" for purposes of 11 U.S.C. § 1126(b)(2) may be included in a disclosure statement for the plan for which the Debtor seeks approval retroactive to the date of the prepetition solicitation, among other purposes;

(ii) Request under 28 U.S.C. § 156(c) and Fed. R. Bankr. P. 2002(a)-(b)

that the Court deem the Debtor's prepetition noticing and ballot agent retroactively to be the Clerk of the Court's agent for purposes of (x) all prepetition notices and balloting and (y) prospectively as noticing, ballot, and claims agent;

(iii) Describe the Debtor's compliance with (x) the requirements of Fed. R. Bankr. P. 3018(b), including the proper establishment of a record date and the transmittal of the disclosure statement or other solicitation documents and the plan to holders of record in the applicable class(es) as provided in such rule and these Guidelines, and (y) all notice requirements,[15] with an accompanying certification by the party providing notice on the Debtor's behalf. Such certification shall be presumptive evidence of the Debtor's compliance with the applicable provisions of Fed. R. Bankr. P.

---

[15] See Part ~~IX~~VIII and Part ~~XI~~IX below.

~~3~~

4898-3405-5574.5 18502.002

2002, 3017, and 3018 and these Guidelines, as they may be limited by applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), including Fed. R. Bankr. P. 9006(c). The Prepack Scheduling Motion shall also disclose whether the Debtor seeks an order shortening or otherwise modifying any of the notice requirements, such as for notice to parties in interest unimpaired under the plan, and provide support therefor;

(ii) Disclose whether the Debtor is seeking any of the relief described (iv) Disclose whether the Debtor is seeking any of the relief described in Parts IIIII.B. or IIIII.C. hereof;

(iii) (v) Unless as described in Part IIIII.A.(1)(iv) above, represent that (x) the requisite acceptances of the plan have been obtained from each class of claims or interests as to which solicitation is required or, (y) for any class that has not accepted the plan, whether or not it is deemed not to have accepted the plan under 11 U.S.C. § 1126(g), that the Debtor is requesting confirmation under 11 U.S.C. § 1129(b) as to such class;

(iv) (vi) Request entry of an order scheduling the hearing (x) on

confirmation of the plan and (y) to determine whether the Debtor has satisfied the requirements of 11 U.S.C. §§ 1125(g) and 1126(b)(1) and/or 11 U.S.C. § 1126(b)(2), as well as any other requirements of 11 U.S.C. § 1125 applicable to the Case, for a date that is not more than ninety (90) days following the petition date. The hearings on the Debtor's compliance with 11 U.S.C. §§ 1125(g) and 1126(b)(1) and/or 11 U.S.C. § 1126(b)(2), as applicable, as well as any other requirements of 11 U.S.C. § 1125 applicable to the Case, and on confirmation of a plan in a Prepackaged Chapter 11 Case, shall be combined whenever practicable, including in a Rapid Prepackaged Chapter 11 Case;

(vii) (vii) Disclose any written but unfiled (as prepetition) objections to the Debtor's compliance with 11 U.S.C. § 1126(b) and/or confirmation of the plan that are known to the Debtor[16] and request the prompt scheduling of a discovery conference to address any potential discovery issues related to the proposed approval of the Debtor's compliance with 11 U.S.C. §

1126(b)(1) and/or 11 U.S.C. § 1126(b)(2) and/or confirmation of the plan;

---

[16] These Guidelines contemplate that the deadline for some or all classes to object to the adequacy of disclosure under 11 U.S.C. § 1126(b) and/or confirmation of the plan may be (a) set prepetition along with the ballot deadline, or (b) set for a date postpetition, with a substantial amount of the notice period occurring prepetition, as long as, in each case, the notice requirements of the Bankruptcy Rules are met as subsequently approved postpetition.

4

4898-3405-5574.5 18502.002

(viii) (viii) Disclose whether the Debtor will be seeking entry of (x) an order

setting a claims bar date or (y) a "Due Process Order," (as defined below);[17] and

(ix) (ix) Disclose whether the Debtor intends to seek a declaration in the confirmation order under 11 U.S.C. §§ 1125(e) and/or 1145.

(2) (2)    For Rapid PrepackagedPrepack Chapter 11 Cases:

In addition to the foregoing requirements of Part IIIII.A.(1):

(i) (i) Disclose that the Debtor seeks to have the case treated as a Rapid Prepackaged Chapter 11 Case;

(ii) (ii) Provide support for any request to shorten and/or limit notice (although these Guidelines do not assume that Rapid Prepackaged Chapter 11 Cases must be limited to emergencies as opposed to other cause warranting shortened notice);

(iii) (iii) Disclose whether the Debtor intends to assume or assume and assign any executory contracts or unexpired leases and propose a timetable for notice and a hearing thereon, or whether the Debtor intends executory contracts and unexpired leases to "ride through" after plan confirmation (and, if so, the legal basis therefor);

(iv) (iv) Disclose whether the Debtor intends or anticipates any other need to leave the case open for the determination of any other post-confirmation matter with the exception of final fee applications; and

(v) (v) Provide support for the plan's compliance with 11 U.S.C. § 1129(a)(11) and any other provisions of 11 U.S.C. § 1129(a) that might implicate unimpaired parties in interest who are proposed to receive shortened and limited notice under the Prepack Scheduling Motion.

**B. Filing of Petition After Solicitation Has Commenced But Before Expiration of Voting Deadline**
Commenced But Before Expiration of Voting Deadline

---

[17] *See* Part XIVIII below.

5

4898-3405-5574.5 18502.002

Unless the Court orders otherwise, if a chapter 11 case is commenced by or against the Debtor, or if a chapter 7 case is commenced against the Debtor and converted to a chapter 11 case by the Debtor pursuant to 11 U.S.C. § 706(a), after the Debtor has transmitted all solicitation materials to holders of claims and interests whose votes are sought but before the deadline for casting acceptances or rejections of the Debtor's plan (the "Voting Deadline"):

(i) (i) the Debtor shall be permitted to accept but not solicit ballots until the Voting Deadline; and

(ii) (ii) After notice and a hearing the Court shall determine the effect of any and all such votes.

**C. Applicability of Guidelines to Prepackaged Chapter 11 Cases Involving Cram Down of Classes of Claims and/or Interests; Partial Prepackaged Chapter 11 Cases**

In the judge's discretion the judge may treat a chapter 11 case as a Prepackaged Chapter 11 Case (but generally not a Rapid ~~Prepackaged~~Prepack Chapter 11 Case) for purposes of these Guidelines notwithstanding that:

(1) (1) the Debtor proposes to confirm the plan pursuant to 11 U.S.C. § 1129(b) ("Cram Down") as to a class or classes of claims or interests; or

(2) (2) acceptances of the plan were solicited prior to the commencement of the case from some, but not all, classes of claims or interests whose solicitation is required to confirm the plan ("Partial Prepackaged Chapter 11 Case").

**XIV. ~~IV.~~ PREFILING NOTIFICATION TO UNITED STATES TRUSTEE AND CLERK OF THE COURT**

**A. A. Notice of Proposed Filing to United States Trustee.**

At least three (3) days before the anticipated filing date of a Prepackaged Chapter 11 Case and at least seven (7) days before the anticipated filing date of a Rapid ~~Prepackaged~~Prepack Chapter 11 Case, the Debtor should (i) notify the office of the United States Trustee for Region 2 (the "U.S. Trustee") of the Debtor's intention to file a Prepackaged Chapter 11 Case and (ii) supply the U.S. Trustee with two (2) copies of the Debtor's plan and disclosure statement (or other solicitation document(s)), the prepetition notices and any proposed postpetition notice(s) to parties in interest, and, if available, the ballot certification, and the Prepack Scheduling Motion.

If documents filed by the Debtor at or following the commencement of the Debtor's chapter 11 case differ in substance from the versions supplied to the U.S. Trustee pursuant to the above, the Debtor should furnish to the U.S.

4898-3405-5574.5 18502.002

Trustee two (2) copies of any such documents that have been modified, preferably blacklined to show such change(s).

**B. Notice of Proposed First Day Motions to U.S. Trustee**

If possible, drafts of all First Day Motions (as defined in Part VI.A. below), with the proposed orders attached as exhibits, should be furnished to the U.S. Trustee at least three (3) days before the anticipated filing of the petition in a Prepackaged Chapter 11 Case and seven (7) days before the anticipated filing of the petition in a Rapid ~~Prepackaged~~Prepack Chapter 11 Case.

**C. Notice of Proposed Filing to Clerk of Court**

At least three (3) days before the anticipated filing date of a Prepackaged Chapter 11 Case, counsel for the Debtor, without disclosing the name of the Debtor, should contact the Clerk of the Court to discuss (i) the anticipated filing; (ii) the value of the Debtor's assets; (iii) the number of creditors and amount of debt; (iv) whether the Debtor will seek retention of a claims and noticing agent pursuant to 28 U.S.C. § 156(c) and Local Rule 5075-1; and (v) related matters. The Clerk of the Court will not assign the case to a judge until the petition is filed.

**XV. ~~V.~~     FILING OF PREPACKAGED CHAPTER 11 CASE**

The Court requires electronic filing of all chapter 11 cases. Information on electronic filing procedures is available at the Court's website at https://www.~~nysb~~nywb.uscourts.gov/~~content/procedural-guidelines-policies-and-general-orders~~nodeblock/nextgen-cmecf. In electronically filing a Prepackaged Chapter 11 Case, the Debtor should file the petition(s) first, followed by the affidavit pursuant to Local Rule 1007-2(a) and the Prepack Scheduling Motion and other motions and proposed orders, and should file lengthy documents, such as the disclosure statement or other solicitation materials and plan, last. Electronically filing lengthy documents last will expedite the filing process.

**A. Paper Copies Furnished to Assigned Judge**

As soon as practicable after filing a Prepackaged Chapter 11 Case, the Debtor shall furnish to the judge assigned to the case a paper copy of the plan, the disclosure statement or other solicitation document, the Prepack Scheduling Motion, the First Day Motions (as defined Part VI.A. below, with proposed orders attached as exhibits), and any other filed motion or declaration and any proposed order to show cause for which the Court's prompt approval is requested. Proposed orders should be presented to the judge assigned to the case in editable format consistent with the judge's chambers rules or practices.

~~B. Abeyance of Local Rule 1007-2(e)~~

~~7~~

4898-3405-5574.5 18502.002

~~Notwithstanding Local Rule 1007-2(e), a separate proposed case conference order need not be submitted to the Court unless the confirmation hearing is delayed until a date that is more than ninety (90) days after the petition date.~~

## XVI. ~~VI.~~ FIRST DAY ORDERS

### A. Motions for Immediate Entry of Orders

"First Day Orders" are orders that the Debtor seeks to have entered on or shortly after the filing of the petition. The request for a First Day Order should be made by motion in a "First Day Motion," with a copy of the proposed First Day Order to be filed attached as an exhibit and presented to the judge assigned to the case in editable format consistent with the judge's chambers rules or practices.

### B. Purpose of First Day Orders

Generally, the purpose of First Day Orders is to deal with pressing administrative matters ("Administrative Orders") and to ensure, if supported by good business judgment and consistent with applicable law, that the Debtor's operations are stabilized and conducted in a manner consistent with past practice and the proposed plan, pending consideration of confirmation of that plan ("Operational Orders"). While the Court recognizes the necessity and desirability of entertaining appropriate First Day Motions, the terms and conditions of First Day Orders (particularly Operational Orders) necessarily will depend upon the facts and circumstances of the Case, the terms of the plan, the notice given, and related factors, and will take into account not only the needs of the Debtor but also the rights of other parties in interest~~.~~

### C. Types of First Day Motions and Orders

First Day Motions that may be entertained by the Court within one (1) day of the later of the petition date or the date of filing of the First Day Motions in a Prepackaged Chapter 11 Case include, but are not limited to, the following:

1. Prepack Scheduling Motion, setting forth the information required in Part ~~III~~II above.

~~2.~~ 2. Motion for order directing joint administration of Debtors' cases, if more than one case is commenced.

~~3.~~ 3. If not covered in the Prepack Scheduling Motion, motion for order authorizing mode of service of Debtor's initial notices, including the notice of case commencement and the notice of meeting of creditors under 11 U.S.C. § 341(a).

~~4.~~ 4. Motion for order (i) dispensing with the requirement of filing any or all schedules and statement of financial affairs if the Debtor is not seeking to bar and subsequently discharge all or certain categories of debt, or (ii) extending the

~~8~~

Debtor's time for filing schedules and statement of financial affairs to a specified date.

5. 5. Motion for an order under 11 U.S.C. § 341(e) dispensing with or delaying the formation of an official committee of unsecured creditors, or for compliance with Fed. R. Bankr. P. 2007(b).

6. 6. Motion for an order setting the last date for filing proofs of claim or interest, if the Debtor has determined that such a deadline should be set.[18]

7. 7. Interim applications to employ professionals for the Debtor, which may include:

- • attorneys
- • accountants
- • financial advisors
- • investment bankers
- • notice and solicitation agents.

If accountants, financial advisors, investment bankers, notice and solicitation agents or similar non-legal professionals were retained prepetition and (a) are not seeking any payment in connection with the plan or the Prepackaged Chapter 11 Case in addition to payments that they received before the filing of the petition ("Additional Postpetition Payments") and (b) not providing postpetition services with respect to the plan and the Prepackaged Chapter 11 Case (other than testifying before the Court), such professionals need not be retained pursuant to 11 U.S.C. § 327; provided, however, that the postpetition services provided by accountants, financial advisors, and investment bankers who have not been retained pursuant to 11 U.S.C. § 327 shall not include any work of a substantive nature (other than testimony before the Court), such as, for example, the preparation of new financial data, even if such advisors are not seeking any Additional Postpetition Payments.

8. 8. Interim motion for order authorizing employment and payment without fee applications of professionals used in ordinary course of business, not to exceed a specified individual and aggregate amounts.

9. 9. Interim motion for order establishing procedures for compensation and reimbursement of professionals.

10. 10. Interim motion for order authorizing Debtor to maintain existing bank accounts and cash management system, and to continue using existing business forms (including checks) without "debtor-in-possession" designation. Any such

---

[18] Such a motion should prominently address whether setting a bar date will affect any party in interest's right to vote on the plan.

9

4898-3405-5574.5 18502.002

motion should describe the proposed cash management system and, if funds are proposed to be transferred between Debtors or from a Debtor to a non-Debtor affiliate, represent why such transfers are desirable from the perspective of the Debtors' or Debtor's estate(s), state that the Debtor(s) will maintain records of all postpetition intercompany transfers of funds, and describe the repayment terms.

11. 11. Interim motion under 11 U.S.C. § 345(b) for order authorizing Debtor to deviate from enumerated permitted investments set forth in 11 U.S.C. § 345. Such motion should disclose the amount of funds which the Debtor proposes to invest outside the statute's enumerated permitted investments and the proposed types of investments to be made. If the Debtor proposes to invest or deposit money in or with an entity that has not satisfied the requirements of 11 U.S.C. § 345(b) (a "Non-Qualified Entity") the motion should demonstrate why such an investment or deposit is necessary and, to the extent known, why the Non-Qualified Entity cannot or has not satisfied the requirements of 11 U.S.C. § 345(b) and its general financial condition.

12. 12. Interim motion under 11 U.S.C. § 363 for order authorizing Debtor's use of cash collateral pending a final hearing and providing adequate protection.
13. 13. Interim motion under 11 U.S.C. § 364 for order authorizing Debtor to obtain postpetition financing pending a final hearing.

14. 14. Interim motion for order authorizing Debtor to pay prepetition wages, salaries, and commissions (including vacation, severance and sick leave pay) earned in amounts not to exceed specified per employee and aggregate amounts, which amounts shall be set forth in the motion, and stating the rationale and process for making the decision to make such payments. If the motion requests authority to pay amounts in excess of the priority amount determined in accordance with 11 U.S.C. § 104(b) per employee, a list of the position/job titles of all employees as to whom those payments will be made should be attached, with the propriety of those requests to be considered on a case-by-case basis. The motion also shall state whether, and the extent to which, the claims proposed to be paid constitute priority claims under 11 U.S.C. § 507 ("Priority Claims") and, if such claims are not Priority Claims, explain why those claims should be afforded the treatment requested in the motion and whether they are proposed to be paid in full on the consummation of the Debtor's plan. The motion may also ask the Court to direct banks to honor prepetition checks for such amounts and authorize the Debtor to replace prepetition checks that have been dishonored.

15. 15. Interim motion for order authorizing Debtor to pay claims for contributions contributions to employee benefit plans in an amount not to exceed a specified amount, which amount shall be set forth in the motion, and stating the rationale and process for making the decision to make such payments. If the motion requests authority to pay amounts in excess of the amounts set forth in 11 U.S.C. § 507(a)(4) (as modified by 11 U.S.C. § 104(b)), a list of the position/job titles of all employees on whose behalf those payments will be made should be

10

attached, with the propriety of those requests to be considered on a case-by-case basis. The motion also shall state whether, and the extent to which, the claims proposed to be paid constitute Priority Claims and, if such claims are not Priority Claims, explain why those claims should be afforded the treatment requested in the motion and whether such claims are proposed to be paid in full on consummation of the Debtor's plan.

16. 16. Interim motion for an order authorizing Debtor to reimburse employee business expenses in amounts not to exceed a specified amount per employee and not to exceed a specified aggregate amount, which amounts shall be set forth in the motion, and stating the rationale and process for making the decision to make such payments. The motion also shall state whether, and the extent to which, the claims proposed to be paid constitute Priority Claims and, if such claims are not Priority Claims, explain why those claims should be afforded the treatment requested in the motion and whether such claims are proposed to be paid in full on consummation of the Debtor's plan.

17. 17. Interim motion for an order authorizing Debtor to pay other prepetition claims, not to exceed a specified aggregate amount, which amount shall be set forth in the motion. The motion should describe the types of claims that the Debtor proposes to pay (e.g. trade creditors supplying critical goods or services, others involved in the routine, day-to-day operations and business of the Debtor, holders of claims beyond the effective jurisdictional power of the Court) and the rationale and process behind the decision to make such payments. The motion also shall state whether, and the extent to which, the claims proposed to be paid constitute Priority Claims or lien claims and whether such claims are proposed to be paid in full on consummation of the Debtor's plan.

18. 18. Interim motion for an order authorizing Debtor to honor prepetition customer claims (e.g. refund of deposits, lay-a-way plans, gift cards, loyalty programs) and warranties, not to exceed specified aggregate amounts, which amounts shall be set forth in the motion, stating the rationale and process for making such payments. The motion also shall state whether, and the extent to which, the claims proposed to be paid constitute Priority Claims and explain why those claims should be afforded the treatment requested in the Motion and whether such claims are proposed to be paid in full on consummation of the Debtor's plan.

19. 19. Interim motion for an order authorizing continued performance without assumption of specified executory contracts and unexpired leases, including payment of prepetition amounts due and owing thereunder in an amount not to exceed a specified aggregate amount. The motion shall describe all contracts and leases subject to the motion and whether, and the extent to which, the aggregate prepetition claims proposed to be paid are believed to be Priority Claims or lien claims, explain why such claims should be afforded the treatment requested in the

11

4898-3405-5574.5 18502.002

motion and whether such claims are proposed to be paid in full on consummation of the Debtor's plan.

20. 20. Interim motion for an order prohibiting utilities from altering, refusing or discontinuing service on account of prepetition claims based on a showing of adequate assurance under 11 U.S.C. § 366 and establishing procedures for determining requests for additional adequate assurance.

21. 21. In a case involving a proposed sale of any or all of the Debtor's assets, motion for an order authorizing and scheduling a process by which the Debtor may sell its assets free and clear of liens, claims and interests and approving notice of such process and any auction procedures and related matters.

**D. D. Requests for Related Relief Need Not be Filed in Separate Motions**

With the exception of the Prepack Scheduling Motion, motions for related First Day Orders need not be filed as separate motions. For example, in a given case it may be appropriate to combine cash collateral and financing motions or to address all employee-related matters in a single motion.

## XVII. VII. ORGANIZATIONAL MEETING; CREDITORS' COMMITTEE

Unless the Court finds that a meeting of creditors need not be convened pursuant to 11 U.S.C. § 341(e), after the filing of the chapter 11 petition the Debtor shall notify creditors of the date, time and place of the meeting of creditors pursuant to 11 U.S.C. § 341(a) and Fed. R. Bankr. P. 2003(a), as well as the other information set forth in Part X.B.2 below.

If a meeting of creditors pursuant to 11 U.S.C. § 341(a) has not yet been convened before the date upon which the plan is confirmed, no such meeting will be convened if the order confirming the plan or order entered substantially contemporaneously therewith contains a provision waiving the convening of such a meeting, in which case the Debtor shall cause a notice thereof to be sent if prior notice of such meeting had been sent.

## XVIII. VIII. LAST DATE FOR FILING PROOFS OF CLAIM OR INTEREST

A last date to file proofs of claim or interest will not be set unless the Debtor seeks an order fixing such a deadline for filing proofs of claim or proofs of interest.

## XIX. IX. VOTING PERIOD; BALLOTS; MULTIPLE VOTES; NOTICE PRESUMPTIONS

### A. Voting Period Guidelines

Fed. R. Bankr. P. 3018(b) requires the Court to consider whether "an unreasonably short" time was prescribed for creditors and equity security holders as described therein to accept or reject the plan prepetition. Under ordinary circumstances, in

12

4898-3405-5574.5 18502.002

determining whether the time allowed for casting acceptances and rejections on the Debtor's plan satisfied Fed. R. Bankr. P. 3018(b), the Court will approve as reasonable:

1. 1.　For securities listed or admitted to trading on the New York Stock Exchange or American Stock Exchange or any international exchanges quoted on NASDAQ, and for securities publicly traded on any other national securities exchange ("Publicly Traded Securities"), a twenty-one (21) day voting period, measured from the date of commencement of mailing.

2. 2. For securities which are not Publicly Traded Securities and for debt for borrowed money which is not evidenced by a Publicly Traded Security, a fourteen (14) day voting period, measured from the date of commencement of mailing.

3. 3. For all other claims and interests, a twenty-one (21) day voting period, measured from the date of commencement of mailing, or, in the case of unknown claimants and interest holders, publication.

## B.　Shorter or Longer Voting Period

Nothing herein is intended to preclude (i) a shorter voting period if it is justified in a particular Case under the Bankruptcy Rules, or (ii) any party in interest from demonstrating that the presumptions set forth above were not reasonable in a particular Case.[19]

## C.　Ballot

1. 1. The Debtor may use a ballot substantially in the form of the Official Form 314 - Ballot For Accepting or Rejecting Plan in connection with a prepackaged plan solicitation;

provided that the ballot recipient is given, along with the ballot, sufficient notice explaining that ballots that ballots are being solicited prepetition in the context of a contemplated Prepackaged Chapter 11 Case consistent with these Guidelines.

2. 2. A Master Ballot Form in substantially the form attached as Exhibit "A" may be used to report voting by beneficial owners of claims and interests; provided that the recipient of the master ballot form is given sufficient notice, which may be set forth in the master ballot, explaining that master ballots are being solicited prepetition in the context of a contemplated Prepackaged Chapter 11 Case consistent with these Guidelines and directing the recipient of the master ballot to expeditiously seek and tabulate on the master ballot the votes of the applicable beneficial holders of claims and interests, as applicable.

---

[19] For example, such circumstances may exist, and should be addressed by the Prepack Scheduling Motion, when a Prepackaged Chapter 11 Case involves a large number of foreign or unknown creditors or interest holders whose claims or interests are proposed to be impaired under the plan, or parties to executory contracts and unexpired leases affected by the plan.

13

4898-3405-5574.5 18502.002

3. The ballot may include information in addition to that set forth on the Master Ballot Form and may request and provide space for the holder of a claim or interest to vote on matters in addition to the plan. For example, the ballot may seek and record (i) votes relating to an exchange offer, (ii) consents to or votes with respect to benefit plans, (iii) elections provided for in the plan (or exchange offer), and (iv) the opportunity to indicate an agreement to the recipient's release of non-Debtor parties as provided in the plan.

### D. Multiple Votes

If the holder of a claim or interest changes its vote during the prepetition voting period, only the last timely ballot cast by such holder shall be counted in determining whether the plan has been accepted or rejected unless the disclosure statement (or other solicitation document) clearly provides for some other procedure for determining votes on the plan, subject to Fed. R. Bankr. P. 3018(a).

### E. Transmittal to Record Holders and Others under Rule 3018(b)

Fed. R. Bankr. P. 3018(b) requires the Court to consider whether the plan was transmitted to substantially all creditors and equity security holders of the same class. In making that determination, the Court will take into account (i) whether the Debtor transmitted the plan and disclosure statement (or other solicitation document) in substantial compliance with applicable non-bankruptcy law, rules, or regulations and (ii) the fact that creditors and equity security holders who are not record holders of the securities upon which their claims or interests are based generally assume the risk associated with their decision to hold their securities in "street name."

### XX. X. PREPETITION AND POSTPETITION NOTICE

#### A. A. Prepetition Notice

The Debtor shall provide notice to parties in interest proposed to be solicited before the commencement of the case under 11 U.S.C. § 1126(b) and Fed. R. Bankr. P. 3018(b) of (i) the deadline to submit a ballot (as provided in Part IX hereof); (ii) the deadlines to file and serve an objection to the proposed disclosure statement/solicitation materials and/or to confirmation of the plan (unless cause to shorten is established under the Bankruptcy Rules, at least twenty-eight (28) days);[20] and (iii) the proposed date of the combined hearing on the adequacy of the disclosure statement (or other solicitation documents) and confirmation of the plan (unless cause to shorten is established under the Bankruptcy Rules, at least twenty-eight (28) days). Such deadlines shall leave sufficient time for the Court to review any such objection (in a Rapid PrepackagedPrepack

---

[20] The Debtor (i) should address circumstances that may require additional notice, such as when a Prepackaged Chapter 11 Case involves a large number of foreign or unknown creditors or interest holders whose claims or interests are proposed to be impaired under the plan, or parties to executory contracts and unexpired leases affected by the plan, and (ii) as noted, may also, after the commencement of the case, seek an order shortening such notice period.

14

Chapter 11 Case, sufficient time shall constitute no less than twenty-four (24) hours before the hearing except for cause shown).

A paper copy of such notice must be mailed, although electronic notice additionally may be provided. Such prepetition notice should inform the recipient of the Debtor's intention to obtain confirmation of the plan in a Prepackaged Chapter 11 Case under these Guidelines, including that any objection to the adequacy of the disclosure statement/solicitation materials and/or confirmation of the plan may not be treated as timely if not filed and served as provided in the notice. These Guidelines contemplate that the deadlines for some or all classes to object to the adequacy of disclosure under 11 U.S.C. § 1126(b) and/or confirmation of the plan may be (i) set prepetition along with the ballot deadline, or (ii) set for a date postpetition, as long as, in each case, the notice requirements of the Bankruptcy Rules are met as subsequently approved postpetition.

**B.**    B.        **Postpetition Notices**

1. Notice of Commencement of Case

Notice of the commencement of the Prepackaged Chapter 11 Case shall be provided as set forth in Fed. R. Bankr. P. 2002(f)(1), as may be limited by the Court under Fed. R. Bankr. P. 9006(c). It shall be sent to, among other parties in interest, those parties in interest who received any prepetition notices and solicitation documents.

2. Notice of Hearing on Disclosure Statement and Confirmation of Plan

Notice of the time to file objections to, and the hearing on, approval of the disclosure statement and confirmation of the plan, which hearings, as noted in these Guidelines, will be combined whenever practicable, shall be provided as required by Fed. R. Bankr. P. 2002(b) and (d) and 3017, as may be limited by the Court under such Rules or Fed. R. Bankr. P. 9006(c). Such notice shall inform parties in interest of the deadline to file and serve any objection in connection with such hearing(s), leaving sufficient time for the Court to review any such objection (in a Rapid Prepackaged Chapter 11 Case, sufficient time shall constitute no less than twenty-four (24) hours before the hearing except for cause shown).

Paper copy of the notice must be mailed; service of a notice of electronic filing will not suffice, although also may be provided. No further distribution of the plan and disclosure statement (or other solicitation document) to parties who received such notice and documents prepetition is required unless requested by a party in interest.

3. Postpetition Hearing Notice Contents

Where the disclosure statement has not been approved by the Court prior to confirmation, the Debtor shall prepare and mail paper copies to all parties in interest of a Notice of Confirmation Hearing and Hearing on Approval of

15

Disclosure Statement (or other solicitation documents) ~~in substantially the form annexed hereto as Exhibit "B"~~ (the "Hearing Notice"). The Hearing Notice must:

- set forth (i) the date, time and place of the hearing to consider compliance with disclosure requirements and confirmation of the plan, and (ii) the date and time by which objections to the foregoing must be served and filed and include a chart summarizing plan distributions;

- set forth the name, address and telephone number of the person from whom copies of the plan and disclosure statement (or other solicitation document) can be obtained (at the Debtor's expense);

- state that the plan and disclosure statement (or other solicitation document) can be viewed electronically and explain briefly how electronic access to these documents may be obtained;

- clearly summarize the plan's proposed treatment of classes of claims and interests; and

- summarize such other information regarding the plan's effect on the rights of parties in interest as deemed relevant for such a notice.

Either the Hearing Notice or a separate notice must:

- set forth the date, time and place of the § 341(a) meeting and state that such meeting will not be convened if (i) the plan is confirmed prior to the date set for the § 341(a) meeting and (ii) the order confirming the plan (or order entered substantially contemporaneously therewith) contains a provision waiving the convening of such a meeting.

## C. Service

~~1.~~ 1. The Hearing Notice shall be served upon (i) record (registered) holders of debt and equity securities (determined as of the record date under Fed. R. Bankr. P. 3018(b) specified in the disclosure statement or other solicitation document) that were entitled to vote on the plan, (ii) record (registered) holders of all other claims and interests of any class (determined as of a record date that is not more than fourteen (14) days prior to the date of the filing of the petition), (iii) all other creditors listed in the Debtor's schedules, unless the Debtor is not seeking to bar and subsequently discharge claims, in which case schedules may not be required to be filed, (iv) the U.S. Trustee, (v) all indenture trustees, (vi) any committee(s) that may have been appointed, (vii) the United States (in accordance with Fed. R. Bankr. P. 2002(j)) and (viii) as required by the Bankruptcy Rules.

~~2.~~ 2. The Prepack Scheduling Motion should describe the proposed procedures (including any prepetition procedures) for transmitting the Hearing Notice to

4898-3405-5574.5 18502.002

beneficial holders of stock, bonds, debentures, notes, and other securities, and the judge shall determine the adequacy of those procedures and enter such orders as deemed appropriate under the Bankruptcy Code and Bankruptcy Rules. The Hearing Notice may be transmitted prepetition to parties impaired under the plan, as well as to other parties in interest.

**D.  Time Period**

The Hearing Notice shall be mailed (including, as noted above, prepetition) at least twenty-eight (28) days prior to the scheduled hearing date on confirmation of the plan and adequacy of the disclosure statement or other solicitation documents unless the Court shortens such notice period as permitted by the applicable Bankruptcy Rules. The Prepack Scheduling Motion should seek any such shortening of the notice period, such as for parties in interest that are not impaired under or otherwise affected by the plan and for parties who received sufficient notice prepetition.

**XXI.  ~~XI.~~  DUE PROCESS ORDER**

A plan in a Prepackaged Chapter 11 Case may propose to affect parties in interest notwithstanding the plan's proposed unimpairment of their claim. For example, the Debtor may propose to (a) reject an executory contract or unexpired lease, (b) assume or assume and assign an executory contract or unexpired lease or seek a "ride through" order, or (c) seek to disallow or reduce certain claims or interests. The plan may not effectuate such a result without sufficient notice and the opportunity for a hearing. Recognizing that the prompt resolution of such issues may be important to the overall reorganization, in the Prepack Scheduling Motion the Debtor may seek entry of an order scheduling the Court's determination of such issues and approving the notice thereof to parties in interest within a time consistent with due process and the applicable Bankruptcy Rules, and in a manner that adequately preserves the party in interests' rights under the plan if the plan goes effective before the hearing is completed and a ruling is obtained (such order, a "Due Process Order").

**XXII.  ~~XII.~~  COMBINED HEARINGS**

The hearings on the Debtor's compliance with either 11 U.S.C. § 1126(b)(1) or 11 U.S.C. § 1126(b)(2), as applicable, and on confirmation of the plan in a Prepackaged Chapter 11 Case shall be combined whenever practicable.

~~17~~

4898-3405-5574.5 18502.002

**EXHIBIT "A"**

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

_____

**[NAME OF DEBTOR],**

-       -       -       -       **Debtor.**

**[DEBTOR'S ADDRESS] Tax**

**ID No.** _____-_____

_____

**MASTER BALLOT FOR ACCEPTING OR REJECTING PREPACKAGED PLAN OF REORGANIZATION OF [NAME OF DEBTOR] TO BE FILED UNDER CHAPTER 11 OF THE BANKRUPTCY CODE MASTER BALLOT FOR VOTING ___% NOTES (Class: ___% NOTE CLAIMS) [Insert exact name of Notes/Bonds]** [Insert CUSIP # If Applicable]

THE **VOTING DEADLINE** BY WHICH YOUR MASTER BALLOT MUST BE ***RECEIVED*** BY [DEBTOR or DEBTOR'S AGENT] IS  : _____ _____– .M., EASTERN TIME ON____–_____–_____ . IF YOUR MASTER BALLOT IS NOT RECEIVED ON OR BEFORE THE VOTING DEADLINE THE VOTES REPRESENTED BY YOUR MASTER BALLOT WILL NOT BE COUNTED.

This Master Ballot is to be used by you, as a broker, bank, or other nominee (or as their proxy holder or agent) (each of the foregoing, a "Nominee"), for beneficial owners of [NAME OF SECURITIES] (the "_____% Notes") issued by [NAME OF DEBTOR], to transmit the votes of such holders in respect of their _____% Notes to accept or reject the chapter 11 plan of reorganization (the "Plan") described in, and attached as Exhibit "_____" to the Disclosure Statement, dated_____, _____(the "Disclosure Statement") provided to you. Before you transmit such votes, please review the Disclosure Statement carefully, including the voting procedures explained in Section _____.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you and the beneficial owners of _____% Notes for which you are the Nominee if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class that vote on the Plan, and by the holders of two-thirds in amount of equity security interests in each class that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. [If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the class or classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.]

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER BALLOT, AND RETURN IT SO THAT IT IS RECEIVED BY [DEBTOR or DEBTOR'S AGENT] ON OR BEFORE THE VOTING DEADLINE OF ___:____ .M., EASTERN TIME, ON____ _____, _____. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED, AND TIMELY**

**RECEIVED, THE VOTES TRANSMITTED BY THIS MASTER BALLOT WILL NOT BE COUNTED.**

_____

\* This form ballot does not contemplate multiple securities within the same class.

[Master Ballot Code]

**Item 1.**  **Certification of Authority to Vote.**  The undersigned certifies that as of the _____ _____, _____ record date, the undersigned (please check the applicable box):

☐ Is a broker, bank, or other nominee for the beneficial owners of the aggregate principal amount of _____% Notes listed in item 2 below, and is the registered holder of such securities, or

☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder of the aggregate principal amount of _____% Notes listed in Item 2 below, or

☐ Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered holder of the aggregate principal amount of _____% Notes listed in Item 2 below,

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the beneficial owners of the _____% Notes described in Item 2 below.

**Item 2.**  **Class_____ (_____% Note Claims) Vote.**  The undersigned transmits the following votes of beneficial owners in respect of their _____% Notes, and certifies that the following beneficial owners of _____% Notes, as identified by their respective customer account numbers set forth below, are beneficial owners of such securities as of the ___ _____, _____ record date and have delivered to the undersigned, as Nominee, Ballots casting such votes (Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.  Please note: Each beneficial owner must vote *all* his, her, or its Class_____ claims (_____% Notes) *either* to accept or reject the Plan, and may *not* split such vote.):

| Your Customer Account Number for Each Beneficial Owner of _____% Notes | Principal Amount of _____% Notes Voted to ACCEPT the Plan | | Principal Amount of ___% Notes Voted to REJECT the Plan |
|---|---|---|---|
| 1. | $ | OR | $ |
| 2. | $ | OR | $ |
| 3. | $ | OR | $ |
| 4. | $ | OR | $ |
| 5. | $ | OR | $ |

2

4898-3405-5574.5 18502.002

| 6. | $ | OR | $ |
|---|---|---|---|
| 7. | $ | OR | $ |
| 8. | $ | OR | $ |
| 9. | $ | OR | $ |
| 10. | $ | OR | $ |
| **TOTALS** | **$** | | **$** |

**Item 3.** **Certification As to Transcription of Information From Item 3 As to Other _____% Notes Voted by Beneficial Owners.** The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by beneficial owners in Item 3 of the _____% Note Ballots, identifying any other _____% Notes for which such beneficial owners have submitted other Ballots:

| **YOUR customer account number for each beneficial owner who completed Item 3 of the _____% Note Ballot** | **TRANSCRIBE FROM ITEM 3 OF [____]% NOTES BALLOT:** | | |
|---|---|---|---|
| | **Account Number** *(Transcribe from Item 3 of _____% Note Ballot)* | **Name Holder** *(Transcribe from Item 3 of _____% Note Ballot)* | **Principal Amount of Other _____% Notes Voted** *(Transcribe from Item 3 of _____% Note Ballot)* |
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |
| 5. | | | $ |
| 6. | | | $ |
| 7. | | | $ |
| 8. | | | $ |
| 9. | | | $ |
| 10. | | | $ |

**Item 4.** **Certification.** By signing this Master Ballot, the undersigned certifies that each beneficial owner of _____% Notes listed in Item 2, above, has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Broker, Bank, or Other Nominee:

_____ - _____ - _____

(Print or Type)

3

4898-3405-5574.5 18502.002

Name of Proxy Holder or Agent for Broker, Bank, or Other Nominee (if applicable):

_____
(Print or Type)

Social Security or Federal Tax I.D. No.:_____
(If Applicable)

Signature:_____

By:_____
(If Appropriate)

Title:_____
(If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number:_____

Date Completed:_____

THIS MASTER BALLOT MUST BE RECEIVED BY [DEBTOR or DEBTOR'S AGENT], BEFORE ___:____ ____.M., EASTERN TIME, ON ____ ____, _____ OR THE VOTES TRANSMITTED HEREBY WILL NOT BE COUNTED.

[PLEASE NOTE: BALLOTS AND MASTER BALLOTS WILL *NOT* BE ACCEPTED BY FACSIMILE TRANSMISSION.]

IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BALLOTS, DISCLOSURE STATEMENT, OR OTHER RELATED MATERIALS, PLEASE CALL [DEBTOR or DEBTOR'S AGENT], AT _____.

THE DEBTOR IS SEEKING CONFIRMATION OF THE PLAN AS PART OF A PREPACKAGED CHAPTER 11 CASE, AS DESCRIBED IN THE PREPACKAGED CHAPTER 11 CASE GUIDELINES OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK (LOCAL RULE 3018-2). THE ACCEPTANCES AND REJECTIONS OF THE PLAN SET FORTH HEREIN THEREFORE WILL BE SUBJECT TO 11 U.S.C. § 1126(b) AND SUCH GUIDELINES. HOWEVER, IT IS IMPERATIVE THAT ALL DEADLINES SET FORTH HEREIN BE OBSERVED PENDING ANY FURTHER DETERMINATIONS BY THE COURT PRESIDING OVER SUCH CASE.

4

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

**VOTING DEADLINE:**

The Voting Deadline is _____:_____.m., Eastern Time, on _____, unless extended by the Debtor.  To have the vote of your customers count, you must complete, sign, and return this Master Ballot so that it is received by [DEBTOR or DEBTOR'S AGENT], [ADDRESS], *on or before* the Voting Deadline.

**HOW TO VOTE:**

If you are both the registered owner *and* beneficial owner of any principal amount of _____% Notes and you wish to vote such _____% Notes, you may complete, execute, and return to [DEBTOR or DEBTOR'S AGENT] *either* a _____% Note Ballot or a _____% Note Master Ballot.

**If you are transmitting the votes of any beneficial owners of _____% Notes other than yourself, you may** *either:*

1. Complete and execute the _____% Note Ballot (other than Items 2 and 3) and deliver to the beneficial owner such "prevalidated" _____% Note Ballot, along with the Disclosure Statement and other materials requested to be forwarded.  The beneficial owner should complete Items 2 and 3 of that Ballot and return the completed Ballot to [DEBTOR or DEBTOR'S AGENT] so as to be received before the Voting Deadline;

*OR*

2. For any _____% Note Ballots you do not "prevalidate":

Deliver the _____% Note Ballot to the beneficial owner, along with the Disclosure Statement and other materials requested to be forwarded, and take the necessary actions to enable such beneficial owner to (i) complete and execute such Ballot voting to accept or reject the Plan, and (ii) return the completed, executed Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to [DEBTOR or DEBTOR'S AGENT] before the Voting Deadline; and

With respect to all _____% Note Ballots returned to you, you must properly complete the Master Ballot, as follows:

a. Check the appropriate box in Item 1 on the Master Ballot;

b. Indicate the votes to accept or reject the Plan in item 2 of this Master Ballot, as transmitted to you by the beneficial owners of _____% Notes.  To identify such beneficial owners without disclosing their names, please use the customer account number assigned by you to each such beneficial owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each beneficial owner and the assigned number).

~~**IMPORTANT: BENEFICIAL OWNERS MAY *NOT* SPLIT THEIR VOTES.**~~

~~**EACH BENEFICIAL OWNER MUST VOTE *ALL* HIS, HER, OR ITS _____% NOTES *EITHER* TO ACCEPT OR REJECT THE PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT [DEBTOR or DEBTOR'S AGENT] IMMEDIATELY.** Any Ballot or Master Ballot which is validly executed but which does not indicate acceptance or rejection of the Plan by the indicated beneficial owner or which impermissibly attempts to split a vote will not be counted;~~

~~c. Please note that Item 3 of this Master Ballot requests that you transcribe the information provided by each beneficial owner from Item 3 of each completed _____% Note Ballot relating to other _____% Notes voted;~~

~~d. Review the certification in Item 4 of the Master Ballot;~~

~~e. Sign and date the Master Ballot, and provide the remaining information requested;~~

~~f. If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;~~

~~g. Contact [DEBTOR or DEBTOR'S AGENT] to arrange for delivery of the completed Master Ballot to its offices; and~~

~~h. Deliver the completed, executed Master Ballot so that it is actually *received* by [DEBTOR or DEBTOR'S AGENT] on or before the Voting Deadline. For each completed, executed _____% Note Ballot returned to you by a beneficial owner, either forward such Ballot (along with your Master Ballot) to [DEBTOR or DEBTOR'S AGENT] or retain such _____% Note Ballot in your files for one year from the Voting Deadline.~~

~~**PLEASE NOTE:**~~

~~This Master Ballot is not a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. [DEBTOR or DEBTOR'S AGENT] will not accept delivery of any such certificates surrendered together with this Master Ballot. Surrender of securities for exchange may only be made by you, and will only be accepted pursuant to a letter of transmittal which will be furnished to you by the Debtor following confirmation of the Plan by the United States Bankruptcy Court.~~

~~No Ballot or Master Ballot shall constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.~~

*[Different first page setting changed from on in original to off in modified.].*
~~4896-3495-3572.23 4889-3201~~
~~4900-8664-5399.1 18832.10001~~

Case 1-20-10322-CLB, Doc 4651-4, Filed 03/13/26, Entered 03/13/26 15:57:49, Description: Exhibit , Page 23 of 28

You must retain the _____% Note Ballots that you have received and processed on this Master Ballot until such time as an order has been entered by the United States Bankruptcy Court confirming the Plan.

No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan. [We will, however, upon request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Ballots and other enclosed materials to the beneficial owners of ____% Notes held by you as a nominee or in a fiduciary capacity. We will also pay all transfer taxes, if any, applicable to the transfer and exchange of your securities pursuant to and following confirmation of the Plan.]

---

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTOR [OR THE DEBTOR'S AGENT], OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BALLOTS, DISCLOSURE STATEMENT, OR OTHER RELATED MATERIALS, PLEASE CALL [DEBTOR or DEBTOR'S AGENT], AT _____.**

---

**EXHIBIT "B"**

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| - ---------------------------------- | x |
| In re | : |
|  | : Chapter 11 Case No. |
| [NAME] | |
|  | ____ ____ (___) |
| - | : |
| - Debtor. | : |
|  | : Tax ID No. |
|  | _____ |
| [DEBTOR'S ADDRESS] | : |
| - | x |
| - ---------------------------------- | |

**SUMMARY OF CHAPTER 11 PLAN AND NOTICE OF HEARING TO CONSIDER (i)**

## ~~DEBTOR'S COMPLIANCE WITH DISCLOSURE REQUIREMENTS AND (ii) CONFIRMATION OF PLAN OF REORGANIZATION~~

~~**NOTICE IS HEREBY GIVEN** as follows:~~

~~1. On _____, _____ (the "Petition Date"), [NAME OF DEBTOR], the above-captioned debtor (the "Debtor"), filed with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") a proposed plan of reorganization (the "Plan") and a proposed disclosure statement (the "Disclosure Statement") pursuant to §§ 1125 and 1126(b) of title 11 of the United States Code (the "Bankruptcy Code"). Copies of the Plan and the Disclosure Statement may be obtained upon request of Debtor's counsel at the address specified below and are on file with the Clerk of the Bankruptcy Court, [ADDRESS], where they are available for review between the hours of 8:30 a.m. — 5:00 p.m. The Plan and Disclosure Statement also are available for inspection on the PACER (Public Access to Court Electronic Records) website at https://pacer.uscourts.gov/ [and the website of the claims and noticing agent at \_\_\_\_.]~~

~~Summary of Plan of Reorganization~~

~~2. [Provide one paragraph general description of salient Plan provisions, including whether proponent requests confirmation pursuant to 11 U.S.C. § 1129(b).] Votes on the Plan were solicited prior to the Petition Date. The following chart summarizes the treatment provided by the Plan to each class of claims and interests and indicates the acceptance or rejection of the Plan by each class entitled to vote.~~

| ~~CLASS~~ | ~~CLASS DESCRIPTION~~ | ~~IMPAIRMENT/TREATMENT~~ | ~~ACCEPT/ REJECT~~ |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

~~Hearing to Consider Compliance with Disclosure Requirements~~

~~3. A hearing to consider compliance with the disclosure requirements, any objections to the Disclosure Statement, and any other matter that may properly come before the Bankruptcy Court will be held before the Honorable _____, United States Bankruptcy Judge, in Room \_\_\_\_ of the United States Bankruptcy Court, [ADDRESS], on _____ at \_\_\_\_: \_\_\_\_ \_\_\_\_.m. or as soon thereafter as counsel may be heard (the "Disclosure Compliance Hearing"). The Disclosure Compliance Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Disclosure Compliance Hearing or at an adjourned Disclosure Compliance Hearing and will be available on the electronic case filing docket.~~

4.     Any objections to the Disclosure Statement shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall set forth the name of the objector, the nature and amount of any claims or interests held or asserted by the objector against the estate or property of the Debtor, the basis for the objection, and the specific grounds therefor, and shall be filed with the Bankruptcy Court, with a copy delivered directly to Chambers, together with proof of service thereof, and served upon the following persons so as to be received on or before _____ _____, _____, at 5:00 p.m. (Eastern Time):

| | |
|---|---|
| (i) [NAME AND ADDRESS OF DEBTOR'S COUNSEL] | (ii) [NAME AND ADDRESS OF COMMITTEE COUNSEL] |
| (iii) [NAME AND ADDRESS OF BANK COUNSEL] | (iv) [NAME AND ADDRESS OF INDENTURE TRUSTEE] |
| (v) OFFICE OF THE UNITED STATES TRUSTEE<br>Alexander Hamilton Custom House<br>One Bowling Green, Suite 534<br>New York, NY 10004-1408<br>Attn: | |

[AND IF APPLICABLE:]

| | |
|---|---|
| (vi) OFFICE OF THE UNITED STATES ATTORNEY FOR THE SOUTHERN DISTRICT OF NEW YORK<br>In accordance with Fed. R. Bankr. P. 2002(j) | (vii) SECURITIES AND EXCHANGE COMMISSION<br>In accordance with Fed. R. Bankr. P. 2002(j) |

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

Hearing on Confirmation of the Plan

5.     A hearing to consider confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Bankruptcy Court shall be held before the Honorable _____, United States Bankruptcy Judge, in Room _____ of the United States Bankruptcy Court, [ADDRESS], immediately following the Disclosure Compliance Hearing referred to above or at such later time as determined by the Bankruptcy Court at the conclusion of the Disclosure Compliance Hearing (the "Confirmation Hearing").  The Confirmation Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Confirmation Hearing or at an adjourned Confirmation Hearing.

6.     Objections to the Plan, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall set forth the name of the objector, the nature and amount of any claims or interests held or asserted by the objector against the estate or property of the Debtor, the basis for the objection, and the specific grounds

thereof, and shall be filed with the Bankruptcy Court, with a copy delivered directly to Chambers, together with proof of service thereof, and served upon the persons set forth in paragraph 4 above so as to be received on or before _____, _____, at 5:00 p.m. (Eastern Time).  **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

7. The times fixed for the Confirmation Hearing and objections to confirmation of the Plan may be rescheduled by the Bankruptcy Court in the event that the Bankruptcy Court does not find compliance with the disclosure requirements at the Disclosure Compliance Hearing. Notice of the rescheduled date or dates, if any, will be provided by an announcement at the Disclosure Compliance Hearing or at an adjourned Disclosure Compliance Hearing and will be available on the electronic case filing docket.

Section 341(a) Meeting

8. A meeting pursuant to section 341(a) of the Bankruptcy Code (the "Section 341(a) Meeting") shall be held at the United States Bankruptcy Court, in room_____, [ADDRESS], on _____, _____ at _____: _____.m. Such meeting will not be convened if (i) the Plan is confirmed prior to the date set forth above for the Section 341(a) Meeting and (ii) the order confirming the Plan (or order entered substantially contemporaneously therewith) contains a provision waiving the convening of a Section 341(a) Meeting.

Dated: New York.  New York
       _____ ____, _____

BY ORDER OF THE COURT


_____
United States Bankruptcy Judge

[NAME, ADDRESS, AND
TELEPHONE NUMBER OF
DEBTOR'S COUNSEL]

| Summary report: Litera Compare for Word 11.10.1.2 Document comparison done on 3/13/2026 11:33:51 AM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** nd://4900-8664-5399/1/SDNY Prepack Guidelines.docx | |
| **Modified DMS:** nd://4896-3032-0022/2/DOB Proposed Rapid Prepackaged Chapter 11 Procedures.docx | |
| **Changes:** | |
| Add | 108 |
| Delete | 285 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 7 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 2 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 402 |