John Quain
3094 Small Canyon Dr.
Highland Ca. 92346
jrquain@gmail.com
Ph. 805 440 4213



BANKRUPTCY COURT WESTERN DISTRICT NEW YORK

AB 714 Doe/John R. Quain, Pro se

vs.

Stella Niagara Education Park et al
Dioceses of Buffalo

Case No.: Number 810833/2021

PROCEDURAL DEFECT

I submit this complaint to describe a procedural defect involving attorneys who were relieved as counsel but did not complete the required withdrawal steps. According, to the Courts Order, Counsels was permitted to withdraw on or about April 25,2024. However, the attorneys, Jeff Anderson Esq. and Steven Boyd Esq. did not execute the necessary documents or update the docket. Because of these omissions the attorneys remained listed as attorneys of record for approximately two years. During this period multiple attempts were made by Quain to file documents and plead in Court, but the efforts were repeatedly denied. Neither the Judge nor Quain were aware of counsel's negligence and the resulting denial of agency.

Counsels procedural error was damaging to this client. This prejudice is structural and cannot be undone merely by restoring agency going forward. The twenty-

PLEADING TITLE - 1

three-month loss of representation resulted in the loss continuity, the inability to maintain my litigation posture and the erosion of my ability to respond in real time to case developments. The combination of the clerk blocked filings and the inability to act following explicit direction from the Judge in open Court constitutes actual documented prejudice. Given the duration and impact of this defect I will need more time to reconstruct a timeline of events and accurately assess the damage and recommend appropriate remedies to the Court.

I make no allegation regarding intent: I am reporting only the factual sequence of events and the adverse impact on my litigation. The complainant recognizes the Courts limited ability to mitigate damages resulting from counsels' negligence.

However, AB714 Doe requests the Court Order a telephonic hearing with Messrs. Anderson, Boyd and Quain to determine what ethical obligations may have been compromised by counsels' actions or failure to act. The Courts restoration of agency does not address the ethical dilemma caused by counsels' failure to act on the Judge's Order of April 25, 2024.

John R. Quain

4/13/2026

Cc. Anderson/Boyd

PLEADING TITLE - 2

# UNITED STATES BANKRUPTCY COURT

___ Western_____ DISTRICT OF New York_____

In re:

**Procedural Defect**

Debtor.

**Case No.:** _810833/2021_____     **Chapter:** ___11_____

## PROOF OF SERVICE BY MAIL

I, ____John R. Quain_____,
declare:

1. I am over the age of 18.

2. My mailing address is:   3094 Small Canyon Dr. Highland Ca. 92346

3. On ____April 13, 2026_____, I served the following document(s):

**Notice of Procedural Defect**

4. I served the document(s) by placing a true and correct copy in a sealed envelope with first-class postage fully prepaid and depositing the envelope for collection and mailing with the United States Postal Service at:
   **City:** __Highland _____
   **State:**Ca._____

5. The envelope(s) were addressed as follows:
   **Name:** _
   Judge Carl Bucki_____
   **Address:** _R.H. Jackson Courthouse 2 Niagara Square .Buffalo Ny

**City, State ZIP:** 14202_____

(Additional recipients may be listed on an attached page.)

Anderson/Boyd

---

**DECLARATION**

I declare under penalty of perjury that the foregoing is true and correct.

**Date:** _4/13/2026_____

**Signature:** _____

**Printed Name:** _____
_____John Quain_____