F I L E D

APR 1 6 2026

BANKRUPTCY COURT
BUFFALO, NY

John Quain
3094 Small Canyon Dr.
Highland Ca. 92346
jrquain@gmail.com
Ph. 805 440 4213

BANKRUPTCY COURT WESTERN DISTRICT NEW YORK

AB 714 Doe/John R. Quain, Pro se

vs.

Stella Niagara Education Park et al
Dioceses of Buffalo

Case No.: Number 20-10322-CLB

PROCEDURAL DEFECT

I submit this complaint to establish a record of the procedural defect involving attorneys who were relieved as counsel but did not complete the required withdrawal.

On or about April 25,2024 by Order of Judge Carl Bucki attorneys, Jeff Anderson Esq. and Steven Boyd Esq., were released as counsels of record for AB714Doe. Counsels Anderson and Boyd did not execute the necessary documents or update the docket. Because of these omissions the attorneys remained listed as attorneys of record for approximately two years. During this period multiple attempts were made by Quain to file documents and plead in Court, but the efforts were repeatedly denied. Neither the Judge nor Quain were aware of counsel's negligence and the resulting denial of agency.

Counsels procedural error was damaging to this client. This prejudice is structural

PLEADING TITLE - 1

and cannot be undone merely by restoring agency going forward. The twenty-three-month loss of representation resulted in the loss continuity, the inability to maintain my litigation posture and the erosion of my ability to respond in real time to case developments. The combination of the clerk blocked filings and the inability to act following explicit direction from the Judge in open Court constitutes actual documented prejudice. Given the duration and impact of this defect I will need more time to reconstruct a timeline of events and accurately assess the damage and recommend appropriate remedies to the Court.

I make no allegation regarding intent: I am reporting only the factual sequence of events and the adverse impact on my litigation.  The complainant recognizes the Courts limited ability to mitigate damages resulting from counsels' negligence.

However, AB714 Doe requests the Court Order a telephonic hearing with Messrs. Anderson, Boyd and Quain to determine what ethical obligations may have been compromised by counsels' actions or failure to act. The Courts restoration of agency does not address the ethical dilemma caused by counsels' failure to act on the Judge's Order of April 25, 2024.

_____

John R. Quain

Cc. Anderson/Boyd

PLEADING TITLE - 2

Courts treat such defects as structural errors requiring correction.

## Citations

- **Fed. R. Civ. P. 60(b)(1)** — relief for "mistake, inadvertence, surprise, or *excusable neglect,*" including procedural irregularities.

- **Fed. R. Civ. P. 60(b)(4)** — judgments void where *"a procedural irregularity deprived a party of notice or the opportunity to be heard."*

- **Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)** — due process requires *"notice and opportunity to be heard"*; procedural defects that prevent participation violate this requirement.

- **Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84–86 (1988)** — procedural defects that deny a party the ability to appear or defend require reversal without showing merits prejudice.

- **New York example:** *Matter of Ladd v. Stevenson,* 112 N.Y. 325, 332 (1889) — courts may vacate orders where *"a defect of procedure has deprived a party of a substantial right."*

Exceptins

Ex Party

Case 1-20-10322-CLB, Doc 4716, Filed 04/16/26, Entered 04/16/26 15:21:27, Description: Main Document , Page 3 of 3