UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------------
In re

      THE DIOCESE OF BUFFALO, N.Y.,                    BK 20-10322 CLB


                    Debtor.                  <u>DECISION & ORDER</u>
--------------------------------------------------------

                Bond, Schoeneck & King, PLLC
                Stephen A. Donato, Esq., Charles J. Sullivan, Esq.,
                Grayson T. Walter, Esq., Brendan M. Sheehan, Esq., of counsel
                One Lincoln Center
                Syracuse, New York 13202-1355
                Attorneys for The Diocese of Buffalo, N.Y.

                Pachulski Stang Ziehl & Jones LLP
                Ilan D. Scharf, Esq., James I. Stang, Esq.,
                Iain A.W. Nasitir, Esq., Karen B. Dine, Esq., of counsel
                780 Third Avenue, 34th Floor
                New York, New York 10017
                Attorneys for Official Committee of Unsecured Creditors

                Office of the U.S. Trustee
                Joseph W. Allen, Esq., Jill M. Zubler, Esq., of counsel
                Olympic Towers
                300 Pearl Street, Suite 401
                Buffalo, New York 14202

                Steve Boyd, PC
                Stephen Boyd, Esq., of counsel
                2969 Main St., Suite 100
                Buffalo, New York 14214
                Attorneys for Various Claimants

                Lipsitz Green Scime Cambria
                Amy C. Keller, Esq., of counsel
                42 Delaware Avenue, Suite 120
                Buffalo, New York 14202
                Attorneys for Various Claimants

                Woods Oviatt Gilman LLP
                Timothy P. Lyster, Esq., of counsel
                1900 Bausch & Lomb Place
                Rochester, New York 14604
                Co-Counsel for Parish Steering Committee

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

On February 27, 2026, this Court issued a decision holding that a reorganization plan in Chapter 11 can release claims against third parties only with the express consent of affected creditors.  We found that the mere opportunity to "opt-out" of a settlement cannot suffice to establish such acquiescence.  *See In re Diocese of Buffalo, N.Y.*, ____ B.R. ____, 2026 WL 585099 (Bankr. W.D.N.Y 2026).  Both the Official Committee of Unsecured Creditors (the "Committee") and the Diocese of Buffalo, N.Y. (the "Diocese" or "Debtor") now move for reconsideration.  Alternatively, the Committee requests authorization to take an expedited appeal to the Court of Appeals and proposes the issuance of guidelines for a "pre-packaged" plan of reorganization.  Meanwhile, the Debtor requests an extension of time to file an amended disclosure statement and plan.

We incorporate by reference our opinion of February 27, inasmuch as it recites the relevant facts and reasoning of the Court.  In support of their motions for reconsideration, the Debtor and Committee direct our attention to two recent decisions, both of which implied consent from a failure to opt-out of a proposal for third-party releases.  *See In re Container Store Group, Inc.*, ___ B.R. ___, 2026 WL 395898 (S.D.Tex. 2026) and *In re Lutheran Home and Services for the Aged, Inc.*, ___ B.R. ___, 2026 WL 626606 (Bankr. N.D.Ill. 2026).  Unquestionably, these rulings confirm the existence of divergent views.  We respect these other opinions, but are persuaded more by the reasoning of those cases that have insisted that creditors opt-in to proposals for a release of third parties.  Nothing in the motions for reconsideration

has changed our position that silence does not imply consent. Seeing no need to repeat our prior analysis, we now reiterate the same conclusion. Accordingly, the motions for reconsideration are denied.

Although this Court will not change its ruling on requirements for consent, the split of authority suggests a need for appellate review. In the aftermath of the Supreme Court's decision in *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024), trial courts have operated without the benefit of controlling precedents on this issue. Consequently, we accept the Committee's request for an expedited appeal to the Second Circuit Court of Appeals.

In the Second Circuit, bankruptcy appeals are normally presented first to the District Court and only then to the Court of Appeals. *See* 28 U.S.C. § 158(a). However, in special instances, 28 U.S.C. § 158(d)(2) also authorizes a more direct review:

> "The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court . . . acting on its own motion or on the request of a party to the judgment, order, or decrees described in such first sentence . . . certify that-
>
> > (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> > (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> > (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

and if the court of appeals authorizes the direct appeal
of the judgment, order, or decree."

Here, a direct appeal is warranted under all of the alternative grounds stated in the statute.  The requirements of consent have yet to be resolved by either the Court of Appeals or the Supreme Court.  Indeed, in *Purdue Pharma*, the Supreme Court chose not "to express a view on what qualifies as a consensual release."   603 U.S. at 226.  Moreover, as shown by the exigencies of the present case, the issue of consent is a matter of public importance.  A direct appeal is further justified by the conflicting decisions that Bankruptcy Courts have rendered in this circuit and across the country.  Additionally, a decision on any appeal would materially advance the progress of this case, which has already been open for more than six years.  Otherwise, we face the prospect of multiple layers of appeal that might cause even greater delay.

In our decision of February 27, we agreed with the view of District Judge Cote that "outside of rare exceptions, consent cannot be implied from silence." *In re GOL Linhas has Aéreas Inteligentes S.A.*, 675 B.R. 125, 131 (S.D.N.Y. 2025).  Her ruling is now under appeal to the Second Circuit.  An expedited appeal by the Diocese and Committee may also allow an opportunity for the Circuit to review the decision of this Court at the same time that it examines the similar matter that it has under consideration.

No matter how we set the requirements for consent, the Debtor might wish to consider other options for the release of claims against third parties. In particular, the Diocese of Buffalo identifies a need to resolve claims that are being asserted not only against the Debtor, but also against affiliated entities such as parishes.  In conjunction

with two other bankruptcies of a Catholic diocese, parishes initiated separate bankruptcy proceedings for the purpose of confirming a pre-packaged plan of reorganization. This Court offers no advice about the utility of a pre-packaged proceeding in Chapter 11. Nonetheless, to facilitate this option, we intend to issue a case management order setting guidelines for its exercise. Parties with an interest in the present bankruptcy proceeding will be allowed until May 1, 2026, to offer any suggestions regarding the content of such an order.

In its Decision and Order of February 27, this Court directed the Debtor and Committee to file a first amended disclosure statement and plan by March 31, 2026. The Diocese now seeks an extension of this deadline. The anticipated appeal may delay the final approval of consent procedures, but that is no reason to defer the consideration of other issues. Whether they incorporate an "opt-in" or "opt-out" approach, a revised disclosure statement and plan will provide a framework for review. Our goal is to address other open disputes, so that upon completion of the appellate process, we might proceed more promptly toward confirmation. In response to the Court's question, counsel for the debtor stated that they could provide revised documents by June 1. Finding that this timetable falls within a range of reasonable expectation, we will now direct the filing of an amended disclosure statement and plan by that date.

## Conclusion

The motions for reconsideration of the Decision and Order of February 27, 2026, are denied. However, for the reasons stated herein, this Court certifies grounds for a

direct appeal to the Court of Appeals.  All parties with an interest in this case are invited by May 1, 2026, to submit suggestions for a case management order that will apply to pre-packaged bankruptcy filings by parishes or other affiliated entities.  The deadline for submission of an amended disclosure statement and plan is extended to June 1, 2026.

    So ordered.


Dated: April 3, 2026                         /s/ Carl L. Bucki                                      
      Buffalo, New York                    Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.