Dear Clerk,                                                    4/28/2026

I have been denied agency for over two years. The Fifth Amendment holds a federal court cannot maintain a barrier that prevents a litigant from being heard.

Canon 3{A}{4} of Code of Conduct for U.S. Judges, which prohibit ex parte communications **except** when **"authorized by law"** or when necessary for **"administrative or emergency purposes"** and does not confer a tactical advantage.

Federal case Law holding that courts must correct procedural barriers that prevent a party from accessing the docket or participating in their own case.

Under this exception, the COURT MAY:

Receive a pro se litigant's ex parte <u>letter</u> or motion for the purpose of restoring access.

Convene a status conference to address the procedural defect.

Issue an order clarifying representation status.

Reopen or correct filings that were ***improperly rejected*** as ex parte.

Authorities cited for the Court's convenience. See *Armstrong v Manzo* 380 U.S. 545 {1965}[EX.A]

*Peralta V Heights Med. Ctr., Inc.* 485 U.S. 80 {1988} {Ex.B}; Inre Taylor, 567 F.2d 1183 {2d CIR. 1977} [Ex.C}

2026Ministerial duty under 28 U.S.C $956

I note, with a loss of agency a letter would have been *legally sufficient* notice for the Court to act. There is no tactical advantage to a party seeking to cure a structural prejudice.

Any further compounding of structural errors of procedure resulting in the continued loss of agency is an untenable miscarriage of justice which must be brought to the attention of the Judge. A two-year loss of agency irreparably damaged the plaintiffs' litigation posture which a restoration of agency does not cure.

The enforcement of my **Rights to Representation** under the **Fifth Amendment are not optional.**

*[signature]*   4/26/2026

<div style="border:1px solid">

F I L E D

**May 1, 2026**

BANKRUPTCY COURT
BUFFALO, N.Y.

</div>