# Exhibit B

Case 1-20-10322-CLB, Doc 4976-2, Filed 07/22/26, Entered 07/22/26 17:16:01, Description: Exhibit B, Page 1 of 12

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

In re:

THE DIOCESE OF BUFFALO, N.Y.,                    Chapter 11

                Debtor.          Case No.: 1-20-10322-CLB

## ANSWERS OF SAVE OUR BUFFALO CHURCHES, INC. TO THE OFFICIAL COMMITTEE OF UNSECURED CCREDITORS' FIRST SET OF INTERROGATORIES PROPOUNDED TO SAVE OUR BUFFALO CHURCHES, INC. FOR ENTRY OF AN ORDER AUTHORIZING INTERVENTION TO APPEAR AND BE HEARD PRUSUANT TO 11 U.S.C. § 1109(b) AND RULE 2018 (a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Save Our Buffalo Churches, Inc. ("SOBC"), by and through its attorneys, Baumeister Denz LLP, Arthur G. Baumeister, Jr., Esq., of counsel, as and for its Answers to the Official Committee of Unsecured Creditors' First Set of Interrogatories (the "Interrogatories"), states the following:

## GENERAL OBJECTIONS

1. SOBC objects to the Interrogatories on the grounds and to the extent that they ask for privileged information, including, without limitation, information that is protected by the attorney-client privilege, that is protected by the attorney work product doctrine, that was prepared in anticipation of litigation, that constitutes or discloses the mental impressions, conclusions, opinions, legal theories or strategies or any attorney or other representative of SOBC concerning this or any other litigation, or that is protected by any privilege or immunity.

2. SOBC objects to the Interrogatories on the grounds and to the extent that they purport to require SOBC to disclose information in the possession, custody and control of entities other than SOBC or not known or reasonably available to SOBC.

1

3.    SOBC objects to the Interrogatories on the grounds and to the extent that their definitions and instructions seek to impose requirements inconsistent with or beyond those of the Federal Rules of Bankruptcy Procedure.

4.    The objections of SOBC to the Interrogatories are made without waiving or intending to waive, but on the contrary, reserving and intending to reserve;

a.  The right to object to the competence, relevance, materiality, privilege and admissibility as evidence for any purpose of the responses, objections or documents, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation;

b.  The right to object on any ground to the use of the responses, objections or documents, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation; and

c.  The right to object at any time to any other interrogatories, document requests or requests for admission.

## ANSWERS TO INTERROGATORIES

The forgoing objections are hereby incorporated and made a part of each of the following answers and objections as though fully set forth therein. These answers are provided without waiver or limitation of the foregoing objections. SOBC reserves the right at any time to revise, supplement, correct, add to or clarify these answers on the basis of newly acquired information or information otherwise coming to the attention of its attorneys after service of these responses (whether via discovery herein or otherwise), or as required by the Federal Rules of Bankruptcy Practice or for any other reason. Each answer contained herein shall be deemed as answering the request it immediately follows and any other request to which it is factually and/or legally responsive.

2

References to "Disc. #" refer to the electronic production of documents made pursuant to SOBC's Response to the Official Committee of Unsecured Creditors' Request for Production of Documents ("SOBC Response to Document Demand").

INTERROGATORY NO. 1: Briefly describe the SOBC's mission and most significant activities.

RESPONSE: SOBC is a non-profit corporation, designated as a public benefit corporation to operate exclusively for educational and charitable purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code, or the corresponding section of any future Federal tax code. The specific purpose of SOBC is to: (a) Act as a hub 'core group' conduit connecting interested parishioners and parish recourse groups of the Diocese of Buffalo with St. Joseph Canon Law Foundation ("SJCLF") in the pursuit of the vindication of their rights under Canon Law, pro-bono; (b) provide information and SJCLF-based education related to diocese-proposed or decreed parish modification activity to support appeal processes; (c) Appeal the Road to Renewal program for the entire diocese; (d) Act according to the counsel of SJCLF in response to any diocesan decree or act deemed by SJCLF to be objectionable or restrictive to the rights of the faithful; (e) Attempt by way of education and social media/conventional media presence to mitigate or reverse data-evidenced deleterious effects of top-down, aggressive closure and modification schemes; (f) Promote the defense of parish life and assist in preserving the Catholic Church's presence in the Diocese of Buffalo's territory.

INTERROGATORY NO. 2: Identify SOBC's current and former officers, directors, and trustees since formation, including names, positions, any compensation received, dates of service, and responsibilities relating to the Motion.

RESPONSE: Elizabeth Zilbauer, President, no compensation 11/24 to present; provided information and edits to the Motion; Patrick Gorman, Vice-President, no compensation 11/24 to present; Mary Beth Pruski, Treasurer & Secretary, no compensation 11/24 to resent; provided information and edits to the Motion.

INTERROGATORY NO. 3: Identify all of SOBC's employees (as that term is used in connection with Internal Revenue Service Form 990).

RESPONSE: SOBC has no employees. It is an all-volunteer organization. See Disc 1d IRS 990-N Form/

INTERROGATORY NO. 4: Describe SOBC's organizational structure, including any committees, advisory boards, subsidiaries, affiliates, or joint ventures.

RESPONSE: SOBC does not have committees, advisory boards, etc.

INTERROGATORY NO. 5: Identify all individuals who participated in the decision to file the Motion and their roles at SOBC.

RESPONSE: All officers of SOBC and some volunteers participated in the decision to file the Motion, including volunteer civil attorney, Mr. Timothy Greenan.

INTERROGATORY NO. 6: State all facts supporting SOBC's contention that it is a "party in interest" under 11 U.S.C. § 1109(b), including, without limitation, whether SOBC asserts any claim, right to payment, lien, security interest, executory contract, lease, or other direct pecuniary, property, or legal interest in the Debtor or its bankruptcy estate.

RESPONSE: All facts set forth in SOBC's Response to Document Demand and underlying document production. SOBC claims the right to organize and submit relevant Vatican/Dicastery for the Clergy

4

Decision documents for the Court's reflection and consideration on behalf of the parishioners affiliated with SOBC.

INTERROGATORY NO. 7:   State all facts supporting SOBC's contention that it is an "interested entity" entitled to permissive intervention "for cause" under Fed. R. Bankr. P. 2018(a) and identify with specificity the "cause" asserted; identify all Documents and Communications supporting your answer and all persons with knowledge.

RESPONSE:   The attorneys retained to represent the parishes, the Debtor and the Official Committee of Unsecured Creditors have not acknowledged nor informed the court that the Roman Catholic Hierarchy (Holy See/Dicasteries)  has ruled against Bishop Fisher's decreed procurement and use of funds for the Bankruptcy Settlement. This information has been made widely known to all parishioners in the Diocese of Buffalo through local TV, radio coverage and social media. Parish procurators and SOBC Officers are on public record stating these Vatican decisions.

INTERROGATORY NO. 8:   State whether SOBC asserts any authority to act for, represent, or bind any Parish, parish corporation, parishioner(s), donors, or other constituency; for each such person or entity, identify the nature and source of SOBC's authority (including mandates, authorizations, assignments, or powers of attorney), the scope and duration of such authority, and the specific matters for which such authority is claimed; identify all Documents evidencing same.

RESPONSE:   SOBC is a coalition of like-minded parishioners across the DOB who are unified under the counsel of St. Joesph Canon Law Foundation in exercising the vindication of their rights under Canon Law Rights against unjust parish actions by the DOB. These parishioners selected a single procurator for their

5

parish, signed mandates appointing the procurator with a delineated scope of authority to act on their behalf. SOBC provided the conduit of information and templates to participate in the Canon Law Recourse process through SJCLF, and Philip Gray, JCL. See Disc 16 Example parish mandate for scope and duration of effect.

INTERROGATORY NO. 9: Identify with specificity each issue in the Chapter 11 case on which SOBC seeks to "raise and be heard," describe the relief or outcome SOBC seeks on each such issue, and explain in detail why SOBC contends that no existing party adequately represents SOBC's asserted interests; identify all supporting Documents and persons with knowledge.

RESPONSE: See Response No. 7 above. In light of Justice John Delmonte's decision in *Rozak et al., v. Diocese of Buffalo, et al., N.Y. Sup. Ct., Erie Cty, Index No. 811414/2025* (the " Rozak Action") and *Reid, et al. v. Diocese of Buffalo, et al. N.Y. Sup. Ct., Erie Cty, Index No.8ll4l4/2025* (the Reid Action"), pointing to the authority of the Diocese's hierarchical superiors in this matter, SOBC wishes the Court to be made aware of the Vatican (hierarchical) rulings on the bankruptcy settlement funds, prohibiting both the method of procurement and funding storage. The DOB has not complied with these hierarchical decisions. See Disc 14 Decrees, Vatican/Dicastery for the Clergy Suspensions and Revocations.

INTERROGATORY NO. 10: Describe all sources and amount of Your funding since formation, including donations, grants, membership dues, fundraising campaigns, or other revenue.

RESPONSE: Solicitation of donations have occurred during public meetings, on our web page and word of mouth. No fee is charged. See Disc 6 SOBC web page Donation Request and process.

INTERROGATORY NO. 11: Identify all donors to You of amounts greater than $500.

6

RESPONSE: 2025: One corporate grant from Bank of America Charitable Fund $500. 2025 Three private donors in excess of $500. 2026: One corporate grant from Bank of America Charitable Fund $250. Two private donors in excess of $500.

INTERROGATORY NO. 12: Identify all arrangements for payment of fees or expenses related to the Motion.

RESPONSE: Baumeister Denz LLP has been retained to represent SOBC. Arrangements are subject to attorney – client privilege.

INTERROGATORY NO. 13: Identify any contracts, memoranda of understanding, term sheets, side letters, engagement letters, or other agreements between You and the Diocese and/or any Parish.

RESPONSE: SOBC has none.

INTERROGATORY NO. 14: Identify any donations, transfers, or payments to or from You, the Diocese and/or any Parish, including the purpose, restrictions, amounts, dates, authorizations, and related corporate or other approvals.

RESPONSE: Donations made to The St. Joseph Foundations, The Buffalo Irish Center and The Broadway Market (provided space & services free-of charge).

INTERROGATORY NO. 15: Describe SOBC's knowledge or understanding Concerning claims of child sexual abuse against the Diocese and/or any Parishes.

RESPONSE: SOBC's knowledge of CVA claims has been formed through information gained from TV, radio, social media and other public documents.

7

INTERROGAROY NO. 16: Identify and describe your relationship to the (i) St. Joseph Foundation, (ii) Justice for All Coalition, or (iii) any other organization concerning, any issue raised in the Motion, the bankruptcy case, plan funding, Parish Assessments, Canon Law issues, or potential alternative funding sources (including the Cabrini Fund).

RESPONSE: The St. Joseph Canon Law Foundation provides proprietary Canon Law interpretation, instruction, and content format for Recourse activities. The Justice for All Coalition provided historical and current information on the source of the Cabrini Fund, literature and draft of NYS legislature bill to release funds to CVA victims across NYS.

INTERROGATORY NO. 17: Identify each individual affiliated are associated with the Justice For All Foundation that has communicated with SOBC regarding the Diocese or the Parishes.

RESPONSE: David Catalfamo with the New York City/Long Island Justice for All Coalition.

INTERROGATORY NO. 18: Identify and describe a legal basis for the Diocese, Parishes or any plaintiff in a case under the CVA or ASA to obtain a settlement payment from the Cabrini Fund.

RESPONSE: The legal claim is rooted in the affirmations of the NYC Justice For All Group that the proceeds from the Archdiocese of New York sale of non-profit insurance company Fidelis to a for profit entity purposefully bypassed the NYS Legislature review process. It was through the external intervention with then Governor Cuomo, that the total sale funds were allowed to be rapidly sequestered into a newly created protected foundation, therefore non-discoverable by the financial courts when the CVA victim lawsuits were filed within weeks of this transaction. The attorneys for the JFA/NYC group created the legal recourse to expose this situation and legally require through a bill passage in the NYS Legislature to remit

8

one billion dollars to the JFA Fund to be distributed to CVA of the Catholic Church throughout NYS using a payment program like the 911 Victim fund distribution. The parishes in the Buffalo Diocese would be awarded a total of $120M (pay back monies taken then forward remainder to the settlement fund) to cover their share of the Chapter 11 agreement.

INTERROGAROY NO. 19: Identify any lawsuits or administrative proceedings involving You and the Diocese and/or Parishes, including the "consortium" civil suit You reference in the Motion, and describe Your role or relationship to any plaintiffs or counsel relating to any such actions.

RESPONSE: SOBC was contacted by a partner parish procurator in July 2025, who stated they wanted to move forward with a civil lawsuit to delay their Assessment Program payment to the DOB until their Recourse Appeal to the Vatican/Dicastery for the Clergy would be decided. SOBC then shared this strategy with all the parish groups who were invited by the original parish group to join in the civil action under the council of Myers-Flaherty. A total of five parishes joined together in the action and payment for the lawsuit. SOBC provided communication links and documents as requested by this group. Later, a second group of four parishes requested to join in the lawsuit for a total of nine parish groups requesting assessment payment deferral until the Vatican decision is known.

INTERROGATORY NO. 20: State all facts supporting SOBC's First Amendment or constitutional arguments asserted as a basis for intervention, including the specific constitutional provisions invoked, the governmental action challenged, the nature of the alleged injury, and how intervention will redress that injury; identify all supporting Documents and persons with knowledge.

RESPONSE: SOBC has supported and assisted parish groups in formally exercising their rights to appeal the potentially Canonically illicit decrees and/or acts of the Bishop of Buffalo. The Dicastery for the Clergy

9

has rendered many suspensions and approximately eight Assessment Program revocations. Yet, the DOB continues to enforce their program and not return the collected funds to these parishes as ordered by the Dicastery of the Clergy. Under the First Amendment, these Catholic parishioners are being denied their due process rights of communicating these important Vatican judgements within these civil law proceedings, and there is the question of whether the parishioners' First Amendment rights have been violated through procedural violations of, i.e., NYS Non-Profit Religious Corporation Law, in the way assessment fund transfer meetings were conducted and resolutions handled, i.e. in the absence of fully populated trustee boards, or resolutions signed after abstaining trustees were replaced by new trustees, therefore, throwing into question the authentic representation of the juridic person of the parish in these meetings and transactions.. In essence, the Assessment Program and use of merged patrimony funds as proposed by the Bishop would allow him to use a secular court decision to justify an illegal act under Canon Law. These actions by the bishop and diocese officials have caused great harm to the spiritual and financial life of parishes, as well as loss of trust and faith. SOBC seeks to present the Vatican decision documents for the court's knowledge and consideration that the DOB procurement of funds from the parishes has and continues to violate the rights of said Roman Catholic Parishioners as ruled by the Vatican yet ignored by the very counsel appointed by the DOB to protect the parishioner's rights in this proceeding.

INTERROGATORY NO. 21: Identify all persons with knowledge of facts asserted in the Motion and the bases for Your standing or interest.

RESPONSE: Persons with knowledge of facts within the Motion include the SOBC officers, parish procurators and their mandators, volunteers – all told of nearly 4,000 people.

10

Case 1-20-10322-CLB, Doc 4976-2, Filed 07/22/26, Entered 07/22/26 17:16:01, Description: Exhibit B, Page 11 of 12

INTERROGATORY NO. 22: Identify any law firm, consultant, public relations firm, lobbyist, or third party relating retained or consulted by you.

RESPONSE:   St. Joseph Canon Law Foundation; Timothy Greenan, Esq., Baumeister Denz LLP.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Buffalo, New York
July 10, 2026

/s/ Mary Pruski
Mary Pruski,
Secretary/Treasure of
Save Our Buffalo Churches, Inc.


**BAUMEISTER DENZ LLP**


By:      /s/ Arthur G. Baumeister, Jr.
Arthur G. Baumeister, Jr., Esq.
*Attorneys for Save Our Buffalo Churches, Inc.*
174 Franklin Street, Suite 2
Buffalo, New York 14202
(716) 852-1300
abaumeister@bdlegal.net

11