UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Case |
| | ) | |
| THE DIOCESE OF BUFFALO, N.Y., | ) | Case No. 20-10322 |
| | ) | |
| Debtor. | ) | |

## ORDER GRANTING TWELFTH APPLICATION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF CHELUS, HERDZIK, SPEYER & MONTE P.C. AS SPECIAL COUNSEL TO THE DIOCESE

Upon consideration of the *Twelfth Application for Interim Compensation and Reimbursement of Expenses of Chelus, Herdzik, Speyer & Monte, P.C., as Special Counsel for the Diocese* [Docket No. 4815] (the "Chelus Twelfth Interim Fee Application"),[1] and the Court being fully advised in the premises and a hearing having been held before the Court on July 28, 2026 to consider the Chelus Twelfth Interim Fee Application (the "Hearing"):

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The Court has jurisdiction to consider the Chelus Twelfth Interim Fee Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. Venue is proper pursuant to 28 U.S.C. § 1409.

D. Proper and adequate notice of the Chelus Twelfth Interim Fee Application and the Hearing was given and no other or further notice is required.

E. The services provided by Chelus, Herdzik, Speyer & Monte P.C. ("Chelus") during the period August 1, 2025 through January 31, 2026 (the "Twelfth Interim Compensation Period"),

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Chelus Twelfth Interim Fee Application.

23932213.v2

as set forth in the Chelus Twelfth Interim Fee Application, were reasonable, necessary and beneficial to the chapter 11 estate of The Diocese of Buffalo, N.Y. (the "Diocese").

F.  The compensation requested in the Chelus Twelfth Interim Fee Application, as modified on the record at the Hearing, is fair and reasonable given: (a) the complexity of tasks assigned; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of the services rendered; and (e) the costs of comparable services.

G.  The expense reimbursement sought in the Chelus Twelfth Interim Fee Application represents actual and necessary expenses incurred in connection with this Chapter 11 Case.

H.  The legal and factual bases set forth in the Chelus Twelfth Interim Fee Application and at the Hearing establish just cause for the relief granted herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Chelus Twelfth Interim Fee Application is granted as set forth herein.

2.  Any objections to the Chelus Twelfth Interim Fee Application, or to the compensation and expense reimbursement sought therein, that have not been made, withdrawn, waived, or settled on the record at the Hearing, and all reservations of rights included therein, are hereby overruled and disallowed on the merits.

3.  Chelus' fees for professional services rendered during the Twelfth Interim Compensation Period are allowed on an interim basis in the reduced amount of $74,641.00.

4.  Reimbursement of Chelus' expenses incurred during the Twelfth Interim Compensation Period is allowed on an interim basis in the amount of $9,612.14.

5.  The Diocese is authorized and directed to promptly pay to Chelus the fees and expenses allowed herein, less any amounts previously paid to Chelus pursuant to the *Order*

2

23932213.v2

*Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committees* [Docket No. 362].

6. All fees and expenses allowed herein shall remain subject to final approval by the Court upon further application pursuant to 11 U.S.C. § 330(a)(5).

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be effective and enforceable immediately upon its entry. Any subsequent modification or vacatur of this Order shall not invalidate or impair any actions taken pursuant to this Order prior to such modification or vacatur.

8. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: August __7__, 2026
      Buffalo, New York



_____
Honorable Carl L. Bucki
Chief United States Bankruptcy Judge

FILED
AUG – 7 2026
BANKRUPTCY COURT
BUFFALO, NY

23932213.v2