**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 20-10322 (CLB) |
| THE DIOCESE OF BUFFALO, NY, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**CENTURY'S STATEMENT IN CONNECTION**
**WITH DISCLOSURE STATEMENT**

Century[1] hereby submits this Statement in Connection with motion to approve the Disclosure Statement and Century's prior Request for Relief pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure [Dkt. No. 4529]. In support of this Statement, Century respectfully states as follows:

1. At the hearing on November 18, 2025, the Debtor and Committee announced they had reached settlements and entered into written settlement term sheets with Century and the Debtor's remaining insurers (collectively, the "Settled Insurers"), except for Catholic Mutual and Allianz which settled shortly thereafter. *See* Diocese's Letter (Dkt. No. 4109); Nov. 18, 2025, Hr. Tr. at 7:5-7, 12:9-14. The mediator confirmed that the Debtor and Committee agreed upon a written term sheet consummating the settlements. *Id*. At the November 18, 2025, hearing the Court was told that "we have to document settlement agreement itself. And we'd like to do that expeditiously." Nov. 18, 2025, Hr. Tr. at 11:18-20. Century requested that the Court schedule a status conference, to ensure the settlement agreements get done promptly. *Id*. at 19-23.

[1] Aetna Insurance Company f/k/a CIGNA Property & Casualty Insurance Company and n/k/a ACE Property & Casualty Insurance Company, Century Indemnity, as successor in interest to Insurance Company of North America, as successor in interest to Indemnity Insurance Company of North America, Federal Insurance Company, Pacific Employers Insurance Company, and U.S. Fire Insurance Company (collectively, "Century").

2. The Debtor has before it the form of model settlement agreement from the Settled Insurers but it has not been signed. The form of insurer settlement agreement and motion to approve should be signed and noticed to claimants with the disclosure statement solicitation package. If this is not done, the Debtor will unnecessarily incur the cost of separate service and publication notice of the motion to approve the settlement agreements. Given the importance of finalizing insurer settlement agreements before the Disclosure Statement and Plan are solicited, Century renews its request that the Court take up this issue if the agreement is not finalized before the conclusion of the Disclosure Statement hearing.

3. While Century and other insurers have binding settlement term sheets, the settlement agreements needs to be done prior to completion of the Disclosure Statement Hearing and issuance of the Disclosure Statement to ensure the adequacy of disclosure and to avoid duplicate noticing costs and any confusion associated with duplicate notice. Mr. Donato has been tied up with other matters. While this is frustrating, it is now pressing that this be completed to save the Diocese the cost of duplicate publication notice.

4. Since November 2025, the Debtor and parishes reached settlements in principle with all of the remaining parish insurers and Debtor insurers. *See* June 10, 2026, Hr. Tr. at 35:1-6 (Committee's counsel emphasized "this is a case where we have a fully, fully, fully, fully settled Plan with Diocesan insurers, Parish-level insurers, Diocese and Parishes that is providing meaningful compensation for almost 900 survivors in this Diocese").

5. More than a month after the Debtor announced a settlement with substantially all its insurers in November, a settlement agreement had not been circulated by the Diocese. Accordingly, on December 23, 2025, Century circulated a form of model settlement agreement to counsel for the Debtor and Committee in order to memorialize the terms of the announced

settlement. Then after the Diocese filed an amended proposed plan and disclosure statement on June 17, 2026, the Settled Insurers revised the form of model settlement agreement to address the changes and sent the Diocese and Committee a copy on June 29, 2026; after a month and a half, the Diocese sent a draft on August 18, 2026.

6. The Settled Insurers responded within a week with a revised draft of the model form insurer settlement agreement on August 24, 2026.[2]

**JURISDICTION AND VENUE**

**WHEREFORE**, Century respectfully requests that this Court consider this Statement and take up the issue of finalizing the settlement agreement at the Disclosure Statement Hearing if it has not been completed before the hearing is completed, and to grant such other and further relief as the Court deems just and proper.

[2] This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1480 and 1409.

Dated: August 25, 2026

Respectfully submitted,

By: */s/ Adam Haberkorn*

**O'MELVENY & MYERS LLP**
TANCRED V. SCHIAVONI
ADAM P. HABERKORN
1301 Avenue of the Americas
Suite 1700
New York, NY 10019
Telephone: (212) 326-2000
Email: tschiavoni@omm.com
ahaberkorn@omm.com

*-and-*

**CLYDE & CO US LLP**
MARIANNE G. MAY
340 Mt. Kemble Ave., Suite 300
Morristown, NJ 07340
Telephone: (973) 210-6700
Email: marianne.may@clydeco.us

*Attorneys for Aetna Insurance Company f/k/a CIGNA Property & Casualty Insurance Company and n/k/a ACE Property & Casualty Insurance Company, Century Indemnity, as successor in interest to Insurance Company of North America, as successor in interest to Indemnity Insurance Company of North America, Federal Insurance Company, Pacific Employers Insurance Company, and U.S. Fire Insurance Company*