UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------
In re
THE DIOCESE OF BUFFALO, N.Y., BK 20-10322 CLB

Debtor. <u>DECISION & ORDER</u>
-----------------------------------------------------

Bond, Schoeneck & King, PLLC
Stephen A. Donato, Esq., Charles J. Sullivan, Esq.,
Grayson T. Walter, Esq., Andrew S. Rivera, Esq.,
Sara C. Temes Esq., of counsel
One Lincoln Center
Syracuse, New York 13202-1355
Attorneys for The Diocese of Buffalo, N.Y.

Pachulski Stang Ziehl & Jones LLP
Ilan D. Scharf, Esq., Karen B. Dine, Esq., of counsel
780 Third Avenue, 34th Floor
New York, New York 10017
Attorneys for Official Committee of Unsecured Creditors

Office of the U.S. Trustee
Joseph W. Allen, Esq., Jill M. Zubler, Esq., of counsel
Olympic Towers
300 Pearl Street, Suite 401
Buffalo, New York 14202

Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

The debtor in this Chapter 11 case proposes that each of hundreds of tort claims be valued at the nominal amount of $1 for purposes of voting on confirmation of a reorganization plan. The question is whether this approach will satisfy the estimation requirements of 11 U.S.C. § 502© and Bankruptcy Rule 3018(a)(4).

The Diocese of Buffalo, N.Y., filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 28, 2020. Since that time, individuals have submitted more than 900 claims for damages arising from alleged instances of sexual abuse. All

of the abuse claims are still disputed and unliquidated. To address these and other claims, the Diocese and the Official Committee of Unsecured Creditors have now proposed a Second Amended Plan of Reorganization that places all of the abuse claims into a single class. A Disclosure Statement in support of this plan was approved by order dated August 28, 2026, and the plan proponents are now soliciting creditor acceptances.

Under 11 U.S.C. § 1129(a)(10), this Court can confirm a plan of reorganization only if at least one impaired class votes its acceptance. Because the Second Amended Plan treats abuse claimants as the only impaired class, the approval of that class is needed to achieve confirmation. Section 1126© of the Code states generally that acceptance of a class of claims will occur only if the plan is accepted by creditors "that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class." Here, the abuse claims remain unliquidated. So how, then, can the court determine whether two-thirds of the dollar amount of claims have voted affirmatively? Section 502© of the Code provides the following guidance: "There shall be estimated for purpose of allowance under this section – (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case."

In an initial draft of the Disclosure Statement, the debtor and committee arbitrarily announced that every abuse claim would be valued at $1 for purposes of voting. However, that approach contradicted the directive of Bankruptcy Rule 3018(a)(4), which states in relevant part that "the court may, *after notice and a hearing*, temporarily allow a claim or interest in an amount that the court considers proper for voting to accept or reject a plan" (emphasis added). Pursuant to the Court's

direction, therefore, the debtor now seeks authorization, by separate motion, to assign only a nominal value to impaired claims.

We appreciate the argument of the debtor, that the estimation of more than 900 claims is a costly process that would delay the timely review of ballots. But we also recognize that the proposed valuation of claims will effectively eviscerate the expectations of 11 U.S.C. § 1126(c), that special weight be given to claims based on their estimated value. If any creditor had objected, the Court might have approached the debtor's request differently. Instead, we view its motion as also a notification of estimated values that no creditor wishes to challenge. More than that, the Committee even gives its support to the valuation. In the context of creditor default, the motion of the debtor is granted.

Conclusion

For the reasons stated herein, for purposes of voting on acceptance of the Joint Second Amended Plan of Reorganization, each claim of abuse victims will be assigned the nominal value of $1.

So ordered.

Dated: October 16, 2026
Buffalo, New York

/s/ Carl L. Bucki
Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.