United States Bankruptcy Court
Western District of New York

In re: | Case No. 20-10322-CLB
The Diocese of Buffalo, N.Y. | Chapter 11
Debtor

# CERTIFICATE OF NOTICE

District/off: 0209-1 | User: admin | Page 1 of 31
Date Rcvd: Oct 28, 2026 | Form ID: pdforder | Total Noticed: 3

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 29, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | The Diocese of Buffalo, N.Y., 795 Main Street, Buffalo, NY 14203-1215 |
| pr | + | Charles Mendolera, c/o The Diocese of Buffalo, N.Y., 795 Main Street, Buffalo, NY 14203-1215 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | + | Email/Text: ustpregion02.bu.ecf@usdoj.gov | Oct 28 2026 16:15:00 | Office of the U.S. Trustee, 300 Pearl Street, Suite 401, Olympic Towers, Buffalo, NY 14202-2523 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 29, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 13, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Adam P. Haberkorn | on behalf of Interested Party Century Indemnity as successor in interest to Insurance Company of North America, as successor in interest to Indemnity Insurance Company of North America ahaberkorn@omm.com, adam-haberkorn-2269@ecf.pacerpro.com |
| Adam P. Haberkorn | on behalf of Interested Party Century Indemnity Company as successor in interest to Insurance Company of North America, as successor in interest to Indemnity Insurance Company of North America ahaberkorn@omm.com, adam-haberkorn-2269@ecf.pacerpro.com |

Adam P. Haberkorn
on behalf of Interested Party Aetna Insurance Company ahaberkorn@omm.com adam-haberkorn-2269@ecf.pacerpro.com

Adam P. Haberkorn
on behalf of Interested Party Aetna Insurance Company f/k/a CIGNA Property & Casualty Insurance Company and n/k/a ACE Property & Casualty Insurance Company ahaberkorn@omm.com adam-haberkorn-2269@ecf.pacerpro.com

Adam P. Haberkorn
on behalf of Interested Party Pacific Employers Insurance Company ahaberkorn@omm.com adam-haberkorn-2269@ecf.pacerpro.com

Adam P. Haberkorn
on behalf of Interested Party U.S. Fire Insurance Company ahaberkorn@omm.com adam-haberkorn-2269@ecf.pacerpro.com

Adam Ross Durst
on behalf of Defendant Employers Insurance Company of Wausau (formally known as Employers Insurance of Wausau A Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin) adurst@goldbergsegalla.com bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Notice of Appearance Creditor Employers Insurance Company of Wausau (formerly known as Employers Insurance of Wausau A Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin) adurst@goldbergsegalla.com bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Notice of Appearance Creditor Wausau Underwriters Insurance Company adurst@goldbergsegalla.com bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Defendant Wausau Underwriters Insurance Company adurst@goldbergsegalla.com bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Interested Party Nationwide Insurance Company of America adurst@goldbergsegalla.com bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Interested Party Nationwide Mutual Insurance Company (f/k/a Farm Bureau Mutual Automobile Insurance Company) adurst@goldbergsegalla.com bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Cross Defendant Wausau Underwriters Insurance Company adurst@goldbergsegalla.com bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Defendant Employers Insurance Company of Wausau (f/k/a Employers Insurance of Wausau A Mutual Company f/k/a Employers Mutual Liability Insurance Company of Wisconsin) adurst@goldbergsegalla.com bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Defendant Nationwide Insurance Company of America adurst@goldbergsegalla.com bfaulkner@goldbergsegalla.com

Adam Ross Durst
on behalf of Cross Defendant Employers Insurance Company of Wausau (formally known as Employers Insurance of Wausau A Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin) adurst@goldbergsegalla.com bfaulkner@goldbergsegalla.com

Amy Keller
on behalf of Interested Party Dorian Reeves akeller@lglaw.com sfischer@lglaw.com

Amy Keller
on behalf of Attorney Lipsitz Green Scime Cambria LLP akeller@lglaw.com sfischer@lglaw.com

Amy Keller
on behalf of Interested Party Wyatt Schoenle akeller@lglaw.com sfischer@lglaw.com

Amy Keller
on behalf of Interested Party LG 74 DOE akeller@lglaw.com sfischer@lglaw.com

Amy Keller
on behalf of Creditor POC No. 912 Claimant akeller@lglaw.com sfischer@lglaw.com

Amy Keller
on behalf of Interested Party LG 77 DOE akeller@lglaw.com sfischer@lglaw.com

Amy Keller
on behalf of Defendant JMH 100 Doe et al akeller@lglaw.com, sfischer@lglaw.com

Amy Keller
on behalf of Creditor POC No. 934 Claimant akeller@lglaw.com sfischer@lglaw.com

Amy Keller
on behalf of Interested Party LG 69 DOE akeller@lglaw.com sfischer@lglaw.com

Amy Keller
on behalf of Interested Party HW 4 Doe akeller@lglaw.com sfischer@lglaw.com

Amy Keller
on behalf of Interested Party LG 65 Doe akeller@lglaw.com sfischer@lglaw.com

Amy Keller
on behalf of Interested Party Don E. Whelan akeller@lglaw.com sfischer@lglaw.com

Andrew Janet
on behalf of Interested Party Diana L. O'Hara asjanet@jjsjustice.com

Andrew Janet
on behalf of Interested Party Judith Wilcox Halsey asjanet@jjsjustice.com

Andrew P Fleming
on behalf of Notice of Appearance Creditor Madonna Bishop et al aflem@cf-legal.com

Andrew P Fleming
on behalf of Creditor Abuse Survivors aflem@cf-legal.com

Andrew P Fleming
on behalf of Creditor Madonna Bishop et al. aflem@cf-legal.com

Andrew Scott Rivera
on behalf of Debtor The Diocese of Buffalo N.Y. arivera@bsk.com, kdoner@bsk.com;CourtMail@bsk.com;tayers@bsk.com

Angela Z. Miller
on behalf of Interested Party Catholic Health System Inc. amiller@phillipslytle.com

Antigone Curis
on behalf of Creditor Abuse Survivors acuris7@gmail.com

Arthur G Baumeister, Jr
on behalf of Interested Party Save Our Buffalo Churches Inc. abaumeister@bdlegal.net

Aryeh L Taub
on behalf of Creditor Lillia Ives ataub@p2law.com

Aryeh L Taub
on behalf of Creditor Stephen Connelly ataub@p2law.com

Brendan Sheehan
on behalf of Plaintiff The Diocese of Buffalo N.Y. bsheehan@bsk.com, kdoner@bsk.com;courtmail@bsk.com

Brett S. Theisen
on behalf of Defendant Selective Insurance Company of America (formerly known as Exchange Mutual Insurance Company) btheisen@gibbonslaw.com

Brett S. Theisen
on behalf of Interested Party Selective Insurance Company of New York btheisen@connellfoley.com

Brett S. Theisen
on behalf of Defendant Selective Insurance Company of America (f/k/a Exchange Mutual Insurance Company f/k/a Exchange Mutual Indemnity Insurance Company) btheisen@connellfoley.com

Brian David Barnas
on behalf of Defendant Merchants Mutual Insurance Company bdb@hurwitzfine.com robins@hurwitzfine.com

Brian Jacob Butler
on behalf of Plaintiff The Diocese of Buffalo N.Y. bbutler@bsk.com, cduger@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Brittany Mitchell Michael
on behalf of Interpleader Official Committee of Unsecured Crditors bmichael@pszjlaw.com

Brittany Mitchell Michael
on behalf of Creditor Committee Official Committee of Unsecured Creditors bmichael@pszjlaw.com

Brittany Mitchell Michael
on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors bmichael@pszjlaw.com

Brittany Mitchell Michael
on behalf of Interested Party The Official Committee of Unsecured Creditors bmichael@pszjlaw.com

Bruce Alan Anderson
on behalf of Interested Party Parish Steering Committee baafiling@eaidaho.com

Bruce Alan Anderson
on behalf of Notice of Appearance Creditor Parish Steering Committee baafiling@eaidaho.com

C Kenneth Foit
on behalf of Interested Party Thomas J Cichon ckennethfoit@gmail.com

Catalina Sugayan
on behalf of Interested Party Certain Underwriters at Lloyd's London catalina.sugayan@clydeco.us, Nancy.Lima@clydeco.us

Catalina Sugayan
on behalf of Defendant Certain Underwriters at Lloyds London and Certain London Market Companies catalina.sugayan@clydeco.us, Nancy.Lima@clydeco.us

Charles Edwin Jones
on behalf of Defendant Fireman's Fund Insurance Company charles.jones@lawmoss.com Brenda.murphy@lawmoss.com

Charles Edwin Jones
on behalf of Cross Defendant Fireman's Fund Insurance Company charles.jones@lawmoss.com Brenda.murphy@lawmoss.com

Charles J. Sullivan
on behalf of Plaintiff The Diocese of Buffalo N.Y. csullivan@bsk.com, kdoner@bsk.com;jhunold@bsk.com;CourtMail@bsk.com

Charles J. Sullivan
on behalf of Debtor The Diocese of Buffalo N.Y. csullivan@bsk.com, kdoner@bsk.com;jhunold@bsk.com;CourtMail@bsk.com

Conrad Chiu
on behalf of Notice of Appearance Creditor Judith Wilcox Halsey cchiu@pryorcashman.com bankruptcydocketing@pryorcashman.com

Conrad Chiu
on behalf of Notice of Appearance Creditor Diana L. O'Hara cchiu@pryorcashman.com bankruptcydocketing@pryorcashman.com

Cori Jean Iacopelli
on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors coriiacopelli@marsh.law

Cori Jean Iacopelli
on behalf of Creditor Scott Yerger coriiacopelli@marsh.law

Craig Goldblatt
on behalf of Notice of Appearance Creditor The Continental Insurance Company craig.goldblatt@wilmerhale.com

Daniel F. Brown
on behalf of Interested Party Justin Scott Wisnouskas dbrown@lippes.com mbrennan@lippes.com;r45652@notify.bestcase.com

Daniel J. Chiacchia
on behalf of Creditor John Doe dan@716attorneys.com cori@716attorneys.com

Daniel J. Chiacchia
on behalf of Notice of Appearance Creditor Madonna Bishop et al dan@716attorneys.com, cori@716attorneys.com

Daniel J. Chiacchia
on behalf of Notice of Appearance Creditor BL 1 DOE dan@716attorneys.com cori@716attorneys.com

Daniel J. Chiacchia
on behalf of Creditor Madonna Bishop et al. dan@716attorneys.com, cori@716attorneys.com

Daniel J. Chiacchia
on behalf of Creditor Madonna Bishop et al dan@716attorneys.com, cori@716attorneys.com

Daniel J. Schufreider
on behalf of Interested Party Catholic Mutual Relief Society of America dschufreider@schiffhardin.com

Daniel Walter Gerber
on behalf of Notice of Appearance Creditor NGM Insurance Company (successor-in-interest to National Grange Mutual Insurance Company) dgerber@gerberciano.com hjones@gerberciano.com

Daniel Walter Gerber
on behalf of Defendant NGM Insurance Company (successor-in-interest to National Grange Mutual Insurance Company) dgerber@gerberciano.com hjones@gerberciano.com

Daniel Walter Gerber
on behalf of Notice of Appearance Creditor NGM Insurance Company dgerber@gerberciano.com hjones@gerberciano.com

David Attisani
on behalf of Notice of Appearance Creditor The Continental Insurance Company dattisani@choate.com david-attisani-2688@ecf.pacerpro.com

David C. Christian, II
on behalf of Notice of Appearance Creditor The Continental Insurance Company dchristian@dca.law

David L. Gay
on behalf of Defendant National Union Fire Insurance Company of Pittsburgh PA dgay@carltonfields.com, cguzman@carltonfields.com

David M Spector, I
on behalf of Interested Party Catholic Mutual Relief Society of America dspector@schiffhardin.com

Diane Paolicelli
on behalf of Creditor Stephen Connelly dpaolicelli@p2law.com

Diane Paolicelli
on behalf of Creditor Lillia Ives dpaolicelli@p2law.com

Dirk C. Haarhoff
on behalf of Interested Party Selective Insurance Company of New York dchaarhoff@kslnlaw.com

Dirk C. Haarhoff
on behalf of Defendant Selective Insurance Company of America (formerly known as Exchange Mutual Insurance Company) dchaarhoff@kslnlaw.com

Dominic J. Picca
on behalf of Notice of Appearance Creditor Peerless Insurance Company djpicca@mintz.com jpsmith@mintz.com,docketing@mintz.com,naellman@mintz.com

Dominic J. Picca
on behalf of Notice of Appearance Creditor Excelsior Insurance Company djpicca@mintz.com jpsmith@mintz.com,docketing@mintz.com,naellman@mintz.com

Dominic J. Picca
on behalf of Notice of Appearance Creditor Liberty Mutual Insurance Company djpicca@mintz.com jpsmith@mintz.com,docketing@mintz.com,naellman@mintz.com

Dominic J. Picca
on behalf of Interested Party Excelsior Insurance Company djpicca@mintz.com jpsmith@mintz.com,docketing@mintz.com,naellman@mintz.com

Dominic J. Picca
on behalf of Defendant Liberty Mutual Insurance Company djpicca@mintz.com jpsmith@mintz.com,docketing@mintz.com,naellman@mintz.com

Dominic J. Picca
on behalf of Interested Party Peerless Insurance Company djpicca@mintz.com jpsmith@mintz.com,docketing@mintz.com,naellman@mintz.com

Dominic J. Picca
on behalf of Interested Party Liberty Mutual Insurance Company djpicca@mintz.com jpsmith@mintz.com,docketing@mintz.com,naellman@mintz.com

Douglas R Gooding
on behalf of Interested Party Peerless Insurance Company dgooding@choate.com douglas-gooding-9991@ecf.pacerpro.com

Douglas R Gooding
on behalf of Defendant Liberty Mutual Insurance Company dgooding@choate.com douglas-gooding-9991@ecf.pacerpro.com

Douglas R Gooding
on behalf of Interested Party Liberty Mutual Insurance Company dgooding@choate.com douglas-gooding-9991@ecf.pacerpro.com

Douglas R Gooding
on behalf of Interested Party Excelsior Insurance Company dgooding@choate.com douglas-gooding-9991@ecf.pacerpro.com

Ellen M. Farrell
on behalf of Defendant Peerless Insurance Company emfarrell@mintz.com

Ellen M. Farrell
on behalf of Defendant Liberty Mutual Insurance Company emfarrell@mintz.com

Ellen M. Farrell
on behalf of Defendant Excelsior Insurance Company emfarrell@mintz.com

Everett J. Cygal
on behalf of Interested Party Catholic Mutual Relief Society of America ecygal@schiffhardin.com

Ford Elsaesser, Jr
on behalf of Notice of Appearance Creditor Parish Steering Committee ford@eaidaho.com

Ford Elsaesser, Jr
on behalf of Interested Party Parish Steering Committee ford@eaidaho.com

Fred Lichtmacher
on behalf of Interested Party Stephen M. Parisi empirestatt@aol.com

Fred Lichtmacher
on behalf of Interested Party Matthew Bojanowski empirestatt@aol.com

Garry M. Graber
on behalf of Respondent Foundation of the Roman Catholic Diocese of Buffalo New York ggraber@hodgsonruss.com, mheftka@hodgsonruss.com;cnapiers@hodgsonruss.com

Garry M. Graber

on behalf of Notice of Appearance Creditor M&T Bank ggraber@hodgsonruss.com mheftka@hodgsonruss.com;cnapiers@hodgsonruss.com

Garry M. Graber
on behalf of Special Counsel Hodgson Russ LLP ggraber@hodgsonruss.com mheftka@hodgsonruss.com;cnapiers@hodgsonruss.com

Geoffrey M. Miller
on behalf of Interested Party St. Paul Mercury Insurance Company geoffrey.miller@dentons.com docket.general.lit.nyc@dentons.com

Geoffrey M. Miller
on behalf of Defendant Travelers Casualty and Surety Company (successor-in-interest to Aetna Casualty and Surety Company) geoffrey.miller@dentons.com docket.general.lit.nyc@dentons.com

Geoffrey M. Miller
on behalf of Interested Party U.S. Fidelity and Guaranty Company geoffrey.miller@dentons.com docket.general.lit.nyc@dentons.com

Geoffrey M. Miller
on behalf of Interested Party Travelers Casualty and Surety Company (successor in interest to Aetna Casualty and Surety Company) geoffrey.miller@dentons.com docket.general.lit.nyc@dentons.com

Geoffrey M. Miller
on behalf of Defendant St. Paul Fire and Marine Insurance Company geoffrey.miller@dentons.com docket.general.lit.nyc@dentons.com

Geoffrey M. Miller
on behalf of Defendant U.S. Fidelity and Guaranty Company geoffrey.miller@dentons.com docket.general.lit.nyc@dentons.com

Geoffrey M. Miller
on behalf of Interested Party St. Paul Fire and Marine Insurance Company St. Paul Mercury Insurance Company, Travelers Casualty and Surety Company (successor in interest to Aetna Casualty and Surety Company), Travelers Indemnity geoffrey.miller@dentons.com, docket.general.lit.nyc@dentons.com

Geoffrey M. Miller
on behalf of Interested Party St. Paul Fire and Marine Insurance Company geoffrey.miller@dentons.com docket.general.lit.nyc@dentons.com

Geoffrey M. Miller
on behalf of Interested Party Travelers Indemnity Company (successor in interest to Gulf Insurance Company) geoffrey.miller@dentons.com docket.general.lit.nyc@dentons.com

Glenn Fencl
on behalf of Defendant The National Catholic Risk Retention Group fenclg@jbltd.com castom@jbltd.com

Grady Campion
on behalf of Interested Party Peerless Insurance Company grcampion@mintz.com EMFarrell@mintz.com;mtalario@mintz.com

Grady Campion
on behalf of Interested Party Liberty Mutual Insurance Company grcampion@mintz.com EMFarrell@mintz.com;mtalario@mintz.com

Grady Campion
on behalf of Interested Party Excelsior Insurance Company grcampion@mintz.com EMFarrell@mintz.com;mtalario@mintz.com

Grady Campion
on behalf of Defendant Liberty Mutual Insurance Company grcampion@mintz.com EMFarrell@mintz.com;mtalario@mintz.com

Grayson T. Walter
on behalf of Debtor The Diocese of Buffalo N.Y. gwalter@bsk.com, kdoner@bsk.com;CourtMail@bsk.com

Grayson T. Walter
on behalf of Plaintiff The Diocese of Buffalo N.Y. gwalter@bsk.com, kdoner@bsk.com;CourtMail@bsk.com

Gregory J. McDonald
on behalf of Debtor The Diocese of Buffalo N.Y. gjmcdonald@bsk.com, Kleo@bsk.com;CourtMail@bsk.com;kdoner@bsk.com

Harry Lee
on behalf of Interested Party Providence Washington Insurance Company hlee@steptoe.com

Harry Lee
on behalf of Interested Party Zurich American Insurance Company hlee@steptoe.com

Harry Lee
on behalf of Defendant Zurich American Insurance Company hlee@steptoe.com

Harry Lee
on behalf of Defendant Providence Washington Insurance Company hlee@steptoe.com

Harry Lee
on behalf of Interested Party American Guarantee and Liability Insurance Company hlee@steptoe.com

Heather M. Baumeister
on behalf of Notice of Appearance Creditor Richard LaPorta hbaumeister@lotempiopc.com

Heather M. Baumeister
on behalf of Notice of Appearance Creditor Hunter Cogi Wolfe hbaumeister@lotempiopc.com

Iain A.W. Nasatir
on behalf of Creditor Committee Official Committee of Unsecured Creditors inasatir@pszjlaw.com

Ilan D Scharf
on behalf of Creditor Committee Official Committee of Unsecured Creditors ischarf@pszjlaw.com nhall@pszjlaw.com;nrobinson@pszjlaw.com

Ilan D Scharf
on behalf of Interested Party The Official Committee of Unsecured Creditors ischarf@pszjlaw.com nhall@pszjlaw.com;nrobinson@pszjlaw.com

Ilan D Scharf
on behalf of Interested Party Official Committee of Unsecured Creditors ischarf@pszjlaw.com nhall@pszjlaw.com;nrobinson@pszjlaw.com

Ilan D Scharf
on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors ischarf@pszjlaw.com nhall@pszjlaw.com;nrobinson@pszjlaw.com

J. Michael Hayes
on behalf of Defendant JMH 100 Doe et al jmh@jmichaelhayes.com

James C. Thoman
on behalf of Debtor The Diocese of Buffalo N.Y. jthoman@hodgsonruss.com, cnapiers@hodgsonruss.com;mheftka@hodgsonruss.com;courtmail@hodgsonruss.com;courtmail@hodgsonruss.com

James I. Stang
on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors jstang@pszjlaw.com

James R Marsh
on behalf of Interested Party MLF Doe jamesmarsh@marsh.law

James R Marsh
on behalf of Creditor Scott Yerger jamesmarsh@marsh.law

James R Marsh
on behalf of Interested Party Certain Abuse Survivors jamesmarsh@marsh.law

James R Murray
on behalf of Other Professional Blank Rome LLP Jim.Murray@BlankRome.com, edocketing@blankrome.com

James R Murray
on behalf of Debtor The Diocese of Buffalo N.Y. Jim.Murray@BlankRome.com, edocketing@blankrome.com

James S. Carter
on behalf of Plaintiff The Diocese of Buffalo N.Y. james.carter@blankrome.com

Jason P. Amala
on behalf of Creditor Marsh/PCVA Claimant jason@pcvalaw.com mfilomeno@pcvalaw.com;mmoore@pcvalaw.com;kweaver@pcvalaw.com

Jeffrey A. Carlino
on behalf of Defendant Selective Insurance Company of America (formerly known as Exchange Mutual Insurance Company) jacarlino@kslnlaw.com paschuster@kslnlaw.com

Jeffrey A. Carlino
on behalf of Interested Party Selective Insurance Company of New York jacarlino@kslnlaw.com paschuster@kslnlaw.com

Jeffrey Austin Dove
on behalf of Notice of Appearance Creditor The Continental Insurance Company jdove@barclaydamon.com avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove
on behalf of Defendant National Union Fire Insurance Company of Pittsburgh PA jdove@barclaydamon.com, avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove
on behalf of Defendant The Continental Insurance Company jdove@barclaydamon.com avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove
on behalf of Cross Defendant The Continental Insurance Company jdove@barclaydamon.com avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove
on behalf of Cross Defendant National Union Fire Insurance Company of Pittsburgh PA jdove@barclaydamon.com, avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove
on behalf of Counter-Claimant The Continental Insurance Company jdove@barclaydamon.com avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove
on behalf of Cross-Claimant National Union Fire Insurance Company of Pittsburgh PA jdove@barclaydamon.com, avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey Austin Dove
on behalf of Interested Party PLK Enterprises LLC jdove@barclaydamon.com, avrooman@barclaydamon.com,jeffrey-dove-1212@ecf.pacerpro.com

Jeffrey F. Reina
on behalf of Defendant JMH 100 Doe et al jreina@lglaw.com, pjohnson@lglaw.com

Jeffrey L. Kingsley
on behalf of Defendant Wausau Underwriters Insurance Company jkingsley@goldbergsegalla.com kallen@goldbergsegalla.com

Jeffrey L. Kingsley
on behalf of Defendant Nationwide Insurance Company of America jkingsley@goldbergsegalla.com kallen@goldbergsegalla.com

Jeffrey L. Kingsley
on behalf of Notice of Appearance Creditor Wausau Underwriters Insurance Company jkingsley@goldbergsegalla.com kallen@goldbergsegalla.com

Jeffrey L. Kingsley
on behalf of Cross Defendant Wausau Underwriters Insurance Company jkingsley@goldbergsegalla.com kallen@goldbergsegalla.com

Jeffrey L. Kingsley
on behalf of Defendant Employers Insurance Company of Wausau (f/k/a Employers Insurance of Wausau A Mutual Company f/k/a Employers Mutual Liability Insurance Company of Wisconsin) jkingsley@goldbergsegalla.com kallen@goldbergsegalla.com

Jeffrey L. Kingsley
on behalf of Cross Defendant Employers Insurance Company of Wausau (formally known as Employers Insurance of Wausau A Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin) jkingsley@goldbergsegalla.com kallen@goldbergsegalla.com

Jeffrey L. Kingsley
on behalf of Notice of Appearance Creditor Employers Insurance Company of Wausau (formerly known as Employers Insurance of Wausau A Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin) jkingsley@goldbergsegalla.com kallen@goldbergsegalla.com

Jeffrey L. Kingsley
on behalf of Defendant Employers Insurance Company of Wausau (formally known as Employers Insurance of Wausau A Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin) jkingsley@goldbergsegalla.com kallen@goldbergsegalla.com

Jeffrey M Dine
on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors jdine@pszjlaw.com

Jeffrey Robert Anderson
on behalf of Interested Party Certain Abuse Survivors jeff@andersonadvocates.com therese@andersonadvocates.com;erin@andersonadvocates.com;stacey@andersonadvocates.com

Jeffrey Robert Anderson
on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors jeff@andersonadvocates.com therese@andersonadvocates.com;erin@andersonadvocates.com;stacey@andersonadvocates.com

Jennifer Anne Ehman
on behalf of Defendant The National Catholic Risk Retention Group jae@hurwitzfine.com kathik@hurwitzfine.com;donnab@hurwitzfine.com

Jesse Bair
on behalf of Special Counsel Burns Bair LLP jbair@burnsbair.com kdempski@burnsbair.com

Jesse Bair
on behalf of Creditor Committee Official Committee of Unsecured Creditors jbair@burnsbair.com kdempski@burnsbair.com

Jillian Dennehy
on behalf of Defendant North River Insurance Company jillian.dennehy@kennedyslaw.com

Jillian Dennehy
on behalf of Defendant TIG Insurance Company (successor-in-interest to American Surety Company of New York) jillian.dennehy@kennedyslaw.com

Jillian Dennehy
on behalf of Defendant U.S. Fire Insurance Company jillian.dennehy@kennedyslaw.com

Jillian Dennehy
on behalf of Interested Party U.S. Fire Insurance Company jillian.dennehy@kennedyslaw.com

Jillian Dennehy
on behalf of Interested Party North River Insurance Company jillian.dennehy@kennedyslaw.com

Jillian Dennehy
on behalf of Interested Party TIG Insurance Company jillian.dennehy@kennedyslaw.com

Jin Yan
on behalf of Interested Party Catholic Mutual Relief Society of America jin.yan@afslaw.com

John Grossbart
on behalf of Interested Party Travelers Casualty and Surety Company and Traveler's Indemnity Company john.grossbart@dentons.com

John Maloney
on behalf of Interested Party Hartford Accident and Indemnity Company jmaloney@lawgmm.com

John Maloney
on behalf of Interested Party Hartford Fire Insurance Company jmaloney@lawgmm.com

John Maloney
on behalf of Defendant The Hartford Financial Services Group (successor-in-interest to Hartford Accident and Indemnity Company and Hartford Fire Insurance Company) jmaloney@lawgmm.com

John A. Mueller
on behalf of Notice of Appearance Creditor Oblates of St. Francis DeSales jmueller@lippes.com jtenczar@lippes.com;mbrennan@lippes.com;rizzo@lippes.com

John A. Mueller
on behalf of Notice of Appearance Creditor The Eudists - Congregation of Jesus and Mary Inc. jmueller@lippes.com, jtenczar@lippes.com;mbrennan@lippes.com;rizzo@lippes.com

John A. Mueller
on behalf of Notice of Appearance Creditor St. Francis High School of Athol Springs N.Y. jmueller@lippes.com, jtenczar@lippes.com;mbrennan@lippes.com;rizzo@lippes.com

John A. Mueller
on behalf of Notice of Appearance Creditor Franciscan Friars - Our Lady of Angels Province Inc. jmueller@lippes.com, jtenczar@lippes.com;mbrennan@lippes.com;rizzo@lippes.com

John D. Goetz
on behalf of Special Counsel Jones Day jdgoetz@jonesday.com nyeary@jonesday.com;mmelvin@jonesday.com

John D. Goetz
on behalf of Debtor The Diocese of Buffalo N.Y. jdgoetz@jonesday.com, nyeary@jonesday.com;mmelvin@jonesday.com

John Frederick O'Connor, Jr
on behalf of Interested Party Providence Washington Insurance Company joconnor@steptoe.com

John Frederick O'Connor, Jr
on behalf of Interested Party American Guarantee and Liability Insurance Company joconnor@steptoe.com

John Frederick O'Connor, Jr
on behalf of Defendant Providence Washington Insurance Company joconnor@steptoe.com

John Frederick O'Connor, Jr
on behalf of Defendant Zurich American Insurance Company joconnor@steptoe.com

John Frederick O'Connor, Jr
on behalf of Interested Party Zurich American Insurance Company joconnor@steptoe.com

John J. Flaherty
on behalf of Defendant JMH 100 Doe et al flarelaw@gmail.com, joanneaschultz@aol.com

Jon Travis Powers
on behalf of Cross Defendant Fireman's Fund Insurance Company powerst@whiteandwilliams.com mglowinski@hodgsonruss.com

Jonathan Schapp
on behalf of Interested Party Nationwide Mutual Insurance Company (f/k/a Farm Bureau Mutual Automobile Insurance Company) jschapp@goldbergsegalla.com kallen@goldbergsegalla.com

Jonathan Schapp
on behalf of Defendant Employers Insurance Company of Wausau (formally known as Employers Insurance of Wausau A Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin) jschapp@goldbergsegalla.com kallen@goldbergsegalla.com

Jonathan Schapp
on behalf of Defendant Nationwide Insurance Company of America jschapp@goldbergsegalla.com kallen@goldbergsegalla.com

Jonathan Schapp
on behalf of Interested Party Nationwide Insurance Company of America jschapp@goldbergsegalla.com kallen@goldbergsegalla.com

Jonathan Schapp
on behalf of Defendant Employers Insurance Company of Wausau (f/k/a Employers Insurance of Wausau A Mutual Company f/k/a Employers Mutual Liability Insurance Company of Wisconsin) jschapp@goldbergsegalla.com kallen@goldbergsegalla.com

Jonathan Schapp
on behalf of Cross Defendant Employers Insurance Company of Wausau (formally known as Employers Insurance of Wausau A Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin) jschapp@goldbergsegalla.com kallen@goldbergsegalla.com

Jonathan Schapp
on behalf of Cross Defendant Wausau Underwriters Insurance Company jschapp@goldbergsegalla.com kallen@goldbergsegalla.com

Jonathan Schapp
on behalf of Notice of Appearance Creditor Wausau Underwriters Insurance Company jschapp@goldbergsegalla.com kallen@goldbergsegalla.com

Jonathan Schapp
on behalf of Notice of Appearance Creditor Employers Insurance Company of Wausau (formerly known as Employers Insurance of Wausau A Mutual Company formerly known as Employers Mutual Liability Insurance Company of Wisconsin) jschapp@goldbergsegalla.com kallen@goldbergsegalla.com

Jonathan Schapp
on behalf of Defendant Wausau Underwriters Insurance Company jschapp@goldbergsegalla.com kallen@goldbergsegalla.com

Jonathan D Marshall
on behalf of Defendant Liberty Mutual Insurance Company jmarshall@choate.com jonathan-marshall-4638@ecf.pacerpro.com

Jonathan D Marshall
on behalf of Interested Party Liberty Mutual Insurance Company jmarshall@choate.com jonathan-marshall-4638@ecf.pacerpro.com

Jonathan D Marshall
on behalf of Interested Party Peerless Insurance Company jmarshall@choate.com jonathan-marshall-4638@ecf.pacerpro.com

Jonathan D Marshall
on behalf of Interested Party Excelsior Insurance Company jmarshall@choate.com jonathan-marshall-4638@ecf.pacerpro.com

Joseph W. Allen
USTPRegion02.bu.ecf@usdoj.gov Joseph.W.Allen@usdoj.gov;USTPRegion02.RO.ECF@USDOJ.GOV

Judith Treger Shelton
on behalf of Interested Party Selective Insurance Company of New York jtshelton@kslnlaw.com

Judith Treger Shelton
on behalf of Defendant Selective Insurance Company of America (formerly known as Exchange Mutual Insurance Company) jtshelton@kslnlaw.com

Justin S Krell
on behalf of Debtor The Diocese of Buffalo N.Y. jkrell@bsk.com, Courtmail@bsk.com;kdoner@bsk.com

Karen B. Dine
on behalf of Creditor Committee Official Committee of Unsecured Creditors kdine@pszjlaw.com

Karen M Dixon
on behalf of Defendant Great American Insurance Company (successor-in-interest to Agricultural Insurance Company) kdixon@skarzynski.com

Kathleen Thomas
on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors kat@tlclawllc.com

Kevin R. Lelonek
on behalf of Defendant Catholic Mutual Group klelonek@gross-shuman.com rrottaris@gross-shuman.com

Kevin T. Stocker
on behalf of Creditor KS-Doe-1 et al kstockeresq@yahoo.com

Kevin T. Stocker
on behalf of Respondent KS-Doe-1 et al kstockeresq@yahoo.com

Kyle C. DiDone
on behalf of Interested Party BFC Buffalo Main LLC didone@rupppfalzgraf.com hill@rupppfalzgraf.com;federalfiling@rupppfalzgraf.com;hunger@rupppfalzgraf.com;wisniewski@rupppfalzgraf.com;didone@rupppfalzgraf.com

Laura Anne Brady
on behalf of Defendant Selective Insurance Company of America (formerly known as Exchange Mutual Insurance Company) lbrady@coughlinduffy.com

Laura Anne Brady
on behalf of Interested Party Selective Insurance Company of New York lbrady@cmg.law

Laura B. Stephens

on behalf of Interested Party Peerless Insurance Company lbstephens@mintz.com

Laura B. Stephens
on behalf of Defendant Liberty Mutual Insurance Company lbstephens@mintz.com

Laura B. Stephens
on behalf of Interested Party Excelsior Insurance Company lbstephens@mintz.com

Laura B. Stephens
on behalf of Interested Party Liberty Mutual Insurance Company lbstephens@mintz.com

Lauren Lifland
on behalf of Notice of Appearance Creditor The Continental Insurance Company lauren.lifland@wilmerhale.com

Lawlor F. Quinlan, III
on behalf of Interested Party Roach Quinlan, Grable, McGorry, Romano & Kroetsch LLP lquinlan@rqglaw.com

Leah Costanzo
on behalf of Interested Party Certain Abuse Survivors lcostanzo@steveboyd.com

Lee E. Woodard
on behalf of Notice of Appearance Creditor USA Northeast Province of the Society of Jesus bkemail@harrisbeach.com efilings@harrisbeach.com;broy@harrisbeach.com

Linda H. Joseph
on behalf of Interested Party Michael Harrington ljoseph@sjalegal.com roodalicia@yahoo.com

Linda Singer Roth
on behalf of Interested Party Sisters of Good Shepherd and the Roman Catholic Religious Institute of the Religious of the Good Shepherd lroth@archerlaw.com

Louis J. Testa
on behalf of Notice of Appearance Creditor New York State Office of Parks Recreation & Historic Preservation louis.testa@ag.ny.gov

Louis J. Testa
on behalf of Notice of Appearance Creditor People of the State of New York louis.testa@ag.ny.gov

Lucas B. Franken
on behalf of Creditor Marsh/PCVA Claimant lfranken@pcvalaw.com mfilomeno@pcvalaw.com

Lucas B. Franken
on behalf of Notice of Appearance Creditor Marsh/PCVA Claimants lfranken@pcvalaw.com mfilomeno@pcvalaw.com

M. Keith Moskowitz
on behalf of Interested Party Travelers Casualty and Surety Company and Traveler's Indemnity Company keith.moskowitz@dentons.com

M. Paul Gorfinkel
on behalf of Notice of Appearance Creditor Utica Mutual Insurance Company paul.gorfinkel@rivkin.com

M. Paul Gorfinkel
on behalf of Notice of Appearance Creditor Sentry Insurance Company as successor to Middlesex Mutual Insurance Company paul.gorfinkel@rivkin.com

Margaret F. Catalano
on behalf of Interested Party North River Insurance Company meg.catalano@kennedyslaw.com

Margaret F. Catalano
on behalf of Interested Party U.S. Fire Insurance Company meg.catalano@kennedyslaw.com

Margaret F. Catalano
on behalf of Interested Party TIG Insurance Company meg.catalano@kennedyslaw.com

Margaret F. Catalano
on behalf of Defendant North River Insurance Company meg.catalano@kennedyslaw.com

Margaret F. Catalano
on behalf of Defendant TIG Insurance Company (successor-in-interest to American Surety Company of New York) meg.catalano@kennedyslaw.com

Margaret F. Catalano
on behalf of Defendant U.S. Fire Insurance Company meg.catalano@kennedyslaw.com

Marianne May
on behalf of Defendant Indemnity Insurance Company of North America marianne.may@clydeco.us

Marianne May
on behalf of Notice of Appearance Creditor Century Indemnity Company marianne.may@clydeco.us

Marianne May
on behalf of Defendant Federal Insurance Company marianne.may@clydeco.us

Marianne May
on behalf of Defendant Insurance Company of North America marianne.may@clydeco.us

Marianne May
on behalf of Interested Party Pacific Employers Insurance Company marianne.may@clydeco.us

Marianne May
on behalf of Interested Party Aetna Insurance Company f/k/a CIGNA Property & Casualty Insurance Company and n/k/a ACE Property & Casualty Insurance Company marianne.may@clydeco.us

Marianne May
on behalf of Defendant Century Indemnity Company marianne.may@clydeco.us

Marianne May
on behalf of Interested Party U.S. Fire Insurance Company marianne.may@clydeco.us

Marianne May
on behalf of Defendant Ace Property and Casualty Insurance (successor-in-interest to Aetna Insurance Company) marianne.may@clydeco.us

Marianne May
on behalf of Interested Party Century Indemnity as successor in interest to Insurance Company of North America, as successor in interest to Indemnity Insurance Company of North America marianne.may@clydeco.us

Mark D. Plevin
on behalf of Notice of Appearance Creditor The Continental Insurance Company mplevin@plevinturner.com mark-plevin-crowell-moring-8073@ecf.pacerpro.com

Mark D. Plevin
on behalf of Defendant The Continental Insurance Company mplevin@plevinturner.com mark-plevin-crowell-moring-8073@ecf.pacerpro.com

Mark D. Plevin
on behalf of Counter-Claimant The Continental Insurance Company mplevin@plevinturner.com mark-plevin-crowell-moring-8073@ecf.pacerpro.com

Martin A. Mooney
on behalf of Creditor Santander Consumer USA Inc. dba Chrysler Capital as servicer for CCAP Auto Lease Ltd. lgadomski@schillerknapp.com kcollins@schillerknapp.com;TJohnson@schillerknapp.com

Martin A. Mooney
on behalf of Notice of Appearance Creditor New York State Office of Parks Recreation & Historic Preservation Martin.Mooney@ag.ny.gov, kcollins@schillerknapp.com;TJohnson@schillerknapp.com

Matthew Griffin Merson
on behalf of Interested Party Certain Abuse Survivors mmerson@mersonlaw.com

Matthew Griffin Merson
on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors mmerson@mersonlaw.com

Matthew Griffin Merson
on behalf of Creditor Howard Zwelling mmerson@mersonlaw.com

Matthew Griffin Merson
on behalf of Creditor Personal Injury Claimant mmerson@mersonlaw.com

Matthew Griffin Merson
on behalf of Creditor Anthony J Sciolino mmerson@mersonlaw.com

Matthew Griffin Merson
on behalf of Creditor John Doe mmerson@mersonlaw.com

Meghan Hayes
on behalf of Interested Party Boys and Girls Club of Jamestown Inc. mhayes@websterszanyi.com, jconnors@websterszanyi.com;efile@websterszanyi.com

Melanie Wolk
on behalf of Creditor Personal Injury Claimant mwolk@trevettcristo.com

Melanie Wolk
on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors mwolk@trevettcristo.com

Michael Finnegan
on behalf of Creditor AB 615 Doe mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan
on behalf of Creditor AB 13 Doe mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan
on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan
on behalf of Creditor AB 280 Doe mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan
on behalf of Creditor AB 45 Doe mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan
on behalf of Creditor AB 393 Doe mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan
on behalf of Creditor James Bottlinger mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan
on behalf of Creditor Brian Kirst mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan
on behalf of Creditor Michael F. Whalen Jr. mike@andersonadvocates.com, therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan
on behalf of Creditor AB 299 Doe mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan
on behalf of Creditor AB 136 Doe mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan
on behalf of Creditor AB 3 Doe mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan
on behalf of Interested Party Certain Abuse Survivors mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan
on behalf of Creditor AB 374 Doe Doe mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan
on behalf of Creditor AB 141 Doe mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Finnegan
on behalf of Creditor AB 8 Doe mike@andersonadvocates.com therese@andersonadvocates.com,erin@andersonadvocates.com

Michael Margulies
on behalf of Defendant National Union Fire Insurance Company of Pittsburgh PA mmargulies@carltonfields.com

Michael Margulies
on behalf of Cross-Claimant National Union Fire Insurance Company of Pittsburgh PA mmargulies@carltonfields.com

Michael Margulies
on behalf of Cross Defendant National Union Fire Insurance Company of Pittsburgh PA mmargulies@carltonfields.com

Michael M. Marick
on behalf of Defendant Great American Insurance Company (successor-in-interest to Agricultural Insurance Company) mmarick@skarzynski.com

Michael T. Glascott
on behalf of Defendant Unigard Insurance Company (successor-in-interest to Jamestown Mutual Insurance Company) mglascott@goldbergsegalla.com mperessotti@goldbergsegalla.com

Miranda Turner
on behalf of Notice of Appearance Creditor The Continental Insurance Company mturner@plevinturner.com

Miranda Turner
on behalf of Cross Defendant The Continental Insurance Company mturner@plevinturner.com

Miranda Turner
on behalf of Counter-Claimant The Continental Insurance Company mturner@plevinturner.com

Miranda Turner
on behalf of Defendant The Continental Insurance Company mturner@plevinturner.com

Mitchell Garabedian
on behalf of Creditor Wayne Bortle mgarabedian@garabedianlaw.com

Mitchell Garabedian
on behalf of Creditor Richard Brownell mgarabedian@garabedianlaw.com

Mitchell Garabedian
on behalf of Creditor Carolyn Anderson mgarabedian@garabedianlaw.com

Mitchell Garabedian
on behalf of Interested Party Richard Brownell mgarabedian@garabedianlaw.com

Mitchell Garabedian
on behalf of Creditor Gail Holler-Kennedy mgarabedian@garabedianlaw.com

Nancy D Adams
on behalf of Defendant Liberty Mutual Insurance Company ndadams@mintz.com

Nancy D Adams
on behalf of Interested Party Peerless Insurance Company ndadams@mintz.com

Nancy D Adams
on behalf of Interested Party Liberty Mutual Insurance Company ndadams@mintz.com

Nancy D Adams
on behalf of Interested Party Excelsior Insurance Company ndadams@mintz.com

Neil J. Smith
on behalf of Notice of Appearance Creditor Our Lady of Victory Institutions Inc nsmith@mackenziehughes.com, mallen@mackenziehughes.com

Nora Anne Valenza-Frost
on behalf of Defendant National Union Fire Insurance Company of Pittsburgh PA nvalenza-frost@carltonfields.com

Paul M. Pochepan
on behalf of Notice of Appearance Creditor Cardinal O'Hara High School ppochepan@tiveronlaw.com asand@tiveronlaw.com;dtiveron@tiveronlaw.com

Paul Wesley Kucinski, Jr
on behalf of Creditor Chappelle Villas Condominium B pkucinskijr@phillipslytle.com

Peter Keane
on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors pkeane@pszjlaw.com

Randall D. White
on behalf of Special Counsel Connors LLP rdw@connors-vilardo.com sb@connors-vilardo.com;ebh@connors-vilardo.com

Raymond L. Fink
on behalf of Notice of Appearance Creditor Catholic Charities of Buffalo N.Y. rfink@lippes.com, jmueller@lippes.com;rizzo@lippes.com;mbrennan@lippes.com

Raymond L. Fink
on behalf of Interested Party Raymond L Baker Hall dba OLV Human Services rfink@lippes.com jmueller@lippes.com;rizzo@lippes.com;mbrennan@lippes.com

Raymond L. Fink
on behalf of Interested Party Foundation of the Roman Catholic Diocese of Buffalo N.Y., Inc. rfink@lippes.com, jmueller@lippes.com;rizzo@lippes.com;mbrennan@lippes.com

Rick Weisbeck, Jr
on behalf of Attorney Lipsitz Green Scime Cambria LLP rweisbeck@lglaw.com

Rick Weisbeck, Jr
on behalf of Defendant JMH 100 Doe et al rweisbeck@lglaw.com

Robert Sweeney
on behalf of Interested Party Certain Underwriters at Lloyd's London robert.sweeney@clydeco.us

Robert Sweeney
on behalf of Defendant Certain Underwriters at Lloyds London and Certain London Market Companies robert.sweeney@clydeco.us

Robert E Gallagher, Jr
on behalf of Respondent AB 527 Doe rgallagher@steveboyd.com

Robert E Gallagher, Jr
on behalf of Respondent AB 529 Doe rgallagher@steveboyd.com

Robert Gerard Scumaci
on behalf of Special Counsel Gibson McAskill & Crosby, LLP rscumaci@gmclaw.com, kwaszak@gmclaw.com

Robert Gerard Scumaci
on behalf of Debtor The Diocese of Buffalo N.Y. rscumaci@gmclaw.com, kwaszak@gmclaw.com

Robert J. Feldman
on behalf of Interested Party Catholic Mutual Relief Society of America rfeldman@gross-shuman.com lspula@gross-shuman.com

Robert J. Feldman

on behalf of Cross Defendant Catholic Mutual Group rfeldman@gross-shuman.com lspula@gross-shuman.com

Robert J. Feldman
on behalf of Defendant Catholic Mutual Group rfeldman@gross-shuman.com lspula@gross-shuman.com

Robert Kevin Malone
on behalf of Interested Party Selective Insurance Company of New York rmalone@connellfoley.com

Robert Kevin Malone
on behalf of Defendant Selective Insurance Company of America (formerly known as Exchange Mutual Insurance Company) rmalone@gibbonslaw.com

Robert Wagner DiUbaldo
on behalf of Interested Party National Union Fire Insurance Company of Pittsburgh Pa. rdiubaldo@carltonfields.com

Robert Wagner DiUbaldo
on behalf of Defendant National Union Fire Insurance Company of Pittsburgh PA rdiubaldo@carltonfields.com

Sara C. Temes
on behalf of Debtor The Diocese of Buffalo N.Y. stemes@bsk.com, CourtMail@bsk.com;kdoner@bsk.com;tayers@bsk.com

Scott J. Bogucki
on behalf of Creditor Committee Official Committee of Unsecured Creditors sbogucki@gmwlawyers.com boguckisr48948@notify.bestcase.com;jsymack@gmwlawyers.com

Scott J. Bogucki
on behalf of Notice of Appearance Creditor Official Committee of Unsecured Creditors sbogucki@gmwlawyers.com boguckisr48948@notify.bestcase.com;jsymack@gmwlawyers.com

Scott J. Bogucki
on behalf of Interested Party The Official Committee of Unsecured Creditors sbogucki@gmwlawyers.com boguckisr48948@notify.bestcase.com;jsymack@gmwlawyers.com

Sharon Angelino
on behalf of Interested Party QBE Insurance Corporation as successor-in-interest to Unigard Insurance Company (successor-in-interest to Jamestown Mutual Insurance Company) sangelino@goldbergsegalla.com

Sharon Angelino
on behalf of Defendant Unigard Insurance Company (successor-in-interest to Jamestown Mutual Insurance Company) sangelino@goldbergsegalla.com

Siobhain Patricia Minarovich
on behalf of Defendant Firemans Fund Insurance Company minarovichs@whiteandwilliams.com

Siobhain Patricia Minarovich
on behalf of Notice of Appearance Creditor Fireman's Fund Insurance Company minarovichs@whiteandwilliams.com

Siobhain Patricia Minarovich
on behalf of Defendant Fireman's Fund Insurance Company minarovichs@whiteandwilliams.com

Siobhain Patricia Minarovich
on behalf of Cross Defendant Fireman's Fund Insurance Company minarovichs@whiteandwilliams.com

Stacey Benson
on behalf of Creditor AB 615 Doe stacey@andersonadvocates.com erin@andersonadvocates.com;therese@andersonadvocates.com

Stacey Benson
on behalf of Creditor AB 280 Doe stacey@andersonadvocates.com erin@andersonadvocates.com;therese@andersonadvocates.com

Stacey Benson
on behalf of Creditor AB 374 Doe Doe stacey@andersonadvocates.com erin@andersonadvocates.com;therese@andersonadvocates.com

Stacey Benson
on behalf of Creditor Certain Abuse Survivor Claimants stacey@andersonadvocates.com erin@andersonadvocates.com;therese@andersonadvocates.com

Stacey Benson
on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors stacey@andersonadvocates.com erin@andersonadvocates.com;therese@andersonadvocates.com

Stephen Boyd
on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors sboyd@steveboyd.com rmatuzic@steveboyd.com

Stephen Boyd
on behalf of Notice of Appearance Creditor AB 1 Doe sboyd@steveboyd.com rmatuzic@steveboyd.com

Stephen A. Donato
on behalf of Attorney Bond Schoeneck & King, PLLC sdonato@bsk.com, ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen A. Donato
on behalf of Plaintiff The Diocese of Buffalo N.Y. sdonato@bsk.com, ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen A. Donato
on behalf of Debtor The Diocese of Buffalo N.Y. sdonato@bsk.com, ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen A. Donato
on behalf of Counter-Defendant The Diocese of Buffalo N.Y. sdonato@bsk.com, ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen A. Donato
on behalf of Other Professional Blank Rome LLP sdonato@bsk.com, ayerst@bsk.com;kdoner@bsk.com;CourtMail@bsk.com

Stephen Andrew Sharkey
on behalf of Debtor The Diocese of Buffalo N.Y. ssharkey@bsk.com, rhynes@bsk.com;cmccormick@bsk.com;courtmail@bsk.com

Stephenie Lannigan Bross
on behalf of Notice of Appearance Creditor Certain Personal Injury Creditors sbross@sssfirm.com

Steven Gary Adams
on behalf of Defendant Arrowood Indemnity Company (successor-in-interest to American and Foreign Insurance Company Eagle Indemnity Company of New York, Globe Indemnity Company, Phoenix Assurance Company of NY, New Am sadams@cmg.law, dclare@cmg.law

Steven M. Cohen
on behalf of Interested Party HW 1 Doe et al scohen@hoganwillig.com, ssweeney@tiveronlaw.com;abanks@tiveronlaw.com;abanks@tiveronlaw.com;kakin@tiveronlaw.com;abanks@tiveronlaw.com

Stuart I. Gordon
on behalf of Notice of Appearance Creditor Utica Mutual Insurance Company stuart.gordon@rivkin.com

Stuart I. Gordon
on behalf of Notice of Appearance Creditor Hanover Insurance Company stuart.gordon@rivkin.com

Stuart I. Gordon
on behalf of Notice of Appearance Creditor Sentry Insurance Company as successor to Middlesex Mutual Insurance Company stuart.gordon@rivkin.com

Stuart S. Mermelstein
on behalf of Creditor Personal Injury Claimant smermelstein@hermanlaw.com gdano@hermanlaw.com

Tancred Schiavoni
on behalf of Interested Party Pacific Employers Insurance Company tschiavoni@omm.com tancred-schiavoni-9326@ecf.pacerpro.com

Tancred Schiavoni
on behalf of Interested Party U.S. Fire Insurance Company tschiavoni@omm.com tancred-schiavoni-9326@ecf.pacerpro.com

Tancred Schiavoni
on behalf of Interested Party Aetna Insurance Company f/k/a CIGNA Property & Casualty Insurance Company and n/k/a ACE Property & Casualty Insurance Company tschiavoni@omm.com tancred-schiavoni-9326@ecf.pacerpro.com

Tancred Schiavoni
on behalf of Interested Party Century Indemnity as successor in interest to Insurance Company of North America, as successor in interest to Indemnity Insurance Company of North America tschiavoni@omm.com, tancred-schiavoni-9326@ecf.pacerpro.com

Tanya Mascarich
on behalf of Defendant Arrowood Indemnity Company (successor-in-interest to American and Foreign Insurance Company Eagle Indemnity Company of New York, Globe Indemnity Company, Phoenix Assurance Company of NY, New Am tmascarich@cmg.law

Tanya Mascarich
on behalf of Interested Party Arrowood Indemnity Company successor-in-interest to American and Foreign Insurance Company Eagle Indemnity Company of New York, Globe Indemnity Co tmascarich@cmg.law

Thomas W. Simcoe
on behalf of Debtor The Diocese of Buffalo N.Y. tsimcoe@bsk.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Lourdes Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Sts. Peter and Paul R. C. Church Society Arcade New York n/k/a St. Mary Roman Catholic Church Society of Arcade, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Assumption Roman Catholic Church Society of Albion n/k/a Holy Family Roman Catholic Parish of Albion N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Josephs Rom. Cath. Church Society of Batavia N.Y., n/k/a Resurrection Roman Catholic Parish of Batavia, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Leos Roman Catholic Church Society of Niagara Falls N.Y. n/k/a St. Vincent de Paul Roman Catholic Parish of Niagara Falls, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Josephs Roman Catholic Church Society of North Tonawanda New York n/k/a Our Lady of Czestochowa Roman Catholic Church Society of North Tonawanda, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Roman Catholic Church of St. Franciscus Xavarius Buffalo n/k/a Assumption Roman Catholic Church Society of Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Pius X Roman Catholic Church Society of Town of Amherst N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Josephs Roman Catholic Church Society of Varysburg New York n/k/a SS. Joachim & Anne Roman Catholic Church of Attica, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Anthonys Roman Catholic Church Society of Batavia N.Y. n/k/a Ascension Roman Catholic Parish of Batavia, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Mother of Good Counsel R.C. Church Society Inc. tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Valentines Roman Catholic Church Society of Buffalo n/k/a St. Clare Roman Catholic Church Society of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Sacred Heart of Jesus Roman Catholic Church Society of Dunkirk New York tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Michaels Roman Catholic Church Society of Warsaw N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Brigids Roman Catholic Church Society Inc. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Johns Roman Catholic Church Society of Jamestown n/k/a Holy Apostles Roman Catholic Parish of Jamestown N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Church of St. John Baptist of West Valley N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Victory Roman Catholic Church Society of Frewsburg N.Y. n/k/a St. James Roman Catholic Church Society of Jamestown, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Blessed Sacrament Roman Catholic Church Society of Delevan N.Y. n/k/a St. Mary Roman Catholic Church Society of Arcade, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Georges Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Mary Redemptorist Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Roman Catholic Church Society of Strykersville n/k/a St. John Neumann Roman Catholic Church of Wyoming County tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Mt. Carmel Roman Catholic Church Society of Brant New York n/k/a Saint Anthonys Roman Catholic Church Society of Farnham, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Czestochowa R.C. Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Saints Peter and Pauls Roman Catholic Church Society of Williamsville tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Saint Martins Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Florians Roman Catholic Church Society of Buffalo N.Y. n/k/a All Saints Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Rose of Lima Roman Catholic Church of Forestville n/k/a Our Lady of Mount Carmel Roman Catholic Church Society of Silver Creek N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Lawrences Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff All Saints Roman Catholic Parish of Lockport NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of the Sacred Heart of Jesus R.C. Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Queen of the Most Holy Rosary Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. John Vianney Roman Catholic Church Society of Orchard Park N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Teresa of Avila Roman Catholic Church of Akron NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Holy Name of Jesus Roman Catholic Church tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Peters Roman Catholic Church Society of Leroy n/k/a Our Lady of Mercy Roman Catholic Parish of LeRoy New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Grace Roman Catholic Church Society of Woodlawn New York n/k/a Queen of Angels R.C. Church of Lackawanna, NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Stephens Roman Catholic Church Society n/k/a Holy Trinity Roman Catholic Church of Medina New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Cecilias Church Sheldon n/k/a St. John Neumann Roman Catholic Church of Wyoming County tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. John Bosco Roman Catholic Church Society of Sheridan N.Y. n/k/a Our Lady of Mount Carmel Roman Catholic Church Society of Silver Creek, N.Y., tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Frances Cabrini Parish (Collins Center NY) n/k/a Epiphany of Our Lord Roman Catholic Parish Community, Langford, N.Y tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Mother of Good Counsel Roman Catholic Church Society of Blasdell N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Francis of Assisi Roman Catholic Church Society of Buffalo n/k/an/k/a St. Katharine Drexel Roman Catholic Church Society of Buffalo N.Y tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Saint Patricks Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Loretto Roman Catholic Church Society of Buffalo New York, Incorporated n/k/a Our Lady of Hope Roman Catholic Parish of Buffalo, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Mount Carmel Roman Catholic Church Society of Silver Creek N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Roman Church Society n/k/a The St. John the Baptist Roman Cath Congregation tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Immaculate Conception Roman Catholic Church Society of Cassadaga N.Y. n/k/a Saint Anthonys Roman Catholic Church Society of Fredonia New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Stanislaus Kostkas Roman Catholic Church Society of Niagara Falls N.Y. n/k/a Divine Mercy Roman Catholic Parish of Niagara Falls, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Patricks Roman Catholic Church Society of Salamanca N.Y. n/k/a Our Lady of Peace Roman Catholic Parish of Salamanca, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Holy Trinity Roman Catholic Church Society of Niagara Falls N.Y. n/k/a Divine Mercy Roman Catholic Parish of Niagara Falls, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Sacred Heart R.C. Church Society of Buffalo NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Stanislaus Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Patricks Roman Catholic Church Society of Randolph N. Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Timothys Roman Catholic Church Society of Tonawanda N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. John the Baptist R.C. Church Society of Alden Center New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Anthonys Roman Catholic Church Society of Lackawanna New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Immaculate Conception Roman Catholic Church Society of Wellsville N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Roman Catholic Church Society of Swormville tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Bonaventures Roman Catholic Church Society of West Seneca N.Y. n/k/a Saint John XXIII Roman Catholic Parish of West Seneca, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Augustines Roman Catholic Church Society of Rapids-Clarence Center New York n/k/a The Good Shepherd Roman Catholic Church Society of Pendleton, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. John Fisher Roman Catholic Church Society of South Dayton N.Y. n/k/a St. Josephs Roman Catholic Church Society of Gowanda, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Joseph New Cathedral Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. James Roman Catholic Church Society of Depew N.Y., n/k/a Blessed Mother Teresa of Calcutta Roman Catholic Parish of Depew, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Saint Nicholas Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. John the Evangelist Roman Catholic Church Society of Sinclairville N.Y. n/k/a Saint Anthonys Roman Catholic Church Society of Fredonia tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. John the Baptist Roman Cath Congregation tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Transfiguration Roman Catholic Church Society n/k/a St. Johns Roman Catholic Church Society of Olean N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Loretto Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Teresas Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Anthonys Roman Catholic Church Society of Lime Rock New York n/k/a Our Lady of Mercy Roman Catholic Parish of LeRoy, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Church of St. Mary of Angels Olean tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Roman Catholic Church Society of Little Valley N.Y. n/k/a St. Marys Roman Catholic Church Society of Cattaraugus, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. John of the Cross Whitesville tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marks Roman Catholic Church Society of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Sacred Heart Roman Catholic Church Society of Friendship n/k/a Our Lady of Angels Roman Catholic Church Society of Cuba tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Francis of Assisi Roman Catholic Church Society of Athol Springs New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Visitation Roman Catholic Church Society of Buffalo N.Y. n/k/a St. Katharine Drexel Roman Catholic Church Society of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Teresa of the Infant Jesus Roman Catholic Church of Niagara Falls n/k/a St. Raphaels Roman Catholic Parish of Niagara Falls N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys of the Lake Roman Catholic Church Society of Mount Vernon Hamburg tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff SS. Rita and Patrick Roman Catholic Church Society of Buffalo N.Y. n/k/a St. Clare Roman Catholic Church Society of Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Immaculate Conception East Bethany n/k/a Mary Immaculate Roman Catholic Parish of Pavilion, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Roman Catholic Church Society of Canaseraga New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Queen of Peace Roman Catholic Church Society of Buffalo n/k/a Saint John Gualbertus Roman Catholic Church Society of Cheektowaga Erie Co., N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of the Rosary Roman Catholic Church Society of Niagara Falls N.Y. n/k/a Divine Mercy Roman Catholic Parish of Niagara Falls, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Augustines Roman Catholic Church Society of Depew N.Y. n/k/a Blessed Mother Teresa of Calcutta Roman Catholic Parish of Depew, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Michael Archangel Roman Catholic Church Society of Lackawanna n/k/a Queen of Angels R.C. Church of Lackawanna NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Hyacinth Roman Catholic Church Society of Dunkirk New York n/k/a Blessed Mary Angela R.C. Parish of Dunkirk, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. John the Baptists Roman Catholic Church Society of N. Collins NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Coronation of the Blessed Virgin Mary Roman Catholic Church Society of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Holy Cross Roman Catholic Church Society of Salamanca New York n/k/a St. Patricks Roman Catholic Church Society of Limestone, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of the Angels Roman Catholic Church Society of Cuba tlyster@woodsoviatt.com

esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Good Shepherd Roman Catholic Church Society of Pendleton N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Lebanon Roman Catholic Church Society of Niagara Falls n/k/a Divine Mercy Roman Catholic Parish of Niagara Falls N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Cecilias Roman Catholic Church Society of Oakfield New York n/k/a Saint Padre Pio Roman Catholic Parish tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Sacred Heart Roman Catholic Church Society of Portville New York n/k/a The Church of St. Mary of the Angels, Olean tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Stanislaus Kostkas Roman Catholic Church Society of Perry N.Y. n/k/a Saint Isidore Roman Catholic Parish of Perry, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Luke R.C. Church Society of Buffalo NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Sacred Heart Roman Catholic Church Society of Bennington N.Y. n/k/a Immaculate Heart of Mary Roman Catholic Parish tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Czestochowa Roman Catholic Church Society of Forks Cheektowaga tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Immaculate Conception Rom. Catholic Church Society of Buffalo n/k/a Holy Cross Roman Catholic Church Society of Buffalo New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Sacred Heart Roman Catholic Church Society of Lakewood New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Holy Apostles Peter and Paul Roman Catholic Church Society of Buffalo N.Y. n/k/a St. Clare Roman Catholic Church Society Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. John's Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Stephens Rom. Cath. Church Society of Buffalo n/k/a St. Clare Roman Catholic Church Society of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Bonaventures Roman Catholic Church Society of Allegany tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Barnabas Church Society of New York tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Charles Borromeo Roman Catholic Church of Olcott n/k/a St. Brendan on the Lake Roman Catholic Parish of Newfane, Olcott, and Wilson tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Holy Name of Mary Roman Catholic Church Society of Ellicottville tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff All Saints Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Adalberts Rom. Cath. Church Society of Buffalo N.Y. n/k/a St. John Kanty Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Brigid Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Michaels Roman Catholic Church Society of South Byron n/k/a St. Brigids Roman Catholic Church Society of Bergen N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster

on behalf of Plaintiff St. Helens Church n/k/a St. Johns Roman Catholic Church Society of Olean N.Y tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Barbaras Roman Catholic Church Society n/k/a Queen of Angels R.C. Church of Lackawanna N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Pauls Roman Catholic Church Society of Kenmore tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. John Kanty Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Victory National Shrine Lackawanna tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Pauls Roman Catholic Church Society of Dayton N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Sacred Heart of Jesus Roman Catholic Church Society of Bowmansville N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Holy Family Roman Catholic Church Society of Machias N.Y. n/k/a St. Philomena's Roman Catholic Church Society of Franklinville, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Holy Name of Mary Roman Catholic Church Society of East Pembroke N.Y. n/k/a Saint Maximilian Kolbe Roman Catholic Parish of Corfu, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Good Counsel Roman Catholic Church Society of Darien Center N.Y. n/k/a Immaculate Heart of Mary Roman Catholic Parish tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Philomenas Roman Catholic Church Society of Franklinville N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Blessed Sacrament R.C. Church Society of Tonawanda Township tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marks Roman Catholic Church Society of Rushford N.Y. n/k/a St. Patricks Roman Catholic Church Society of Belfast, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Trustees of St. Patrick Church Town of Java n/k/a St. John Neumann Roman Catholic Church of Wyoming County tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Louis Roman Catholic Church of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Mary Magdalene Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Roman Catholic Church Society of Niagara Falls N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff S. S. Peter & Pauls German Catholic Church Hamburg N.Y. tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Catholic Church Society of East Eden n/k/a St. John Baptists Rom. Cath. Church Society of Boston N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Roman Catholic Church Society of Mayville N.Y. n/k/a St. Mary of Lourdes Roman Catholic Church Society of Chautauqua tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Benedicts Roman Catholic Church Society of Eggertsville tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Leos Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Michaels Roman Catholic Church Society of Buffalo NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. John Maron Roman Catholic Church Society of Buffalo New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Thomas Aquinas Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Johns Roman Catholic Church Society of Olean N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Ascension Roman Catholic Church Society of North Tonawanda n/k/a Saint Jude the Apostle Roman Catholic Parish of North Tonawanda New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Blessed Sacrament Roman Catholic Church Society of Andover tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Lucys Roman Catholic Church tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. John De La Salle Roman Catholic Church of LaSalle N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Patricks Roman Catholic Church Society of Limestone N.Y. n/k/a Our Lady of Peace Salamanca tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Roman Catholic Church Society of Bolivar New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Roman Catholic Church Society of Batavia N.Y. n/k/a Resurrection Roman Catholic Parish of Batavia, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Church of Christ the King tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Vincents Roman Catholic Church Society of Attica N.Y. n/k/a SS. Joachim & Anne Roman Catholic Church of Attica, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Sacred Heart Roman Catholic Church Society of Suspension Bridge N.Y., Niagara Falls n/k/a St. Raphaels Roman Catholic Parish of Niagara Falls, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady Help of Christians Roman Catholic Church of Cheektowaga New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Amelias Roman Catholic Church Society of the Town of Tonawanda N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Edmunds Roman Catholic Church Society of Tonawanda N.Y. n/k/a St. Christophers Roman Catholic Church Society of Tonawanda tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Bernadette R.C. Church Society of Armor NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Pompeii Roman Catholic Church of Lancaster tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Anthonys Roman Catholic Church Society of Lockport n/k/a All Saints Roman Catholic Parish of Lockport New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Saint Anthonys Roman Catholic Church Society of Fredonia New York tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Czestochowa Roman Catholic Church Society of North Tonawanda New York

tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Josephats Roman Catholic Church of Cheektowaga N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Infant of Prague Roman Catholic Church Society of Cheektowaga New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Francis of Assisi Roman Catholic Church Society of Buffalo n/k/a St. Katharine Drexel Roman Catholic Church Society of Buffalo N.Y tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Francis de Sales Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. James Major Roman Catholic Church Society of Westfield N.Y. n/k/a St. Dominic Roman Catholic Church of Chautauqua tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Roman Catholic Church Society of Medina N.Y. n/k/a Holy Trinity Roman Catholic Church of Medina, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Transfiguration Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Immaculate Conception Roman Catholic Church Society of Eden Center N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Hiacinth Roman Catholic Church Society of Dunkirk N.Y. n/k/a Blessed Mary Angela R.C. Parish of Dunkirk N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Sacred Heart of Jesus Roman Catholic Church Society of Batavia New York n/k/a Ascension Roman Catholic Parish of Batavia, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Josephs Roman Catholic Church of Fredonia N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Joachim Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Saint Gerards Roman Catholic Church Society of Buffalo N.Y. n/k/a Blessed Trinity Roman Catholic Church Society of Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Anthonys Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Notice of Appearance Creditor Parish Steering Committee tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Assumption Hungarian R.C. Church Society of Lackawanna tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Sacred Heart R.C. Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Aloysius Church of Springville tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Peace Roman Catholic Church Society of Clarence tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Josephs Roman Catholic Church Society of Perry (Wyom. Co. NY) n/k/a Saint Isidore Roman Catholic Parish of Perry tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. John the Baptist Roman Catholic Church Society of Carrollton n/k/a St. Bonaventures Roman Catholic Church Society of Allegany tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Isidores Roman Catholic Church Society of East Otto N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Joan of Arc Roman Catholic Church Society of Perrysburg N.Y. n/k/a St. Josephs Roman Catholic Church Society of Gowanda, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Josephs R.C. Church tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Martins Church Society Langford Erie County n/k/a Epiphany of Our Lord Roman Catholic Parish Community Langford, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Agnes Catholic Church Society Buffalo n/k/a St. Katharine Drexel Roman Catholic Church Society of Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Josephs Roman Catholic Church of Niagara Falls N.Y. n/k/a Holy Family of Jesus, Mary, and Joseph Roman Catholic Church of Niagara Falls, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Mary of Lourdes Roman Catholic Church Society of Chautauqua Bemus Point tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Holy Family Roman Catholic Church Society of the City of Buffalo n/k/a Our Lady of Charity Catholic Parish tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Mary of Immaculate Conception RCC Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Patricks Roman Catholic Church of Belfast N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Patricks Roman Catholic Church Society of the City of Lockport N.Y. n/k/a All Saints Roman Catholic Parish of Lockport, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Vincents Roman Catholic Church of Springbrook N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Margarets Roman Catholic Church Society of Buffalo New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Matthews Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Church of St. Mary of Sorrows n/k/a Sts. Columba-Brigid Roman Catholic Church of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Judes Roman Catholic Church Society of Sardinia New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Saint Patricks Roman Catholic Church Society Fillmore tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Boniface Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Josephs Roman Catholic Church Society of Gowanda N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Saint Anthonys Roman Catholic Church Society of Farnham New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Stephens Roman Catholic Church of Grand Island N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Anns Roman Catholic Church of Buffalo N.Y. n/k/a Sts. Columba-Brigid Roman Catholic Church of Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. John Baptists Rom. Cath. Church Society of Boston N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Hyacinths Roman Catholic Church Society of Lackawanna n/k/a Queen of Angels R.C. Church of Lackawanna NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Holy Fourteen Helpers of the Town of West Seneca Middle Ebenezer tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff All Saints Roman Catholic Parish of Lockport New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Nicholas Roman Catholic Congregation of North Java N.Y. n/k/a St. John Neumann Roman Catholic Church of Wyoming County tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Peter's Roman Catholic Church Society of Lewiston N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The St. John Baptists Society North Buffalo n/k/a Assumption Roman Catholic Church Society of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Prince of Peace of Roman Catholic Church Society and St. Charles Borromeo Chapel n/k/a St. Vincent de Paul Roman Catholic Parish of Niagara Falls New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Holy Spirit Roman Catholic Church Society of North Collins N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Patrick Roman Catholic Church Society of Hartland n/k/a Our Lady of the Lake Roman Catholic Parish of Barker and Lyndonville N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Monicas Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Roman Catholic Church of St. Marys n/k/a St. Mary Roman Catholic Church Society of Arcade N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Vincent de Paul Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Roman Catholic Church Society of Cattaraugus N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Saint Casimirs Roman Catholic Church Society of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Church of the Redemptorists of Buffalo NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Mount Carmel Roman Catholic Church Society of Niagara Falls New York n/k/a Holy Family of Jesus, Mary, and Joseph Roman Catholic Church of Niagara Falls, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Josephs Roman Catholic Church Society of Scio N.Y. n/k/a Holy Family of Jesus, Mary, and Joseph Roman Catholic Church Society of Belmont, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Christophers Roman Catholic Church Society of Tonawanda tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Brigids Roman Catholic Church Society of Bergen N.Y., formerly known as St. Bridget Bergen tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Brendans Roman Catholic Church Society of Almond N.Y., (Alfred) tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Saint John Gualbertus Roman Catholic Church Society of Cheektowaga Erie Co., N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Roman Catholic Church Society of Belmont N.Y. n/k/a Holy Family of Jesus, Mary, and Joseph Roman Catholic Church Society of Belmont, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Resurrection Roman Catholic Church Society of Cheektowaga New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Most Precious Blood Rom. Cath. Church Society of Angola tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. James Roman Catholic Church Society of Jamestown N.Y. n/k/a Holy Apostles Roman Catholic Parish of Jamestown, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Nativity of the Blessed Virgin Roman Catholic Church Society of Buffalo n/k/a Our Lady of Hope Roman Catholic Parish of Buffalo New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Josephs Roman Catholic Society of Buffalo NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Francis Church Society of Tonawanda Village Tonawanda tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Leos Roman Catholic Society of Eggertsville N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Bernards Roman Catholic Church Society of Youngstown N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. James Roman Catholic Church Society of Buffalo N.Y. n/k/a Blessed Trinity Roman Catholic Church Society of Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Joseph Roman Catholic Church Society of Albion New York n/k/a Holy Family Roman Catholic Parish of Albion, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Annunciation Roman Catholic Church Society of Buffalo N.Y. n/k/a Our Lady of Hope Roman Catholic Parish of Buffalo, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Columbas Roman Catholic Church Society of Buffalo N.Y. n/k/a Sts. Columba-Brigid Roman Catholic Church of Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Nativity Roman Catholic Church Society of Orchard Park New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Vincents Roman Catholic Church Society of North Evans n/k/a Saint John Paul II Roman Catholic Parish Community tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady Help of Christians East Bennington n/k/a Immaculate Heart of Mary Roman Catholic Parish tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. John Cantius R.C. Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Fatima Roman Catholic Church Society of Elba New York n/k/a Saint Padre Pio Roman Catholic Parish tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Saint Bernards Roman Catholic Church Society of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Assumption Roman Catholic Church Society of Portageville N.Y. n/k/a Saint Isidore Roman Catholic Parish of Perry, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Josephs Cath. Church of Holland tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Sts. Agatha and Ambrose Roman Catholic Parish of Buffalo N.Y. n/k/a Our Lady of Charity Catholic Parish

| | |
|---|---|
| | tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff St. Elizabeths Roman Catholic Church of Buffalo N.Y. n/k/a Assumption Roman Catholic Church Society of Buffalo, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff St. Aloysius Gonzaga Roman Catholics Church Society of Cheektowaga New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff The Most Holy Redeemer Roman Catholic Church Society of Cheektowaga N.Y. n/k/a St. Lawrences Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff Holy Family Roman Catholic Church Society of Machias N.Y. n/k/a St. Philomenas Roman Catholic Church Society of Franklinville, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff St. Bridgets Roman Catholic Church Society of Newfane N.Y. n/k/a St. Brendan on the Lake Roman Catholic Parish of Newfane, Olcott tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff St. Rose of Lima Roman Catholic Church Society of Buffalo tlyster@woodsoviatt.com esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff St. Leo the Great Roman Catholic Church Amherst, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff Blessed Sacrament Roman Catholic Church Society of Tonawanda tlyster@woodsoviatt.com esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff Holy Cross Roman Catholic Church Society of Buffalo New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Interested Party Parish Steering Committee tlyster@woodsoviatt.com esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff St. Josephs Roman Catholic Church Society of Leroy New York n/k/a Our Lady of Mercy Roman Catholic Parish of LeRoy tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff Our Lady of Perpetual Help Roman Catholic Church Society of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff Nativity of the Blessed Virgin Mary Roman Catholic Church Society of Harris Hill N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff Saints Peter and Pauls Church of Jamestown N.Y. n/k/a Holy Apostles Roman Catholic Parish of Jamestown, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff Holy Family Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff St. Ambroses Roman Catholic Church of Buffalo n/k/a Our Lady of Charity Catholic Parish tlyster@woodsoviatt.com esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff St. John the Baptist Roman Catholic Church Kenmore, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff St. Joseph Roman Catholic Church Society of Lyndonville N.Y. n/k/a Our Lady of the Lake Roman Catholic Parish of Barker and Lyndonville, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff Sacred Heart of Jesus Roman Catholic Church Society of N. Collins NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff St. Thomas More Ripley tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |
| Timothy Patrick Lyster | on behalf of Plaintiff St. Georges Roman Catholic Church Society of Jewettville New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com |

Timothy Patrick Lyster
on behalf of Plaintiff Queen of Heaven Roman Catholic Church Society Inc. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Our Lady of Perpetual Help Roman Catholic Church Society of Lakeview n/k/a Blessed John Paul II Roman Catholic Parish Community tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Francis of Assisi Roman Catholic Church Society of Corfu New York n/k/a Saint Maximilian Kolbe Roman Catholic Parish of Corfu, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Blessed Trinity Roman Catholic Church Society of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Albert the Great Roman Catholic Church Society of North Tonawanda N.Y. n/k/a Saint Jude the Apostle Roman Catholic Parish of North Tonawanda, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Queen of Martyrs Roman Catholic Church Society of Cheektowaga New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Queen of Heaven Roman Catholic Church Society of West Seneca New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Thomas More Ripley n/k/a St. Dominic Roman Catholic Church of Chautauqua County tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Church of the Assumption of Lancaster N.Y. tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Sacred Heart Roman Catholic Church Society of Angelica N.Y. n/k/a Holy Family of Jesus, Mary, and Joseph Roman Catholic Church Society of Belmont, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff SS. Peter and Paul Roman Catholic Church Society of Depew New York n/k/a Our Lady of Pompeii Roman Catholic Church of Lancaster tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff The Immaculate Conception Roman Catholic Church Society of East Aurora N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Pacificus Church & Cemetery Association of Humphrey n/k/a The Holy Name of Mary Roman Catholic Church Society of Ellicottville N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Assumption Roman Catholic Church Society of Buffalo N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Immaculate Heart of Mary Roman. Catholic Church Society of Buffalo New York n/k/a St. Aloysius Gonzaga Roman Catholic Church Society of Cheektowaga, New York, Incorporated tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Roman Catholic Church Society Silver Springs N.Y. n/k/a Saint Isidore Roman Catholic Parish of Perry New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Catholic Society of St. Mary's Church Lockport, NY n/k/a All Saints Roman Catholic Parish of Lockport, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Catholic Society of St. Marys Church Lockport, NY n/k/a All Saints Roman Catholic Parish of Lockport, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Church of the Holy Trinity Dunkirk N.Y. tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Andrews Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Elizabeth Cherry Creek tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Josephs Roman Catholic Church Society of Bliss N.Y. n/k/a Saint Isidore Roman Catholic Parish of

Perry, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. John Baptist Roman Catholic Church Society of Carrollton Vandalia n/k/a St. Bonaventures Roman Catholic Church Society of Allegany tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Catholic Church Society of Pavilion N.Y. n/k/a Mary Immaculate Roman Catholic Parish of Pavilion, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Marys Roman Catholic Church Society of Holley tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Josephs Roman Catholic Church Society of Lockport N.Y., n/k/a All Saints Roman Catholic Parish of Lockport, New York tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Saint Georges Roman Catholic Church Society of Niagara Falls N.Y. n/k/a Divine Mercy Roman Catholic Parish of Niagara Falls, N.Y. tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Charles Roman Catholic Church Society tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff Queen of All Saints Lackawanna tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Gabriels Roman Catholic Church Society of Blossom tlyster@woodsoviatt.com esolimano@woodsoviatt.com

Timothy Patrick Lyster
on behalf of Plaintiff St. Bartholomews R.C. Church Society of Buffalo NY tlyster@woodsoviatt.com, esolimano@woodsoviatt.com

Timothy W. Burns
on behalf of Special Counsel Burns Bair LLP tburns@burnsbair.com kdempski@burnsbair.com;bcawley@burnsbair.com

Timothy W. Burns
on behalf of Creditor Committee Official Committee of Unsecured Creditors tburns@burnsbair.com kdempski@burnsbair.com;bcawley@burnsbair.com

Trevor Prince, Jr
on behalf of Interested Party Sisters of Good Shepherd and the Roman Catholic Religious Institute of the Religious of the Good Shepherd tprince@archerlaw.com

Wayne I. Freid
on behalf of Interested Party Patricia Kane wif@fk-law.com

William Carson
on behalf of Interested Party Zurich American Insurance Company wcarson@steptoe.com

William Carson
on behalf of Defendant Providence Washington Insurance Company wcarson@steptoe.com

William Carson
on behalf of Interested Party American Guarantee and Liability Insurance Company wcarson@steptoe.com

William Carson
on behalf of Defendant Zurich American Insurance Company wcarson@steptoe.com

William Carson
on behalf of Interested Party Providence Washington Insurance Company wcarson@steptoe.com

William Corbett, Jr
on behalf of Defendant Selective Insurance Company of America (formerly known as Exchange Mutual Insurance Company) wcorbett@coughlinduffy.com

William Corbett, Jr
on behalf of Interested Party Selective Insurance Company of New York wcorbett@cmg.law

William Carl Heuer
on behalf of Other Professional All Parishes with the Diocese of Buffalo N.Y. wheuer@westermanllp.com

William Henry Gordon
on behalf of Creditor Carolyn Anderson wgordon@garabedianlaw.com

William Henry Gordon
on behalf of Creditor Gail Holler-Kennedy wgordon@garabedianlaw.com

William Henry Gordon
on behalf of Creditor Richard Brownell wgordon@garabedianlaw.com

William Henry Gordon
on behalf of Creditor Wayne Bortle wgordon@garabedianlaw.com

TOTAL: 672

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | |
| | Case No. 20-10322 (CLB) |
| The Diocese of Buffalo, N.Y., | |
| | Chapter 11 |
| Debtor. | |

**ORDER (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF CERTAIN REAL PROPERTY AT 5875 ELLICOT STREET ROAD, IN THE TOWN OF BETHANY, COUNTY OF GENESEE, AND STATE OF NEW YORK; (B) AUTHORIZING AND APPROVING THE FORM OF PURCHASE AGREEMENT; (C) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE; (D) APPROVING THE FORM AND MANNER OF SERVICE OF NOTICE OF AUCTION AND SALE HEARING; AND (E) GRANTING RELATED RELIEF**

Upon consideration of the motion [Docket No. 5105] (the "Motion")[1] filed by The Diocese of Buffalo, N.Y. (the "Diocese") for entry of an order pursuant to sections 105, 363, and 503 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i)(a) approving bidding procedures in connection with the sale of certain real property located at 5875 Ellicott Street Road in the Town of Bethany, County of Genesee, and State of New York 14054 (the "Property"); (b) authorizing and approving the form of the proposed purchase agreement, as amended, (the "Purchase Agreement") submitted by Ricky Hale (the "Stalking Horse Bidder"); (c) scheduling an auction (the "Auction") and the date and time of the hearing to approve the sale of the Property (the "Sale Hearing"); and (d) approving the form and manner of service of notice of auction and sale hearing (the "Notice of Auction and Sale Hearing"); (ii) approving and authorizing the sale of the Property

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or the Bidding Procedures, as applicable.



24017382.v1-9/15/26

Case 1-20-10322-CLB, Doc 5203, Filed 10/29/26, Entered 10/30/26 06:41:29,
Description: Imaged Certificate of Notice, Page 32 of 82

(the "Sale Transaction") free and clear of any liens, claims, encumbrances and other interests (collectively, "Encumbrances") pursuant to the terms of the Successful Bid (as defined herein); and (iii) granting related relief; and it appearing that the relief requested in the Motion is in the best interests of the Diocese, its estate, creditors, and other parties in interest; and good and sufficient cause appearing therefor, it is hereby:

**FOUND AND DETERMINED THAT:**[2]

A. This Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. Good and sufficient notice of the Motion and the relief sought therein has been given under the circumstances, and no other or further notice is required except as set forth herein. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

C. The Diocese has articulated good and sufficient business reasons for this Court to approve the bidding procedures attached hereto as ***Exhibit 1*** (the "Bidding Procedures").

D. The Bidding Procedures are reasonably designed to maximize the consideration to be received for the Property.

E. The Stalking Horse Bidder is not an "insider" or "affiliate" of the Diocese, as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of incorporators, directors, or controlling stakeholders exist between the Stalking Horse Bidder and the Diocese. The Stalking Horse Bidder and the Diocese, together with their respective counsel and advisors,

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable. *See* Bankruptcy Rule 7052.

have acted in "good faith" and at "arm's length" within the meaning of section 363(m) of the Bankruptcy Code in connection with the negotiation of the agreement for the sale of the Property attached hereto as ***Exhibit 2*** (the "Purchase Agreement").

F. The Diocese has demonstrated and proved to the satisfaction of this Court that a sale of the Property, pursuant to the terms of the Purchase Agreement, subject to higher or better offers, is in the best interests of the Diocese, its creditors, and its estate, and the Diocese's decision to enter into the Purchase Agreement with the Stalking Horse Bidder represents a prudent exercise of the Diocese's sound business judgment.

G. The publication and service of the Notice of the Auction and Sale Hearing attached hereto as ***Exhibit 3***, as described in the Motion, is reasonably calculated to provide all interested parties with adequate and proper notice of the proposed Sale Transaction, the Bidding Procedures, the Auction, and the Sale Hearing.

H. The Diocese has articulated good and sufficient reasons for this Court to grant the relief set forth herein. The entry of this Bidding Procedures Order is in the best interests of the Diocese, its estate, creditors, and other parties in interest.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. All objections to the Motion relating to the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits.

3. The Bidding Procedures attached hereto as ***Exhibit 1*** are incorporated herein and are hereby approved in their entirety, and the Bidding Procedures shall govern the submission, receipt, and analysis of all bids to purchase the Property. Any party desiring to submit a bid for the Property shall comply with the Bidding Procedures and this Order.

4. The form of the Purchase Agreement attached hereto as ***Exhibit 2*** is hereby approved. The offer by the Stalking Horse Bidder to purchase the Property pursuant to the terms of the Purchase Agreement is a Qualified Bid and the Stalking Horse Bidder is a Qualified Bidder for all purposes under the Bidding Procedures.

5. In accordance with the terms of the Purchase Agreement, the Diocese shall return to the Stalking Horse Bidder its $20,000.00 deposit, payable in the event the Diocese, at no fault of the Stalking Horse Bidder, consummates a sale of the Property to a Successful Bidder other than the Stalking Horse Bidder.

6. The deadline for submitting bids for the Property (the "Bid Deadline") is **12:00 noon (prevailing Eastern Time) on ~~November~~ December 1, 2026.** No bid shall be deemed to be a Qualified Bid (as defined in the Bidding Procedures) or otherwise considered for any purposes unless such bid is received by the Diocese prior to the Bid Deadline and otherwise satisfies all requirements set forth in the Bidding Procedures.

7. If more than one Qualified Bid for the Property is timely received by the Diocese in accordance with the Bidding Procedures, the Diocese shall hold an Auction for the Property. The Auction shall take place at the offices of Bond, Schoeneck & King, PLLC, The Avant Building, Suite 900, 200 Delaware Avenue, Buffalo, New York 14202-2107, on **~~November~~ December 4, 2026 at 12:00 noon (prevailing Eastern Time)**, or on such other date and time as the Diocese shall notify all Qualified Bidders and other invitees.

8. Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the proposed Sale Transaction. The Stalking Horse Bidder will be permitted, but not obligated, to submit overbids at the Auction.

9. The Notice of Auction and Sale Hearing, in substantially the form attached hereto as ***Exhibit 3***, is hereby approved.

10. Not later than five (5) business days following entry of this Bidding Procedures Order, the Diocese shall cause (a) a copy of the Notice of Auction and Sale Hearing, and (b) a copy of the Bidding Procedures Order, with exhibits, to be sent by first-class mail postage prepaid, to: (i) the Office of the United States Trustee for the Western District of New York; (ii) counsel to the Official Committee of Unsecured Creditors; (iii) all parties filing Notices of Appearance and requests for papers in this Chapter 11 Case; (iv) all required governmental agencies; (v) all known parties who have expressed a bona fide interest in acquiring the Property during the pendency of this Chapter 11 Case; (vi) all creditors in the Chapter 11 Case; (vii) all persons known or reasonably believed to have asserted any lien, claim, encumbrance, or other interest in or upon any of the Property; and (viii) all parties who are known to have expressed an interest in purchasing the Property.

11. The Diocese shall arrange for publication of a copy of the Notice of Auction and Sale Hearing in the *Buffalo News* not later than five (5) business days following entry of this Bidding Procedures Order (subject to applicable submissions deadlines).

12. If the Diocese does not receive any Qualified Bids (other than the Purchase Agreement) prior to the Bid Deadline: (a) the Diocese may cancel the Auction; (b) the Stalking Horse Bidder will be deemed the Successful Bidder for the Property; and (c) the Diocese shall be authorized to seek approval of the Purchase Agreement and the Sale Transaction to the Stalking Horse Bidder at the Sale Hearing.

13. The Sale Hearing shall be held before this Court on ~~November~~ December 7, 2026 at 10:00 a.m. (prevailing Eastern time), or as soon thereafter as counsel and interested parties may be heard.

14. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than as reflected on the Bankruptcy Court's docket or announcement of said adjournment in open Court or on this Court's calendar on the date scheduled for the Sale Hearing.

15. Except as otherwise provided in this Bidding Procedures Order, the Diocese reserves the right as it may reasonably determine to be in the best interest of its estate, in the Diocese's business judgment, in consultation with the Committee, and subject to conformity with the Bidding Procedures to: (a) determine which bidders are Qualified Bidders; (b) determine which bids are Qualified Bids; (c) determine which Qualified Bid is the highest or best proposal and which is the next highest or best proposal; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the requirements of the Bankruptcy Code, or (iii) not in the best interests of the Diocese and its estate; (e) waive terms and conditions set forth herein with respect to all potential bidders or impose additional terms and conditions with respect to all bidders; (f) extend the deadlines set forth herein; (g) adjourn or cancel the Auction or Sale Hearing without further notice; and (h) modify the Bidding Procedures as the Diocese, in its business judgment, may determine to be in the best interest of its estate or to withdraw the Motion at any time with or without prejudice.

16. The Diocese is hereby authorized to take all actions necessary or appropriate to effectuate the terms of this Bidding Procedures Order.



24017382.v1-9/15/26

17. Notwithstanding anything to the contrary in Bankruptcy Rule 6004(h), or otherwise, this Bidding Procedures Order shall be effective immediately upon its entry.

18. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: Oct. 13, 2026
Buffalo, New York

Carl L. Bucki

Hon. Carl L. Bucki
Chief United States Bankruptcy Judge

FILED
OCT 13 2026
BANKRUPTCY COURT
BUFFALO, NY

**Exhibit 1**

Bidding Procedures

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 20-10322 (CLB) |
| The Diocese of Buffalo, N.Y., | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

**BIDDING PROCEDURES FOR THE SALE OF 5875 ELLICOT STREET ROAD, IN THE TOWN OF BETHANY, COUNTY OF GENESEE, AND STATE OF NEW YORK**

Set forth below are the bidding procedures (the "Bidding Procedures") to be employed with respect to the proposed sale (the "Sale Transaction") of certain real property located at 5875 Ellicott Street Road in the Town of Bethany, County of Genesee, and State of New York 14054 (the "Property") by The Diocese of Buffalo, N.Y. (the "Diocese"). The Sale Transaction is subject to competitive bidding as set forth herein and approval by the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court") pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code").

On September 16, 2026, the Diocese filed the *Motion for Entry of an Order (I)(A) Approving Bidding Procedures for the Sale of Certain Real Property at 5875 Ellicott Street Road in the Town of Bethany, County of Genesee, and State of New York; (B) Authorizing and Approving the Form of Purchase Agreement; (C) Scheduling an Auction and Hearing to Consider the Sale; and (D) Approving the Form and Manner of Service of Notice of Auction and Sale Hearing; (II) Approving the Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (III) Granting Related Relief* [Docket No. ____] (the "Sale Motion").

On ________ ___, 2026, the Bankruptcy Court entered an order [Docket No. ____] (the "Bidding Procedures Order")[1] which, among other things, approved (i) these Bidding Procedures and (ii) the form of purchase agreement, as amended, with Ricky Hale (the "Stalking Horse Bidder") attached as an exhibit to the Sale Motion (the "Purchase Agreement").

These Bidding Procedures describe, among other things, the Property available for sale, the form of bids and the manner in which bidders and bids become qualified, the coordination of diligence efforts, the conduct of the Auction (as defined herein), the ultimate selection of the Successful Bidder (as defined herein) and the Court's approval thereof (the "Bidding Process"). In the event of any disagreement as to the interpretation or application of these Bidding Procedures, the Bankruptcy Court shall have jurisdiction to hear and resolve such dispute.

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion and the Bidding Procedures Order, as applicable.

Copies of the Sale Motion and all exhibits thereto may be obtained by contacting the Diocese's counsel: Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Charles J. Sullivan, Grayson T. Walter, and Justin S. Krell (Telephone: (315) 218-8000; email: sdonato@bsk.com, csullivan@bsk.com, gwalter@bsk.com, and jkrell@bsk.com), or they may be downloaded by visiting the Bankruptcy Court's electronic case management website at https://ecf.nywb.uscourts.gov/ or for free at https://case.stretto.com/dioceseofbuffalo.

**Property to be Sold**

The real property to be sold (together with all improvements and fixtures located thereon) is located at 5875 Ellicott Street Road in the Town of Bethany, County of Genesee, and State of New York 14054.

The Sale Transaction will be conducted on "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Diocese, its agents or the Diocese's bankruptcy estate, except to the extent set forth in the Purchase Agreement. Except as otherwise provided in the Purchase Agreement or in the Bankruptcy Court's order approving the Sale Transaction, the Property shall be sold to the Successful Bidder free and clear of all liens, claims, encumbrances, and other interests ("Encumbrances"), with such Encumbrances to attach solely to the net proceeds of the sale.

**Participation Requirements**

In order to participate in the Bidding Process, a bidder for the Property (a "Potential Bidder") must be an "Qualified Bidder." A Qualified Bidder is a person or group of persons who has provided the Diocese with current audited financial statements, evidence of committed financing, or such other financial and credit-quality disclosures as may be reasonably requested by, and satisfactory to the Diocese, in consultation with the Official Committee of Unsecured Creditors (the "Committee"), evidencing the Potential Bidder's financial wherewithal to consummate the Sale Transaction and pay the purchase price for the Property to the Diocese in cash.

The Diocese, in its discretion, shall determine whether a bid qualifies as a "Qualified Bid." To constitute a Qualified Bid, a bid must be an offer from a Qualified Bidder received by the Diocese before the Bid Deadline (defined below) and:

(i) be submitted in writing;

(ii) provide for a purchase price, payable in full, in cash, upon the Sale closing date, which exceeds the cash consideration set forth in the Purchase Agreement by at least $5,000.00 (the "Initial Minimum Overbid").

(iii) be on terms that are not more burdensome or conditional in any material respect than the terms of the Purchase Agreement;

(iv) not be conditioned on obtaining financing, the outcome of any due diligence investigation, or on the receipt of any third-party approvals or consents (excluding required Bankruptcy Court approval and any third-party approvals or consents contemplated in the Purchase Agreement);

(v) not request or entitle the bidder to any break-up fee, expense reimbursement, or similar type of payment;

(vi) include a binding and definitive purchase agreement for the Property, in substantially the same form as the Purchase Agreement and executed by the Qualified Bidder (a "Qualified Bidder Contract"), together with a marked copy showing any changes from the Purchase Agreement, and a clean electronic copy in Microsoft Word readable format;

(vii) be accompanied by a cash, certified bank check, or wire transfer deposit equal to 9% of the purchase price set forth in the Qualified Bidder Contract;

(viii) fully disclose the identity of each entity that will be bidding for the Property or otherwise participating in connection with such bid, the complete terms of any such participation, and identify no more than three (3) representatives authorized to appear and act on behalf of such Qualified Bidder at the Auction ("Authorized Bidder Representatives");

(ix) include an acknowledgment and representation that the Qualified Bidder has had an opportunity to consider all due diligence regarding the Property prior to submitting its bid and that it has relied solely upon its own independent review, investigation and inspection of any documents or the Property in making its bid;

(x) confirm that, if selected as the Successful Bidder or the Back-Up Bidder, such bidder will complete the Sale Transaction within five (5) business days following the later date for which (A) the Bankruptcy Court's order approving the sale shall have become a final and non-appealable order, or (B) the Diocese shall have provided written notice of its readiness to consummate the Sale Transaction;

(xi) certify that the bidder has not, and is not, engaged in any collusion with respect to its bid or the Sale Transaction; and

(xii) provide that such bid shall remain open and irrevocable until:

(A) if such bid is not the Successful Bid or Back-Up Bid (as each term is defined below), the entry by the Bankruptcy Court of an order approving the sale of the Property to another Qualified Bidder;

(B) if such bid is the Successful Bid, the closing of the Sale Transaction to such Successful Bidder; or

(C) if such bid is chosen by the Diocese to be the Back-Up Bid, the date which is the earlier to occur of: (i) the closing of the Sale Transaction to the

Successful Bidder or (ii) the closing of the Sale Transaction to such Back-Up Bidder.

As promptly as practicable after receiving a bid from a Potential Bidder, the Diocese shall determine, in consultation with the Committee, and shall notify the Potential Bidder in writing, whether the Potential Bidder is a Qualified Bidder and whether the bid is a Qualified Bid. Notwithstanding anything to the contrary herein, the Stalking Horse Bidder is a Qualified Bidder, and the Purchase Agreement is a Qualified Bid, for all purposes of these Bidding Procedures.

## Bid Deadline

All Qualified Bids must be actually received at or before **12:00 noon (prevailing Eastern Time) on ~~November~~ December 1, 2026** (the "Bid Deadline"), by counsel to the Diocese, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202 (Attn: Stephen A. Donato, Charles J. Sullivan, Grayson T. Walter, and Justin S. Krell (Telephone (315) 218-8000; email: sdonato@bsk.com, csullivan@bsk.com, gwalter@bsk.com, and jkrell@bsk.com). The Diocese may extend the Bid Deadline in its discretion but is not obligated to do so.

As soon as practicable following the Bid Deadline, the Diocese will review all timely-received bids and will provide copies of all bids deemed to be Qualified Bids to counsel to the Stalking Horse Bidder, Committee, and the Office of the United States Trustee for the Western District of New York (the "UST").

## "As-is" Sale / Diligence

The Sale of the Property shall be on an "as-is" basis, without any representations or warranties provided by the Diocese, except those set forth in the Purchase Agreement.

Each Potential Bidder shall comply with all reasonable requests for information by the Diocese or its advisors regarding such Potential Bidder's financial wherewithal and ability to consummate the Sale. Failure by any Potential Bidder to comply with requests for additional information from the Diocese may be a basis for the Diocese, in its discretion, to determine that a Potential Bidder is not a Qualified Bidder, or that any bid is not a Qualified Bid.

Prior to the Bid Deadline, the Diocese shall provide any Potential Bidder deemed to be a Qualified Bidder with reasonable site access and due diligence information upon request. In no instance shall the Diocese have any obligation to produce or furnish any information not already within the Diocese's possession and control.

Potential Bidders are advised to exercise their own discretion before relying on any information regarding the Property provided by anyone other than the Diocese or its representatives.

By submitting their bid, each Qualified Bidder shall be deemed to acknowledge and represent that it has had an opportunity to inspect and examine the Property and that it has relied solely upon its own independent review, investigation and/or inspection of any documents in making its bid, and that it did not rely upon any written or oral statements, representations,

promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Property, or the completeness of any information provided in connection with the Bidding Process except as expressly stated in the Qualified Bidder Contract submitted with its Qualified Bid.

## Auction

If no Qualified Bids (other than the Purchase Agreement submitted by the Stalking Horse Bidder, which shall be deemed as a Qualified Bid) are received on or prior to the Bid Deadline, the Stalking Horse Bidder shall be the Successful Bidder (as defined below) and the Diocese shall seek authorization to sell the Property to the Stalking Horse Bidder without further competitive bidding.

If the Diocese receives more than one Qualified Bid prior to the Bid Deadline, the Diocese shall conduct an Auction ("Auction") for the Sale of the Property. The Auction shall take place on ~~**November**~~ December **4, 2026 at 12:00 noon (prevailing Eastern Time)** at the offices of Bond, Schoeneck & King, PLLC, The Avant Building, Suite 900, 200 Delaware Avenue, Buffalo, New York 14202-2107, or at such other time and place as the Diocese may notify all Qualified Bidders. Only the Stalking Horse Bidder and those Qualified Bidders who timely submitted a Qualified Bid will be eligible to participate in the Auction.

At the commencement of the Auction, the Diocese shall announce the Qualified Bid that it has determined represents the highest or otherwise best bid for the Property (the "Starting Qualified Bid") and the overall consideration value ascribed to such bid (the "Bid Value").

Each Qualified Bidder present at the Auction will be permitted to increase its Qualified Bid in turns (each such increased Qualified Bid, a "Qualified Overbid"), provided that each Qualified Overbid thereafter must exceed the Bid Value of the then-highest or otherwise best Qualified Overbid, by at least five thousand dollars ($5,000.00) (the "Minimum Bid Increment"). During the course of the Auction, the Diocese will inform the participants which Qualified Overbid reflects the then-highest or otherwise best offer for the Property and the Bid Value ascribed thereto.

During the Auction, the Diocese is permitted at any time to request any additional financial information of any Qualified Bidder.

The Auction may be adjourned from time to time by the Diocese, but it shall not be concluded until each Qualified Bidder present at the Auction has been given an opportunity to submit a Qualified Overbid with knowledge of the Bid Value ascribed to the Starting Qualified Bid or then-highest Qualified Overbid, as applicable.

At the conclusion of the Auction the Diocese will announce (i) the Qualified Bid which the Diocese, in consultation with the Committee, deems to represent the highest or otherwise best bid for the Property (such bid being the "Successful Bid" and the Qualified Bidder submitting such bid, the "Successful Bidder") and (ii) the next highest or otherwise best bid (the "Back-Up Bid" and the party submitting such bid, the "Back-Up Bidder"). As a condition precedent to the Diocese declaring any bid the Successful Bid or the Back-Up Bid, the Diocese may require the Successful Bidder or Back-Up Bidder to deposit additional cash or immediately available funds such that their

total deposit shall be not less than (9%) of the purchase price of their respective Successful Bid or Back-Up Bid. Any deposits not applied in satisfaction of the obligations of the Successful Bidder or Back-Up Bidder shall be returned not later than five (5) business days following the consummation of the Sale Transaction.

No bids submitted after the conclusion of the Auction shall be considered unless a motion to reopen the Auction is made on notice, prior to the Sale Hearing, to all Qualified Bidders who attended and submitted a bid at the Auction and such motion is granted by the Court.

All Qualified Bids and Qualified Overbids submitted by Qualified Bidders prior to or at the Auction shall remain open and irrevocable as follows:

(a) if such bid is not the Successful Bid or Back-Up Bid, until the entry by the Bankruptcy Court of an order approving the Sale to another Qualified Bidder;

(b) if such bid is the Successful Bid, until the closing of the Sale to such Successful Bidder; or

(c) if such bid is the Back-Up Bid, until the date which is the earlier to occur of: (i) the closing of the Sale to the Successful Bidder or (ii) the closing of the Sale to such Back-Up Bidder.

## The Sale Hearing

A hearing to approve the sale transaction (the "Sale Hearing") is scheduled to take place **on ~~November~~ December 7, 2026 at 10:00 a.m. (prevailing Eastern time)** before the Honorable Carl L. Bucki, Chief Judge of the United States Bankruptcy Court for the Western District of New York at the Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York 14202. Objections to the Sale must be in writing, comply with the Local Bankruptcy Rules for the Western District of New York, and be filed with the Bankruptcy Court as soon as practicable in advance of the Sale Hearing. At the Sale Hearing, the Diocese will seek entry of an order (the "Sale Order"), among other things, authorizing and approving the sale of the Property to the Successful Bidder (or in the alternative, the Back-Up Bidder), as determined by the Diocese in the Diocese's business judgment and in accordance with the Bidding Procedures, pursuant to the terms and conditions set forth in the Purchase Agreement or Qualified Bidder Contract, as applicable, and as the same may be modified by any Qualified Overbid submitted at the Auction. The Sale Hearing may be adjourned or rescheduled without notice other than as reflected on the Bankruptcy Court's docket or by an announcement of the adjourned date in open court at the Sale Hearing.

The Diocese shall be deemed to have accepted a Qualified Bid only when (i) such Bid is declared the Successful Bid (or the Back-Up Bid) in accordance with these Bidding Procedures, (ii) definitive documentation has been executed in respect thereof, and (iii) the Bankruptcy Court has entered the Sale Order.

Following the entry of the Sale Order, if the Successful Bidder fails to consummate the approved Sale Transaction in accordance with the terms of its Successful Bid because of a breach

or failure to perform on the part of such Successful Bidder, the Diocese may terminate its agreement to sell the property to the Successful Bidder, retain the Successful Bidder's deposit, and maintain the right to pursue all available remedies whether legal or equitable against such Successful Bidder. In the event the Diocese elects to so terminate, the Backup Bid, shall automatically be deemed to be the Successful Bid with respect to the Property, and the Diocese shall be authorized to effectuate the sale of the Property to the Backup Bidder without further order of the Bankruptcy Court.

The Diocese shall return any deposits to all Qualified Bidders, other than the Successful Bidder and the Back-Up Bidder, within five (5) business days following the date on which the Sale Order becomes a final and non-appealable order. The deposit of the Successful Bidder shall be applied to, and deducted from, the Successful Bidder's obligations under the Successful Bid at the closing of the Sale Transaction. The deposit of the Back-Up Bidder shall be returned to the Back-Up Bidder within five (5) business days following the date its bid is no longer required to remain open and irrevocable as set forth herein.

## Reservation of Rights

The Diocese reserves all rights to terminate the Bidding Process at any time if the Diocese determines, in consultation with the Committee, that the Bidding Process is not in the best interest of the Diocese's bankruptcy estate. In addition, the Diocese reserves the right not to submit for approval to the Bankruptcy Court any bid (regardless of whether it may be a Qualified Bid under these Bidding Procedures) if the Diocese has reason to believe that such bid was not submitted in good faith or other similar reason. Without limiting the generality of the foregoing, the Diocese may reject at any time before entry of the Sale Order, any bid that it determines, in consultation with the Committee, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code or the Bidding Procedures, or (iii) not in the best interests of the Diocese, its estate and creditors. The Diocese shall further have the right to amend the rules set forth herein for the Bidding Process or impose such other or additional terms and conditions for the Bidding Process which the Diocese determines, in consultation with the Committee, are in the best interests of the chapter 11 estate, provided that such modifications are not inconsistent with these Bidding Procedures or the Bidding Procedures Order.

* * *

**Exhibit 2**

Purchase Agreement

PURCHASE AND SALE AGREEMENT

This PURCHASE AND SALE AGREEMENT (this "Agreement"), dated as of the 9th day of December 2025, is entered into between **THE DIOCESE OF BUFFALO, N.Y.**, a New York special act corporation created by the New York State Legislature pursuant to Chapter 568 of the Laws of 1951, having an address at 795 Main Street, Buffalo, NY 14203 ("Seller"), and **RICKY HALE**, having an address at PO Box 726, Batavia, New York 14021 ("Purchaser"; each a "Party", and collectively, the "Parties").

## RECITALS

WHEREAS, Seller is the owner of real property located in the Town of Bethany, County of Genesee, and State of New York, commonly known as 5875 Ellicott Street Road, **Tax Map Parcel Nos. 6.-1-66** and **6.-1-66.1** which are shown outlined on the property sketch attached hereto as **Exhibit A-1**, and is more particularly described on **Exhibit A-2** attached hereto (together with all improvements and fixtures located thereon, the "Property").

WHEREAS, on February 28, 2020 (the "Petition Date") Seller filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 et seq., the "Bankruptcy Code") with the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court"), commencing Seller's chapter 11 case (this "Bankruptcy Case");

WHEREAS, Seller continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, Seller shall submit a proposed order to the Bankruptcy Court related to Seller's proposed retention of Rivellino Realty ("Rivellino Realty") as the real estate broker for Seller;

WHEREAS, Seller, or a related entity, listed the Property for sale with Rivellino Realty beginning on or about ___________________;

WHEREAS, subject to the terms and conditions hereof, Seller desires to sell to Purchaser, and Purchaser desires to purchase the Property from Seller;

WHEREAS, the transaction contemplated by this Agreement is subject to the approval of the Bankruptcy Court, which approval will include, among other things, issuance by the Bankruptcy Court of a Bidding Procedures Order directing the manner in which a bidding procedure will be conducted for solicitation of competing offers from third parties for the purchase of the Property; and

WHEREAS, depending upon the outcome of the bidding pursuant to the Bidding Procedures Order, this Agreement and the transactions contemplated herein will be consummated pursuant to a sale order to be entered in the Bankruptcy Case or, in the alternative, this Agreement may be terminated by Seller, as hereinafter provided.

NOW, THEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## ARTICLE I
## DEFINITIONS

For purposes of this Agreement (including any Exhibits or Schedules attached hereto), the following terms shall have the meanings ascribed to them below, unless the context clearly requires otherwise:

1.1 "**Bankruptcy Case**" shall have the meaning given to it in the Recitals to this Agreement.

1.2 "**Bankruptcy Code**" shall have the meaning given to it in the Recitals to this Agreement.

1.3 "**Bankruptcy Court**" shall have the meaning given to it in the Recitals to this Agreement.

1.4 "**Bidding Procedures**" shall mean the bidding procedures governing the process by which the sale of the Property shall occur, which are attached to the Bidding Procedures Order as Exhibit B.

1.5 "**Bidding Procedures Order**" shall mean an order of the Bankruptcy Court: (i) approving the terms of this Agreement, subject to higher and better bids; (ii) establishing procedures for Seller's solicitation of competing offers to purchase the Property from third parties; (iii) establishing procedures for an auction to determine the highest or otherwise best offer for the Property; and (iv) scheduling a hearing to consider entry of the Sale Order.

1.6 "**Business Day(s)**" shall mean calendar days, exclusive of Saturdays, Sundays and holidays on which banking institutions in New York are authorized by Law to close.

1.7 "**Claim**" shall mean any claim within the meaning of section 101(5) of the Bankruptcy Code.

1.8 "**Closing**" shall mean the closing of the transaction as set forth in Section 7.1 of this Agreement.

1.9 "**Closing Date**" shall mean the date of Closing.

1.10 "**Encumbrance**" shall mean any Lien, Claim, Interest, or defect in title, whether imposed by Law, agreement, understanding or otherwise. For the avoidance of doubt, rights of way and easements of record shall not be considered an Encumbrance under this Agreement.

1.11 "**Effective Date**" shall mean July 29, 2026.

1.12 "**Escrow Agent**" shall mean the Seller's attorneys, Bond, Schoeneck & King, PLLC.

1.13 "**Interest**" shall mean any interest in, or related to, the Property within the meaning of section 363(f) of the Bankruptcy Code, and all mortgages, Leases, or other interests, pledges, security interests, rights of setoff, successor liabilities, conditions, obligations to allow participation, agreements or rights, rights asserted in litigation matters, competing rights of possession, obligations to lend, matters filed of record that relate to, evidence or secure an obligation of Sellers (and all created expenses and charges) of any type under, among other things, any document, instrument, agreement, affidavit, matter filed of record, cause, or state or federal law, whether known or unknown, legal or equitable, and all Liens, rights of offset, replacement liens, adequate protection liens, charges, obligations.

1.14 "**Law**" shall mean all federal, state and local laws, ordinances, rules, regulations, standards, and Orders.

1.15 "**Leases**" shall mean all leases, subleases, licenses, concessions, options, extension letters, assignments, termination agreements, subordination agreements, nondisturbance agreements, estoppel certificates and other agreements, whether written or oral, and any amendments or supplements to any of the foregoing.

1.16 "**Liability**" shall mean any liability or obligation of whatever kind or nature (whether known or unknown, whether asserted or unasserted, whether absolute or contingent, whether accrued or unaccrued, whether liquidated or unliquidated and whether due or to become due).

1.17 "**Lien**" shall mean any charge against or Interest in the Property to secure payment of a debt or performance of an obligation (statutory or otherwise), deed of trust, mortgage, pledge, security interest, security agreement, hypothecation, preference, priority, or right of recovery.

1.18 "**Order**" shall mean any award, decision, injunction, judgment, order, ruling, subpoena, or verdict entered, issued, made, or rendered by any court, or administrative agency.

1.19 "**Permitted Exceptions**" shall have the meaning given to such term in Section 9.2.

1.20 "**Person**" shall mean any individual, corporation, general or limited partnership, limited liability company, joint venture, estate, trust, association, or other legal organization.

1.21 "**Proceeding**" shall mean any action, demand, complaint, inquiry, suit, injunction, dispute, arbitration, audit, hearing, investigation, litigation, citation, notice of violation (or similar notice), or suit (whether civil or criminal) commenced, brought, conducted, or heard by or before, or otherwise involving, any Person.

1.22 "**Property**" shall have the meaning given to such term in the Recitals of this Agreement.

1.23 **"Quitclaim Deed"** shall mean the deed to be delivered at Closing by Seller to Purchaser in the form attached hereto as **Exhibit C**.

1.24 **"Remaining Personal Property"** shall mean any items of equipment and personal property remaining on the Property as of the date of the Closing. For the avoidance of doubt, except for the Building Systems and Fixtures (as hereinafter defined) and as otherwise required hereunder, Seller, in its sole discretion, shall determine what equipment and personal property, if any, shall remain on the Property as of the date of the Closing.

1.25 **"Sale Order"** shall mean an Order of the Bankruptcy Court in form and substance reasonably acceptable to Purchaser and Seller authorizing the sale of the Property to Purchaser in accordance with the terms and conditions set forth herein, free and clear of any Encumbrances pursuant to section 363(f) of the Bankruptcy Code.

1.26 **"Tax"** and **"Taxes"** shall mean individually or collectively, as appropriate, any and all U.S. or non-U.S., federal, state, county, local, municipal or other taxes, charges, imposts, rates, fees, levies or other assessments.

1.27 **"Title Company"** shall mean a reputable title company to be selected by Purchaser.

1.28 **"Transaction"** shall mean the purchase and sale of the Property contemplated by this Agreement.

## ARTICLE II
## AGREEMENTS TO SELL AND PURCHASE; RELATED MATTERS

2.1. **Agreement to Sell and Purchase the Property.** On the Closing Date, subject to the performance of the parties of the terms and provisions of this Agreement and satisfaction of the terms and conditions set forth in the Sale Order, Seller shall sell, convey, assign, transfer, and deliver to Purchaser, and Purchaser shall purchase, acquire, and accept from Seller, the Property, free and clear of all Encumbrances, except as otherwise expressly provided in this Agreement.

2.2. **Condition of Property.** Seller is selling and Purchaser is acquiring the Property "AS-IS" "WHERE-IS", and with all faults, as provided in **ARTICLE XII** below.

2.3. **Personal Property.** Seller shall have the right at any time prior to Closing to remove from the Property any religious items and other equipment and personal property which Seller elects to remove and retain. Purchaser agrees to accept possession of the Property at Closing with any Remaining Personal Property included in the sale (at no additional cost to Purchaser) on an "AS IS" "WHERE IS" basis. If requested by Purchaser prior to Closing, Seller shall deliver to Purchaser at Closing a quitclaim bill of sale conveying Seller's interest in any such Remaining Personal Property. Seller and Purchaser acknowledge that, to the extent any such Remaining Personal Property is on the Property as of the Closing, such Remaining Personal Property is of little or no value.

2.4. **Building Systems and Fixtures.** Notwithstanding the foregoing, Seller agrees not to remove from the Property any of the following to the extent they are in place on the

Property as of the Effective Date of this Agreement, and that all such items shall be included in the sale to Purchaser, as fixtures to the Property: any natural gas and electric fixtures, facilities, appliances and wiring, fixtures and related equipment, all emergency generators, engines, boilers, elevators, incinerators, motors, heating, ventilation, and air conditioning equipment, affixed cabinetry, sinks, basins, water closets, lavatory fixtures, faucets, and pipes, all electrical and telephone systems, components, wiring, transformers, electrical boxes, switches, lighting fixtures, and bulbs, any sprinkler systems, fire prevention and extinguishing apparatus, any central music and public address systems, any burglar alarms, security systems and equipment, remote control devices for overhead doors, any window shades, awnings, screens, blinds, installed carpeting, drapes, and curtains (collectively and as appear on the Property at the Effective Date of this Agreement, the "Building Systems and Fixtures"). Seller makes no representation or warranty that any of the foregoing items are in place on the Property. The Building Systems and Fixtures are transferred "AS-IS" "WHERE-AS", with all faults, and SELLER MAKES NO REPRESENTATIONS OR WARRANTIES, EXPRESS OR IMPLIED, INCLUDING BUT NOT LIMITED TO ANY IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE.

## ARTICLE III
## PURCHASE PRICE

3.1. **Purchase Price**. The Purchase Price for the Property shall be TWO HUNDRED TWENTY FIVE THOUSAND AND 00/100 DOLLARS ($225,000.00) (the "Purchase Price"), payable as follows:

3.1.1. **Deposit**. Within five (5) days after the Effective Date, Purchaser shall deposit in escrow with Escrow Agent an earnest money deposit of TWENTY THOUSAND AND 00/100 DOLLARS ($20,000.00) (the "Earnest Money Deposit") in a non-interest bearing account, which Earnest Money Deposit is to become part of the Purchase Price, or be returned, if required under the terms of this Agreement.

3.1.2. **Balance**. The balance of the Purchase Price shall be paid, plus or minus Closing adjustments, as the case may be, in wire transferred funds of United States currency to Seller in accordance with the terms of the Sale Order.

3.2. **Cash Transaction**. Purchaser acknowledges that Purchaser's representation below that the transaction contemplated herein is a "Cash Transaction" was a determinative factor in Seller's acceptance of Purchaser's offer. To that end, Purchaser shall, on or before the Effective Date, provide Seller with evidence reasonably satisfactory to Seller confirming Purchaser's ability to purchase the Property pursuant to this Agreement without obtaining financing or funding from outside funding sources ("Proof of Funds").

## ARTICLE IV
## REPRESENTATIONS AND WARRANTIES OF SELLER



Case 1-20-10322-CLB, Doc 5203, Filed 10/29/26, Entered 10/30/26 06:41:29, Description: Imaged Certificate of Notice, Page 52 of 82

Seller makes no representations or warranties, express or implied, except those expressly contained or incorporated in this Agreement. All of the representations and warranties of Seller contained in this Agreement are to the best of Seller's knowledge, made as of the Effective Date, and except as otherwise set forth herein, shall merge with the Quitclaim Deed and shall not survive the Closing. Subject to the foregoing, Seller represents and warrants unto Purchaser as of the date hereof, as follows:

4.1. **Organization.** Seller is a New York special act corporation created by the New York State Legislature pursuant to Chapter 568 of the Laws of 1951, duly organized, validly existing, and in good standing under the laws of the State of New York, and subject to the Bankruptcy Court's entry of the Sale Order, Seller has the legal power, right and authority to enter into this Agreement and the instruments referenced herein, and to consummate the transaction contemplated herein.

4.2. **Power and Authority.** All requisite corporate action has been taken by Seller in connection with entering into this Agreement, the documents and instruments referenced herein, and the consummation of the transaction contemplated hereby. Subject to the Bankruptcy Court's entry of the Sale Order, no consent, authority, licensing, or approval of any partner, shareholder, trustee, trustor, beneficiary, creditor, investor, or other party is required for Seller to execute and deliver this Agreement and the instruments and documents referenced herein or consummate the transaction contemplated by this Agreement. The individual(s) executing this Agreement and the instruments referenced herein on behalf of Seller have the legal power, right, and actual authority to bind Seller to the terms and conditions hereof and thereof.

4.3. **Consents.** Subject to the Bankruptcy Court's entry of the Sale Order, no consent, approval, waiver, license, permit, or certificate of authority any other third Person is required in connection with the execution, delivery or performance by Seller of this Agreement or the consummation by Seller of the transactions contemplated hereby.

4.4. **Foreign Person.** Seller is not a "foreign person" as defined in §1445(f)(3) of the Internal Revenue Code and regulations promulgated thereunder, which Seller shall so certify at Closing (via "Non-Foreign Person Affidavit").

4.5. **Encumbrances.** Except as otherwise expressly provided in this Agreement, at the Closing, Seller will convey the Property free and clear of all Encumbrances, as provided in the Sale Order, subject to any rights of way or easements of record.

## ARTICLE V
## REPRESENTATIONS AND WARRANTIES OF PURCHASER

5.1. **Power and Authority.** All requisite action (corporate, trust, partnership or otherwise) has been taken by Purchaser in connection with entering into this Agreement, the documents and instruments referenced herein, and the consummation of the transaction contemplated hereby. No consent, authority, licensing or approval of any partner, shareholder, trustee, trustor, beneficiary, creditor, investor, regulatory authority or other party is required for Purchaser to execute and deliver this Agreement and the instruments and documents referenced herein or consummate the transaction contemplated by this Agreement. The individual(s)

executing this Agreement and the instruments referenced herein on behalf of Purchaser have the legal power, right, and actual authority to bind Purchaser to the terms and conditions hereof and thereof.

5.2. **Sufficient Funds.** The transaction contemplated by this Agreement is a "Cash Transaction", and Purchaser has as of the date hereof, and will have as of the Closing, sufficient funds in cash in its possession to pay the Purchase Price as the same become due and payable under this Agreement, without obtaining financing or funding from outside funding sources.

5.3. **Certain Relationships.** Purchaser represents and warrants to Seller (i) that neither Purchaser nor any Person or entity that directly or indirectly owns any interest in Purchaser nor any of its officers, directors or members is a Person or entity with whom U.S. Persons or entities are restricted from doing business under regulations of the Office of Foreign Asset Control ("OFAC") of the U.S. Department of the Treasury (including those named on OFAC's Specially Designated and Blocked Persons List) or under any statute, executive order (including, but not limited to, Executive Order 13224 ("Executive Order") signed on September 24, 2001 and titled "Blocking Property and Prohibiting Transactions with Persons Who Commit, Threaten to Commit, or Support Terrorism"), or other governmental action, (ii) that Purchaser's activities do not violate the International Money Laundering Abatement and Financial Anti-Terrorism Act of 2001 or the regulations or orders promulgated thereunder (as amended from time to time, the "Money Laundering Act"), and (iii) that so long as this Agreement is in full force and effect, Purchaser shall comply with the Executive Order and with the Money Laundering Act.

5.4. **Foreign Person.** Purchaser is not a "foreign person" as defined in §1445(f)(3) of the Internal Revenue Code and the regulations promulgated thereunder.

## ARTICLE VI
## CONDITIONS TO CLOSING

6.1. **Conditions to Obligations of Each Party.** The respective obligations of each Party to consummate the transactions contemplated hereby shall be subject to the satisfaction at or prior to the Closing of the following conditions:

6.1.1. **Sale Order.** The Bankruptcy Court shall have entered the Sale Order.

6.2. **Additional Conditions to Obligations of Purchaser.** The obligations of the Purchaser to consummate the transactions contemplated hereby are subject to satisfaction or waiver by the following additional conditions:

6.2.1. **Representations and Warranties.** The representations and warranties of Seller set forth in this Agreement shall be materially true and correct as of the Effective Date and as of the Closing Date, as if made as of such time (except to the extent that such representations and warranties expressly speak as of another date, in which case such representations and warranties shall be true and correct as of such date).

6.2.2. **Agreements and Covenants.** Seller shall have performed and complied with all of its covenants hereunder in all material respects through the Closing.

6.2.3. **Documents.** All of the documents, instruments and agreements required to be executed and/or delivered by Seller on or prior to Closing pursuant to **Section 7.1.1** of this Agreement shall have been executed by the parties thereto other than the Purchaser and delivered to the Purchaser.

6.3. **Additional Conditions to Obligations of Seller.** The obligations of Seller to consummate the transactions contemplated hereby are subject to satisfaction or waiver by Seller of the following additional conditions:

6.3.1. **Representations and Warranties.** The representations and warranties of the Purchaser set forth in this Agreement shall be materially true and correct as of the Closing Date, as if made as of such time (except to the extent that such representations and warranties expressly speak as of another date, in which case such representations and warranties shall be true and correct as of such date).

6.3.2. **Agreements and Covenants.** Purchaser shall have paid the full Purchase Price performed and complied with all of its other covenants hereunder in all material respects through the Closing.

6.3.3. **Documents.** All of the documents, instruments and agreements required to be executed and/or delivered by Purchaser on or prior to Closing pursuant to **Section 7.1.2** of this Agreement shall have been executed by the parties thereto other than Seller and delivered to Seller.

## ARTICLE VII
## CLOSING; DELIVERIES AND ACTIONS TAKEN AT THE CLOSING

7.1. **Closing Date.** The Closing of the purchase and sale of the Property and any other transactions contemplated in this Agreement shall occur no later than the date that is five (5) Business Days after the date of the entry of the Sale Order or such other later date as the parties may mutually agree. The parties agree that TIME IS OF THE ESSENCE with respect to the occurrence of the Closing Date. The Closing shall be held via escrow and wire transfer through the offices of Seller's attorney.

7.1.1. **Deliveries by Seller at the Closing.** At the Closing, Seller shall cause to be executed and delivered to Purchaser the following documents with respect to the Property being conveyed:

7.1.1.1. a duly executed and acknowledged Quitclaim Deed;

7.1.1.2. a Quitclaim Bill of Sale conveying title to the Remaining Personal Property:

7.1.1.3. two (2) counterparts of a duly executed Closing Statement setting forth all closing adjustments and prorations for the Property (the "Closing Statement");

7.1.1.4. a Non-Foreign Person Affidavit signed by Seller;

7.1.1.5. a copy of the Sale Order; and

7.1.1.6. such other agreements, instruments, and documents of conveyance and transfer executed by Seller, in form and substance reasonably acceptable to Purchaser, as may be reasonably necessary or desirable to convey the Property to Purchaser free and clear of all Encumbrances, except as otherwise expressly provided in this Agreement.

7.1.2. **Deliveries by the Purchaser at the Closing.** At the Closing, Purchaser shall cause to be delivered to Seller the following:

7.1.2.1. the Purchase Price, by wire transfer of immediately available funds (subject to prorations and adjustments, including, but not limited to, a credit for the Earnest Money Deposit) by no later than 2:00 p.m. (eastern time);

7.1.2.2. two (2) counterparts of a Closing Statement setting forth all closing adjustments and prorations for the Property; and

7.1.2.3. such other agreements, instruments, and documents as Seller may reasonably request to consummate the purchase and sale transaction contemplated hereby.

7.1.3. For the avoidance of doubt, any documents or related materials provided by Seller to Purchaser in connection with the transfer contemplated herein shall be held in escrow until Seller's acknowledgement of receipt of the Purchase Price.

7.1.3.1. Seller may, but shall in no instances be required to, release one or more documents or related materials from the restriction in Section 7.1.3.

7.1.3.2. A release of Section 7.1.3. for one or more documents or related materials shall not be construed as a waiver of the restriction for other documents or related materials.

## ARTICLE VIII
## TERMINATION

8.1. **Termination.** This Agreement may be terminated at any time prior to Closing:



Case 1-20-10322-CLB, Doc 5203, Filed 10/29/26, Entered 10/30/26 06:41:29, Description: Imaged Certificate of Notice, Page 56 of 82

8.1.1. by mutual written agreement of Purchaser and Seller;

8.1.2. by Seller, by written notice to Purchaser, if the Closing shall not have occurred on or before the date that is ten (10) Business Days after the date of entry of the Sale Order (as may be extended by written agreement of Purchaser and Seller); provided, however, that Seller is not in material breach of any of its representations and warranties contained in this Agreement and has not failed in any material respect to perform any of its obligations hereunder;

8.1.3. by Purchaser, by written notice to Seller, if there shall have been a material breach by Seller of any of its representations, warranties, covenants or agreements contained in this Agreement, which breach would result in the failure to satisfy one or more of the conditions set forth in this Agreement, and such material breach or other event or condition shall be incapable of being cured or, if capable of being cured, shall not have been cured within twenty-one (21) calendar days after written notice thereof shall have been received by Seller; provided, that Purchaser is not in material breach of this Agreement as of such date;

8.1.4. by Seller, if there shall have been a material breach by Purchaser of any of its representations, warranties, covenants or agreements contained in this Agreement, which breach would result in the failure to satisfy one or more of the conditions set forth in this Agreement, and such material breach or other event or condition shall be incapable of being cured or, if capable of being cured, shall not have been cured within ten (10) calendar days after written notice thereof shall have been received by Purchaser; provided, that Seller is not in material breach of this Agreement as of such date; or

8.1.5. by Purchaser on or after the date the Sale Order ceases to be in full force and effect, or is revoked, rescinded, vacated, materially modified, reversed or stayed, or otherwise rendered ineffective by a court of competent jurisdiction.

## ARTICLE IX
## EVIDENCE OF TITLE

9.1. **Abstract of Title.** On or about thirty (30) days following the Effective Date, Seller shall, deliver to Purchaser (or its attorneys) a 60-year title abstract and tax search of the Property (the "Title Search"). Purchaser shall be responsible for obtaining a commitment for title insurance prepared by the Title Company covering the Property (the "Title Commitment"), committing the Title Company to issue to Purchaser, upon the recording of the Quitclaim Deed, an ALTA fee title insurance policy in the full amount of the Purchase Price, together with legible copies of all documents referenced in Schedules B-1 or B-2 to the Title Commitment. Purchaser shall be responsible for paying the cost of the Title Search at the Closing, and Purchaser shall be solely responsible for the cost of the procurement and issuance of the Title Commitment and the



Case 1-20-10322-CLB, Doc 5203, Filed 10/29/26, Entered 10/30/26 06:41:29,
Description: Imaged Certificate of Notice, Page 57 of 82

premium for the title insurance policy, such responsibility shall survive the Closing or cancellation of this Agreement.

9.2. **Condition to Title.** The Property shall be sold and conveyed, and Purchaser shall purchase the Property, (i) free and clear of all Liens pursuant to Section 363(f) of the Bankruptcy Code, with such Liens to attach to the consideration to be received by Seller in the same priority and subject to the same defenses and avoidability, if any, as before the Closing, and (ii) subject to: (a) the terms and conditions of the Sale Order and (b) such title exceptions affecting the Property as the Title Company (or any other reputable title insurance company licensed to do business in the State of New York) shall, at regular rates, be willing to omit as exceptions to coverage (collectively, the "Permitted Exceptions"). Seller and Purchaser hereby expressly agree that the state of title set forth in the Sale Order and the Permitted Exceptions, reflect good, insurable, and acceptable title to the Property.

9.3. **Survey.** Purchaser shall have the right, but not the obligation, to order a new survey of the Property (a "Survey"), at Purchaser's sole cost and expense and, if Purchaser elects to obtain a Survey, Purchaser shall deliver a copy of the Survey to Seller upon receipt. Notwithstanding the foregoing, Closing shall not be subject to or conditioned upon Purchaser's or Seller's receipt of or Title Company's review a Survey.

## ARTICLE X
## CLOSING ADJUSTMENTS

10.1. **Apportionment.** The following shall be apportioned on the Closing Statement against sums due Seller at Closing:

10.1.1. Seller shall pay for the New York real property transfer tax due, if any, in connection with this transaction.

10.1.2. Purchaser shall pay all recording fees and other charges and fees payable in connection with the recording of the Quitclaim Deed.

10.1.3. Purchaser shall also pay for (1) the examination and search fees incurred by the Title Company to acquire the Title Search, (2) the examination and all premiums by the Title Company to acquire the Title Commitment (3) all premiums charged on the owner's policy of title insurance issued to Purchaser pursuant to the Title Commitment, including, without limitation, the costs of any endorsements or extended title insurance coverage requested by Purchaser, and (4) the charges for preparing the Survey, if applicable.

10.1.4. Each party shall bear its own attorneys' fees in connection with its negotiation, due diligence investigation and conduct of the transaction.

10.2. **Real Estate Taxes and Other Charges.** Real estate taxes, utilities, including but not limited to water charges, sewer, rents and fuel, and all other customary items shall be adjusted, apportioned and allowed as of the Closing Date, if necessary by an estimated tax calculation, with the Closing Date being a day of income and expense to the Purchaser. If at any

time up to the Closing Date, the Property or any part thereof shall be or shall have been affected by an assessment or assessments for municipal improvements whether or not confirmed or completed and whether or not payable in installments, then for purpose of this Agreement, the proportional share of all of the unpaid installments of any such assessment(s), which are to become due and payable after the delivery of the Quitclaim Deed contemplated hereunder, shall be paid by the Purchaser. Installments allocable to period prior to the Closing and unpaid as of the Closing Date shall be paid by Seller or allowed as a reduction in the Purchase Price.

## ARTICLE XI
## POSSESSION

11.1. **Right to Possession.** Right to possession of, and control over, the Property shall transfer to Purchaser on the Closing Date. On the Closing Date, Seller shall:

11.1.1. Transfer possession to Purchaser of the Property in AS-IS, WHERE IS condition.

11.1.2. Transfer and deliver to Purchaser all keys, pass keys, pass codes, security codes, locks and safe combinations and all other similar items in Seller's possession as Purchaser may require to obtain occupation and control of the Property.

11.1.3. Make available to Purchaser originals of all documents, instruments and agreements in Seller's possession that are required to be transferred to Purchaser by this Agreement.

## ARTICLE XII
## AS-IS, WAIVER AND RELEASE

12.1. As a material inducement to the execution and delivery of this Agreement by Seller and the performance by Seller of its duties and obligations hereunder, Purchaser does hereby acknowledge, represent, warrant and agree, to and with Seller, that (i) Purchaser is purchasing the Property in an "AS-IS" condition as of the Closing Date with respect to any facts, circumstances, conditions and defects, latent or patent; (ii) Seller has no obligation to repair or correct any such facts, circumstances, conditions or defects or compensate Purchaser for same; (iii) Purchaser has undertaken all such physical inspections and examinations of the Property as Purchaser deems necessary or appropriate under the circumstances, and that based upon same, Purchaser is and will be relying strictly and solely upon such inspections and examinations and the advice and counsel of its agents and officers, and Purchaser is and will be fully satisfied that the Purchase Price is fair and adequate consideration for the Property; (iv) Seller is not making and has not made any warranty, representation , information, data, statement, written or oral, as to the physical condition, the presence or absence thereon of environmental contamination, pollution, asbestos, petroleum, hazardous substances or hazardous materials thereon, whether the Property is in compliance with Environmental Laws (as hereinafter defined), the state of repair, present or former use, cost of operation, or any other matter related to the Property or any of the improvements or other items included in the sale with respect to all or any part of the Property (including, but not limited to, any matters contained in documents made available or delivered to

Purchaser in connection with this Agreement as an inducement to Purchaser to enter into this Agreement and thereafter to purchase the Property or for any other purpose); and (v) by reason of all of the foregoing, Purchaser shall assume the full risk of any loss or damage occasioned by any fact, circumstance, condition or defect pertaining to the physical and financial condition of the Property, including without limitation the presence of any asbestos containing material, hazardous, toxic or radioactive waste, substance or materials in, on, under or about the Property, and Purchaser hereby expressly and unconditionally waives and releases Seller and all of its parents, subsidiaries, Affiliates and partnerships, and its and their respective officers, directors, shareholders, partners, agents and employees, and their respective successors, heirs and assigns and each of them (individually and collectively, the "Released Parties") from any and all rights and claims against Seller and/or the Released Parties with respect to the condition of the Property, including without limitation, whether the Property is in compliance with all federal, state or local statues, regulations, ordinances, and judicial or administrative orders, decrees and decisions pertaining to pollution, hazardous materials, hazardous substances, petroleum products, asbestos, drinking water, groundwater, wetlands, landfills, storage tanks (whether above ground or below ground), solid waste, waste water, storm water runoff, waste emissions, and/or other environmental concerns, as amended from time to time, or similar laws (collectively, "Environmental Laws"). Purchaser acknowledges and agrees that the foregoing waiver and release includes all rights and claims of Purchaser against Seller pertaining to the condition of the Property, whether heretofore or now existing or hereafter arising, or which could, might, or may be claimed to exist, of whatever kind or nature, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, each as though fully set forth herein at length, which in any way arise out of, or are connected with, or relate to, the condition of the Property. The foregoing provisions shall survive the Closing Date and the consummation of the transaction contemplated by this Agreement.

## ARTICLE XIII
## DEFAULT

13.1. **Seller Default.** In the event that Seller shall be in material default hereunder for any reason other than Purchaser's default, Purchaser may deliver a written notice to Seller stating with particularity the alleged default of Seller, the action required by Seller to cure such default, and Purchaser's intent to exercise its remedies provided below if the default is not cured. Seller shall have twenty-one (21) days after receipt of such notice to cure the alleged default to Purchaser's reasonable satisfaction (and the Closing Date shall be delayed, if necessary, until the end of such twenty-one (21) day period). In the event such default is not cured within such twenty-one (21) day period, then Purchaser may elect, as its sole and exclusive remedy, to seek to enforce specific performance only for failure to cause the Property to be conveyed in accordance with the terms and provisions hereof (without any reduction in the Purchase Price) or to terminate this Agreement by written notice to Seller and the Title Company, whereupon Purchaser shall be entitled to a full refund of the Earnest Money Deposit. It is expressly understood and agreed that the remedy of specific performance shall not be available to enforce any other obligation of Seller hereunder other than a failure to cause the Property to be conveyed in accordance with the terms and provisions of this Agreement. Purchaser shall be deemed to have elected to terminate this Agreement if Purchaser fails to file suit for specific performance against Seller in Bankruptcy Court, or, with the permission of Bankruptcy Court, in a court having jurisdiction in the county and state in which the Property is located, on or before thirty

(30) days following the date upon which the Closing was to have occurred pursuant to this Agreement. Notwithstanding anything to the contrary contained herein, Purchaser shall have no right to specific performance of this Agreement, nor shall Seller have any authority or obligation to transfer the Property to Purchaser pursuant to this **Article XIII** absent the entry of a Sale Order by the Bankruptcy Court authorizing and directing such conveyance of the Property by Seller to Purchaser.

13.2. **Purchaser Default.** In the event that Purchaser shall be in default hereunder for any reason other than Seller's default, Seller may deliver a written notice to Purchaser stating with particularity the alleged default of Purchaser, the action required by Purchaser to cure such default and Seller's intent to terminate this Agreement if the default is not cured. Purchaser shall have ten (10) days after receipt of such notice to cure the alleged default to Seller's reasonable satisfaction (and the Closing Date shall be delayed, if necessary, until the end of such ten (10) day period). In the event such default is not cured within such ten (10) day period, then Seller may, as Seller's sole and exclusive remedy for such default, terminate this Agreement by written notice to Purchaser and the Title Company, whereupon Seller shall be entitled to retain the Earnest Money Deposit as full liquidated damages for such default of Purchaser. It is hereby agreed that Seller's damages in the event of a default by Purchaser hereunder are uncertain and difficult to ascertain, and that the Earnest Money Deposit constitutes a reasonable liquidation of such damages and is intended not as a penalty, but as full liquidated damages. Purchaser covenants not to bring any action or suit challenging the amount of liquidated damages provided hereunder in the event of such default. Notwithstanding anything to the contrary contained herein, this provision shall in no way affect or impair Seller's right of recovery under any indemnity given by Purchaser in favor of Seller under this Agreement.

## ARTICLE XIV
## WAIVER OF INSPECTION, VIOLATIONS, AND LOCAL REQUIREMENTS

14.1. Purchaser expressly waives any and all right to an inspection of the Property by a licensed inspector, licensed contractor or licensed engineer prior to the Closing Date.

14.2. Notwithstanding the foregoing, Seller grants Purchaser and any Representative of Purchaser, after reasonable notice to Seller, reasonable access to conduct a final walk through of the Property with all utilities in service within forty-eight (48) hours prior to the Closing to ensure that all conditions of this Agreement have been met by Seller.

14.3. Purchaser shall accept the Property subject to any and all violations of law, rules, regulations, ordinances, orders or requirements issued by any Federal, state, county, municipal or other department or governmental agency having jurisdiction against or affecting the Property (collectively, "Violations"). Seller shall have no obligation to cure or remove any Violations existing as of the Effective Date.

14.4. To the extent the Town of Bethany, County of Genesee, State of New York, or any other governmental agency or authority having jurisdiction (collectively, "Governmental Authorities") imposes requirements for issuance certificates of occupancy, certificates of compliance, certificates of inspection of sanitary sewer and/or storm sewer fixtures or facilities, or any other inspection and/or certification requirements in connection with and as a condition to

the sale of the Property (collectively, "Local Requirements"), Purchaser shall be deemed to have waived all such Local Requirements to the extent the same are waivable. To the extent any such Local Requirement or Local Requirements are not waivable by Purchaser, Purchaser shall comply with the Local Requirement(s) in question at Purchaser's sole cost. The foregoing provisions shall survive the Closing Date and the consummation of the transaction contemplated by this Agreement.

## ARTICLE XV
## BROKER

15.1. **Broker Commission.** In connection with the consummation of the sale contemplated by this Agreement, Seller shall be solely responsible for paying a broker's commission to Rivellino Realty from the proceeds of the Purchase Price and pursuant to the terms of a separate agreement in an amount not to exceed six percent (6%) of the Purchase Price. No commissions shall be due or payable to Rivellino Realty unless and until the Closing contemplated hereby occurs. Purchaser and Seller each represent and warrant to the other that, except for the Rivellino Realty and Howard Hanna, they have not employed, retained or consulted with any other broker, agent or finder in connection with the solicitation of Purchaser, the negotiations in connection with this Agreement or the purchase and sale referenced herein.

## ARTICLE XVI
## BIDDING PROCEDURES AND ALTERNATIVE TRANSACTION

16.1. **Sale Motion.** The Parties acknowledge that this Agreement is subject to approval of the Bankruptcy Court, which approval will include, among other things, issuance by the Bankruptcy Court of a Bidding Procedures Order directing the manner in which a bidding procedure will be conducted for solicitation of competing offers from third parties for the purchase of the Property. Depending upon the outcome of the bidding procedure, this Agreement may be subject to termination by Seller, as hereinafter provided. Seller shall file a motion to approve this Agreement (the "Sale Motion") and to establish reasonable bidding procedures (the "Bidding Procedures") within twenty-one (21) days of the Effective Date of this Agreement.

16.2. **Higher Bids.** This Agreement is subject to higher and better offers pursuant to the Bidding Procedures to be established by the Bankruptcy Court, and is subject to termination pursuant to **Article VIII**.

16.3. **Alternative Transaction.** If the Bankruptcy Court shall enter a final Sale Order approving a purchase of the Property by an Alternative Bidder (as hereinafter defined), then Seller shall terminate this Agreement, by written notice to Purchaser, Purchaser shall be entitled to receive a refund of the Earnest Money Deposit, and Seller shall be free to consummate a sale of the Property to the Alternative Bidder (and "Alternative Transaction").

16.4. **The Bidding Procedures.** Subject to the approval by the Bankruptcy Court, Bidding Procedures shall include the following:

16.4.1. the procedures for solicitation of competing offers from third parties for the purchase of the Property (each, an "Alternative Bidder");

16.4.2. any bid submitted by an Alternative Bidder shall include proof of funds and a signed Purchase and Sale Agreement along with a marked copy showing any changes from this Agreement;

16.4.3. any bid submitted by an Alternative Bidder must exceed the Purchase Price set forth in this Agreement by Five Thousand Dollars ($5,000.00) (the "Initial Overbid");

16.4.4. any subsequent bidding after the Initial Overbid shall be in minimum increments of Five Thousand Dollars ($5,000.00), with minimum subject to modification in the Seller's sole and absolute discretion;

16.4.5. the procedures for an auction to determine the highest and best offer for the Property (the "Successful Bidder");

16.4.6. such further terms as are determined to be necessary by Seller in order to obtain Bankruptcy Court approval of the Bidding Procedures; and

16.4.7. Purchaser shall be allowed to participate in the bidding process along with Alternative Bidders.

16.5. **Backup Bidder**. In the event that the Purchaser is not the Successful Bidder in the bidding process, the Purchaser's bid (as reflected in this Agreement or in any higher bid placed by Purchaser during the bidding process) shall remain irrevocable as the backup bidder (the "Backup Bidder") until the earliest of: (i) a period of thirty (30) days from the Sale Order, or (ii) the closing of a sale with the Successful Bidder.

## ARTICLE XII
## MISCELLANEOUS

17.1. **Amendment**. This Agreement shall not be amended, modified, supplemented, or revoked, except by a writing signed by Seller and Purchaser.

17.2. **Governing Law**. This Agreement shall be governed by and construed, interpreted and enforced in accordance with the Laws of the State of New York without regard to conflicts of Laws or choice of Laws principles thereof that would cause the application of the Laws of any jurisdiction other than the State of New York.

17.3. **Binding Effect**. This Agreement shall bind the parties hereto, their respective heirs, successors and assigns. Except as set forth in **Section 17.6** hereof, neither Purchaser nor Seller may assign its interest hereunder without the prior written approval of the other party.

17.4. **Notices**. All notices required under this Agreement shall be in writing and shall be: (i) personally delivered; (ii) sent by certified mail, return receipt requested, postage pre-paid; or (iii) sent by nationally recognized overnight air courier service at the expense of sender,

addressed to the parties hereto at their respective addresses set forth below. Such notice or other communication shall be deemed given upon delivery, or if delivery is refused, upon refusal to accept delivery. Notice hereunder may be given at the following addresses:

If to Seller:

The Diocese of Buffalo, N.Y.
795 Main Street
Buffalo, New York 14203
Attn: Richard Suchan

With a copies to:

Bond Schoeneck & King PLLC
110 W. Fayette Street
One Lincoln Center
Syracuse, New York 13202
Attn: Charles Sullivan, Esq.
Email: csullivan@bsk.com

Bond, Schoeneck & King PLLC
225 Old Country Road
Melville, New York 11747
Attn: Edward J. LoBello, Esq.
Email: elobello@bsk.com

Bond, Schoeneck & King PLLC
200 Delaware Avenue
Suite 900
Buffalo, New York 14202
Attn: Sarah B. Wheeler, Esq.
Email: swheeler@bsk.com

If to Purchaser:

Ricky Hale
PO Box 726
Batavia, New York 14021

With a copy to:

The Williams Law Firm LLP
2 Court Street Plaza
PO Box 402
Batavia, New York 14021
Attn: Gerald Williams, Esq.
Email: kms@williamslawllp.com

The above notwithstanding, notice may be given by email from one party's attorney to the other party's attorney, with a copy by first class mail, addressed to the respective attorney above. Notice upon brokers, realtors, or other third parties shall be deemed courtesy copies only.

17.5. **Time for Performance.** Time shall be of the essence for purposes of this Agreement.

17.6. **Assignability**. Purchaser shall not have the right to assign this Agreement and its rights hereunder without Seller's prior written consent, unless such assignment is to a single asset entity in which Purchaser owns a controlling interest, in which case, Seller's consent shall not be required, provided, however, that upon such assignment, Purchaser shall in no way be released or relieved of any of its obligations under this Agreement.

17.7. **Number and Gender**. Whenever required by the context or use in this Agreement, the singular word shall include the plural word and the masculine gender shall include the feminine and/or neuter gender, and vice versa.

17.8. **Captions**. The paragraph titles, headings and/or captions contained herein have been inserted solely as a means of reference and convenience. Such captions shall not affect the interpretation or construction of this Agreement and shall not define, limit, extend or otherwise describe the scope of this Agreement or the intent of any provision hereof.

17.9. **Counterparts and Electronic Delivery**. This Agreement may be executed in any number of counterparts, each of which, when executed, shall be deemed to be an original, all of which shall be deemed to be one and the same instrument. This Agreement may be delivered by Facsimile or email transmission, and facsimile, email, or photocopies of the fully executed Agreement shall have the same force and effect as originals.

17.10. **Legal Counsel**. Purchaser and Seller acknowledge that they have been, or have had the opportunity to be, represented by legal counsel in connection with this Agreement and that this Agreement is the product of extensive negotiations between the parties. Purchaser and Seller agree that the fact that this Agreement or one or more provisions hereof were drafted by one party or the other shall not affect the meaning or interpretation of this Agreement.

17.11. **Waiver**. No action taken pursuant to this Agreement, including any investigation by or on behalf of any party, shall be deemed to constitute a waiver by any party taking such action of compliance with any representation, warranty, covenant, or agreement contained herein. The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a further or continuing waiver of such breach or as a waiver of any other or subsequent breach. No failure on the part of any party to exercise, and no delay in exercising, any right, power or remedy hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of such right, power or remedy by such party preclude any other or further exercise thereof or the exercise of any other right, power or remedy.

17.12. **Third Party Beneficiaries**. Nothing in this Agreement is intended, nor shall anything herein be construed, to confer any rights, legal or equitable, in any Person other than the parties hereto and their permitted successors and assigns. There are no third party beneficiaries to this Agreement.

17.13. **Cooperation and Further Assurances**. The Parties shall use their respective commercially reasonable efforts to (a) take or cause to be taken all actions, and to do or cause to be done all other things, necessary, proper or advisable to expeditiously satisfy the closing conditions set forth herein and to consummate the transactions contemplated hereby as promptly as practicable and evidence the consummation of the transactions contemplated hereby, and (b)

obtain in a timely manner all necessary waivers, consents and approvals and to effect all necessary registrations and filings in connection with the foregoing.

17.14. **No Merger**. Except for (a) Seller's covenants with respect to the title to the Property, and (b) as otherwise expressly provided herein, the provisions of this Agreement containing agreements between the parties relating to actions occurring after Closing shall not be merged into the instruments of Closing but shall expressly survive and be enforceable according to their terms.

17.15. **Notification of Certain Matters**. From time to time prior to the Closing Date, the Parties shall promptly notify each other of the occurrence or non-occurrence of any event or circumstance that as applicable, indicates (a) that any of the representations and warranties set forth herein may not be, will not be, or are not, true and correct, or (b) any failure on its part to comply with or satisfy, in any material respect, any covenant, agreement or condition to be complied with or satisfied by it pursuant hereto (any such notification, a "Required Notification"); provided, however, that in each case, such disclosure shall not be deemed to (i) amend or supplement any Schedule hereto, or (ii) cure any breach of such representation, warranty, covenant or agreement or satisfy any condition set forth herein.

17.16. **Entire Agreement**. This Agreement, including the exhibits and schedules, contains the entire agreement between Seller and Purchaser pertaining to the transaction contemplated hereby and fully supersedes all prior agreements and understandings between Seller and Purchaser pertaining to such transaction. If any provision hereof is determined by a court of competent jurisdiction to be invalid or unenforceable, the remainder of this Agreement shall nonetheless remain in full force and effect. This Agreement may be amended, modified, or supplemented only by an instrument in writing signed by the parties.

17.17. **Escrow Agent and Earnest Money Deposit.** The Earnest Money Deposit made by Purchaser under the terms of this Agreement shall be held by Escrow Agent in a non-interest-bearing attorney's trust account, in accordance with and subject to the following provisions:

(a) Escrow Agent, without risk to Escrow Agent, except for willful misconduct or fraud, shall place the Earnest Money Deposit in a non-interest bearing bank attorney trust account maintained at a commercial bank, savings bank or savings and loan association.

(b) At the Closing, if any, Escrow Agent shall disburse the Earnest Money Deposit to Seller, and said Earnest Deposit shall be credited to the Purchase Price.

(c) Upon receipt of written demand therefor signed by Seller, stating that Purchaser have defaulted in the performance of Purchaser's obligations under this Agreement and that Seller has terminated this Agreement on account of said default of Purchaser, Escrow Agent shall, subject to the provisions of **Section 17.17(g)**, disburse the Earnest Money Deposit to Seller; provided, however, that Escrow Agent shall not honor such demand until not less than five (5) days after the date on which Escrow Agent shall have given notice to Purchaser (in the manner specified in this Agreement for notices to be given).



Case 1-20-10322-CLB, Doc 5203, Filed 10/29/26, Entered 10/30/26 06:41:29,
Description: Imaged Certificate of Notice, Page 66 of 82

(d) Upon receipt of written demand therefor signed by Purchaser, stating that this Agreement has been terminated and that Purchaser is entitled under the terms of this Agreement to the return of the Earnest Money Deposit, Escrow Agent shall, subject to the provisions of **Section 17.17(g)**, disburse the Earnest Money Deposit to Purchaser; provided, however, that Escrow Agent shall not honor such demand until not less than five (5) days after the date on which Escrow Agent shall have given notice to Seller (in the manner specified in this Agreement for notices to be given).

(e) If an action or proceeding is commenced by either party to determine the rights of the parties to the Earnest Money Deposit, all attorneys' fees and court costs of the prevailing party shall be borne by whoever shall not prevail in such action or proceeding.

(f) It is agreed that the duties of Escrow Agent are only as herein specifically provided, are purely ministerial in nature and that Escrow Agent shall incur no liability whatsoever except for willful misconduct or fraud. Seller and Purchaser hereby release Escrow Agent from any act done or omitted to be done by Escrow Agent in good faith in the performance of Escrow Agent's duties hereunder. If requested at Closing, Seller and/or Purchaser shall execute and deliver general releases in the usual form to Escrow Agent.

(g) Escrow Agent is acting only as a stakeholder with respect to the Earnest Money Deposit. If any dispute shall arise as to whom the Earnest Money Deposit is to be disbursed, Escrow Agent shall not disburse the Earnest Money Deposit to either party but in such event shall hold the same until receipt by Escrow Agent of a written authorization signed by Seller and Purchaser directing the disposition of same, or in the absence of such authorization, Escrow Agent may hold the Earnest Money Deposit until the final determination of the rights of the parties in an appropriate action or proceeding. If such written authorization is not given, or an action or proceeding for such determination is not begun and diligently continued, Escrow Agent may, but is not required to, bring any appropriate action or proceeding for interpleader or other leave to place the Earnest Money Deposit in court pending such determination. All costs of such action or proceeding, including, without limitation, attorneys' fees of Escrow Agent are to be borne by the party who shall not prevail in such action or proceeding. Upon delivery of the Earnest Money Deposit in the manner herein provided, Escrow Agent shall have no further liability hereunder or otherwise. Escrow Agent shall have the right to represent Seller in any dispute between Purchaser and Seller with respect to the Earnest Money Deposit.

(h) Escrow Agent has executed this Agreement solely to acknowledge Escrow Agent's receipt of the Earnest Money Deposit by check subject to collection, and to evidence Escrow Agent's agreement to act as escrow agent in accordance with the provisions of this **Section 17.17.**

(i) Seller and Purchaser agree that, notwithstanding the role of Bond, Schoeneck & King, PLLC under this Agreement as Escrow Agent, Bond, Schoeneck & King, PLLC currently represents Seller in connection with the transaction contemplated by this Agreement, and will continue to act as legal counsel to Seller in connection with matters related to this Agreement, including, without limitation, any disputes concerning the entitlement of either party to the Deposit. Purchaser hereby waives the right to assert an objection to such continued representation of Seller by Bond, Schoeneck & King, PLLC based on an alleged

conflict of interest. The provisions of this **Section 17.17(i)** shall survive Closing or earlier termination of this Agreement.

[Remainder of Page Intentionally Blank; Signature Page Follows]

**In Witness Whereof** the parties have executed this Agreement as of the day and year first written above.

SELLER:

**THE DIOCESE OF BUFFALO, N.Y.**

By: ______________________
Michael W. Fisher, Bishop

PURCHASER:

______________________
Ricky Hale

ESCROW AGENT:

**BOND, SCHOENECK & KING, PLLC**

By: ______________________
Name: Sarah Wheeler
Title: Associate

**Exhibit A-1**

Property Sketch



## Exhibit A-2

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Bethany, County of Genesee, and State of New York, being part of Lot No. 14, Township 11, Range 1 of the Holland Land Company's Survey, described as follows:

BEGINNING in the northeasterly bounds of the Big Tree Road a distance of 1,300.50 feet northwesterly from the intersection of said bounds with the easterly bounds of Lot No. 13; thence north 37° 42' west along the said bounds of said Road 936.64 feet; thence north 7° 57' east 280.55 feet; thence south 85° 04' east 527.28 feet; thence south 24° 56' east 676.9 feet; thence south 9° 42' west 153.50 feet; thence south 50° 19' west 326.0 feet to the place of beginning.

**Exhibit B**

Quit Claim Deed

**THIS INDENTURE**, made the ____ day of ________________ 2025,

BETWEEN

**THE DIOCESE OF BUFFALO, N.Y.**, a New York special act corporation created by the New York State Legislature pursuant to Chapter 568 of the Laws of 1951, having an office at 795 Main Street, Buffalo, New York 14203, Grantor,

and,

______________, a ______________, having an address at __________, Grantee,

**WITNESSETH** that the said Grantor, in consideration of ____ Dollar ($____), lawful money of the United States, paid by the Grantee, do hereby remise, release and forever Quit-Claim unto the Grantee, and their heirs and assigns forever:

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Bethany, County of Genesee, and State of New York, being part of Lot No. 14, Township 11, Range 1 of the Holland Land Company's Survey, described as follows:

BEGINNING in the northeasterly bounds of the Big Tree Road a distance of 1,300.50 feet northwesterly from the intersection of said bounds with the easterly bounds of Lot No. 13; thence north 37° 42' west along the said bounds of said Road 936.64 feet; thence north 7° 57' east 280.55 feet; thence south 85° 04' east 527.28 feet; thence south 24° 56' east 676.9 feet; thence south 9° 42' west 153.50 feet; thence south 50° 19' west 326.0 feet to the place of beginning.

Pursuant to Sections 105 & 363 of the Bankruptcy Code, the Bankruptcy Court of Western New York approved the sale contemplated herein by an Order dated _________ and located at Index No. _______ (the "Order"), attached hereto as <u>Schedule A</u> shall be incorporated herein and shall be understood to be a part hereof.

**TOGETHER** with the appurtenances and all the estate and rights of the Grantors in and to the said premises.

**TO HAVE AND TO HOLD**, the above granted premises unto the said Grantee, their heirs and assigns forever.

**IN WITNESS WHEREOF**, the said Grantors have hereunto set their hands and seals on the day and year first above written.

In Presence of

THE DIOCESE OF BUFFALO, N.Y.

By: ____________________________________ L.S.
Michael W. Fisher, Bishop

STATE OF NEW YORK )
)SS.:
COUNTY OF ERIE )

On the ______ of _________________ in the year 2025, before me, the undersigned, a notary public in and for said state, personally appeared (Most Reverend) **Michael W. Fisher**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his/her/their capacity, and that by his/her/their signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

____________________________________
Notary Public

FIRST AMENDMENT TO PURCHASE AND SALE AGREEMENT

This FIRST AMENDMENT TO PURCHASE AND SALE AGREEMENT (this "Amendment"), dated as of the 29th day of July 2026 (the "Effective Date"), is entered into between **THE DIOCESE OF BUFFALO, N.Y.**, a New York special act corporation created by the New York State Legislature pursuant to Chapter 568 of the Laws of 1951, having an address at 801 Main Street, Buffalo, NY 14203 ("Seller"), and **RICKY HALE**, having an address at PO Box 726, Batavia, New York 14021 ("Purchaser"; each a "Party", and collectively, the "Parties").

**RECITALS**

WHEREAS, Seller is the owner of real property located in the Town of Bethany, County of Genesee, and State of New York, commonly known as 5875 Ellicott Street Road, **Tax Map Parcel Nos. 6.-1-66** and **6.-1-66.1** (together with all improvements and fixtures located thereon, the "Property");

WHEREAS, on February 28, 2020 (the "Petition Date") Seller filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 et seq., the "Bankruptcy Code") with the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court"), commencing Seller's chapter 11 case (this "Bankruptcy Case");

WHEREAS, Seller continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, Purchaser and Seller entered into that Purchase and Sale Agreement dated December 9, 2025 (the "Agreement"), which provided for Seller to sell the Property to Purchaser, subject to the Bankruptcy Court (as defined in the Agreement) procedure and approvals;

WHEREAS, Purchaser and Seller wish to amend the Agreement, as hereinafter provided.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby mutually acknowledged, Seller and Purchaser agree as follows:

1. **Restrictive Covenants.** The following is language hereby inserted immediately following Section 17.

   *18. **Restrictive Covenants.** Notwithstanding anything to the contrary contained herein, Seller shall not impose or create any restrictive covenants on the Premises, with the exception of (i) Covenants defined in **Exhibit A** and (ii) the restriction that "Grantee agrees that it will not refer to the property as 'The Diocese of Buffalo, N.Y." or "Mary Immaculate", or any variation thereof, at any time following this conveyance", which shall be included on the transfer document recorded in the Genessee County Clerk's Office.*

2. The recitals set forth in the preamble of this Amendment are incorporated into and shall constitute a part of this Amendment.

3. Except as otherwise specifically set forth in this Amendment, all terms and conditions of the Agreement shall remain in full force and effect, shall not be considered amended or modified, and are hereby ratified and confirmed in all respects.

4. This Amendment may be executed in any number of counterparts, each of which shall be effective only upon delivery and thereafter shall be deemed an original, and all of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page.

**IN WITNESS WHEREOF** the parties have executed this Amendment as of the day and year first written above.

SELLER:

**THE DIOCESE OF BUFFALO, N.Y.**

By: ______________________
(Reverend) Peter J. Karlaus
Vicar General

PURCHASER:

DARLENE M. RAINES
Notary Public, State of New York
Qualified in Genesee County
Reg. No. 01RA6141760
My Commission Expires Feb. 27, 2030

______________________
Ricky Hale

ESCROW AGENT:

**BOND, SCHOENECK & KING, PLLC**

By: ______________________
Name: Sarah Wheeler
Title: Associate

Exhibit A

RESTRICTIVE COVENANTS

A. Grantor is a New York not-for-profit corporation organized pursuant to a special act of the New York State Legislature (Chapter 568 of the Laws of 1951) and the ___________ now existing upon the real property upon which a church or other place of worship is located to be conveyed hereby, including any buildings or structures which are physically attached to same (each of the foregoing hereinafter referred to as a "Church Building" and collectively referred to as the "Church Buildings") have been identified with it by reason of its long-continued ownership and use by Grantor or an affiliated entity. It is therefore of the utmost importance to Grantor that the Church Building(s) not be used or altered in any way that would violate any of the covenants and/or restrictions set forth below. Grantor would not have entered into this Contract if Grantee had been unwilling to accept a Deed containing said covenants and restrictions. For the avoidance of doubt, these covenants and/or restrictions shall apply only to Church Buildings, not to vacant or unimproved real property, or to any buildings constructed on vacant or unimproved real property.

B. Grantee acknowledges and agrees that the Deed to be delivered pursuant to this Contract shall contain the following restrictions and covenants which shall run with the land for a period of forty (40) years from the date of recording of the Deed, or until such time as the Church Buildings have been razed in their entirety, and be binding on the Grantee and its heirs, distributees, beneficiaries, executor(s) and/or administrator(s), invitees, lessees, successors, and assigns:

I. The Grantee recognizes that the Grantor is the secular legal embodiment of the Roman Catholic Diocese of Buffalo, which is a juridic person recognized under Canon Law, and is therefore a corporation that is religious in nature, and that the Church Building(s) hereby conveyed are identified with it by reason of the Grantor's long-continued ownership of such property. The Grantee accordingly recognizes and agrees that: (a) the covenants and restrictions contained herein shall run with the land and shall be binding on the Grantee, its heirs, distributees, beneficiaries, executor(s) and/or administrator(s), invitees, lessees, successors, and assigns; and (b) any violation of any of the covenants in subparagraphs II, III, IV, V, VI, VII, and VIII of this Section would be seriously damaging and harmful to the reputation and standing of the Grantor as a not-for-profit corporation that is religious in nature and shall constitute a breach of this Contract; and

II. The parties acknowledge and agree that the entire name or title of Grantor, or material portion thereof, or any abbreviations, derivations, or combination or part thereof, including but not limited to the word "Catholic", belong exclusively to the Grantor, which reserves and retains the sole and exclusive right to the use of said name or title. The Grantee agrees that, upon transfer of property title from Grantor to Grantee herein, the Grantee shall rename the property and shall use only that new name. The Grantee agrees that it shall not use, identify, or refer to said reserved name or title in any manner whatsoever.

III. In all uses of the Church Building(s) herein conveyed or to be conveyed, the Grantee shall be mindful and respectful of the religious and historical tradition and significance of the Church Building(s) on the property and the former use of the Church Building(s) and, shall not use or permit the use of such the Church Building for religious rituals, rites, worship, or other organized form(s) of liturgy or religious practice where such use(s) would be contrary to the Code of Canon Law of the Roman Catholic Church, as interpreted; and

IV. The Grantee shall not use or permit the Church Building(s) to be used for any purposes either by speech or action which would bring discredit, ridicule, criticism, and/or scandal upon said history and tradition or upon the Roman Catholic Church; and

V. The Grantee covenants that it shall not use or permit the Church Building(s) to be used for a church, edifice, or place for a congregation, society, or other assemblage of persons to meet for divine worship or other religious observances or activities promoted or defined as Roman Catholic but not possessing the express ecclesiastical and civil approvals of the Roman Catholic Church and of Canon Law of the Roman Catholic Church and the Religious Corporations Law of New York; and

VI. The Grantee covenants that it shall not permit or conduct any obscene performances in violation of Section 235.00 of the New York Penal Code on the premises hereby conveyed (land and Church Buildings) or permit them to be used for any obscene or pornographic purposes or activities including, without limitation, the sale or distribution of any obscene or pornographic material, a topless bar, x-rated movie theater, or similar establishment, or an astrology or fortune telling establishment. The terms "obscene material" and "performances" shall be defined for purposes of this covenant as they are defined in Section 235.00 of the New York Penal Code; and

VII. Grantee covenants that it shall not use, permit, or suffer a Church Building hereby conveyed to be used or occupied for or in connection with, or in support of or affiliated with, or for the performance of, euthanasia and/or assisted suicide, or abortions or for any abortion-related services and/or activities, or for performance of any procedures or any services or activities related to family planning, counseling or advice related to or promoting abortions or family planning, sterilization, artificial insemination, and/or euthanasia, or for the prescribing and/or dispensing of an abortifacient if such conduct violates the moral tenets or beliefs of the Roman Catholic Church and/or the Diocese of Buffalo, or the rules and regulations thereof as promulgated from time to time, and the "Ethical and Religious Directives for Catholic Health Care Services" issued by the United States Catholic Conference, as those doctrines and directives are modified, revised, and/or amended from time to time, for as long as any such Church Building(s) shall stand. The Grantee shall not place any signs, literature, or advertising relating to such prohibited activities on the property or distribute the same on the property; and

VIII. The Grantee covenants that it shall not use, permit, or suffer any Church Building(s) hereby conveyed, and which such Church Buildings were actually utilized for worship purposes, to be used or occupied for purposes of a night club, bar, banquet facility, or restaurant licensed to sell or serve alcohol, a casino, or other similar establishment.

C. The covenants and restrictions set forth in Sections A and B herein shall each run with the land as delineated above and shall bind the Grantee and its heirs, distributees, beneficiaries, executor(s) and/or administrator(s), invitees, lessees, successors, and assigns and any violation of any of these covenants and/or restrictions shall, in addition to any other remedies the Grantor may have in law or equity, entitle the Grantor and its successors and assigns to a permanent injunction in any court of competent jurisdiction in the State of New York enforcing these covenants.

In the event that any of the above separate and distinct restrictions and/or covenants are adjudged invalid or unenforceable, such adjudication shall in no matter affect the other restrictions, which shall remain in full force and effect as if the portion(s) so adjudged invalid or unenforceable were not originally a part thereof.

The foregoing restrictions and/or covenants may be removed in the sole discretion of the Grantor and/or, in the case where the Grantor is no longer a functioning corporation, by any successor corporation to the Grantor, upon application by an interested party. The Grantor, upon application by an interested party, shall also provide its opinion of whether a proposed use constitutes a violation hereof to interested parties, including contract vendees, lessees, and/or potential Grantees at foreclosure sales.

IN WITNESS WHEREOF, Grantor and Grantee have hereunto set its hand and seal on the ______________, 2026.

DARLENE M. RAINES
Notary Public, State of New York
Qualified in Genesee County
Reg. No. 01RA6141760
My Commission Expires Feb. 27, 2030

Grantor:

The Diocese of Buffalo, N.Y.

By: ______________________
(Reverend) Peter J. Karalus
Vicar General

Grantee:

______________________
Ricky Hale

**Exhibit 3**

Notice of Auction and Sale Hearing

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 20-10322 (CLB) |
| The Diocese of Buffalo, N.Y., | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

***NOTICE OF AUCTION AND SALE HEARING***

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. On September 16, 2026, the Diocese filed the *Motion for Entry of an Order (I)(A) Approving Bidding Procedures for the Sale of Certain Real Property at 5875 Ellicott Street Road in the Town of Bethany, County of Genesee, and State of New York; (B) Authorizing and Approving the Form of Purchase Agreement; (C) Scheduling an Auction and Hearing to Consider the Sale; and (D) Approving the Form and Manner of Service of Notice of Auction and Sale Hearing; (II) Approving the Sale Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (III) Granting Related Relief* [Docket No. ____] (the "Sale Motion")[1].

2. The Diocese is seeking to sell certain real property located at 5875 Ellicott Street Road in the Town of Bethany, County of Genesee, and State of New York 14054 (the "Property") to Ricky Hale or such other purchaser who may submit the highest or otherwise best offer for the Property.

3. On _______ __, 2026, the United States Bankruptcy Court for the Western District of New York (the "Bankruptcy Court") entered an order [Docket No. ____] (the "Bidding Procedures Order") approving bidding procedures (the "Bidding Procedures") and granting other relief related to the proposed sale of the Property. The Bidding Procedures approved by the Court are attached as ***Exhibit 1*** to the Bidding Procedures Order. Pursuant to the Bidding Procedures Order, if the Diocese receives more than one Qualified Bid for the Property, an Auction for the Property shall take place on **November __, 2026 at 12:00 noon (prevailing Eastern time)** at the offices of Bond, Schoeneck & King, PLLC, The Avant Building, Suite 900, 200 Delaware Avenue, Buffalo, New York 14202-2107. Only parties that have submitted Qualified Bids in accordance with the Bidding Procedures by the Bid Deadline may participate in the Auction. Any party that wishes to take part in this process and submit a bid for the Property must submit a Qualified Bid prior to the Bid Deadline and in accordance with the Bidding Procedures.

4. The Sale Hearing to consider approval of the sale of the Property to the Successful Bidder or Back-Up Bidder free and clear of all liens, claims, encumbrances and other interests will be held before the before the Honorable Carl L. Bucki, United States Bankruptcy Court for the Western District of New York at the United States Courthouse, 2 Niagara Square, Buffalo, New

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

York 14202 on **November __, 2026 at 10:00 a.m. (prevailing Eastern time),** or at such other time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than reflected on the Bankruptcy Court's docket or by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

5. Parties can choose to appear either (i) in person at the Robert H. Jackson Courthouse, 2 Niagara Square, Buffalo, New York or (ii) telephonically (call in 1-571-353-2301, Courtroom ID 483077448#, and security pin 9999#).

6. Objections, if any, to the sale, or the relief requested in the Sale Motion must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed with the Clerk of the Bankruptcy Court for the Western District of New York (Buffalo Division), as soon as practicable in advance of the Sale Hearing; and (d) be served upon (i) counsel to the Diocese, Bond, Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Charles J. Sullivan, Grayson T. Walter, Justin S. Krell, and Ruthleona N. Clement; (ii) the Office of the United States Trustee for the Western District of New York, 300 Pearl Street, Suite 401, Buffalo, New York 14202. Attn: Joseph W. Allen; (iii) counsel to the Official Committee of Unsecured Creditors, Pachulski, Stang, Ziehl & Jones, LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, California, 90067-4003, Attn. James I. Stang, and 780 Third Avenue, 34th Floor, New York, New York 10017-2024, Attn. Ilan Scharf; and (iv) those persons who have formally appeared and requested service in this case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. UNLESS AN OBJECTION IS SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER HEARING OR NOTICE.

7. This Notice is subject to the fuller terms and conditions of the Sale Motion, the Bidding Procedures Order, and the Bidding Procedures, which shall control in the event of any conflict and the Diocese encourages parties-in-interest to review such documents in their entirety. Parties interested in receiving more information regarding the sale of the Property or obtaining a copy of any of the foregoing documents may make a written request to counsel to the Diocese, Bond Schoeneck & King, PLLC, One Lincoln Center, Syracuse, New York 13202, Attn: Stephen A. Donato, Charles J. Sullivan, Grayson T. Walter, Justin S. Krell, and Ruthleona N. Clement. In addition, copies of the Sale Motion, the Bidding Procedures Order, the Bidding Procedures and this Notice can be obtained free of charge at https://case.stretto.com/dioceseofbuffalo and are on file with the Clerk of the Bankruptcy Court.

Dated: October __, 2026

BOND, SCHOENECK & KING, PLLC

By: /s/

Stephen A. Donato
Charles J. Sullivan
Grayson T. Walter
Justin S. Krell
Ruthleona N. Clement
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000
Fax: (315) 218-8100
Emails: sdonato@bsk.com
csullivan@bsk.com
gwalter@bsk.com
jkrell@bsk.com
rclement@bsk.com

*Attorneys for The Diocese of Buffalo, N.Y.*