UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re: Case No. 20-10322-CLB

The Diocese of Buffalo, N.Y., Chapter 11

Debtor.

---

**AMENDED NOTICE OF MOTION TO DEEM PROOF OF CLAIM TIMELY FILED**

**PLEASE TAKE NOTICE** that, upon the annexed motion of the claimant, Marc Pasquale, the supporting declaration and exhibits, and all prior proceedings in this matter, the undersigned will move before the United States Bankruptcy Court for the Western District of New York located at the Robert H. Jackson United States Courthouse, 2 Niagara Square, 5th Floor, Orleans Courtroom, Buffalo, NY 14202 or by telephonic conference, before the Honorable Carl L. Bucki, United States Bankruptcy Judge, on December 21st, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard, for an Order: **(A)** Deeming Claimant's Proof of Claim timely filed in the above-captioned Chapter 11 proceeding; **(B)** Alternatively, permitting Claimant to file his Proof of Claim after the established deadline pursuant to Federal Rules of Bankruptcy Procedure 3003(c)(3) and 9006(b)(1), based on excusable neglect; **(C)** Directing the Debtor's Claims and Noticing Agent to accept and record Claimant's Proof of Claim in accordance with the applicable claims procedures; and **(D)** Granting such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that, parties may appear in person by telephone. To access the Telephone Conference System, parties should dial: 571-353-2301. When prompted for the 'Number You Wish to Dial' enter 483077448#. When prompted for the 'Security Pin' enter: 9999#.

**PLEASE TAKE FURTHER NOTICE** that, this motion is supported by the accompanying declaration of Marc Pasquale, documentary evidence of his timely mailing of the required claim forms, and the following grounds.

Dated: November 25, 2026
Buffalo, New York

**<u>/s/ Michael M. Blotnik, Esq.</u>**
Steiner & Blotnik, PC
Michael M. Blotnik, Esq.
Attorneys for Claimant
*Marc Pasquale*
300 Delaware Avenue
Buffalo, NY 14202
(716) 847-6500

TO: Bond, Schoeneck & King, PLLC
Sara C. Temes, Esq., Charles J. Sullivan, Esq.,
Grayson T. Walter, Esq., Stephen A Donato, Esq., of counsel
One Lincoln Center
Syracuse, NY 13202-1355
Attorneys for The Diocese of Buffalo, N.Y.

Pachulski Stang Ziehl & Jones LLP
Ilan D. Scharf, Esq., of counsel
780 Third Avenue, 34th Floor
New York, NY 10017
Attorneys for Official Committee of Unsecured Creditors

Office of the U.S. Trustee
Joseph W. Allen, Esq., Assistant U.S. Trustee
300 Pearl Street, Suite 401
Buffalo, NY 14202

Stretto
410 Exchange
Suite 100
Irvine, CA 92602

Bank of America
Attn: Michael Larry
10 Fountain Plaza 9th Floor
Buffalo, NY 14202

Schiff Hardin LLP
Attn: Jin Yan, David M. Spector, Everett Cygal & Daniel Schufreid
233 S. Wacker Drive, Suite 7100
Chicago, IL 60606

Hodgson Russ LLP
Attn: Garry M. Graber
140 Pearl Street, Suite 100
Buffalo, NY 14202

M&T Bank
Attn: Eskinder Tefera, Special Assets
1 Fountain Plaza, 9th Floor
Buffalo, NY 14003

Northwest Bank
100 Liberty Street
Warren, PA 16365

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re: Case No. 20-10322-CLB

The Diocese of Buffalo, N.Y., Chapter 11

Debtor.

---

**AMENDED MOTION TO DEEM PROOF OF CLAIM TIMELY FILED**

Claimant, Marc Pasquale, by his attorneys, respectfully moves this Court for an Order deeming his Proof of Claim timely filed or, alternatively, permitting its late filing based on excusable neglect, and states as follows:

**BACKGROUND**

1. On February 28, 2020 the Diocese of Buffalo, N.Y. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of New York.

2. By Order dated December 11, 2020, this Court established August 14, 2021, as the deadline for creditors to file proofs of claim against the Debtor. (ECF No. 729).

3. Prior to the August 14, 2021 deadline, on May 1, 2021, Claimant mailed the completed Form 410 Proof of Claim and accompanying Questionnaire to: The Diocese of Buffalo, N.Y. Claims Processing, c/o Stretto, 410 Exchange, Ste. 100, Irvine, CA 92602, in accordance with the instructions provided for submitting claims.

4. Despite Claimant's timely efforts to submit the required documentation, his Proof of Claim was not processed or recorded by the Debtor's court-appointed Claims and Noticing Agent, Stretto.

5. Upon learning that his claim had not been processed, Claimant contacted Stretto to investigate the status of his submission and seek assistance in resolving the issue.

6. Claimant has remained in communication with Stretto and has made good-faith efforts to establish that he submitted the required documentation before the filing deadline.

7. Claimant did not intentionally disregard the Court's deadline. Rather, he attempted to comply with the established claims procedure and reasonably believed that his claim would be processed.

8. Claimant now seeks relief from this Court to ensure that his claim may be considered in the bankruptcy proceeding.

## GROUNDS FOR REQUESTED RELIEF

**I. Claimant's proof of claim should be deemed timely filed.**

9. Claimant completed the required forms and mailed them before the August 14, 2021 deadline established by this Court.

10. Claimant has retained documentary evidence supporting his account of the timely mailing and his efforts to comply with the claims procedure.

11. The failure to process or record Claimant's submission was not the result of any intentional disregard of the Court's procedures by Claimant.

12. Claimant respectfully requests that the Court consider the evidence of mailing, together with any available records from the Claims and Noticing Agent, to determine whether his Proof of Claim was timely received.

13. To the extent the evidence establishes that the claim was received by the designated recipient before the deadline, Claimant requests that the Court deem his Proof of Claim timely filed and direct that it be recorded accordingly.

## II. Alternatively, Claimant should be permitted to file his proof of claim based on excusable neglect.

14. Federal Rule of Bankruptcy Procedure 3003(c)(3) authorizes the Court to extend the deadline for filing proofs of claim in a Chapter 11 proceeding for cause shown.

~~15. Federal Rule of Bankruptcy Procedure 9006(b)(1) permits a court to enlarge the~~ time for an act required to be completed within a specified period, even after the deadline has expired, where the failure to act resulted from excusable neglect.

16. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), the Supreme Court held that excusable neglect is an equitable determination that considers all relevant circumstances, including the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith.

17. Here, Claimant made a good-faith effort to comply with the Court's deadline by completing and mailing the required documentation before August 14, 2021.

18. Claimant's failure to obtain recognition of his claim was not the result of a deliberate decision to disregard the filing requirements. Rather, Claimant attempted to submit his claim through the established process, but the claim was not recorded.

19. Upon discovering the issue, Claimant contacted the Claims and Noticing Agent and attempted to resolve the matter.

20. Claimant submits that the circumstances surrounding the failure to process his submission, together with his documented efforts to comply with the deadline, support a finding of excusable neglect.

21. Claimant further submits that allowing his claim would permit consideration of a claim he attempted to submit before the bar date, rather than a claim first asserted after the deadline.

22. Claimant respectfully requests that the Court consider the circumstances of his original submission, his subsequent efforts to resolve the issue, the length and cause of the delay, and any potential prejudice to the Debtor or the other creditors.

23. Under these circumstances, Claimant submits that the equitable considerations identified in Pioneer support granting relief from the filing deadline.

**WHEREFORE**, Claimant respectfully requests that this Court issue an Order: **(A)** Deeming Claimant's Proof of Claim timely filed; **(B)** Alternatively, permitting Claimant to file his Proof of Claim after the deadline based on excusable neglect pursuant to Federal Rules of Bankruptcy Procedure 3003(c)(3) and 9006(b)(1); **(C)** Directing the Claims and Noticing Agent to accept and record Claimant's Proof of Claim in accordance with the applicable claims procedures and confidentiality protections; and **(D)** Granting such other relief as the Court deems just and proper.

Dated: November 25, 2026
Buffalo, New York

**/s/ Michael M. Blotnik, Esq.**
Steiner & Blotnik, PC
Michael M. Blotnik, Esq.
Attorneys for Claimant
*Marc Pasquale*
300 Delaware Avenue
Buffalo, NY 14202
(716) 847-6500